*Execution Copy*

## SHAPES/ARCH HOLDINGS L.L.C.

## ACTION BY WRITTEN CONSENT
## OF THE MANAGERS

THE UNDERSIGNED, constituting all of the managers (the "*Managers*") of Shapes/Arch Holdings L.L.C., a New Jersey limited liability company (the "*Company*"), hereby consent in writing to the adoption of the following recitals and resolutions in accordance with the authority contained in the New Jersey Limited Liability Company Act and the Sixth Amended and Restated Limited Liability Company Agreement of the Company dated December 12, 2003 (the "*Operating Agreement*").

WHEREAS, the Company owns 100% of the membership interests of each of Shapes L.L.C., a New Jersey limited liability company ("*Shapes*"), Delair L.L.C., a New Jersey limited liability company ("*Delair*"), Ultra L.L.C., a New Jersey limited liability company ("*Ultra*") and Accu-Weld L.L.C., a Pennsylvania limited liability company ("*Accu-Weld*" and together with Shapes, Delair and Ultra, the "*Subsidiaries*");

WHEREAS, the Managers have reviewed and considered the financial and operational condition of the Company and the Subsidiaries and the business of the Company and the Subsidiaries on the date hereof, including the historical performance of the Company and the Subsidiaries, the assets of the Company and the Subsidiaries, the current and long-term liabilities of the Company and the Subsidiaries, the market for the products and services of the Company and the Subsidiaries, and industry and credit market conditions;

WHEREAS, Ben LLC, the sole member of the Company, and the Managers have received, reviewed and considered the recommendations of the senior management of the Company and the Subsidiaries and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy case under the provisions of Chapter 11 of Title 11 of the United States Code; and

WHEREAS, in connection with the matters under consideration hereunder, the Managers have deemed it advisable and in the best interests of the Company to amend the operating agreement for each of the Subsidiaries in the form presented to the Managers.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Managers, it is desirable and in the best interests of the Company and the Subsidiaries, their creditors, members and other interested parties, that a voluntary petition (the "*Petition*") be filed by the Company and the Subsidiaries under the provisions of Chapter 11 of Title 11 of the United States Code; and it is further

RESOLVED, that the officers of each of the Company, Shapes Delair, Ultra and Accu-Weld (the officers of each such entity, with respect to such entity, being the "*Designated Officers*") shall be, and each hereby is, directed and authorized to execute and file, on behalf of the Company and the Subsidiaries, as applicable, all petitions, schedules, lists and other papers or

documents, and to take any and all action the Company deems reasonable, advisable, expedient, convenient, necessary or proper to obtain such relief; and it is further

RESOLVED, that the Designated Officers, be and each hereby is, authorized, directed and empowered, on behalf of and in the name of the Company and the Subsidiaries, as applicable, to execute and verify the Petition as well as all other ancillary documents and to cause the Petition to be filed with the United States Bankruptcy Court for the District of New Jersey and to make or cause to be made prior to the execution thereof any modifications to the Petition or ancillary documents; and it is further

RESOLVED, that the Designated Officers, be and each hereby is, authorized, directed and empowered, on behalf of and in the name of the Company and the Subsidiaries, as applicable, to execute and verify that certain Joint Plan of Reorganization, dated as of March 14, 2008, as it may be amended or otherwise modified from time to time (the "*Joint Plan*") and the disclosure statement related thereto (the "*Disclosure Statement*") as well as all other ancillary documents and to take all actions necessary or appropriate for Company and the Subsidiaries to cause the Joint Plan and Disclosure Statement as well as all other ancillary documents to be filed with the United States Bankruptcy Court for the District of New Jersey and to consummate the transactions contemplated by the Joint Plan as well as all other ancillary documents; and it is further

RESOLVED, that the Designated Officers, be and each hereby is, authorized, directed and empowered, on behalf of and in the name of the Company and the Subsidiaries, as applicable, to execute, verify and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents necessary or desirable in connection with the foregoing; and it is further

RESOLVED, that the engagement of the law firm of Cozen O'Connor ("*Cozen*") is hereby ratified, confirmed and approved and Cozen be, and hereby is, authorized, directed and empowered to represent the Company and the Subsidiaries as bankruptcy counsel and to represent and assist the Company and the Subsidiaries in carrying out their duties under Title 11 of the United States Code, and to take any and all actions to advance the Company's and the Subsidiaries' rights, including the preparation of pleadings and filings in the Chapter 11 proceeding; and in connection therewith, each Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Cozen; and it is further

RESOLVED, that the engagement of the law firm of Stevens & Lee P.C. ("*S&L*") is hereby ratified, confirmed and approved and S&L be, and hereby is, authorized, directed and empowered to represent the Company and the Subsidiaries as special labor counsel and to represent and assist the Company and the Subsidiaries in carrying out their duties under Title 11 of the United States Code, and to take any and all actions to advance the Company's and the Subsidiaries' rights, including the preparation of pleadings and filings in the Chapter 11 case and in connection therewith, each Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the

filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of S&L; and it is further

RESOLVED, that the engagement of Phoenix Management Services, Inc. ("**Phoenix**") is hereby ratified, confirmed and approved and Phoenix be, and hereby is, authorized, directed and empowered to represent the Company and the Subsidiaries as restructuring advisor, with regard to the Chapter 11 case and in connection therewith, each Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Phoenix; and it is further

RESOLVED, that Epiq Bankruptcy Solutions LLC ("**Epiq**") be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with any case commenced by the Company and the Subsidiaries under the Bankruptcy Code; and in connection therewith, each Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of Epiq; and it is further

RESOLVED, that the Designated Officers be, and each hereby is, authorized, directed and empowered to employ any other individual and/or firm as professionals or consultants or financial advisors to the Company and the Subsidiaries, as applicable, as are deemed necessary to represent and assist the Company and the Subsidiaries in carrying out their duties under Title 11 of the United States Code, and in connection therewith, each Designated Officer is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 case, and to cause to be filed an appropriate application for authority to retain the services of such firms; and it is further

RESOLVED, that the Company and the Subsidiaries be, and they hereby are, authorized to enter into a Secured Super-Priority Debtor-In-Possession Term Loan Financing Agreement or one or more other agreements and any amendments thereto (the "**DIP Term Loan Financing Agreement**") by and among Arcus ASI Funding, LLC, as agent for itself and the other lenders thereto (in such capacity, the "**Term Loan Agent**") and as lender, the Company, Shapes, Ultra, Delair and Accu-Weld, each as debtor and debtor-in-possession (collectively, the "**Debtor**") to provide for loans to be made to the Debtor in an aggregate original principal amount of $25,000,000, which shall bear such interest, require the payment of such fees and have such other terms and conditions and be in such form as are approved or deemed necessary, appropriate or desirable by the Designated Officer executing the same, the execution thereof by such Designated Officer(s) to be conclusive evidence of such approval and determination; and it is further

RESOLVED, that the Company and the Subsidiaries be, and they hereby are, authorized to secure the payment and performance of all obligations and liabilities of the Company and the Subsidiaries arising under, out of, or in connection with, the DIP Term Loan Financing Agreement (collectively, the "**Term Loan Obligations**") by (i) pledging to the Term Loan Agent, for the benefit of the lenders, or granting to the Term Loan Agent, for the benefit of the lenders, a lien or mortgage on or security interest in, all or any portion of the assets of the Company and the

Subsidiaries, and (ii) entering into such security agreements, pledge agreements, intercreditor agreements, mortgages, control agreements, assignments and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form and having such terms and conditions as are approved or deemed necessary, appropriate or desirable by the Designated Officer executing the same (collectively, the "***Term Loan Security Agreements***"), the execution thereof by such Designated Officer(s) to be conclusive evidence of such approval or determination; and it is further

      RESOLVED, that the Company and the Subsidiaries be, and they hereby are, authorized to enter into a Debtor-In-Possession Revolving Credit Financing Agreement or one or more other agreements and any amendments thereto (the "***DIP Revolving Credit Financing Agreement***") by and among The CIT Group/Business Credit, Inc., as agent and lender (the "***Revolving Credit Agent***"), each Debtor, each as debtor and debtor-in-possession, and the other lenders party thereto (together with the Revolving Credit Agent, the "***Revolving Credit Lenders***") to provide for loans to be made to the Debtor in an aggregate principal amount of up to $60,000,000, which shall bear such interest, require the payment of such fees and have such other terms and conditions and be in such form as are approved or deemed necessary, appropriate or desirable by the Designated Officer executing the same, the execution thereof by such Designated Officer(s) to be conclusive evidence of such approval and determination; and it is further

      RESOLVED, that the Company and the Subsidiaries be, and they hereby are, authorized to secure the payment and performance of all obligations and liabilities of the Company and the Subsidiaries arising under, out of, or in connection with, the DIP Revolving Credit Financing Agreement (collectively, the "***Revolving Credit Obligations***") by (i) pledging to the Revolving Credit Agent for the benefit of the Revolving Credit Lenders, or granting to the Revolving Credit Agent for the benefit of the Revolving Credit Lenders a lien or mortgage on or security interest in, all or any portion of the assets of the Company and the Subsidiaries, and (ii) entering into such security agreements, pledge agreements, intercreditor agreements, mortgages, control agreements, assignments and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form and having such terms and conditions as are approved or deemed necessary, appropriate or desirable by the Designated Officer executing the same (collectively, the "***Revolving Credit Security Agreements***"), the execution thereof by such Designated Officer(s) to be conclusive evidence of such approval or determination; and it is further

      RESOLVED, that the Designated Officers be, and each hereby is, authorized, in the name and on behalf of the Company and the Subsidiaries, as applicable, to execute and deliver the DIP Term Loan Financing Agreement, the Term Loan Security Agreements, the DIP Revolving Credit Financing Agreement and the Revolving Credit Security Agreements (the "***Principal Agreements***"), and any other agreements or amendments related thereto or required thereby containing such terms and conditions, setting forth such rights and obligations and otherwise addressing or dealing with such subjects or matters determined to be necessary, appropriate or desirable by the Designated Officer executing the same, the execution thereof by such Designated Officer(s) to be conclusive evidence of such determination, and to do all such other acts or deeds as are or as are deemed by such Designated Officer(s) to be necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and the foregoing resolutions; and it is further

RESOLVED, that the Company and the Subsidiaries be, and they hereby are, authorized to perform fully their obligations under the Principal Agreements, and any such other agreements or amendments and to engage without limitation in such other transactions, arrangements or activities (collectively, the "*Activities*") as are reasonably related or incident to or which will serve to facilitate or enhance for the benefit of the Company and the Subsidiaries the transactions contemplated by these resolutions, including without limitation any modification, extension or expansion (collectively, the "*Changes*") of any of the Activities or of any other transactions, arrangements or activities resulting from any of the Changes and to enter into such other agreements or understandings as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution and each of the foregoing resolutions; and it is further

RESOLVED, that (i) the First Amendment to the Second Amended and Restated Operating Agreement of Shapes, (ii) the First Amendment to the Second Amended and Restated Operating Agreement of Delair, (iii) the First Amendment to the Second Amended and Restated Operating Agreement of Ultra, and (iv) the First Amendment to the Second Amended and Restated Operating Agreement of Accu-Weld, are each hereby adopted, confirmed and approved in all respects.

RESOLVED, that all actions previously taken by any member, manager, officer, employee or agent of the Company and the Subsidiaries in connection with or related to the matters set forth in or reasonably contemplated or implied by the foregoing resolutions be, and each of them hereby is, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company and the Subsidiaries; and it is further

RESOLVED, that the Designated Officers be, and each hereby is, authorized, directed and empowered from time to time in the name and on behalf of the Company, to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such Designated Officer(s) may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Company and the Subsidiaries under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Designated Officer performing or executing the same shall approve, and the performance or execution thereof by such Designated Officer(s) shall be conclusive evidence of the approval thereof by the Designated Officer(s) and by the Company and the Subsidiaries; and be it further

RESOLVED, that all actions heretofore taken by any Designated Officer in connection with the foregoing resolutions be, and they hereby are, confirmed, ratified and approved in all respects.

This Action may be signed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed one and the same instrument.

[**Signature Page Follows**]

# SHAPES/ARCH HOLDINGS L.L.C.
## OFFICER'S CERTIFICATE

The undersigned, Steven S. Grabell, Chief Executive Officer of Shapes/Arch Holdings L.L.C. (the "Company"), a New Jersey limited liability company, hereby certifies as follows:

1. I am the duly qualified and elected Chief Executive Officer of the Company and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of the Company.

2. Attached hereto is a true and complete copy of the Action by Written Consent of the Managers of Shapes/Arch Holdings L.L.C. dated March 16, 2008, duly adopted in accordance with the Sixth Amended and Restated Limited Liability Company Agreement of the Company dated December 12, 2003.

3. Such resolutions have not been amended, altered, annulled, rescinded or revoked and are in full force and effect as of the date hereof.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 16th day of March, 2008.

SHAPES/ARCH HOLDINGS L.L.C.

By: _____
Name: Steven S. Grabell
Title: Chief Executive Officer

-2-

IN WITNESS WHEREOF, the undersigned Managers have executed this instrument as of March 16, 2008.

_____
STEVEN S. GRABELL

_____
STEVEN FLEISHER

[Signature Page to Action by Written Consent
of the Managers of Shapes/Arch Holdings L.L.C.]