| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **MARK E. FELGER (MF9985)**<br>**JERROLD N. POSLUSNY (JP7140)**<br>**COZEN O'CONNOR**<br>LibertyView, Suite 300<br>457 Haddonfield Road<br>Cherry Hill, NJ  08002<br>(856) 910-5000<br>Proposed Attorneys for the Debtors | |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>,<br><br>    Debtors. | Case No. 08-<br><br>Judge:<br><br>Chapter:  11 |

**FINAL ORDER: (I) PROHIBITING UTILITY COMPANIES FROM DISCONTINUING, ALTERING OR REFUSING SERVICE; (II) DEEMING UTILITY COMPANIES TO HAVE ADEQUATE ASSURANCE OF PAYMENT; AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL <u>ASSURANCE PURSUANT TO 11 U.S.C. § 366</u>**

　　　　The relief set forth on the following pages, numbered two (2) through five (5), is hereby **ORDERED**.

Page 2

Shapes/Arch Holdings L.L.C., et al.

Case No: 08-

Final Order: (i) Prohibiting Utility Companies from Discontinuing, Altering or Refusing Service; (ii) Deeming Utility Companies to Have Adequate Assurance of Payment; and (iii) Establishing Procedures for Resolving Requests for Additional Assurance Pursuant to 11 U.S.C. § 366

---

Upon consideration of the verified motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (the "Debtors"), for entry of interim and final orders pursuant to 11 U.S.C. § 366: (i) prohibiting the Utility Companies from altering, refusing or discontinuing services to the Debtors on the basis of the commencement of this case or on account of any unpaid invoices for services provided prior to the Petition Date; (ii) deeming Utility Companies adequately assured of future performance on the basis of the establishment of a Utility Deposit; and (iii) establishing procedures for resolving requests for additional assurance of payment, notice of the Motion being sufficient under the circumstances; the Court having previously entered an Interim Order with regard to the Motion; and sufficient cause appearing therefor, it is ORDERED:

1. That the Motion is GRANTED.

2. That the Debtors shall pay all postpetition utility charges in accordance with their prepetition practices on all utility services rendered by the Utility Companies to the Debtors.

3. Within ten (10) business days after the date of entry of this Order, the Debtors shall furnish the Utility Companies adequate assurance of payment for post-petition services by issuing a security deposit equal to two weeks' average utility consumption based upon the Debtors' consumption during the previous year, to each Utility Company (the "Utility Deposit"),

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them in the Motion.

Page 3

Shapes/Arch Holdings L.L.C., et al.

Case No: 08-

Final Order: (i) Prohibiting Utility Companies from Discontinuing, Altering or Refusing Service; (ii) Deeming Utility Companies to Have Adequate Assurance of Payment; and (iii) Establishing Procedures for Resolving Requests for Additional Assurance Pursuant to 11 U.S.C. § 366

---

for the purposes of providing each Utility Company with adequate assurance of payment of its post-petition date services to the Debtors.

    4.    Absent any further order of the Court, each Utility Company is hereby prohibited from (i) disconnecting, altering, or refusing service to the Debtors on account of any unpaid prepetition charges or otherwise, or (ii) requiring payment of an additional security deposit or receipt of any other security from the Debtors in connection with any unpaid prepetition charges, except as set forth herein and in the Motion.

    5.    The procedures for determining request for additional assurance of payment as described in the Motion are approved as follows:

    a.    Any Utility Company may request additional assurance of payment (an "Additional Payment Request") within thirty (30) days after the Petition Date (the "Additional Payment Request Deadline") by submitting the request to counsel to the Debtors, Cozen O'Connor, LibertyView, Suite 300, 457 Haddonfield Road, Cherry Hill, NJ 08002, Attention: Jerrold N. Poslusny, Jr. Esq.[2];

    b.    Any Additional Payment Request must (i) be in writing, (ii) set forth the location for which utility services are provided, (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits or other pre-payments or assurances previously provided by the Debtors, (iv) describe in sufficient detail the reason(s) why the treatment afforded pursuant to the procedures set forth herein does not constitute satisfactory adequate assurance of payment, (v) include a proposal for what would constitute adequate

---

[2] In the event a Utility Company requested an Additional Payment Request prior to the entry of this Final Order approving the procedures described herein, the Debtors shall have ten (10) business days from the entry of this Final Order to comply with or dispute such Additional Payment Request.

3

Page 4

Shapes/Arch Holdings L.L.C., et al.

Case No: 08-

Final Order: (i) Prohibiting Utility Companies from Discontinuing, Altering or Refusing Service; (ii) Deeming Utility Companies to Have Adequate Assurance of Payment; and (iii) Establishing Procedures for Resolving Requests for Additional Assurance Pursuant to 11 U.S.C. § 366

---

    assurance from the Debtors, along with an explanation of why such proposal is reasonable;

c.    If a Utility Company makes a timely Additional Payment Request that the Debtors believe is reasonable, the Debtors shall be authorized in their sole discretion to comply with such request without further order of the Court;

d.    If the Debtors believe that a Utility Company's Additional Payment Request is unreasonable, the Debtors will schedule a hearing in this case (a "<u>Determination Hearing</u>") to determine adequate assurance to such Utility Company as necessary, or if additional assurance as to payment to such Utility Company is necessary;

e.    Pending resolution of a Utility Company's Additional Payment Request at a Determination Hearing, such party shall be prohibited from altering, refusing or discontinuing service to the Debtors;

f.    If a Utility Company fails to send an Additional Payment Request by the Additional Payment Request Deadline, such Utility Company shall have waived its right to make an Additional Payment Request and shall be deemed to have received adequate assurance of payment in accordance with section 366(c)(1)(A)(vi) by virtue of the Utility Deposit;

g.    A Utility Company shall be deemed to have adequate assurance of payment unless and until a future Order of this Court is entered requiring further adequate assurance of payment.

6.    The Debtors are authorized, in their sole discretion, to amend the list of Utility Companies attached as <u>Exhibit "A"</u> to the Motion or to add or delete any Utility Company.

7.    If the Debtors amend the list of Utility Companies to add a Utility Company not previously included (an "<u>Additional Utility Provider</u>"), the Debtors shall issue a security deposit equal to two weeks' of services utilized by the Debtors, based on a yearly average, as adequate assurance of future performance to the Additional Utility Provider. This Order shall apply to any such Utility Company that is subsequently added to <u>Exhibit "A"</u> to the Motion, provided that an

4

Page 5

Shapes/Arch Holdings L.L.C., et al.

Case No: 08-

Final Order: (i) Prohibiting Utility Companies from Discontinuing, Altering or Refusing Service; (ii) Deeming Utility Companies to Have Adequate Assurance of Payment; and (iii) Establishing Procedures for Resolving Requests for Additional Assurance Pursuant to 11 U.S.C. § 366

---

Additional Utility Provider shall have thirty (30) days from the date of service of the Motion and Order to make an Additional Payment Request.  If an Additional Payment Request is made, the Debtors shall abide by the procedures set forth herein.

8.      The Debtors are hereby authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

CHERRY_HILL\430809\1  077771.000