| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **MARK E. FELGER (MF9985)**<br>**JERROLD N. POSLUSNY (JP7140)**<br>**COZEN O'CONNOR**<br>LibertyView, Suite 300<br>457 Haddonfield Road<br>Cherry Hill, NJ  08002<br>(856) 910-5000<br>Proposed Attorneys for the Debtors |

| | |
|---|---|
| In re: | Case No. 08- |
| SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>, | Judge: |
| Debtors. | Chapter:  11 |

**ORDER ESTABLISHING BAR DATE FOR FILING PROOFS
OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE**

    The relief set forth on the following pages, numbered two (2) through five (5) is hereby

**ORDERED.**

Shapes/Arch Holdings L.L.C., et al.

Case No: 08-

Order Establishing Bar Date for Filing Proofs of Claim and Approving form and Manner of Notice

---

Upon the Motion[1] of the Debtors to Establish a Bar Date Pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) (the "Motion"); and the Court having conducted a hearing at which time the Court considered the Motion; and notice being sufficient under the circumstances; and due deliberation and sufficient cause appearing; it is hereby ORDERED that:

1.      The Motion is GRANTED.

2.      The form of notice of bar date (the "Notice of Bar Date"), for filing proofs of claim ("Proofs of Claim") attached hereto as Exhibit "A", is approved.  The Notice of Bar Date shall be mailed in accordance with Fed. R. Bankr. P. 2002(a)(7) by the Debtors by first class mail no later than five calendar days after entry of this Order, to all known Creditors holding potential Pre-Petition Claims.

3.      Pursuant to Rule 3003(c)(3) and 5005(a) of the Federal Rules of Bankruptcy Procedure, except as set forth herein, all persons and entities (each as defined in §§ 101(41) and 101(15) respectively, of the Bankruptcy Code), including, without limitation, individuals, partnerships, corporations, estates, trusts, unions and governmental units (individually, a "Creditor", and collectively, the "Creditors") holding or wishing to assert claims (as such term is defined in § 101(5) of the Bankruptcy Code) against the Debtors (individually, a "Claim", and collectively, the "Claims") are required to file a separate, completed and executed Proof of Claim form substantially conforming to Official Bankruptcy Form No. 10, together with accompanying documentation (a "Proof of Claim") on account of any Claims such Creditor (including claims of

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meanings ascribed to them in the Motion.

2

Shapes/Arch Holdings L.L.C., et al.

Case No: 08-

Order Establishing Bar Date for Filing Proofs of Claim and Approving form and Manner of Notice

---

governmental units (as defined in 11 U.S.C. § 101(27)) holds or wishes to assert against the Debtors so that the Proof of Claim is actually received by the Debtors' Court-approved claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq") on or before **May 12, 2008** (the "Bar Date") at the following address:

> Shapes/Arch Holdings L.L.C.  
> c/o Epiq Bankruptcy Solutions, LLC  
> Grand Central Station  
> P.O. Box 4601  
> New York, NY  10163-4601  
> (for regular mail)
>
> Shapes/Arch Holdings L.L.C.  
> c/o Epiq Bankruptcy Solutions, LLC  
> 757 Third Avenue  
> Third Floor  
> New York, NY  10017  
> (for overnight delivery)

4. Facsimile submissions will not be accepted. A Proof of Claim shall be deemed filed only when actually received by Epiq.

5. Proofs of Claim are not required, at this time, to be filed by any Creditor asserting a Claim to any of the types set forth below:

> (a) any Creditor (a) that agrees with the nature, classification and amount of such Claim set forth in the Schedules and (b) whose Claim against the Debtors is not listed as "disputed," "contingent," or "unliquidated" in the Schedules;
>
> (b) any Creditor that has already properly filed a Proof of Claim against the Debtors;
>
> (c) any Creditor whose Claim against the Debtors previously has been allowed by, or paid pursuant to, an order of this Court;
>
> (d) any Creditor asserting a Claim allowable under §§ 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' Chapter 11 cases (except as provided herein) or
>
> (e) any holder of equity securities of the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities.

3

Shapes/Arch Holdings L.L.C., et al.

Case No: 08-

Order Establishing Bar Date for Filing Proofs of Claim and Approving form and Manner of Notice

---

6.     The Debtors shall retain the right to: (a) dispute or assert offsets or defenses against any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated; provided, however, that if the Debtors amend the Schedules to reduce the undisputed, non-contingent or liquidated amounts or to change the nature or classification of a Claim against the Debtors reflected therein, then the affected claimant shall have until the Amended Schedule Bar Date to file a Proof of Claim or to amend any previously filed Proof of Claim in respect of such amended scheduled claim.  The "Amended Schedule Bar Date" shall be the later of the Bar Date or thirty (30) days after a claimant is served with the notice that the Debtors have amended their Schedules to reduce the amount of, delete, or change the status of a scheduled Claim of such claimant.  Notwithstanding the foregoing, nothing set forth herein will preclude the Debtors from objecting to any Claim, whether scheduled or filed, on any grounds.

7.     Notwithstanding anything in this Order to the contrary, the holder of any Claim arising from the rejection of any executory contract or unexpired lease shall be required to file a Proof of Claim on account of such Claim against the Debtors on or before the later of (a) the Bar Date, or (b) thirty (30) days after the effective date of such rejection, as ordered by the Court.

8.     Any Creditor that is required to a file a Proof of Claim in these Chapter 11 cases but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtors that such Creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a

Shapes/Arch Holdings L.L.C., et al.

Case No: 08-

Order Establishing Bar Date for Filing Proofs of Claim and Approving form and Manner of Notice

---

different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these Chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.

9. The provisions for notice of the Bar Date, as set forth in this Order, in the manner set forth herein, shall constitute adequate and sufficient notice of the Bar Date and shall be deemed to satisfy the requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

10. All Creditors that desire to rely on the Schedules with respect to filing a Proof of Claim in the Debtors' Chapter 11 cases shall have the responsibility for determining that their Claims are accurately listed therein.

11. The form of publication notice attached hereto as Exhibit "B" is approved. The Debtors' are authorized to publish the notice of the Bar Date in The Philadelphia Inquirer, The Courier Post, and The Wall Street Journal which publication shall occur within ten (10) days after entry of this Order, which notice shall constitute good and sufficient publication notice of the Bar Date.

CHERRY_HILL\430737\1 077771.000

**EXHIBIT "A"**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **MARK E. FELGER (MF9985)**<br>**JERROLD N. POSLUSNY (JP7140)**<br>**COZEN O'CONNOR**<br>LibertyView, Suite 300<br>457 Haddonfield Road<br>Cherry Hill, NJ  08002<br>(856) 910-5000<br>Proposed Attorneys for the Debtors | |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>,<br><br>                              Debtors. | Case No. 08-<br><br>Judge:<br><br>Chapter:  11 |

**NOTICE OF DEADLINE TO FILE PROOFS OF CLAIM**

TO:    ALL PERSONS OR ENTITIES WITH CLAIMS AGAINST THE DEBTORS

Please take notice that the Bankruptcy Court for the District of New Jersey has entered an Order in the above-captioned cases (the "<u>Bar Date Order</u>") establishing **May 12, 2008**, as the claims bar date (the "<u>Bar Date</u>").  Except as described below, the Bar Date Order requires that any claims against the Debtors be filed by submitting a proof of claim with the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), Grand Central Station, P.O. Box 4601, New York, NY  10163-4601 (for regular mail) or 757 Third Avenue, Third Floor, New York, NY 10017 (for overnight mail), so that such proof of claim is actually received on or before the Bar Date.

Proofs of claim are deemed filed only when they are actually received by Epiq and facsimile submissions will not be accepted.  Form proofs of claim are available from Epiq at the same address.  A copy of the Proof of Claim or Interest must also be served upon the Debtors' counsel at the following address: Cozen O'Connor, LibertyView, Suite 300, 457 Haddonfield Road, Cherry Hill, NJ,  08002, Attn: Jerrold N. Poslusny, Jr., Esq.

Pursuant to the Bar Date Order, all persons or entities including, without limitations, individuals, partnerships, corporations, estates, trusts, unions and governmental units (individually, a "<u>Creditor</u>", and collectively, the "<u>Creditors</u>") possessing claims against the Debtors (whether secured, priority or unsecured) that arose prior to March 16, 2008 (the "<u>Petition Date</u>") are required to file a proof of claim by the Bar Date.

The following Creditors must file a proof of claim on or before the Bar Date, unless otherwise provided herein: (a) any Creditor whose claim is listed in the Debtors' schedules of

assets and liabilities (the "Schedules") as "disputed", "contingent" or "unliquidated" and who desires to participate in these Chapter 11 cases or share in any distribution; (b) any Creditor whose Claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its Claim allowed in a classification or amount other than what is set forth in the Schedules; (c) any Creditor asserting a Claim that is not listed in the Schedules; or (d) Claims asserted by governmental units (as defined in 11 U.S.C. § 101(27)).

The following Creditors do not need to file a proof of claim on or before the Bar Date: (a) any Creditor that (i) agrees with the nature, classification and amount of such Claim set forth in the Schedules and (ii) whose Claim against the Debtors is not listed as "disputed," "contingent," or "unliquidated" in the Schedules; (b) any Creditor that has already properly filed a proof of claim against the Debtors; (c) any Creditor whose Claim against the Debtors previously has been allowed by, or paid pursuant to, an order of this Court; (d) any Creditor asserting a Claim allowable under §§ 503(b) and 507(a)(1) of the Bankruptcy Code as an administrative expense of the Debtors' Chapter 11 cases (except as provided herein); or (e) any holder of equity securities of the Debtors solely with respect to such holder's ownership interest in or possession of such equity securities.

**Any Creditor that is required to a file a Proof of Claim in these Chapter 11 cases but that fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any Claim against the Debtors that such Creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these Chapter 11 cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.**

Dated: March ___, 2008                        COZEN O'CONNOR

                                                             By:     /s/ Jerrold N. Poslusny, Jr.
                                                                 Mark E. Felger
                                                                 Jerrold N. Poslusny, Jr.

                                                                 Proposed Attorneys for the Debtors

2

**EXHIBIT "B"**

**NOTICE OF DEADLINE TO FILE PROOFS OF CLAIM**

Please take notice that the Bankruptcy Court for the District of New Jersey has entered an Order (the "Bar Date Order") in the Chapter 11 bankruptcy cases of Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (collectively, the "Debtors") Case Nos. 08-_____ (Jointly Administered) establishing May 12, 2008, as the claims bar date (the "Bar Date"). The Bar Date Order requires that any claims against the Debtors be filed by submitting a proof of claim with the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, Grand Central Station, P.O. Box 4601, New York, NY 10163-4601 (by regular mail) or 757 Third Avenue, Third Floor, New York, NY 10017 (by overnight mail), so that such proof of claim is actually received on or before the Bar Date. A copy of the Proof of Claim must also be served upon the Debtors' counsel at the following address: Cozen O'Connor, LibertyView, Suite 300, 457 Haddonfield Road, Cherry Hill, NJ, 08002, Attn: Jerrold N. Poslusny, Jr., Esq. If you believe that you have a potential claim against the Debtors (whether secured, priority or unsecured), that arose prior to the Petition Date and you have not received a Notice from the Debtors regarding same, please contact the Debtors' attorney at the address above or at (856) 910-5000 to request a copy of the Bar Date Order. The Bar Date Order provides important information, including, but not limited to: (a) which persons or entities are required to file proofs of claim by the Bar Date; (b) which persons or entities are not required to file proofs of claim by the Bar Date; and (c) the form to be utilized by any persons or entities wishing to submit claims. Any person or entity that is required to a file a proof of claim in these cases but fails to do so in a timely manner, shall be forever barred, estopped and enjoined from: (a) asserting any claim against the Debtors that such creditor has that (i) is in an amount that exceeds the amount, if any, that is set forth in the Debtors' schedules of liabilities, or (ii) is of a different nature or in a different classification (any such claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in these cases in respect of an Unscheduled Claim; and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to such Unscheduled Claim.