| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **MARK E. FELGER (MF9985)**<br>**JERROLD N. POSLUSNY, JR. (JP7140)**<br>**COZEN O'CONNOR**<br>LibertyView, Suite 300<br>457 Haddonfield Road<br>Cherry Hill, NJ  08002<br>(856) 910-5000<br>Proposed Attorneys for the Debtors | |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>,<br><br>          Debtors. | Case No. 08-<br><br>Judge:<br><br>Chapter: 11 |

|  |
|---|
| Recommended Local Form:    ❒ Followed    ☑ Modified |

### APPLICATION FOR RETENTION OF EPIQ BANKRUPTCY SOLUTIONS, LLC, AS OFFICIAL NOTICING, CLAIMS AND/OR SOLICITATION AND BALLOTING <u>AGENT FOR THE DEBTORS</u>

1.      The applicants, Shapes/Arch Holdings L.L.C. ("<u>Shapes/Arch</u>"), Shapes L.L.C. ("<u>Shapes</u>"), Delair L.L.C. ("<u>Delair</u>"), Accu-Weld L.L.C. ("<u>Accu-Weld</u>") and Ultra L.L.C. ("<u>Ultra</u>", and with Shapes/Arch, Shapes, Delair and Accu-Weld, collectively, the "<u>Debtors</u>"), by and through Steven Grabell, CEO of Shapes/Arch and Shapes, are the

❒ Trustee:         ❒ Chap. 7         ❒ Chap. 11         ❒ Chap. 13

☑ Debtors:        ☑ Chap. 11        ❒ Chap. 13

❒ Official Committee of _____

2.      The Applicants seek to retain Epiq Bankruptcy Solutions, LLC (formerly known as Bankruptcy Services, LLC) ("Epiq"), to serve as:

❒ Attorney for:     ❒ Trustee         ❒ Debtors-in-Possession

          ❒ Official Committee of _____

❒ Accountant for:  ❒ Trustee  ❒ Debtor-in-Possession

          ❒ Official Committee of _____

☑ Other:

      ❒ Realtor ❒ Appraiser  ❒ Special Counsel

      ❒ Auctioneer ☑ Other (specify):  official noticing, claims and/or solicitation and balloting agent for the Debtors

   3. The employment of Epiq is necessary because:  On this date, the Debtors filed their petitions for relief under Chapter 11, Title 11 of the United States Code.  The Debtors believe that the retention of Epiq, as their claims, noticing and/or solicitation and balloting agent is necessary to enable the Debtors to execute faithfully their duties and responsibilities in these cases.  The Debtors have approximately 2000 creditors, many of whom are located overseas.  The Debtors submit that the most effective and efficient manner of noticing these creditors and interested parties of the filing of these Chapter 11 cases, and to transmit, receive, docket, maintain, photocopy and input claims, is for the Debtors to engage an independent third party to act as an agent of the Court.

   4. Epiq has been selected because:  The Debtors believe that Epiq is well qualified to serve in this capacity and that its retention is in the best interests of the Debtors' estates and their creditors.  The Debtors chose Epiq based on both its experience and the competitiveness of its fees.  Epiq is a firm that specializes in noticing, claims processing and other administrative tasks in Chapter 11 cases.  Epiq has acted as official claims, noticing, solicitation and/or balloting agent in numerous cases for a number of years in this and other districts.  Included among such cases in the District of New Jersey are the following:

(a) GI Holdings Inc., et al., (f/k/a GAF Corporation), No. 01-30135 (RG) (Bankr. D.N.J.); and

(b) Le Gourmet Chef, Inc., et al., No. 06-17364 (DHS) (Bankr. D.N.J.)

5. The services to be rendered are as follows:

(a) Preparing and serving required notices in these Chapter 11 cases, including:

    1. A notice of the commencement of these Chapter 11 cases and the initial meeting of creditors under § 341(a) of the Bankruptcy Code;

    2. A notice of the claims bar date;

    3. Notices of objections to claims;

    4. Notices of any hearings on a disclosure statement and confirmation of a plan of reorganization; and

    5. Such other miscellaneous notices as the Debtors or Court may deem necessary or appropriate for an orderly administration of these Chapter 11 cases.

(b) Within five (5) business days after the service of a particular notice, filing with the Clerk's Office a certificate or affidavit of service that includes (i) a copy of the notice served, (ii) an alphabetical list of persons on whom the notice was served, along with their addresses, and (iii) the date and manner of service;

(c) Maintaining copies of all proofs of claims and proofs of interest filed in these cases;

(d) Maintaining official claims registers in these cases by docketing all proofs of claim and proofs of interest in a claims database that includes the following information for each such claim or interest asserted:

    1. The name and address of the claimant or interest holder and any agent thereof, if the proof of claim or proof of interest was filed by an agent;

    2. The date the proof of claim or proof of interest was received by Epiq and/or the Court;

    3. The claim number assigned as to the proof of claim or proof of interest; and

CHERRY_HILL\430933\1 077771.000

    4.  The asserted amount and classification of the claim;

(e) Implementing necessary security measures to ensure the completeness and integrity of the claims register;

(f) Transmitting to the Clerk's Office a copy of the claims register on a weekly basis, unless requested by the Clerk's Office on a more or less frequent basis;

(g) Maintaining an up-to-date mailing list for all entities that have filed proofs of claim or proofs of interest and make such list available upon request to the Clerk's Office or any party in interest;

(h) Providing access to the public for examination of copies of the proofs of claim or proofs of interest filed in these cases without charge during regular business hours;

(i) Recording all transfers of claims pursuant to Bankruptcy Rule 3001(e) and, if directed to do so by the Court, provide notice of such transfers as required by Bankruptcy Rule 3001(e);

(j) Complying with applicable federal, state, municipal and local statutes, ordinances, rules, regulations, orders and other requirements;

(k) Providing temporary employees to process claims as necessary;

(l) Complying with such further conditions and requirements as the Clerk's office or the Court may at any time prescribe;

(m) Providing such other claims processing, noticing, balloting, and related administrative services as may be requested from time to time by the Debtors; and

(n) Assisting the Debtors, at their request, with, among other things, (i) the reconciliation and resolution of claims; (ii) the preparation, mailing and tabulation of certain creditors for the purpose of voting to accept or reject the plan of reorganization; and (iii) all other matters for which the Debtors request assistance.

6. The proposed arrangement for compensation is as follows:  Epiq has requested and received a retainer of $25,000.  The Debtors request that the fees and expenses of Epiq incurred in the performance of the above services be treated as an administrative expense of the Debtors' estates and should be paid by the Debtors in the ordinary course of business.  In Epiq's experience other claims and balloting agents have reviewed fee and rate statements in cases in

which they were not retained.  Because of the negotiated rates provided to the Debtors, Epiq's rates and fees are not attached.  Epiq, however, will provide its rates and fees to the Court or the United States Trustee upon request.  The Debtors believe that the fees to be charged by Epiq for its services in connection with the noticing, soliciting, balloting and claims processing efforts are competitive and comparable to the rates charged by its competitors.

7.  To the best of the applicants' knowledge, Epiq's connection with the debtors, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee, is as follows:

☒ None

☐ Describe connection:

8.  To the best of the applicant's knowledge, Eqiq (check all that apply):[1]

☒ does not hold an adverse interest to the estate.

☒ does not represent an adverse interest to the estate.

☒ is a disinterested person under 11 U.S.C. § 101(14).

☒ does not represent or hold any interest adverse to the debtors or the estates with respect to the matter for which he/she will be retained under 11 U.S.C. § 327(e).

☐ Other; explain:

9.  If the professional is an auctioneer, appraiser or realtor, the location and description of the property is as follows: N/A

---

[1] The Debtors seek to retain Epiq pursuant to 28 U.S.C. § 156(c) and believe that Epiq is not a professional under 11 U.S.C. § 327(a). To the extent that the Court considers Epiq a professional, the Debtors submit that it meets the standards for retention under 11 U.S.C. § 327(a) or (e).

5

WHEREFORE, the applicants respectfully request authorization to employ Epiq to render services in accordance with this application, with compensation to be paid as an administrative expense in such amounts as the Court may hereafter determine and allow.

Date: March 16 2008

_____
Signature of Applicant

Steven Grabell
Name of Applicant