| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **MARK E. FELGER (MF9985)**<br>**JERROLD N. POSLUSNY (JP7140)**<br>**COZEN O'CONNOR**<br>LibertyView, Suite 300<br>457 Haddonfield Road<br>Cherry Hill, NJ  08002<br>(856) 910-5000<br>Proposed Attorneys for the Debtors |

| | |
|---|---|
| In re: | Case No. 08- |
| SHAPES/ARCH HOLDINGS L.L.C., et al., | Judge: |
| Debtors. | Chapter:  11 |

**ADMINISTRATIVE ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 331
ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS**

The relief set forth on the following pages, numbered two (2) through seven (7) is hereby **ORDERED**.

Arch/Shapes Holdings L.L.C., et al.

Case No. 08-

Administrative Order Pursuant To 11 U.S.C. §§ 105(a) And 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals

---

This matter having been brought before the Court by counsel for the debtors and debtors-in-possession (the "Debtors"),[1] upon notice as previously required by the Court and good cause having been shown,

IT IS HEREBY ORDERED:

1. That the Motion is GRANTED;

2. That, except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all Professionals in this case may seek interim compensation in accordance with the following procedure:

 a. On or before the twenty-fifth (25th) day of each month following the month for which compensation is sought, each Professional seeking compensation shall file with the Court and serve a monthly fee and expense statement (the "Monthly Fee Statement"), by regular mail or by electronic mail (if acceptable to the particular Notice Party (defined below)) upon the following parties (collectively, the "Notice Parties"):

 (i). Attorneys for the Debtors;

 (ii). Attorneys for the official committee of unsecured creditors (if one is appointed);

 (iii). Attorneys for the Lender Group;

 (iv). Office of the United States-Region III; and

 (v). All parties filing an entry of appearance and request for notices pursuant to Federal Rule of Bankruptcy Procedure 2002.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

Arch/Shapes Holdings L.L.C., et al.

Case No. 08-

Administrative Order Pursuant To 11 U.S.C. §§ 105(a) And 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals

      b.      Each Monthly Fee Statement shall comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules for the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") with the exception that provisions of Local Rule 2016-1(a)(8) and (a)(9) are not required.  All timekeepers must maintain contemporaneous time entries for each individual in increments of tenths (1/10th) of an hour.

      c.      Each Notice Party will have twenty (20) days after service of a Monthly Fee Statement to review it (the "Objection Deadline").

      d.      Upon the expiration of the Objection Deadline, each Professional may file and serve on the Notice Parties a certificate of no objection or a certificate of partial objection, whichever is applicable, after which Debtor is authorized to pay each Professional an amount (the "Actual Interim Payment") equal to the lesser of (i) eighty percent (80%) of the fees and 100 percent (100%) of the expenses requested in the Monthly Fee Statement or (ii) eighty percent (80%) of the fees and 100 percent (100%) of the expenses not subject to any objection.

      e.      If any party objects to a Monthly Fee Statement, it must file a written objection (the "Notice of Objection To Monthly Fee Statement") and serve it upon the Professional and the Notice Parties so that the Notice of Objection to the Monthly Fee Statement is received on or before the Objection Deadline.

      f.      The Notice of Objection to Monthly Fee Statement must set forth the nature of the objection and the amount of fees and/or expenses at issue.

      g.      If the Debtors receive an objection to a particular Monthly Fee Statement, the Debtors shall withhold payment of that portion of the Monthly Fee Statement to which the

Case 08-14631-GMB    Doc 11-1    Filed 03/16/08    Entered 03/16/08 21:55:31    Desc
Proposed Order    Page 4 of 7

Page 4

Arch/Shapes Holdings L.L.C., et al.

Case No. 08-

Administrative Order Pursuant To 11 U.S.C. §§ 105(a) And 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals

objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in Section (d), above.

   h. If the parties to an objection are able to resolve their respective dispute(s) following service of a Notice of Objection to Monthly Fee Statement and if the party whose Monthly Fee Statement was objected to serves upon the Notice Parties a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, the Debtors shall promptly pay in accordance with section (d), above that portion of the Monthly Fee Statement which is no longer subject to an objection.

   i. If the parties are unable to reach a resolution of the objection within twenty (20) days after service of the objection, then the affected Professional may either (a) file a response to the objection with the Court together with a request for payment of the difference, if any, between the Actual Interim Payment and the non-objected to portion of the Actual Interim Payment made the affected Profession (the "Incremental Amount"); or (b) forgo payment of the Incremental Amount until the next interim or final fee application or any other date and time so directed by the Court at which time it will consider and dispose of the objection, if so requested.

   j. The service of an objection to a Monthly Fee Statement shall not prejudice the objecting party's right to object to any fee application made to the Court in accordance with the Bankruptcy Code on any ground whether raised in the objection or not.  Furthermore, the decision by any party not to object to a Monthly Fee Statement shall not be a waiver of any kind or prejudice that party's right to object to any fee application subsequently made to the Court in accordance with the Bankruptcy Code and applicable rules.

Arch/Shapes Holdings L.L.C., et al.

Case No. 08-

Administrative Order Pursuant To 11 U.S.C. §§ 105(a) And 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals

---

      3.      That, except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all Professionals in this case may file and seek approval of interim fee applications with the following procedure:

      a.      Beginning with the period ending June 30, 2008, and at 120-day intervals thereafter (the "Interim Periods"), each Professional seeking approval of its interim fee application shall file with the Court and serve on the Notice Parties an interim application for allowance of compensation and reimbursement of expense, pursuant to 11 U.S.C. § 331, of the amounts sought in the Monthly Fee Statements issued during such period (the "Interim Fee Application").

      b.      The Interim Fee Application must include a summary of the Monthly Fee Statements that are the subject of the request and any other information requested by the Court and shall comply with the mandates of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedures, the Local Rules and the applicable Third Circuit law.

      c.      An Interim Fee Application must be filed and served on the Notice Parties within forty-five (45) days of the conclusion of the Interim Period.

      d.      Any Professional who fails to file an Interim Fee Application when due will be ineligible to receive further interim payments of fees or expenses until such time as the Interim Fee Application is submitted.

      e.      The pendency of a fee application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular Monthly Fee Statement shall not disqualify a Professional from further payment of compensation or

Page 6

Arch/Shapes Holdings L.L.C., et al.

Case No. 08-

Administrative Order Pursuant To 11 U.S.C. §§ 105(a) And 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals

---

reimbursement of expenses as set forth above, unless otherwise ordered by the Court. Additionally, the pendency of an objection to payment of compensation or reimbursement of expenses will not disqualify a Professional from future payment of compensation or reimbursement of expenses, unless the Court orders otherwise.

      f.      Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on the Court's interim or final allowance of compensation and reimbursement of expenses by any Professionals

      g.      Counsel for the committee, if appointed, may, in accordance with the forgoing procedures for monthly compensation and reimbursement to professionals, collect and submit statements of expenses, with supporting vouchers, from members of the committee; provided, however, that such committee counsel ensures that these reimbursement request comply with the applicable rules and the Compensation Procedures.

    4.    That the parties-in-interest shall adhere to the following administrative procedures:

      a.      Any party may object to requests for payments made pursuant to an order granting this Motion on the grounds that: (i) the Debtors have not timely filed Monthly Operating Reports, (ii) the Debtors have not remained current with their administrative expenses (including payment quarterly fees to the United State Trustee under 28 U.S.C. § 1930), or (iii) a manifest exigency exists, by seeking a further order of this Court.

      b.      The Debtors shall include all payments to Professionals on their Monthly Operating Reports, detailed so as to state the amount paid to the Professionals.

Page 7

Arch/Shapes Holdings L.L.C., et al.

Case No. 08-

Administrative Order Pursuant To 11 U.S.C. §§ 105(a) And 331 Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals

---

        c.    All fees and expenses paid to Professionals shall be subject to disgorgement until final allowance by the Court.

CHERRY_HILL\430486\1  077771.000

7