Order Filed on
3/18/2008
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**MARK E. FELGER (MF9985)**<br>**JERROLD N. POSLUSNY (JP7140)**<br>**COZEN O'CONNOR**<br>LibertyView, Suite 300<br>457 Haddonfield Road<br>Cherry Hill, NJ  08002<br>(856) 910-5000<br>Proposed Attorneys for the Debtors | |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>,<br><br>     Debtors. | Case No. 08-14631<br><br>Judge: Gloria M. Burns<br><br>Chapter:  11 |

**INTERIM ORDER AUTHORIZING BUT NOT DIRECTING PAYMENT OF PRE-PETITION WAGES, SALARIES, COMPENSATION, EMPLOYEE BENEFIT, REIMBURSABLE BUSINESS EXPENSES, CERTAIN UNION PAYMENTS AND THE CONTINUATION OF THE DEBTORS' WORKERS' COMPENSATION PROGRAM AND POLICIES <u>PURSUANT TO 11 U.S.C. §§ 105(a), 507(a)(4) AND (5)</u>**

  The relief set forth on the following pages, numbered two (2) through three (3) is hereby

**ORDERED**.

**DATED: 3/18/2008**

                 _____
                 Honorable Gloria M Burns
                 United States Bankruptcy Court Judge

Page 2

Arch/Shapes Holdings L.L.C., et al.

Case No. 08-

Order Authorizing But Not Directing Payment of Pre-Petition Wages, Salaries, Compensation, Employee Benefit, Reimbursable Business Expenses, Certain Union Payments and the Continuation of the Debtors' Workers' Compensation Program and Policies Pursuant To 11 U.S.C. §§ 105(a), 507(a)(4) And (5)

---

Upon consideration the verified motion (the "Motion")[1] of the above-captioned debtors and debtors-in-possession (the "Debtors"), for an Order authorizing but not directing the Debtors to pay employee compensation obligations as a priority claim under section 507(a)(4) and (5); and notice being sufficient under the circumstances; and such relief being necessary to assure that operation of Debtors' businesses will not be disrupted and that their value as a going-concern will not be impaired, it is ORDERED:

1. That the Motion is GRANTED on an interim basis..

2. That the Debtors are hereby authorized to pay all Accrued Wage Claims and all as more fully described in the Motion.

3. That to the extent any pre-petition payroll checks are not honored, the Debtors are hereby authorized to issue replacement checks to honor the unpaid amounts.

4. That the Debtors are authorized but not directed to honor the Union Benefits and make all Union Payments.

5. That the Debtors are authorized but not directed to honor the Non-Union Benefits.

6. That to the extent any non-union Employee would be entitled to Unpaid Non-Union Wages and Unpaid Non-Union Benefits in excess of $10,950, the Debtors may honor vacation and sick time in the ordinary course of business, but shall not "cash-out" those benefits without further order of the Court.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

2

*Approved by Judge Gloria M. Burns March 18, 2008*

Page 3

Arch/Shapes Holdings L.L.C., et al.

Case No. 08-

Order Authorizing But Not Directing Payment of Pre-Petition Wages, Salaries, Compensation, Employee Benefit, Reimbursable Business Expenses, Certain Union Payments and the Continuation of the Debtors' Workers' Compensation Program and Policies Pursuant To 11 U.S.C. §§ 105(a), 507(a)(4) And (5)

7. That the Debtors are authorized to pay the Withholding Taxes to the appropriate governmental authorities.

8. That Debtors are authorized but not directed to maintain their Workers' Compensation Program.

9. That Debtors are authorized but not directed to reimburse Employees for their Employee Business Expenses.

10. That the Debtors are authorized to honor the Garnishments properly served upon the Debtors.

11. That Debtors are hereby authorized to issue new checks to replace any dishonored checks issued prepetition to pay the claims subject to the Motion.

12. That, except as is set forth in paragraph 6, above, the payment made to or for the benefit of any Employee is limited to the statutory cap set forth in 11 U.S.C. §§ 507(a)(4) and (5).

13. That nothing in this Order shall be construed to indicate Debtors have assumed or rejected any executory contracts or leases, and Debtors' rights regarding assumption or rejection of executory contracts and leases are reserved.

14. That Debtors are hereby authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Order.

15. A Final Hearing on this matter shall be heard on 4/3/2008 at 10:00 am if objections are filed. If no objections are filed by 4/2/2008, this order will become final.

CHERRY_HILL\430490\2

3

*Approved by Judge Gloria M. Burns March 18, 2008*

# CERTIFICATE OF SERVICE

**Bankruptcy Noticing Center**
**2525 Network Place, 3rd Floor**
**Herndon, Virginia 20171-3514**

```
District/off: 0312-1          User: dcary              Page 1 of 1              Date Rcvd: Mar 18, 2008
Case: 08-14631                Form ID: pdf903          Total Served: 1

The following entities were served by first class mail on Mar 20, 2008.
db           +Shapes/Arch Holdings L.L.C.,   9000 River Road,   Delair, NJ 08110-3204

The following entities were served by electronic transmission.
NONE.                                                                                    TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                    TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have served the attached document on the above listed entities in the manner shown, and prepared the Certificate of Service and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

**Date: Mar 20, 2008**              Signature:   _Joseph Speetjens_