which is annexed hereto as Exhibit "B", and (ii) a completed retention questionnaire (the "Retention Questionnaire") a form of which is annexed hereto as Exhibit "C".

41.    During the pendency of these Chapter 11 cases, the Debtors may identify other professionals whose services are needed to consummate certain transactions or address other matters that may arise in the ordinary course of the Debtors' businesses. Accordingly, the Debtors also request that they be authorized and empowered to employ and retain additional Ordinary Course Professionals from time to time, as necessary, in the ordinary course of their businesses without the need to file individual retention applications. In such event, the Debtors propose to file a supplement to Exhibit "A" (the "Supplement") with this Court and serve it upon: (a) counsel for the Lender Group, (b) counsel for Versa, (c) the Office of the United States Trustee, (d) counsel for the Committee, if appointed, and if none appointed, the Debtors' consolidated list of top 30 unsecured creditors (but no less than the five largest unsecured creditors from each case) and (e) parties on the Master Service List. An Ordinary Course Professional that is listed on a Supplement must file its Affidavit and Retention Questionnaire with the Court and serve it upon those parties listed in the preceding sentence contemporaneously with the filing of the Supplement with the Court.

42.    The Debtors further propose the following procedures for parties in interest to object to the retention of a particular Ordinary Course Professional whether listed on Exhibit "A" to this Motion or a Supplement. The Debtors propose that the parties listed in paragraph 40 and any other party-in-interest served with the Affidavit and Retention Questionnaire shall have ten days after the receipt of each Ordinary Course Professional's Affidavit and Retention Questionnaire (the "Objection Deadline") to object to the retention of such Professional. The parties listed in paragraph 40 and any other party-in-interest shall file their objection with the Court and serve it upon the Debtors' counsel, the Ordinary Course Professional and the United

CHERRY_HILL\434161\1 220718.000

States Trustee on or before the Objection Deadline. If any such objection cannot be resolved within ten days after it is filed, the matter shall be scheduled for a hearing before the Court at the next regularly scheduled hearing date or other date otherwise agreeable to the Ordinary Course Professional, the Debtors and the objecting party. If no objection is filed within ten days after an Ordinary Course Professional has filed its Affidavit and Retention Questionnaire, the Debtors shall be authorized to retain such Ordinary Course Professional as a final matter without further order of the Court.

### Retention of the Ordinary Course Professionals is in the Best Interests of the Debtors' Estates

43. The Debtors submit that the continued employment and compensation of the Ordinary Course Professionals is in the best interests of their estates, creditors and other parties-in-interest. While the Ordinary Course Professionals may wish to continue to represent the Debtors on an ongoing basis, many may be unwilling to do so if they are unable to be paid on a regular basis. Given the discrete nature of the services the Ordinary Course Professionals will provide, it is more efficient and cost-effective for the Debtors' estates to forego the requirement that each such professional file a retention application.

44. Moreover, the Debtors would likely incur expenses related to the Ordinary Course Professionals preparing and obtaining approval of fee applications which cost can largely be avoided under the procedure proposed in this Motion. If the Debtors are unable to retain and compensate these Ordinary Course Professionals with respect to the particular areas and matters for which they were responsible prior to the Petition Date, the Debtors' estates will undoubtedly incur additional and unnecessary expenses, as the Debtors will have to retain other professionals who lack the background in the Debtors' operations or the expertise in particular matters. It is in

the best interests of the Debtors' estates and their creditors that the Debtors avoid any disruption in the professional services required by the day-to-day operation of their business.

45. Relief similar to that sought herein has been granted in comparable Chapter 11 cases in this District. See, e.g., In re THCR/LP Corporation, Case No. 04-46898 (JHW) (Bankr. D.N.J. November 22, 2004) (order authorizing employment of professionals utilized in the ordinary course of business).

Retention of The Ordinary Course Professionals Listed on<br>Exhibit A Nunc Pro Tunc to March 16, 2008 is Appropriate

46. Since the inception of these Chapter 11 cases, the Debtors' management and their retained professionals have been consumed with exigent administrative and operational matters typically encountered in a Chapter 11 case. Specifically, the Debtors have been primarily focused on stabilizing their day-to-day operations, finalizing the debtor-in-possession financing arrangements with their secured lenders, complying with the initial reporting requirements of the Office of the United States Trustee, determining adequate assurance of certain utility providers in addition to attending to the day-to-day operation of the Debtors' businesses. Therefore, the Debtors were not able to immediately identify the ordinary course professionals whose services they would require during the course of these Chapter 11 cases.

47. Certain of the Ordinary Course Professionals have continued to provide necessary services to the Debtors since the Petition Date and the Debtors have now determined that they require the services of the Ordinary Course Professionals listed on Exhibit "A" in order to continue to operate their businesses in the ordinary course without disruption. Accordingly, the Debtors believe that it is necessary and appropriate to retain the Ordinary Course Professionals nunc pro tunc to March 16, 2008.

## Notice

48.    Notice of this Motion has been provided to: (a) counsel for the Lender Group, (b) counsel for Versa, (c) the Office of the United States Trustee, (d) the Internal Revenue Service, (e) the New Jersey Attorney General, (f) the Commonwealth of Pennsylvania Department of Revenue, (g) the Debtors' consolidated list of top 30 unsecured creditors (but no less than the five largest unsecured creditors from each case), and (h) all parties on the Master Service List.  In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order authorizing the Debtors to retain, employ and compensation professionals in the ordinary course nunc pro tunc to March 16, 2008; and grant such other and further relief as is just and proper.

Dated: March 26, 2008                             COZEN O'CONNOR

                                                  By:    /s/ Jerrold N. Poslusny, Jr.
                                                     Mark E. Felger
                                                     Jerrold N. Poslusny, Jr.

                                                  Proposed Attorneys for the Debtors

## VERIFICATION

Steve Grabell, of full age, certifies and states as follows:

1. I am the Chief Executive Officer5 of Shapes/Arch Holdings L.L.C. and Shapes L.L.C.,[2] and I am fully authorized to make this Verification on all of the Debtors' behalf.

2. I have read the foregoing Motion and I hereby certify and verify that all of the statements contained therein are true.

3. I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

Dated: March 27, 2008

Steve Grabell

---

[2] Unless otherwise defined, capitalized terms shall have the same meaning ascribed to them in the Motion.

CHERRY_HILL\434161\1 220718.000

16

## EXHIBIT A

| | Name of Professional | Services Provided |
|---|---|---|
| 1. | Panitch Schwarze Belisario & Nadel, LLP<br>One Commerce square<br>2005 Market Street, Suite 2200<br>Philadelphia, PA 19103<br><br>Contacts: Ronald Panitch, Esq. and Martin Belisario, Esq. | Legal Services – Intellectual Property |
| 2. | Manko, Gold & Katcher<br>Cherry Tree Corp. Center<br>535 Route 38, Suite 320<br>Cherry Hill, NJ 08002<br><br>Contact: Bruce Katcher, Esq. | Legal Service – Environmental Law (Counseling and Compliance) |
| 3. | Borges & Associates LLC<br>575 Underhill Blvd.<br>Syosset, NY 11791<br><br>Contact: Wanda Borges, Esq. | Legal Services – Collections (Accu-Weld) |
| 4. | ROUX Associates Inc.<br>1222 Forest Parkway, Suite 190<br>West Deptford, NJ 08066<br><br>Contact: Greg Martin | Environmental Consulting |
| 5. | Ballard Spahr Andrews & Ingersoll, LLP<br>Plaza 1000, Suite 500<br>Main Street<br>Voorhees, NJ 08043-4636<br><br>Contact: Glenn Harris, Esq. | Legal Services – Insurance Coverage for Environmental Litigation |
| 6. | Latsha, Davis, Yohe and McKenna, P.C.<br>350 Eagleview Boulevard, Suite 100<br>Exton, PA 19341<br><br>Contact: Kevin McKenna, Esq. | Legal Services – Environmental Litigation |

| 7. | McCarter and English<br>100 Mulberry Street<br>Newark, NJ 07102<br><br>Contact: Frank E. Ferrugia | Legal Services – Appeal Real Estate Tax Assessment |

EXHIBIT "B"

MARK E. FELGER (MF9985)
JERROLD N. POSLUSNY, JR. (JP7140)
COZEN O'CONNOR
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Proposed Attorneys for the Debtors

| | |
|---|---|
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br><br>Debtors. | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>:<br>: CHAPTER 11<br>:<br>: CASE NO. 08-14631 (GMB)<br>: (Jointly Administered) |

### AFFIDAVIT IN SUPPORT OF ORDINARY COURSE RETENTION

STATE OF _____  )
                        ) ss:
COUNTY OF _____  )

[NAME] declares as follows:

1.  I am a _____ of the firm of _____ (the "Firm"), which maintains offices at [address].

2.  This Affidavit is submitted in connection with an order of the United States Bankruptcy Court for the District of New Jersey dated_____, 2008 authorizing Shapes/Arch Holdings L.L.C, Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (the "Debtors") to retain certain professionals in the ordinary course of business during the pendency of the Debtors' Chapter 11 cases. The Debtors have requested, and the

CHERRY_HILL\434161\1 220718.000

Firm has agreed, to continue to represent and advise the Debtors pursuant to Section 327(e) of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

3. The Firm has provided, and/or intends to provide, the following services to the Debtors from and after the Petition Date:_____

_____.

4. To the best of my knowledge, information and belief, formed after due inquiry, (i) the Firm does not currently provide services to any party in any matter related to the Debtors, and (ii) the Firm does not represent or hold an interest adverse to the Debtors.

5. The Firm may now, or in the future, provide services to certain creditors of the Debtors or other parties in matters to the Debtors and their estates, but in this regard, the Firm's work for these clients will not include representation on any matters relating to the Debtors' Chapter 11 cases.

6. The Firm further states that it has not shared, nor agreed to share any compensation received in connection with these Chapter 11 cases with another party or person, other than as permitted by Section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016.

7. The foregoing constitutes the statement of the Firm pursuant to Sections 329 and 504 of the Bankruptcy Code and Bankruptcy Rules 2014 and 2016(b).

                                                                 _____
[Name]
[Title]
[Address and phone number]

Sworn to before me
this ___ day of _____, 2008

_____
Notary Public

CHERRY_HILL\434161\1 220718.000

## EXHIBIT "C"

MARK E. FELGER (MF9985)
JERROLD N. POSLUSNY, JR. (JP7140)
COZEN O'CONNOR
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Proposed Attorneys for the Debtors

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS L.L.C., et al., | CHAPTER 11 |
| Debtors. | CASE NO. 08-14631 (GMB) (Jointly Administered) |

## RETENTION QUESTIONNAIRE

**TO BE COMPLETED BY PROFESSIONALS EMPLOYED BY** Shapes/Arch Holdings L.L.C, Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and/or Ultra L.L.C. (the "Debtors")

**FILE THIS QUESTIONNAIRE WITH THE COURT. RETURN A COPY OF IT TO:**

1. Shapes/Arch Holdings L.L.C.
   9000 River Road
   Delair, NJ 08110
   Attn: David Gollin, Esq.

2. Cozen O'Connor
   Chase Manhattan Centre
   1201 North Market St.
   Suite 140
   Wilmington, DE 19801
   Attn: Mark E. Felger, Esq.

CHERRY_HILL\434161\1 220718.000

3. Cozen O'Connor
   LibertyView, Suite 300
   457 Haddonfield Road
   Cherry Hill, NJ 08002
   Attn: Jerrold N. Poslusny, Jr., Esq.

4. Office of the United States Trustee
   One Newark Center
   Suite 2100
   Newark, NJ 07102
   Attn: Peter J. D'Auria, Esq.
   Attn: Jeffrey M. Sponder, Esq.

5. Blank Rome LLP
   One Logan Square
   130 North 18th Street
   Philadelphia, PA 19103-6998
   Attn: Joel Shapiro, Esq.

6. Blank Rome LLP
   The Chrysler Building
   405 Lexington Ave.
   New York, NY 10174
   Attn: Lawrence Flick, Esq.

7. Stradley Ronon
   2600 One Commerce Square
   Philadelphia, PA 19103
   Attn: Paul A. Patterson, Esq.
   Attn: Gary P. Scharmett, Esq.

If more space is needed, please complete on a separate page and attach.

1. Name and address of firm:
   _____
   _____
   _____

2. Date of Retention: _____

3. Type of Service Provided (accounting, legal, etc.):
   _____
   _____

4. Brief description of services to be provided:
_____
_____
_____

5. Arrangements for compensation (hourly, contingent, etc.):
_____
   (a) Average hourly rate (if applicable): _____
   (b) Estimated average monthly compensation based on pre-petition retention (if firm was employed pre-petition):
   _____

6. Pre-petition claims against any of the Debtors held by the firm:
Amount of claim: $_____
Date claim arose:_____
Source of claim:_____

7. Pre-petition claims against any of the Debtors held individually by any member, associate or professional employee of the firm:

Name:_____
Status:_____
Amount of claim: $_____
Date claim arose:_____
Source of claim:_____
_____
_____

8. Disclose the nature and provide a brief description of any interest adverse to the Debtors or to their estates with respect to the matters on which the above-named firm is to be employed:
_____
_____
_____