| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Emmanuel J. Argentieri (#3162)**<br>PARKER McCAY P.A.<br>P.O. Box 974<br>Marlton, New Jersey  08053<br>(856) 596-8900<br>**Attorneys for Pennsauken Township** | |
| In Re:<br>SHAPES/ARCH HOLDINGS, LLC et al.<br><br>                                              Debtor | Chapter 11<br><br>Case No: 08-14631 (GMB)<br><br>Judge: Gloria M. Burns<br><br>Hearing Date: April 3, 2008 at 10:00 a.m. |

### LIMITED OBJECTION BY PENNSAUKEN TOWNSHIP TO DEBTOR'S REQUEST FOR A FINAL ORDER AUTHORIZING DEBTOR'S OBTAINMENT OF POST-PETITION FINANCING

Pennsauken Township (hereinafter "Township") hereby asserts a limited objection to the debtor's request for a final order approving its motion for post-petition financing pursuant to the following:

1. Debtor[1] filed for relief under Chapter 11 of Title 11 U.S.C. on March 16, 2008.

2. Concurrent with the filings, debtor filed numerous first day motions, including but not limited to, a motion seeking Court authorization to obtain post-petition financing under 11 U.S.C. Sections 105, 362, 363,  and 364.

---

[1] Five petitions were filed on behalf of five different debtors on March 16, 2008; **to wit:** Shapes/Arch Holdings L.L.C.; Shapes L.L.C.; Delair L.L.C; Accu-Weld L.L.C.; and Ultra L.L.C. which were subsequently consolidated by Court Order dated March 18, 2008 for purposes of joint administration of the cases. For purposes of this objection the Township will use the term debtor even though its claim arises against realty owned by the debtor entity Shapes L.L.C.

3. On March 18, 2008 the Court entered an Interim Order Authorizing Debtor to Obtain Post-petition Financing and Granting a Security Interest and a Super Priority Administrative Expense Status to the Post-petition Lenders under Title 11 U.S.C. Sections 105, 362, 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) and 364(e) along with other related relief.

4. At the time the debtor filed its Chapter 11 Petition, the Township held a pre-petition claim against the debtor in the aggregate amount of $2,008,460.84.

5. The Township's claim and resulting statutory lien is for delinquent real estate taxes, accrued interest and penalties arising and mandated under N.J.S.A. 54:4-67; and N.J.S.A. 54:5-6 & 9.

6. The Township's claim is broken down as follows:

| Realty Common Address | Tax Lot and Block | Outstanding Real Estate Taxes, Interest and Penalties |
|---|---|---|
| 8600 River Road | Lot 1, Block 1903 | $635,042.60 |
| 9000 River Road | Lot 4, Block 1903 | $1,175,369.53 |
| 1777 Hylton Road | Lot 9, Block 2107 | $198,048.71 |

7. Under the interim order allowing debtor to obtain post-petition financing, debtor shall receive credit facilities in the aggregate amount of approximately $85,000,000.00. In return the post-petition lenders will receive a first and/or second lien priority status on debtor's assets, including but not limited to, the properties referenced above and upon which the Township tax liens are attached. Additionally, the post-petition lenders would receive a super priority administrative expense status superior to all other administrative claims that may arise in this proceeding.

8. While there are other sufficient assets for the post-petition lenders super priority liens to attach, the realty at issue serves as the only source of recovery for the Township in the event debtor fails to satisfy its tax obligation to the Township. Thus, the Township's interest would not be adequately protected in the event debtor defaults under its obligations to the post-petition lenders thereby resulting in an undue hardship for the Township and its citizens who ultimately bear the burden of lost revenue generated by real estate taxes by way of lost or reduced services.

**Wherefore**, the Township objects to the entry of a final order on the debtor's motion for post-petition financing to the extent it seeks to subordinate the Township's pre-petition real estate tax liens on the subject realty; **to wit:** 8600 River Road; 9000 River Road; and 1777 Hylton Road; **and** to the extent it seeks to subordinate any post-petition administrative claim and/or lien to which the Township is entitled under 11 U.S.C. Section 503(b)(1)(B)(i) or under applicable New Jersey State Law for post-petition real estate taxes that may accrue.

**Respectfully Submitted,**
**Parker McCay P.A.**
**Attorneys for Pennsauken Township**

**DATED: MARCH 31, 2008**

*/s/ EMMANUEL J. ARGENTIERI*
**EMMANUEL J. ARGENTIERI**