| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>Alan D. Halperin, Esq.<br>Walter Benzija, Esq.<br>Debra J. Cohen, Esq.<br>HALPERIN BATTAGLIA RAICHT, LLP<br>555 Madison Avenue – 9th Floor<br>New York, New York 10022<br>(212) 765-9100<br><br>Proposed Attorneys for the Official Joint<br>Committee of Unsecured Creditors | |
| In re:<br><br>**SHAPES/ARCH HOLDINGS L.L.C., et al.,**<br><br>Debtors. | Chapter 11<br><br>Case No. 08-14631<br>(Jointly Administered)<br><br>Judge: Hon. Gloria M. Burns, USBJ |

**APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION OF HALPERIN BATTAGLIA RAICHT, LLP AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS, *NUNC PRO TUNC*, TO MARCH 31, 2008**

TO THE HONORABLE GLORIA M. BURNS,
UNITED STATES BANKRUPTCY JUDGE:

The Official Joint Committee of Unsecured Creditors (the "Committee") of Shapes/Arch Holdings, L.L.C., *et al.*, the above-captioned debtors and debtors-in-possession (each a "Debtor" and, together, the "Debtors"), as and for its application for entry of an order pursuant to §1103(a) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing the retention of Halperin Battaglia Raicht, LLP ("HBR") as counsel to the Committee under a general retainer, *nunc pro tunc* to March 31, 2008, respectfully represents:

{00061551.1 / 0631-001}

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of this proceeding and this application is proper pursuant to 28 U.S.C. §§1408 and 1409. The statutory predicate for the relief requested herein is §1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

## BACKGROUND

2. The Debtors filed voluntary petitions for relief pursuant to Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Filing Date"). The Debtors have continued in the management of their affairs as debtors-in possession pursuant to 11 U.S.C. §§ 1108 and 1109 of the Bankruptcy Code since that date, and no trustee or examiner has been appointed in the Debtors' cases.

3. On March 31, 2008, the United States Trustee for Region 3 appointed a creditors' committee consisting of the following nine (9) members: Alcan Aluminum Corp.; Rusal America Corp.; United Parcel Service; Perfect Trade; Coil Plus; Acme Corrugated Box; Glencore Ltd.; Colorworks Graphics, Inc.; and PSE&G. At its initial meeting on March 31, 2008, the Committee selected Halperin Battaglia Raicht, LLP as its counsel to represent the Committee in all matters involved the Debtors' chapter 11 cases and Cole Schotz Meisel Forman & Leonard, P.A. as its conflicts and local counsel.

4. As disclosed in its public filings with the Court, Shapes/Arch Holdings L.L.C. is the parent company of four operating Debtors, as follows: Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. The operating companies

manufacture aluminum extrusions, aluminum fence systems and vinyl replacement windows and steel doors, and supply (but outsource the manufacturing of) hardware products. The Debtors' filings with this Court indicate that in 2007, the Debtors' net consolidated revenue was $273.8 million.

## RETENTION OF HALPERIN BATTAGLIA RAICHT, LLP

5. These cases are proceeding on an extremely fast track. Two interim debtor in possession financing orders were entered two days after the Filing Date, and the Debtors sought a final hearing on both on April 3rd, just days after the appointment of the Committee (those hearings have since been adjourned to April 9th). The financing orders determine certain important issues and the interim order relating to the term loan lays the groundwork for a proposed plan that will, if confirmed, transfer the businesses to the new lender. It is therefore imperative that the Committee have the immediate assistance of counsel to represent the interests of unsecured creditors.

6. The Committee respectfully submits that it requires counsel pursuant to §1103(a) of the Bankruptcy Code to, inter alia:

    a. advise the Committee with respect to its rights, duties, and powers in these cases;

    b. assist the Committee in its consultations with the Debtors relative to the administration of these cases;

    c. assist the Committee in analyzing the claims of the Debtors' creditors and in negotiations with such creditors;

    d. assist with the Committee's investigation of the acts, conduct, assets, liabilities and financial condition of the Debtors and the operation of the Debtors' businesses;

    e. assist the Committee in its analysis and negotiations with the Debtors or any third party concerning matters related to the realization by creditors of a recovery on claims and other

    means of realizing value in these cases, including, without limitation the proposed debtor-in-possession financings and plan;

f.  review the proposed plan and any future plan or plan amendments with the Committee and determine with the Committee if plan of reorganization should be filed by the Committee or some other third party and, if necessary, draft a plan and disclosure statement;

g.  assist the Committee with respect to consideration by the Court of any disclosure statement prepared or filed pursuant to §§1125 or 1121 of the Bankruptcy Code;

h.  evaluate potential avoidance actions and claims, and if appropriate, bring such actions;

i.  assist and advise the Committee with regard to its communications to the general creditor body regarding the Committee's recommendations on any proposed plan of reorganization or other significant matters in these cases;

j.  represent the Committee at all hearings and other proceedings;

k.  assist the Committee in its analysis of matters relating to the legal rights and obligations of the Debtors in respect of various agreements and applicable laws;

l.  review and analyze all applications, orders, statements of operations, and schedules filed with the Court and advise the Committee as to their propriety;

m.  assist the Committee in preparing pleadings and applications as may be necessary in furtherance of the Committee's interests and objectives; and

n.  perform such other legal services as may be required and/or deemed to be in the interest of the Committee in accordance with its powers and duties as set forth in the Bankruptcy Code.

7.    The Committee believes that HBR possesses extensive knowledge and expertise in the areas of law relevant to these chapter 11 cases and that HBR is well qualified to represent the Committee.

{00061551.1 / 0631-001}

8. Upon information and belief, after due inquiry and review of the Debtors' petitions and schedules, HBR does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which HBR is to be engaged, as set forth in the accompanying affidavit of Alan D. Halperin, a member of HBR (the "Halperin Affidavit") made a part hereof. The Committee has been advised that HBR has no connections with the Debtors, their creditors, or other parties in interest in these cases, except as disclosed in the Halperin Affidavit, and will represent no other party in connection with these cases.

9. As discussed in the Halperin Affidavit, HBR does represent The CIT Group in matters unrelated to these cases. For that reason, HBR will not participate in any investigation, evaluation or, if called for, litigation against CIT, which matters shall be addressed by Cole Schotz Meisel Forman & Leonard, P.A., proposed conflicts and local counsel to the Committee. In addition, HBR notes that it may have in the past and may in the future represent other of the Debtors' creditors or other entities that consider themselves parties in interest in matters unrelated to these chapter 11 cases.

10. Because the full extent and nature of the legal services to be rendered are unknown at this time, the Committee believes that the employment of HBR under a general retainer is appropriate and in the best interests of the Debtors' unsecured creditors and the estates.

11. It is contemplated that HBR will seek compensation based upon normal hourly billing rates in effect for the period in which services are rendered and will seek reimbursement of necessary and reasonable out-of-pocket expenses in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the United

{00061551.1 / 0631-001}

States Trustee Guidelines for reviewing motions for compensation and reimbursement of expenses filed under §330 of the Bankruptcy Code, the Local Bankruptcy Rules, and further orders of this Court.

12. HBR will charge the Committee at its regular hourly rates which currently range from $435 to $175 per hour for attorneys, $125per hour for law clerks, and $100 to $75 per hour for paraprofessionals. These rates are subject to adjustment from time to time. It is HBR's policy to charge its clients for disbursements and expenses incurred in connection with its services, including, without limitation, telephone and facsimile usage, computerized research, messengers, couriers, postage, and fees related to trials and hearings. HBR will charge for these expenses in a manner and at rates consistent with those made generally to its other clients and applicable law and rules.

13. Due to the exigencies of these cases, in order to protect the interests of the unsecured creditors that it represents, the Committee requested that HBR commence work immediately. HBR began rendering services to the Committee on March 31, 2008. Accordingly, the Committee requests that HBR's retention be approved *nunc pro tunc* to that date.

14. No previous application for the relief requested herein has been made to this or any other court.

CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an Order approving the Committee's retention of HBR as its counsel in these proceedings on a general retainer, *nunc pro tunc* to March 31, 2008, and granting such other and further relief as may be just and proper.

Dated: April 3, 2008

> THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SHAPES/ARCH HOLDINGS, L.L.C., *et al.*, by its Co-Chairs
>
> RUSAL AMERICA CORP.
>
> By:   */s/ Richard Kellner*
> Name: Richard Kellner
> Title: COO
>
> And
>
> ALCAN ALUMINUM CORP.
>
> By:   */s/Brian Bull*
> Name: Brian Bull
> Title: Credit Manager

{00061551.1 / 0631-001}