| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Alan D. Halperin, Esq.<br>Walter Benzija, Esq.<br>Debra J. Cohen, Esq.<br>HALPERIN BATTAGLIA RAICHT, LLP<br>555 Madison Avenue – 9th Floor<br>New York, New York 10022<br>(212) 765-9100<br><br>Proposed Attorneys for the Official Joint<br>Committee of Unsecured Creditors |

| | |
|---|---|
| In re:<br><br>**SHAPES/ARCH HOLDINGS L.L.C., et al.,**<br><br>Debtors. | Chapter 11<br><br>Case No. 08-14631<br>(Jointly Administered)<br><br>Judge: Hon. Gloria M. Burns, USBJ |

**AFFIDAVIT OF ALAN D. HALPERIN IN SUPPORT OF APPLICATION
FOR ENTRY OF AN ORDER AUTHORIZING THE
RETENTION OF HALPERIN BATTAGLIA RAICHT, LLP AS
COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED
<u>CREDITORS, *NUNC PRO TUNC*, TO MARCH 31, 2008</u>**

STATE OF NEW YORK     )
                                             )     ss.:
COUNTY OF NEW YORK   )

        Alan D. Halperin, being duly sworn, deposes and says:

        1.      I am a member of the law firm of Halperin Battaglia Raicht, LLP ("<u>HBR</u>"), which maintains offices for the practice of law at 555 Madison Avenue, 9th Floor, New York, New York 10022. I am familiar with the matters set forth herein, and make this affidavit in support of the application of the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (collectively, the

{00061555.1 / 0631-001}

"Debtors"), for authority to retain HBR as counsel to the Committee under a general retainer.

2. To the best of my knowledge and information, formed after a reasonable inquiry, HBR neither holds nor represents any interest adverse to the Committee, the Debtors, their creditors, or other parties-in-interest or their respective attorneys in these cases. Based upon the information available to me, I believe that HBR is a "disinterested person" within the meaning of § 101(14) of Title 11 of the United States Code (the "Bankruptcy Code").

3. I am admitted to practice before this Court, as are the other two HBR professionals who I anticipate will be working closely with me on this representation. In the event that additional support is needed, we will promptly submit *pro hac vice* applications through our local and conflicts counsel, whose role is discussed below.

4. I have reviewed lists of HBR's current and past clients and have compared them to the Debtors' chapter 11 petitions, schedules and statements of financial affairs, as well as certain pleadings filed at the outset of these cases. To the best of my knowledge and based upon HBR's due inquiry, HBR has not represented any of the parties related to the Debtors, their creditors, and other parties-in-interest, except:

    (a) From time to time, HBR represents The CIT Group in matters unrelated to the Debtors or these cases. CIT Group/Business Credit, Inc. is the pre-petition and a post-petition lender in these cases, and CIT Group/Equipment Financing is party to an executory contract in these cases, and other CIT entities may also be party to contracts in these cases.

   (b)  In the past, HBR has represented Chromalloy, Eaton Corporation, and Euler Hermes ACI in discreet matters unrelated to these cases. Upon information and belief, each of the is an unsecured creditor is an unsecured creditor in these cases.

   (c)  HBR may have represented as yet unknown creditors of the Debtors in matters unrelated to these cases.

HBR acknowledges that it has a continuing obligation to disclose potential conflicts to the Court during the pendency of the bankruptcy cases and if it becomes aware of any potential conflicts will promptly advise the Court.

   4.  The Committee has selected Cole Schotz Meisel Forman & Leonard, P.A. to serve as its conflicts and local counsel, and Cole Schotz will handle any and all matters relating to CIT's loans and contracts in these cases, or any other issues that involve matters on which HBR is conflicted. HBR and Cole Schotz have worked together before, and I am confident that we will be able to efficiently and effectively represent the interests of the Committee. HBR and Cole Schotz have already discussed the division of tasks and will carefully coordinate with each other throughout these cases to ensure that they do not duplicate efforts.

   5.  HBR does not, and will not, represent any of the members of the Committee, the Debtors, their creditors, or any other party in interest in these proceedings, other than the Committee, in matters related to these cases.

   6.  No agreement exists to share any compensation received by HBR for its services with any other person or firm. No promises have been received by HBR or by

{00061555.1 / 0631-001}   3

any member or associate thereof as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

    7. HBR is willing to be retained by the Committee as its bankruptcy counsel, on a general retainer basis, and will bill at its normal hourly rates, which currently range from $435 to $175 per hour for attorneys; $125 per hour for law clerks; and $100 to $75 per hour for paraprofessionals, plus reimbursement of out-of-pocket expenses. These rates are subject to adjustment from time to time. HBR will make appropriate application to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and other Orders of this Court.

                 */s/ Alan D. Halperin*
                 Alan D. Halperin

Sworn to before me on this
2nd day of April, 2008

 */s Christopher J. Battaglia*
NOTARY PUBLIC
Christopher J. Battaglia
Notary Public, State of New York
No. 02BA6064315
Qualified in New York County
Commission Expires November 1, 2009