# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x
:
In re                               :  Chapter 11
                                    :
Dana Corporation, *et al.,*         :  Case No. 06-10354 (BRL)
                                    :
                                    :  (Jointly Administered)
                                    :
        Debtors.                    :
-----------------------------------------------------------x

## ORDER, PURSUANT TO SECTIONS 105(a), 107(b) AND 1102(b)(3)(A) OF THE BANKRUPTCY CODE, CONFIRMING THAT OFFICIAL COMMITTEES ARE NOT AUTHORIZED OR REQUIRED TO PROVIDE ACCESS TO (A) CONFIDENTIAL INFORMATION OF THE DEBTORS OR (B) PRIVILEGED INFORMATION

This matter coming before the Court on the Motion of Debtors and Debtors in Possession, Pursuant to Sections 105(a), 107(b) and 1102(b)(3)(A) of the Bankruptcy Code, for an Order Confirming that Official Committees Are Not Authorized or Required to Provide Access to (A) Confidential Information of the Debtors or (B) Privileged Information (the "Motion"),[1] filed by the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"); objections to the Motion having been filed by the Pension Benefit Guaranty Corporation (D.I. 613), U.S. Manufacturing (D.I. 615), the Official Committee of Unsecured Creditors (D.I. 665) and the United States Trustee (D.I. 635) (collectively, the "Objections"); a statement having been late-filed by Timken Corporation (D.I. 697) (the "Statement"); the Court having reviewed the Motion, the Objections and the Statement and having considered the statements of counsel at a hearing before the Court (the "Hearing"); and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

CLI-1398921v2

Motion and the Hearing was sufficient under the circumstances and (d) in light of the circumstances, the requirements of Local Bankruptcy Rule 9013-1(b) that a separate memorandum of law be filed in support of the Motion is waived; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as modified herein, *nunc pro tunc* as of the date upon which the Committee was appointed. The Objections and the Statement are either OVERRULED or RESOLVED as set forth herein.

2. For the purposes of this Order, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, business practices, business plans, intellectual property and trade secrets, financial projections, financial and business analyses and compilations and studies relating to the foregoing, and other documents prepared by the Debtors or their advisors or other agents, which are furnished, disclosed or made known to an Official Committee, whether intentionally or unintentionally and in any manner, including in written form, orally or through any electronic, facsimile or computer-related means of communication. Confidential Information shall include, without limitation: (a) any notes, summaries, compilations, presentations, memoranda or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to an Official Committee orally that the Debtors or their advisors or other agents advise the Official Committee should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any

information that: (a) is or becomes generally available to the public or is or becomes available to an Official Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal or fiduciary obligation to the Debtors; or (b) was in the possession of an Official Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

    3.  For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client privilege or similar state, federal or other jurisdictional law privilege, whether such privilege is solely controlled by an Official Committee or is a joint privilege with the debtor or some other party.

    4.  No Official Committee (whether operating through its members, advisors or other agents) shall be authorized or required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to any Confidential Information of the Debtors to any creditor it represents who is not a member of the committee.

    5.  No Official Committee (whether operating through its members, advisors or other agents) shall be authorized or required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to any Privileged Information to any creditor it represents who is not a member of the committee. Nonetheless, an Official Committee shall be permitted, but not required, to provide access to Privileged Information to any party provided that (a) such Privileged Information is not Confidential Information and (b) the relevant privilege is held and controlled solely by the Official Committee.

    6.  Nothing in this Order shall expand, restrict, affirm or deny the right or obligation, if any, of an Official Committee to provide access, or not to provide access, to any

- 3 -

information of the Debtors to any party except as explicitly provided herein. The entry of this Order is (i) without prejudice to the rights of the Committee to seek a further order of this Court addressing any additional relief relevant to its functionality and compliance with section 1102(b)(3)(A) of the Bankruptcy Code; and (ii) subject to further order of this Court.

7. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: New York, New York
       March 29, 2006

/s/Burton R. Lifland
UNITED STATES BANKRUPTCY JUDGE

- 4 -

CLI-1398921v2

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>G+G RETAIL, INC.<br><br>Debtor. | Chapter 11<br><br>Case No. 06-10152 (RDD) |

**ORDER CLARIFYING AND PROVIDING THAT
THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT AUTHORIZED
OR REQUIRED TO PROVIDE ACCESS TO CONFIDENTIAL INFORMATION
<u>OF THE DEBTOR OR TO PRIVILEGED INFORMATION</u>**

This matter came before the Court on the "Motion of the Official Committee of Unsecured Creditors for an Order Clarifying and Providing that the Official Committee of Unsecured Creditors is not Authorized or Required to Provide Access to Confidential Information of the Debtor or to Privileged Information" (the "Motion")[1] filed by the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtor and debtor-in-possession (the "Debtor"). The Court has reviewed the Motion and finds that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (c) venue of this Chapter 11 case in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and, (d) notice of the Motion was sufficient under the circumstances. The Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein, and it appearing that the relief requested is in the best interests of the Debtor's estate, its creditors and other parties in interest;

---

[1] Capitalized terms used herein that are not otherwise defined shall have the meanings set forth in the Motion.

649582.2

IT IS HEREBY ORDERED THAT:

1.   The Motion is GRANTED as provided herein.

2.   The Committee is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information[2] of the Debtor to any creditor it represents.

3.   In satisfaction of the requirements of section 1102(b)(3)(A) of the Bankruptcy Code, the Committee shall respond to written and telephonic inquiries and comments received from the creditors that it represents, and shall be permitted, but not directed, to utilize a website for the purpose of providing access to documents, pleadings and other materials that the Committee believes, in its reasonable business judgment, are reasonably relevant and informative for creditors that it represents, including documents pertaining to any plan of reorganization in the Debtor's case and pleadings filed by the Committee.

4.   The Committee is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information[3] to any

---

[2] For the purposes of this Order, the term "Confidential Information" shall mean any nonpublic information of the Debtor, including, without limitation, information concerning the Debtor's assets, liabilities, business operation, projections, analyses, compilations, studies, and other documents prepared by the Debtor or its advisors or other agents, which is furnished, disclosed, or made known to the Committee, whether intentionally or unintentionally and in any manner, including written form, orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Committee orally that the Debtor or its advisors or other agents advise the Committee should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtor; or (ii) was in the possession of the Committee prior to its disclosure by the Debtor and is not subject to any other duty or obligation to maintain confidentiality.

[3] For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney work product), whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtor or some other party.

649582.2

creditor it represents. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

5. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not to provide access, to any information of the Debtor to any party except as explicitly provided herein.

6. Entry of this Order is (i) without prejudice to the rights of the Committee to seek a further order of the Court addressing any additional relief relevant to its functionality and compliance with newly enacted section 1102(b)(3)(A) of the Bankruptcy Code; and (ii) subject to further order of the Court.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

Dated: March 9, 2006
      New York, New York

                                                                        _/s/Robert D. Drain_____
                                                                       United States Bankruptcy Judge

649582.2

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

----------------------------------------------------------x
                                                          :
In re                                                     :   Chapter 11
                                                          :
    FLYi, Inc., *et al.*,[1]                              :   Case No. 05-20011 (MFW)
                                                          :
                      Debtors.                :   (Jointly Administered)
                                                          :
                                                          :   **Ref. Docket No.**
----------------------------------------------------------x

### ORDER SETTING FORTH PROCEDURES FOR SHARING OF INFORMATION BY CREDITORS COMMITTEE PURSUANT TO SECTION 1102(B)(3)(A) OF THE BANKRUPTCY CODE

This matter coming before the Court on the motion (the "Motion")[2] of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure, for the entry of an order providing that any creditors' committee appointed in these cases pursuant to section 1102(a) of the Bankruptcy Code (the "Creditors Committee") is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to the Debtors' confidential information or to privileged information to any creditor such committee represents, and for such other and further relief as the Court may deem proper; the Creditors Committee having reviewed the Motion and agreed to the relief set forth in the Motion as modified hereby; the Court having reviewed the Motion and the Declaration of Steven Westberg in Support of First Day Motions and having heard the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court on the Motion (the

---

[1]   The Debtors are the following seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): FLYi, Inc. (1051); Independence Air, Inc. (1749); Atlantic Coast Jet, LLC (1492); Atlantic Coast Academy, Inc. (9852); IA Sub, Inc. (none); WaKeeney, Inc. (none); and Atlantic Coast Airlines, Inc. (none). The address of each of the Debtors is 45200 Business Court, Dulles, VA 20166.

[2]   Capitalized terms not otherwise defined herein have the meanings given to them in the Motion.

1

"Hearing"); the Court finding that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is core proceeding pursuant to 28 U.S.C. § 157(b)(2), and (iv) notice of the Motion and the Hearing was sufficient under the circumstances; and after due deliberation the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; and good and sufficient cause having been shown;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as modified herein.

2. For the purposes of this Order, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, projections, analyses, compilations, studies, and other documents prepared by the Debtors or their advisors or other agents, which is furnished, disclosed, or made known to the Creditors Committee, whether intentionally or unintentionally and in any manner, including in written form, orally, or through any electronic, facsimile or computer-related communication. Confidential Information shall include (a) any notes, summaries, compilations, memoranda, or similar written materials disclosing or discussing Confidential Information; (b) any written Confidential Information that is discussed or presented orally; and (c) any other Confidential Information conveyed to the Creditors Committee orally that the Debtors or their advisors or other agents advise the Creditors Committee should be treated as confidential. Notwithstanding the foregoing, Confidential Information shall not include any information or portions of information that: (i) is or becomes generally available to the public or is or becomes available to the Creditors Committee on a non-confidential basis, in each case to the extent that such information became so available other than by a violation of a contractual, legal, or fiduciary obligation to the Debtors; or (ii) was in the

2

possession of the Creditors Committee prior to its disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

3. For the purposes of this Order, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege, whether such privilege is solely controlled by the Creditors Committee or is a joint privilege with the Debtors or some other party.

4. The Creditors Committee is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtors to any creditor it represents.

5. In satisfaction of the requirements of section 1102(b)(3)(A) of the Bankruptcy Code, the Creditors Committee shall respond to written and telephonic inquiries and comments received from the creditors that it represents, and shall be permitted, but not directed, to utilize a website for the purpose of providing access to documents, pleadings and other materials that the Creditors Committee believes, in its reasonable business judgment, are relevant and informative for creditors that it represents, including documents pertaining to any plan of reorganization in the Debtors' cases and pleadings filed by the Creditors Committee.

6. The Creditors Committee is not authorized or required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor it represents. Nonetheless, the Creditors Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Creditors Committee.

7. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of a Creditors Committee to provide access, or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

Dated: Nov 17, 2005

*Mary F. Walrath*
MARY F. WALRATH
CHIEF UNITED STATES BANKRUPTCY JUDGE