| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**HALPERIN BATTAGLIA RAICHT, LLP**<br>555 Madison Avenue – 9th Floor<br>New York, New York 10022<br>(212) 765-9100<br>(212) 765-0964 Facsimile<br>Alan D. Halperin, Esq.<br>Walter Benzija, Esq.<br><br>**COLE, SCHOTZ, MEISEL,**<br>**FORMAN & LEONARD, P.A.**<br>A Professional Corporation<br>Court Plaza North<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Michael D. Sirota, Esq.<br>Ilana Volkov, Esq.<br>Warren A. Usatine, Esq.<br><br>Proposed Co-Counsel to the Official Committee of<br>Unsecured Creditors of Shapes/Arch Holdings L.L.C., et al. |

| | |
|---|---|
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br><br>                Debtors. | Chapter 11<br><br>Case No. 08-14631<br>(Jointly Administered)<br><br>Judge: Hon. Gloria M. Burns, USBJ<br><br>Hearing Date: May 5, 2008 at 10:00 a.m. |

**ORDER, PURSUANT TO SECTIONS 105(a), 107(b) AND 1102(b)(3)(A) OF THE BANKRUPTCY CODE, CONFIRMING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT REQUIRED TO PROVIDE GENERAL ACCESS OR TO GENERALLY DISCLOSE (A) CONFIDENTIAL INFORMATION OF THE DEBTORS OR (B) PRIVILEGED INFORMATION**

       The relief set forth on the following pages, numbered two (2) through five (5), is

hereby ORDERED.

(Page 2)

| | |
|---|---|
| Debtor: | SHAPES/ARCH HOLDINGS L.L.C., et al. |
| Case No. | 08-14631(GMB) |
| Caption of Order: | ORDER, PURSUANT TO SECTIONS 105(a), 107(b) AND 1102(b)(3)(A) OF THE BANKRUPTCY CODE, CONFIRMING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT REQUIRED TO PROVIDE GENERAL ACCESS OR TO GENERALLY DISCLOSE (A) CONFIDENTIAL INFORMATION OF THE DEBTOR OR (B) PRIVILEGED INFORMATION |

Upon the Motion of the Official Committee of Unsecured Creditors (the "Committee"), Pursuant to Sections 105(a), 107(b) and 1102(b)(3)(A) of the Bankruptcy Code for an Order Confirming that the Committee is not Required to Provide General Access or Otherwise Generally Disclose (A) Confidential Information or (B) Privileged Information (the "Motion");[1] and the Court having reviewed the Motion and having considered the statements of counsel and the evidence adduced with respect to the Motion at a hearing conducted before the Court (the "Hearing"); and no objections to the Motion having been filed; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core matter pursuant to 28 U.S.C. §§157(b), (c) notice of the Motion and the Hearing was sufficient under the circumstances, and (d) in light of the circumstances, the requirements of Local Rule 9013-2 that a separate memorandum of law be filed in support of the Motion is waived; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

    1.    The Motion is granted as provided herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the supporting application.

(Page 3)
Debtor:              SHAPES/ARCH HOLDINGS L.L.C., et al.
Case No.          08-14631(GMB)
Caption of Order:  ORDER, PURSUANT TO SECTIONS 105(a), 107(b) AND 1102(b)(3)(A) OF THE BANKRUPTCY CODE, CONFIRMING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT REQUIRED TO PROVIDE GENERAL ACCESS OR TO GENERALLY DISCLOSE (A) CONFIDENTIAL INFORMATION OF THE DEBTOR OR (B) PRIVILEGED INFORMATION

---

2.      For the purposes of this Order, the term "Confidential Information" shall mean any nonpublic information of the Debtors, including, without limitation, information concerning the Debtors' assets, liabilities, business operations, business practices, business plans, intellectual property and trade secrets, financial projections, financial and business analyses and compilations and studies regarding the foregoing, and other documents prepared by the Debtors or their advisors or other agents, which are furnished, disclosed or made known to the Committee, whether intentionally or unintentionally and in any manner, including in written form, orally or through any electronic, facsimile, or computer related means of communications.  Confidential Information shall include, without limitation:  (a) any notes, summaries, compilations, presentations, memoranda or similar written materials disclosing or discussing the Confidential Information; (b) any written memoranda or similar written materials disclosing or discussing the Confidential Information; and (c) any Confidential Information conveyed to the Committee orally that the Debtors or their advisors or other agents advise the Committee should be treated as Confidential Information.  Notwithstanding the foregoing, Confidential Information shall not include any information that (a) is or becomes generally available to the public or is or becomes available to a Committee member on a non-confidential basis, in each case to the extent such information became so available other than by a violation of a contractual, legal or fiduciary obligation to the Debtors; or (b) was in the possession of the Committee prior to its

(Page 4)

| | |
|---|---|
| Debtor: | SHAPES/ARCH HOLDINGS L.L.C., et al. |
| Case No. | 08-14631(GMB) |
| Caption of Order: | ORDER, PURSUANT TO SECTIONS 105(a), 107(b) AND 1102(b)(3)(A) OF THE BANKRUPTCY CODE, CONFIRMING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT REQUIRED TO PROVIDE GENERAL ACCESS OR TO GENERALLY DISCLOSE (A) CONFIDENTIAL INFORMATION OF THE DEBTOR OR (B) PRIVILEGED INFORMATION |

disclosure by the Debtors and is not subject to any other duty or obligation to maintain confidentiality.

3. For the purposes of this Order, "Privileged Information" shall mean any information subject to the attorney-client privilege or similar state, federal or other jurisdictional law privilege, whether such privilege is solely controlled by the Committee or is a joint privilege with the Debtors or some other party.

4. The Committee (whether operating through its members, advisors or other agents) shall not be required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to any Confidential Information to any creditor it represents who is not a member of the Committee.

5. The Committee (whether operating through its members, advisors or other agents) shall be required, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code, to provide access to any Privileged Information to any creditor it represents who is not a member of the Committee. Nevertheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party provided that (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held solely by the Committee.

(Page 5)
Debtor:             SHAPES/ARCH HOLDINGS L.L.C., et al.
Case No.            08-14631(GMB)
Caption of Order:   ORDER, PURSUANT TO SECTIONS 105(a), 107(b) AND 1102(b)(3)(A) OF THE BANKRUPTCY CODE, CONFIRMING THAT THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS IS NOT REQUIRED TO PROVIDE GENERAL ACCESS OR TO GENERALLY DISCLOSE (A) CONFIDENTIAL INFORMATION OF THE DEBTOR OR (B) PRIVILEGED INFORMATION

6.    Nothing in this Order shall expand, restrict, affirm or deny the right or obligation, if any, of the Committee to provide access, or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

7.    Nothing in this Order shall prevent a creditor from seeking a court ruling on whether information is "Privileged Information" or "Confidential Information" or a court order authorizing the turnover of this information.