**DRINKER BIDDLE & REATH LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103
(215) 988-2700
Bonnie A. Barnett (BB 1196)
David B. Aaronson (DA 8387)
Deborah L. Shuff (DS 9470)
*Attorneys for Sears Holding Management Corporation;*
*Georgia-Pacific Corp.; The Glidden Co.;*
*Avery Dennison; Borden Foods; Crowley Corp.;*
*Garrett-Buchanan; Southeastern Pennsylvania Transportation Authority*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY
### (CAMDEN VICINAGE)

| | |
|---|---|
| In re: | (Hon. Gloria M. Burns) |
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Chapter 11 |
| | Lead Case No. 08-14631 (GMB) (Jointly Administered) |
| Debtors | |

### OBJECTION OF SEARS HOLDING MANAGEMENT CORPORATION, GEORGIA-PACIFIC CORP., THE GLIDDEN CO., AVERY DENNISON, BORDEN FOODS, CROWLEY CORP., GARRETT-BUCHANAN, AND SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY TO THE JOINT DISCLOSURE STATEMENT FOR THE DEBTORS' JOINT PLAN OF <u>REORGANIZATION</u>

TO:    HONORABLE GLORIA M. BURNS
UNITED STATES BANKRUPTCY JUDGE

Sears Holding Management Corporation, Georgia-Pacific Corp., The Glidden Co., Avery

Dennison, Borden Foods, Crowley Corp., Garrett-Buchanan, and Southeastern Pennsylvania

Transportation Authority, by and through its attorneys, Drinker Biddle & Reath LLP, by way of

Objection to the Joint Disclosure Statement for the Debtors' Joint Plan of Reorganization,

respectfully states:

## BACKGROUND

1.       On March 16, 2008 ("the Petition Date"), Shapes/Arch Holdings, L.L.C. and certain of its subsidiaries, Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code").  Since filing for bankruptcy, the Debtors have continued in possession of their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.       By Order dated March 18, 2008, and by subsequent Order(s) of the Court, the Debtors' respective cases are being jointly administered with Shapes/Arch Holdings L.L.C.'s bankruptcy as the lead case.

3.       Concurrent with the filing of their bankruptcy petitions, the Debtors filed, *inter alia*, their Statements of Financial Affairs (the "Statements") and Summary of Schedules (the "Schedules").  The Schedules list Sears Holding Management Corporation, Georgia-Pacific Corp., The Glidden Co., Avery Dennison, Borden Foods (noticed as Prince Foods), Crowley Corp., Garrett-Buchanan, and Southeastern Pennsylvania Transportation Authority as holding unsecured, nonpriority, unliquidated, contingent and disputed Claims by virtue of "environmental lawsuits." *Schedules*, Exhibit F.3.  Sears Holding Management Corporation, Georgia-Pacific Corp., The Glidden Co., Avery Dennison, Borden Foods, Crowley Corp., Garrett-Buchanan, and Southeastern Pennsylvania Transportation Authority expressly reserve all rights regarding the factual and legal accuracy of such characterization and regarding whether some or all of its present and future rights against the Debtors are appropriately considered

"Claims" under the Bankruptcy Code. *See* 11 U.S.C. §101(5) (definition of "claim"). Nothing

contained herein shall be construed as a waiver of such rights.

4.      On March 16, 2008, the Debtors filed their Disclosure Statement (the "Disclosure

Statement"), together with Debtors' Joint Plan of Reorganization (the "Plan"). A hearing to

consider the adequacy of the Disclosure Statement is scheduled to occur on April 15, 2008.

**OBJECTION TO RELIEF REQUESTED AND REASONS THEREFOR**

5.      By way of the within Objection, Sears Holding Management Corporation,

Georgia-Pacific Corp., The Glidden Co., Avery Dennison, Borden Foods, Crowley Corp.,

Garrett-Buchanan, and Southeastern Pennsylvania Transportation Authority object to entry of an

order approving the adequacy of the Disclosure Statement. The specific deficiencies are

discussed below.

6.      "Disclosure is the pivotal concept in reorganization practice under the

[bankruptcy] code.'" *Lisanti v. Lubetkin (In re Lisanti Foods, Inc.)*, 329 B.R. 491, 507 (D.N.J.

2005) (*quoting* Collier on Bankruptcy ¶ 1125.02). As stated by the Court of Appeals for the

Third Circuit, "[t]he importance of full disclosure is underlaid by the reliance placed upon the

disclosure statement by creditors and the court. Given this reliance, we cannot overemphasize

the . . . obligation to provide sufficient data to satisfy the Code standard of adequate

information." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d

314, 322 (3d Cir. 2003). Determination of what constitutes adequate disclosure must be made

on a case by case basis, but at a minimum, it must provide creditors with sufficient information

to enable them to decide whether they should accept or reject a proposed plan. *In re Ferretti*,

128 B.R. 16, 18 (Bankr. D.N.H. 1991).

**I.      The Disclosure Statement Does Not Contain Adequate Information Regarding Insurance**

*The Disclosure Statement Fails to Disclose The Most Basic of Information Regarding the Debtors' Insurance Policies*

7.      The Disclosure Statement contains, at best, inadequate disclosure concerning the Debtors' insurance that may be available to satisfy Claims of Creditors in accordance with Section 11.10 of the Plan.  At a minimum, the Disclosure Statement should include the following information pertaining to each of the Debtors' insurance policies: insured, policy number, policy type, applicable limits, available and remaining coverage.

*The Disclosure Statement Fails to Disclose That Claims Against the Reorganized Debtors for Insurance Made After the Effective Date are Permissible*

8.      The Disclosure Statement is unclear whether Sections 11.8 and 11.9 of the Plan permit the assertion of Claims against the Reorganized Debtors after the Effective Date solely for the purpose of collecting on any available insurance, as permitted by applicable law.  *See First Fidelity Bank v. McAteer*, 985 F.2d 114, 118 (3d Cir. 1993) ("the protection from liability afforded under the Code does not affect the liability of the debtor's insurers.").  Suits post-discharge are permitted to be brought against the debtors to recover from the debtors' insurers because the suits do not create a personal liability of the debtor.  *In re Hendrix*, 986 F.2d 195, 197 (7th Cir. 1993) ("The discharge had by virtue of 11 U.S.C. § 524(a)(2) the force of an injunction against a suit by any holders of listed debts . . . to collect those debts . . . .  But as to whether such an injunction extends to a suit only nominally against the debtor because the only relief sought is against his insurer, the cases are pretty nearly unanimous that it does not. . . .  The reasoning is that a suit to collect merely the insurance proceeds and not the plaintiff's full

damages . . . would not create a 'personal liability of the debtor,' because only the insurance

company would be asked to pay anything, and hence such a suit would not infringe the

discharge.")  The plaintiff in such a subsequent suit need not file a proof of claim in the

bankruptcy proceeding to secure its right to file the suit to recover from the debtors' insurers.  *In*

*re Edgeworth*, 993 F.2d 51, (5th Cir. 1993).  Accordingly, the following language in bold italics

should be added to Sections 11.8 and 11.9 of the Plan, and the Disclosure Statement should be

amended accordingly:

> 11.8   **Discharge.**   Except as otherwise provided for in the Plan or in the Confirmation Order, in accordance with section 1141(d) of the Bankruptcy Code, entry of the Confirmation Order acts as a discharge effective as of the Effective Date of all debts, Claims against, Liens on, and Interests in the Debtors, their assets and Property, which debts, Claims, Liens and interests arose at any time before the entry of the Confirmation Order.  The discharge of the Debtors shall be effective as to each Claim and Interest, regardless of whether a proof of Claim or Interest was filed or whether the Claim or Interest was Allowed or whether the holder of the Claim or Interest votes to accept the Plan.  On the Effective date, as to each and every discharged Claim and Interest, any holder of such Claim or Interest shall be precluded from asserting such Claim or Interest against the Debtors or Reorganized Debtors or their assets or properties *except for Claims asserted against any of the Debtors solely for the purpose of collecting on any available insurance.*

> 11.9   **Confirmation Injunction.**   On and after the Confirmation Date, except to enforce the terms and conditions of the Plan before the Bankruptcy Court, *and except for Claims asserted against any of the Debtors solely for the purpose of collecting on any available insurance,* all Persons or Entities who have held, hold or may hold any Claims against or Interest in the Debtors are, with respect to any such Claim or Interest, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against the Debtors or Reorganized Debtors or Plan Administrator or the Liquidation Trust or any of their properties, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or Entities and all of their respective direct and indirect parents, subsidiaries and affiliate, together with each of their respective present and former shareholders, members, managers, general partners, limited partners, officers, directors, employees, agents, representatives, attorneys

and advisors or consultants, or any property of any of the foregoing (collectively, the "Protected Parties"); (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, against any of the Protected Parties of any judgment, award, decree or order; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against any of the Protected Parties; (d) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due to any of the Protected Parties; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan.

## II.   The Disclosure Statement Does Not Contain Adequate Information Regarding Future Contribution Claims

9.      The Disclosure Statement improperly suggests that future contribution claims against the Debtors are being discharged.  This is contrary to controlling law.  *See e.g. In re M. Frenville Co., Inc.*, 744 F.2d 332, 335, 337 (3d Cir. 1984) ("Only proceedings that could have been commenced or claims that arose before the filing of the bankruptcy petitions are automatically stayed."); *see also United States v. Atlantic Research Corp.*, ___ U.S. ___, 127 S. Ct. 2331, 2334, 2337-38, 168 L. Ed. 2d 28, 40 (2007) (explaining contribution under common law: "[c]ontribution is defined as the 'tortfeasor's right to collect from others responsible for the same tort *after* the tortfeasor has paid more than his or her proportionate share . . . '" and explaining contribution under section 113(f)(3)(B) of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.*: "Section 113(f)(3)(B) permits private parties to seek contribution *after* they have settled their liability with the Government."); *see also Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 161, 125 S. Ct. 577, 160 L. Ed. 2d 548 (2004) (explaining contribution under section 113(f)(1) of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA"): a private party may not obtain contribution under section 113(f)(1) unless and until it has been sued under section 106 or 107(a) of CERCLA.).  Accordingly, the Disclosure

Statement should be amended to make clear that future environmental contribution claims against the Debtors are not discharged.

## CONCLUSION

WHEREFORE, Sears Holding Management Corporation, Georgia-Pacific Corp., The Glidden Co., Avery Dennison, Borden Foods, Crowley Corp., Garrett-Buchanan, and Southeastern Pennsylvania Transportation Authority respectfully request that this Court enter an order denying approval of the Debtors' Disclosure Statement and granting such other relief as the Court deems just and proper.

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**

Dated: April 14, 2008                    By: /s/ David B. Aaronson
                                             David B. Aaronson