UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KELLY BEAUDIN STAPLETON
UNITED STATES TRUSTEE, REGION 3
Peter J. D'Auria, Esq. (PD 3709)
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SHAPES / | : | Case No. 08-14631(GMB) |
| ARCH HOLDINGS L.L.C., et al., | : | (Jointly Administered) |
| Debtors. | : | Hearing Date: April 17, 2008 @ 10:00 a.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
THE DEBTORS' DISCLOSURE STATEMENT**

The United States Trustee ("UST"), by and through her counsel, and in furtherance of her duties pursuant to 28 U.S.C. §586(a)(3) and (5), hereby asserts this objection to the Disclosure Statement (referred to herein as the "DS" or "Disclosure Statement") filed by the above referenced debtors and debtors-in-possession (the "Debtors") for the following reasons:

**BACKGROUND**

1.  On March 16, 2008, the Debtors each filed a voluntary petition for relief under Chapter 11 of title 11, United States Code, and the Debtors have remained in possession of their property and management of their affairs subject to Arcus ASI Funding, LLC ("Arcus") obtaining control of management in conjunction with the commencement of these cases.  On that

same date, the Debtors filed their Joint Chapter 11 Plan of Reorganization (the "Plan") (Docket Entry 15) and their Joint Disclosure Statement (Docket Entry 16), as well as numerous other first day matters.

2. An Unsecured Creditors' Committee (the "Committee") has been appointed by the United States Trustee.

3. Pursuant to 11 U.S.C. §586, the UST is obligated to oversee the administration of Chapter 11 cases. Under 11 U.S.C. §307, the UST has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code. Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C. §307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

## LEGAL ANALYSIS

4. Pursuant to Section 1125(b) of the Bankruptcy Code, the DS must contain "adequate information" to allow parties to make an informed judgment about the Debtors' Plan. Section 1125(a)(1) defines "adequate information" as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a

> hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

5. Full disclosure is a fundamental policy in the reorganization process. See Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 417 (3rd Cir. 1980), Cert. Denied, 109 S. Ct. 495 (1988) ("[W]e cannot overemphasize the Debtor's obligation to provide sufficient data to satisfy the code standard of 'adequate information.'"). See also In re Crowthers McCall Pattern, Inc., 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990) ("Given the necessity for adequate information in the Disclosure Statement and the paramount position Section 1125 occupies in the Chapter 11 process, there is little, if any, room for harmless error.").

6. In addition, courts have held that where a proposed plan is not confirmable on its face, it will not approve a disclosure statement with respect to that plan because to do so would be an exercise in futility. See In re Washington Associates, 141 B.R. 275 (Bankr. S.D.N.Y. 1992); In re Eastern Maine Electric Co-op, Inc., 125 B.R. 392 (Bankr. D.Me. 1991); and In re McCall, 44 B.R. 242, 243 (Bankr. E.D. Pa. 1984).

7. When assessed against the standards outlined above, the DS is inadequate.

**SPECIFIC OBJECTIONS TO THE DISCLOSURE STATEMENT**

8. The extent to which the DS is incomplete can not be overstated. Numerous critical and operative documents which are supposed to be attached as exhibits to the DS are not included with the Debtors' proposed document. The Debtors are yet to file or otherwise serve on

parties-in-interest their Plan Supplement,[1] which includes, among other things, the Liquidation Analysis, Liquidation Trust, Plan Administration Agreement, the Plan Funding Debt Commitments, as well as documents related to post-confirmation management agreements and an accompanying incentive plan.  It is respectfully asserted that the DS can not be approved absent appropriate filing and serving of such documents.

9.  The DS fails to disclose the Debtors' key management before the bankruptcy petition was filed and during the course of the bankruptcy.  The DS also fails to disclose compensation and other key terms of employment and/or any employment agreements with bankruptcy key management.  As required by this Court's Local Form Disclosure Statement (Local Form 18), this information must be provided in the DS.  Moreover, given that Arcus has obtained control of management in connection with the filing of these cases, these disclosures are even more critical in the context of these cases.  In light of these circumstances, the DS must further outline in plain terms the chain of events that led to Arcus obtaining control of the Debtors' management.

10.  Arcus' post-petition financing claims are not classified, despite Section 1123(a)(1) requiring that all such claims be classified.  Pursuant to the DS, this lack-of-classification has to do with the terms attendant to a certain Exit Facility, Plan Funding Debt Commitments, and other documents which are all yet to be provided as part of the Plan Supplement.  As argued above, the DS can not be approved without proper service and notice of such documents on all creditors for review.

11.  The defined Allowed Other Priority Claim must clearly exclude claims under Section

---

[1] Capitalized terms not otherwise defined shall have the meaning as ascribed in the Disclosure Statement.

507(a)(2) of the Bankruptcy Code; such claims must be paid in full pursuant to Section 1129(a)(9).

12. Many of the objections filed to date raise certain issues and concerns with regard to insurance. In addition, it is respectfully asserted that the DS should clearly outline the status of any director and officer insurance coverage as well.

13. As stated above, the Liquidation Analysis has not been filed or otherwise served to date. On page 35 of the DS, there is one paragraph discussing "Liquidation under Chapter 7" which is a discussion devoid of any quantitative analysis. As argued above with respect to all the missing documents that comprise the Plan Supplement, no form of disclosure statement can approved without an appropriate liquidation analysis.

14. We recognize that the DS was filed on the same day as the Debtors' petitions. However, in the event the Court ultimately approves some form of a disclosure statement, it should contain a current monthly operating report as an additional exhibit.

15. The DS and the Plan contain numerous release, injunction, and exculpation provisions. All rights are reserved on all issues, including but not limited to these provisions, should the presently pending plan proceed toward confirmation.

16. We note for the Debtor's information that, the UST will not agree to wait for statutory fees to be paid on the effective date as outlined in the DS. It is, and it will continue to be, the position of the UST that all statutory fees must remain current throughout the pendency of this chapter 11 proceeding.

*[Remainder of Page Intentionally Blank]*

WHEREFORE, it is respectfully requested that the DS not be approved for lack of adequate information as required under section 1125 of the Bankruptcy Code until the Debtor amplifies its DS to correctly address the issues discussed above.

        Respectfully submitted,

        KELLY BEAUDIN STAPLETON
        UNITED STATES TRUSTEE

Dated: April 14, 2008        By:   */s/ Peter J. D'Auria*
          Trial Attorney