**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street, P. O. Box 800
Hackensack, New Jersey  07602-0800
(201) 489-3000
(201) 489-1536  Facsimile
Michael D. Sirota, Esq.
Ilana Volkov, Esq.
Warren A. Usatine, Esq.
Proposed Co-Counsel for the Official
Committee of Unsecured Creditors

|  |  |  |
|---|---|---|
| In the Matter of: | : : : | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HONORABLE GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS, L.L.C., et al., | : : : | CASE NO. 08-14631(GMB) |
|  | : | (Jointly Administered) |
| Debtors. | : : : : : | Chapter 11 |
|  | : | **OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO ENTRY OF FINAL ORDER AUTHORIZING THE DEBTORS TO OBTAIN POST-PETITION FINANCING FROM THE CIT BUSINESS GROUP/BUSINESS CREDIT, INC.** |

HEARING DATE AND TIME:
April 17 2008, 10:00 a.m.

**ORAL ARGUMENT REQUESTED**

TO:   HONORABLE GLORIA M. BURNS
         United States Bankruptcy Judge

45765/0001-1516219v9

The Official Committee of Unsecured Creditors (the "Committee") of Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), Shapes L.L.C., Delair, L.L.C., Accu-Weld, L.L.C., and Ultra L.L.C., the within debtors and debtors-in-possession (each a "Debtor" and, together, the "Debtors"), by and through its proposed attorneys, objects to the Debtors' Verified Motion for Entry of a Final Order (i) Authorizing and Approving Postpetition Financing; (ii) Granting Liens and Security Interest and Providing Superpriority Administrative Expense Status; and (iii) Modifying Automatic Stay Pursuant to Sections 105, 362, 363, and 364 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002 and 4001(c) and (d) (the "Motion"), and respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1. The purpose of this separate objection is to identify the Committee's specific objections to the Debtors' debtor-in-possession revolving credit financing agreement (the "CIT DIP Loan Agreement") with The CIT Group/Business Credit, Inc., as agent for itself and for JP Morgan Chase Bank, N.A. and Textron Financial Corporation ("CIT"), and proposed final order approving same. This objection should be read together with and supplements the Committee's objection to the Debtors' debtor-in-possession term loan financing agreement (the "Arcus DIP Loan") with Arcus ASI Funding, LLC and Arcus ASI, Inc. (collectively, "Arcus") and proposed final order approving same (the "Arcus DIP Objection"), as well as the Committee's objection to the Disclosure Statement (the "Disclosure Statement Objection"), both of which were filed on the date hereof.

2. For the sake of brevity, the facts and legal arguments set forth in the Arcus DIP Objection and Disclosure Statement Objection are incorporated herein by reference. As a threshold matter, to the extent the CIT Loan Agreement and Final Order (the "CIT Final DIP Order") approving the CIT debtor-in-possession financing facility (the "CIT DIP Facility") are

2

45765/0001-1516219v9

tied to the Arcus DIP Facility, which the Court should refuse to endorse for the reasons delineated in the Arcus DIP Objection, the CIT DIP Facility similarly should not be approved.

3. By way of summary, the additional material objections to the CIT DIP Facility are: (i) the unusually shortened investigation period for validating CIT's alleged secured claim and liens, particularly here, where CIT has asked for, and the Debtors have agreed, to release any and all claims against CIT and its officers, directors and affiliates in advance of plan confirmation; (ii) the overly broad releases being sought in advance of plan confirmation; (iii) the absence of any "carve-out," including a trailing carve-out, and CIT's insistence that the Debtors waive all rights and claims under Section 506(c) of the Bankruptcy Code; (iv) the granting of liens and super-priority administrative expense claims on all claims and causes of action of the Debtors and their estates, including avoidance actions; (v) the inability to disgorge payments from CIT under its "rolled-up" DIP Facility in the event a lien challenge by the Committee is successful; (vi) the absence of standing on the Committee to pursue claims against CIT and insufficient budgeted funds (of $25,000) to investigate those claims, especially here, where CIT has required broad releases in advance of plan confirmation; (vii) the apparent inability of the Debtors to seek a sale of any or all of their assets absent the written consent of CIT and prohibition on the restructuring of CIT's DIP loan under a plan of reorganization; and (viii) the absence of any mechanism to review and object to CIT's attorneys' fees and expenses.[1] The Committee reserves the right to raise with the Court and CIT's counsel additional miscellaneous comments to the CIT DIP Loan Agreement and CIT Final DIP Order, as more particularly reflected in Committee's counsel's April 4, 2008 bullet point memo.

---

[1] It should be noted that the Committee and CIT, through their respective counsel, have engaged in discussions to resolve the Committee's objections to the CIT DIP Facility, previewed to CIT's counsel in a bullet-point memo dated April 4, 2008.

## **CONCLUSION**

4.      For all the reasons set forth herein and in the Arcus DIP Objection and Disclosure Statement Objection, the Committee respectfully requests that: (i) the CIT Final DIP Order addresses the Committee's objection in a satisfactory manner; (ii) a term DIP facility, other than the Arcus DIP Facility and one acceptable to the Committee, is approved; and (iii) the Court grant such other relief as the Court deems just and appropriate under the circumstances.

    Respectfully submitted,

    COLE, SCHOTZ, MEISEL,
    FORMAN & LEONARD, P.A.
    Proposed Co-Counsel to the Official Committee
    of Unsecured Creditors of Shapes/Arch
    Holdings L.L.C., et al.

    By:    */s/ Michael D. Sirota*
        Michael D. Sirota
        Ilana Volkov
        Warren A. Usatine

DATED: April 16, 2008

45765/0001-1516219v9