25876

John R. Morton, Jr., LLC
110 Marter Ave.
Suite 301
Moorestown, NJ 08057
Telephone: (856)866-0100
Attorney for: Wells Fargo Equipment Finance, Inc.
JM-5630_____

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE: | Case No. 08-14631(GMB) |
| Shapes/Arch Holdings, L.L.C., | CHAPTER 11 |
| *et al.* | Hearing Date: 4-9-08 |
| Debtors | OBJECTION OF WELLS FARGO EQUIPMENT FINANCE, INC. TO DISCLOSURE STATEMENT |

Wells Fargo Equipment Finance, Inc., by and through its counsel, John R. Morton, Jr., LLC, objects to the Disclosure Statement for the following reasons:

1. **Background:** Wells Fargo Equipment Finance, Inc., hereinafter "Wells Fargo" through an Assumption and Assignment Agreement and Bill of Sale dated June 29, 2007 acquired from CIT Group/Equipment Financing, Inc., (hereinafter "CIT") all of CIT's rights, titles and interests in certain "Assumed Contracts". One of those "assumed contracts" was Security Agreement-Conditional Sale Contract (hereinafter "the contract) executed by Aluminum Shapes, Inc., d/b/a Aluminum Shapes, LLC (hereinafter" Aluminum Shapes") on 7-28-05 in connection with the purchase of one (1) JLG MDL 600S BOOM LIFT

25876

    bearing serial number 0300087915 (hereinafter "the boom lift"). The contract was assigned to CIT. To secure payment of contract, Aluminum Shapes granted CIT a first purchase money security interest in the boom lift and there was filed with the State of New Jersey, Department of the Treasury, a UCC Financing Statement covering the boom lift, and attachments, replacements, substitutions, additions and accessions thereof, plus the proceeds of all of the foregoing. In executing the contract, Aluminum Shapes agreed to pay CIT $97,226.40 over 60 months at $1620.44 per month commencing 9-9-05. Wells Fargo now stands in the shoes of CIT by virtue of acquiring the contract. There is presently due to Wells Fargo under the contract the sum of $44789.00 plus interest. The loan is due for the March 9, 2008 payment. Wells Fargo is in the process of filing a motion for stay relief to repossess the boom lift.

2. Wells Fargo assumes that it will be treated as a Class 2 Miscellaneous Secured Claim, but cannot be certain based upon the vagueness of the disclosure statement. If the debtor intends to return the collateral to Wells Fargo, Wells Fargo would not object to the disclosure statement. On the other hand, Wells Fargo does not consent to allowing the debtor to dispose of its collateral without being paid in full from the proceeds of sale, and the terms of paragraph 2 dealing with Miscellaneous Secured Claims does not make that statement.

25876

3. Class 3: The CIT claim: To the extent that CIT's claim is intended to prime or in any way effect Wells Fargo's claim, as set forth in the disclosure statement, Wells Fargo objects. Wells Fargo acquired this loan from CIT. If CIT claimed to prime Wells Fargo, on a loan that was acquired from CIT it would make no sense.

Dated: April 16, 2008

                                                /s/ John R. Morton, Jr.
John R. Morton, Jr.
Attorney for Wells Fargo
Equipment Finance, Inc.