| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY** <br> **Oren Klein (#8449)** <br> PARKER McCAY P.A. <br> P.O. Box 974 <br> Marlton, New Jersey  08053 <br> (856) 596-8900 <br> **Attorneys for Pennsauken Township** | |
| In Re: <br> SHAPES/ARCH HOLDINGS, LLC et al. <br><br> Debtor | Chapter 11 <br><br> Case No: 08-14631 (GMB) <br> (Jointly Administered) <br><br> Judge: Gloria M. Burns <br><br> Hearing Date: April 17, 2008 at 10:00 a.m. |

## OBJECTION OF PENNSAUKEN TOWNSHIP TO THE JOINT DISCLOSURE STATEMENT FOR THE DEBTORS' JOINT PLAN OF REORGANIZATION

Secured creditor, Pennsauken Township ("Township"),  by and through its counsel, Parker McCay P.A., hereby objects to the entry of an Order approving the Disclosure Statement ( "Disclosure Statement") filed by the Debtors and Debtors-In-Possession in support of their Joint Chapter 11 Plan of Reorganization (the "Proposed Plan") and in support of its Objection, states the following:

LAW OFFICE
**PARKER McCAY**

**BACKGROUND**

1. On March 16, 2008 ("the Petition Date"), Shapes/Arch Holdings, L.L.C. and certain of its subsidiaries, Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code"). Since filing for bankruptcy, the Debtors have continued in possession of their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. By Order dated March 18, 2008, and by subsequent Order(s) of the Court, the Debtors' respective cases are being jointly administered with Shapes/Arch Holdings L.L.C.'s bankruptcy as the lead case.

3. An Unsecured Creditors' Committee (the "Committee") has been appointed by the United States Trustee.

4. On March 16, 2008, the Debtors filed their Disclosure Statement together with Debtors' Proposed Plan. A hearing to consider the adequacy of the Disclosure Statement is scheduled to occur on April 17, 2008.

5. At the time the Debtors filed the Petition, the Township held pre-petition claims for delinquent real estate taxes, penalties, and accrued interest against the Debtors realty commonly known as: 8600 River Road, 9000 River Road and 1777 Hylton Road, Pennsauken, New Jersey. ("Realty").

6. Subsequent to the filing of Debtors Petitions, Debtors shall be responsible for payment of the post-petition real estate taxes associated with the Realty. In the event post-

petition taxes become delinquent then Interest shall accrue thereon at the rate of 18% along with the assements of penalties.

## **PENNSAUKEN'S OBJECTIONS TO THE DISCLOSURE STATEMENT**

7. Courts have held that where a proposed plan is not confirmable on its face, it will not approve a disclosure statement with respect to that plan because to do so would be an exercise in futility. See In re Washington Associates, 141 B.R. 275 (Bankr. S.D.N.Y. 1992); In re Eastern Maine Electric Co-op, Inc., 125 B.R. 392 (Bankr. D.Me. 1991); and In re McCall, 44 B.R. 242, 243 (Bankr. E.D. Pa. 1984).

8. The Township hereby objects to the Proposed Plan as it is patently unconfirmable based on the following.

9. 11 U.S.C. § 511 provides for the Rate of interest on tax claims. Section 511 provides as follows:

> (a) If any provision of this title requires the payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of *interest shall be the rate determined under applicable nonbankruptcy law.*
>
> (b) In the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed.

Id. Emphasis added.

10. The Township's claim and resulting statutory lien is for delinquent real estate taxes, accrued interest and penalties arising and mandated under N.J.S.A. 54:4-67; and N.J.S.A. 54:5-6 & 9.

LAW OFFICE
**PARKER McCAY**

11. N.J.S.A. 54:4-67 permits the governing body of each municipality to fix the rate of interest to be charged for non-payment of taxes, assessments, municipal charges or water and sewer rents, subject to any abatement or discount of the late payment of taxes, and assessments. N.J.S.A. 54:4-67 has been amended to permit the fixing of said rate at 8% per annum on the first $1,500 of the delinquency and 18% per annum on any amount in excess of $1,500 and allows an additional penalty of 6% be collected against a delinquency in excess of $10,000 on properties that fail to pay the delinquency prior to the end of the calendar year.

12. The disclosure statement provides for the following treatment of priority tax claims, which includes the Township's claims for pre and post petition taxes.

**Section F, Priority Tax Claims**

Except as provided herein, each holder of an Allowed Priority Tax Claim shall be paid in respect of such Allowed Claim either (a) the full amount thereof, without post-petition interest or penalty, in Cash, as soon as practicable after the later of (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Claim or upon such other terms as may be agreed upon by the holder of such Allowed Claim and the Debtors prior to the Effective Date and the Reorganized Debtors following the Effective Date might otherwise agree, or (at the election of the Debtors or the Reorganized Debtors) (b) over a period of five (5) years from the Petition Date in equal monthly installments of principal plus interest at the rate of *six percent* per annum.

**9.** *Class 9 Claims*

This Class shall consist of the holders of Allowed Secured Real Estate tax claims relating to the Delair Real Estate, Accu-Weld Real Estate, Shapes Real Estate and Ultra Real Estate. Each holder shall be deemed to be a separate subclass. Each member of the subclass shall have an allowed secured claim in the amount of Real Estate taxes due and owing as of the Petition Date (including any interest due and owing but excluding any late charges or penalties in the amount as set forth in the Debtors' Schedules and Statement of Financial Affairs) and such claims shall be paid (at the election of the Debtors) (i) in full, in cash on the Effective Date or (ii) in equal monthly

LAW OFFICE
**PARKER McCAY**

installments of principle commencing on the first day of the first month following the Effective Date and continuing until the date which is sixty months from the Petition Date, with interest at the rate of *six percent pe*r annum. Reorganized Debtors shall have the right to prepay one or more of the Class 9 holders at any time without penalty. Class 9 claims are impaired and entitled to vote.

13.     Based upon the terms set forth in the Disclosure Statement and the Proposed Plan, the Township would only receive mere interest of *six percent* per annum as to accrued interest against the Debtors Realty.  Such a proposal is in clear contravention and violation of the Bankruptcy Code as well as the applicable nonbankrupcty law.  Accordingly, the Proposed plan is not confirmable on its face and the Townships respectfully submits that this Court should not approve Debtors' Disclosure Statement with respect to that Proposed Plan because to do so would be an exercise in futility.

14.     The Township also object to the Disclosure Statement as it provides that upon the effective date the Debtors may transfer the Realty free and clear of all liens.  Specifically, Section 6 (Tr*ansfer of Real Estate)and 14 (Release of liens)  state:*

> On the Effective Date, (a) Reorganized Shapes, L.L.C. may (at its election) (i) convey the Shapes Real Estate to Shapes Realty New Jersey L.L.C., (ii) convey the Delair Real Estate to Delair Realty New Jersey L.L.C. (or Shapes Realty New Jersey LLC); and (iii) convey the Ultra Real Estate to Ultra Realty New Jersey L.L.C.; and (b) Reorganized Accu-Weld L.L.C. may convey the Accu-Weld Real Estate to Accu-Weld Realty Pennsylvania L.L.C., free and clear ofall liens, claims and encumbrances other than the Class 9 Real Estate Claims.

> Except as otherwise provided in the Plan or in any contract, instrument or other agreement or document created in connection with the Plan, including, without limitation, the Lien securing the DIP Facility, CIT Loan and Exit Facility shall survive Confirmation and shall remain valid, enforceable and perfected Liens against property of the Reorganized Debtors, respectively. On the Effective Date and except as otherwise set forth in the Plan, all other mortgages, deeds of trust, Liens or other security interests against the Property

LAW OFFICE
**PARKER McCAY**

of the Debtors' estate shall be released, and all the right, title and interest of any holder of such mortgages, deeds of trust, Liens or other security interests shall revert to Reorganized Debtors and their successors and assigns.

15.   The Realty serves as the only source of recovery for the Township in the event Debtors fail to satisfy its tax obligation to the Township. Debtors proposal to transfer the Realty free and clear of the Township liens is impermissible under 11 U.S.C. Section 363 and applicable nonbankruptcy law. Where a plan is patently unconfirmable, courts will not approve a disclosure statement. See In re Monroe Well Service, Inc., 80 B.R. 324, 332-33 (Bankr.E.D.Pa. 1987); In re Phoenix Petroleum Co., 278 B.R. 385, 392 (Bankr. E.D. Pa. 2001). Accordingly, Debtors Proposed Plan is patently unconfirmable.

16.   Pennsauken reserves the right to file amended or supplemental objections as information becomes available to it, and reserves the right to join other objections that may be filed.

## CONCLUSION

**Wherefore**, the Township respectfully submits that the Court should disapprove the Debtors' Joint Disclosure Statement.

        **Respectfully Submitted,**
        **Parker McCay P.A.**
        **Attorneys for Pennsauken Township**

        */s/ OREN KLEIN*

**DATED: April 16, 2008**        **OREN KLEIN**

LAW OFFICE
**PARKER McCAY**