UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

**GREENBERG TRAURIG, LLP**
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 360-7900
Facsimile: (973) 301-8410
Louis T. DeLucia, Esquire (LD-3879)
Alan J. Brody, Esquire (AB-4777)
Alyson M. Fiedler, Esquire (AF-9058)
Attorneys for Arch Acquisition I, LLC

In re:

SHAPES/ARCH HOLDINGS L.L.C., *et al.*,

                                    Debtors.

Chapter 11

Case No. 08-14631 (GMB)
(Jointly Administered)

### APPLICATION FOR ORDER UNDER FED. R. BANKR. P. 9006(c)(1) AND D.N.J. LBR 9013-1(e) SHORTENING THE TIME PERIOD FOR NOTICE AND SETTING A HEARING ON MOTION OF ARCH ACQUISITION I, LLC, PURSUANT TO 11 U.S.C. § 1121(d), FOR THE ENTRY OF AN ORDER (1) TERMINATING DEBTORS' EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THERETO; (2) ADJOURNING THE HEARING ON THE ADEQUACY OF THE DEBTORS' DISCLOSURE STATEMENT; AND (3) PROVIDING FOR A JOINT BALLOTING PROCESS

Arch Acquisition I, LLC (**"Arch Acquisition"**), by and through its undersigned counsel submits this application (the **"Application"**) for entry of an Order under Fed. R. Bankr. P. 9006(c)(1) and D.N.J. LBR 9013-1(e) shortening the time period for notice and setting a hearing on the motion of Arch Acquisition pursuant to 11 U.S.C. § 1121(d) for entry of an Order (1) terminating the Debtors' Exclusive Periods to file a plan of reorganization and solicit acceptances thereto; (2) adjourning the hearing on the adequacy of the Debtors' Disclosure Statement; and (3) providing for a joint balloting process (the **"Motion"**).1  In support of this Application, Arch Acquisition respectfully states as follows:

---

1 Capitalized terms not otherwise defined herein shall have the meaning ascribed in the Motion

## RELIEF REQUESTED

1.      The Debtors' Exclusive Periods to file a plan and solicit acceptances thereto terminate on July 14, 2008 and September 12, 2008, respectively and the hearing on the adequacy of the Debtors' Disclosure Statement is scheduled for May 1, 2008.  By way of the Motion, Arch Acquisition respectfully requests the entry of an Order terminating the Exclusive Periods and providing for a parallel track solicitation/confirmation process so that the creditors and the Court will have an opportunity to evaluate both the Debtors' Plan and the Arch Plan side-by-side and determine which is best.  Without the entry of an Order allowing for the Motion to be heard on shortened notice and at the same time as the hearing on the Disclosure Statement, the Debtors and Arcus may succeed in holding the estate and creditors hostage to the Debtors' Plan, when, in fact, there exists a superior Arch Plan.

## BRIEF BACKGROUND

2.      On March 16, 2008, the Debtors filed the Debtors Plan and Disclosure Statement relative to such Plan.  The hearing on the adequacy of the Disclosure Statement is scheduled for May 1, 2008.  Arch Acquisition, along with numerous other parties-in-interest filed an objection to the Disclosure Statement.

3.      The Debtors' Plan effectuates the terms of the Debtors' Pre-Petition Commitment Agreement with Arcus, whereby 100% of the equity in the Reorganized Debtors is transferred to Arcus, an insider of the Debtors, with a mere 2% recovery for holders of allowed general unsecured claims.  As alternatives to the Debtors' Plan, Arch Acquisition submitted an offer to the Debtors and the Committee to either purchase the assets and businesses of the Debtors through (i) a section 363 sale, or (ii) a competing plan of reorganization, both of which offer

substantially more consideration to the Debtors' estates for the Debtors' assets and businesses than the value provided in the Debtors' Plan.

4.      The Debtors and Arcus are using the Exclusive Periods as a sword by which to prevent other parties-in-interest, including Arch Acquisition, from maximizing the value of the Debtors' estates and the recovery to the Debtors' creditors.  As set forth in the Motion in greater detail, sufficient cause exists to terminate the Exclusive Periods because (1) the Arch Plan is superior, (2) the Debtors are using the Exclusive Periods to force creditors to accept a patently unconfirmable plan, and (3) the Debtors' failure to establish a competitive process will constitute a breach of their fiduciary duty to maximize the value of the estate for the creditors.

5.      By any measure of fundamental fairness, the creditors and Court should have the opportunity to consider a section 363 sale or a competitive plan process -- rather than allowing the Debtors and Arcus (a stranger to the Debtors until days before the bankruptcy filing) force their plan upon the creditors of these estates, without the opportunity for negotiation and consideration of the superior Arch Plan.  Especially, whereas here, Arch Acquisition is prepared to offer substantially more consideration to the Debtors' estates than the value currently provided for in the Debtors' Plan and provide financing sufficient in amount to satisfy the Arcus DIP Financing.

**JURISDICTION**

6.      This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. section 157 and 1334.  Venue of this Application is proper in this District pursuant to 28 U.S.C. sections 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. section 157(b)(2).

7.      The statutory predicates for the relief sought herein are sections 105 of the

Bankruptcy Code, Fed. R. Bankr. P. 9006(c) and D.N.J. LBR 9013-1(e).

8.     Under D.N.J. LBR 9013-1(e), "all moving papers . . . shall be filed and served at least 20 days before the return date . . . ." This Court has broad discretion under the Federal Rules of Bankruptcy Procedure to prescribe notice requirements in appropriate circumstances. Specifically, Rule 9006(c)(1) of the Fed. R. Bankr. P. provides this Court with discretion to shorten notice.

9.     Reduction of the time period in question is not prohibited under Fed. R. Bankr. P. 2006(c)(2) and the rules listed therein.

## CONCLUSION

10.     Accordingly for the reasons set forth above and those provided for in the Motion, Arch Acquisition respectfully requests that the Court enter an Order shortening the time for notice and scheduling of the hearing on the Motion so that the Motion may be heard on May 1, 2008, at 10:00 a.m., so that it may be considered along with the adequacy of the Debtors' Disclosure Statement.

**- INTENTIONALLY LEFT BLANK -**

**WHEREFORE**, Arch Acquisition respectfully request that the Court enter an Order,

substantially in the form submitted herewith and any other relief that is just.


Dated:  April 18, 2008                          **GREENBERG TRAURIG, LLP**
                                                *Counsel for Arch Acquisition I, LLC*


                              By:     /s/ Louis T. DeLucia
                                      Louis T. DeLucia (LD-3879)
                                      Diane E. Vuocolo (DV-9904)
                                      Alan J. Brody (AB-4777)
                                      Alyson M. Fiedler (AF-9058)
                                      200 Park Avenue
                                      P.O. Box 677
                                      Florham Park, New Jersey 07932-0677
                                      Tel:  (973) 360-7900
                                      Fax:  (973) 295-1333

                                      - and -

                                      Nancy A. Mitchell
                                      MetLife Building
                                      200 Park Avenue
                                      New York, New York 10166
                                      Tel:  (212) 801-9200
                                      Fax:  (212) 801-6400

*NJ 226,386,310v1*