**NORD & DeMAIO**
Attorneys at Law
Michael J. Stafford, Esq.
Turnpike Metroplex, Suite 201
190 State Highway 18
E. Brunswick, NJ  08816
(732) 214-0303
Attorneys for Cooper Electric Supply Co.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | : | CASE NOS.:  08-14631 (GMB) |
| | : | 08-14632 |
| SHAPES / ARCH HOLDINGS, LLC et al. | : | 08-14633 |
| | : | 08-14634 |
| Debtors. | : | 08-14635 |
| | : | Chapter 11 Proceedings |
| | : | Jointly Administered |
| | : | |
| | : | Hearing Date:  May 27, 2008 |
| | | 10:00 a.m. |
| | | Oral Argument Requested if Opposed |

### APPLICATION IN SUPPORT OF COOPER ELECTRIC SUPPLY CO.'S
### MOTION TO COMPEL PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM
### PURSUANT TO 11 U.S.C. §503(a) and §503(b)(9)

TO:   THE HONORABLE GLORIA M. BURNS
       United States Bankruptcy Court Judge

       ALL E-FILERS

Cooper Electric Supply Co. ("Cooper"), a creditor and party in interest in the above-captioned bankruptcy case, by and through its undersigned attorneys, Nord & DeMaio, hereby moves this Court for entry of an Order, pursuant to Bankruptcy Code §105(a), 11 U.S.C. §105(a), compelling payment of Cooper's administrative expense claim pursuant to §503(a) and §503(b)(9).

## BACKGROUND

1. On March 16, 2008 (the "Petition Date"), Shapes / Arch Holdings LLC (08-14631); Shapes LLC (08-14632); Ultra LLC (08-14633); Delair LLC (08-14634); and Accu-Weld LLC (08-14635) (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code").

2. At the present time, the aforesaid Debtors' cases are being jointly administered.

3. A supporting brief is unnecessary, as no new legal issues are presented.

## FACTS IN SUPPORT OF THE MOTION

4. Cooper is in the business of supplying electrical materials.

5. Upon information and belief, prior to the Petition Date one or more of the aforesaid Debtors was/were doing business as "Aluminum Shapes, Inc" ("Debtor"). See within Certification of Johnese Dorsey at par. 3 ("Dorsey Certification") submitted herewith.

6. On or about November 30 1995, a purported authorized representative of the Debtor executed Cooper's Credit Application as a condition precedent to Cooper's supplying its materials to the Debtor on credit. (Dorsey Certification at par. 5).

7. Prior to the Petition Date, and in response to purchase orders received from the Debtor, Cooper supplied approximately $24,771.43 of its materials ("Materials") to the Debtor on credit pursuant to the terms of Cooper's Credit Application. (Dorsey Certification at par.6).

8. To date, Cooper has not been paid for any of its aforesaid Materials. (Dorsey Certification at par.7).

9. Of the total amount of Cooper's Materials supplied pre-Petition, $6,244.74 of those Materials were supplied within twenty (20) days prior to the Petition Date. (Dorsey Certification at par.8).

10. Based upon the foregoing, Cooper has filed a Request for Payment of an Administrative Expense in these matters for the sum of $6,244.74 ("Administrative Expense Claim").

11. Cooper has also filed a Proof of Claim in these matters for the sum of $18,526.69.

**RELIEF REQUESTED**

12. Pursuant to §503(a) of the Bankruptcy Code, "[a]n entity may timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. §503(a).

13. Section 503(b) of the Bankruptcy Code further provides:

"(b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – . . . (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

11 U.S.C. §503(b)(9).

14. As demonstrated herein, Cooper is a seller of goods that has sold its goods (Materials) to the Debtor in the ordinary course of such Debtor's business. (See within Dorsey Certification.)

15. As also demonstrated herein, $6,244.74 of those Materials was "received by the Debtor within 20 days before the date of commencement of a case under this title." (Dorsey Certification at par.).

16. Accordingly, Cooper is entitled to receive payment of its Administrative Expense Claim.

WHEREFORE, Cooper respectfully requests an Order, substantially in the form annexed, compelling the Debtors to pay to Cooper its Administrative Expense Claim in the amount of $6,244.74, and for such other or further relief as is appropriate.

Respectfully submitted,

**NORD & DeMAIO**
Attorneys for Cooper Electric Supply, Co.

BY: */s/ Michael Stafford* .
Michael J. Stafford, Esq. (MJS-2700)

Dated: April 23, 2008