# L<span>eclair</span>R<span>yan</span>

A Virginia Professional Corporation
David W. Phillips, Esq. (DP2099)
Two Penn Plaza East
Newark, New Jersey 07105
Telephone: (973) 491-3600
Facsimile: (973) 491-3555

Counsel for De Lage Landen Financial Services, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SHAPES/ARCH HOLDINGS, LLC, et al., | : | Case No. 08-14631 (GMB) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

**LIMITED OBJECTION TO INTERIM ORDERS AND ENTRY OF FINAL ORDERS PURSUANT TO SECTION 364(c) OF THE BANKRUPTCY CODE AND RULE 4001 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AUTHORIZING DEBTORS (1) TO OBTAIN POST-PETITION FINANCING, (2) GRANTING SENIOR LIENS AND PRIORITY ADMINISTRATIVE EXPENSE STATUS, (3) MODIFYING THE AUTOMATIC STAY, AND (4) AUTHORIZING DEBTORS TO ENTER INTO AGREEMENTS WITH THE CIT GROUP/BUSINESS CREDIT, INC. AND WITH ARCUS ASI FUNDING, LLC**

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by and through its counsel, for its limited objection to the Interim Orders and entry of Final Orders pursuant to Section 364(c) of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure authorizing the above-captioned debtors[1] (the "Debtors") to (1) obtain post-petition financing, (2) granting senior liens and priority administrative

---

[1] The Debtors consist of Shapes/Arch Holdings LLC ("Shapes/Arch"), and its wholly-owned subsidiaries of Shapes/Arch, Shapes, LLC ("Shapes"); DeLair LLC ("DeLair"), Accu-Weld LLC ("Accu-Weld"), and Ultra LLC ("Ultra").

expense status, (3) modifying the automatic stay, and (4) authorizing the Debtors to enter into agreements with the CIT Group/Business Credit, Inc. ("CIT") and with Arcus ASI Funding, LLC ("Arcus"), respectfully states as follows:

## Background

1. On March 16, 2008, the Debtors filed their respective voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), commencing the captioned cases.

2. These cases are being jointly administered pursuant to the Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings, LLC".

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to 11 U.S.C. § 1107(a) and § 1108.

4. No trustee or examiner has been appointed in these cases.

5. An official committee of unsecured creditors was appointed on March 31, 2008.

6. The Court has jurisdiction over this objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1408 and § 1409. This is a core proceeding at that term is defined in 28 U.S.C. § 157(b).

## Preliminary Statement

7. Prior to the commencement of the Debtors' cases, De Lage Landen entered into a number of lease agreements (collectively, the "Lease Agreements") with Shapes and DeLair. Some or all of these lease agreements should or may be properly characterized not as leases but as secured transactions in which the respective Debtor granted a security interest in the respective equipment that is the subject of the lease

2

agreement. In each instance, De Lage Landen properly perfected its security interest in the subject equipment by the filing of a financing statement with the State Corporation Commission of the appropriate state. The Debtors have not listed any secured indebtedness to De Lage Landen in their respective schedules filed with the Court and have not included any secured indebtedness on any schedule of Permitted Encumbrances in their agreements for post-petition financing with Arcus and CIT. To the extent that there is property of the Debtors that is subject to the lien of De Lage Landen, the Court's grant of a superior lien on De Lage Landen's interest in such property is not permitted unless and until there is adequate protection of De Lage Landen's interest in the property on which it has a pre-petition first priority properly-perfected lien.

### De Lage Landen's Lease Agreements with Shapes

8. Shapes entered into sixteen (16) leases of equipment with De Lage Landen that were issued under a Master Lease Agreement (collectively, the "Shapes Leases"). A summary of the Shapes Leases is attached hereto as **Exhibit A**. A copy of the Master Lease Agreement and each Master Lease Schedule is collectively attached hereto as **Exhibit B**. A copy of the financing statements filed with the New Jersey Secretary of State is attached hereto as **Exhibit C**.

9. De Lage Landen believes and asserts that the Shapes Leases with a Fair Market Value purchase option at the end of the term of the lease are true leases of the equipment and that the Shapes Leases with a $1.00 purchase option at the end of the term of the lease create security interests in the equipment to secure the repayment of those leases. *See Pillowtex, Inc. v. Duke Energy Royal, LLC (In re Pillowtex)*, 349 F.3d 711, 717-18 (3d Cir. 2003).

10. To the extent that De Lage Landen's assertions are correct and/or the Court determines that one or more of the Shapes Leases are not true leases but create security interests in the subject equipment, De Lage Landen has a first priority properly-perfected security interest in Shapes' property listed in **Exhibit A**.

11. To the extent that the Shapes Leases are true leases, then Shapes has no property interest, other than a right of possession under the terms of the respective true lease, in the equipment that is the subject of the respective true leases.

### De Lage Landen's Lease Agreements with DeLair

12. DeLair Shapes entered into four (4) leases of equipment with De Lage Landen (collectively, the "DeLair Leases"). A summary of the DeLair Leases is attached hereto as **Exhibit D**. A copy of each DeLair Lease is collectively attached hereto as **Exhibit E**. A copy of the financing statement was filed with the State of Delaware State Corporation Commission is attached hereto as **Exhibit F**.[2]

13. De Lage Landen believes and asserts that the DeLair Leases with a Fair Market Value purchase option at the end of the term of the lease are true leases of the equipment and that the DeLair Leases with a $1.00 purchase option at the end of the term of the lease create security interests in the equipment to secure the repayment of those leases.

14. To the extent that De Lage Landen's assertions are correct and/or the Court determines that one or more of the DeLair Leases are not true leases but create security interests in the subject equipment, De Lage Landen has a first priority properly-perfected security interest in the DeLair's property listed in **Exhibit D**.

---

[2] De Lage Landen asserts that the State of Delaware is the state of origin for DeLair.

15. To the extent that the DeLair Leases are true leases, then DeLair has no property interest, other than a right of possession under the terms of the respective true lease, in the equipment that is the subject of the respective true leases.

**DeLage Landen's Objection to the Interim Order and Entry of Final Order**

16. Section 364(d)(1) of the Bankruptcy Code permits the Court to authorize the Debtors to obtain credit secured by property of the estate that is subject to a lien only if there is adequate protection of the interest of the holder of the lien on the property of the estate on which such senior lien is proposed to be granted.

17. DeLage Landen holds a pre-petition, first priority security interest in the property of Shapes and DeLair listed on **Exhibit A** and **Exhibit D** (collectively, the "Equipment"), respectively, to the extent the Shapes Leases and/or the DeLair Leases are not true leases or are determined to not be true leases.

18. The Debtors have not offered adequate protection of De Lage Landen's interest in the Equipment, have not indicated whether they assert any interest in the Equipment, and have not indicated whether the Interim Order or the proposed Final Order is intended to include or exclude some or all of the Equipment from the super-priority lien being granted to the DIP Lender.

**Conclusion**

WHEREFORE, DeLage Landen, by and through its counsel, respectfully moves the Court to enter an Order granting the following relief:

a. rescinding the Interim Order's grant of a super-priority lien as it relates to the Equipment;

5

  b. excluding the Equipment from the property subject to the grant of a super-priority lien in any Final Order granting authority to the Debtors to enter into post-petition financing with Arcus and/or CIT;

  c. in the alternative, granting adequate protection to De Lage Landen of its interest in the Equipment; and

  d. granting such other and further relief as the Court determines is just and proper.

Dated: April 26, 2008  **LECLAIRRYAN**
          A Virginia Professional Corporation
          Counsel for De Lage Landen
            Financial Services, Inc.

          By: /s/
            David W. Phillips, Esq. (DP2099)
            Two Penn Plaza East
            Newark, New Jersey 07105
            Telephone: (973) 491-3530
            Facsimile: (973) 491-3555