# EXHIBIT A

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY

In re:                                              :        Chapter 11
    Shapes/Arch Holdings, L.L.C., et al.,       :        Case No. 08-14631 (GMB)

               Debtors.                :

                           :        SUBPOENA IN A BANKRUPTCY PROCEEDING

TO:    **Official Committee of Unsecured Creditors of Shapes/Arch Holdings, L.L.C. et al.**
       **c/o Michael Sirota, Esquire**
       **Cole, Schotz, Meisel, Forman & Leonard, P.A.**
       **Court Plaza North**
       **25 Main Street**
       **P.O. Box 800**
       **Hackensack, New Jersey 07602-0800**

☐    **YOU ARE COMMANDED** to appear in the United States Bankruptcy Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    **YOU ARE COMMANDED** to appear at the place, date and time specified below to testify at the taking of certain depositions in the above case.  The depositions will be of the individuals identified in the attached Notice of Deposition.

| PLACE OF DEPOSITION: | DATE AND TIME: |
|---|---|

☒**YOU ARE COMMANDED** to produce and permit inspection and copying of the documents listed in the attached Request for Production of Documents at the date, place and time specified below.

| | DATE AND TIME: |
|---|---|
| Blank Rome LLP<br>One Logan Square<br>130 N. 18th Street<br>Philadelphia, PA 190103<br>Tel: (215) 569-5500 | April 28, 2008 by 5:00 p.m. |

☐    **YOU ARE COMMANDED** to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE: April 23, 2008 |
|---|---|

**ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER:**
Joel C. Shapiro, Blank Rome LLP, Woodland Falls Corporate Park, 210 Lake Drive East, Suite 200, Cherry Hill, NJ  08002,
Tel.: (856) 779-3600, NJ Bar I.D. No. 0030444
Earl M. Forte, (Pa. Bar ID No. 48979), John Lucian (Pa. Bar ID No. 92317), Blank Rome LLP, One Logan Square,
Philadelphia, PA  19103  Tel: 215-569-5618.

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE: | PLACE: |
|---|---|---|

SERVED

| SERVED ON  (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY  (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
   (DATE)

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after that service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party servicing the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of any party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of an party to travel to a place more than 100 miles from the place where that person resides,

is employed or regularly transacts business in person, except that, subject to the provisions in clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce the documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications or things not produced that is sufficient to enable the demanding party to contest the claim.

## UNITED STATES BANKRUPTCY COURT FOR THE
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re:<br><br>**Shapes/Arch Holdings, L.L.C. et al.,**<br><br>Debtors. | : Chapter 11<br>:<br>: Case No. 08-14631 (GMB)<br>:<br>: |

## ARCUS ASI FUNDING, LLC'S FIRST SET OF DOCUMENT REQUESTS TO OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Arcus ASI Funding LLC ("Arcus"), hereby requests that the Official Committee of Unsecured Creditors of the Debtors, answer the following document requests and produce documents on or before April 28, 2008, pursuant to Rule 45 of the Federal Rules of Civil Procedure, which applies to the contested matters in this Chapter 11 case relating to the Debtors' DIP financing with Arcus, Disclosure Statement and exclusivity periods for proposing a plan (collectively, the "Contested Matters") under Rules 9014 and 9016 of the Federal Rules of Bankruptcy Procedure. These requests are continuing, and any information secured subsequent to the serving of your answers which would have been included in the answers and produced by you had it been known or available is to be supplied by supplemental answers and productions.

123285.01601/21684586v.1

## Definitions and Instructions

As used in these requests, the terms listed below are defined as follows:

1.    "All documents" means every document as defined herein, whether an original or a copy, and whether or not in your possession, custody or control, which is known to you and every such document which can be located or discovered by reasonably diligent efforts.

2.    "And/or" means "and" and, in the alternative, "or."

3.    "Arch Acquisitions" means Arch Acquisition I, LLC and any and all of its principals, owners, officers, employees, agents, representatives, attorneys, accountants, advisors, consultants, directors, shareholders, members, managers, managing agents, affiliates, creators, predecessors, successors and assigns.

4.    "Arcus" means Arcus ASI Funding, LLC.

5.    "Committee" means the Official Committee of Unsecured Creditors of the Debtors in the above-captioned title 11 case.

6.    "Communication" means each and every incident in which information is transmitted, whether by correspondence, note, memorandum, telephone, orally, in person, telex, telegram, recording, in writing, or by any other means whatsoever.

7.    "Contested Matters" means the Contested Matters described on the first page of this document request, including without limitation, all filings made by the Committee with respect to same.

8.    "Debtors" means the Debtors in the above-captioned title 11 case, their affiliates, subsidiaries, divisions or predecessor or successor companies, and all officers, directors, managers, agents, managing agents, employees, attorneys, accountants, representatives,

2

bankruptcy trustees, debtors-in-possession, collectively or individually, and/or persons acting on their behalf.

9.      "Describe" means to state the date or dates of and identify each person or other entity involved in the transaction, communication, event or occurrence in question, and set forth the role of each such person in connection therewith, and to state the nature and subject matter of the transaction, communication, event or occurrence in question.

10.    "Document(s)" means all written or printed matter of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, and drawings, charts, photographs, phono records, graphic or manual records, electronic, mechanical or electrical records and all other data compilations from which information can be obtained.

11.    "Identify" or "identification," when used in reference to an individual person, means to state his/her full name, his/her present or last known address, his/her present or last known position and business affiliation, and his/her position or affiliation with any party herein at any relevant time.

12.    "Identify," when used in reference to a corporation, partnership, sole proprietorship or other business or non-business entity, means to state its full name and address, and state of incorporation and/or formation.

13.    "Identify," when used in reference to a document, means to:

(i)      state the date, author, recipient, and type of document (e.g., memorandum, fairness opinion, contract, etc.) or some other means of distinguishing the document;

(ii)     set forth or attach to your answers a true and correct copy of the document;

3

    (iii)    identify each person who prepared the document;

    (iv)    identify each person who participated in the preparation of the document;

    (v)    state the present location of the document; and

    (vi)    identify each person having custody or control of the document.

14.    "Identify," when used in reference to an oral communication, means to:

    (i)    state the date, place or places, and parties to the oral communication or some other means of identifying the oral communication;

    (ii)    set forth the substance of the oral communication;

    (iii)    state the medium through which the oral communication was made (in person or by telephone);

    (iv)    identify each person who participated in the oral communication;

    (v)    identify each person hearing the oral communication;

    (vi)    state whether any written note or memorandum of the oral communication was made, and, if so, identify the written note or memorandum in the manner required to identify a document as defined above.

15.    "Identify" when used in reference to a tangible object, means to:

    (i)    state the type of object;

    (ii)    state the function of the object;

    (iii)    state any identifying numbers, letters or symbols of the object;

    (iv)    state the quantity or number of units of the object; and

123285.01601/21684586v.1

(v)    state the geographical location of the object by street address, state or commonwealth, country, zip code or equivalent, site name and physical location within any specific site or facility where the object is located.

16.    "Person" or "persons" shall include, without limitation, individuals, associations, partnerships, ventures or corporations and any other incorporated or unincorporated business, government, public or social entity.

17.    "Petition Date" shall mean the date on which the Debtors filed their above-captioned Chapter 11 cases, which date was March 16, 2008.

18.    "Possession, custody or control" of documents means possession, custody or control, or right to possession, custody or control by the responding party, including the responding party's attorneys, accountants, employees, representatives, agents and all other persons acting or purporting to act on their behalf.

19.    "Referring" and "relating" means showing, disclosing, averring to, comprising, evidencing, constituting, or revealing, directly or indirectly, in whole or in part.

20.    "You" or "your" means the entity or person to which/whom these requests are directed, including but not limited to any divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, representatives, attorneys, members, managers, managing agents, owners or agents thereof and all other persons acting or purporting to act on behalf of each such entity or person.  In the case of these requests, "you" or "your" shall include Arch Acquisition, as defined above.

### Manner of Answer

In answering each request:

5

1.　　Identify each document and/or oral communication which forms the basis in whole or in part for the answer given or which corroborates the answer given or the substance of which is given.

2.　　State whether the information furnished is within the personal knowledge of the person answering the request, and, if not, identify each person to whom the information is a matter of personal knowledge.

3.　　If the answer to a request is not presently known or available to the person answering the request, so state, and, in addition, respond to the entire request supplemental answer in writing and under oath from time to time thereafter, within ten (10) days after the date on which such answer becomes known to the person answering the request.

4.　　If any request or any portion thereof requests information already provided in response to an earlier request, you may respond by specifying the document, or portion thereof, which contains the information sought.

5.　　Objections.  If you contend that a response to an request calls for privileged information, in whole or in part, or if you otherwise object to any part of any request , or contend that any part of your answer would be excluded from production in discovery, please specify:

　　　　(i)　　the reason for such objection or ground for exclusion;

　　　　(ii)　　the identity of each person having knowledge of the factual basis and the individual documents, if any, on which the privilege or other ground is asserted; and

　　　　(iii)　　the nature of the claim or privilege.

6.　　Please furnish all non-privileged information which is based on your own personal knowledge or which is in the possession of your attorneys, accountants, employees, consultants,

6

agents or representatives of any kind whatsoever.  If you cannot answer any portion of the request, please specify the reasons you cannot provide an answer.  You are expected, however, to take all necessary steps to secure the information which is responsive to the requests.

### Time Period

Unless otherwise specified, the discovery sought by these requests relates to the period from January 1, 2007 through and including the present (the "Request Period").

Each and every one of the requests is to be answered for at least the entire Request Period, both with respect to acts, events and conditions occurring during the Request Period and acts, events and conditions which, although occurring prior to the Request Period, had a continuing effect or existence during the Request Period.  Also requests which specifically require an answer as to acts, events and conditions occurring prior to the Request Period are to be answered, even if they had no continuing effect or existence during the Request Period.

### Document Requests

1.    Produce all documents relating to your Objection to the Entry of Final Order Authorizing the Debtors to Obtain Post-petition Financing from Arcus ASI Funding, LLC and Arcus ASI, Inc. [Dkt. No. 164] (the "Arcus DIP Objection").

2.    Produce all documents relating to the "Committee's suggestion to facilitate an "apples to apples" comparison of the Arcus and Arch proposals [pursuant to which] on Saturday, April 12, 2008, Arch submitted a redlined version of a Joint Plan of Reorganization" as referenced in footnote 3 of the Arcus DIP Objection.

3.    Produce all documents relating to your statement in ¶ 3 of the Arcus DIP Objection that "there are parties interested in providing replacement DIP financing on more

favorable terms than Arcus and bidding on the Debtors' assets in amounts that will yield a greater recovery than what is presently offered to unsecured creditors."

4.   Produce all documents relating to your Objection to the Entry of Final Order Authorizing the Debtors to Obtain Post-petition Financing from the CIT Business Group/Business Credit, Inc. [Dkt. No. 165] (the "CIT DIP Objection").

5.   Produce all documents relating to the "bullet point memo dated April 4, 2008" referenced in footnote 1 of the CIT DIP Objection.

6.   Produce all documents relating to your Objection to the Debtors' Proposed Disclosure Statement [Dkt. No. 167].

7.   Produce all documents relating to the motion of Arch Acquisition to terminate the Debtors' exclusivity periods [Dkt. No. 182], including the draft Chapter 11 plan of reorganization attached thereto, including all documents relating to any communications by you to any of the Debtors' creditors or potential investors regarding said plan.

8.   Produce all documents relating to communications between you and Arch Acquisition or any affiliate of Arch, including, but without limitation, Meracq Mergers & Acquisitions, Inc., Signature Aluminum, and H.I.G. Capital.

9.   Produce all documents relating to communications between you and the "three other entities [that] have conveyed expressions of interest in a transaction" involving the Debtors, as referenced in ¶ 2 of your Objection to the Debtors' Proposed Disclosure Statement.

10.   Produce all documents you intend to rely upon and/or offer into evidence at hearings in connection with the Contested Matters.

8

BLANK ROME LLP

Dated:  April 23, 2008

By: _____
Joel C. Shapiro (NJ I.D. No. 0030444)
Woodland Falls Corporate Park
210 Lake Drive East
Suite 200
Cherry Hill, NJ  08002
Tel:  (856) 779-3600
Fax:  (856) 779-7647

Earl M. Forte (Pa. I.D. No. 48979)
John E. Lucian (Pa. Bar I.D. No. 92317)
One Logan Square
130 N. 18th Street
Philadelphia, PA  19103-6998
Tel:  (215) 569-5500
Fax:  (215) 569-5555

Attorneys for Arcus ASI Funding, LLC

9

## Certificate of Service

I hereby certify that I caused a true and correct copy of the attached Arcus ASI Funding,

LLC's First Set of Document Requests to the Official Committee of Unsecured Creditors of the

Debtors, to be served on the persons named on the attached service list by email and United

States mail, first class postage prepaid, at Philadelphia, Pennsylvania, this 23rd day of April

2008.

/s/ John E. Lucian

10

## Service List

Jerrold N. Poslusny, Jr., Esq.
Cozen O'Connor
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
Email: jposlusny@cozen.com
Attorneys for Debtors

Mark E. Felger, Esq.
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street
Suite 1400
Wilmington, DE 19801
Email: mfelger@cozen.com
Attorneys for Debtors

Peter J. D'Auria, Esq.
Office of the United States Trustee
One Newark Center
Suite 2100
Newark, NJ 07102
Email: Peter.J.D'Auria@usdoj.gov

Brian Bull
Alcan
1188 Sherbrooke Street West
Montreal, Quebec
H3A 3G2
Canada
Creditors' Committee Co-Chairperson

Paul A. Patterson, Esq.
Michael Cordone, Esq.
Mark J. Dorval, Esq.
Stradley Ronon
2600 One Commerce Square
Philadelphia, PA 19103
Email: ppatterson@stradley.com
Email: mcordone@stradley.com
Attorneys for The CIT Group/Business Credit,
Inc.

Alan D. Halperin, Esq.
Donna Liebernman, Esq.
Debra J. Cohen, Esq.
Halperin Battaglia Raicht, LLP
555 Madison Avenue-9th Floor
New York, NY 10022-3301
Email: ahalperin@halperinlaw.net
Email: dlieberman@halperinlaw.net
Email: dcohen@halperinlaw.net
Counsel for The Creditors' Committee

Michael D. Sirota, Esq.
Ilana Volkov, Esq.
Warren A. Usatine, Esq.
Cole, Schotz, Meisel, Forman
& Leonard, P.A.
Court Plaza North
25 Main Street
PO Box 800
Hackensack, NJ 07601
Email: msirota@coleschotz.com
Email: ivolkov@coleschotz.com
Local Counsel for The Creditors' Committee

Diane E. Vuocolo, Esq.
Greenberg Traurig, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA  19103
Email: vuocolod@gtlaw.com
Attorneys for Arch Acquisition I, LLC

Louis T. DeLucia, Esq.
Alan J. Brody, Esq.
Alyson M. Fiedler, Esq.
Greenberg Traurig, LLP
200 Park Ave.
Florham Park, NJ  07932
Email: delucial@gtlaw.com
Email: brodya@gtlaw.com
Email: fiedlera@gtlaw.com
Attorneys for Arch Acquisition I, LLC

11

123285.01601/21684586v.1

Nancy A. Mitchell, Esq.
Greenberg Traurig, LLP
Metlife Building
200 Park Ave.
New York, NY 10016
Email: mitchelln@gtlaw.com
Attorneys for Arch Acquisition I, LLC

12

# EXHIBIT B

Colloquy                                                          83

1       MR. SIROTA: Judge, we -- we -- initially, when we

2   were talking about a Wednesday hearing, I think the

3   anticipation was that the amended plan and disclosure

4   statement would be filed today. The reason I raise that is,

5   there's going to be documents produced by the debtor and Versa

6   to us and depositions taken. And that give us --

7       THE COURT: When are they scheduled, the deps?

8       MR. SIROTA: Well, we're -- we're about to work that

9   through, but I --

10      MR. SHAPIRO: We're going -- right, so I -- I wanted

11  to wait till after that was done. No sense amending something

12  or have him file an objection, asking for another amendment

13  until --

14      THE COURT: I just need you to do that before I go

15  away. Because I want to see them before I go, so I can take

16  everything with me and --

17      MR. SIROTA: I would ask that those pleadings be

18  filed, since one pleading has already been filed, by Monday

19  the 21st; their documents be produced by the 22nd. We'll then

20  schedule depositions 23, 24, 25 or, if need be, 28 and 29.

21  We'll work that out. But we were on a much faster track --

22      MR. SHAPIRO: I don't -- I don't agree to fix what

23  Your Honor hasn't given me a list yet. The 13 objections and

24  the objections of all the Committee by Monday, when we have a

25  May hearing on a disclosure statement.

# EXHIBIT C



Phone:    *(215) 569-5618*
Fax:      *(215) 832-5618*
Email:    *forte@blankrome.com*

April 25, 2008

**Via E-mail and U.S. Mail**

Michael D. Sirota, Esquire
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0800

Alan J. Brody, Esquire
Joseph P. Davis, III, Esquire
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ 07932-0677

Re:   **Shapes/Arch Holdings, L.L.C., et al., Chapter 11,**
      **Case No. 08-14631 (GMB), United States Bankruptcy Court,**
      **District of New Jersey**

Gentlemen:

As you know, we served document Subpoenas on each of you earlier this week directed to your respective clients. Our Subpoena to Alan's client, Arch Acquisition I, LLC ("Arch") sought production of documents from Arch by 5:00 p.m. on April 25, 2008. The Subpoena to Michael's client, the Creditors' Committee, seeks the production of documents by 5:00 p.m. on April 28, 2008. As you are also aware, our client Arcus ASI Funding, LLC ("Arcus") has been producing documents to Michael as counsel to the Committee on a rolling basis over the past two days. We have kept Michael and his staff informed as to when those documents would be produced and the status of our production generally. Unfortunately, we have not received similar treatment from either Arch or the Committee, who have failed even to respond substantively to our inquiries concerning the status of the documents we have subpoenaed, nor have any documents been provided. At this time we do not even have a representation from either of you that responsive documents are being prepared, with an estimate as to when production may be expected. Given that your respective clients are the parties who initiated the contested matters at issue, we consider this conduct to demonstrate bad faith and a complete refusal to participate in discovery in a timely and professional manner.

One Logan Square  130 North 18th Street  Philadelphia, PA 19103-6998
www.BlankRome.com

Delaware  •  Florida  •  New Jersey  •  New York  •  Ohio  •  Pennsylvania  •  Washington, DC  •  Hong Kong

123285.01601/21685571v.1



Michael D. Sirota, Esquire
Alan J. Brody, Esquire
April 25, 2008
Page 2

       Accordingly, until we are provided with a clear statement from both of you that your
clients intend to produce responsive documents timely, Arcus will cease delivery of all further
documents to the Committee.  Arcus also reserves its right to seek appropriate relief from the
Court, including sanctions against all appropriate parties.

                                        Very truly yours,

                                        EARL M. FORTE

EMF:mmp
cc:    Joel C. Shapiro, Esquire
       John E. Lucian, Esquire