**GREENBERG TRAURIG, LLP**
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey 07932-0677
Tel: (973) 360-7900
Fax: (973) 295-1333
Louis T. DeLucia, Esq. (LD-3879)
Alan J. Brody, Esq. (AB-4777)
Diane Vuocolo, Esq. (DV-9904)
Alyson M. Fiedler, Esq. (AF-9058)
Counsel for Arch Acquisition I, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Case No.: 08-14631 (GMB) |
| | : | (Jointly Administered) |
| Shapes/Arch Holdings L.L.C., *et al*., | : | Chapter 11 |
| | : | |
| Debtors. | : | Hearing Date and Time: |
| | : | May 1, 2008 at 10:00 a.m. |

### OBJECTION OF ARCH ACQUISITION I, LLC
### TO DEBTORS' FIRST AMENDED DISCLOSURE STATEMENT

Arch Acquisition I, LLC ("Arch"), a creditor, by and through its counsel, Greenberg Traurig, LLP, hereby submits this objection to the entry of an order approving the First Amended Disclosure Statement (the "Disclosure Statement") filed by the above-captioned debtors and debtors-in-possession (the "Debtors") in conjunction with their First Amended Joint Chapter 11 Plan of Reorganization (the "Proposed Plan").[1] In support of its objection,[2] Arch respectfully represents and states that:

1. The Disclosure Statement and the Proposed Plan evidence such a complete contempt for both the bankruptcy process and the Debtors' fiduciary duties, that it is

---

[1] All capitalized terms not herein defined shall have the meanings given such terms in the Debtors' Proposed Plan.
[2] The Objection of Arch Acquisition I, LLC to Debtors' Disclosure Statement filed on April 17, 2008 (Docket No. 153) (the "First Objection") is incorporated herein as if set forth at length.

difficult to believe the Debtors intend to ask the Court to bless this process. And yet, despite the Court's statements at the previous hearing and the Official Committee of Unsecured Creditors' (the "Committee") demand for an open and competitive process, the Debtors continue to try to move forward with the Proposed Plan. Clearly, Arcus ASI Funding, LLC and its affiliates ("Arcus") continue to completely control the Debtors in these bankruptcy proceedings.

2. Because approval of the Disclosure Statement and the related Arcus debtor-in-possession financing today will virtually assure that there will not be an open and competitive process, Arch believes it is important to focus the Court on some fundamental issues that show how completely the Debtors and Arcus propose to pervert the bankruptcy process. First, despite the absolute priority rule and applicable case law, the Proposed Plan provides that the party having voting control over the equity of the Debtors will receive 100% of the equity of the reorganized debtors while the creditors are left with virtually nothing. Second, despite the fact that the bankruptcy process is supposed to be open and competitive in order to maximize value for the benefit of constituents, the Debtors have rejected, without competition, an offer that puts substantially more value on the table for constituents. Third, notwithstanding the fact that exclusivity is not to be used as a sword, the Debtors are clearly attempting to use exclusivity to avoid a fair and competitive process and, in fact, Arcus' counsel seemed to indicate their intention to do exactly that at the last hearing. Finally, despite the Debtors' fiduciary duties, the Debtors seemingly continue to act at the direction of Arcus in all aspects of these cases. The Arcus control of the Debtors has reached the point where it is

2

difficult to tell where the Debtors end and Arcus begins even in the discovery process where Arcus, not the Debtor, lead the discovery on the Debtors' contested matter.

3. If the Disclosure Statement and the related Arcus debtor-in-possession financing are approved and the Proposed Plan solicited, the Debtors and Arcus will have managed to circumvent the absolute priority rule and applicable case law, avoid an open and competitive process that maximizes value, use exclusivity to advantage insiders and ignore their fiduciary duties – all in one plan. The Court needs to end this charade and force the Debtors to act reasonably.

4. Although the Debtors failed to correct virtually all of the deficiencies in their Disclosure Statement and Proposed Plan objected to in Arch's original objection, the Debtors did make a change to the Proposed Plan that purportedly allows for a competitive process. However, as with their entire approach to these cases, the purported "competitive" process is a sham and is simply one more way for Arcus and the Debtors to avoid actually meeting either their fiduciary obligations or the requirements of the bankruptcy process. As structured, this proposed process would effectively chill all bidding by other parties since it requires that the Proposed Plan be solicited, and rejected, before any "competitive" process can begin. In addition, the size of the proposed break-up fee ($2,500,000) is ridiculously high under the circumstances and again will chill bidding. Worse than the effect of chilling bidding, the whole "competitive" structure is coercive because the general unsecured creditors are forced to risk rejecting any distribution in order to ever achieve a competitive process. That type of choice puts the unsecured creditors in an impossible position. Finally, the Debtors' have not indicated how the purported process can be run given that they have limited financing for the case.

The alleged process created by the Debtors is nothing but an illusion and again evidences the fact that they simply do not believe they have to play by the rules of the bankruptcy process..

     5.    Arch is asking the Court to recognize this process for the sham that it is and stop it now. To do so will send a clear message to the Debtors and Arcus that this Court cannot be used to shed millions of dollars of unsecured claims for the benefit of insiders without even a nod to the requirements of maximization of value and fiduciary duty. Moreover, if the Court stops this process today and requires the Debtors to act reasonably and in accordance with the Bankruptcy Code, the Debtors will not be harmed. In that event, it is possible that Arcus and the Debtors would do the right thing and decide to proceed with an open and competitive process which would benefit everyone with Arcus as a stalking horse bidder. However, if Arcus did decide not to fund such a process, Arch stands ready to provide debtor-in-possession financing to the Debtors (on better terms than Arcus has provided) as early as Thursday to allow these cases to proceed.

     6.    Arch reserves the right to interpose any additional objections to the Disclosure Statement at the Disclosure Statement hearing, if and when applicable.

**WHEREFORE**, Arch respectfully requests that this Court enter an order (i) finding the Debtors' Disclosure Statement inadequate, and (ii) granting such other and further relief as the Court deems just and proper.

Dated: April 29, 2008

        **GREENBERG TRAURIG, LLP**
*Counsel for Arch Acquisition I, LLC*

By: /s/ Alan J. Brody
   Louis T. DeLucia (LD-3879)
   Alan J. Brody (AB-4777)
   Diane Vuocolo (DV-9904)
   Alyson M. Fiedler (AF-9058)
200 Park Avenue
P.O. Box 677
Florham Park, New Jersey  07932-0677
Tel:  (973) 360-7900
Fax:  (973) 295-1333

-and-

**GREENBERG TRAURIG, LLP**
*Counsel for Arch Acquisition I, LLC*

Nancy A. Mitchell
MetLife Building
200 Park Avenue
New York, New York  10166
Tel:  (212) 801-9200
Fax:  (212) 801-6400

*NJ 226,396,224*