UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KELLY BEAUDIN STAPLETON
UNITED STATES TRUSTEE, REGION 3
Donald F. MacMaster, Esq. (DM 0977)
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| SHAPES / | : | Case No. 08-14631(GMB) |
| ARCH HOLDINGS L.L.C., et al., | : | (Jointly Administered) |
| | : | |
| Debtors. | : | Hearing Date: May 1, 2008 at 10:00 a.m. |
| | : | |

**OBJECTION OF THE UNITED STATES TRUSTEE TO
THE DEBTORS' AMENDED DISCLOSURE STATEMENT**

The United States Trustee ("UST"), by and through her counsel, and in furtherance of her duties pursuant to 28 U.S.C. §586(a)(3) and (5), hereby asserts this objection to the Amended Disclosure Statement filed by the above referenced debtors and debtors-in-possession (the "Debtors") for the following reasons:

**BACKGROUND**

1.      Pursuant to 11 U.S.C. § 586, the UST is obligated to oversee the administration of Chapter 11 cases.  Under 11 U.S.C. § 307, the UST has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code.  Such oversight is part of the UST's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See*

*United States Trustee v. Columbia Gas Systems, Inc. (In re Columbia Gas Systems, Inc.)*, 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C. §307 which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the United States Trustee as a "watchdog").

2. On March 16, 2008 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 11 of title 11, United States Code. The Debtors have transferred 79.99% of the voting rights in Shapes/Arch Holdings LLC, the parent of the remaining debtors, either directly or indirectly to Arcus ASI Funding LLC and its affiliates ("Arcus"), effectively granting Arcus control of management in conjunction with the commencement of these cases. On the Petition Date, the Debtors filed their initial Joint Chapter 11 Plan of Reorganization (the "Plan") (Docket Entry 15) and their Joint Disclosure Statement (Docket Entry 16), as well as numerous other first day matters.

3. An Unsecured Creditors' Committee (the "Committee") has been appointed by the United States Trustee.

4. Multiple parties, including the UST and the Committee, filed objections to the Disclosure Statement. On April 24, 2008, the Debtors filed an Amended Disclosure Statement ("Amended Disclosure Statement") and Amended Plan of Reorganization ("Amended Plan").

**OBJECTIONS TO THE AMENDED DISCLOSURE STATEMENT**

5. The UST incorporates by reference herein its objections to the initial Disclosure Statement. Suffice it to say that the Amended Disclosure Statement and Amended Plan, like their predecessors, appear to be nothing more than a bold attempt to circumvent the provisions of

section 363 of the Bankruptcy Code, effectively allowing Arcus, who controls the Debtors, to prevent competitive bidding for the Debtors' assets. The attempted evisceration of section 363 of the Bankruptcy Code by Arcus and the Debtors should not be condoned by the court.

6. The Amended Plan allows for competitive bidding only if Class 5 creditors reject the Amended Plan and the court denies confirmation on the grounds that treatment of unsecured creditors is not fair and equitable and does not comport with the *LaSalle* decision.

7. If the process is somehow opened up to competitive bidding, the bid procedures are onerous and likely will chill competitive bidding. First, the bid procedures contain a "break-up fee" to Arcus in the amount of $2,500,000. Second, the initial overbid must be $8,500,000 above Arcus' self-valued bid of $85,500,000. Moreover, the required cash deposit by potential purchasers of $9,000,000 appears high considering the speed with which Arcus is attempting to move the process.

8. The UST submits that the whole sale process should be slowed down and opened up to allow the Debtors' assets to be marketed in a meaningful way, so that the Debtors can be exposed to the entire marketplace. Any potential purchasers should be given reasonable deadlines to complete due diligence before making offers.

9. The Amended Disclosure Statement and Amended Plan contain numerous release, injunction, and exculpation provisions. All rights are reserved on all issues, including but not limited to these provisions, should the presently pending plan proceed toward confirmation.

WHEREFORE, it is respectfully requested that the court deny approval of the Amended Disclosure Statement in its current form and grant such other relief that is just, fair and equitable.

          Respectfully submitted,

          KELLY BEAUDIN STAPLETON
          UNITED STATES TRUSTEE

Dated: April 29, 2008          By:  /s/ Donald F. MacMaster
                                        Donald F. MacMaster
                                        Trial Attorney