# EXHIBIT B



February 6, 2008

Mr. Steven Grabell, CEO
Shapes/Arch Holdings, LLC
9000 River Road,
Delair, NJ 08110

Re:    Indication of Interest - Refinancing/Restructuring Transaction

Dear Mr. Grabell:

On behalf of Versa Capital Management, Inc. and its affiliates ("Versa"), we are pleased to submit this non-binding expression of interest regarding a potential transaction to (i) acquire newly-issued equity interests in Shapes/Arch Holdings, LLC ("Holdings") (the "Equity Transaction") and (ii) provide a secured term loan to Shapes/Arch Holdings, LLC and its subsidiaries and affiliates (collectively the "Company") (the "Financing") for working capital and other agreed purposes (the Equity Transaction and Financing, collectively referred to as the "Transaction").

It is our present intent to utilize the Transaction to attempt to effectuate the restructuring of the Company on an out-of-court basis, although there can be no assurances a reorganization or other judicial proceeding will not occur in either the short or long term.

Based upon our understanding of the Company from information provided by the Company and through discussions with the Company and its advisors, the following sets forth the basic terms and conditions of our interest. This letter does not contain all matters upon which agreement must be reached in order to consummate any transaction or to impose on any party a duty or obligation to negotiate towards or conclude any agreements.

Versa, a private equity investment firm with $300 million in committed capital, is focused on executing a 'Special Situations' investment strategy involving assets or businesses including those undergoing restructurings, recapitalization or other transitions.  Versa's expertise, proficiency in working with businesses in transition and ability to close the transaction on an expedited basis make Versa an ideal investor to help position the Company for long term success.  As you know, Versa and its professionals have been working feverishly over the past two weeks in order to assist the Company with its situation.

Subject to the qualifications and limitations outlined herein, based on the information you have provided us, we are highly confident in our ability to execute the Transaction in a manner that will be satisfactory to all parties.  In summary the transaction will consist of two parts executed by one or more entities formed by Versa to effectuate the Transaction (collectively "NEWCO"):

*fka: Chrysalis Capital Partners*

Cira Centre · 2929 Arch Street · Philadelphia, PA 19104-2868 · tel 215.609.3400 · fax 215.609.3499 · versafund.com

Expression of Interest – Shapes/Arch Holdings, LLC
February 6, 2008
Page 2 of 8

- Through the Equity Transaction, Holdings would be 85% owned by NEWCO with the remainder divided (subject to certain conditions and obligations) between Existing Holders (as defined in the attached term sheet) and the senior management of the Company ("Management").

- Providing new financing in the form of up to $15 million of secured term loans.

We have attached a Term Sheet that outlines the various components of the Transaction. Neither this Indication of Interest nor the attachment is a commitment of any kind to complete the Transaction or any part thereof.

Any transaction is subject to, *inter alia*, business, real estate, financial, tax, environmental, securities, employee benefit and legal due diligence; no material adverse changes to the properties, business, condition (financial or otherwise) or prospects of the Company; receipt of requisite and satisfactory internal and third party approvals; and definitive documentation satisfactory to each party in their sole discretion. The definitive documentation of the Transaction will include, without limitation, representations, warranties, covenants, controls, conditions and indemnities, including those customary and appropriate to transactions of this size and nature. For further detail on these matters, please refer to the Term Sheet, attached hereto.

We and our professionals have done extensive diligence work to date on the financial, operational and legal aspects of the company. Based on the preliminary results, we are highly confident of our ability to close the Transaction within 30 days.

This Indication of Interest is not binding, except for the provisions listed below and agreed to by the Company, BEN LLC ("BLLC"), and the equity holders of BLLC by their authorized representatives (the "Equity Holders"), and neither this nor any other proposal represents a commitment or intention to commit by Versa, the undersigned or any of their affiliates or representatives to enter into any agreement, provide any funding or consummate any transaction. Such a commitment can only occur after detailed due diligence, execution of mutually satisfactory definitive documentation, and obtaining all requisite consents and approvals, including from requisite third parties.

We are prepared to work expeditiously and devote significant resources to close the Transaction within 30 days.

In order for Versa to commence work, the Company, BLLC and the Equity Holders agree to the following terms:

(1) To grant to Versa a period of exclusivity for 60 days from the date of acceptance hereof to negotiate, enter into and close a definitive agreement (provided however, such exclusivity period will end earlier in the event (i)

Expression of Interest – Shapes/Arch Holdings, LLC
February 6, 2008
Page 3 of 8

Versa notifies the Company in writing that it is no longer actively pursuing the transaction (which notice Versa agrees to give upon reaching such a conclusion) or (ii) agreement in principal with the existing lenders with respect to the Lender Agreement is not achieved within 30 days from the date of acceptance hereof.)

(2)     To maintain the contents of this letter and the attached term sheet strictly confidential, not disclosing them to any other party, including other prospective purchasers, lenders, investors and interested parties, without Versa's prior written consent (except advisors, accountants, attorneys, existing lenders and Equity Holders).

(3)     In the event of a breach of the above provisions without Versa's expressed written consent, then Versa will be entitled, solely from the Company and/or BLLC, to a break-up fee of $500,000 plus reimbursement of all Versa's reasonable and documented out of pocket expenses incurred in pursuit of the Transaction.

This proposal will expire if not accepted, counter-signed, and returned to Versa by fax (215-609-3410) by 5pm Philadelphia, PA time on Thursday February 7, 2008.

We believe the Transaction would be beneficial to all parties, and are prepared to devote the required time and resources on an expedited basis. If you have any questions or require additional information, please feel free to call me at (215) 609-3434. We look forward to working with you, and we are prepared to move expeditiously towards a successful closing of the Transaction.

Sincerely,

VERSA CAPITAL MANAGEMENT, INC.

Paul Halpern, Partner

Cc:     Gregory L. Segall
        William R. Quinn

[SIGNATURES CONTINUED ON NEXT PAGE]

ACCEPTED AND AGREED:

SHAPES/ARCH Holdings, LLC, on behalf of itself
and its direct and indirect subsidiaries and affiliates

By: _____
       Steven Grabell, Manager

By: _____
       Steven Fleisher, Manager


BEN, LLC


By:_____
       Steven Grabell, Manager


Existing Holders:


By: **Frank Kessler**, for himself and as Voting Trustee for Linda Fleisher, Cecelia Kessler and Ellen Grossman under that certain Amended and Restated Operating Agreement of Ben, LLC dated August 20, 2004, as amended.

By: **Steven Fleisher**, for himself and as Voting Trustee for Linda Fleisher, Cecelia Kessler and Ellen Grossman under that certain Amended and Restated Operating Agreement of Ben, LLC dated August 20, 2004, as amended.


By: **A. Jerome Grossman**, for himself and as Voting Trustee for Linda Fleisher, Cecelia Kessler and Ellen Grossman under that certain Amended and Restated Operating Agreement of Ben, LLC dated August 20, 2004, as amended.

By: **Steven Grabell**, for himself and as Voting Trustee for Linda Fleisher, Cecelia Kessler and Ellen Grossman under that certain Amended and Restated Operating Agreement of Ben, LLC dated August 20, 2004, as amended.

**Term Sheet**

---

**Equity Transaction:**

EQUITY OWNERSHIP OF 'HOLDINGS' POST-TRANSACTION

| | |
|---|---|
| 85% | to NEWCO in connection with the Transaction. |
| 7.5% | to Equity Holders, National City Bank, Management and all other affiliates (collectively, the "Existing Holders") in full and complete satisfaction of all debts, claims and other interests in or against the Company, including but not limited to all outstanding subordinated indebtedness, deferred compensation, and employment-related interests. Each Existing Holder may elect to receive 5% of the amount of such Existing Holder's claims in lieu of receipt of this equity. |
| 7.5% | to Management, subject to customary exit vesting, forfeiture, re-conveyance and other customary and governing provisions determined by NEWCO in connection with the continuation or termination of Management's employment. |

Existing Equity Interests/
Co-Investment Right

Existing Holders will have the right (but not the obligation) to commit to co-invest on a *pari passu* basis in up to 5% of all (but not less than all) of the investments of the NEWCO entities in the Company and its affiliates.  Management will have a similar right with respect to 2.5% of the investments of the NEWCO entities. All existing equity interests in the Company will be extinguished.

Operating Agreement/
Governance

New operating agreements and governance documents to be negotiated to the satisfaction of Versa, including elimination of existing voting control arrangements and implementation of simple majority rules for all matters.

Representations, Warranties
and Covenants

The Company and BLLC will make operational, business and financial representations and warranties, and affirmative and negative covenants TBD by Versa including customary for transactions of this nature. Existing Holders will make representations limited to their holdings and their authority with respect thereto.

| | |
|---|---|
| Conditions Precedent | Conditions precedent to closing customary for transactions of this nature and arrangements with Management, all satisfactory to Versa in its sole discretion. |
| Indemnification | Indemnification, defense and hold harmless of NEWCO, Versa, and their employees, affiliates and representatives by the Company customary for transactions of this nature (which indemnification rights will constitute Obligations under the New Term Loan). |

**New Term Loan:**

| | |
|---|---|
| Lender | NEWCO and such other participants as Versa, in its sole discretion shall determine. |
| Borrower | The Company |
| Term Loan | FIFTEEN MILLION DOLLARS ($15,000,000) |
| Maturity Date | 54 months after the Closing Date |
| Advances | From time to time until six months after the Closing Date as may be required pursuant to the approved budget to be determined prior to the Closing Date. |
| Interest | The outstanding balance shall bear interest at the rate of 20% per annum, provided that current cash payment of such interest will be limited to interest calculated at a rate per annum equal to the greater of (a) 12.5% and (b) Prime plus 6.5%. Interest due monthly in arrears; cash interest payable when due. Remaining interest on principal amounts (including yield maintenance thereon) payable upon repayment of such principal. All interest and fees computed on the basis of a 360 days year for the actual days elapsed. |
| Yield Maintenance | For each advance, 4 years from the date of such advance. |
| Commitment Fee | $750,000 at closing |
| Management/Monitoring Fee | $50,000 per month to Versa on account of services. |
| Amortization | The outstanding principal balance of the Term Loan will be due and payable on the Maturity Date. In addition, on the Maturity Date, the Company will pay all accrued and unpaid interest and other obligations. |

Mandatory Prepayments       Subject to the Lender Agreement, all proceeds from sale or other disposition of Collateral, all casualty loss proceeds and annual payment of "Excess Cash".

"Excess Cash"       Annual mandatory prepayment due on or before April 30 of each year in an amount equal to [TBD]% of Excess Cash Flow for the most recently completed fiscal year. Excess Cash Flow to be defined in definitive documentation (generally EBITDA minus cash interest and approved capital expenditures in the most recent fiscal year).

Intercreditor Arrangements       Arrangements with the existing lenders to the Company (the "Lender Agreement") satisfactory to Versa in its sole discretion will be required.

Collateral       All obligations and liabilities secured by a first priority perfected security interest in all now owned or hereafter acquired assets of the Company (tangible and intangible), subject only to permitted liens under the Lender Agreement.

Reps/Warranties/Covenants:       TBD including those customary for this type of transaction, including but not limited to the following:
(a) Minimum Liquidity and Availability
(b) Fixed Charge Coverage
(c) Debt Incurrence Limits and Prohibitions
(d) EBITDA
(e) Arrangements with key trade creditors satisfactory to Versa in its sole discretion.

Events of Default       TBD including those customary for this type of transaction

Expenses       All expenses of NEWCO and Versa to be reimbursed at closing, and all expenses arising post-closing shall be promptly reimbursed as presented and shall constitute Obligations secured by the Collateral.

Indemnification       Lender, NEWCO, Versa, and their employees, affiliates and representatives shall be indemnified, defended and held harmless by the Company for all matters arising under or related to any of the agreements or transactions contemplated hereunder (which indemnification shall be an Obligation secured by the Collateral).

**General/Other Terms:**

Choice of Law            New York

Disclaimer               NEWCO's present intent is to attempt to effectuate the
                         restructuring of the Company 'out-of-court', although there
                         can be no assurances a reorganization or other judicial
                         proceeding will not occur in either the short or long term, in
                         which case some or all of the interests provided in the
                         Transaction may become impaired or lost entirely.

Term Sheet Expiration    Thursday February 7, 2008 at 5pm Philadelphia, PA time.