**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Alan D. Halperin, Esq.
Donna Lieberman, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Michael D. Sirota, Esq.
Ilana Volkov, Esq.
Warren A. Usatine, Esq.

Co-Counsel for the Official
Committee of Unsecured Creditors

| | |
|---|---|
| In the Matter of:<br><br>SHAPES/ARCH HOLDINGS, L.L.C., et al.,<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE GLORIA M. BURNS<br>CASE NO. 08-14631(GMB)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER SHORTENING TIME FOR NOTICE OF HEARING ON MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER PURSUANT TO SECTION 1121(d) OF THE BANKRUPTCY CODE FOR AN ORDER TERMINATING THE DEBTORS' EXCLUSIVE PERIODS TO FILE A PLAN OF REORGANIZATION AND SOLICIT ACCEPTANCES THERETO** |

45765/0001-1519919v1

TO: HONORABLE GLORIA M. BURNS
United States Bankruptcy Judge

The Official Committee of Unsecured Creditors (the "Committee") of Shapes/Arch Holdings L.L.C., *et al*. (the "Debtors"), by and through its co-counsel, hereby submits this application (the "Application") pursuant to Fed. R. Bankr. P. 9006(c)(1) and D.N.J. LBR 9013-1(e) for entry of an order shortening the time period for notice and setting a hearing on the Committee's motion (the "Motion") pursuant to section 1121(d) of Title 11 of the United States Code for an order terminating the exclusive periods of Shapes/Arch Holdings L.L.C. ("Shapes/Arch") and its above-captioned wholly owned subsidiaries (collectively, the "Debtors") to file a plan of reorganization and solicit acceptances thereto (the "Motion"). In support of the Application, the Committee respectfully states as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1. The Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§157 and 1334. Venue of the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief sought herein are Fed. R. Bankr. P. 9006(c) and D.N.J. LBR 9013-1(e).

3. Rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure authorizes this Court, for cause shown, to reduce the normal twenty (20)-day notice period for a motion imposed by Rule 9013-1(a) of the Local Rules of Bankruptcy Procedure. If the time period is not shortened with regard to the Motion, the next available hearing date, with allowance for notice as required by D.N.J. LBR 9013-1(a), would be May 19, 2008.

**RELIEF REQUESTED AND BASIS THEREFOR**

4. By the Motion and for the reasons set forth in the Application in support thereof (the "Application to Terminate Exclusivity"), the Committee seeks entry of an order terminating the exclusive periods in which the Debtors and only the Debtors may file a plan of reorganization and solicit acceptances thereto (the "Exclusivity Periods"), effective immediately. Absent order of this Court, the Debtors' Exclusive Periods in which to file a plan of reorganization and solicit acceptances thereto will expire on July 14, 2008 and September 12, 2008, respectively.

5. The Debtors' management, whether because it is controlled by Versa[1] or for other reasons, has assigned its fiduciary responsibilities to Versa (as lender/buyer and controller of the companies) and, thus, is unable to fulfill the fiduciary duties it undeniably owes to the Debtors' creditors and estates. The Debtors are conducting these cases for the benefit of Versa, as evidenced by the terms of the Versa DIP and the Plan, and even the supposedly improved, amended plan, and are actively and arrogantly opposing the legitimate efforts of the Committee and third parties to open the sale process to competitive bids.

6. The Debtors' actions to protect a closed and unfair process at all cost can only discourage potential bidders, and as the Debtors themselves have made clear, the passage of time does not benefit these estates. The Debtors have been adamant about their precarious financial situation and the fact that they will run out of money in the near future, even with the DIP financing arrangements. Therefore, an undue delay in the consideration of the Motion will allow these cases to continue down the wrong track, to the detriment of creditors, and in violation of fundamental bankruptcy principles.

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Application to Terminate Exclusivity.

3

7.      These facts and others, more fully discussed in the Application to Terminate Exclusivity, have led the Committee to conclude that cause exists to terminate the Exclusivity Periods, and that consideration of the Motion cannot wait a full motion cycle (i.e., until May 19, 2008).

8.      Accordingly, time is of the essence and the Committee respectfully submits that cause exists to shorten the notice period on the Motion.

9.      The Court already has scheduled a hearing to consider the motion of Arch Acquisition I, LLC (an affiliate of H.I.G. Capital) to terminate the Debtors' exclusive periods to file a plan of reorganization and solicit acceptances thereto (the "Arch Motion to Terminate Exclusivity") for **May 9, 2008 at 10:00 a.m.**  Contemporaneously with this Application, the Committee has filed an application seeking shortened notice for the Committee's motion to appoint a Chapter 11 trustee.  As consideration of appointment of a Chapter 11 trustee is inherently intertwined with consideration of termination of the Debtors' Exclusive Periods, the Committee submits that shortened notice is both necessary and appropriate.  In the interests of judicial economy, the Committee respectfully requests that the Motion should be heard at the same time as the Arch Motion to Terminate Exclusivity.

10.     Reduction of the time period in question is not prohibited under Fed. R. Bankr. P. 9006 (c)(2) and the rules listed therein.

45765/0001-1519919v1

WHEREFORE, the Committee respectfully requests that the Court grant the Application and such other relief that the Court deems just and appropriate under the circumstances.

        Respectfully submitted,

        **HALPERIN BATTAGLIA RAICHT, LLP**
        Co-Counsel to the Official Committee of
        Unsecured Creditors

        By:   */s/ Alan D. Halperin*
              Alan D. Halperin, Esq.
              Donna H. Lieberman, Esq.

        **COLE, SCHOTZ, MEISEL,**
        **FORMAN & LEONARD, P.A.**
        Co-Counsel to the Official Committee of
        Unsecured Creditors

        By:   */s/ Michael D. Sirota*
              Michael D. Sirota
              Ilana Volkov
              Warren A. Usatine

DATED: April 29, 2008

45765/0001-1519919v1