| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| **MARK E. FELGER (MF9985)** **JERROLD N. POSLUSNY, JR. (JP7140)** **COZEN O'CONNOR** Liberty View, Suite 300 457 Haddonfield Road Cherry Hill, NJ  08002 (856) 910-5000 Attorneys for the Debtors | |
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Judge: Gloria M. Burns Chapter: 11 |

## ORDER (i) APPROVING THE DISCLOSURE STATEMENT (ii) APPROVING FORM AND MANNER OF SOLICITATION PACKAGES (iii) APPROVING THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION HEARING; (iv) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES FOR DISTRIBUTION OF SOLICITATION PACKAGES; (v) APPROVING FORMS OF BALLOTS; (vi) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS; (vii) APPROVING PROCEDURES FOR VOTE TABULATIONS; (viii) ESTABLISHING DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO CONFIRMATION OF THE PLAN; (ix) APPROVING BIDDING PROCEDURES AND <u>BREAK-UP FEES AND (x) GRANTING RELATED RELIEF</u>

The relief set forth on pages 2 through 15 is hereby **ORDERED**

Upon consideration of the motion (the "Motion")[1] of the above-captioned Debtors and

Debtors in possession (the "Debtors"), for the entry of an order pursuant to sections 105, 1125,

1126 and 1128 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 3016,

3017 and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

(i) approving the Disclosure Statement, (ii) approving the form and manner of the Debtors'

proposed solicitation packages relating to the Debtors' Joint Plan of Reorganization (including

all exhibits thereto and as the same may be further amended, modified or supplemented from

time to time, hereinafter "Plan") and the accompanying Disclosure Statement pursuant to section

1125 of the Bankruptcy Code with respect to the Plan (including all exhibits thereto and as

amended, modified or supplemented from time to time); (iii) approving the form and manner of

notice of the Confirmation Hearing; (iv) establishing a record date and approving procedures for

distributing solicitation packages; (v) approving the forms of ballots; (vi) establishing the

deadline for the receipt of ballots; (vii) approving procedures for tabulating acceptances and

rejections of the Plan; (viii) establishing the deadline and procedures for filing objections to

confirmation of the Plan; and (ix) granting related relief; and it appearing that adequate and

sufficient notice of the Motion has been given under the circumstances; and it further appearing

that adequate and sufficient notice, pursuant to Bankruptcy Rule 2002(b), of the hearing to

approve the Disclosure Statement has been given; and the Court having conducted hearings to

approve the Disclosure Statement on May 1, 2008 (the "Hearing"); and after due deliberation

and upon the Court's determination that the relief requested in the Motion is in the best interests

of the Debtors, its estate, creditors and other parties in interest; and sufficient cause appearing

thereof,

---

[1]       Unless otherwise defined in herein, all capitalized terms shall have the respective meanings ascribed to
them in the Motion.

THE COURT HEREBY FINDS AND DETERMINES THAT:

A.      The Motion is granted as provided herein and the Disclosure Statement, substantially in the form attached hereto as Exhibit 1, is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.      The Ballots attached to this Solicitation Order as Exhibits Dl, D2, D3, D4, D5, D6, D7 and D8, and are sufficiently consistent with Official Form No. 14, adequately address the particular needs of this chapter 11 case, and are appropriate for each class of Claims or Interests entitled, under the Plan, to vote to accept or reject the Plan.

C.      Ballots need not be provided to holders of Claims in Class 1 (Other Priority Claims), Class 2 (Miscellaneous Secured Claims), Class 6 and 7 Interests. The Plan provides that holders of Claims in Classes 1 and 2 and holders of Interests in Class 7 are Unimpaired under the Plan, conclusively presumed to have accepted the Plan under the Bankruptcy Code, and thus are not entitled to vote to accept or reject the Plan. The Plan provides that holders of Interests in Class 6 are Impaired under the Plan, shall neither receive nor retain any property under the Plan on account of such Interests, and thus are deemed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

D.      The voting instructions and procedures attached to the Ballots provide for a fair and equitable voting process and are consistent with section 1126 of the Bankruptcy Code and the Bankruptcy Rules.

E.      The contents of the Solicitation Packages, as set forth in the Motion and this Solicitation Order, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, holders of Claims against, and Limited Liability Company Interests in the Debtors.

F.      The combination of direct and published notice of the Plan and Confirmation

Hearing, as set forth in the Motion and this Solicitation Order, satisfies the requirements of due

process with respect to all known and unknown creditors of the Debtors and other parties-in-

interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.      <u>Disposition</u>.  The Motion is granted as provided herein, and the Disclosure

Statement, substantially in the form attached hereto as <u>Exhibit 1</u>, is approved as containing

adequate information within the meaning of section 1125 of the Bankruptcy Code.

2.      All objections and responses concerning the Motion and the adequacy of the

information contained in the Disclosure Statement are resolved in accordance with the terms of

this Order and as set forth in the record of the Hearing and to the extent any such objection or

response was not otherwise withdrawn, waived, or settled, it is overruled and denied (including

all reservations of rights or relief requested therein).

3.      <u>Record Date</u>.  The record date (the "<u>Record Date</u>") for purposes of determining

which holders of Claims and Limited Liability Company Interest are entitled to receive the

Solicitation Packages or the Rejecting Class Notice and/or to vote on the Plan, as applicable,

shall be the date of the entry of this Solicitation Order. If the Debtors does not file and serve an

objection to a Proof of Claim, the holder of that Claim shall only be entitled to vote to accept or

reject the Plan in the amount of such Claim as is held as of the Record Date. Subject to a

claimant's right to seek relief under Bankruptcy Rule 3018 as provided for in paragraphs 23 and

24 of this Solicitation Order, if the Debtors file and serves an objection to a Proof of Claim, the

holder of that Claim shall only be entitled to vote to accept or reject the Plan in the amount and

Class to which the Debtors seeks to reduce and/or reclassify that Claim or as otherwise ordered

by the Court.

    4.    <u>Solicitation Packages</u>.  The Solicitation Commencement Date shall be the date of

the entry of this Solicitation Order. The Debtors is authorized and directed to distribute, or cause

to be distributed the Solicitation Packages, by first class mail to all holders, as of the Record

Date, of Claims in Classes 1 through 9 containing copies of:

        a.    the Disclosure Statement, together with the Plan and other exhibits attached thereto, or a CD-Rom (the "<u>CD-ROM</u>" or "<u>Hard Copy</u>");

        b.    this Solicitation Order, excluding exhibits attached thereto;

        c.    the Confirmation Hearing Notice;

        d.    either

            (i)    a Ballot, together with a return envelope or

            (ii)    an Unimpaired Notice of Non-Voting Status; and

        e.    such other materials as the Court may direct or approve, including supplemental solicitation materials the Debtors may file with the Court.

The Debtors is authorized, but not directed, to distribute the Disclosure Statement and Plan on

CD-ROM, <u>provided</u>, <u>however</u>, any party receiving the CD-ROM may request, at the Debtors'

expense, hard copies of the Disclosure Statement, together with the Plan and other exhibits

attached thereto, from the Voting Agent.

    5.    To the extent that the following parties would not receive a Solicitation Package

pursuant to this Solicitation Order, the Debtors is authorized and directed to distribute, or cause

to be distributed, on or as soon as reasonably practicable after the Solicitation Commencement

Date, the following documents to the following parties (a) Disclosure Statement, together with

the Plan and other exhibits attached thereto, on CD-Rom or Hard Copy (b) the Solicitation

Order, excluding exhibits annexed thereto, and (c) the Confirmation Hearing Notice to: (i) the

United States Trustee, (ii) holders of Administrative Claims and Priority Tax Claims, and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002.

6.      A transferee of a Claim shall be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if: (a) all actions necessary to effect the transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date; or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence that transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall also be bound by any vote (and the consequences thereof) made on the Ballot by the holder as of the Record Date of such transferred Claim.

7.      If a Claim is transferred after the transferor has completed and returned a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder as of the Record Date of such transferred Claim.

8.      Delivery to Holders of Unimpaired Claims.  The Unimpaired Notice of Non-Voting Status, substantially in the form attached hereto as Exhibit B, is hereby approved.  The Debtors shall distribute Solicitation Packages, which shall include an Unimpaired Notice of Non-Voting Status, to holders, as of the Record Date, of Claims in Class 1 (Other Priority Claims), Class 2 (Miscellaneous Secured Claims) and Class 8 Interests.

9.      Notices to Deemed Rejecting Class.  The Rejecting Class Notice, substantially in the form attached hereto as Exhibit C, is hereby approved. The Debtors are not required to transmit a Solicitation Package to holders of Interest in Class 6 (Ben Interests). Instead, the Debtors shall mail by the Solicitation Commencement Date (by first class mail) to each member

6

of a Rejecting Class at its address to which notices are required to be sent pursuant to

Bankruptcy Rule 2002(g): (a) the Confirmation Hearing Notice, (b) the Solicitation Order,

excluding exhibits attached thereto and (c) an Impaired Notice of Non-Voting Status.

10.     Undeliverable or Returned Notices and Solicitation Packages.  The Debtors are

excused from distributing Solicitation Packages, Confirmation Hearing Notices or Rejecting

Class Notices to those entities listed at addresses where the Debtors are unable to obtain accurate

addresses for such entities before the Solicitation Commencement Date after having exercised

good faith efforts to locate a more current address.

11.     Further, if the Debtors send Solicitation Packages, Confirmation Notices or

Rejection Class Notices which are deemed undeliverable, and, in good faith cannot obtain more

current addresses, the Debtors are excused from attempting to re-deliver Solicitation Packages,

Confirmation Notices or Rejecting Class Notices to such entities.

12.     Approving Forms of Ballots, Distribution Thereof.  The Ballots, substantially in

the forms, annexed hereto as Exhibits D1, D2, D3, D4, D5, D6 and D7, are hereby approved.

13.     Each Ballot shall include the name, address, amount, and Class of each Claim or

Interest asserted by each respective holder of a Claim or Interest in any of Classes 3 through 11.

Except as otherwise provided by an order of the Court, the amount and Class of any such Claim

or Interest shall be determined by Claims Agent as follows: (i) if the Claim or Interest has been

Allowed by an Order of the Court, the amount and Class of the Allowed Claim; (ii) if a Claim or

Interest is subject to a pending objection, the amount and Class to which the Debtors seeks to

reduce and/or reclassify the Claim or Interest in that objection; (iii) if subsections (i) and (ii) are

inapplicable and if the holder of such Claim or Interest filed a Proof of Claim, the amount and

Class of such Claim or Interest as asserted in that Proof of Claim; and (iv) if the holder of such

Claim or Interest has not filed a Proof of Claim, the amount and Class of such Claim or Interest as identified in the Debtors' Schedules of Liabilities, provided that such Claim or Interest is not identified as contingent, unliquidated, or disputed and if such Claim is so identified, the holder of such Claim or Interest shall not be entitled to vote on the Plan.

14.     If a Proof of Claim identifies a Claim or Interest as contingent, unliquidated, or disputed, or if a Proof of Claim is deemed disputed under the Plan, such Claim or Interest shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

15.     Upon written request (via facsimile or United States mail to the addresses identified in paragraph 21 of this Solicitation Order) from a holder of a Claim in any of Classes 4 through 9 in which such holder requests a Ballot, the Debtor or Claims Agent shall provide a Ballot to such requesting party within three Business Days from receipt of such request.

16.     Creditors who have more than one Claim against the Debtors in any particular Class or Case shall receive (i) only one Solicitation Package; and (ii) one Ballot for each Class of Claims against the Debtors.

17.     Solicitation Packages, which shall include Ballots, shall be distributed to holders, as of the Record Date, of Claims or Interests in the following Classes, which Classes are designated under the Plan as entitled to vote to accept or reject the Plan:

| Class | Type of Claim or Interest |
|-------|---------------------------|
| 3 | CIT Claims |
| 4 | Collateralized Insurance Program Claims |
| 5 | General Unsecured Claims |
| 8 | EPA/NJDEP Claims |
| 9 | Secured Real Estate Claims |
| 10 | Claims of Purchase Money Security Holders |
| 11 | Secured Claims of Warehousemen and Shippers |

18.    The Solicitation Package and the manner of service of the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

19.    <u>Voting Deadline</u>.  For a Ballot to be counted, the original Ballot must be properly executed, completed, delivered to, and received by the Voting Agent (at the addresses identified in paragraph 21 of this Solicitation Order) on or before **[May __], 2008 at 4:00 p.m. (Eastern Time)** (the "<u>Voting Deadline</u>"), unless extended by the Debtors.

20.    <u>Continuation of Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services LLC, as Voting Agent ("BSI")</u>. BSI is authorized to, among other things, perform all Balloting Services.

21.    <u>Ballot Tabulation</u>.  All original Ballots must be delivered to the Voting Agent by (a) first class mail postage prepaid in the return envelope provided with the Ballot, addressed to Shapes/Arch Holdings, L.L.C., Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112, or (b) personal delivery or overnight courier to Shapes/Arch Holdings, L.L.C., Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention: [                    ].  Any late, non-conforming or modified ballots received by BSI will be noted in the ballot certification.

22.    To the extent that the Debtors have filed an objection to any claim (as defined in section 101(5) of the Bankruptcy Code) solely for Plan voting purposes by filing a determination motion (the "<u>Determination Motion</u>") on or before [May __], 2008, the Court will conduct a hearing on any Determination Motion at the Confirmation Hearing or such earlier time as may be scheduled by the Court. If a Determination Motion is filed, the ruling by the Court on the Determination Motion shall be considered a ruling with respect to the allowance of the claim(s)

under Bankruptcy Rule 3018 and such claim(s) shall be counted, for voting purposes only, in the amount determined by the Court. The filing of a Determination Motion or a ruling by the Court thereon, shall not affect the Debtors', or the Plan Administrator's upon and after the Effective Date of the Plan, right or ability to later object to such claim(s) for any other purposes, including distribution under the Plan. Responses, if any, to the Determination Motion shall be filed no later than five (5) business days prior to the hearing on the Determination Motion.

23.    If, for purposes of voting on the Plan, (a) any party wishes to have its Claim allowed in a manner that is inconsistent with the Ballot it received; or (b) any party that did not receive a Ballot wishes to have its Claim temporarily allowed (for voting purposes only), such party must file, with the Bankruptcy Court, a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion"), and serve the 3018 Motion on the parties identified at the address set forth in paragraph 35 of this Solicitation Order, on or before [                    ], 2008 at 4:00 p.m. (Eastern Time).  A 3018 Motion must set forth with particularity the amount and Class of its claim(s) that should be allowed for voting purposes, and the evidence in support of such Claim.

24.    In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted in the amount and Class (a) agreed to by the Debtors and the creditor; (b) allowed (for voting purposes) pursuant to an Order of the Court, if such Order is entered on or before the Voting Deadline; or (c) set forth on the pre-printed Ballot if such Order is not entered on or before the Voting Deadline and the creditor received a pre-printed Ballot. If such Order is not entered on or before the Voting Deadline and the creditor did not receive a pre-printed Ballot, the creditor's Ballot shall not be counted. The Court shall consider all 3018 Motions at or prior to the date for the hearing on confirmation of the Plan.

25.     Except as otherwise provided by the express terms of this Solicitation Order, any Ballot received after the Voting Deadline shall not be counted.

26.     If a holder of one or more Claims or Interests in any of Classes 3 through 9 casts two or more Ballots with respect to Claims or Interests in the same class, the last Ballot received on or before the Voting Deadline shall be deemed to reflect the voter's intent and supersede any prior Ballots.  If a holder of one or more Claims or Interests in any of Classes 3 through 9 casts two or more Ballots with respect to Claims or interests in the same class, which are received by the Voting Agent on the same day but are voted inconsistently, such Ballots will not be counted.

27.     Holders of multiple Claims or Interests within a particular Class must vote all of their Claims or Interest within such Class to either accept or reject the Plan and may not split their vote(s).

28.     Any Ballot that both accepts and rejects the Plan will not be counted.

29.     Any Ballot that partially rejects and partially accepts the Plan will not be counted.

30.     A holder of Claims or Interests in more than one Class under the Plan must submit Ballots for each Class of Claims or Interests.

31.     The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

    a.      any ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan;

    b.      any ballot received after the Voting Deadline, unless the Voting Deadline has been extended by the Debtors;

    c.      any ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

d.    any ballot that is illegible or contains insufficient information to permit the
identification of the claimant;

e.    any ballot east by a person or entity that does not hold a Claim in a class
that is entitled to vote to accept or reject the Plan;

f.    any unsigned ballot, stamped signature ballot or ballot without an original
signature; and

g.    any ballot transmitted to the Voting Agent by facsimile or other electronic
means.

32.    In addition, the following voting procedures and standard assumptions shall be

used in tabulating the Ballots:

a.    The method of delivery of ballots to be sent to the Voting Agent is at the
election and risk of each creditor, but such delivery will be deemed made
only when the original, executed ballot is actually received by the Voting
Agent.

b.    If multiple ballots are received from an individual creditor with respect to
the same Claims prior to the Voting Deadline, the last ballot timely
received will be deemed to reflect the voter's intent and to supersede and
revoke any prior ballot.

c.    Subject to further order of the Court, questions as to the validity, form,
eligibility (including time of receipt), acceptance, and revocation or
withdrawal of ballots shall be determined by the Voting Agent and the
Debtors.

d.    After the Voting Deadline, no vote may be withdrawn or modified without
order of the Court.

e.    Subject to any contrary order of the Court, the Debtors reserve the
absolute right to reject any and all ballots not proper in form.

f.    Unless waived or as ordered by the Court, any defects or irregularities in
connection with deliveries of ballots must be cured within such time as the
Debtors (or the Court) determine, and unless otherwise ordered by the
Court, delivery of such ballots will not be deemed to have been made until
such irregularities have been cured or waived.

g.    Neither the Debtors, nor any other person or entity, will be under any duty
to provide notification of defects or irregularities with respect to deliveries
of ballots, nor will any of them incur any liabilities for failure to provide
such notification. Ballots previously furnished (and as to which any

irregularities have not theretofore been cured or waived) will not be counted.

33.     Except as otherwise modified by this Solicitation Order, each holder of a Claim in any of Classes 3 through 9 shall be entitled to vote the amount of such Claim as is held as of the Record Date.

34.     <u>Plan Confirmation</u>.  A hearing shall be held before this Court on **[May \_\_], 2008 at 10:00 a.m. (Eastern Time)** (the "<u>Confirmation Hearing</u>"), to consider confirmation of the Plan. The Confirmation Hearing may be continued from time to time by the Court without further notice.

35.     Any objection to confirmation of the Plan (including any supporting memoranda) must: (i) be made in writing; (ii) state the name and address of the objecting party and the nature of the claim or interest of such party; (iii) state with particularity the legal and factual basis and nature of any objection to the Plan; and (iv) be filed with the Court, together with proof of service, and served so that they are received on or before **[                    ], 2008 at 4:00 p.m. (Eastern Time)** (the "<u>Objection Deadline</u>") by the following parties:

If to the Debtors:          Steven Grabell CEO
                            Shapes/Arch Holdings, L.L.C.
                            9000 River Road
                            Delair, NJ  08110
                            Telephone:
                            Facsimile:
                            Email:

with a copy to:             Cozen O'Connor
                            LibertyView, Suite 300
                            457 Haddonfield Road
                            Cherry Hill, NJ  08002
                            Attention:  Mark E. Felger, Esquire
                            Telephone:  856-910-5000
                            Facsimile:  856-910-5075
                            Mfelger@cozen.com

If to Reorganized Debtors: Steven Grabell CEO
 Shapes/Arch Holdings, L.L.C.
 9000 River Road
 Delair, NJ  08110
 Telephone:
 Facsimile:
 Email:

If to Plan Funders: Versa Capital Management, Inc.
 Cira Centre
 2929 Arch Street
 Philadelphia, PA  19104
 Attention:  Paul Halpern, Partner
 Telephone:  215-609-3400
 Facsimile:  215-609-3499
 phalpern@versafund.com

with a copy to: Blank Rome LLP
 Joel C. Shapiro, Esquire
 Woodland Falls Corporate Park
 200 Lake Drive East, Suite 200
 Cherry Hill, NJ  08002
 Telephone: 856-779-3600
 Facsimile:  856-779-7647
 Shapiro-jc@blankrome.com

If to the U.S. Trustee: United States Trustee's Office
 One Newark Center
 21st Floor, Room 2106
 Newark, NJ 07102

36. The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance herewith by the Objection Deadline shall be deemed overruled.

37. The forms of mailed and published notices of the Confirmation Hearing, substantially in the forms annexed hereto as Exhibits A and E are approved in all respects. The scope of mailed and published notices of the Confirmation Hearing is adequate and provides known and unknown claimants with good and sufficient notice of the Confirmation Hearing.

38.     Service of the Solicitation Packages and other notices and documents described in the Motion shall be adequate and sufficient and no further notice is necessary. To the extent possible, the Debtors will post a copy of the Plan, the Plan Supplement and Disclosure Statement on its website.

39.     The Debtors are authorized to make any non-substantive changes to the voting procedures, Ballots, solicitation letter, Plan, Disclosure Statement, notices of non-voting status, and/or forms of mailed and published notices of the Confirmation Hearing without further order of the Court, including, without limitation changes to correct typographical, grammatical and/or formatting errors or omissions prior to the mailing to parties-in-interest.

40.     In the event an Alternative Trigger Event occurs under the Plan, then the Debtors, agree to an auction process to sell the Debtors' interests being transferred to the Plan  Funder under the First Amended Joint Plan of Reorganization dated April 24, 2008 ("Plan") pursuant to the bid procedures, in the form annexed hereto as Exhibit F (the "Bid Procedures").  All of the Bid Procedures are hereby approved (including, without limitation, the payment of the Break-Up Fee to the Plan Funders) and upon the occurrence of an Alternative Trigger Event, the Confirmation Hearing referenced in Section 34 above will be continued until 10:00 a.m. on June 19, 2008.

41.     The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Solicitation Order without seeking further order of the Court.

42.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Solicitation Order.

# EXHIBIT A

# CONFIRMATION NOTICE

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

| In re: | Case No. 08-14631 |
|---|---|
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Judge: Gloria M. Burns<br><br>Chapter: 11 |

### NOTICE OF HEARING TO CONSIDER CONFIRMATION
### OF DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION

PLEASE TAKE NOTICE THAT on March ___, 2008, the Debtors and Debtors-in-possession in the above-captioned cases (the "Debtors"), filed the Debtors' Joint Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") and the Joint Disclosure Statement for the Debtors' Chapter 11 Plan of Reorganization (as may be amended, the "Disclosure Statement").

PLEASE TAKE FURTHER NOTICE THAT:

1.      On [_____], 2008, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

2.      A hearing (the "Confirmation Hearing") will be held on [_____], 2008 at 10:00 a.m. (prevailing Eastern Time) before the Honorable _____, United States Bankruptcy Judge, convened at the United States Bankruptcy Court for the District of New Jersey, 401 Market Street, Second Floor, Camden, NJ 08101, to consider confirmation of the Plan, as the same may be further amended or modified, and for such other and further relief as may be just. The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

3.      If you hold a claim against the Debtors as of [_____], 2008 (the "Record Date") and are entitled to vote to accept or reject the Plan, you have received with this Confirmation Hearing Notice, a form of ballot and voting instructions appropriate for your claim. For your vote to accept or reject the Plan to be counted, you must complete all required information on the ballot, execute the ballot, and return the completed ballot to the address indicated on the ballot so as to be received by Bankruptcy Services LLC (the "Voting Agent") **no later than 4:00 p.m. Eastern Time on [_____], 2008, unless such time is extended** (the "Voting Deadline"). Any failure to follow the voting instructions included with the ballot may disqualify your ballot and your vote.

4.      If you have not received a form of ballot and are entitled to vote on the Plan and desire to vote on the Plan, you must request a form of ballot and voting instructions appropriate for your claim from the Voting Agent at the address set forth below and submit your ballot as set forth above by the Voting Deadline.

5.      If, for purposes of voting on the Plan, (a) you wish to have your Claim allowed in a manner that is inconsistent with the Ballot you received; or (b) you did not receive a Ballot and wish to have your Claim temporarily allowed (for voting purposes only), you must file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion"), and serve the 3018 Motion on the parties identified at the address set forth in paragraph 34 of the Solicitation Order, on or before [_____], **2008 at 4:00 p.m. (Eastern Time)**. A 3018 Motion must set forth with particularity the amount and Class of your Claim(s) that should be allowed for voting purposes, and the evidence in support of such Claim. In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted in the amount and Class (a) agreed to by the Debtors and Creditor; (b) allowed (for voting purposes) pursuant to an Order of the Court, if such Order is entered on or before [_____], **2008 at 4:00 p.m. (Eastern Time)**; or (c) set forth on the pre-printed Ballot if such Order is not entered on or before [_____], **2008 at 4:00 p.m. (Eastern Time)** and you received a pre-printed Ballot. If such Order is not entered on or before [_____], **2008 at 4:00 p.m. (Eastern Time)** and you did not receive a pre-printed Ballot, your Ballot shall not be counted. The Court shall consider all 3018 Motions prior to the date for the hearing on confirmation of the Plan.

6.      If you hold an unimpaired claim, including an unclassified claim, against the Debtors as of the Record Date, you are not entitled to vote to accept or reject the Plan.

7.      Objections, if any, to the confirmation of the Plan must: (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan; and (d) be filed with the United States Bankruptcy Court for the District of New Jersey, [Camden Address] together with proof of service, and served so as to be **RECEIVED on or before 4:00 p.m. Eastern Time on [_____], 2008** by the following: (i) the Debtors: Steven Grabell CEO, Shapes/Arch Holdings, L.L.C., 9000 River Road, Delair, NJ 08110; (ii) Debtors' counsel: Cozen O'Connor, LibertyView, Suite 300, 457 Haddonfield Road, Cherry Hill, NJ 08002, Attention: Mark E. Felger, Esquire; (iii) Plan Funders: Versa Capital Management, Inc. Cira Centre, 2929 Arch Street, Philadelphia, PA 19104, Attention: Paul Halpern, Partner and

Blank Rome LLP, Joel C. Shapiro, Esquire, Woodland Falls Corporate Park, 200 Lake Drive East, Suite 200, Cherry Hill, NJ  08002 (iv) United States Trustee's Office, One Newark Center, 21st Floor, Room 2106, Newark, NJ 07102.  Objections not timely filed and served in the manner set forth in the Solicitation Order shall not be considered and shall be deemed overruled.

8.    The Disclosure Statement, the Plan and the Solicitation Order are on file with the Clerk of the Bankruptcy Court, 401 Market Street, Second Floor, Camden, NJ 08101 and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours. In addition, any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order or other information about the solicitation procedures by visiting **www.bsillc.com** or may request such information by contacting Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) (i) by first class mail addressed to Shapes/Arch Holdings, L.L.C., c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017, or (iii) by telephone at (646) 282-2500.

9.    **Pursuant to the terms of the Plan, the Debtors seek the following releases and injunctions:**

10.    **General Release.  On the Effective Date, (i) the Debtors, the Estates, and their respective successors or assigns, including, without limitation, the Liquidation Trust, and any Person or Entity claiming a right in a derivative capacity on their behalf (the "Debtors Claimants") are deemed to, with respect to any and all derivative claims, whether or not asserted, and any holder of a Claim classified under "Class 5 General Unsecured Claims" (together with the Debtors Claimants, the "Releasors"), will be deemed on the Effective Date to unconditionally and irrevocably release the Arcus Holders, Arcus Funding, the Plan Funders and the Debtors' directors, managers and board observers, and all of their respective direct and indirect parents, subsidiaries and affiliates, together with each of their respective shareholders, members, managers, general partners, limited partners, officers, directors, employees, agents, representatives, attorneys and advisors or consultants (collectively, the "Released Parties"), as set forth more fully below, from any and all direct, indirect or derivative claims, obligations, suits, judgments, Liens, damages, rights, causes of action, liabilities, claims or rights of contribution and indemnification, and all other controversies of every type, kind, nature, description or character whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part upon any act or omission, transaction, event or other occurrence taking place from the beginning of the world to the Effective Date arising from or relating in any way, directly or indirectly, to the Debtors, its Properties, assets, operations or liabilities, the Chapter 11 Case, the Plan, or the Disclosure Statement; *provided however*, that the Releasors shall not be deemed to have released any rights to enforce the terms of the Plan or their rights to distributions thereunder.  The Releasors hereby waive any rights or benefits under California Civil Code Section 1542, which provides that:**

>  **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with Debtors and any rights or benefits under similar laws. The Confirmation Order shall specifically provide for the foregoing releases.**

11.    **Debtors Injunction**. **On the Effective Date, the Debtors Claimants respecting the claims released above, and the Releasors shall be permanently enjoined from commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind, asserting any setoff, right of subrogation, contribution, indemnification or recoupment of any kind, directly or indirectly, or proceeding in any manner in any place inconsistent with the releases granted to the Released Parties pursuant to the Plan. The Confirmation Order shall specifically provide for such injunction.**

12.    **Exculpation**. **On the Effective Date, (a) the Debtors, and their direct and indirect parents, subsidiaries and affiliates, together with each of their respective present and former shareholders, members, managers, general partners, limited partners, officers, directors, employees, agents, representatives, attorneys and advisors or consultants (solely in their capacities as such) and (b) Arcus Funding, Arcus Holders and the Plan Funders and all of their respective direct and indirect parents, subsidiaries and affiliates, together with each of their respective present and former shareholders, members, managers, general partners, limited partners, officers, directors, employees, agents, representatives, attorneys and advisors or consultants (solely in their capacities as such) shall be deemed to release each of the other, and by all holders of Claims or Interests, of and from any claims, obligations, rights, causes of action and liabilities for any act or omission occurring solely during the period prior to the Effective Date, generally, including, without limitation, any act or omission occurring during the Chapter 11 Case, the DIP Facility, the Exit Facility, the Plan Funding Debt Commitment, the Plan Funding Equity Commitments, the Disclosure Statement, the pursuit of approval of the Disclosure Statement, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which constitute willful misconduct or gross negligence, and all such Persons, in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and under the Bankruptcy Code.**

13.    **Discharge**. **Except as otherwise provided for in the Plan or in the Confirmation Order, in accordance with section 1141(d) of the Bankruptcy Code, entry of the Confirmation Order acts as a discharge effective as of the Effective Date of all debts, Claims against, Liens on, and Interests in the Debtors, their assets and Property, which debts, Claims, Liens and Interests arose at any time before the entry of the Confirmation Order. The discharge of the Debtors shall be effective as to each Claim and Interest, regardless of whether a proof of Claim or Interest was filed or whether the Claim or Interest was Allowed or whether the holder of the Claim or Interest votes to accept the Plan. On the Effective Date, as to each and every discharged Claim and Interest, any**

holder of such Claim or Interest shall be precluded from asserting such Claim or Interest against the Debtors or Reorganized Debtors or their assets or properties.

14.    **Confirmation Injunction**. On and after the Confirmation Date, except to enforce the terms and conditions of the Plan before the Bankruptcy Court, all Persons or Entities who have held, hold or may hold any Claim against or Interest in the Debtors are, with respect to any such Claim or Interest, permanently enjoined from and after the Confirmation Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against the Debtors or Reorganized Debtors or Plan Administrator or the Liquidation Trust or any of their properties, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or Entities and all of their respective direct and indirect parents, subsidiaries and affiliates, together with each of their respective present and former shareholders, members, managers, general partners, limited partners, officers, directors, employees, agents, representatives, attorneys and advisors or consultants, or any property of any of the foregoing (collectively, the "**Protected Parties**"); (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, against any of the Protected Parties of any judgment, award, decree or order; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against any of the Protected Parties; (d) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due to any of the Protected Parties; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan.

Dated:  [_____], 2008                    Cozen O'Connor
                                            LibertyView, Suite 300
                                            457 Haddonfield Road
                                            Cherry Hill, NJ  08002
                                            Attention:  Mark E. Felger, Esquire
                                            Telephone:  856-910-5000
                                            Facsimile:  856-910-5075

                                            Counsel to Debtors and Debtors-in-Possession

**EXHIBIT B**

**UNIMPAIRED NOTICE OF NON-VOTING STATUS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

| | |
|---|---|
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Judge: Gloria M. Burns<br><br>Chapter: 11 |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

**TO:**     **Class 1 (Other Priority Claims), Class 2 (Miscellaneous Secured Claims) and Class 7 Interests**

      1.      On [_____], 2008, the above captioned Debtors and Debtors-in-possession (the "Debtors"), filed the Debtors' Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan").

      2.      On [_____], 2008, the United States Bankruptcy Court for the District of New Jersey (Camden Vicinage) (the "Court") entered an order (the "Solicitation Order") approving the Debtors' Joint Chapter 11 Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization (the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

      3.      In accordance with the terms of the Plan and the Bankruptcy Code, holders of claims in Class 1 (Other Priority Claims), Class 2 (Miscellaneous Secured Claims) and holders of Interests in Class 7 are unimpaired and, therefore, pursuant to Section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan. You have been sent this notice because you have been identified as a holder of a claim in Class 1, Class 2 or Class 7.  This notice and the notice of Confirmation Hearing are provided to you for informational purposes only.  If you have any questions regarding the status of your Claim(s) or did not obtain copies of the Disclosure Statement, the Plan and the Solicitation Order, these documents are available on the Internet at **www.bsillc.com**, or you may request such information by contacting Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) (i) by first class mail addressed to Shapes/Arch Holdings LLC, c/o Epiq

Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017, or (iii) by telephone at (646) 282-2500.

Dated:  [_____, 2008]          Cozen O'Connor
                                       LibertyView, Suite 300
                                       457 Haddonfield Road
                                       Cherry Hill, NJ  08002
                                       Attention:  Mark E. Felger, Esquire
                                       Telephone:  856-910-5000
                                       Facsimile:  856-910-5075

                                       Counsel to Debtors and Debtors-in-Possession

**EXHIBIT C**

**REJECTING CLASS NOTICE**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

| | |
|---|---|
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C., | Judge: Gloria M. Burns |
| Shapes L.L.C., Delair L.L.C., Accu-Weld | |
| L.L.C., and Ultra L.L.C. | Chapter: 11 |

### NOTICE OF IMPAIRED NON-VOTING STATUS WITH RESPECT TO IMPAIRED CLASSES DEEMED TO REJECT THE PLAN

**TO:       ALL HOLDERS OF CLASS 6 (BEN INTERESTS)**

1.      On [_____], 2008, the above captioned Debtors and Debtors-in-possession (the "Debtors"), filed the Debtors' Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan").

2.      On [_____], 2008, the United States Bankruptcy Court for the District of New Jersey (Camden Vicinage) (the "Court") entered an order (the "Solicitation Order") approving the Debtors' Chapter 11 Disclosure Statement For the Debtors' First Amended Chapter 11 Plan of Reorganization (as may be amended, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

3.      In accordance with the terms of the Plan and Section 1126(g) of the Bankruptcy Code, holders of Interests in Class 6 (Ben Interests) are neither receiving nor retaining any property on account of their Interests and, therefore, are conclusively presumed to have rejected the Plan and are not entitled to vote on the Plan. You have been sent this notice because you have been identified as a holder of an Interest in Class 6 (Ben Interests) against Shapes/Arch Holdings, LLC.  This notice and the Confirmation Hearing Notice are provided to you for informational purposes only. If you have any questions regarding the status of your Interest(s) or wish to obtain copies of the Disclosure Statement, the Plan, or the Solicitation Order, these documents are available on the Internet at **www.bsillc.com**, or you may request such information by contacting Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) (1) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, FDR

Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017, or (iii) by telephone at (646) 282-2500.

Dated:  [_____], 2008        Cozen O'Connor
                                  LibertyView, Suite 300
                                  457 Haddonfield Road
                                  Cherry Hill, NJ  08002
                                  Attention:  Mark E. Felger, Esquire
                                  Telephone:  856-910-5000
                                  Facsimile:  856-910-5075

                                  Counsel to Debtors and Debtors-in-Possession

# **EXHIBIT D1**

## **CLASS 4 – COLLATERALIZED INSURANCE PROGRAM**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

| | |
|---|---|
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C., | |
| Shapes L.L.C., Delair L.L.C., Accu-Weld | Judge: Gloria M. Burns |
| L.L.C., and Ultra L.L.C. | Chapter: 11 |

## BALLOT FOR ACCEPTING OR REJECTING
## THE PLAN OF REORGANIZATION FOR THE DEBTORS

### CLASS 4:  COLLATERALIZED INSURANCE PROGRAM CLAIMS

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON
[_____], 2008 AT 4:00 P.M. (ET).  YOUR BALLOT MUST BE
ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED**

This Ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors'
Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be
further amended, modified or supplemented from time to time, the "Plan") submitted by the
above-captioned Debtors and Debtors in possession (the "Debtors") and described in the related
disclosure statement approved by order of the United States Bankruptcy Court for the District of
Delaware (the "Disclosure Statement").  The Disclosure Statement provides information to assist
you in deciding how to vote your Ballot.  If you do not have a Disclosure Statement, you may
obtain a copy from the Voting Agent by visiting www.bsillc.com or by contacting Epiq
Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) ("BSI") (i) by first class mail
addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third
Avenue, 3rd Floor, New York, NY  10017, Attention _____; or (iii) by telephoning (646)
282-2500.  You should review the Disclosure Statement and the Plan before you vote.  You may
wish to seek legal advice concerning the Plan and your classification and treatment under the
Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is
accepted by the holders of at least two-thirds in amount and more than one-half in number of the
Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the
applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§

101 *et seq.* (the "<u>Bankruptcy Code</u>").   If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS
BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE
APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS
HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN. YOU
MUST VOTE THE ALLOWED CONVENIENCE CLAIM OF WHICH YOU ARE A
HOLDER <u>EITHER</u> TO ACCEPT OR REJECT THE PLAN. IF YOU SELECT BOTH
TO ACCEPT AND REJECT THE PLAN, THIS BALLOT WILL NOT BE VALID OR
COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote.** The undersigned, a holder of a Convenience Claim, in the amount set forth below, votes to (check <u>one</u> box):

☐ **Accept** the Plan. ☐ **Reject** the Plan.

Creditor: _____ Claim Amount: $_____

**Item 2. Acknowledgments.** By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

3

## VOTING INFORMATION AND. INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan. Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Epiq Bankruptcy Solutions, LLC (i) by first class mall addressed to Shapes/Arch Holdings, L.L.C., Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; or (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017.

**Ballots must be *received* by the Balloting Agent on or before [_____], 2008 at 4:00 p.m. (Eastern Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile or e-mail will not be accepted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been temporarily allowed solely for purposes of voting to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (e.g., the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than May [   ], 2008. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest dated Ballot will supersede any prior Ballots,

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL ***NOT*** ACCEPT BALLOTS BY FACSIMILE TRANSMISSION OR E-MAIL TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (646) 282-2500.

# EXHIBIT D2

**CLASS 5- GENERAL UNSECURED CLAIMS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

| | |
|---|---|
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Judge: Gloria M. Burns<br><br>Chapter: 11 |

**BALLOT FOR ACCEPTING OR REJECTING**
**THE PLAN OF REORGANIZATION FOR THE DEBTORS**

**CLASS 5:  GENERAL UNSECURED CLAIMS**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON**
> **[_____], 2008 AT 4:00 P.M. (ET).  YOUR BALLOT MUST BE**
> **ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors' Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") submitted by the above-captioned Debtors and Debtors-in-possession (the "Debtors") and described in the related disclosure statement approved by order of the United States Bankruptcy Court for the District of Delaware (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot, If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent by visiting www.bsillc.com or by contacting Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) ("BSI") (i) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention _____; or (iii) by telephoning (646) 282-2500. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek Legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §

§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may con (inn the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

> PLEASE COMPLETE ITEMS 1 AND 2.  IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN. YOU MUST VOTE THE ALLOWED CONVENIENCE CLAIM OF WHICH YOU ARE A HOLDER <u>EITHER</u> TO ACCEPT OR REJECT THE PLAN. IF YOU SELECT BOTH TO ACCEPT AND REJECT THE PLAN, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1- Class Vote**. The undersigned, a holder of a General Unsecured Claim, in the amount set forth below, votes to (check <u>one</u> box):

☐  **Accept** the Plan.  ☐  **Reject** the Plan.

Creditor: _____ Claim Amount: $_____

**Item 2. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

3

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.        In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan, Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Epiq Bankruptcy Solutions, LLC (i) by first class nail addressed to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; or (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017.

**Ballots must be *received* by the Balloting Agent on or before [_____], 2008 at 4:00 p.m. (Eastern Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile or e-mail will not be accepted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.        If you hold Claims in more than one voting Class under the Plan you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting General Unsecured Claim in Class 5.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.        Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than May [   ], 2008. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.        The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest dated Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION OR E-MAIL TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (646) 282-2500.

# **EXHIBIT D3**

## **CLASS 3 – CIT CLAIMS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

| | |
|---|---|
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C., | Judge: Gloria M. Burns |
| Shapes L.L.C., Delair L.L.C., Accu-Weld | |
| L.L.C., and Ultra L.L.C. | Chapter: 11 |

## BALLOT FOR ACCEPTING OR REJECTING
## THE PLAN OF REORGANIZATION FOR THE DEBTORS

### CLASS 3: CIT CLAIMS

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON**
> **[_____], 2008 AT 4:00 P.M. (ET).  YOUR BALLOT MUST BE**
> **ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors' Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") submitted by the above-captioned Debtors and Debtors-in-possession (the "Debtors") and described in the related disclosure statement approved by order of the United States Bankruptcy Court for the District of Delaware (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot, If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent by visiting www.bsillc.com or by contacting Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) ("BSI") (i) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention _____; or (iii) by telephoning (646) 282-2500. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek Legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. § § 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the

Bankruptcy Court nonetheless may con (inn the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN. YOU MUST VOTE THE ALLOWED CONVENIENCE CLAIM OF WHICH YOU ARE A HOLDER <u>EITHER</u> TO ACCEPT OR REJECT THE PLAN. IF YOU SELECT BOTH TO ACCEPT AND REJECT THE PLAN, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1- Class Vote**. The undersigned, a holder of a General Unsecured Claim, in the amount set forth below, votes to (check <u>one</u> box):

☐   **Accept** the Plan.    ☐   **Reject** the Plan.

Creditor: _____ Claim Amount: $_____

**Item 2. Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

      1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan, Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Epiq Bankruptcy Solutions, LLC (i) by first class nail addressed to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; or (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017.

**Ballots must be** *received* **by the Balloting Agent on or before [_____], 2008 at 4:00 p.m. (Eastern Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile or e-mail will not be accepted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

      2.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 3 and a Class 5) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting CIT Claim in Class 3.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

      3.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than May [   ], 2008. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

      4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest dated Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION OR E-MAIL TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (646) 282-2500.

## **EXHIBIT D4**

**INTENTIONALLY OMITTED**

# **EXHIBIT D5**

## **CLASS 8- EPA/NJDEP CLAIMS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

| | |
|---|---|
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Judge: Gloria M. Burns

Chapter: 11 |

## BALLOT FOR ACCEPTING OR REJECTING
## THE PLAN OF REORGANIZATION FOR THE DEBTORS

### CLASS 8:  EPA/NJDEP CLAIMS

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON
[_____], 2008 AT 4:00 P.M. (ET).  YOUR BALLOT MUST BE
ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors' Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") submitted by the above-captioned Debtors and Debtors-in-possession (the "Debtors") and described in the related disclosure statement approved by order of the United States Bankruptcy Court for the District of Delaware (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot, If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent by visiting www.bsillc.com or by contacting Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) ("BSI") (i) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention _____; or (iii) by telephoning (646) 282-2500. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek Legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §

§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may con (inn the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN. YOU MUST VOTE THE ALLOWED CONVENIENCE CLAIM OF WHICH YOU ARE A HOLDER <u>EITHER</u> TO ACCEPT OR REJECT THE PLAN. IF YOU SELECT BOTH TO ACCEPT AND REJECT THE PLAN, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class Vote**. The undersigned, a holder of a General Unsecured Claim, in the amount set forth below, votes to (check <u>one</u> box):

☐   **Accept** the Plan.   ☐   **Reject** the Plan.

Creditor: _____ Claim Amount: $_____

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

4

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan, Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Epiq Bankruptcy Solutions, LLC (i) by first class nail addressed to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; or (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017.

**Ballots must be** *received* **by the Balloting Agent on or before [_____], 2008 at 4:00 p.m. (Eastern Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile or e-mail will not be accepted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 8 and a Class 5) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting EPA Claim in Class 8.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than May [   ], 2008. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest dated Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION OR E-MAIL TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (646) 282-2500.

# EXHIBIT D6

## CLASS 9 – REAL ESTATE CLAIMS

<table>
<tr><td>

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

</td><td></td></tr>
<tr><td>

In re:

Shapes/Arch Holdings L.L.C.,
Shapes L.L.C., Delair L.L.C., Accu-Weld
L.L.C., and Ultra L.L.C.

</td><td>

Case No. 08-14631

Judge: Gloria M. Burns

Chapter: 11

</td></tr>
</table>

## BALLOT FOR ACCEPTING OR REJECTING
## THE PLAN OF REORGANIZATION FOR THE DEBTORS

### CLASS 9:  REAL ESTATE CLAIMS

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON
> [_____], 2008 AT 4:00 P.M. (ET).  YOUR BALLOT MUST BE
> ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors'
Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be
further amended, modified or supplemented from time to time, the "Plan") submitted by the
above-captioned Debtors and Debtors-in-possession (the "Debtors") and described in the related
disclosure statement approved by order of the United States Bankruptcy Court for the District of
Delaware (the "Disclosure Statement"). The Disclosure Statement provides information to assist
you in deciding how to vote your Ballot, If you do not have a Disclosure Statement, you may
obtain a copy from the Voting Agent by visiting www.bsillc.com or by contacting Epiq
Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) ("BSI") (i) by first class mail
addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, FDR Station,
P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier
to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd
Floor, New York, NY 10017, Attention _____; or (iii) by telephoning (646) 282-2500.
You should review the Disclosure Statement and the Plan before you vote. You may wish to seek
Legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is
accepted by the holders of at least two-thirds in amount and more than one-half in number of the
Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the
applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §
101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the

Bankruptcy Court nonetheless may con (inn the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND
INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN. YOU MUST VOTE THE ALLOWED CONVENIENCE CLAIM OF WHICH YOU ARE A HOLDER <u>EITHER</u> TO ACCEPT OR REJECT THE PLAN. IF YOU SELECT BOTH TO ACCEPT AND REJECT THE PLAN, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class Vote**. The undersigned, a holder of a Class 10 Claim, in the amount set forth below, votes to (check <u>one</u> box):

☐  **Accept** the Plan.    ☐  **Reject** the Plan.

Creditor: _____ Claim Amount: $_____

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

---
Name of Creditor

---
Signature

---
If by Authorized Agent, Name and Title

---
Name of Institution

---
Street Address

---
City, State, Zip Code

---
Telephone Number

---
Date Completed

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

1.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan, Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Epiq Bankruptcy Solutions, LLC (i) by first class nail addressed to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; or (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017.

**Ballots must be** *received* **by the Balloting Agent on or before [_____], 2008 at 4:00 p.m. (Eastern Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile or e-mail will not be accepted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 9 and a Class 5) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting EPA Claim in Class 9.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than May [   ], 2008. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.      If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest dated Ballot will supersede any prior Ballots.

6.      NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.      PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION OR E-MAIL TRANSMISSION.

8.      IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (646) 282-2500.

# **EXHIBIT D7**

## **CLASS 10 – CLAIMS OF PURCHASE MONEY SECURITY INTERESTS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

In re:

Case No. 08-14631

Shapes/Arch Holdings L.L.C.,
Shapes L.L.C., Delair L.L.C., Accu-Weld
L.L.C., and Ultra L.L.C.

Judge: Gloria M. Burns

Chapter: 11

## BALLOT FOR ACCEPTING OR REJECTING
## THE PLAN OF REORGANIZATION FOR THE DEBTORS

### CLASS 10:  CLAIMS OF PURCHASE MONEY SECURITY INTERESTS

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON
[_____], 2008 AT 4:00 P.M. (ET).  YOUR BALLOT MUST BE
ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors' Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") submitted by the above-captioned Debtors and Debtors-in-possession (the "Debtors") and described in the related disclosure statement approved by order of the United States Bankruptcy Court for the District of Delaware (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot, If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent by visiting www.bsillc.com or by contacting Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) ("BSI") (i) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention _____; or (iii) by telephoning (646) 282-2500. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek Legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the

Bankruptcy Court nonetheless may con (inn the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

> PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN. YOU MUST VOTE THE ALLOWED CONVENIENCE CLAIM OF WHICH YOU ARE A HOLDER <u>EITHER</u> TO ACCEPT OR REJECT THE PLAN. IF YOU SELECT BOTH TO ACCEPT AND REJECT THE PLAN, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1.  Class Vote**. The undersigned, a holder of a Class 11 Claim, in the amount set forth below, votes to (check <u>one</u> box):

      ☐   **Accept** the Plan.     ☐   **Reject** the Plan.

Creditor: _____ Claim Amount: $_____

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

4

## VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT

9.      In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan, Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Epiq Bankruptcy Solutions, LLC (i) by first class nail addressed to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; or (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017.

**Ballots must be *received* by the Balloting Agent on or before [_____], 2008 at 4:00 p.m. (Eastern Time) (the "Voting Deadline").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile or e-mail will not be accepted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

10.      If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 10 and a Class 5) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting in Class 10.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

11.      Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "Tabulation Rules"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than May [   ], 2008. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

12.      The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5

13.     If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest dated Ballot will supersede any prior Ballots.

14.     NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

15.     PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION OR E-MAIL TRANSMISSION.

16.     IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (646) 282-2500.

# **EXHIBIT D8**

## **CLASS 11 – CLAIMS OF WAREHOUSEMEN AND SHIPPERS**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

| | |
|---|---|
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Judge: Gloria M. Burns Chapter: 11 |

**BALLOT FOR ACCEPTING OR REJECTING**
**THE PLAN OF REORGANIZATION FOR THE DEBTORS**

**CLASS 11:  CLAIMS OF WAREHOUSEMEN AND SHIPPERS**

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS ON [_____], 2008 AT 4:00 P.M. (ET).  YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED**

This ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors' Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") submitted by the above-captioned Debtors and Debtors-in-possession (the "Debtors") and described in the related disclosure statement approved by order of the United States Bankruptcy Court for the District of Delaware (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot, If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent by visiting www.bsillc.com or by contacting Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services, LLC) ("BSI") (i) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention _____; or (iii) by telephoning (646) 282-2500. You should review the Disclosure Statement and the Plan before you vote. You may wish to seek Legal advice concerning the Plan and your classification and treatment under the Plan.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §

101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may con (inn the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**PLEASE READ THE ATTACHED VOTING INFORMATION AND INSTRUCTIONS BEFORE COMPLETING THIS BALLOT.**

PLEASE COMPLETE ITEMS 1 AND 2. IF THIS BALLOT IS NOT SIGNED ON THE APPROPRIATE LINES, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST. YOU MAY NOT SPLIT YOUR VOTE ON THE PLAN. YOU MUST VOTE THE ALLOWED CONVENIENCE CLAIM OF WHICH YOU ARE A HOLDER <u>EITHER</u> TO ACCEPT OR REJECT THE PLAN. IF YOU SELECT BOTH TO ACCEPT AND REJECT THE PLAN, THIS BALLOT WILL NOT BE VALID OR COUNTED AS HAVING BEEN CAST.

**Item 1. Class Vote**. The undersigned, a holder of a Class 11 Claim, in the amount set forth below, votes to (check <u>one</u> box):

☐   **Accept** the Plan.   ☐   **Reject** the Plan.

Creditor: _____ Claim Amount: $_____

3

**Item 2.  Acknowledgments.**  By signing this Ballot, the undersigned acknowledges receipt of the Disclosure Statement and the other applicable solicitation materials and certifies that the undersigned is the claimant or has the power and authority to vote to accept or reject the Plan on behalf of the claimant. The undersigned understands that an otherwise properly completed, executed and timely returned Ballot that does not indicate either acceptance or rejection of the Plan or indicates both acceptance and rejection of the Plan will not be counted.

_____
Name of Creditor

_____
Signature

_____
If by Authorized Agent, Name and Title

_____
Name of Institution

_____
Street Address

_____
City, State, Zip Code

_____
Telephone Number

_____
Date Completed

## <u>VOTING INFORMATION AND INSTRUCTIONS FOR COMPLETING THE BALLOT</u>

1.          In the boxes provided in Item 1 of the Ballot, please indicate either acceptance or rejection of the Plan, Complete the Ballot by providing all the information requested and sign, date and return the Ballot to Epiq Bankruptcy Solutions, LLC (i) by first class nail addressed to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; or (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017.

**Ballots must be *received* by the Balloting Agent on or before [_____], 2008 at 4:00 p.m. (Eastern Time) (the "<u>Voting Deadline</u>").** If a Ballot is received after the Voting Deadline, it will not be counted. An envelope addressed to the Balloting Agent is enclosed for your convenience. Ballots submitted by facsimile or e-mail will not be accepted. If neither the "accept" nor "reject" box is checked in Item 1 for an otherwise properly completed, executed and timely returned Ballot, the Ballot will not be counted.

2.          If you hold Claims in more than one voting Class under the Plan (*e.g.*, you hold a Class 11 and a Class 5) you should receive a Ballot for each such category of Claims, coded by Class number and description, and a set of solicitation materials. **Each Ballot you receive is for voting only your Claims described on the Ballot. Please complete and return each Ballot you receive. The attached Ballot is designated only for voting in Class 11.** You must vote all your Claims within a single Class under the Plan either to accept or reject the Plan. Accordingly, if you return more than one Ballot voting different Claims within a single Class under the Plan and the Ballots are not voted in the same manner, those Ballots will not be counted. An otherwise properly executed Ballot that attempts to partially accept and partially reject the Plan likewise will not be counted.

3.          Your Claim has been **temporarily allowed solely for purposes of voting** to accept or reject the Plan in accordance with certain tabulation rules approved by the Bankruptcy Court (the "<u>Tabulation Rules</u>"). The Tabulation Rules are set forth in the Order approving the Disclosure Statement. The temporary allowance of your Claim for voting purposes does not constitute an allowance of your Claim for purposes of distribution under the Plan and is without prejudice to the rights of the Debtors in any other context (*e.g.*, the right of the Debtors to contest the amount or validity of any Claim for purposes of allowance under the Plan). If you wish to challenge the temporary allowance of your Claim for voting purposes, you must file a motion, pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure, for an order temporarily allowing your Claim in a different amount or classification for purposes of voting to accept or reject the Plan and serve such motion on the Debtors so that it is received no later than May [   ], 2008. Unless the Bankruptcy Court orders otherwise, your Claim will not be counted as a vote in excess of the amount as determined in accordance with the Tabulation Rules, regardless of the amount identified in Item 1 of the Ballot. If a lesser amount is identified in Item 1 of the Ballot, your Claim will be counted as a vote in such lesser amount.

4.          The Ballot does not constitute and will not be deemed a proof of claim or an assertion of a Claim or equity interest.

5.	If you cast more than one Ballot voting the same Claim prior to the Voting Deadline, the latest dated Ballot will supersede any prior Ballots.

6.	NO PERSON HAS BEEN AUTHORIZED TO GIVE ANY INFORMATION OR ADVICE, OR TO MAKE ANY REPRESENTATION, OTHER THAN WHAT IS CONTAINED IN THE MATERIALS MAILED WITH THIS BALLOT OR OTHER MATERIALS AUTHORIZED BY THE BANKRUPTCY COURT.

7.	PLEASE RETURN YOUR BALLOT PROMPTLY. THE BALLOTING AGENT WILL NOT ACCEPT BALLOTS BY FACSIMILE TRANSMISSION OR E-MAIL TRANSMISSION.

8.	IF YOU HAVE RECEIVED A DAMAGED BALLOT OR HAVE LOST YOUR BALLOT, OR IF YOU HAVE ANY QUESTIONS CONCERNING THIS BALLOT OR THE VOTING PROCEDURES, PLEASE CALL THE BALLOTING AGENT AT (646) 282-2500.

## **EXHIBIT E**

**PUBLICATION NOTICE**

## EXHIBIT F

### BID PROCEDURES

### Schedule 1.9

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **MARK E. FELGER (MF9985)**<br>**JERROLD N. POSLUSNY, JR. (JP7140)**<br>**COZEN O'CONNOR**<br>Liberty View, Suite 300<br>457 Haddonfield Road<br>Cherry Hill, NJ  08002<br>(856) 910-5000<br>Attorneys for the Debtors | |
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C.,<br>Shapes L.L.C., Delair L.L.C., Accu-Weld<br>L.L.C., and Ultra L.L.C. | Judge:  Gloria M. Burns<br><br>Chapter:  11 |

### BID PROCEDURES FOR ALTERNATIVE TRANSACTION AND BREAK-UP FEE

On April 24, 2008, Shapes/Arch Holdings, LLC and related entities, the above-captioned Debtors and Debtors in possession (the "Debtors") filed the Debtors' First Amended Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan")[1] [Docket No. •] and the Debtors' First Amended Joint Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Disclosure Statement").  By Order dated April ___, 2008

---

[1]      Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Plan.  Nothing contained herein shall constitute an admission that *Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. Partnership* ("*LaSalle*"), 526 U.S. 434 (1999) applies to the Plan.  Furthermore, these Bid Procedures only apply in the event claims in Class 5 of the Plan vote to reject the Plan and the Bankruptcy Court denies confirmation of the Plan solely based on a finding that the treatment of Class 5 in the Plan is not fair and equitable under Bankruptcy Code § 1129(b)(2)(B)(ii) and that in order for the Plan to be confirmed the issuance of the New LLC Interests to the Plan Funders must be exposed to market pursuant to *LaSalle*.

[Docket No. •] (the "Disclosure Statement Order"), the Bankruptcy Court approved, among other things, the Disclosure Statement as containing "adequate information" as that term is defined in section 1125 of the Bankruptcy Code; (ii) procedures for the solicitation of votes to accept or reject the Plan; and (iii) procedures for the tabulation of votes accepting or rejecting the Plan.

### The Plan and Confirmation

The Plan is the product of diligent efforts by the Debtors to formulate a plan that provides for a fair means for the Debtors to emerge from chapter 11 in an orderly manner, consistent with the mandates of the Bankruptcy Code and other applicable law.  The value, as determined by the Debtors, of the proposal submitted by the Plan Funders under the Plan is not less than $85,500,000, which compromises (i) approximately $55,000,000 for the revolving credit obligations due and owing to CIT-DIP Lenders; (ii) the Plan Funding Debt Commitment of $25,000,000; (iii) the Plan Funding Equity Commitment of up to $5,500,000 on the Effective Date and utilized to pay all other obligations due and owing under the Plan.  Such amounts and the Plan are subject to modification between the date of approval of the Disclosure Statement Order and May 25, 2008.

The marketing of the Debtors' interests being transferred under the Plan are being pursued as a result of the occurrence of an Alternate Transaction Trigger.

The Bankruptcy Court, through the Disclosure Statement Order, additionally authorized the Debtors to establish a process to offer for sale the equity interests in the Debtors to be distributed to the Plan Funders under the Plan in Section 5.4 through the process and procedures set forth below (the "Bid Procedures").

The Disclosure Statement Order does not require the Debtors to hire an investment banker or other professional to implement these Bid Procedures.

2

**Participation Requirements**

All Bids (as defined below) must be submitted in writing so that they are **<u>actually</u>**

received no later than 4:00 p.m. (Eastern time) on June 13, 2008 (the "<u>Bid Deadline</u>").  Each

Qualified Bidder (as defined below) must deliver copies of its Bid to counsel for the Debtors,

Cozen O'Connor, LibertyView, Suite 300, 457 Haddonfield Road, Cherry Hill, NJ  08002,

Attention: Mark Felger, Esquire; (ii) counsel for the Plan Funders, Blank Rome LLP, One Logan

Square, Philadelphia, PA 19103, Attention: Joel C. Shapiro, Esquire; (iii) counsel for the

Committee, Halperin Battaglia Raicht, LLP, 555 Madison Avenue, 9th Floor, New York, NY

10022, Attention: Alan D. Halperin, Esquire; and (iv) counsel for CIT-DIP Lenders, Stradley

Ronon Stevens & Young, LLP, 2600 One Commerce Square, Philadelphia, PA  19103,

Attention:  Paul A. Patterson, Esquire.

      1.    <u>Bid Qualification Requirements</u>.  The following Bid Procedures are for the sole benefit of the Debtors, their estates, and the Arcus Holders DIP lenders and the CIT DIP Lenders and are not for the benefit of any other entity (including, without limitation, any bidder or creditor of any of the Debtors).  These Bid Procedures shall apply with respect to the Sale:

      a.    <u>Qualification as Bidder.</u>  Debtors, after consultation with the Committee, will determine whether an entity (a "Potential Bidder") that wishes to make an offer is a "Qualified Bidder."  For a Potential Bidder to be considered eligible as a Qualified Bidder, it must provide Debtors and Committee within two (2) days of entry of the order denying confirmation of the Plan for the specific reason stated in footnote 1 hereof with: (i) an executed confidentiality agreement identical to the confidentiality agreement executed by Arch Acquisition I, LLC; (ii) current audited financial statements of the Potential Bidder or, if the Potential Bidder is an entity formed for the purpose of engaging in an offer (an "Acquisition Entity"), current audited financial statements of the equity holder(s), manager(s), or controlling entity(ies) of the Potential Bidder or such other financial disclosure, acceptable to Debtors and the Committee, demonstrating such Potential Bidder's ability to close a proposed transaction; (iii) a written statement by the Potential Bidder stating that it (x) agrees to be bound by the terms and conditions of the Order of the Bankruptcy Court approving the Disclosure Statement and these Bid Procedures and the form of Plan, and (y) further agrees that it has no right to

enforce these Bid Procedures or to assert claims arising from these Bid Procedures or any change to the Bid Procedures against the Debtors, their estates or any other entity; and (v) if the Potential Bidder is an Acquisition Entity, a written guarantee, letter of credit or other form of credit enhancement acceptable to Debtor (after consultation with the Committee) pursuant to which the equity holder(s), manager(s), or controlling entity(ies) of the Potential Bidder are responsible for the Potential Bidder's obligations in connection with the consummation of the Plan. The Potential Bidder also must establish that it has the ability to consummate its proposed transaction within the timeframe contemplated by these Bid Procedures and the Plan. Plan Funders are, and at all times shall be deemed to be, a Qualified Bidder entitled to participate in the Auction (as defined below).

b.    Bid Requirements.

    i.    Debtors, after consultation with the Committee, will determine whether a bid qualifies as a "Qualified Bid." To constitute a Qualified Bid: (a) the bid must be a written irrevocable offer from a Qualified Bidder agreeing to be bound by all terms, provisions and undertakings in the Plan and containing written evidence of cash/liquid assets and/or a commitment for financing or other evidence of an ability to consummate the Plan evidencing at least eighty five ($85,500,000) million five hundred thousand dollars in aggregate availability, subject to no conditions other than those set forth in the Plan, in either event satisfactory to Debtors; (b) the bid must include evidence of authorization and approval from the Qualified Bidder's Board of Directors or comparable governing body indicating that the Qualified Bidder is duly authorized to perform all terms, provisions and undertakings in the Plan, and in this Order; (c) the bid must be to fund all distributions required under the Plan to be consummated on or before June 30, 2008; (d) the bid must not request or entitle the bidder to any termination or break-up fee, expense reimbursement or similar type of payment (unless the Qualified Bidder is the Plan Funder); (e) must be in an initial cash amount of $8,500,000.00 (inclusive of the Break-Up Fee due and owing to the Plan Funders) in respect of the New LLC Interests, provide for satisfaction of the CIT-DIP Obligations and the DIP Obligations to Arcus no later than June 30, 2008, and provide for the payment of all obligations under the Plan due on the Effective Date (no later than June 30, 2008); and (f) the bid must acknowledge and represent that the Qualified Bidder: (1) has had an

4

opportunity to conduct any and all due diligence regarding Debtors' businesses and assets prior to making its offer; (2) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or Debtors' assets in making its bid; and (3) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the proposed transaction, or the completeness of any information provided in connection therewith or the Auction (as defined below), except as expressly stated in the Order of the Bankruptcy Court approving these Bid Procedures.  The Plan Funder is deemed a Qualified Bidder and the Plan is deemed a Qualified Bid.

ii.     All bids must include the clean version of the Plan being a duly executed original to and in the form of the Plan, signed by the Qualified Bidder.

iii.    <u>Deposit.</u>  Each Potential Bidder's bid must be accompanied by a deposit in an amount that is equal to nine million dollars ($9,000,000, hereinafter the "Deposit").  Prior to the Bid Deadline (as defined below), the Deposit is to be delivered by the Qualified Bidder to the Debtors' counsel under the Escrow Agreement in the form of a wire transfer to:

[Bank]
[ABA #]

iv.     <u>Additional Requirements for Bids.</u>  Bids must be: (a) in writing; (b) signed by an individual authorized to bind the Potential Bidder; and (c) received no later than 4:00 p.m. (EST) on June 13, 2008 (the "Bid Deadline"), by counsel for Debtors, Cozen O'Connor, LibertyView, Suite 300, 457 Haddonfield Road, Cherry Hill, NJ  08002, Attention: Mark Felger, Esquire; and (ii) counsel for the Plan Funders, Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, Attention: Joel C. Shapiro, Esquire; (iii) counsel for the Committee, Halperin, Battaglia Raicht, LLP, 555 Madison Avenue, 9th Floor, New York, NY 10022-3301, Attention: Alan D. Halperin, Esquire; and (iv) counsel for CIT-DIP Lenders, Stradley Ronon Stevens & Young, LLP, 2600 One Commerce Square, Philadelphia, PA 19103, Attention: Paul A. Patterson, Esquire.

v.    <u>No Conditions.</u>  Any bid must be subject to the terms of the Plan and not be subject to financing, due diligence, acquisition of any Excluded Asset, or any other condition or contingency less favorable to than those set forth in the Plan, as determined by Debtors in its reasonable discretion after consultation with the Committee; provided, however that a Winning Bidder (as that term is defined hereafter) may require technical modification of the Plan to identify itself as the new plan funder and to specify the increased cash consideration to be paid Class 5 relating to the New LLC Interests' issuance to the Winning Bidder.

vi.    <u>Initial Overbid.</u>  An initial overbid shall be a superior offer ("Superior Offer").  Of the $8,500,000 cash required in the Superior Offer, (a) $5,500,000 will be used to purchase New LLC Interests; (b) $2,500,000 shall be paid to Plan Funders in the event they are not the successful bidder and (c) an initial overbid of $500,000.00 which shall be paid to the Class 5 Pool.  All consideration relating to any additional bids made under Section (d)(iv) below will be transferred to the Class 5 Pool.

vii.    <u>Qualified Bid.</u>  Only a bid submitted by a Qualified Bidder that meets the requirements set forth in this section (b) shall be considered a "Qualified Bid."

viii.    <u>Bankruptcy Court Approval.</u>  All bids, including that of Plan Funder (whether through the Plan or otherwise), shall be subject to the approval of the Bankruptcy Court.

c.    Due Diligence.

i.    <u>Diligence and Confidentiality Agreement.</u>  Debtors shall provide "due diligence" information and documents related to Debtors' businesses and assets as well as the Assumed Contracts and Assumed Obligations consistent with all due diligence information provided to Arch Acquisition I, LLC under its Confidentiality Agreement, updated as appropriate.  Debtors make no representation or warranty regarding the nature, accuracy or in any other respect in connection with the contents of the due diligence.  Debtors will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders.  All due diligence must be completed by June 13, 2008 and no access to the due diligence will be provided to Qualified Bidders after June 13, 2008.  Debtors, its

6

affiliates or any of its respective representatives are not obligated to furnish any information to any person except a Qualified Bidder.  Any information and documents provided by the Debtors to any Qualified Bidder shall be promptly and, where possible, contemporaneously provided to all Qualified Bidders.  Any Qualified Bidder who desires to conduct due diligence should contact David Gollin, General Counsel, Shapes/Arch Holdings L.L.C., 9000 River Road, Delair, NJ  08110 for the due diligence procedures.

d.    Auction.

i.    Auction Date and Time.  If a Superior Offer is submitted other than the Plan, then Debtors shall conduct an auction (the "Auction") of the new LLC's interests being transferred under the Plan to the Plan Funders.  The Auction will be held on June 16, 2008, commencing at 12:00 noon (EST) at the offices of Cozen O'Connor, 1900 Market Street, Philadelphia, PA 19103, or such other time and place as may be established by Debtors, after detailed consultation with the Committee (and is reasonably acceptable to Plan Funders), prior to the Confirmation Hearing Date, for consideration of Qualified Bids.  Only the authorized representatives of any Qualified Bidders that timely submitted a Qualified Bid, the Committee, the Debtors and the Plan Funders shall be permitted to attend the Auction.

ii.    Auction Procedures.  All Qualified Bidders participating in the Auction must be physically present at the Auction.  At the Auction, the Debtors, in consultation with the Committee, in its reasonable business judgment, may adopt rules for the Auction that will promote the goals of the Auction but such rules cannot be inconsistent with any other provisions of the Plan.  Any such additional rules shall be subject to the approval of Plan Funders and shall at all times provide that: (a) all procedures must be fair and open with no participating Qualified Bidder being disadvantaged as compared to any other participating Qualified Bidder; (b) all bids shall be made  on an open basis, and participating Qualified Bidders shall be entitled to be present for all bidding; and (c) the principals of each participating Qualified Bidder shall be fully disclosed to all other participating Qualified Bidders throughout the entire Auction.  If no Potential Bidder makes the timely submissions required in para. 1(b) herein and is determined

7

to be a Qualified Bidder, or if no Superior Offer (other than that of the Plan Funder) is received by the Bid Deadline, then no Auction shall take place, and the Debtors shall, at the Continued Confirmation Hearing, request: (x) that the Plan be deemed the highest and best offer for the Debtors' business, (y) confirmation of the Plan, and (z) entry of the Confirmation Order.

iii.   <u>Evaluation of Highest or Best Offer.</u>  Debtors shall, promptly after the Bid Deadline, after consultation with the Committee: (a) evaluate all bids, if any, received, and (b) determine which bids, if any, constitute Qualified Bids. Debtors shall provide Plan Funder and the Committee with copies of all Qualified Bids not more than one (1) business day after receipt.  During the course of the Auction, Debtors shall inform each participating Qualified Bidder which Qualified Bid or Bids reflect, in Debtors' view, after detailed consultation with the Committee, the highest or best offer.  Debtors may only accept bids which seek to increase the dividend to Class 5 creditors (by way of an increase in the purchase price for all of the New LLC Interests being transferred to the Plan Funders under the Plan) and otherwise fully binds and commits the Qualifying Bidder to fund or otherwise satisfy all Plan obligations (including, without limitation, the indefeasible payment in full of the Arcus Holders DIP Claims, the CIT Loan Claims and the CIT DIP Claims) and complies with all terms, conditions and requirements of the Plan.

iv.   <u>Subsequent Bids.</u>  Debtors shall not consider any subsequent bid made at the Auction unless the bid is made by a Qualified Bidder who has previously made a Qualified Bid and such subsequent bid exceeds the previous highest or best bid by at least $100,000.00 in cash (subject to the provisions of subsection (v) below).

v.   <u>Subsequent Plan Funder Bids.</u>  Plan Funders shall have the right to credit bid up to the amount of the Obligations in the amount of any subsequent bid that it makes at the Auction. No other Qualified Bidder may propose a credit bid or credit bid.  If, as a result of a subsequent bid made by Plan Funders at the Auction, the Plan Funders are the Winning Bidder or the Back-Up Bidder (as defined therein), the Plan Funders shall be entitled to credit the amount of the Break-Up Fee and Obligations against the Purchase Price payable at Closing.

8

vi.     <u>Other Terms.</u>  At the conclusion of the Auction, the
winning bid shall be the bid made pursuant to the Order
approving these procedures that represents, in Debtors'
reasonable discretion, upon consultation with the
Committee, the highest or best offer (the "Winning Bid").
The Debtors may not solicit, receive or consider bids for
the New LLC Interests under the Plan after the Auction.
The bidder submitting such Qualified Bid shall become the
"Winning Bidder," and shall have such rights and
responsibilities of the Plan Funder as set forth in the Plan.
No less than two (2) days prior to the Confirmation
Hearing, the Winning Bidder (if other than the Plan
Funder) shall (a) complete and execute all agreements,
contracts, instruments or other documents evidencing and
containing the terms and conditions upon which the
Winning Bid was made, i.e. shall file a Second Amended
Plan which evidences the Successful Bid and (b) post cash
and/or acceptable Letter of Credit for the full amount of the
obligations and undertakings under the Plan (estimated to
be in an amount no less than ninety million ($90,000,000)
dollars.  Debtors will not be deemed to have finally
accepted any bid until the bid has been approved by the
Bankruptcy Court at the Confirmation Hearing.

vii.    <u>Retention of Deposit.</u>  The Deposit of the Winning Bidder
shall be forfeited and retained by Debtors as liquidated
damages in the event of a Winning Bidder default.

viii.   <u>Failure to Close.</u>  In the event a bidder is the Winning
Bidder (as determined by Debtors, upon consultation with
the Committee and as approved by the Bankruptcy Court),
and such Winning Bidder fails to consummate the sale as a
result of the Winning Bidder's default or breach under the
Plan in accordance with the terms of such Plan by the
Effective Date contemplated in such Plan, Debtors shall: (i)
retain the Winning Bidder's Deposit as liquidated damages;
and (ii) upon consultation with the Committee, be free to
enter into a new Plan with the Back-Up Bidder at the
highest price bid by the Back-Up Bidder at the Auction (or,
if the Back-Up Bidder is unable to consummate the Plan at
that price, Debtors, upon consultation with the Committee,
may consummate the Plan with the next highest Qualified
Bidder at the Auction) without the need for an additional
hearing (or additional Order) before the Bankruptcy Court.

ix.     <u>Break-Up Fee.</u>  In the event the Plan Funders do not submit
the Winning Bid and the Debtors businesses are transferred

9

to a party other than Plan Funders, they shall be entitled to receive a Break-Up Fee in the amount of $2,500,000.00 payable on the Effective Date of the Plan or at the Closing or the consummation of any transfer of the Debtors' business to a party other than the Plan Funders.  In the event the Plan Funders are the Winning Bidder, then the provisions of Section (d)(v) above apply.

e.      Expenses.  Any bidders presenting bids shall bear their own expenses in connection with their bid and the Auction, whether or not such sale is ultimately approved, in accordance with the terms of the Plan executed and filed by such bidders prior to the confirmation hearing.

f.      Conflict.  Any conflict between the terms and conditions of this Order and any Plan executed by any of the bidders (including Plan Funder's Plan) shall be resolved in favor of the Plan.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

| | |
|---|---|
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Judge: Gloria M. Burns<br><br>Chapter: 11 |

**NOTICE OF HEARING TO CONSIDER CONFIRMATION OF
DEBTORS' JOINT CHAPTER 11 PLAN OF REORGANIZATION**

PLEASE TAKE NOTICE THAT:

1.      On April 24, 2008, the Debtors and Debtors-in-possession in the above-captioned case (the "Debtors"), filed the Debtors' First Amended Joint Chapter 11 Plan of Reorganization (as may be amended, the "Plan") and the First Amended Joint Disclosure Statement for the Debtors' Joint Chapter 11 Plan of Reorganization (as may be amended, the "Disclosure Statement"). All capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Plan or the Solicitation Order.

2.      On May 1, 2008, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order (the "Solicitation Order") approving the Disclosure Statement and the Debtors' procedures for soliciting votes on the Plan.

3.      The deadline for voting to accept or reject the Plan is 4:00 p.m. Eastern Time on [_____], 2008, unless such time is extended. Objections to the Plan must comply with the Solicitation Order and be filed by 4:00 p.m. Eastern Time on [_____], 2008. A hearing to consider confirmation of the Plan will be held on [_____], 2008 at 10:00 a.m. (Eastern Time), convened at the United States Bankruptcy Court for the District of New Jersey, 401 Market Street, Second Floor, Camden, NJ 08101.

4.      Any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order or other information about the solicitation procedures may request such information by visiting www.bsillc.com or by contacting the Voting Agent (i) by first class mall addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC (f/k/a Bankruptcy Services LLC), FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy

Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017, Attention: Hugo Suarez; or (iii) by telephone: (646) 282-2500.


Dated: May __, 2008                     Cozen O'Connor
                                        LibertyView, Suite 300
                                        457 Haddonfield Road
                                        Cherry Hill, NJ  08002
                                        Attention:  Mark E. Felger, Esquire
                                        Telephone:  856-910-5000
                                        Facsimile:   856-910-5075

                                        Counsel to Debtors and Debtors-in-Possession


CHERRY_HILL\442104\1  220718.000