**Schedule 1.10 to First Amended Joint Plan of Reorganization
and
Exhibit "E" to First Amended Disclosure Statement**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
| **MARK E. FELGER (MF9985)**<br>**JERROLD N. POSLUSNY, JR. (JP7140)**<br>**COZEN O'CONNOR**<br>Liberty View, Suite 300<br>457 Haddonfield Road<br>Cherry Hill, NJ  08002<br>(856) 910-5000<br>Attorneys for the Debtors | |
| In re: | Case No. 08-14631 |
| Shapes/Arch Holdings L.L.C.,<br>Shapes L.L.C., Delair L.L.C., Accu-Weld<br>L.L.C., and Ultra L.L.C. | Judge:  Gloria M. Burns<br><br>Chapter:  11 |

## BID PROCEDURES FOR ALTERNATIVE TRANSACTION AND BREAK-UP FEE

On April 24, 2008, Shapes/Arch Holdings, LLC and related entities, the above-captioned Debtors and Debtors in possession (the "Debtors") filed the Debtors' First Amended Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan")[1] [Docket No. •] and the Debtors' First Amended Joint Disclosure Statement for the Debtors' First Amended Joint Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Disclosure Statement").  By Order dated April ___, 2008 [Docket No. •] (the "Disclosure Statement Order"), the Bankruptcy Court approved, among other things, the Disclosure Statement as containing "adequate information" as that term is defined in section 1125 of the Bankruptcy Code; (ii) procedures for the solicitation of votes to accept or reject the Plan; and (iii) procedures for the tabulation of votes accepting or rejecting the Plan.

---

[1]      Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to such terms in the Plan.  Nothing contained herein shall constitute an admission that *Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. Partnership* ("*LaSalle*"), 526 U.S. 434 (1999)applies to the Plan.  Furthermore, these Bid Procedures only apply in the event claims in Class 5 of the Plan vote to reject the Plan and the Bankruptcy Court denies confirmation of the Plan solely based on a finding that the treatment of Class 5 in the Plan is not fair and equitable under Bankruptcy Code § 1129(b)(2)(B)(ii) and that in order for the Plan to be confirmed the issuance of the New LLC Interests to the Plan Funders must be exposed to market pursuant to *LaSalle*.

## The Plan and Confirmation

The Plan is the product of diligent efforts by the Debtors to formulate a plan that provides for a fair means for the Debtors to emerge from chapter 11 in an orderly manner, consistent with the mandates of the Bankruptcy Code and other applicable law.  The value, as determined by the Debtors, of the proposal submitted by the Plan Funders under the Plan is not less than $85,500,000, which compromises (i) approximately $55,000,000 for the revolving credit obligations due and owing to CIT-DIP Lenders; (ii) the Plan Funding Debt Commitment of $25,000,000; (iii) the Plan Funding Equity Commitment of up to $5,500,000 on the Effective Date and utilized to pay all other obligations due and owing under the Plan.  Such amounts and the Plan are subject to modification between the date of approval of the Disclosure Statement Order and May 25, 2008.

The marketing of the Debtors' interests being transferred under the Plan are being pursued as a result of the occurrence of an Alternate Transaction Trigger.

The Bankruptcy Court, through the Disclosure Statement Order, additionally authorized the Debtors to establish a process to offer for sale the equity interests in the Debtors to be distributed to the Plan Funders under the Plan in Section 5.4 through the process and procedures set forth below (the "Bid Procedures").

The Disclosure Statement Order does not require the Debtors to hire an investment banker or other professional to implement these Bid Procedures.

## Participation Requirements

All Bids (as defined below) must be submitted in writing so that they are **actually** received no later than 4:00 p.m. (Eastern time) on June 13, 2008 (the "Bid Deadline").  Each Qualified Bidder (as defined below) must deliver copies of its Bid to counsel for the Debtors, Cozen O'Connor, LibertyView, Suite 300, 457 Haddonfield Road, Cherry Hill, NJ  08002, Attention: Mark Felger, Esquire; (ii) counsel for the Plan Funders, Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, Attention: Joel C. Shapiro, Esquire; (iii) counsel for the Committee, Halperin Battaglia Raicht, LLP, 555 Madison Avenue, 9th Floor, New York, NY 10022, Attention: Alan D. Halperin, Esquire; and (iv) counsel for CIT-DIP Lenders, Stradley Ronon Stevens & Young, LLP, 2600 One Commerce Square, Philadelphia, PA  19103, Attention:  Paul A. Patterson, Esquire.

      1.    Bid Qualification Requirements.  The following Bid Procedures are for the sole benefit of the Debtors, their estates, and the Arcus Holders DIP lenders and the CIT DIP Lenders and are not for the benefit of any other entity (including, without limitation, any bidder or creditor of any of the Debtors).  These Bid Procedures shall apply with respect to the Sale:

      a.    Qualification as Bidder.  Debtors, after consultation with the Committee, will determine whether an entity (a "Potential Bidder") that wishes to make an offer is a "Qualified Bidder."  For a Potential Bidder to be considered eligible as a Qualified Bidder, it must provide Debtors and Committee within two (2) days of entry

2

of the order denying confirmation of the Plan for the specific reason stated in footnote 1 hereof with: (i) an executed confidentiality agreement identical to the confidentiality agreement executed by Arch Acquisition I, LLC; (ii) current audited financial statements of the Potential Bidder or, if the Potential Bidder is an entity formed for the purpose of engaging in an offer (an "Acquisition Entity"), current audited financial statements of the equity holder(s), manager(s), or controlling entity(ies) of the Potential Bidder or such other financial disclosure, acceptable to Debtors and the Committee, demonstrating such Potential Bidder's ability to close a proposed transaction; (iii) a written statement by the Potential Bidder stating that it (x) agrees to be bound by the terms and conditions of the Order of the Bankruptcy Court approving the Disclosure Statement and these Bid Procedures and the form of Plan, and (y) further agrees that it has no right to enforce these Bid Procedures or to assert claims arising from these Bid Procedures or any change to the Bid Procedures against the Debtors, their estates or any other entity; and (v) if the Potential Bidder is an Acquisition Entity, a written guarantee, letter of credit or other form of credit enhancement acceptable to Debtor (after consultation with the Committee) pursuant to which the equity holder(s), manager(s), or controlling entity(ies) of the Potential Bidder are responsible for the Potential Bidder's obligations in connection with the consummation of the Plan.  The Potential Bidder also must establish that it has the ability to consummate its proposed transaction within the timeframe contemplated by these Bid Procedures and the Plan.  Plan Funders are, and at all times shall be deemed to be, a Qualified Bidder entitled to participate in the Auction (as defined below).

    b.    Bid Requirements.

        i.    Debtors, after consultation with the Committee, will determine whether a bid qualifies as a "Qualified Bid."  To constitute a Qualified Bid: (a) the bid must be a written irrevocable offer from a Qualified Bidder agreeing to be bound by all terms, provisions and undertakings in the Plan and containing written evidence of cash/liquid assets and/or a commitment for financing or other evidence of an ability to consummate the Plan evidencing at least eighty five ($85,500,000) million five hundred thousand dollars in aggregate availability, subject to no conditions other than those set forth in the Plan, in either event satisfactory to Debtors; (b) the bid must include evidence of authorization and approval from the Qualified Bidder's Board of Directors or comparable governing body indicating that the Qualified Bidder is duly authorized to perform all terms,

provisions and undertakings in the Plan, and in this Order; (c) the bid must be to fund all distributions required under the Plan to be consummated on or before June 30, 2008; (d) the bid must not request or entitle the bidder to any termination or break-up fee, expense reimbursement or similar type of payment (unless the Qualified Bidder is the Plan Funder); (e) must be in an initial cash amount of $8,500,000.00 (inclusive of the Break-Up Fee due and owing to the Plan Funders) in respect of the New LLC Interests, provide for satisfaction of the CIT-DIP Obligations and the DIP Obligations to Arcus no later than June 30, 2008, and provide for the payment of all obligations under the Plan due on the Effective Date (no later than June 30, 2008); and (f) the bid must acknowledge and represent that the Qualified Bidder: (1) has had an opportunity to conduct any and all due diligence regarding Debtors' businesses and assets prior to making its offer; (2) has relied solely upon its own independent review, investigation and/or inspection of any documents and/or Debtors' assets in making its bid; and (3) did not rely upon any written or oral statements, representations, promises, warranties or guaranties whatsoever, whether express, implied, by operation of law or otherwise, regarding the proposed transaction, or the completeness of any information provided in connection therewith or the Auction (as defined below), except as expressly stated in the Order of the Bankruptcy Court approving these Bid Procedures. The Plan Funder is deemed a Qualified Bidder and the Plan is deemed a Qualified Bid.

ii.    All bids must include the clean version of the Plan being a duly executed original to and in the form of the Plan, signed by the Qualified Bidder.

iii.    Deposit. Each Potential Bidder's bid must be accompanied by a deposit in an amount that is equal to nine million dollars ($9,000,000, hereinafter the "Deposit"). Prior to the Bid Deadline (as defined below), the Deposit is to be delivered by the Qualified Bidder to the Debtors' counsel under the Escrow Agreement in the form of a wire transfer to:

[Bank]
[ABA #]

iv.    Additional Requirements for Bids. Bids must be: (a) in writing; (b) signed by an individual authorized to bind the

4

Potential Bidder; and (c) received no later than 4:00 p.m. (EST) on June 13, 2008 (the "Bid Deadline"), by counsel for Debtors, Cozen O'Connor, LibertyView, Suite 300, 457 Haddonfield Road, Cherry Hill, NJ  08002, Attention: Mark Felger, Esquire; and (ii) counsel for the Plan Funders, Blank Rome LLP, One Logan Square, Philadelphia, PA 19103, Attention: Joel C. Shapiro, Esquire; (iii) counsel for the Committee, Halperin, Battaglia Raicht, LLP, 555 Madison Avenue, 9th Floor, New York, NY 10022-3301, Attention: Alan D. Halperin, Esquire; and (iv) counsel for CIT-DIP Lenders, Stradley Ronon Stevens & Young, LLP, 2600 One Commerce Square, Philadelphia, PA 19103, Attention: Paul A. Patterson, Esquire.

v.   <u>No Conditions.</u>  Any bid must be subject to the terms of the Plan and not be subject to financing, due diligence, acquisition of any Excluded Asset, or any other condition or contingency less favorable to than those set forth in the Plan, as determined by Debtors in its reasonable discretion after consultation with the Committee; provided, however that a Winning Bidder (as that term is defined hereafter) may require technical modification of the Plan to identify itself as the new plan funder and to specify the increased cash consideration to be paid Class 5 relating to the New LLC Interests' issuance to the Winning Bidder.

vi.   <u>Initial Overbid.</u>  An initial overbid shall be a superior offer ("Superior Offer").  Of the $8,500,000 cash required in the Superior Offer, (a) $5,500,000 will be used to purchase New LLC Interests; (b) $2,500,000 shall be paid to Plan Funders in the event they are not the successful bidder and (c) an initial overbid of $500,000.00 which shall be paid to the Class 5 Pool.  All consideration relating to any additional bids made under Section (d)(iv) below will be transferred to the Class 5 Pool.

vii.   <u>Qualified Bid.</u>  Only a bid submitted by a Qualified Bidder that meets the requirements set forth in this section (b) shall be considered a "Qualified Bid."

viii.   <u>Bankruptcy Court Approval.</u>  All bids, including that of Plan Funder (whether through the Plan or otherwise), shall be subject to the approval of the Bankruptcy Court.

c.   Due Diligence.

5

        i.       <u>Diligence and Confidentiality Agreement.</u>  Debtors shall provide "due diligence" information and documents related to Debtors' businesses and assets as well as the Assumed Contracts and Assumed Obligations consistent with all due diligence information provided to Arch Acquisition I, LLC under its Confidentiality Agreement, updated as appropriate.  Debtors make no representation or warranty regarding the nature, accuracy or in any other respect in connection with the contents of the due diligence.  Debtors will designate an employee or other representative to coordinate all reasonable requests for additional information and due diligence access from Qualified Bidders.  All due diligence must be completed by June 13, 2008 and no access to the due diligence will be provided to Qualified Bidders after June 13, 2008.  Debtors, its affiliates or any of its respective representatives are not obligated to furnish any information to any person except a Qualified Bidder.  Any information and documents provided by the Debtors to any Qualified Bidder shall be promptly and, where possible, contemporaneously provided to all Qualified Bidders.  Any Qualified Bidder who desires to conduct due diligence should contact David Gollin, General Counsel, Shapes/Arch Holdings L.L.C., 9000 River Road, Delair, NJ  08110 for the due diligence procedures.

   d.     Auction.

        i.       <u>Auction Date and Time.</u>  If a Superior Offer is submitted other than the Plan, then Debtors shall conduct an auction (the "Auction") of the new LLC's interests being transferred under the Plan to the Plan Funders.  The Auction will be held on June 16, 2008, commencing at 12:00 noon (EST) at the offices of Cozen O'Connor, 1900 Market Street, Philadelphia, PA 19103, or such other time and place as may be established by Debtors, after detailed consultation with the Committee (and is reasonably acceptable to Plan Funders), prior to the Confirmation Hearing Date, for consideration of Qualified Bids.  Only the authorized representatives of any Qualified Bidders that timely submitted a Qualified Bid, the Committee, the Debtors and the Plan Funders shall be permitted to attend the Auction.

        ii.      <u>Auction Procedures.</u> All Qualified Bidders participating in the Auction must be physically present at the Auction.  At the Auction, the Debtors, in consultation with the

Committee, in its reasonable business judgment, may adopt rules for the Auction that will promote the goals of the Auction but such rules cannot be inconsistent with any other provisions of the Plan. Any such additional rules shall be subject to the approval of Plan Funders and shall at all times provide that: (a) all procedures must be fair and open with no participating Qualified Bidder being disadvantaged as compared to any other participating Qualified Bidder; (b) all bids shall be made on an open basis, and participating Qualified Bidders shall be entitled to be present for all bidding; and (c) the principals of each participating Qualified Bidder shall be fully disclosed to all other participating Qualified Bidders throughout the entire Auction. If no Potential Bidder makes the timely submissions required in para. 1(b) herein and is determined to be a Qualified Bidder, or if no Superior Offer (other than that of the Plan Funder) is received by the Bid Deadline, then no Auction shall take place, and the Debtors shall, at the Continued Confirmation Hearing, request: (x) that the Plan be deemed the highest and best offer for the Debtors' business, (y) confirmation of the Plan, and (z) entry of the Confirmation Order.

iii.     <u>Evaluation of Highest or Best Offer.</u>  Debtors shall, promptly after the Bid Deadline, after consultation with the Committee: (a) evaluate all bids, if any, received, and (b) determine which bids, if any, constitute Qualified Bids. Debtors shall provide Plan Funder and the Committee with copies of all Qualified Bids not more than one (1) business day after receipt. During the course of the Auction, Debtors shall inform each participating Qualified Bidder which Qualified Bid or Bids reflect, in Debtors' view, after detailed consultation with the Committee, the highest or best offer. Debtors may only accept bids which seek to increase the dividend to Class 5 creditors (by way of an increase in the purchase price for all of the New LLC Interests being transferred to the Plan Funders under the Plan) and otherwise fully binds and commits the Qualifying Bidder to fund or otherwise satisfy all Plan obligations (including, without limitation, the indefeasible payment in full of the Arcus Holders DIP Claims, the CIT Loan Claims and the CIT DIP Claims) and complies with all terms, conditions and requirements of the Plan.

iv.     <u>Subsequent Bids.</u>  Debtors shall not consider any subsequent bid made at the Auction unless the bid is made by a Qualified Bidder who has previously made a Qualified

Bid and such subsequent bid exceeds the previous highest or best bid by at least $100,000.00 in cash (subject to the provisions of subsection (v) below).

v. <u>Subsequent Plan Funder Bids.</u> Plan Funders shall have the right to credit bid up to the amount of the Obligations in the amount of any subsequent bid that it makes at the Auction. No other Qualified Bidder may propose a credit bid or credit bid. If, as a result of a subsequent bid made by Plan Funders at the Auction, the Plan Funders are the Winning Bidder or the Back-Up Bidder (as defined therein), the Plan Funders shall be entitled to credit the amount of the Break-Up Fee and Obligations against the Purchase Price payable at Closing.

vi. <u>Other Terms.</u> At the conclusion of the Auction, the winning bid shall be the bid made pursuant to the Order approving these procedures that represents, in Debtors' reasonable discretion, upon consultation with the Committee, the highest or best offer (the "Winning Bid"). The Debtors may not solicit, receive or consider bids for the New LLC Interests under the Plan after the Auction. The bidder submitting such Qualified Bid shall become the "Winning Bidder," and shall have such rights and responsibilities of the Plan Funder as set forth in the Plan. No less than two (2) days prior to the Confirmation Hearing, the Winning Bidder (if other than the Plan Funder) shall (a) complete and execute all agreements, contracts, instruments or other documents evidencing and containing the terms and conditions upon which the Winning Bid was made, i.e. shall file a Second Amended Plan which evidences the Successful Bid and (b) post cash and/or acceptable Letter of Credit for the full amount of the obligations and undertakings under the Plan (estimated to be in an amount no less than ninety million ($90,000,000) dollars. Debtors will not be deemed to have finally accepted any bid until the bid has been approved by the Bankruptcy Court at the Confirmation Hearing.

vii. <u>Retention of Deposit.</u> The Deposit of the Winning Bidder shall be forfeited and retained by Debtors as liquidated damages in the event of a Winning Bidder default.

viii. <u>Failure to Close.</u> In the event a bidder is the Winning Bidder (as determined by Debtors, upon consultation with the Committee and as approved by the Bankruptcy Court), and such Winning Bidder fails to consummate the sale as a

CHERRY_HILL\442105\1 220718.000

result of the Winning Bidder's default or breach under the Plan in accordance with the terms of such Plan by the Effective Date contemplated in such Plan, Debtors shall: (i) retain the Winning Bidder's Deposit as liquidated damages; and (ii) upon consultation with the Committee, be free to enter into a new Plan with the Back-Up Bidder at the highest price bid by the Back-Up Bidder at the Auction (or, if the Back-Up Bidder is unable to consummate the Plan at that price, Debtors, upon consultation with the Committee, may consummate the Plan with the next highest Qualified Bidder at the Auction) without the need for an additional hearing (or additional Order) before the Bankruptcy Court.

ix.  <u>Break-Up Fee</u>.  In the event the Plan Funders do not submit the Winning Bid and the Debtors businesses are transferred to a party other than Plan Funders, they shall be entitled to receive a Break-Up Fee in the amount of $2,500,000.00 payable on the Effective Date of the Plan or at the Closing or the consummation of any transfer of the Debtors' business to a party other than the Plan Funders.  In the event the Plan Funders are the Winning Bidder, then the provisions of Section (d)(v) above apply.

e.  <u>Expenses.</u>  Any bidders presenting bids shall bear their own expenses in connection with their bid and the Auction, whether or not such sale is ultimately approved, in accordance with the terms of the Plan executed and filed by such bidders prior to the confirmation hearing.

<u>Conflict.</u>  Any conflict between the terms and conditions of this Order and any Plan executed by any of the bidders (including Plan Funder's Plan) shall be resolved in favor of the Plan.

9