UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KELLY BEAUDIN STAPLETON
UNITED STATES TRUSTEE, REGION 3
Donald F. MacMaster, Esq.  (DM 0977)
One Newark Center, Suite 2100
Newark, New Jersey 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | |
| | Chapter 11 |
| SHAPES/ARCH HOLDINGS, L.L.C. *et al.*, | Case No. 08-14631 (GMB) |
| Debtors. | Hearing Date: May __, 2008 |

**ORAL ARGUMENT REQUESTED**

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
THE UNITED STATES TRUSTEE FOR AN ORDER DIRECTING THE
APPOINTMENT OF A CHAPTER 11 TRUSTEE PURSUANT TO 11 U.S.C. § 1104**

THE UNITED STATES TRUSTEE ("UST"), by and through counsel, in furtherance of her duties and responsibilities, hereby respectfully moves for an Order pursuant to 11 U.S.C. 1104 Directing The United States Trustee To Appoint A Chapter 11 Trustee. In support of the Motion, the United States Trustee respectfully represents as follows:

**FACTS AND BACKGROUND**

On March 16, 2008 (the"Petition Date"), Shapes/Arch Holdings L.L.C., *et al.* (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of title

11, United States Code, and the Debtors have remained in possession of their property and management of their affairs, subject to the Arcus Entities (as defined below) obtaining control of management in conjunction with the commencement of these cases.

On the Petition Date, Debtors filed their Motion (the "DIP Motion") seeking entry of an Final Orders authorizing the Debtor to enter into post-petition financing arrangements with Arcus ASI Funding, LLC ("Arcus") and The CIT Group / Business Credit Inc. ("CIT") (Docket Entry 18), a Plan of Reorganization (the "Plan") (Docket Entry 15), and a Disclosure Statement (the "Disclosure Statement") (Docket Entry 16), as well as numerous other first day matters.

An Unsecured Creditors' Committee (the "Committee") has been appointed by the United States Trustee.

On the Petition Date, and in conjunction with the filing of these cases, complete and unfettered control of the Debtors was transferred to an affiliate of Arcus.  On the Petition Date, Steven Grabell and Daniel Carpey, in their capacity of managers of Ben LLC (Ben LLC being the 100% owner of the Shapes/Arch Holdings, L.L.C. Debtor) executed the Shapes / Arch Holdings L.L.C. Amended and Restated Operating Agreement (the "Operating Agreement"). The execution copy of the Operating Agreement dated the 16th day of March, 2008 (the Petition Date) is annexed to the Certification of Tina Oppelt as Exhibit A.

Section 5.01 of the Operating Agreement outlines certain General Provisions Concerning Management of Shapes/Arch Holdings L.L.C. ("Shapes").  Pursuant to this subsection, Arcus ASI, Inc. (the "Arcus Affiliate") was irrevocably appointed as a "Manager" with a 79.9% voting percentage.  Additionally, this subsection provides that the Managers (as defined in the Operating Agreement) shall not be required to obtain *any* approvals or consents from the

Member (as defined in the Operating Agreement). Most critically, this subsection further provides that all actions of the Managers shall require a majority of their Voting Percentages (as defined in the Operating Agreement). Since Arcus Affiliate holds 79.9% of the voting percentages, Arcus Affiliate has complete control of the Shapes/Arch Holdings, L.L.C. Debtor, and in turn has complete control of the other four (4) operating Debtors as well.

The extensive *and exclusive* pre-bankruptcy negotiations between the Debtors, Arcus, and Arcus Affiliate (Arcus and Arcus Affiliate referred to as the "Arcus Entities"), have resulted in a complete lock-up of these cases by the Arcus Entities. The collection of pleadings filed on the Petition Date result in the Arcus Entities serving as post-petition lender, exit lender, Plan funder, and ultimate acquirer under the Plan, all while enjoying unfettered control of the Debtors during the pendency of these Chapter 11 proceedings pursuant to the Operating Agreement.

As evidenced at the hearing held in these cases on April 17, 2008, the Debtors cannot so much as consider providing due diligence materials to a potential competing lender due to the stranglehold the Arcus Entities have over the Debtors' every action. The net result is the simple fact that the Arcus Entities have a stranglehold over these Chapter 11 proceedings.

These Chapter 11 proceedings cannot continue under the guise of *alleged* debtors-in-possession. None of the Debtors have any rights, powers, or authority to conduct themselves as proper debtors-in-possession and as fiduciaries for all parties in interest. To the contrary, the Debtors are contractually bound to follow the direction of the Arcus Entities. The Arcus Entities effectively hold a veto-vote over each and every determination that can possibly be considered by the Debtors in these cases. The Arcus Entities are more than a mere alter-ego of the Debtors; by the Operating Agreement, the Arcus Entities have accomplished an actual supplanting of the

Debtors' management.

Every fundamental Chapter 11 issue to be considered by the Debtors is ultimately to be decided by the Arcus Entities' majority-vote. The Arcus Entities, while maintaining their many roles as outlined above, also serve as the ultimate decision maker with regard to carrying out a proper game-plan and exit strategy for these cases, whether/how to market the Debtors' businesses, whether/how to consider a bootstrap plan, whether/how to consider a competing lender, whether/how to entertain a competing suitor, etc.

The Debtors appear incapable of exercising independent business judgment, and as a result cannot serve as effective "debtors-in-possession." For example, one of the Debtors' primary goals in these cases should be to maximize value of the Debtors' estates for the benefit of creditors. The Arcus Entities, on the other hand, are best served by a closed process where competitive bidding is discouraged. Rather than serving as fiduciaries in the best interest of all creditors, the Debtors' hands are tied, and the Arcus Entities are free to serve their own interests in these cases. It is respectfully submitted that, given the posture these Debtors find themselves in, these Chapter 11 proceedings can only continue under the auspices of an independent fiduciary, through the appointment of trustee pursuant to 11 U.S.C. § 1104.

## LEGAL ANALYSIS AND ARGUMENT

Section 1104(a) of the Code governs the appointment of a Chapter 11 trustee and reads as follows:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States Trustee, and after notice and a hearing, the court shall order the appointment of a trustee-
>
> (1) for cause, including fraud, dishonesty, incompetence, or gross

    mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor;

  (2) if such appointment is in the interest of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or

  (3) If grounds exist to convert or dismiss the case under section 1112, but the court determines that the appointment of a trustee or examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1104(a).

The Third Circuit has examined the requirements of 11 U.S.C. § 1104(a) and, in affirming the lower court's decision to appoint a Chapter 11 trustee, stated:

> For the reasons already discussed, section 1104(a) decisions must be made on a case-by-case basis. Subsection (a)(1) requires the bankruptcy court, upon motion, to appoint a trustee when the movant has proven "cause," which the statute defines to include incompetence and gross mismanagement. Subsection (a)(2) emphasizes the court's discretion, allowing it to appoint a trustee when to do so would serve the parties' and estate's interests.

In re Sharon Steel Corp., 871 F2d. 1217, 1226 (3d Cir. 1989).

A Debtor-in-possession must function as a "fiduciary of his creditors" in order to "protect and conserve property in his possession for the benefit of creditors". In re Sharon Steel Corp., 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988). Accordingly, the Debtor-in-possession must "refrain from acting in a manner which could damage the estate, or hinder a successful reorganization of the business." Id. at 457. If a Debtor-in-possession fails to meet its fiduciary duties or the obligations imposed upon an entity operating under the jurisdiction of the Bankruptcy Court, then the appointment of a Chapter 11 trustee is appropriate.

Subsection (a)(1) of section § 1104 sets forth a discretionary standard under which

"cause" may be ascertained, including incompetence and gross mismanagement.  However, the statute also anticipated that "cause" may be broadly defined on a case-by-case basis.  The factors listed in Code § 1104(a)(1) are not exclusive, and a finding of cause may be based on other factors as well.  In re Marvel Entertainment Group, Inc., 140 F.3d 463, 472(3rd Cir. 1998).

Subsection (a)(2) of 1104 embodies the more flexible "best interest of the creditors" approach, and provides a basis for relief in the appointment of a trustee in certain circumstances where cause, under section (a)(1), cannot be established.  See,  In re Sharon Steel Corp., 86 B.R. 455, 457 (Bankr. W.D. Pa. 1988).  See also,  5 Collier on Bankruptcy § 1104.02[3][d], 1104-16 n. 29 citing 124 Cong. Rec. H11, 102 (daily ed., September 28, 1978; S17, 419 (daily ed., Oct. 6, 1978) and In re Ionosphere Clubs, Inc., 113 B.R.164, 169 (Bankr. S.D.N.Y.)(trustworthiness of the Debtor is a factor in appointing a trustee under Code § 1104(a)(2)).

Once "cause" has been established for the appointment of a trustee, Section 1104(a) requires  the bankruptcy court to order the appointment of a trustee.  Section 1104(a) of the Bankruptcy Code states that the court "shall" order the appointment of a trustee.

The UST submits that ample cause exists for the appointment of a trustee.  Here, it is impossible for the Debtors to act in a fiduciary capacity.  The Debtors are controlled by the Arcus Entities, and the Debtors are already effectively out of possession.  The problem here is that, with the transfer of control of the Debtors pre-petition to the Arcus Entities,  no fiduciary is in place to make decisions for the Debtors.  The Arcus Entities have only one interest, and that is to obtain the Debtors for the lowest possible price.  If ever a process was "fixed" to insure a lack of competitive bidding, it surely has occurred here through the orchestrated machinations of the Arcus Entities and the emasculated acquiescence of the Debtors.  Because no independent

fiduciary currently is in place, the court should direct the appointment of a chapter 11 trustee.

WHEREFORE, for the foregoing reasons, the United States Trustee respectfully requests that this Court enter an Order Directing the Appointment of a Chapter 11 Trustee and such other and further relief that is deemed just and equitable.

                                                                          Respectfully submitted,

                                                                          KELLY BEAUDIN STAPLETON
                                                                          UNITED STATES TRUSTEE
                                                                          REGION 3

                                                                       */s/ Donald F. MacMaster*
                                                                    Donald F. macMaster
                                                                    Trial Attorney

DATED: April 30, 2008