UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
KELLY BEAUDIN STAPLETON
UNITED STATES TRUSTEE, REGION 3
Donald F. MacMaster, Esq.  (DM 0977)
One Newark Center, Suite 2100
Newark, NJ 07102
Telephone: (973) 645-3014
Fax: (973) 645-5993

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| SHAPES/ARCH HOLDINGS, L.L.C. *et al.*, | : | Case No. 08-14631 (GMB) |
| Debtors | : | Hearing Date: |

**APPLICATION BY THE UNITED STATES TRUSTEE FOR ORDER SHORTENING TIME PERIOD AND LIMITING NOTICE UNDER FED. R. BANKR. P. 9006(C)(1) ON THE UNITED STATES TRUSTEE'S MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF A TRUSTEE**

THE UNITED STATES TRUSTEE ("UST"), by and through her counsel, respectfully represents:

1. On March 16, 2008, the above-captioned debtors ("Debtors") each filed a voluntary petition for relief under chapter 11 of Title 11, United States Code.

2. The UST is submitting herewith a Motion seeking an order directing the appointment of a trustee pursuant to 11 U.S.C. § 1104(a).

3. Also on March 16, 2008, Steven Grabell and Daniel Carpey, in their capacity of managers of Ben LLC (Ben LLC being the 100% owner of the Shapes/Arch Holdings, L.L.C. Debtor) executed the Shapes / Arch Holdings L.L.C. Amended and Restated Operating Agreement (the "Operating Agreement").  The execution copy of the Operating Agreement is annexed to the Certification of Tina Oppelt as Exhibit A.

4. Section 5.01 of the Operating Agreement outlines certain General Provisions Concerning Management of Shapes/Arch Holdings L.L.C. ("Shapes"). Pursuant to this subsection, Arcus ASI, Inc. (the "Arcus Affiliate") was irrevocably appointed as a "Manager" with a 79.9% voting percentage. Additionally, this subsection provides that the Managers (as defined in the Operating Agreement) shall not be required to obtain *any* approvals or consents from the Member (as defined in the Operating Agreement). Most critically, this subsection further provides that all actions of the Managers shall require a majority of their Voting Percentages (as defined in the Operating Agreement). Since Arcus Affiliate holds 79.9% of the voting percentages, Arcus Affiliate has complete control of the Shapes/Arch Holdings, L.L.C. Debtor, and in turn has complete control of the other four (4) operating Debtors as well.

5. As evidenced at the hearing held in these cases on April 17, 2008, the Debtors cannot so much as consider providing due diligence materials to a potential competing lender due to the stranglehold the Arcus Entities have over the Debtors' every action.

6. These Chapter 11 proceedings cannot continue under the guise of *alleged* debtors-in-possession. None of the Debtors have any rights, powers, or authority to conduct themselves as proper debtors-in-possession and as fiduciaries for all parties in interest. To the contrary, the Debtors are contractually bound to follow the direction of the Arcus Entities. The Arcus Entities effectively hold a veto-vote over each and every determination that can possibly be considered by the Debtors in these cases. The Arcus Entities are more than a mere alter-ego of the Debtors; by the Operating Agreement, the Arcus Entities have accomplished an actual supplanting of the Debtors' management.

7. Every fundamental Chapter 11 issue to be considered by the Debtors is ultimately to be decided by the Arcus Entities' majority-vote.

8. The Debtors appear incapable of exercising independent business judgment, and

as a result cannot serve as effective "debtors-in-possession." For example, one of the Debtors' primary goals in these cases should be to maximize value of the Debtors' estates for the benefit of creditors. The Arcus Entities, on the other hand, are best served by a closed process where competitive bidding is discouraged. Rather than serving as fiduciaries in the best interest of all creditors, the Debtors' hands are tied, and the Arcus Entities are free to serve their own interests in these cases. It is respectfully submitted that, given the posture these Debtors find themselves in, these Chapter 11 proceedings can only continue under the auspices of an independent fiduciary, through the appointment of trustee pursuant to 11 U.S.C. § 1104.

9. As a result of the reasons set forth above, the UST submits that the appointment of an trustee is the proper remedy.

10. Good and sufficient reasons exist for shortening the time for noticing the Motion.

11. This Office is requesting that the Court limit notice of this Motion to Debtors' counsel, counsel for the unsecured creditors' committee and all parties who have filed Notices of Appearance in this matter.

12. Reduction of the time period in question is not prohibited under Federal Rule of Bankruptcy Procedure 9006(c) and the Rules listed therein.

WHEREFORE, the United States Trustee requests entry of the order shortening time submitted herewith.

                                            Respectfully submitted,

                                            KELLY BEAUDIN STAPLETON
                                            UNITED STATES TRUSTEE
                                            REGION 3

                                            */s/ Donald F. MacMaster*
                                            Donald F. MacMaster
                                            Trial Attorney

DATED: April 30, 2008