PPG\Shapes-Arch Holdings\certification in support of motion to compel administrative expense

**THE CHARTWELL LAW OFFICES, LLP**
John J. Winter, Esquire
NJ ID No. JW9777
2621 Van Buren Avenue
Norristown, PA 19403
Telephone: (610) 666-7700
Telecopier: (610) 666-7704
Attorneys for PPG Industries, Inc.

_____

| | |
|---|---|
| In re: : | UNITED STATES BANKRUPTCY COURT |
| **SHAPES/ARCH HOLDINGS, LLC,** : | DISTRICT OF NEW JERSEY |
| **et al.,** : | Chapter 11 Case Nos. 08-14631 through |
| Debtors : | 08-14635 (GMB) (jointly administered) |
| : | Hearing Date: June 9, 2008, 10:00 A.M. |
| _____ : | Oral Argument Requested if Opposed |

**CERTIFICATION OF KEVIN B. STIFFLER IN SUPPORT OF
MOTION TO COMPEL PAYMENT ADMINISTRATIVE EXPENSE CLAIMS
PURSUANT TO 11 U.S.C. §§ 105(a), 363(b), 364(b), 503(a) AND 503(b)(9),
<u>FILED ON BEHALF OF PPG INDUSTRIES, INC.</u>**

I, KEVIN B. STIFFLER, of full age, hereby certify the following to be true:

1. I am a Credit Manager for PPG Industries, Inc. ("PPG"), and as such am duly zauthorized to make this Certification on its behalf. I submit this Certification in support of PPG's Motion to Compel Payment of an Administrative Expense Claim Pursuant to 11 U.S.C. 11 U.S.C. §§ 105(a), 363(b), 364(b), 503(a) and 503(b)(9).

2. I am fully familiar with PPG's books and records, and its business as concerns this matter.

3. The above-captioned debtor filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on March 16, 2008 (the "Petition Date").

4.      The above-captioned bankruptcy cases include those of Accu-Weld, LLC ("Accu-Weld"), Chapter 11 Case No. 08-14635, and Shapes, LLC ("Shapes"), Chapter 11 Case No. 08-14632.

5.      In the ordinary course of its business, PPG shipped goods to both Accu-Weld and Shapes in the ordinary course of their respective businesses prior to the Petition Date (the "Goods").  Attached hereto as Exhibits "A" and "B" are Excel Spreadsheets detailing the shipments of Goods to Accu-Weld and Shapes, respectively, during the forty-five (45) day preceding the Petition Date (the "Reclamation Period") and twenty (20) day period day preceding the Petition Date (the "Administrative Claim Period"), which are incorporated herein by reference (collectively, the "Reclamation Statements").

6.      PPG's charges for the Goods as reflected by the Reclamation Statements were fair and reasonable, and according to one or more written agreement(s) between PPG and said debtor(s).

7.      The aforesaid sales and deliveries of Goods to Accu-Weld are reflected in the Invoices attached hereto collectively as Exhibit "C", which are incorporated herein by reference, for which Goods PPG has not been paid.

8.      The aforesaid sales and deliveries of Goods to Shapes are reflected in the Invoices attached hereto collectively as Exhibit "D", which are incorporated herein by reference, for which Goods PPG has not been paid.

9.      On March 25, 2008, PPG issued a Notice of Reclamation to Accu-Weld (the "Accu-Weld Reclamation Notice").  A true and correct copy of the Accu-Weld Reclamation Notice is attached hereto as Exhibit "E" and is incorporated herein by reference.

2

10. As set forth in the Accu-Weld Reclamation Notice, PPG shipped Goods to Accu-Weld in the forty-five (45) days prior to the Petition Date with a total value of $118,162.75, and PPG therefore demanded reclamation of those Goods. Further, the Accu-Weld Reclamation Notice set forth PPG's request for payment of the value of those Goods received by Accu-Weld during the twenty (20) day period preceding the Petition Date in the amount of $63,401.40 (the "Accu-Weld Administrative Claim").

11. On April 1, 2008 PPG issued a Notice of Reclamation to Shapes (the "Shapes Reclamation Notice"). A true and correct copy of the Shapes Reclamation Notice is attached hereto as Exhibit "F" and is incorporated herein by reference.

12. As set forth in the Shapes Reclamation Notice, PPG shipped Goods to Shapes in the forty-five (45) days prior to the Petition Date with a total value of $65,793.60, and PPG therefore demanded reclamation of those Goods. Further, the Shapes Reclamation Notice set forth PPG's request for payment of the value of those Goods received by Shapes during the twenty (20) day period preceding the Petition Date in the amount of $27,162.80.

13. Debtors responded to the Accu-Weld Reclamation Notice and Shapes Reclamation Notice (collectively, the "Reclamation Notices") that they are not obligated to return the Goods covered thereby, because they are subject to the liens and security interests of their secured creditor(s).

14. Accordingly, PPG is entitled to an administrative claim for the value of the Reclaimable Goods received by Accu-Weld and Shapes during the Administrative Claim Period pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(b)  503(a) and 503(b)(9).

15. PPG has filed a request for Payment of an Administrative Expense against Accu-Weld in the sum of $63,401.40 (the "Accu-Weld Administrative Expense Claim"), a true and correct copy of which is attached hereto as Exhibit "G" and is incorporated herein by reference.

16. PPG has filed a request for Payment of an Administrative Expense against Shapes in the sum of $27,162.80 (the "Shapes Administrative Expense Claim"), a true and correct copy of which is attached hereto as Exhibit "H" and is incorporated herein by reference.

17. PPG has also filed a Proof of Claim against Accu-Weld in the total amount of $244,407.62 (the "Accu-Weld Proof of Claim").

18. PPG has also filed a Proof of Claim against Shapes in the total amount of $161,740.96 (the "Shapes Proof of Claim").

19. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**PPG INDUSTRIES, INC.**

Dated: April 30, 2008       By: /s/ Kevin B. Stiffler
                            Kevin B. Stiffler, Credit Manager