# LECLAIRRYAN

A Virginia Professional Corporation

David W. Phillips, Esq. (DP2099)
Todd A. Galante, Esq.
Two Penn Plaza East
Newark, New Jersey 07105
Telephone: (973) 491-3600
Facsimile: (973) 491-3555

William E. Callahan, Esq.
1800 Wachovia Tower, Drawer 1200
Roanoke, Virginia 24006
Telephone: (540) 777-3068
Facsimile: (540) 510-3050

Counsel for De Lage Landen Financial Services, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| SHAPES/ARCH HOLDINGS, LLC, et al., | Case No. 08-14631 (GMB) (Jointly Administered) |
| Debtors. | |

**VERIFIED MOTION OF DE LAGE LANDEN FINANCIAL SERVICES, INC. FOR AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362(a)**

TO:   THE HONORABLE GLORIA M. BURNS
       UNITED STATES BANKRUPTCY JUDGE

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by and through its counsel, LeclairRyan, a Virginia Professional Corporation, moves the Court for entry of an Order granting relief from the automatic stay provisions of 11 U.S.C. § 362(a), and in support thereof, respectfully states as follows:

## Jurisdiction; Procedural Background

1. On March 16, 2008, the Debtors[1] filed their respective voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), commencing the captioned cases.

2. These cases are being jointly administered pursuant to the Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings, LLC".

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to 11 U.S.C. § 1107(a) and § 1108.

4. No trustee or examiner has been appointed in these cases.

5. An official committee of unsecured creditors was appointed on March 31, 2008.

6. The Court has jurisdiction over this objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1408 and § 1409. This is a core proceeding at that term is defined in 28 U.S.C. § 157(b).

## Preliminary Statement

7. Prior to the commencement of the Debtors' cases, De Lage Landen entered into a number of lease agreements (collectively, the "Lease Agreements") with Shapes and DeLair. Six of the Lease Agreements, five with Shapes and one with DeLair, contain a $1.00 option to purchase the leased equipment at the end of the lease term. Under *Pa. C.S.* § 1201[2], the Lease Agreements with a $1.00 option to purchase

---

[1] The Debtors consist of Shapes/Arch Holdings LLC ("Shapes/Arch"), and its wholly-owned subsidiaries of Shapes/Arch, Shapes, LLC ("Shapes"); DeLair LLC ("DeLair"), Accu-Weld LLC ("Accu-Weld"), and Ultra LLC ("Ultra").

[2] Each of the Lease Agreements contain a choice of law provision providing that the agreement is to be governed and construed under the laws of the state of Pennsylvania.

- 2 -

(collectively, the "Purchase Option Agreements") are deemed purchase money security agreements. *See Pillowtex, Inc. v. Duke Energy Royal, LLC (In re Pillowtex)*, 349 F.3d 711, 717-18 (3d Cir. 2003). De Lage Landen properly perfected its interest in the equipment (the "Equipment") that is the subject of each of the Purchase Option Agreements by the filing of a financing statement with the State Corporation Commission of each debtor's state of origin. De Lage Landen seeks relief from the automatic stay in order to be permitted to exercise its rights to the Equipment under the Purchase Option Agreements and applicable law.

### Factual Background

**A.    De Lage Landen's Lease Agreements with Shapes**

8.    Shapes entered into five (5) Purchase Option Agreements with De Lage Landen (collectively, the "Shapes POAs"). A summary of the Shapes POAs is attached hereto as **Exhibit A**. A copy of the Master Lease Agreement by which each Shapes POA was governed and a copy of each Shapes POA are collectively attached hereto as **Exhibit B**. A copy of the financing statements filed with the New Jersey Secretary of State is attached hereto as **Exhibit C**.

9.    De Lage Landen has a first priority security interest in each item of Equipment listed on **Exhibit A** (the "Shapes Equipment").

10.    The Debtors have continued to use and/or have available for use in its business the Shapes Equipment, resulting in a diminution of the value of the Shapes Equipment and in De Lage Landen's interest in the Shapes Equipment. On the other hand, the Debtors have failed to timely make the post-petition payments under the Shapes POAs as such payments became due and owing and, as a result, the Debtors are not

providing adequate protection of De Lage Landen's interest in the Shapes Equipment for their use thereof as required by § 363(e) and § 361 of the Bankruptcy Code.

11. Shapes' obligation under each of the Shapes POAs exceeds the value of the respective Equipment that is the subject of each Shapes POA.

12. At the time of the commencement of the Cases, Shapes was in default under each of the Shapes POAs. Unless the Debtors intend to cure the pre-petition defaults and continue to make payments according to the terms of the Shapes POAs pursuant to a confirmed plan of reorganization, the Shapes Equipment is not necessary to an effective reorganization of the Debtors.

**B.  De Lage Landen's Lease Agreements with DeLair**

13. DeLair entered into entered into one (1) Purchase Option Agreement with De Lage Landen (the "DeLair POA"). A summary of the DeLair POA is attached hereto as **Exhibit D**. A copy of the DeLair POA is attached hereto as **Exhibit E**. A copy of the financing statement was filed with the State of Delaware State Corporation Commission is attached hereto as **Exhibit F**.[3]

14. De Lage Landen has a first priority security interest in the item of Equipment listed on **Exhibit D** (the "DeLair Equipment").

15. The Debtors have continued to use and/or have available for use in its business the DeLair Equipment, resulting in a diminution of the value of the DeLair Equipment and in De Lage Landen's interest in the DeLair Equipment. On the other hand, the Debtors have failed to timely make the post-petition payments under the DeLair POA as such payments became due and owing and, as a result, the Debtors are not

---

[3] De Lage Landen asserts that the State of Delaware is the state of origin for DeLair.

- 4 -

providing adequate protection of De Lage Landen's interest in the DeLair Equipment for their use thereof as required by § 363(e) and § 361 of the Bankruptcy Code.

16. DeLair's obligation under the DeLair POA exceeds the value of the DeLair Equipment.

17. At the time of the commencement of the Cases, DeLair was in default under the DeLair POA. Unless the Debtors propose to cure the pre-petition defaults and continue to make payments according to the terms of the DeLair POA pursuant to a confirmed plan of reorganization, the DeLair Equipment is not necessary to an effective reorganization of the Debtors.

### Request for Relief from the Automatic Stay

18. Pursuant to 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest of the movant in the subject property.

19. The cause necessary to grant relief to De Lage Landen exists in that (a) the Debtors are not timely making the payments required under the Purchase Option Agreements while continuing to use the equipment, resulting in a diminution of De Lage Landen's interest in each piece of the Equipment and in a lack of adequate protection of De Lage Landen's interest in the Equipment, (b) the Debtors are in default post-petition under each of the Purchase Option Agreements, and (c) there is no equity in the Equipment and to the extent that the Debtors do not propose to cure the pre-petition and post-petition defaults and continue to make payments according to the terms of the Purchase Option Agreements pursuant to a confirmed plan of reorganization, the Equipment is not necessary to an effective reorganization of the Debtors.

20.    Grounds exist for the waiver of the ten (10) day stay of the order granting relief pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), in that the continued diminution in the value of the Lease Agreements Equipment during such period will irreparably harm De Lage Landen.

**Request for Wavier of D.N.J. LBR 9013-3 Requirements**

21.     Because this Motion raises no novel issues of law, De Lage Landen requests that the Court waive the requirement of a Memorandum of Law pursuant to D.N.J. LBR 9013-2.

WHEREFORE, it is respectfully requested that the Court enter an Order in the form attached hereto as **Exhibit G**:

a.     Granting De Lage Landen relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001 as to the Equipment;

b.     Providing that the order granting relief to De Lage Landen become effective immediately upon entry, notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3); and

c.     Granting such other and further relief as the Court deems just and proper.

Dated: May 21, 2008

**LECLAIRRYAN**
A Virginia Professional Corporation
Counsel for De Lage Landen
   Financial Services, Inc.

By:     /s/
David W. Phillips, Esq. (DP 2099)
Todd A. Galante, Esq.
Two Penn Plaza East
Newark, New Jersey 07105
Telephone: (973) 491-3600
Facsimile: (973) 491-3555

William E. Callahan, Esq.
1800 Wachovia Tower, Drawer 1200
Roanoke, Virginia 24006
Telephone: (540) 777-3068
Facsimile: (540) 510-3050

## VERIFICATION

I have read the foregoing Verified Motion and the contents thereof are true to the best of my personal knowledge, information, and belief. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: 5/20, 2008

/s/ [signature]
Bankruptcy Manager