# LECLAIRRYAN

A Virginia Professional Corporation

David W. Phillips, Esq. (DP2099)
Todd A. Galante, Esq.
Two Penn Plaza East
Newark, New Jersey 07105
Telephone: (973) 491-3600
Facsimile: (973) 491-3555

William E. Callahan, Esq.
1800 Wachovia Tower, Drawer 1200
Roanoke, Virginia 24006
Telephone: (540) 777-3068
Facsimile: (540) 510-3050

Counsel for De Lage Landen Financial Services, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| SHAPES/ARCH HOLDINGS, LLC, et al., | Case No. 08-14631 (GMB) (Jointly Administered) |
| Debtors. | |

**VERIFIED MOTION OF DE LAGE LANDEN FINANCIAL SERVICES, INC.
FOR AN ORDER (1) GRANTING RELIEF FROM THE AUTOMATIC
STAY PROVISIONS OF 11 U.S.C. § 362(a) AND (2) COMPELLING DEBTORS
TO ASSUME OR REJECT UNEXPIRED LEASES OF PERSONAL PROPERTY**

TO:   THE HONORABLE GLORIA M. BURNS
      UNITED STATES BANKRUPTCY JUDGE

De Lage Landen Financial Services, Inc. ("De Lage Landen"), by and through its counsel, LeclairRyan, a Virginia Professional Corporation, moves the Court for entry of an Order granting relief from the automatic stay provisions of 11 U.S.C. § 362(a), and

compelling the Debtors to assume or reject certain unexpired leases of personal property, and in support thereof, respectfully states as follows:

### Jurisdiction; Procedural Background

1. On March 16, 2008, the Debtors[1] filed their respective voluntary petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"), commencing the captioned cases.

2. These cases are being jointly administered pursuant to the Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings, LLC".

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to 11 U.S.C. § 1107(a) and § 1108.

4. No trustee or examiner has been appointed in these cases.

5. An official committee of unsecured creditors was appointed on March 31, 2008.

6. The Court has jurisdiction over this objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. § 1408 and § 1409. This is a core proceeding at that term is defined in 28 U.S.C. § 157(b).

### Preliminary Statement

7. Prior to the commencement of the Debtors' cases, De Lage Landen entered into a number of lease agreements (collectively, the "Lease Agreements") of equipment (the "Equipment") with Shapes and DeLair. Each of the Lease Agreements is true lease as that term is defined under the Uniform Commercial Code. De Lage Landen

---

[1] The Debtors consist of Shapes/Arch Holdings LLC ("Shapes/Arch"), and its wholly-owned subsidiaries of Shapes/Arch, Shapes, LLC ("Shapes"); DeLair LLC ("DeLair"), Accu-Weld LLC ("Accu-Weld"), and Ultra LLC ("Ultra").

- 2 -

seeks relief from the automatic stay in order to be permitted to exercise its rights to Equipment under applicable non-bankruptcy law and the compelling of the Debtors to the assume or reject the Lease Agreements by the Debtors.

## Factual Background

### A.   De Lage Landen's Lease Agreements with Shapes

8.   Shapes entered into eleven (11) Lease Agreements with De Lage Landen (collectively, the "Shapes Lease Agreements"). A summary of the Shapes Lease Agreements is attached hereto as **Exhibit A**. A copy of the Master Lease Agreement by which each Shapes Lease Agreement is governed and a copy of each Shapes Lease Agreement are collectively attached hereto as **Exhibit B**.

9.   The Debtors have continued to use and/or have available for use in its business the equipment leased under the Shapes Lease Agreements (collectively, the "Shapes Leased Equipment"), resulting in a diminution of the value of the Shapes Leased Equipment and in De Lage Landen's interest in the Shapes Leased Equipment. On the other hand, the Debtors have failed to timely make the post-petition payments under the Shapes Lease Agreements as such payments became due and owing and, as a result, the Debtors are not providing adequate protection of De Lage Landen's interest in the Shapes Leased Equipment for their use thereof as required by § 363(e) and § 361 of the Bankruptcy Code.

10.   Shapes' obligation to De Lage Landen under each of the Shapes Lease Agreements exceeds the value of Shapes' interest in the respective Shapes Leased Equipment that is the subject of each Shapes Lease Agreement, and therefore, Shapes has no equity in any of the Shapes Leased Equipment.

11. At the time of the commencement of the Cases, Shapes was in default under each of the Shapes Lease Agreement. Unless the Debtors intend to cure the default and assume the Shapes Lease Agreements, which it seeks to retain the discretion to do or not do in its proposed plan of reorganization, the Shapes Leased Equipment is not necessary to an effective reorganization of the Debtors.

**B.     De Lage Landen's Lease Agreements with DeLair**

12. DeLair into three (3) Lease Agreements with De Lage Landen (collectively, the "DeLair Lease Agreements"). A summary of the DeLair Lease Agreements is attached hereto as **Exhibit C**. A copy of each DeLair Lease Agreement is collectively attached hereto as **Exhibit D**.

13. The Debtors have continued to use and/or have available for use in its business the equipment leased under the DeLair Lease Agreements (collectively, the "DeLair Leased Equipment"), resulting in a diminution of the value of the DeLair Leased Equipment and in De Lage Landen's interest in the DeLair Leased Equipment. On the other hand, the Debtors have failed to timely make the post-petition payments under the DeLair Lease Agreements as such payments became due and owing and, as a result, the Debtors are not providing adequate protection of De Lage Landen's interest in the DeLair Leased Equipment for their use thereof as required by § 363(e) and § 361 of the Bankruptcy Code.

14. DeLair's obligation to De Lage Landen under each of the De Lair Lease Agreements exceeds the value of DeLair's interest in the respective DeLair Leased Equipment that is the subject of each DeLair Lease Agreement, and therefore, DeLair has no equity in any of the DeLair Leased Equipment.

15. At the time of the commencement of the Cases, DeLair was in default under each of the DeLair Lease Agreements. Unless the Debtors intend to cure the default and assume the DeLair Lease Agreements, which it seeks to retain the discretion to do or not do in its proposed plan of reorganization, the DeLair Leased Equipment is not necessary to an effective reorganization of the Debtors.

## Request for Relief from the Automatic Stay

16. Pursuant to 11 U.S.C. § 362(d)(1), the Court shall grant relief from the automatic stay for cause, including lack of adequate protection of an interest of the movant in the subject property.

17. The cause necessary to grant relief to De Lage Landen exists in that (a) the Debtors are not timely making the payments required under the Lease Agreements while continuing to use the equipment, resulting in a diminution of De Lage Landen's interest in each piece of the Equipment and resulting in a lack of adequate protection of De Lage Landen's interest in the Equipment, (b) the Debtors are in default post-petition under each of the Purchase Option Agreements, and (c) there is no equity in the Equipment and to the extent that the Debtors do not propose to cure the pre-petition and post-petition defaults and to assume the Lease Agreements pursuant to a confirmed plan of reorganization, the Equipment is not necessary to an effective reorganization of the Debtors.

18. Furthermore, if the Debtors fail to comply with their post-petition obligations under the Lease Agreements, as required by § 365(d)(5) of the Bankruptcy Code, further cause will exist for a grant of relief from the automatic stay.

19. Grounds exist for the waiver of the ten (10) day stay of the order granting relief pursuant to Federal Rule of Bankruptcy Procedure 4001(a)(3), in that the continued diminution in the value of the Equipment during such period will irreparably harm De Lage Landen.

### Request to Compel Debtors to Assume or Reject the Lease Agreements

20. De Lage Landen also seeks the entry of an order pursuant to §365(d)(2) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 6006(b) compelling the Debtor to assume or reject the Lease Agreements within ten (10) days of the date of such order.

21. A Debtor-In-Possession is allowed to assume or reject an unexpired lease of property at any time before confirmation of a Chapter 11 Plan. However, the Bankruptcy Code provides that upon the request of a party in interest, the Court may order the Debtor to assume or reject a lease within a specified time period (11 U.S.C. §365(d)(2)). Debtor is permitted a "reasonable time" to assume or reject an unexpired lease. *See Theatre Holding Corp. v. Mauro*, 681 F.2d 102 (2d Cir. 1982). What constitutes a reasonable time is a matter within the sound discretion of the Bankruptcy Court. *Id*. A failure to perform obligations under a lease may be sufficient grounds for compelling assumption or rejection. *In re O-J Foods, Inc.*, 110 B.R. 95, 97-98 (Bankr. D. Minn. 1989).

22. As a condition to assumption of a lease, a Debtor is required to cure the arrearages under the lease, also within a reasonable time. In the event the Debtors assume any of the Lease Agreements, the Debtors should be directed to pay all arrearages

under the assumed Lease Agreement within ten (10) days of the date of an order approving such assumption.

23. If the Debtor rejects any of the Lease Agreements, the Debtors are required to surrender the leased equipment to De Lage Landen, and in those instances the Court should direct the Debtors to return the Equipment to De Lage Landen within ten (10) days of the date of the order approving such rejection.

24. Cause exists for the grant of an order compelling the Debtors to assume or reject the Lease Agreements, in that the Debtors have failed to timely fulfill their post-petition obligations under the Lease Agreements as such obligations became due and in that the Debtors propose to designate those leases which they intend to assume in their proposed plan of reorganization.

### Request for Wavier of D.N.J. LBR 9013-3 Requirements

25. Because this Motion raises no novel issues of law, De Lage Landen requests that the Court waive the requirement of a Memorandum of Law pursuant to D.N.J. LBR 9013-2.

WHEREFORE, it is respectfully requested that the Court enter an Order in the form attached hereto as **Exhibit E**:

    a. Granting De Lage Landen relief from the automatic stay pursuant to 11 U.S.C. § 362(d) and Federal Rule of Bankruptcy Procedure 4001 as to the Equipment;

    b. Providing that the order granting relief to De Lage Landen become effective immediately upon entry, notwithstanding Federal Rule of Bankruptcy Procedure 4001(a)(3);

c.   To the extent necessary compelling the Debtors to assume or reject each of the Lease Agreements; and

d.   Granting such other and further relief as the Court deems just and proper.

Dated: May 21, 2008

**LECLAIRRYAN**
A Virginia Professional Corporation
Counsel for De Lage Landen
    Financial Services, Inc.

By: /s/
David W. Phillips, Esq. (DP 2099)
Todd A. Galante, Esq.
Two Penn Plaza East
Newark, New Jersey 07105
Telephone: (973) 491-3600
Facsimile: (973) 491-3555

William E. Callahan, Esq.
1800 Wachovia Tower, Drawer 1200
Roanoke, Virginia 24006
Telephone: (540) 777-3068
Facsimile: (540) 510-3050

## VERIFICATION

I have read the foregoing Verified Motion and the contents thereof are true to the best of my personal knowledge, information, and belief. I am aware that if any of the statements made by me are willfully false, I am subject to punishment.

Dated: 5/20, 2008

/s/ *[signature]*
Lawrence Levin