# EXHIBIT D

JUN. 4. 2003 11:17AM NO. 821 P. 2

ID# D6992.

24499769

de lage landen

De Lage Landen Financial Services

# Lease Agreement

| LESSEE | | |
|---|---|---|
| Full Legal Name: DEL AIR GROUP, LLC | | Phone Number: (856) 663-2900 |
| Billing Address: 8600 RIVER RD. DEL AIR NJ 08110 | | Purchase Order Requisition Number |
| Equipment Location (If not same as above) | County | Send Invoice to Attention of: |

| EQUIPMENT INFORMATION | | | | |
|---|---|---|---|---|
| Equipment Make | Model Number | Serial Number | Quantity | Description (Attach Separate Schedule A If Necessary) |
| SAVIN | 9945DPE | H530640005 | 1 | COPIER WITH ARDF/FINISHER/PRINT CONTROL |
| | | | | N.I.C. / CONSOLE |
| | | | | |

| PAYMENT INFORMATION | | | | | | |
|---|---|---|---|---|---|---|
| Number of Lease Payments | Lease Payment | (PLUS) | Applicable Sales Tax | (EQUALS) | Total Lease Payment |
| 60 | $88 | + | $5.28 | = | $93.28 |
| | | + | | = | |
| | | + | | = | |

Term of Lease In Months

Payment Frequency: ☑ Monthly ☐ Quarterly ☐ Other:

End of Lease Option: ☑ FMV ☐ 10% ☐ $1 ☐ Other

End of Lease Purchase Option shall be FMV unless another option is selected.

| Security Deposit | (PLUS) | First Period Payment | (PLUS) | Other | (EQUALS) | Total Payment Enclosed |
|---|---|---|---|---|---|---|
| | + | | + | | = | |

## TERMS AND CONDITIONS

**1. Lease:** You (the "Lessee") agree to lease from us (the "Lessor") the Equipment listed above and on any attached schedule (the "Lease"). You authorize us to adjust the Lease payments by up to 15% if the cost of the Equipment or taxes differs from the suppliers estimate. The Lease starts on the day the Equipment is delivered to you (the "Commencement Date") and the Lease payments shall be payable in advance beginning on the Commencement Date or any later date designated by us and thereafter until all amounts are fully paid. If we designate the Lease payments to begin later than the Commencement Date, you will pay an interim Lease payment for use of the Equipment for the period from the Commencement Date until the first Lease payment due date, calculated on the amount of the Lease payments, the number of days in the period, and a year of 360 days. Your Lease obligations are absolute, unconditional, and are not subject to cancellation, reduction, setoff or counterclaim. You agree to pay a documentation fee of $59.95 and if the Equipment is located in more than one location, an additional $10.00 documentation fee for each additional location. Security deposits are non-interest-bearing and may be applied to cure a Lease default. If you are not in default, we will return the deposit to you when the Lease is terminated. When a payment is not made when due, you agree to pay us a late charge of 5% for each payment or $10.00, whichever is greater. We may charge you a fee of $25.00 for any check that is returned. YOU ACKNOWLEDGE THAT NO ONE IS AUTHORIZED TO WAIVE OR CHANGE ANY TERM, PROVISION OR CONDITION OF THE LEASE.

**2. Title:** Except for Leases with a $1.00 purchase option, we will have title to the Equipment. If you have a $1.00 purchase option and/or the Lease is deemed to be a security agreement, you grant us a security interest in the Equipment and all proceeds therefrom. You authorize us to sign financing statements and file financing statements on your behalf.

**3. Equipment Use, Maintenance and Warranties:** We are leasing the Equipment to you "AS-IS" AND MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE. We transfer to you any manufacturer warranties. You are required at your cost to keep the Equipment in good working condition and to pay for all supplies and repairs. If the Lease payment includes the cost of maintenance and/or service provided by a third party, you agree that we are not responsible to provide the maintenance or service and you will make all claims related to maintenance and service to the third party. You agree that any claims related to maintenance or service will not impact your obligation to pay all Lease payments when due.

**4. Assignment:** You agree not to transfer, sell, sublease, assign, pledge or encumber either the Equipment or any rights under this Lease without our prior written consent. You agree that we may sell, assign, or transfer the Lease and the new owner will have the same rights and benefits we now have and will not have to perform any of our obligations and the rights of the new owner will not be subject to any claims, defenses, or setoffs that you may have against us or any supplier.

**5. Risk of Loss and Insurance:** You are responsible for all risks of loss or damage to the Equipment and if any loss occurs you are required to satisfy all of your Lease obligations. You will keep the Equipment insured against all risks of loss or damage for an amount equal to its replacement cost. You will list us as the sole Loss payee for the insurance and give us written proof of the insurance. If you do not provide such insurance, you agree that we have the right, but not the obligation, to obtain such insurance, and add an insurance fee to the amount due from you, on which we may make a profit. We are not responsible for any losses or injuries caused by the Equipment and you will reimburse us and defend us against any such claims. This indemnity will continue after the termination of this Lease. You will obtain and maintain comprehensive public liability insurance naming us as an additional insured with coverages and amounts acceptable to us.

**6. Taxes:** You agree to pay when due, either directly or as reimbursement to us, all taxes (i.e., sales, use and personal property) and charges in connection with ownership and use of the Equipment. We may charge you a processing fee for administering property tax filings.

**7. End of Lease:** You will give us at least 60 days but not more than 120 days written notice (to our address below) before the expiration of the initial lease term (or any renewal term) of your intention to purchase or return the Equipment. With proper notice you may: a) purchase all the Equipment as indicated above under "End of Lease Option" (fair market value purchase option amounts will be determined by us based on the Equipment's in place value); or b) return all the Equipment in good working condition at your cost in a timely manner, and to a location we designate. If you fail to notify us, or if you don't a) purchase or b) return the Equipment as provided herein, this Lease will automatically renew at the same payment amount for consecutive 60-day periods.

**8. Default and Remedies:** You are in default on this Lease if: a) you fail to pay a Lease payment or any other amount when due; or b) you breach any other obligation under the Lease or any other Lease with us. If you are in default on the Lease we may: a) declare the entire balance of unpaid Lease payments for the full Lease term immediately due and payable to us; b) sue you for and receive the total amount due on the Lease plus the Equipment's anticipated end of Lease fair market value or fixed price purchase option (the "Residual") with future Lease payments and the Residual discounted to the date of default at 6% per year plus reasonable collection and legal costs; c) charge you interest on all monies due at the rate of 18% per year from the date of default; d) require that you immediately return the Equipment to us or we may peaceably repossess it. Any return or repossession will not be considered a termination or cancellation of the Lease. If the Equipment is returned or repossessed we will sell or re-rent the Equipment at terms we determine, at one or more public or private sales, with or without notice to you, and apply the net proceeds (after deducting any related expenses) to your obligations. You remain liable for any deficiency with any excess being retained by us.

**9. Miscellaneous:** You agree the Lease is a Finance Lease as defined in Article 2A of the Uniform Commercial Code ("UCC"). You acknowledge we have given you the name of the Equipment supplier; agree that you may have rights under this contract with the supplier and may contact the supplier for a description of these rights. This Lease was made in Pennsylvania ("PA"); is to be performed in PA and shall be governed and construed in accordance with the laws of PA. You consent to personal jurisdiction in any state or federal court in PA and waive a trial by jury. You agree to waive any and all rights and remedies granted to you under Sections 2A-508 through 2A-522 of the UCC. You agree that the Equipment will only be used for business purposes and not for personal, family or household use. You agree that a facsimile copy of the Lease with facsimile signatures may be treated as an original and will be admissible as evidence of the Lease.

**LESSEE SIGNATURE**

You agree that this is a non-cancelable lease. The Equipment is: ☐ NEW ☒ USED

Signature: J. Pickel Date: 6/4/03

Title: Purchasing Manager

Print Name: J. Pickel

Legal Name of Corporation: Delair Group LLC

**GUARANTY**

I unconditionally guaranty prompt payment of all the Lessee's obligations. The Lessor is not required to proceed against the Lessee or the Equipment or enforce other remedies before proceeding against me. I waive notice of acceptance and all other notices or demand of any kind to which I may be entitled. I consent to any extensions or modification granted to the Lessee and the release and/or compromise of any obligations of the Lessee or any other guarantors without releasing me from my obligations. This is a continuing guaranty and will remain in effect in the event of my death and may be enforced by or for the benefit of any assignee or successor of the Lessor. This guaranty is governed by and construed in accordance with the Laws of the Commonwealth of Pennsylvania and I consent to jurisdiction in any state or federal court in Pennsylvania.

Signature: Date:

Print Name:

**LESSOR**

**De Lage Landen Financial Services, Inc.**

Lease Processing Center, 1111 Old Eagle School Road, Wayne, PA 19087

PHONE: (800) 735-3273 • FAX: (800) 775-2329

Lease Commencement Date: 6-24-03 Lease Number: 24499769

Accepted By: Tim Fanning

**ACCEPTANCE**

The equipment has been received, put in use, is in good working order and is satisfactory and acceptable.

Signature: J. Pickel Date: 6/ /03

Print Name: J. Pickel Title:

©2002 CES All Rights Re

1

MINOLTA FINANCIAL SERVICES

24555108

AGREEMENT NO. 24555108

SUPPLIER
AMERICAN DUPLICATING PRODUCTS, INC
7882 BROWNING RD
PENNSAUKEN, NJ 08109

TERM AND RENT
INITIAL TERM 60 MONTHS
MONTHLY RENTAL PAYMENT $ 1,662.00 (PLUS APPLICABLE TAX)
SECURITY DEPOSIT $ 0 (CHECK MUST ACCOMPANY LEASE)

EQUIPMENT

| DESCRIPTION | QUANTITY | MODEL NO. | EQUIPMENT |
|---|---|---|---|
| MINOLTA DIGITAL COPIER | ONE | DI551 | 31008442 |
| MINOLTA DIGITAL COPIER | ONE | DI551 | 31011587 |

EQUIPMENT LOCATION, IF OTHER THAN BILLING ADDRESS OF LESSEE

## TERMS AND CONDITIONS

The words YOU and YOUR mean the Lessee. The words WE, US, and OUR refer to the Lessor indicated on reverse.

1. RENTAL ("AGREEMENT"): We agree to rent to you and you agree to rent from us the equipment listed above ("Equipment"). You promise to pay us the rental payment according to the payment schedule shown above. You agree that we may adjust the rental payments by not more than fifteen percent (15%) in the event that the cost of the Equipment or taxes is more or less than our estimate. The parties intend this Agreement to be a finance lease under Article 2A of the Uniform Commercial Code.

2. TERM AND RENT: The initial term shall commence on the day that any of the Equipment is delivered to you ("the Commencement Date"). The installments of rent shall be payable in advance, at the time and in the amounts provided above, commencing on the Commencement Date and subsequent payments shall be due on the same date of each successive period thereafter until all rent and any additional rent or expenses chargeable under this Agreement shall have been paid in full. Lessee obligation to pay the rent and other obligations hereunder shall be absolute and unconditional and are not subject to any abatement, set-off, defense or counter-claim for any reason whatsoever.

3. NO WARRANTIES: We are renting the Equipment to you "AS IS". WE MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE IN CONNECTION WITH THIS AGREEMENT. We transfer to you for the term of this Agreement any warranties made by manufacturer or supplier to us. NEITHER SUPPLIER NOR ANY AGENT OF SUPPLIER IS AN AGENT OF LESSOR OR IS AUTHORIZED TO WAIVE OR MODIFY ANY TERM OR CONDITION OF THIS AGREEMENT.

LESSEE

DELAIR GROUP, LLC
LESSEE (FULL LEGAL NAME)
8600 RIVER ROAD
BILLING ADDRESS
DELAIR NJ 08110
CITY STATE ZIP
PHONE NO. (856)663-2900 DATED 4/8/04
THIS AGREEMENT IS NOT CANCELABLE.
BY X [signature] VP-Finance
AUTHORIZED SIGNATURE TITLE
PRINT NAME Ken Scharrs
THE TERMS AND CONDITIONS PRINTED ON THE REVERSE SIDE ARE MADE A PART HEREOF

MINOLTA FINANCIAL SERVICES
ACCEPTED BY: A PROGRAM OF
[signature], LESSOR
LESSOR ADDRESS
4.23.04
TITLE DATE

GUARANTY

To induce Lessor to enter into the within Agreement, the undersigned (jointly and severally, if more than one) unconditionally guarantees to Lessor the prompt payment when due of all Lessee's obligations to Lessor under the Agreement including without limitation every rental installment, the accelerated balance of rents, administrative charges, collection charges and interest. Lessor shall not be required to proceed against Lessee or Equipment or to enforce any of its other remedies before proceeding against the undersigned. The undersigned agrees to pay all reasonable attorney's fees, court costs and other expenses incurred by Lessor by reason of any default by Lessee. The undersigned waives notice of acceptance hereof and all the other notices or demands of any kind to which the undersigned may be entitled except demand for payment. The undersigned consents to any extensions of time or modification of amount of payment granted to Lessee and the release and/or compromise of any obligations of Lessee or any other obligors and/or guarantors without in any way releasing the undersigned's obligations hereunder. This is a continuing Guaranty and shall not be discharged or affected by your administrators, representatives, successors and assigns. Guarantor waives any right of subrogation, indemnity, reimbursement and contribution by Lessee. This Guaranty shall continue to be effective or reinstated, as applicable, if at any time payment of any part of the obligations under the Agreement is rescinded or otherwise required to be returned by Lessor upon the insolvency, bankruptcy or reorganization of Lessee or upon the appointment of a receiver, trustee or similar officer for Lessee or its assets, all as though such payment to Lessor had not been made, regardless of whether Lessor contested the order requiring the return of such payment. This Guaranty may be enforced by or for the benefit of any assignee or successor of Lessor. Nothing shall discharge or satisfy the undersigned's liability except the full performance and payment of all the Lessee's obligations to Lessor, with interest. THE UNDERSIGNED CONSENTS TO THE PERSONAL JURISDICTION OF THE COURTS OF THE STATE OF PENNSYLVANIA OR THE FEDERAL DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA. WITH RESPECT TO ANY ACTION ARISING OUT OF ANY LEASE, GUARANTY SETTLEMENT AGREEMENT, PROMISSORY NOTE OR OTHER ACCOMMODATION OR AGREEMENT WITH LESSOR. THIS MEANS THAT ANY LEGAL ACTION FILED AGAINST THE LESSEE AND/OR GUARANTORS MAY BE FILED IN PENNSYLVANIA AND THAT LESSEE AND/OR ANY OF THE GUARANTORS MAY BE REQUIRED TO DEFEND AND LITIGATE ANY SUCH ACTION IN THE STATE OF PENNSYLVANIA. Lessee and all Guarantors agree that service of process by certified mail, return receipt requested, shall be deemed the equivalent of personal service in any such action. Any legal action concerning this Agreement shall be governed by and construed according to the laws of the State of Pennsylvania.

X ______ WITNESS SIGNATURE DATE
PRINT NAME

X ______ INDIVIDUALLY
GUARANTOR SIGNATURE DATE
PRINT NAME

X ______ WITNESS SIGNATURE DATE
PRINT NAME

X ______ INDIVIDUALLY
GUARANTOR SIGNATURE DATE
PRINT NAME

## TERMS AND CONDITIONS

**1. OWNERSHIP, REDELIVERY AND RENEWAL:** We are the owner of the Equipment and have title to the Equipment. To protect our rights in the Equipment, in the event this Agreement is determined to be a security agreement, you hereby grant to us a security interest in the Equipment and all proceeds, products, rents or profits therefrom. In states where permissible, you hereby authorize us to cause this Agreement or any statement or other instrument in respect to this Agreement showing our interest in the Equipment, including Uniform Commercial Code Financing Statements, to be filed or recorded and refiled and re-recorded and grant us the right to execute your name thereto. You agree to execute and deliver any statement or instrument requested by us for such purpose. You agree to pay or reimburse us for any searches, filings, recordings, stamp fees or taxes related to the filing or recording of any such instrument or statement. No more than one hundred twenty (120) days but not less than sixty (60) days prior to the expiration of the initial term or any renewal term of this Agreement you shall give us written notice of your intention to either return the Equipment to us or purchase the Equipment, as provided below. Provided you have given such timely notice, you shall return the Equipment freight and insurance prepaid, to us in good repair condition and working order, ordinary wear and tear excepted, in a manner and to a location designated by us or remit the purchase option. If you fail to so notify us, or having notified us, you fail to return the Equipment as provided herein, or fail to remit the purchase option, this Agreement shall renew for additional terms of sixty (60) days each at a periodic rent equal to 100% of the rent provided herein.

**5. OPTION TO PURCHASE:** We hereby grant to you, provided you are not in default hereunder, the option to purchase "AS IS" without express or implied warranties, all (not part) of the Equipment at the expiration of the term of this Agreement for its then fair market value as determined by us, based on the Equipment remaining in place plus all applicable taxes.

**6. MAINTENANCE, RISK OF LOSS AND INSURANCE:** You are responsible for installing and keeping the Equipment in good working order. Except for ordinary wear and tear, you are responsible for protecting the Equipment from damage and loss of any kind. If the Equipment is damaged or lost, you agree to continue to pay rent. You agree during the term of this Agreement, to keep the Equipment fully insured against damage and loss, naming us as the loss payee, to obtain a general public liability insurance policy from a company acceptable to us, including us as an additional insured on the policy. You agree to provide us certificates or other evidence of insurance. If you do not, you agree that we have the right but not the obligation to obtain such insurance, in which event you agree to pay us for all costs thereof.

**7. INDEMNITY:** We are not responsible for any losses or injuries caused by the installation or use of the Equipment. You agree to reimburse us for and to defend us against any claims for losses or injuries (including attorney's fees and costs) caused by the Equipment.

**8 TAXES AND FEES:** You agree to pay when due or reimburse us for all taxes, fees, fines and penalties relating to use or ownership of the Equipment or to this Agreement, now or hereafter imposed, levied or assessed by any state, federal or local government or agency. In the event that we pay any of the foregoing taxes, fees, fines or penalties for you, you agree to reimburse us for such payments plus interest and an administrative charge as calculated in Section 10 below. In addition, you agree to pay reasonable administrative costs incurred in collecting and administering any taxes, fees, fines or penalties and remitting them to the appropriate authorities. You agree to pay us a fee of $67.50 to reimburse us for the expense of preparing financing statements and for other documentation costs. If the Equipment is located in multiple locations, you agree to pay an additional ten dollars ($10.00) per filing for each financing statement for each additional location.

**9.EQUIPMENT LOCATED IN VARIOUS STATES** is subject to sales tax laws which require that tax be paid up front. If you choose to pay this tax up front, you may include, with your security deposit, your check for the current percent of tax applied to the cost of Equipment. If you do not include payment up front, you authorize us to advance the tax and increase your monthly payment by an amount equal to the current tax percentage applied to the monthly rental shown above.

**10. LOCATION OF EQUIPMENT:** You will keep and use the Equipment only at your address shown above. You agree that the Equipment will not be removed from that address unless you get our written permission in advance to move it.

**11. DEFAULT AND REMEDIES:** If you (a) fail to pay rent or any other payment hereunder when due; or (b) fail to perform any of the other terms, covenants or conditions of this Agreement after ten (10) days written notice; or (c) become insolvent or make an assignment for the benefit of creditors; or (d) a receiver, trustee, conservator or liquidator is appointed with or without your consent, you shall be in default under the Agreement and, we may, to the extent permitted by applicable law, exercise any one or more of the following remedies; (i) declare due, sue for and receive from you the sum of all rental payments and other amounts then due and owing under this Agreement or any schedule thereto, plus the present value of (x) the sum of the rental payments for the unexpired term of this Agreement or any schedule hereto discounted at the rate of 6% per annum and (y) the anticipated value of the Equipment at the end of the initial term or applicable renewal term of the Agreement (but in no event less than 15% of the original cost of the Equipment) discounted at the rate of 6% per annum and upon recovery of the same in full, the Equipment shall become your property; (ii) to similarly accelerate the balances due under any other agreements between us, (iii) to take immediate possession of the Equipment, and to lease or sell the Equipment or any portion thereof, upon such terms as we may elect, and to apply the net proceeds, less reasonable selling and administrative expenses on account of your obligations hereunder; (iv) charge you interest on all monies due us from and after the date of default at the rate of one and one third (1-1/3%) per month until paid but in no event more than the maximum rate permitted by law; (v) require you to return all Equipment at your expense to a place reasonably designated by us; (vi) to charge you for all the expenses incurred in connection with the enforcement of any of our remedies including all costs of collection, reasonable attorney's fees and court costs. Whenever any payment is not made by you when due hereunder, you agree to pay us, not later than one month thereafter, as an administrative charge to offset our collection expenses, an amount calculated at the rate of ten cents per one dollar for each such delayed payment, or $15 whichever is higher, but only to the extent permitted by law. Such an amount shall be payable in addition to all amounts payable by you as a result of the exercise of any of the remedies provided herein. All our remedies are cumulative, are in addition to any other remedies provided for by law and may, to the extent permitted by law, be exercised either concurrently or separately. Exercise of any one remedy shall not be deemed an election of such remedy or to preclude the exercise of any other remedy. No failure on our part to exercise any right or remedy and no delay in exercising any right or remedy shall operate as a waiver of any right or remedy or to modify the terms of this Agreement. A waiver of default shall not be construed as a waiver of any other or subsequent default. We shall retain the sum set forth above as a security deposit for your performance of your obligations hereunder. Upon lawful termination of this Agreement, provided you are not in default, the Security Deposit shall be returned to you. No interest shall be paid upon said Security Deposit. In the event of default we may apply said Security Deposit to cure any default.

**12. ASSIGNMENT:** YOU HAVE NO RIGHT TO SELL, TRANSFER, ASSIGN THIS AGREEMENT OR SUBLEASE THE EQUIPMENT. We may sell, assign or transfer this Agreement without notice. You agree that if we sell, assign or transfer this Agreement, the new owner will have the same rights and benefits that we have now and will not have to perform any of our obligations. You agree that the right of the new owner will not be subject to any claims, defenses, or set offs that you may have against us. In the event of a sale, assignment or transfer, we agree to remain responsible for our obligations hereunder.

**13. CONSENT TO JURISDICTION AND GOVERNING LAW:** THIS AGREEMENT WAS MADE AND IS TO BE PERFORMED IN THE STATE OF PENNSYLVANIA. THIS AGREEMENT SHALL IN ALL RESPECTS BE INTERPRETED AND ALL TRANSACTIONS SUBJECT TO THIS AGREEMENT AND ALL RIGHTS AND LIABILITIES OF THE PARTIES UNDER THIS AGREEMENT SHALL BE DETERMINED AND GOVERNED AS TO THEIR VALIDITY, INTERPRETATION, ENFORCEMENT AND EFFECT BY THE LAWS OF THE STATE OF PENNSYLVANIA OR THE FEDERAL DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA. EXCEPT FOR LOCAL FILING REQUIREMENTS. YOU CONSENT AND AGREE, THAT PERSONAL JURISDICTION OVER YOU AND SUBJECT MATTER JURISDICTION OVER THE EQUIPMENT SHALL BE WITH THE STATE OR FEDERAL COURTS LOCATED IN PENNSYLVANIA SOLELY AT OUR OPTION WITH RESPECT TO ANY PROVISION OF THIS AGREEMENT. TO THE EXTENT PERMITTED BY LAW, YOU WAIVE TRIAL BY JURY IN ANY ACTION HEREUNDER. YOU HEREBY WAIVE ANY AND ALL RIGHTS AND REMEDIES GRANTED YOU BY SECTION 2A-508 THROUGH 2A-522 OF THE UNIFORM COMMERCIAL CODE.

**14. CUSTOMER P.O.:** You agree that any Purchase Order issued to us covering the rental of this Equipment, is issued for purposes of authorization and your internal use only, and none of its terms and conditions shall modify the terms of this Agreement.

**15. ENTIRE AGREEMENT:** This Agreement contains the entire arrangement between you and us and no modifications of this Agreement shall be effective unless in writing and signed by the parties.



# Equipment Delivery and Acceptance Receipt

The undersigned does hereby acknowledge the complete and satisfactory delivery and installation of the Equipment leased from Minolta Financial Services. The undersigned does further acknowledge that Lessor has made no warranties expressed or implied regarding the equipment; that our obligations to Lessor or its assignees as set forth in the aforementioned lease are free of any and all claims, counter claims, defenses, or set-offs.

| DESCRIPTION | QUANTITY | MODEL NO. | EQUIPMENT |
|---|---|---|---|
| MINOLTA DIGITAL COPIER | ONE | D551 | 31008442 |
| MINOLTA DIGITAL COPIER | ONE | Di551 | 31011587 |

EQUIPMENT LOCATION, IF OTHER THAN BILLING ADDRESS OF LESSEE

DELAIR GROUP, LLC
(Full Legal Name of Lessee)

By [signature] VP-Finance
(Authorized Signature) (Title)

Ken Schnarrs
(Print Name of Signer)

4/8/04
(Date)

©2001 All Rights Reserved. Printed in the U.S.A. MIN195 09/01

1

FROM AMERICAN DUPLICATING PRODUCTS 8566621219 (WED)MAY 1 2005 11:42/ST. 4:40/No. 6812918894 P 4

2463/895

**Lease Agreement**

**Konica Minolta Leasing**
A Program of De Lage Landen Financial Services

**LESSEE**

| | |
|---|---|
| Full Legal Name: DELAIR GROUP LLC | Phone Number: 856-663-2900 |
| Billing Address: 8600 RIVER RD DELAIR NJ 08110 | Purchase Order Requisition Number |
| Equipment Location (if not same as above) / County: CAMDEN | Send Invoice to Attention of: |

**EQUIPMENT INFORMATION**

| Equipment Make | Model Number | Serial Number | Quantity | Description (Attach Separate Schedule A If Necessary) |
|---|---|---|---|---|
| KONICA MINOLTA | DI5510 | | ONE | |
| | | | | |
| | | | | |

**PAYMENT INFORMATION**

| Number of Lease Payments | Lease Payment | (PLUS) | Applicable Sales Tax | (EQUALS) | Total Lease Payment |
|---|---|---|---|---|---|
| 36 | 545 | + | 32.70 | = | 577.70 |
| | | + | | = | |
| | | + | | = | |

Term of Lease in Months: 36

Payment Frequency: ☐ Monthly ☐ Quarterly ☐ Other____

End of Lease Option: ☑ FMV ☐ 10% ☐ $1 ☐ Other____

**End of Lease Purchase Option shall be FMV unless another option is selected.**

| Security Deposit | (PLUS) | First Period Payment | (PLUS) | Other | (EQUALS) | Total Payment Enclosed |
|---|---|---|---|---|---|---|
| 0 | + | | + | | = | 0 |

**TERMS AND CONDITIONS**

1. **Lease:** You (the "Lessee") agree to lease from us (the "Lessor") the Equipment listed above and on any attached schedule (the "Lease"). You authorize us to adjust the Lease payments by up to 15% if the cost of the Equipment or taxes differs from the supplier's estimate. The Lease starts on the day the Equipment is delivered to you (the "Commencement Date") and the Lease payments shall be payable in advance beginning on the Commencement Date or any later date designated by us and thereafter until all amounts are fully paid. If we designate the Lease payments to begin later than the Commencement Date, you will pay an interim Lease payment for use of the Equipment for the period from the Commencement Date until the first Lease payment due date, calculated on the amount of the Lease payments, the number of days in the period, and a year of 360 days. Your Lease obligations are absolute, unconditional, and are not subject to cancellation, reduction, setoff or counterclaim. You agree to pay us a fee of $59.50 to reimburse our expenses for preparing financing statements, other documentation costs and all ongoing administration costs during the term of this Lease. Security deposits are non-interest-bearing and may be applied to cure a Lease default. If you are not in default, we will return the deposit to you when the Lease is terminated. If a payment is not made when due, you will pay us a late charge of 5% of the payment or $10.00, whichever is greater. We may charge you a fee of $25.00 for any check that is returned. YOU ACKNOWLEDGE THAT NO ONE IS AUTHORIZED TO WAIVE OR CHANGE ANY TERM, PROVISION OR CONDITION OF THE LEASE.

2. **Title:** Unless you have a $1.00 purchase option, we will have title to the Equipment. If you have a $1.00 purchase option and/or the Lease is deemed to be a security agreement, you grant us a security interest in the Equipment and all proceeds thereof. You authorize us to file financing statements.

3. **Equipment Use, Maintenance and Warranties:** We are leasing the Equipment to you "AS-IS" AND MAKE NO WARRANTIES, EXPRESS OR IMPLIED, INCLUDING WARRANTIES OF MERCHANTABILITY, OR FITNESS FOR A PARTICULAR PURPOSE. We transfer to you any manufacturer warranties. You are required at your cost to keep the Equipment in good working condition and to pay for all supplies and repairs. If the Lease payment includes the cost of maintenance and/or service provided by a third party, you agree that we are not responsible to provide the maintenance or service and you will make all claims related to maintenance and service to the third party. You agree that any claims related to maintenance or service will not impact your obligation to pay all Lease payments when due.

4. **Assignment:** You agree not to transfer, sell, sublease, assign, pledge or encumber either the Equipment or any rights under this Lease without our prior written consent. You agree that we may sell, assign, or transfer the Lease and the new owner will have the same rights and benefits we now have and will not have to perform any of our obligations and the rights of the new owner will not be subject to any claims, defenses, or setoffs that you may have against us or any supplier.

5. **Risk of Loss and Insurance:** You are responsible for all risks of loss or damage to the Equipment and if any loss occurs you are required to satisfy all of your Lease obligations. You will keep the Equipment insured against all risks of loss or damage for an amount equal to its replacement cost. You will list us as the sole Loss payee for the insurance and give us written proof of the insurance. If you do not provide such insurance, you agree that we have the right, but not the obligation, to obtain such insurance, and add an insurance fee to the amount due from you, on which we may make a profit. We are not responsible for any losses or injuries caused by the Equipment and you will reimburse us and defend us against any such claims. This indemnity will continue after the termination of this Lease. You will obtain and maintain comprehensive public liability insurance naming us as an additional insured with coverages and amounts acceptable to us.

6. **Taxes:** You agree to pay when due, either directly or as reimbursement to us, all taxes (i.e., sales, use and personal property) and charges in connection with ownership and use of the Equipment. We may charge you a processing fee for administering property tax filings. You will indemnify us on an after-tax basis against the loss of any tax benefits anticipated at the Commencement Date arising out of your acts or omissions.

7. **End of Lease:** You will give us at least 60 days but not more than 120 days written notice (to our address below) before the expiration of the initial lease term (or any renewal term) of your intention to purchase or return the Equipment. With proper notice you may: a) purchase all the Equipment as indicated above under "End of Lease Option" (fair market value purchase option amounts will be determined by us based on the Equipment's in place value); or b) return all the Equipment in good working condition at your cost in a timely manner, and to a location we designate. If you fail to notify us, or if you do not (i) purchase or (ii) return the Equipment as provided herein, this Lease will automatically renew at the same payment amount for consecutive 60-day periods.

8. **Default and Remedies:** You are in default on this Lease if: a) you fail to pay a Lease payment or any other amount when due; or b) you breach any other obligation under the Lease or any other Lease with us. If you are in default on the Lease we may: (i) declare the entire balance of unpaid Lease payments for the full Lease term immediately due and payable to us; (ii) sue you for and receive the total amount due on the Lease plus the Equipment's anticipated end of Lease fair market value or fixed price purchase option (the "Residual") with future Lease payments and the Residual discounted to the date of default at the lesser of (A) a per annum interest rate equivalent to that of a U.S. Treasury constant maturity obligation (as reported by the U.S. Treasury Department) that would have a repayment term equal to the remaining Lease term, all as reasonably determined by Lessor, or (B) 3% per annum, plus reasonable collection and legal costs; (iii) charge you interest on all monies due at the rate of 18% per year or the highest rate permitted by law from the date of default; (iv) require that you immediately return the Equipment to us or we may peaceably repossess it. Any return or repossession will not be considered a termination or cancellation of the Lease. If the Equipment is returned or repossessed we will sell or re-rent the Equipment at terms we determine, at one or more public or private sales, with or without notice to you, and apply the net proceeds (after deducting any related expenses) to your obligations. You remain liable for any deficiency with any excess being retained by us.

9. **Miscellaneous:** You agree the Lease is a Finance Lease as defined in Article 2A of the Uniform Commercial Code ("UCC"). You acknowledge we have given you the name of the Equipment supplier, agree that you may have rights under this contract with the supplier and may contact the supplier for a description of these rights. This Lease was made in Pennsylvania ("PA"); is to be performed in PA and shall be governed and construed in accordance with the laws of PA. You consent to jurisdiction, personal or otherwise, in any state or federal court in PA and waive a trial by jury. You agree to waive any and all rights and remedies granted to you under Sections 2A-508 through 2A-522 of the UCC. You agree that the Equipment will only be used for business purposes and not for personal, family or household use. You agree that a facsimile copy of the Lease with facsimile signatures may be treated as an original and will be admissible as evidence of the Lease. We may inspect the Equipment during the Lease term.

**LESSEE SIGNATURE**

You agree that this is a non-cancelable lease. The Equipment is: ☑ NEW ☐ USED

Signature: [signature] Date: 4/20/05

Title

Print Name

Legal Name of Corporation: DELAIR GROUP LLC

**LESSOR**

**De Lage Landen Financial Services, Inc.**
Lease Processing Center, 1111 Old Eagle School Road, Wayne, PA 19087
PHONE: (800) 735-3273 • FAX: (800) 776-2329

Commencement Date: 5/13/05 Lease Number: 2463/895

Accepted By: [signature]

**GUARANTY**

I unconditionally guaranty prompt payment of all the Lessee's obligations. The Lessor is not required to proceed against the Lessee or the Equipment or enforce other remedies before proceeding against me. I waive notice of acceptance and all other notices or demands of any kind to which I may be entitled. I consent to any extensions or modification granted to the Lessee and the release and/or compromise of any obligations of the Lessee or any other guarantors without releasing me from my obligations. This is a continuing guaranty and will remain in effect in the event of my death and may be enforced by or for the benefit of any assignee or successor of the Lessor. This guaranty is governed by and construed in accordance with the Laws of the Commonwealth of Pennsylvania and I consent to non-exclusive jurisdiction in any state or federal court in Pennsylvania and waive trial by jury.

Signature Date

Print Name

**ACCEPTANCE**

The Equipment has been received, put in use, is in good working order and is satisfactory and acceptable.

Signature Date

Print Name Title

04KON047

©2004 All Rights Reserved. Printed in the U.S.A. 04KON047 1/04

MINOLTA

# Equipment Delivery and Acceptance Receipt

The undersigned does hereby acknowledge the complete and satisfactory delivery and installation of the Equipment leased from Minolta Financial Services. The undersigned does further acknowledge that Lessor has made no warranties expressed or implied regarding the equipment; that our obligations to Lessor or its assignees as set forth in the aforementioned lease are free of any and all claims, counter claims, defenses, or set-offs.

| DESCRIPTION | QUANTITY | MODEL NO. | COMPONENT |
|---|---|---|---|
| BIZHUB Di 5510 | 1 | Copier | |
| 31006854 | | [illegible] | |

EQUIPMENT LOCATION, IF OTHER THAN BILLING ADDRESS OF LESSEE

Delair Group LLC
(Full Legal Name of Lessee)

BY [signature] Off. Mgr
(Authorized Signature) (Title)

Lynne N. Weinstein
(Print Name of Signer)

5/13/05
(Date)

©2003 All Rights Reserved. Printed in the U.S.A.