# EXHIBIT "A"

**The Plan is Provided as a Separate Document**

# EXHIBIT "B"

U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ

08 MAY 23  PM 2: 57

JAMES J. WALDRON

BY: _____
DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
Attorneys for the Debtors

In re:

SHAPES/ARCH HOLDINGS L.L.C., et al.,

        Debtors.

Case No. 08-14631 (GMB)
(Jointly Administered)

Judge: Gloria M. Burns

Chapter: 11

**ORDER (i) APPROVING THE JOINT DISCLOSURE STATEMENT FOR THE THIRD
AMENDED JOINT PLAN OF REORGANIZATION
(ii) APPROVING FORM AND MANNER OF SOLICITATION PACKAGES
(iii) APPROVING THE FORM AND MANNER OF NOTICE OF THE CONFIRMATION
HEARING; (iv) ESTABLISHING RECORD DATE AND APPROVING PROCEDURES
FOR DISTRIBUTION OF SOLICITATION PACKAGES; (v) APPROVING FORMS OF
BALLOTS; (vi) ESTABLISHING DEADLINE FOR RECEIPT OF BALLOTS; (vii)
APPROVING PROCEDURES FOR VOTE TABULATIONS; (viii) ESTABLISHING
DEADLINE AND PROCEDURES FOR FILING OBJECTIONS TO
CONFIRMATION OF THE PLAN; AND (ix) GRANTING RELATED RELIEF**

The relief set forth on pages two (2) through eighteen (18) is hereby **ORDERED**

5/23/08

USBJ

Page 2

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

---

Upon consideration of the Joint Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization filed on May 22, 2008 (the "Disclosure Statement")[1] by the above-captioned debtors and debtors in possession (the "Debtors"), and any objections to the approval thereof, the Court having conducted a hearing to consider the Disclosure Statement on May 23, 2008 (the "May 23 Hearing"), and for the reasons stated on the record at the May 23 Hearing and for other good cause, THE COURT HEREBY FINDS AND DETERMINES THAT:

A.    The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

B.    The ballots attached to this Order as Exhibits Dl through D5 (the "Ballots") are sufficiently consistent with Official Form No. 14, adequately address the particular needs of these Chapter 11 Cases, and are appropriate for each class of Claims or Interests entitled, under the Plan, to vote to accept or reject the Plan.

C.    Ballots need not be provided to holders of Claims in Class 1 (Other Priority Claims), Class 2 (Secured Real Estate Claims), Class 3 (Arch Acquisition DIP Claim), Class 4 (CIT DIP Claim), Class 8 (Miscellaneous Secured Claims), or Class 11 and 12 Interests. The Plan provides that holders of Claims in Classes 1 through 4, and 8, and holders of Interests in Class 12 are Unimpaired under the Plan, conclusively presumed to have accepted the Plan under

---

[1]    Unless otherwise defined in herein, all capitalized terms shall have the respective meanings ascribed to them in the Plan.

Page 3

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

---

the Bankruptcy Code, and thus are not entitled to vote to accept or reject the Plan. The Plan further provides that holders of Interests in Class 11 are Impaired under the Plan, shall neither receive nor retain any property under the Plan on account of such Interests, and thus are deemed to have rejected the Plan and are not entitled to vote to accept or reject the Plan.

D.    The contents of the Solicitation Packages (defined below), and the Confirmation Hearing Notice (defined below) as set forth in this Order, comply with Bankruptcy Rules 2002 and 3017 and constitute sufficient notice to all interested parties including, without limitation, holders of Claims against, and Interests in the Debtors.

E.    The combination of direct and publication notice of the Plan and Confirmation Hearing, as set forth in this Order, satisfies the requirements of due process with respect to all known and unknown creditors of the Debtors and other parties-in-interest.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    <u>Disposition</u>.    The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code.

2.    All objections and responses to the Disclosure Statement are resolved in accordance with the terms of this Order and as set forth in the record of the May 23 Hearing and to the extent any such objection or response was not otherwise withdrawn, waived, or settled, it is overruled and denied (including all relief requested therein).

Page 4

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

3.    Record Date.  The record date (the "Record Date") for purposes of determining

which holders of Claims and Interests are entitled to receive the Solicitation Packages, the

Rejecting Class Notice (defined below) and/or Ballots to vote on the Plan, as applicable, shall be

the date of the entry of this Order.  If the Debtors do not file and serve an objection to a Proof of

Claim, the holder of that Claim shall be entitled to vote to accept or reject the Plan in the amount

of such Claim as is held as of the Record Date.  Subject to a claimant's right to seek relief under

Bankruptcy Rule 3018 as provided for in paragraphs 23 and 24 of this Order, if the Debtors file

and serve an objection to a Proof of Claim, the holder of that Claim shall only be entitled to vote

to accept or reject the Plan in the amount and Class to which the Debtors seek to reduce and/or

reclassify that Claim or as otherwise ordered by the Court.

4.    Solicitation Packages.  The "Solicitation Commencement Date" shall be the date

of the entry of this Order.  The Debtors are authorized and directed to distribute, or cause to be

distributed the "Solicitation Packages," by first class mail to all holders, as of the Record Date, *within five (5) business days of entry of this Order*

of Claims in Classes 1 through 12 containing copies of:

a.    the Disclosure Statement, together with the Plan and other exhibits

attached thereto;

b.    this Order, excluding exhibits;

c.    the Confirmation Hearing Notice (attached hereto as Exhibit A);

d.    either:

4

Page 5

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

(i).     a Ballot, together with a return envelope or

(ii).    a notice of non-voting status; and

e.      such other materials as the Court may direct or approve, including supplemental solicitation materials that the Debtors may file with the Court.

5.      To the extent that the following parties would not receive a Solicitation Package pursuant to this Order, the Debtors are authorized and directed to distribute, or cause to be distributed, on or as soon as reasonably practicable after the Solicitation Commencement Date, the following documents to the following parties: (a) the Disclosure Statement, together with the Plan and other exhibits attached thereto, (b) this Order, excluding exhibits, and (c) the Confirmation Hearing Notice to: (i) the United States Trustee, (ii) holders of Administrative Claims and Priority Tax Claims, and (iii) those parties requesting notice pursuant to Bankruptcy Rule 2002.

6.      To the extent a party is listed on any of the Debtors' matrices and is not receiving a Solicitation Package under paragraph 4 or 5 above, the Debtors shall serve only the Confirmation Hearing Notice on these parties.  Any party who does not receive a Solicitation Package and wishes to do so, may obtain a Solicitation Package by contacting the Voting Agent as indicated in paragraph 9 of the Confirmation Hearing Notice.

7.      A transferee of a Claim shall be entitled to receive a Solicitation Package and cast a Ballot on account of the transferred Claim only if:  (a) all actions necessary to effect the

Page 6

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

transfer of the Claim pursuant to Bankruptcy Rule 3001(e) have been completed by the Record Date; or (b) the transferee files, no later than the Record Date, (i) the documentation required by Bankruptcy Rule 3001(e) to evidence that transfer, and (ii) a sworn statement of the transferor supporting the validity of the transfer. In the event a Claim is transferred after the transferor has completed a Ballot, the transferee of such Claim shall also be bound by any vote (and the consequences thereof) made on the Ballot by the holder as of the Record Date of such transferred Claim.

8.      If a Claim is transferred after the transferor has completed and returned a Ballot, the transferee of such Claim shall be bound by any vote (and the consequences thereof) made on the Ballot by the holder as of the Record Date of such transferred Claim.

9.      <u>Delivery to Holders of Unimpaired Claims and Interests</u>. The Unimpaired Notice of Non-Voting Status, substantially in the form attached hereto as <u>Exhibit B</u>, is hereby approved. The Debtors shall distribute Solicitation Packages, which shall include an Unimpaired Notice of Non-Voting Status, to holders, as of the Record Date, of Claims in Class 1 (Other Priority Claims), Class 2 (Miscellaneous Secured Claims), Class 3 (Arch Acquisition DIP Claim), Class 4 (CIT DIP Claim) and Class 8 (Miscellaneous Secured Claims) and Interests in Class 12.

10.     <u>Notices to Deemed Rejecting Class</u>. The Rejecting Class Notice, substantially in the form attached hereto as <u>Exhibit C</u>, is hereby approved.  The Debtors shall distribute

Page 7

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

Solicitation Packages, which shall include the Rejecting Class Notice, to holders, as of the Record Date, of Claims in Class 11 (Ben Interests).

11.    Undeliverable or Returned Solicitation Packages.    If after reviewing the bankruptcy schedules and filed proofs of claim and after making good faith efforts to locate an accurate, complete address, for any entity, the Debtors cannot do so, the Debtors are excused from distributing Solicitation Packages to that entity.

12.    If the Debtors send Solicitation Packages which are deemed undeliverable and returned to them, and, after reviewing the bankruptcy schedules and filed proofs of claim and after making good faith efforts to locate an accurate, complete address, for any entity, the Debtors cannot obtain more current addresses, the Debtors are excused from attempting to re-deliver Solicitation Packages.

13.    Approval of Ballots, Distribution Thereof. The Ballots, substantially in the forms, annexed hereto as Exhibits D1 through D5, are hereby approved.

14.    Each Ballot shall include the name, address, amount, and Class of each Claim or Interest asserted by each respective holder of a Claim or Interest in any of Classes 5, 6, 7, 9 and 10. Except as otherwise provided by an order of the Court, the amount and Class of any such Claim or Interest shall be determined by Claims Agent as follows:  (i) if the Claim or Interest has been Allowed by an Order of the Court, the amount and Class of the Allowed Claim; (ii) if a

Page 8

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

---

Claim or Interest is subject to a pending objection, the amount and Class to which the Debtors seek to reduce and/or reclassify the Claim or Interest in that objection; (iii) if subsections (i) and (ii) are inapplicable and if the holder of such Claim or Interest filed a Proof of Claim, the amount and Class of such Claim or Interest as asserted in that Proof of Claim; and (iv) if the holder of such Claim or Interest has not filed a Proof of Claim, the amount and Class of such Claim or Interest as identified in the Debtors' Schedules of Liabilities, provided, however, that such Claim or Interest is not identified as contingent, unliquidated, or disputed and if such Claim is so identified, the holder of such Claim or Interest shall not be entitled to vote on the Plan.

15.    If a Proof of Claim identifies a Claim or Interest as contingent, unliquidated, or disputed, or if a Proof of Claim is deemed disputed under the Plan, such Claim or Interest shall be temporarily allowed for voting purposes only, and not for purposes of allowance or distribution, at $1.00.

16.    Upon written request (via facsimile, electronic mail or United States mail to the addresses identified in paragraph 22 of this Solicitation Order) from a holder of a Claim in any of Classes 5, 6, 7, 9 and 10 in which such holder requests a Ballot, the Debtors or Claims Agent shall provide a Ballot to such requesting party within three Business Days from receipt of such request.

Page 9

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

17.   ~~A creditor that has more than one Claim against the Debtors in any particular Class shall receive (i) only one Solicitation Package; and (ii) one Ballot for each Class in which it holds Claims against the Debtors.~~   *Intentionally Omitted*

18.   Solicitation Packages, which shall include Ballots, shall be distributed to holders, as of the Record Date, of Claims or Interests in Classes 5, 6, 7, 9 and 10 which are designated under the Plan as classes entitled to vote to accept or reject the Plan.

19.   The Solicitation Package and the manner of service of the Solicitation Package satisfy the requirements of Bankruptcy Rule 3017(d).

20.   Voting Deadline. For a Ballot to be counted, it must: (a) contain an original signature, (b) be fully completed, and (c) be received by Epiq Bankruptcy Solutions, LLC (the "Voting Agent") (at the addresses identified in paragraph 22 of this Order) on or before **June 27, 2008 at 4:00 p.m. (Eastern Time)** (the "Voting Deadline"), unless the Voting Deadline is extended by the Debtors in consultation with the Committee.

21.   Ballot Tabulation. All original Ballots must be delivered to the Voting Agent by (a) first class mail postage prepaid in the return envelope provided with the Ballot, addressed to Shapes/Arch Holdings, L.L.C., Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112, or (b) personal delivery or overnight courier to Shapes/Arch Holdings, L.L.C., Ballot Processing Center, c/o Epiq

Page 10

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

---

Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017. Any late, non-conforming or modified ballots received by the Voting Agent will be noted in the ballot certification.

22.    To the extent that the Debtors have filed an objection to any claim (as defined in section 101(5) of the Bankruptcy Code) solely for Plan voting purposes by filing a determination motion (the "Determination Motion") on or before June 20, 2008, the Court will conduct a hearing on any Determination Motion at the Confirmation Hearing or such earlier time as may be scheduled by the Court.  If a Determination Motion is filed, the ruling by the Court on the Determination Motion shall be considered a ruling with respect to the allowance of the claim(s) under Bankruptcy Rule 3018 and such claim(s) shall be counted, for voting purposes only, in the Class and amount determined by the Court.  The filing of a Determination Motion or a ruling by the Court thereon, shall not affect the right of Debtors, the Reorganized Debtors or the Class 10 Liquidation Trustee upon and after the Effective Date of the Plan, to later object to such claim(s) for any other purposes, including distribution under the Plan.  Responses, if any, to the Determination Motion shall be filed no later than seven (7) days prior to the hearing on the Determination Motion.

23.    If, for purposes of voting on the Plan, (a) any party wishes to have its Claim allowed in a manner that is inconsistent with the Ballot it received; or (b) any party that did not receive a Ballot wishes to have its Claim temporarily allowed (for voting purposes only), such

10

Page 11

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

---

party must file, with the Bankruptcy Court, a motion for an order pursuant to Bankruptcy Rule

3018(a) temporarily allowing such Claim for purposes of voting (a "3018 Motion"), and serve

the 3018 Motion on the parties identified at the address set forth in paragraph 31 of this Order,

on or before **June 20, 2008 at 4:00 p.m. (Eastern Time).**  A 3018 Motion must set forth with

particularity the amount and Class of its claim(s) that should be allowed for voting purposes, and

the evidence in support of such Claim.

24.    In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted

in the amount and Class (a) agreed to by the Debtors and the creditor; or (b) allowed (for voting

purposes) pursuant to an Order of the Court, if such Order is entered on or before the Voting

Deadline; or (c) set forth on the pre-printed Ballot if such Order is not entered on or before the

Voting Deadline and the creditor received a pre-printed Ballot. If such Order is not entered on or

before the Voting Deadline and the creditor did not receive a pre-printed Ballot, the creditor's

Ballot shall not be counted.  The Court shall consider all 3018 Motions at or prior to the date for

the hearing on confirmation of the Plan.

25.    If a holder of a Claim or Interest casts two or more Ballots with respect to said Claim or Interest, the last Ballot

received on or before the Voting Deadline shall be deemed to reflect the voter's intent and

supersede any prior Ballots. If a holder of a Claim or Interest

casts two or more Ballots with respect to said Claim or interest, which

Page 12

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

are received by the Voting Agent on the same day but are voted inconsistently, such Ballots will not be counted.

26. ~~Holders of multiple Claims or Interests within a particular Class must vote all of their Claims or Interest within such Class to either accept or reject the Plan and may not split their vote(s).~~ *Intentionally Omitted*

27. A holder of Claims or Interests in more than one Class under the Plan must submit a separate Ballot for each Class of Claims or Interests.

28. The following types of Ballots will not be counted in determining whether the Plan has been accepted or rejected:

  a. any ballot that is otherwise properly completed, executed, and timely returned to the Voting Agent, but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan;

  b. any ballot received after the Voting Deadline, unless the Voting Deadline has been extended by the Debtors in consultation with the Committee;

  c. any ballot containing a vote that this Court determines, after notice and a hearing, was not solicited or procured in good faith or in accordance with the provisions of the Bankruptcy Code;

Page 13

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

d.      any ballot that is illegible or contains insufficient information to permit the identification of the claimant;

e.      any Ballot that partially rejects and partially accepts the Plan will not be counted.

f.      any ballot cast by a person or entity that does not hold a Claim in a class that is entitled to vote to accept or reject the Plan;

g.      any unsigned ballot, stamped signature ballot or ballot without an original signature; and

h.      any ballot transmitted to the Voting Agent by facsimile or other electronic means.

29.    In addition, the following voting procedures and standard assumptions shall be used in tabulating the Ballots:

a.      The method of delivery of ballots to be sent to the Voting Agent is at the election and risk of each creditor, but such delivery will be deemed made only when the Ballot with an original signature is actually received by the Voting Agent.

b.      If multiple ballots are received from an individual creditor with respect to the same Claims prior to the Voting Deadline, the last ballot timely received will be deemed to reflect the voter's intent and to supersede and revoke any prior ballot.

Page 14

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

c.    Subject to further order of the Court, questions as to the validity, form, eligibility (including time of receipt), acceptance, and revocation or withdrawal of ballots shall be determined by the Voting Agent and the Debtors.

d.    After the Voting Deadline, no vote may be withdrawn or modified without order of the Court.

e.    Subject to any contrary order of the Court, the Debtors reserve the right to reject any and all ballots not proper in form.

f.    Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of ballots must be cured within such time as the Debtors (or the Court) determine, and unless otherwise ordered by the Court, delivery of such ballots will not be deemed to have been made until such irregularities have been cured or waived.

g.    Neither the Debtors, nor any other person or entity, will be under any duty to provide notification of defects or irregularities with respect to deliveries of ballots, nor will any of them incur any liabilities for failure to provide such notification.  Ballots previously furnished (and as to which any irregularities have not theretofore been cured or waived) will not be counted.

30.    Except as otherwise modified by this Order, each holder of a Claim in any of Classes 5, 6, 7, 9 or 10 shall be entitled to vote the amount of such Claim as is held as of the Record Date.

Page 15

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii)
Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and
Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing
Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and
Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

---

31.     Plan Confirmation.  A hearing shall be held before this Court on **July 8, 2008 at
10:00 a.m. (Eastern Time)** (the "Confirmation Hearing"), to consider confirmation of the Plan.
The Confirmation Hearing may be continued from time to time by the Court without further
notice.

32.     In the event that the Debtors and Arch, in consultation with the Committee,
decide to not pursue confirmation of the Plan and pursue a sale of substantially all of the
Debtors' assets under Section 363 of the Bankruptcy Code pursuant to Section 9.1 of the Plan,
the Debtors shall advise all parties who have signed confidentiality agreements during these
cases of the Debtor's decision within one (1) business day after this decision is made by the
Debtors.  Further, the Debtors shall provide notice of the terms of any amendment to any of their
collective bargaining agreements to any party that has signed a confidentiality agreement within
one (1) business day after the condition relating to the collective bargaining agreement in Section
9.1(c) of the Amended Plan has been satisfied or waived.

33.     Any objection to confirmation of the Plan must: (i) be made in writing; (ii) state
the name and address of the objecting party and the nature of the claim or interest of such party;
(iii) state with particularity the legal and factual basis and nature of any objection to the Plan;
and (iv) be filed with the Court, together with proof of service, and served so that they are
received on or before **June 30, 2008 at 4:00 p.m. (Eastern Time)** (the "Objection Deadline") by
the following parties:

Page 16

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

---

| | | |
|---|---|---|
| Mark E. Felger | Jerrold N. Poslusny, Jr. | |
| Cozen O'Connor | Cozen O'Connor | |
| 1201 North Market Street | LibertyView, Suite 300 | |
| Suite 1400 | 457 Haddonfield Road | |
| Wilmington, DE 19801 | Cherry Hill, NJ 08002 | |
| | | |
| Counsel for the Debtors | Counsel for the Debtors | |
| | | |
| Nancy A. Mitchell | Alan J. Brody | Alan Halperin |
| Greenberg Traurig | Greenberg Traurig | Halperin Battaglia Raicht |
| 200 Park Avenue | 200 Park Avenue | 555 Madison Avenue |
| New York, NY 10166 | Florham Park, NJ 07932-0677 | 9th Floor |
| | | New York, NY 10022 |
| | | |
| Counsel for Arch | Counsel for Arch | Co-counsel for the Committee |
| | | |
| Michael D. Sirota | Paul A. Patterson | Office of the United States |
| Cole, Schotz, Meisel, Forman & Leonard | Stradley, Ronon, Stevens & Young | Trustee |
| Court Plaza North | 2600 One Commerce Square | One Newark Center |
| 25 Main Street | Philadelphia, PA 19103 | 21st Floor, Room 2106 |
| Hackensack NJ 07601 | | Newark, NJ 07102 |
| | | |
| Co-counsel for the Committee | Counsel for the Lender Group | |

34.    The Court shall consider only timely filed written objections. All objections not timely filed and served in accordance herewith by the Objection Deadline shall be deemed overruled.

35.    The forms of the Confirmation Hearing Notice attached hereto as Exhibit A is approved. The scope of Confirmation Hearing Notice is adequate and provides known claimants with good and sufficient notice of the Confirmation Hearing.

Page 17

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order (i) Approving the Disclosure Statement (ii) Approving Form and Manner of Solicitation Packages (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief

36.    The form of Publication Notice attached hereto as <u>Exhibit E</u> is approved.  The Debtors' are authorized and directed to publish the Publication Notice in <u>The Philadelphia Inquirer</u>, <u>The Courier Post</u>, and <u>The Wall Street Journal</u> at the earliest reasonably practicable time.  The scope of Publication Notice is adequate and provides unknown claimants with good and sufficient notice of the Confirmation Hearing.

37.    Service of the Solicitation Packages and other notices and documents described herein shall be adequate and sufficient and no further notice is necessary.

38.    The Debtors are authorized to make any non-substantive changes to the voting procedures, Ballots, solicitation letter, Plan, Disclosure Statement, notices of non-voting status, and/or forms of mailed and published notices of the Confirmation Hearing without further order of the Court, including, without limitation changes to correct typographical, grammatical and/or formatting errors or omissions prior to the mailing to parties-in-interest.

39.    The Debtors are authorized to take or refrain from taking any action necessary or appropriate to implement the terms of and the relief granted in this Solicitation Order without seeking further order of the Court.

40.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Solicitation Order.

## **EXHIBIT A**

## **CONFIRMATION NOTICE**

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., <u>et</u> | : FOR THE DISTRICT OF NEW JERSEY |
| <u>al.</u>, | : CHAPTER 11 |
| Debtors. | : CASE NO. 08-14631 (GMB) |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION
## OF DEBTORS' CHAPTER 11 PLAN OF REORGANIZATION

PLEASE TAKE NOTICE THAT on May 23, 2008, the debtors and debtors-in-possession in the above-captioned cases (the "<u>Debtors</u>"), filed the Debtors' Third Amended Joint Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "<u>Plan</u>") and the Joint Disclosure Statement for the Debtors' Third Amended Chapter 11 Plan of Reorganization (as may be amended, the "<u>Disclosure Statement</u>"), respectively.

PLEASE TAKE FURTHER NOTICE THAT:

1.      On May 23, 2008, the United States Bankruptcy Court for the District of New Jersey (the "<u>Court</u>") entered an order (the "<u>Solicitation Order</u>") approving the Disclosure Statement and the procedures for soliciting votes on the Plan.

2.      A hearing (the "<u>Confirmation Hearing</u>") will be held on July 8, 2008 at 10:00 a.m. (Eastern Time) before the United States Bankruptcy Court for the District of New Jersey, 400 Cooper Street, Fourth Floor, Camden, NJ 08101, to consider confirmation of the Plan, as the same may be further amended or modified, and for such other and further relief as may be just. The Confirmation Hearing may be continued from time to time without further notice to creditors or other parties in interest, and the Plan may be modified, if necessary, in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and other applicable law, before, during, or as a result of the Confirmation Hearing, without further notice to creditors or other parties in interest.

3.      If you hold a claim against any of the Debtors as of May 23, 2008 (the "<u>Record Date</u>") and are entitled to vote to accept or reject the Plan, you have received with this Confirmation Hearing Notice, a form of ballot and voting instructions appropriate for your claim.

For your vote to accept or reject the Plan to be counted, you must complete all required information on the ballot, execute the ballot, and return the completed ballot to the address indicated on the ballot so as to be <u>received</u> by Epiq Bankruptcy Services LLC (the "<u>Voting Agent</u>") **no later than 4:00 p.m. Eastern Time on June 27, 2008, unless such time is extended** (the "<u>Voting Deadline</u>").

4.      Parties listed on any of the Debtors' matrices that are not addressed in paragraph 3 above have only received this Notice and not a Solicitation Package.  Any party who did not receive a Solicitation Package and wishes to do so, can obtain a Solicitation Package by contacting the Voting Agent as indicated in paragraph 9 of this Notice.

5.      If you have not received a form of ballot and are entitled to vote on the Plan and desire to vote on the Plan, you must request a form of ballot and voting instructions appropriate for your claim from the Voting Agent at the address set forth below and submit your ballot as set forth above by the Voting Deadline.

6.      If, for purposes of voting on the Plan, (a) you wish to have your Claim allowed in a manner that is inconsistent with the Ballot you received; or (b) you did not receive a Ballot and wish to have your Claim temporarily allowed (for voting purposes only), you must file with the Bankruptcy Court a motion for an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing such Claim for purposes of voting (a "<u>3018 Motion</u>"), and serve the 3018 Motion on the parties identified at the addresses set forth in paragraph 31 of the Solicitation Order (the "<u>Notice Parties</u>"), on or before **June 20, 2008 at 4:00 p.m. (Eastern Time)**.  A 3018 Motion must set forth with particularity the amount and Class of your Claim(s) that should be allowed for voting purposes, and the evidence in support of such Claim.  In respect of any timely-filed 3018 Motion, the Ballot in question shall be counted in the amount and Class (a) agreed to by the Debtors and Creditor; (b) allowed (for voting purposes) pursuant to an Order of the Court, if such Order is entered on or before; or (c) set forth on the pre-printed Ballot if such Order is not entered on or before the Voting Deadline; and you received a pre-printed Ballot. If such Order is not entered on or before the Voting Deadline and you did not receive a pre-printed Ballot, your Ballot shall not be counted. The Court shall consider all 3018 Motions prior to the date for the Confirmation Hearing.

7.      If you hold an unimpaired claim, including an unclassified claim, against the Debtors as of the Record Date, you are not entitled to vote to accept or reject the Plan.

8.      Objections, if any, to confirmation of the Plan must:  (a) be in writing; (b) state the name and address of the objecting party and the nature of the claim or interest of such party; (c) state with particularity the legal and factual basis and nature of any objection to the Plan; and (d) be filed with the United States Bankruptcy Court for the District of New Jersey, 401 Market Street, Camden, New Jersey 08101 together with proof of service, and served so as to be **RECEIVED on or before 4:00 p.m. Eastern Time on June 30, 2008** by the Notice Parties. Objections not timely filed and served in the manner set forth in the Solicitation Order shall not be considered and shall be deemed overruled.

9.      The Disclosure Statement, the Plan and the Solicitation Order are on file with the Clerk of the Bankruptcy Court, 401 Market Street, Second Floor, Camden, NJ 08101 and may be examined by parties in interest by visiting the Office of the Clerk of the Bankruptcy Court during business hours. In addition, any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order or other information about the solicitation procedures by visiting **www.epiqsystems.com** or may request such information by contacting Epiq Bankruptcy Solutions, LLC (i) by first class mail addressed to Shapes/Arch Holdings, L.L.C., c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) by personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Street, Third Floor, New York, NY 10017, or (iii) by telephone at (646) 282-2500.

Dated: [_____], 2008          Mark E. Felger
                                 Jerrold N. Poslusny, Jr.
                                 Cozen O'Connor
                                 LibertyView, Suite 300
                                 457 Haddonfield Road
                                 Cherry Hill, NJ  08002
                                 Telephone:  856-910-5000
                                 Facsimile:  856-910-5075

                                 Attorneys for the Debtors

# EXHIBIT B

## UNIMPAIRED NOTICE OF NON-VOTING STATUS

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., et | : FOR THE DISTRICT OF NEW JERSEY |
| al., | : CHAPTER 11 |
| Debtors. | : |
|  | : CASE NO. 08-14631 (GMB) |
|  | : |
|  | : |

## NOTICE OF UNIMPAIRED NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES DEEMED TO ACCEPT THE PLAN

**TO:**    **Class 1 (Other Priority Claims), Class 2 (Secured Real Estate Claims), Class 3 (Arch Acquisition DIP Claim), Class 4 (CIT DIP Claim), Class 8 (Miscellaneous Secured Claims), or Class 12 Interests**

1.    On May 23, 2008, the above captioned debtors and debtors-in-possession (the "Debtors"), filed the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan").

2.    On May 23, 2008, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order (the "Solicitation Order") approving the Debtors' Joint Chapter 11 Disclosure Statement for the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

3.    In accordance with the terms of the Plan and the Bankruptcy Code, holders of claims in Class 1 (Other Priority Claims), Class 2 (Secured Real Estate Claims), Class 3 (Arch Acquisition DIP Claim), Class 4 (CIT DIP Claim), Class 8 (Miscellaneous Secured Claims), and Class 12 Interests are unimpaired and, therefore, pursuant to Section 1126(f) of the Bankruptcy Code, are conclusively presumed to have accepted the Plan and are not entitled to vote on the Plan. You have been sent this notice because you have been identified as a holder of a claim in Class 1, 2, 3, 4, 8 or an Interest in Class 12. This notice and the Solicitation Package are provided to you for informational purposes only. If you have any questions regarding the status of your Claim(s) or Interests you may contact the Debtors' attorneys.

Dated:  [_____, 2008]

                    Mark E. Felger, Esquire
                    Jerrold N. Poslusny, JR.
                    Cozen O'Connor
                    LibertyView, Suite 300
                    457 Haddonfield Road
                    Cherry Hill, NJ  08002
                    Telephone:  856-910-5000
                    Facsimile:  856-910-5075

                    Attorneys for the Debtors

**EXHIBIT C**

**REJECTING CLASS NOTICE**

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., et | : FOR THE DISTRICT OF NEW JERSEY |
| al., | : CHAPTER 11 |
|  | : |
| Debtors. | : CASE NO. 08-14631 (GMB) |
|  | : |
|  | : |

### NOTICE OF IMPAIRED NON-VOTING STATUS WITH RESPECT TO
### IMPAIRED CLASSES DEEMED TO REJECT THE PLAN

**TO:      All Holders of Class 11 Interests**

1.      On May 23, 2008, the above captioned debtors and debtors-in-possession (the "Debtors"), filed the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan").

2.      On May 23, 2008, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order (the "Solicitation Order") approving the Debtors' Chapter 11 Disclosure Statement For the Debtors' Third Amended Chapter 11 Plan of Reorganization (as may be amended, the "Disclosure Statement") and the Debtors' procedures for soliciting votes on the Plan.

3.      In accordance with the terms of the Plan and Section 1126(g) of the Bankruptcy Code, holders of Interests in Class 11 (Ben Interests) are neither receiving nor retaining any property on account of their Interests and, therefore, are conclusively presumed to have rejected the Plan and are not entitled to vote on the Plan. You have been sent this notice because you have been identified as a holder of an Interest in Class 11 (Ben Interests) against Shapes/Arch Holdings L.L.C. This notice and the Solicitation Package are provided to you for informational purposes only. If you have any questions regarding the status of your Interest(s) you may contact the Debtors' attorneys.

Dated: [＿＿＿＿＿], 2008        Mark E. Felger
Jerrold N. Poslusny, Jr.
Cozen O'Connor
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
Telephone:  856-910-5000
Facsimile:  856-910-5075

Attorneys for the Debtors

**EXHIBIT D1**

**CLASS 5 – PMSI CLAIMS**

Class 5   Voting Amount

[Claimant Name]
[Claimant Address]
[City, State Zip Code]
[Country]

| | |
|---|---|
| | : UNITED STATES BANKRUPTCY COURT |
| In re: | : FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS L.L.C., et al., | : CHAPTER 11 |
| | : |
| Debtors. | : CASE NO. 08-14631 (GMB) |
| | : |
| | : |

**BALLOT FOR ACCEPTING OR REJECTING
THE PLAN OF REORGANIZATION FOR THE DEBTORS**

**CLASS 5: PMSI CLAIMS**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS JUNE 27, 2008 AT 4:00 P.M. (ET). YOUR BALLOT MUST BE ACTUALLY RECEIVED BY THIS DEADLINE IN ORDER TO BE COUNTED**

This Ballot (the "Ballot") is submitted to you to solicit your vote to accept or reject the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "Plan") submitted by the above-captioned debtors and debtors in possession (the "Debtors") and described in the related disclosure statement approved by order of the United States Bankruptcy Court for the District of New Jersey (the "Disclosure Statement"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent by visiting www.epiqsystems.com or by contacting Epiq Bankruptcy Solutions, LLC ("Epiq") (i) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017; or (iii) by telephoning (646) 282-2500.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and

equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advise concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 5 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Epiq at the address above on or before June 27, 2008 at 4:00 p.m. and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF PLAN

The undersigned, the holder of a Class 5 claim against the Debtors, in the unpaid amount of

$_____

(Check one box only)

[      ] ACCEPTS THE PLAN                [      ] REJECTS THE PLAN

Dated:_____

Print or type name:_____

Signature:_____

Title (if corporation or partnership)_____

Address:

RETURN THIS BALLOT ON OR BEFORE **JUNE 27, 2008** TO:

| | |
|---|---|
| **Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5112 New York, New York 10150-5112** | **Shapes/Arch Holdings, LLC c/o Epiq Bankruptcy Solutions, LLC 757 Third Street, Third Floor New York, NY 10017** |
| **If by First Class Mail** | **If by hand delivery or overnight mail** |

## **EXHIBIT D2**

## **CLASS 6- SHIPPERS AND WAREHOUSEMEN CLAIMS**

Class 6    Voting Amount

[Claimant Name]
[Claimant Address]
[City, State Zip Code]
[Country]

|  |  |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., <u>et</u> | : FOR THE DISTRICT OF NEW JERSEY |
| <u>al.</u>, | : CHAPTER 11 |
|  | : |
| Debtors. | : CASE NO. 08-14631 (GMB) |
|  | : |
|  | : |

## BALLOT FOR ACCEPTING OR REJECTING
## THE PLAN OF REORGANIZATION FOR THE DEBTORS

### CLASS 6: SHIPPERS AND WAREHOUSEMEN CLAIMS

---

**THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS <u>JUNE 27, 2008 AT 4:00 P.M. (ET)</u>. YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u> BY THIS DEADLINE IN ORDER TO BE COUNTED**

---

This Ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "<u>Plan</u>") submitted by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") and described in the related disclosure statement approved by order of the United States Bankruptcy Court for the District of New Jersey (the "<u>Disclosure Statement</u>"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent by visiting www.epiqsystems.com or by contacting Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") (i) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017; or (iii) by telephoning (646) 282-2500.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq.</u> (the "<u>Bankruptcy Code</u>"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and

equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advise concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 6 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Epiq at the address above on or before June 27, 2008 at 4:00 p.m. and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**ACCEPTANCE OR REJECTION OF PLAN**

The undersigned, the holder of a Class 6 claim against the Debtors, in the unpaid amount of

$_____

     (Check one box only)

     [   ] ACCEPTS THE PLAN       [   ] REJECTS THE PLAN

Dated:_____

     Print or type name:_____

     Signature:_____

     Title (if corporation or partnership)_____

     Address:

RETURN THIS BALLOT ON OR BEFORE **JUNE 27, 2008** TO:

| **Shapes/Arch Holdings, LLC, c/o** <br> **Epiq Bankruptcy Solutions, LLC** <br> **FDR Station, P.O. Box 5112** <br> **New York, New York 10150-5112** <br><br> **If by First Class Mail** | **Shapes/Arch Holdings, LLC** <br> **c/o Epiq Bankruptcy Solutions, LLC** <br> **757 Third Street, Third Floor** <br> **New York, NY 10017** <br><br> **If by hand delivery or overnight mail** |
|---|---|

**EXHIBIT D3**

**CLASS 7 – COLLATERALIZED INSURANCE PROGRAM CLAIMS**

Class 7    Voting Amount

[Claimant Name]
[Claimant Address]
[City, State Zip Code]
[Country]

|  |  |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., <u>et</u> <u>al.</u>, | : FOR THE DISTRICT OF NEW JERSEY |
|  | : CHAPTER 11 |
|  | : |
| Debtors. | : CASE NO. 08-14631 (GMB) |
|  | : |
|  | : |

## BALLOT FOR ACCEPTING OR REJECTING
## THE PLAN OF REORGANIZATION FOR THE DEBTORS

### CLASS 7:  COLLATERALIZED INSURANCE PROGRAM CLAIMS

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS <u>JUNE 27,</u>**
> **<u>2008 AT 4:00 P.M. (ET)</u>.  YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u>**
> **BY THIS DEADLINE IN ORDER TO BE COUNTED**

This Ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "<u>Plan</u>") submitted by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") and described in the related disclosure statement approved by order of the United States Bankruptcy Court for the District of New Jersey (the "<u>Disclosure Statement</u>").  The Disclosure Statement provides information to assist you in deciding how to vote your Ballot.  If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent by visiting www.epiqsystems.com or by contacting Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") (i) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY  10017; or (iii) by telephoning (646) 282-2500.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq.</u> (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and

equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advise concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 7 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Epiq at the address above on or before June 27, 2008 at 4:00 p.m. and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

## ACCEPTANCE OR REJECTION OF PLAN

The undersigned, the holder of a Class 7 claim against the Debtors, in the unpaid amount of

$_____

      (Check one box only)

      [   ] ACCEPTS THE PLAN        [   ] REJECTS THE PLAN

Dated:_____

          Print or type name:_____

          Signature:_____

          Title (if corporation or partnership)_____

          Address:

RETURN THIS BALLOT ON OR BEFORE **JUNE 27, 2008** TO:

| **Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5112 New York, New York 10150-5112** | **Shapes/Arch Holdings, LLC c/o Epiq Bankruptcy Solutions, LLC 757 Third Street, Third Floor New York, NY 10017** |
|---|---|
| **If by First Class Mail** | **If by hand delivery or overnight mail** |

**EXHIBIT D4**

**CLASS 9 – ENVIRONMENTAL CLAIMS**

Class 9    Voting Amount

[Claimant Name]
[Claimant Address]
[City, State Zip Code]
[Country]

---

|  |  |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
|  | : FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS L.L.C., <u>et</u> | : CHAPTER 11 |
| <u>al.</u>, | : |
| Debtors. | : CASE NO. 08-14631 (GMB) |
|  | : |
|  | : |

**BALLOT FOR ACCEPTING OR REJECTING**
**THE PLAN OF REORGANIZATION FOR THE DEBTORS**

**CLASS 9 – ENVIRONMENTAL CLAIMS**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS <u>JUNE 27,</u>**
> **<u>2008 AT 4:00 P.M. (ET)</u>.  YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u>**
> **BY THIS DEADLINE IN ORDER TO BE COUNTED**

This Ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the Debtors'
Second Amended Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as
the same may be further amended, modified or supplemented from time to time, the "<u>Plan</u>")
submitted by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") and
described in the related disclosure statement approved by order of the United States Bankruptcy
Court for the District of New Jersey (the "<u>Disclosure Statement</u>").  The Disclosure Statement
provides information to assist you in deciding how to vote your Ballot.  If you do not have a
Disclosure Statement, you may obtain a copy from the Voting Agent by visiting
www.epiqsystems.com or by contacting Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") (i) by first
class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757
Third Avenue, 3rd Floor, New York, NY  10017; or (iii) by telephoning (646) 282-2500.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is
accepted by the holders of at least two-thirds in amount and more than one-half in number of the
Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the
applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§
101 <u>et seq.</u> (the "<u>Bankruptcy Code</u>").  If the requisite acceptances are not obtained, the
Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and

equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advise concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 9 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Epiq at the address above on or before June 27, 2008 at 4:00 p.m. and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

### ACCEPTANCE OR REJECTION OF PLAN

The undersigned, the holder of a Class 9 claim against the Debtors, in the unpaid amount of

$_____

    (Check one box only)

    [    ] ACCEPTS THE PLAN         [    ] REJECTS THE PLAN

Dated:_____

        Print or type name:_____

        Signature:_____

        Title (if corporation or partnership)_____

        Address:

RETURN THIS BALLOT ON OR BEFORE **JUNE 27, 2008** TO:

| **Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5112 New York, New York 10150-5112** | **Shapes/Arch Holdings, LLC c/o Epiq Bankruptcy Solutions, LLC 757 Third Street, Third Floor New York, NY 10017** |
| --- | --- |
| **If by First Class Mail** | **If by hand delivery or overnight mail** |

## EXHIBIT D5

## CLASS 10 – GENERAL UNSECURED CLAIMS

Class 10    Voting Amount

[Claimant Name]
[Claimant Address]
[City, State Zip Code]
[Country]

| | |
|---|---|
| | : UNITED STATES BANKRUPTCY COURT |
| In re: | : FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS L.L.C., <u>et</u> | : CHAPTER 11 |
| <u>al.</u>, | : |
| Debtors. | : CASE NO. 08-14631 (GMB) |
| | : |
| | : |
| | : |

**BALLOT FOR ACCEPTING OR REJECTING**
**THE PLAN OF REORGANIZATION FOR THE DEBTORS**

**CLASS 10 – GENERAL UNSECURED CLAIMS**

> **THE VOTING DEADLINE TO ACCEPT OR REJECT THE PLAN IS <u>JUNE 27,</u>**
> **<u>2008 AT 4:00 P.M. (ET)</u>. YOUR BALLOT MUST BE <u>ACTUALLY RECEIVED</u>**
> **BY THIS DEADLINE IN ORDER TO BE COUNTED**

This Ballot (the "<u>Ballot</u>") is submitted to you to solicit your vote to accept or reject the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization (including all exhibits thereto and as the same may be further amended, modified or supplemented from time to time, the "<u>Plan</u>") submitted by the above-captioned debtors and debtors in possession (the "<u>Debtors</u>") and described in the related disclosure statement approved by order of the United States Bankruptcy Court for the District of New Jersey (the "<u>Disclosure Statement</u>"). The Disclosure Statement provides information to assist you in deciding how to vote your Ballot. If you do not have a Disclosure Statement, you may obtain a copy from the Voting Agent by visiting www.epiqsystems.com or by contacting Epiq Bankruptcy Solutions, LLC ("<u>Epiq</u>") (i) by first class mail addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017; or (iii) by telephoning (646) 282-2500.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of the Claims in each impaired Class who vote on the Plan and if the Plan otherwise satisfies the applicable requirements of section 1129(a) under title 11 of the United States Code, 11 U.S.C. §§ 101 <u>et seq.</u> (the "<u>Bankruptcy Code</u>"). If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and

equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

**You should review the Disclosure Statement and the Plan before you vote. You may wish to seek legal advise concerning the Plan and your classification and treatment under the Plan. Your claim has been placed in Class 10 under the Plan. If you hold claims or equity interests in more than one class, you will receive a ballot for each class in which you are entitled to vote.**

**If your ballot is not received by Epiq at the address above on or before June 27, 2008 at 4:00 p.m. and such deadline is not extended, your vote will not count as either an acceptance or rejection of the Plan.**

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.**

**ACCEPTANCE OR REJECTION OF PLAN**

The undersigned, the holder of a Class 10 claim against the Debtors, in the unpaid amount of

$_____

(Check one box only)

[     ] ACCEPTS THE PLAN          [     ] REJECTS THE PLAN

Dated:_____

Print or type name:_____

Signature:_____

Title (if corporation or partnership)_____

Address:

RETURN THIS BALLOT ON OR BEFORE **JUNE 27, 2008** TO:

| | |
|---|---|
| **Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC FDR Station, P.O. Box 5112 New York, New York 10150-5112** | **Shapes/Arch Holdings, LLC c/o Epiq Bankruptcy Solutions, LLC 757 Third Street, Third Floor New York, NY 10017** |
| **If by First Class Mail** | **If by hand delivery or overnight mail** |

## EXHIBIT E

## PUBLICATION NOTICE

Please take notice that on May 23, 2008, the Bankruptcy Court for the District of New Jersey (the "Court") has entered an Order (the "Solicitation Order") in the Chapter 11 bankruptcy cases of Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (collectively, the "Debtors") Case No. 08-14631 (Jointly Administered), approving the Joint Disclosure Statement for the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (as may be amended, the "Disclosure Statement") in support of Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (as may be amended, the "Plan"). All capitalized terms used herein but not otherwise defined shall have the meaning ascribed to them in the Plan or the Solicitation Order.

The Solicitation Order established June 27, 2008, at 4:00 p.m. (Eastern Time) as the deadline for voting to accept or reject the Plan unless such time is extended. Objections to the Plan must comply with the Solicitation Order and be filed by June 30, 2008, at 4:00 p.m. (Eastern Time). The Confirmation Hearing will be held on July 8, 2008 at 10:00 a.m. (Eastern Time), convened at the United States Bankruptcy Court for the District of New Jersey, 400 Cooper Street, Fourth Floor, Camden, NJ 08101.

Any party in interest wishing to obtain copies of the Disclosure Statement, the Plan, the Solicitation Order or other information about the solicitation procedures may request such information by visiting www.epiqsystems.com or by contacting the Voting Agent by: (i) first class mall addressed to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5112, New York, New York 10150-5112; (ii) personal delivery or overnight courier to Shapes/Arch Holdings, LLC, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017; or (iii) telephone: (646) 282-2500.

CHERRY_HILL\443934\2 220718.000

# **EXHIBIT "C"**

**Exhibit C**
**Shapes/Arch Holdings, LLC**
**Projected Profit & Loss Statement**

|  | Aug-08 | Sep-08 | Oct-08 | Nov-08 | Dec-08 | Total |
|---|---|---|---|---|---|---|
| **Net Sales** | $ 21,206,640 | $ 18,437,429 | $ 20,583,204 | $ 17,159,993 | $ 12,002,945 | $ 89,390,212 |
| **COGS** | | | | | | |
| Material Costs | 11,645,134 | 10,303,555 | 11,396,495 | 9,429,343 | 6,756,373 | 49,530,899 |
| Mfg Expenses | 5,803,760 | 5,422,246 | 5,868,988 | 5,444,510 | 4,256,832 | 26,796,336 |
| | 17,448,894 | 15,725,801 | 17,265,483 | 14,873,852 | 11,013,205 | 76,327,235 |
| **Gross Profit** | $ 3,757,746 | $ 2,711,628 | $ 3,317,722 | $ 2,286,141 | $ 989,740 | $ 13,062,977 |
| **Operating Expenses** | | | | | | |
| Delivery | 1,038,784 | 930,640 | 1,018,750 | 886,073 | 661,167 | 4,535,414 |
| Selling | 833,078 | 765,398 | 805,738 | 792,006 | 652,098 | 3,848,319 |
| General & Admin | 1,463,166 | 1,443,845 | 1,494,021 | 1,414,940 | 1,455,561 | 7,271,534 |
| | 3,335,028 | 3,139,884 | 3,318,509 | 3,093,019 | 2,768,827 | 15,655,267 |
| **Operating Income** | $ 422,718 | $ (428,256) | $ (787) | $ (806,879) | $ (1,779,087) | $ (2,592,290) |
| **Interest Expense** | 545,163 | 502,835 | 474,806 | 483,057 | 475,087 | 2,480,949 |
| **Other Income** | 27,000 | 27,000 | 27,000 | 27,000 | 27,000 | 135,000 |
| **Net Income** | $ (95,445) | $ (904,091) | $ (448,593) | $ (1,262,936) | $ (2,227,174) | $ (4,938,239) |
| **EBITDA** | $ 1,215,711 | $ 364,736 | $ 792,204 | $ (13,889) | $ (988,098) | $ 1,370,665 |

**Exhibit C**
**Shapes/Arch Holdings, LLC**
**Projected Monthly Balance Sheet**

| Assets | | Opening 8/3/08 | | 8/31/08 | | 9/30/08 | | 10/31/08 | | 11/30/08 | | 12/31/08 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cash | $ | - | $ | - | $ | - | $ | - | $ | - | $ | - |
| Accounts Receivable | | 37,725,000 | | 32,562,682 | | 30,758,883 | | 30,366,639 | | 29,132,476 | | 23,247,344 |
| Inventory | | 43,503,000 | | 42,679,042 | | 42,265,792 | | 42,043,122 | | 43,511,533 | | 45,078,511 |
| Prepaids | | 1,604,000 | | 1,532,000 | | 1,304,000 | | 1,231,000 | | 1,357,000 | | 998,000 |
| **Current Assets** | $ | 82,832,000 | $ | 76,773,723 | $ | 74,328,675 | $ | 73,640,760 | $ | 74,001,010 | $ | 69,323,855 |
| | | | | | | | | | | | | |
| Net PPE | | 65,995,000 | | 65,785,000 | | 65,575,000 | | 65,365,000 | | 65,155,000 | | 64,945,000 |
| | | | | | | | | | | | | |
| Other Asset | | - | | - | | - | | - | | - | | - |
| | | | | | | | | | | | | |
| **Total Assets** | $ | **148,827,000** | $ | **142,558,723** | $ | **139,903,675** | $ | **139,005,760** | $ | **139,156,010** | $ | **134,268,855** |
| | | | | | | | | | | | | |
| **Liabilities** | | | | | | | | | | | | |
| Accounts Payable | $ | 336,000 | $ | 2,469,516 | $ | 3,113,088 | $ | 4,150,397 | $ | 4,519,991 | $ | 3,774,940 |
| Accrued Expenses | | 6,292,000 | | 6,292,000 | | 6,292,000 | | 6,292,000 | | 6,292,000 | | 6,292,000 |
| **Current Liabilities** | $ | 6,628,000 | $ | 8,761,516 | $ | 9,405,088 | $ | 10,442,397 | $ | 10,811,991 | $ | 10,066,940 |
| | | | | | | | | | | | | |
| Revolver | | 46,981,000 | | 38,674,653 | | 36,280,124 | | 34,793,493 | | 36,337,085 | | 34,922,154 |
| Term Loan | | 30,000,000 | | 30,000,000 | | 30,000,000 | | 30,000,000 | | 30,000,000 | | 30,000,000 |
| Note Class 10 | | 1,500,000 | | 1,500,000 | | 1,500,000 | | 1,500,000 | | 1,000,000 | | 500,000 |
| | | | | | | | | | | | | |
| Members Equity | | 63,718,000 | | 63,622,555 | | 62,718,463 | | 62,269,870 | | 61,006,934 | | 58,779,761 |
| | | | | | | | | | | | | |
| **Total Liabilities & Equity** | $ | **148,827,000** | $ | **142,558,723** | $ | **139,903,675** | $ | **139,005,760** | $ | **139,156,010** | $ | **134,268,855** |
| | | | | | | | | | | | | |
| | | - | | - | | - | | - | | - | | - |

**Exhibit C**
**Shapes/Arch Holdings, LLC**
**Projected Monthly Cash Flow Statement**

|  | 8/31/08 | 9/30/08 | 10/31/08 | 11/30/08 | 12/31/08 | Total |
|---|---|---|---|---|---|---|
| Net Income/(Loss) | $ (95,445) | $ (904,091) | $ (448,593) | $ (1,262,936) | $ (2,227,174) | (4,938,239) |
| Depreciation/Amortization | 765,994 | 765,992 | 765,991 | 765,990 | 763,989 | 3,827,956 |
| A/R Reserve | - | - | - | - | - | - |
| Accounts Receivable | 5,162,318 | 1,803,799 | 392,244 | 1,234,162 | 5,885,132 | 14,477,656 |
| Inventory | 823,958 | 413,250 | 222,670 | (1,468,412) | (1,566,978) | (1,575,511) |
| Prepaids | 72,000 | 228,000 | 73,000 | (126,000) | 359,000 | 606,000 |
| Accounts Payable | 2,133,516 | 643,572 | 1,037,309 | 369,594 | (745,050) | 3,438,940 |
| Accrued Expenses | - | - | - | - | - | - |
| **Cash from Operations** | 8,862,341 | 2,950,521 | 2,042,622 | (487,602) | 2,468,919 | 15,836,802 |
| Capital Expenditures | (555,994) | (555,992) | (555,991) | (555,990) | (553,989) | (2,777,956) |
| Revolver Borrowing | (8,306,347) | (2,394,529) | (1,486,631) | 1,543,592 | (1,414,930) | (12,058,846) |
| Amortization -Class 10 Note | - | - | - | (500,000) | (500,000) | (1,000,000) |
| Net Cash Available | - | - | 0 | (0) | 0 | 0 |
| Beginning Cash | - | - | - | 0 | (0) | - |
| **Ending Cash** | - | - | 0 | (0) | 0 | 0 |

-

# EXHIBIT D

## Liquidation Analysis

**Shapes/Arch Holdings, LLC**
**Liquidation Analysis - Exhibit 1**
**Estimated Liquidation Proceeds**

| | Month 1 Jul-08 | Month 2 Aug-08 | Month 3 Sep-08 | Month 4 Oct-08 | Month 5 Nov-08 | Month 6 Dec-08 | Month 7 Jan-09 | Month 8 Feb-09 | Month 9 Mar-09 | Month 10 Apr-09 | Month 11 May-09 | Month 12 Jun-09 | Month 13 Jul-09 | Month 14 Aug-09 | Month 15 Sep-09 | Month 16 Oct-09 | Month 17 Nov-09 | Month 18 Dec-09 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **1) Sources** | | | | | | | | | | | | | | | | | | | |
| **a) Collection of A/R** | | | | | | | | | | | | | | | | | | | |
| Shapes | 2,823,869 | 2,117,857 | 705,952 | 705,952 | 705,952 | 705,952 | 705,952 | 705,952 | - | - | - | - | - | - | - | - | - | - | 9,177,380 |
| Dealer | 2,735,252 | 2,051,439 | 683,813 | 683,813 | 683,813 | 683,813 | 683,813 | 683,813 | - | - | - | - | - | - | - | - | - | - | 8,889,370 |
| Accu-Weld | 523,906 | 174,635 | 174,635 | 174,635 | 174,635 | 174,635 | 174,635 | 174,635 | - | - | - | - | - | - | - | - | - | - | 1,746,352 |
| Ultra | 1,112,228 | 834,246 | 278,082 | 278,082 | 278,082 | 278,082 | 278,082 | 278,082 | - | - | - | - | - | - | - | - | - | - | 3,615,065 |
| Total | 7,195,255 | 5,178,177 | 1,842,482 | 1,842,482 | 1,842,482 | 1,842,482 | 1,842,482 | 1,842,482 | - | - | - | - | - | - | - | - | - | - | 23,428,307 |
| **b) Sale of Inventory** | | | | | | | | | | | | | | | | | | | |
| Shapes | 8,899,710 | 2,224,927 | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 11,124,637 |
| Dealer | 2,356,705 | 2,356,705 | - | - | 1,178,352 | - | - | - | - | - | - | - | - | - | - | - | - | - | 5,891,762 |
| Accu-Weld | 303,035 | 464,553 | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 767,589 |
| Ultra | - | - | 9,573,315 | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 9,573,315 |
| Total | 11,559,450 | 5,036,185 | 9,573,315 | 1,178,352 | 1,178,352 | - | - | - | - | - | - | - | - | - | - | - | - | - | 27,347,303 |
| **c) Sale of Machinery & Equipment** | - | - | - | - | 142,026 | - | 1,175,295 | 472,095 | 4,051,500 | - | - | - | - | - | - | - | - | - | 5,840,910 |
| **d) Sale of Real Estate** | - | - | - | - | - | - | - | - | 2,542,500 | 2,520,000 | - | - | - | - | - | - | - | 13,720,000 | 18,782,500 |
| **e) Other Assets** | | | | | | | | | | | | | | | | | | | |
| Return of Post-Petition Security Deposits | | | | | | | | | | | | | | | | | | 1,059,000 | 1,059,000 |
| Excess of L/C over Reserve - Workmens Comp | | | | | | | | | | | | | | | | | | 1,400,000 | 1,400,000 |
| Recovery of Avoidance Actions     5.0% | | | | | | | | | | | | | | | | | | 2,540,650 | 2,540,650 |
| Total Estimated Gross Liquidation Proceeds | 18,754,745 | 10,214,362 | 1,842,482 | 1,415,788 | 3,162,855 | 1,842,482 | 3,017,777 | 2,314,577 | 6,594,000 | 2,520,000 | - | - | - | - | - | - | - | 18,719,650 | 80,394,730 |

**Shapes/Arch Holdings, LLC**
**Liquidation Analysis - Exhibit 1**
**Estimated Liquidation Proceeds**

| | Month 1 Jul-08 | Month 2 Aug-08 | Month 3 Sep-08 | Month 4 Oct-08 | Month 5 Nov-08 | Month 6 Dec-08 | Month 7 Jan-09 | Month 8 Feb-09 | Month 9 Mar-09 | Month 10 Apr-09 | Month 11 May-09 | Month 12 Jun-09 | Month 13 Jul-09 | Month 14 Aug-09 | Month 15 Sep-09 | Month 16 Oct-09 | Month 17 Nov-09 | Month 18 Dec-09 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **2) Uses** | | | | | | | | | | | | | | | | | | | |
| **a) Priority and Administrative** | | | | | | | | | | | | | | | | | | | |
| Chapter 7 Trustee & Professionals | 50,000 | 50,000 | 50,000 | 50,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 2,436,842 | 2,961,842 |
| Chapter 11 Non-Professionals | 1,100,000 | | | | | | | | | | | | | | | | | | 1,100,000 |
| Chapter 11 Priority Claims | 1,326,000 | | | | | | | | | | | | | | | | | | 1,326,000 |
| Chapter 11 Administrative Claims | 80,000 | | | | | | 932,000 | | 74,794 | | | | | | | | | 673,145 | 1,759,939 |
| Subtotal | 2,556,000 | 50,000 | 50,000 | 50,000 | 25,000 | 25,000 | 957,000 | 25,000 | 99,794 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 25,000 | 3,109,987 | 7,147,781 |
| **b) Estimated Wind Down Costs** | | | | | | | | | | | | | | | | | | | |
| Salaries | 675,188 | 209,508 | 151,248 | 375,748 | 150,748 | 150,748 | 150,748 | 150,748 | 250,748 | 475,748 | 223,548 | 233,548 | 459,548 | 224,548 | 224,548 | 449,948 | 224,948 | 224,948 | 5,241,544 |
| Dohler | 171,760 | 150,060 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 367,820 |
| Accu-Weld | 197,080 | 103,220 | 40,760 | 19,760 | 19,760 | 19,760 | 19,760 | 19,760 | 39,760 | | | | | | | | | | 519,380 |
| Ultra | 348,740 | 70,760 | 53,160 | 8,660 | 8,660 | 8,660 | 8,660 | 8,660 | 8,660 | | | | | | | | | | 524,640 |
| Total Wind Down Costs | 1,392,748 | 483,568 | 251,168 | 410,168 | 185,168 | 205,168 | 410,168 | 185,168 | 305,168 | 501,908 | 239,548 | 239,548 | 464,548 | 230,548 | 230,548 | 455,948 | 230,948 | 230,948 | 6,653,384 |
| **c) Other:** | | | | | | | | | | | | | | | | | | | |
| Collection Agency | | | 276,372 | 276,372 | 276,372 | 276,372 | 276,372 | 276,372 | | | | | | | | | | | 1,658,234 |
| Inventory Liquidation (Fee & Exp) | | | | 550,466 | 67,755 | | | 70,814 | | | | | | | | | | | 618,221 |
| MAE Liquidation | | | | | 21,303 | | 176,284 | | 607,725 | | | | | | | | | | 876,136 |
| Reserve for MAE Removal | | | | | | | 75,000 | | 250,000 | | | | | | | | | | 325,000 |
| Real Estate Broker | | | | | | | | | 162,550 | 151,200 | | | | | | | | | 325,000 |
| Total Other | | | 276,372 | 826,838 | 365,431 | 276,372 | 527,967 | 347,187 | 1,010,275 | 151,200 | | | | | | | 822,200 | 822,200 | 1,126,950 |
| **Net Proceeds from Liquidation** | 14,805,997 | 9,680,784 | 1,294,942 | 10,128,792 | 2,587,296 | 1,335,842 | 1,122,943 | 1,757,223 | 5,178,763 | 1,842,292 | (284,548) | (284,548) | (489,548) | (255,948) | (255,948) | (480,948) | (255,948) | 14,561,515 | 61,989,023 |
| **3) Maintain Cash Balance** | | | | | | | | | | | | | | | | | | | |
| Beginning Cash Balance | 2,500,000 | 2,500,000 | 2,505,208 | 2,510,428 | 2,515,658 | 2,520,899 | 2,526,150 | 2,531,413 | 2,536,687 | 2,541,972 | 2,547,268 | 2,288,026 | 2,028,245 | 1,542,923 | 1,290,189 | 1,036,929 | 558,141 | 303,356 | 2,500,000 |
| Plus: Additions | | | | | | | | | | | | | | | | | | | |
| Plus: Interest on Cash Balance | | 5,208 | 5,219 | 5,230 | 5,241 | 5,252 | 5,263 | 5,274 | 5,285 | 5,296 | 5,307 | 4,767 | 4,226 | 3,214 | 2,688 | 2,160 | 1,163 | 632 | 71,424 |
| Less: Use of Cash Balance | | | | | | | | | | | (264,548) | (264,548) | (489,548) | (255,948) | (255,948) | (480,948) | (255,948) | (303,988) | (2,267,426) |
| Less: Return of Cash Balance | | | | | | | | | | | | | | | | | | (303,988) | (303,988) |
| Ending Cash Balance | 2,500,000 | 2,505,208 | 2,510,428 | 2,515,658 | 2,520,899 | 2,526,150 | 2,531,413 | 2,536,687 | 2,541,972 | 2,547,268 | 2,288,026 | 2,028,245 | 1,542,923 | 1,290,189 | 1,036,929 | 558,141 | 303,356 | 0 | 0 |
| **4) Secured Debt Rollforward** | | | | | | | | | | | | | | | | | | | |
| Beginning of Month | 67,871,612 | 62,557,411 | 53,456,185 | 52,698,130 | 43,083,922 | 40,934,474 | 40,019,174 | 39,309,564 | 37,960,006 | 33,178,134 | 31,694,544 | 32,041,399 | 32,391,023 | 32,743,440 | 33,098,671 | 33,456,738 | 33,817,665 | 34,181,475 | 67,871,612 |
| Plus: Draw Under Ultra L/Cs | 3,000,000 | | | | | | | | | | | | | | | | | | 3,000,000 |
| Plus: Draw Under Worker Comp - Prior | 1,655,000 | | | | | | | | | | | | | | | | | | 1,655,000 |
| Plus: Draw Under Worker Comp - Sentry | 1,700,000 | | | | | | | | | | | | | | | | | | 1,700,000 |
| Plus: Additional Interest - Prior | 411,961 | 380,828 | 326,422 | 320,806 | 262,286 | 249,195 | 243,623 | 239,303 | 231,097 | 201,977 | 192,944 | 199,067 | 197,165 | 199,331 | 201,493 | 203,673 | 205,870 | 208,085 | 4,473,122 |
| Plus: Additional Interest - Default Rate | 118,740 | 101,465 | 100,926 | 81,778 | 77,698 | 75,960 | 74,613 | 72,052 | 62,975 | 60,159 | 60,818 | 61,481 | 62,150 | 62,825 | 63,504 | 64,180 | 64,880 | 1,393,761 | 1,393,761 |
| Plus: Letter of Credit Fee | 16,388 | | | | | | | | | | | | | | | | | | 16,388 |
| Plus: Draw Fees | 80,000 | | | | | | | | | | | | | | | | | | 440,000 |
| Plus: Fees - CT | | | | | | | | | | | | | | | | | | | 206,250 |
| Less: Return of Cash Balance | | | | | | | | | | | | | | | | | | (303,988) | (303,988) |
| Less: Return (net of Additions to cash) | (12,305,997) | (9,680,784) | (1,264,942) | (10,128,792) | (2,587,296) | (1,335,842) | (1,522,943) | (1,757,223) | (5,178,763) | (1,842,292) | | | | | | | (4,551,515) | (61,756,436) | |
| End of Month | 62,557,411 | 53,456,185 | 52,698,130 | 43,083,922 | 40,934,474 | 40,019,174 | 39,309,564 | 37,960,006 | 33,178,134 | 31,694,544 | 32,041,399 | 32,391,023 | 32,743,440 | 33,098,671 | 33,456,738 | 33,817,665 | 34,181,475 | 19,692,687 | 19,692,687 |
| **5) Shortfall to Secured Creditors** | | | | | | | | | | | | | | | | | | | 19,692,687 |
| **6) Remaining Chapter 11 Priority Claims** | | | | | | | | | | | | | | | | | | | |
| 503(b)(9) Claims | | | | | | | | | | | | | | | | | | | 2,000,000 |
| Accrued PTO | | | | | | | | | | | | | | | | | | | 1,659,164 |
| Employer Taxes on Accrued PTO | | | | | | | | | | | | | | | | | | | 174,212 |
| Total | | | | | | | | | | | | | | | | | | | 3,833,376 |
| **7) Shortfall BEFORE Unsecured Creditors** | | | | | | | | | | | | | | | | | | | 23,526,063 |

Preliminary and Confidential -
Subject to Material Change

1. Liquidation Proceeds

Shapes/Arch Holdings, LLC
Liquidation Analysis - Exhibit 2
Proceeds Comparison

**Accounts Receivable**

| | Estimated Book Value 6/15/2008 | Estimated Borrowing Base Avail. 6/15/2008 | Estimated Gross Liquidation Proceeds 6/15/2008 | Estimated Proceeds as a % of BV | Estimated Proceeds as a % of Base |
|---|---|---|---|---|---|
| Shapes | 14,239,264 | 11,507,348 | 9,177,280 | 64.4% | 79.4% |
| Dealer | 13,818,274 | 10,833,083 | 8,889,570 | 64.3% | 82.1% |
| Accu-Weld | 4,220,760 | 3,155,888 | 1,746,352 | 41.4% | 55.3% |
| Ultra | 5,939,633 | 4,619,930 | 3,613,866 | 60.8% | 78.2% |
| Total | 38,276,781 | 29,566,149 | 23,428,367 | 61.2% | 79.2% |

**Inventory**

| | Estimated Book Value 4/30/2008 | Estimated Borrowing Base Avail. 4/30/2008 | Estimated Book Value Orderly Liquidation 6/15/2008 | Estimated Borrowing Base Avail. 6/15/2008 | Estimated Gross Liquidation Proceeds 6/15/2008 | Estimated Proceeds as a % of BV | Estimated Proceeds as a % of Base |
|---|---|---|---|---|---|---|---|
| Shapes | 12,465,844 | 7,853,183 | 13,365,560 | 8,419,983 | 11,124,637 | 83.2% | 132.1% |
| Dealer | 12,809,270 | 6,315,520 | 10,675,565 | 5,361,951 | 5,891,762 | 54.2% | 109.9% |
| Accu-Weld | 2,937,740 | 589,138 | 2,740,148 | 549,512 | 767,589 | 27.6% | 137.9% |
| Ultra | 17,562,885 | 8,263,811 | 17,216,787 | 9,081,261 | 9,573,315 | 55.6% | 105.4% |
| Total | 45,775,739 | 24,021,451 | 44,198,070 | 23,412,707 | 27,347,303 | 61.9% | 116.8% |

**Machinery & Equipment**

| | 2/2007 Appraisal Orderly Liquidation Value | 12/17/2007 Appraisal Orderly Liquidation Value | 12/17/2007 Appraisal Forced Liquidation Value | Estimated Gross Liquidation Proceeds | Forced as % of Orderly | Estimated Proceeds as a % of Forced |
|---|---|---|---|---|---|---|
| Shapes | 9,035,000 | 8,823,250 | 4,625,275 | 3,790,220 | 52.4% | 80.0% |
| Shapes - Tools and Dies | N/A | N/A | N/A | 361,280 | N/A | N/A |
| Dealer | 709,000 | 661,675 | 524,550 | 472,095 | 78.9% | 60.0% |
| Accu-Weld | 1,903,000 | 1,814,675 | 1,382,700 | 1,175,295 | 76.2% | 85.0% |
| Ultra | 206,000 | 204,425 | 157,850 | 142,020 | 77.2% | 90.0% |
| Total | 11,844,000 | 11,523,525 | 6,690,325 | 5,840,910 | 58.1% | 87.3% |

**Real Estate**

| | 2/2005 Appraisal Market Value | 9/26/2007 Appraisal Market Value | 9/26/2007 Appraisal Market Liquidation Value | Estimated Gross Liquidation Proceeds | Liq. Value as % of Market | Estimated Proceeds as a % of Liq. Value |
|---|---|---|---|---|---|---|
| Shapes | 9,770,000 | 9,775,000 | 9,425,000 | 7,540,000 | 75.1% | 80.0% |
| Dealer | 7,950,000 | 10,300,000 | 7,725,000 | 6,180,000 | 75.0% | 80.0% |
| Accu-Weld | 3,300,000 | 3,725,000 | 2,800,000 | 2,520,000 | 75.2% | 90.0% |
| Ultra | 3,550,000 | 3,775,000 | 2,825,000 | 2,542,500 | 74.8% | 90.0% |
| Total | 24,570,000 | 30,350,000 | 22,775,000 | 18,782,500 | 75.0% | 82.5% |

# Shapes/Arch Holdings, LLC
# Liquidation Analysis
# Assumptions
# April 14, 2008

### Introduction

Section 1129(a)(7) of the Bankruptcy Code requires that each holder of an impaired Allowed Claim or Equity Interest either (a) accept the plan of reorganization (the "Plan") or (b) receive or retain under such Plan property of a value, as of the Effective Date, that is not less than the value such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on the Effective Date of the Plan.

The purpose of the Liquidation Analysis that follows (the "Liquidation Analysis") is to provide information in order for the Bankruptcy Court to determine that the Plan satisfies this requirement. The Liquidation Analysis was prepared to assist the Bankruptcy Court in making this determination and should not be used for any other purpose.

We have identified the general assumptions that were used in preparing the Liquidation Analysis, which assumes that this bankruptcy case is converted to a Chapter 7 proceeding on the Effective Date, and that a Chapter 7 Trustee is charged with reducing to cash any and all assets of the Debtors and making distributions to the holders of Allowed Claims (and Equity Interests) in accordance with the distributive provisions of Section 726 of the Bankruptcy Code.

Conversion of the Debtors' cases to cases under Chapter 7 of the Bankruptcy Code would likely result in additional costs to the estates. Costs of liquidation under Chapter 7 of the Bankruptcy Code would include the compensation of a trustee as well as professionals retained by the trustee, asset disposition expenses (including broker fees and other commissions), personnel costs, and costs and expenses associated with preserving and protecting the Debtors' assets during the liquidation period.

The Liquidation Analysis is limited to presenting information provided by management and does not include an independent evaluation for the underlying assumptions. The Liquidation Analysis has not been examined or reviewed by independent accountants in accordance with standards promulgated by the American Instituted of Certified Public Accountants. The estimates and assumptions, although considered reasonable by management, are inherently subject to significant uncertainties and contingencies beyond the control of management. Accordingly, there can be no assurance that the results shown would be realized if the Debtors were liquidated, and actual results in such case could vary materially from those presented. If actual results are different from those shown, or if the assumptions used in formulating the Liquidation Analysis were not realized, then distributions to and recoveries by holders of Allowed Claims (and Equity Interests) could be materially affected.

The Liquidation Analysis does not include liabilities that may arise as a result of litigation, tax assessments, or other potential claims. The Liquidation Analysis does include an estimate of recoveries from potential avoidance actions. For the foregoing reasons and others, the Liquidation Analysis is not necessarily indicative of the values that may be realized in an actual liquidation, which values could vary materially from the estimates provided herein.

The Liquidation Analysis, which was prepared by the Debtors in consultation with their restructuring and legal advisers, is based upon a number of estimates and assumptions that, although developed and considered reasonable by management, are inherently subject to significant economic and competitive uncertainties and contingencies beyond the control of the Debtors and management. The Liquidation Analysis is based upon assumptions with regard to liquidation decisions that would be made by the Trustee (not management) and that are subject to change. Accordingly, there can be no assurance that the values reflected in the Liquidation Analysis would be realized by the Debtors were they, in fact, to undergo such a liquidation.

**General Assumptions**

1) The Liquidation Analysis is based upon an estimate of the proceeds that would be realized, and expenses that would be incurred, by the Debtors in the event that the Debtors' assets are liquidated under Chapter 7 of the Bankruptcy Code. The Liquidation Analysis is based upon projected balance sheets as of June 29, 2008, and further assumes that the Debtor's operate in a "business as usual" environment (as depicted in the Weekly cash flow forecast that was updated as of April 11, 2008 (the "Updated DIP Forecast") until June 29, 2008 (the "Shut Down Date"), at which point all of the employees are released.  We have assumed that the Chapter 7 activities commence on July 1, 2008 (the "Conversion Date").

2) The Chapter 7 liquidation period is assumed to last eighteen months following the appointment or election of a Chapter 7 trustee. It is assumed that none of the Debtors businesses will take receipt of any product and that the Debtors will not convert any raw materials or work-in process into finished goods.

3) Aside from the maintenance of a minimum cash balance, all distributions will be made as and when proceeds from the disposition of assets and collection of receivables are received.  Projected recoveries have not been discounted to reflect the present value of distributions.

4) The Liquidation Analysis does not assume the sale of the Debtors' assets or any portion thereof on a going concern basis. As a result, the values reflected in the Liquidation Analysis are not indicative of the values that might be received were the Debtors to sell any of their assets as a going concern separately or as a whole.  The values reflected in the Liquidation Analysis are based solely on the assumption that the Debtors pursue a pure liquidation under chapter 7 of the Bankruptcy Code.

5) Contingent Liability - This analysis does not include the possibility of liability under the WARN Act for 60 working days of wages totaling $9.7 million.  In the event of a liquidation, the Debtors may be faced with WARN liability unless the exposure can be ameliorated in whole or in part through an advance notice to employees or an exemption under the WARN statute.  This liability would be treated as an administrative expense claim against the estates.

6) The Debtors have prepared this analysis assuming that all Chapter 7 and Chapter 11 administrative expense and pre-petition priority claims will be paid in full as part of the liquidation of the Debtors' assets.  It is very possible that certain Chapter 7 administrative expenses, the Chapter 11 administrative expenses that are not included in a carve-out from the Lenders' collateral, and the pre-petition priority claims will not be paid ahead of payment on the Lenders' secured claims.  In this event, the remaining balance due to the Lenders may be several million dollars lower than projected, and these administrative and priority claims would not be paid, leaving administratively insolvent estates.

**Specific Assumptions/Footnotes**
1) Sources
    a) Collection of A/R – we assumed that the Trustee will hire former employees at
       each of the Debtors in July and August to pursue collection of outstanding
       accounts receivable. At the end of August, any remaining open accounts
       receivable will be provided to a collection agency, which will be compensated at
       an assumed rate of 15%. We have assumed a 6 month process to collect
       remaining A/R. We estimated collection amounts based on a percentage of
       eligible A/R (65% for all Debtors' except Accu-Weld, for which we assumed
       50%), and ineligible A/R (32.5% for all Debtors' except Accu-Weld, for which
       we assumed 12.5%).


    b) Sale of inventory – we assumed that all sales were for cash and that the buyer
       would be responsible for freight, which has historically been paid by the Debtors'
       and ranges from 3-5% of revenue. We further assumed that the Trustee will hire
       former employees to assist with the sales and pick/pack efforts.
        i.   Shapes - We assumed that the inventory will all be sold by the end of August
             and that the sale will generate proceeds equal to 83% of book value and 132%
             of borrowing base availability.
        ii.  Delair - We assumed that virtually all of the finished goods inventory will be
             sold by the end of August and that the remaining component parts would be
             sold at auction at the end of November. We assumed that the sale of
             inventory will generate proceeds equal to 54% of book value and 110% of
             borrowing base availability.
        iii. Accu-Weld - We assumed that all of the inventory, the vast majority of which
             is raw materials or work in process, will be sold by the end of August and that
             the sale will generate proceeds equal to 28% of book value and 138% of
             borrowing base availability.
        iv.  Ultra - We assumed that all of the inventory would be sold at an auction at the
             end of October and that the auction will generate proceeds equal to 56% of
             book value and 106% of borrowing base availability.

    c) Sale of Machinery & Equipment – we used the Forced Liquidation Values in the
       December 17, 2007 Appraisal performed by Dovebid Valuation Services ("DVS")
       as our starting point, and incorporated an additional across-the-board discount of
       10% to reflect the i) passage of time since the M&E Appraisal Date; ii)
       deterioration of the economy since the M&E Appraisal Date; iii) deterioration of
       the credit markets since the M&E Appraisal Date; and iv) the possibility that the
       DVS Liquidation Value did not necessarily reflect the fact that the facilities would
       be completely shut down and operated by a Chapter 7 Trustee. We incorporated
       an additional 10% discount for Shapes based on the general state of the extrusion
       market, and the small number of potential purchasers, and an additional 5%
       discount for Accu-Weld to reflect the general over-capacity in the replacement
       window market. Finally, we assumed a 5% recovery on the net book value of

Shapes' tools and dies, as these were not considered as art of Dovebids' appraisal. We assumed that the auctions would occur as follows:

| Entity | Month of Auction |
|--------|------------------|
| Shapes | March, 2009 |
| Delair | February, 2009 |
| Accu-Weld | January, 2009 |
| Ultra | November, 2008 |

d) Sale of Real Estate - we used the Liquidation Values in the September 28, 2007 Appraisal performed by Cushman & Wakefield ("C&W") as our starting point, and incorporated an additional across-the-board discount of 10% to reflect the i) passage of time since the RE Appraisal Date; ii) deterioration of the economy since the RE Appraisal Date; iii) deterioration of the credit markets since the RE Appraisal Date; and iv) the possibility that C&W's Liquidation Value did not necessarily reflect the fact that the facilities would be completely shut down and operated by a Chapter 7 Trustee. We incorporated an additional 10% discount for Shapes and Delair to reflect the limited alternative uses of this single parcel of land as well as the environmental issues that are present. We assumed that the RE would be sold as follows:

| Entity | Month of Sale |
|--------|---------------|
| Shapes | December, 2009 |
| Delair | December, 2009 |
| Accu-Weld | April, 2009 |
| Ultra | March, 2009 |

e) Other Assets
   i. Return of security deposits reflects the post-petition utility deposits that were incorporated into the DIP Forecast. We have assumed that these deposits are returned at the end of the liquidation period.
   ii. Excess of L/C over Reserve for Workman's Compensation tail coverage represents the excess of the letters of credit issued to Argonaut and Royal over their established reserves as of 12/31/07. Royal provided coverage from 5/2001 through 4/2004 and has 4 open claims, while Argonaut provided coverage from 5/2004 thru 4/2006 and has 8 open claims. No additional claims will be filed. We have assumed that the beneficiaries will draw on the L/C's shortly after the Conversion Date and have incorporated the return of this excess collateral, which we have estimated at $1.4 million, to the estate in December 2009.
   iii. Recovery of avoidance actions – the Debtors have estimated that they made $50,813,000 in payments in the 90 days prior to filing for bankruptcy protection. We have estimated that the Chapter 7 Trustee will be successful in

recovering 5% of this amount, or $2,540,650, which we have assumed will be collected in December 2009.

2) Uses
   a) Priority and Administrative
      i. Chapter 7 Trustee and Professionals – incorporates a fees equal to 3.0% of gross proceeds from liquidation – payable at the end of the liquidation process, as well as $550,000 in fees to professionals hired by the Chapter 7 Trustee, which would be payable monthly.
      ii. Chapter 7 – Non Professionals – reflects $1.1 million that will be owed to utilities as of the Shut Down Date.
      iii. Chapter 11 Priority Claims – includes accrued but unpaid payroll of $1.2 million representing one week for union employees and 2 weeks for non-union employees, plus employer payroll taxes of 10.5%. WARN ACT obligations (60 work days or 12 weeks of payroll, which equates to $9.7 million) have *not* been incorporated into this analysis.
      iv. Chapter 11 Administrative Claims – includes accrued but unpaid professional fees of $932,000 which are reflected as being paid in January of 2009 from proceeds of the M&E auction; accrued but unpaid sales and use tax of $80,000 (the same amount as existed as of the Filing Date); and $748k in unpaid pre-petition real estate taxes which are paid in conjunction with the sale of the real estate (March 2009 and December 2009).

   b) Wind Down Costs
      i. Includes estimated costs associated with personnel, shipping supplies, equipment rental, cleaning, telephone, utilities, insurance, real estate taxes, and security for each entity.
      ii. Includes $1,350,000 in estimated environmental remediation expenses at Shapes and an additional $1,000,000 of expenses at Shapes relating to the restoration of the Shapes building to a saleable state after the M&E auction.

   c) Other
      i. Collection Agency fee – we assumed that all open A/R would be turned over to a collection agency at the end of August, that the agency would collect the remaining A/R over a 6 month period, and that the agency would earn a fee equal to 15% of what they collect;
      ii. Inventory liquidator fee – we incorporated a fee of 5% of the gross proceeds, plus an additional 75 basis points for expenses, relating to the auctions at Ultra (in October) and Delair (in November);
      iii. M&E Liquidator fee – we incorporated a fee of 10% of the gross proceeds, plus an additional 5% for expenses, relating to the auctions of M&E at each entity;
      iv. Reserve for M&E removal – we assumed that some of the M&E would not be sold at auction, and incorporated a removal reserve of $250,000 at Shapes and $75,000 at Accu-Weld;

     v.  Real estate broker - we incorporated a fee of 6% of the gross proceeds realized
        from the sale of real estate.

3) Maintain Cash Balance
   a) Because there are months in which the estimated liquidation expenses exceed the
      estimated liquidation proceeds, we have incorporated a provision for establishing
      an interest-bearing bank account, which is used to pay for expenses in months 3,
      and 11 thru 17.
   b) Excess balances are used to repay secured debt at the end of the liquidation
      period.

4) Secured Debt Rollforward
   a) Beginning secured debt is derived from the 6/29/08 balance in the DIP Forecast,
      as follows:

| Type of Debt | Amount |
| --- | --- |
| CIT Bank Group - Revolver | $47,057,409 |
| Arcus Term Loan | 20,614,213 |
| Total Secured Debt | $67,671,612 |

   b) Draw under Letters of Credit – we have assumed that all letters would be
      immediately drawn upon, thereby increasing the CIT loan outstanding in July.
   c) Interest – we calculated the blended interest rate on the CIT Bank Group debt and
      Arcus Term loan as of 6/29/08 (assuming the letters of credit were fully drawn)
      and calculated a weighted average cost of secured debt of 7.31%. We assumed
      this blended rate for the entire liquidation period which further assumes that the
      CIT Bank Group and Arcus are paid down at the same proportional rate. We did
      not attempt to estimate the manner in which liquidation proceeds would be
      applied to the individual debt instruments.
   d) Additional Interest – Default Rate – we incorporated additional interest expense
      relating to the default rate of interest, which is an additional 2% under the CIT
      Bank Group debt, and 3% under the Arcus Term Loan.
   e) Letter of Credit Fee – we assumed that any outstanding letters of credit would
      accrue fees at the annual rate of 3.00%, which is the stated rate in the CIT loan
      documents.
   f) Fees- Arcus – incorporated at $80,000 per month.
   g) Fees – CIT – incorporated at $13,750 per month per the terms of their Agent's
      Fee Letter.
   h) Return of Cash Balance – incorporates the return of excess cash balances in the
      bank account at the end of the liquidation period as described above.

    i)   Paydown – for modeling purposes, we assumed that the Net Proceeds from Liquidation in every month (in excess of the amounts deposited into the bank account as described above) would be used to reduce the Secured Debt.

5)  Shortfall to Secured Creditors – net proceeds from liquidation have been estimated at $62.0 million, which will result in a shortfall of $19.7 million to the secured creditors. In addition, there is an additional $3.8 million of priority payments (503(b)(9) claims and accrued vacation and sick time) that would be paid before any distribution to the unsecured creditors, resulting in a total shortfall of $23.5 million. Accordingly, there would be no distribution to unsecured creditors.

## Comparison with Balance Sheet and Borrowing Base

Exhibit 2 compares various appraisal values with the estimated 6/29/08 book values, the estimated 6/29/08 borrowing base amounts, and the estimated liquidation values.

# EXHIBIT "E"

**Aluminum Shapes USEPA Lead Off-Site Environmental Liability CERCLA §106 Sites**

- <u>Ewan Superfund Site, Shamong Township, NJ</u>

    - National Priorities List Site; EPA ID #NJD980761365
    - USEPA Estimated Costs:
    - Aluminum Shapes Estimated Percentage Share of Costs: 2.42% cap
    - Natural Resource Damages: (complaint filed)[*]

- <u>D'Imperio Superfund Site, Hamilton Township, NJ</u>

    - National Priorities List Site; EPA ID #NJD980529416
    - USEPA Estimated Costs:
    - Aluminum Shapes Estimated Percentage Share of Costs: 1.86% cap
    - Natural Resource Damages:  (unknown at this time)

- <u>Swope Oil and Chemical Company Superfund Site, Pennsauken Township, NJ</u>

    - National Priorities List Site;  EPA ID #NJD041743220
    - USEPA Estimated Costs:
    - Aluminum Shapes Estimated Percentage Share of Costs:
    - Natural Resource Damages: (unknown at this time)

---

[*] This claim is a NJDEP Claim.

**II.  Aluminum Shapes USEPA Lead Off-Site Environmental Liability Non-CERCLA §106 Sites**

- <u>Puchack Wellfield, Pennsauken Township, New Jersey</u>*

  - o  National Priorities List Site;  EPA ID #NJD981084767
  - o  USEPA Estimated Costs – $17,000,000.00
  - o  Aluminum Shapes Estimated Percentage Share of Costs
  - o  Natural Resource Damages: (unknown at this time)

- <u>Lightman Drum Company Site, Winslow Township, NJ</u>
  - o  CERCLA ID #02-2000-2034
  - o  USEPA Estimated Costs:
  - o  Aluminum Shapes Estimated Percentage Share of Costs: 1.90%
  - o  Natural Resource Damages: (unknown at this time)

- <u>Chemical Control Corporation, Elizabeth, NJ</u>

  - o  National Priorities List Site; EPA ID #NJD000607481
  - o  USEPA Estimated Costs:
  - o  Aluminum Shapes Estimated Percentage Share of Costs: de minimis contributor; less than .0467% (believe Aluminum Shapes may have previously settled)
  - o  Natural Resource Damages: (unknown at this time)
  - o  (Liability may be resolved pursuant to a consent decree or settlement agreement and subject to confirmation)

- <u>Berks Associates/Douglassville Disposal, Douglassville, PA</u>

  - o  National Priorities List Site; CERCLIS ID #PAD002384865
  - o  USEPA Estimated Costs:
  - o  Aluminum Shapes Estimated Percentage Share of Costs: de minimis contributor; 0.15283% of past costs, 0.07803% future costs (Aluminum Shapes may have previously settled for $119,975.98 – awaiting confirmation)
  - o  Natural Resource Damages: (unknown at this time)
  - o  (Liability may be resolved pursuant to a consent decree or settlement agreement and subject to confirmation)

*    This site is also subject to NJDEP directives.

**III.**    **Aluminum Shapes New Jersey Department of Environmental Protection Lead Off-Site Environmental Liabilities**

- **NONE** -

## IV.    State Environmental Claims and Environmental Litigation

- 9000 River Road, NJDEP 1992 Directive and Notice to Insurers

  - o  Directed Aluminum Shapes to identify and address all sources contributing to chromium contamination in the soil and groundwater at Aluminum Shapes' facility and to prevent migration of chromium contamination.
  - o  Aluminum Shapes and NJDEP entered into a Memorandum of Agreement dated June 23, 1993 in which Aluminum Shapes agreed to undertake remedial activities and to pay 80% of the cost of performing those activities.  Remediation at the site is ongoing.

- Harris v. Advanced Supply Process Company, et al.; Superior Court of New Jersey, Camden County, Law Division, Docket No.: L-03815-02

  - o  Class action lawsuit in which Aluminum Shapes is identified as a defendant.
  - o  Plaintiffs allege that Aluminum Shapes was negligent in the operation of its metal plating business resulting in the discharge of hazardous substances to soil and groundwater.

- Pennsauken Solid Waste Management Authority, et al. v. Ward Sand Material Co., Inc., et al., Superior Court of New Jersey, Camden County, Law Division, Docket No.: L-13345-91

  - o  Aluminum Shapes is identified as a defendant.
  - o  Plaintiffs allege that defendants are responsible for the surface and groundwater contamination at the Pennsauken Landfill.

- Buzby Brothers Landfill, Voorhees, NJ

  - o  Not a National Priorities List Site:  EPA ID #NJD000305524
  - o  USEPA Estimated Costs:
  - o  Aluminum Shapes Estimated Percentage Share of Costs: de minimis contributor (Aluminum Shapes may have previously settled for $60,000 subject to confirmation)
  - o  Natural Resource Damages: (yes, complaint filed)
  - o  (Liability may be resolved pursuant to a consent decree or settlement agreement, and subject to confirmation)

## **EXHIBIT F**

## **Current Financial Information**

**Shapes/Arch Holdings, LLC**
**Consolidate Profit and Loss Statement**

| | | ACTUAL Jan-08 | | ACTUAL Feb-08 | | ACTUAL 2 Months |
|---|---|---|---|---|---|---|
| **SALES** | | | | | | |
| SALES | $ | 19,536,386 | $ | 19,200,547 | $ | 38,736,933 |
| INTER-COMPANY ELIMINATIONS | | (2,131,000) | | (1,937,000) | | (4,068,000) |
| NET SALES | $ | 17,405,386 | $ | 17,263,547 | $ | 34,668,933 |
| | | | | | | |
| **COST OF SALES** | | | | | | |
| MATERIAL COST | | 12,824,404 | | 11,873,000 | | 24,697,404 |
| INTER-COMPANY ELIMINATIONS | | (2,258,000) | | (2,064,000) | | (4,322,000) |
| MANUFACTURING EXPENSES | | 5,177,330 | | 5,059,600 | | 10,236,930 |
| | | 15,743,734 | | 14,868,600 | | 30,612,334 |
| | | | | | | |
| **GROSS PROFIT** | $ | 1,661,652 | $ | 2,394,947 | $ | 4,056,599 |
| MATERIAL COST % | | 65.64% | | 61.84% | | 63.76% |
| GROSS PROFIT % | | 9.55% | | 13.87% | | 11.70% |
| | | | | | | |
| **OPERATING EXPENSES** | | | | | | |
| DELIVERY EXPENSES | | 910,000 | | 963,000 | | 1,873,000 |
| SELLING EXPENSES | | 759,500 | | 767,700 | | 1,527,200 |
| DEPRECIATION/AMORTIZATION | | 778,000 | | 764,000 | | 1,542,000 |
| GENERAL & ADMINISTRATIVE | | 1,507,170 | | 1,452,700 | | 2,959,870 |
| INTER-COMPANY ELIMINATIONS | | (6,000) | | (6,000) | | (12,000) |
| **TOTAL OPERATING EXPENSES** | | 3,948,670 | | 3,941,400 | | 7,890,070 |
| | | | | | | |
| **OPERATING INCOME** | $ | (2,287,018) | $ | (1,546,453) | $ | (3,833,471) |
| | | | | | | |
| **INTEREST EXPENSE** | | 319,000 | | 266,000 | | 585,000 |
| | | | | | | |
| **OTHER INCOME** | | 157,000 | | 145,000 | | 302,000 |
| INTER-COMPANY ELIMINATIONS | | (133,000) | | (133,000) | | (266,000) |
| **NET OTHER INCOME** | | 24,000 | | 12,000 | | 36,000 |
| | | | | | | |
| **EXTRAORDINARY ITEMS** | | - | | - | | - |
| | | | | | | |
| **PRETAX NET INCOME** | $ | (2,582,018) | $ | (1,800,453) | $ | (4,382,471) |
| | | | | | | |
| **EBITDA** | $ | (1,485,018) | $ | (770,453) | $ | (2,255,471) |

**Shapes/Arch Holdings, LLC**
 **Monthly Balance Sheet**

| Assets | | 12/31/07 | | 1/31/08 | | 2/29/08 |
|---|---|---|---|---|---|---|
| Cash | $ | - | $ | - | $ | - |
| Accounts Receivable | | 21,684,000 | | 23,877,000 | | 29,167,000 |
| Inventory | | 45,871,000 | | 44,044,000 | | 44,302,000 |
| Prepaids | | 1,420,000 | | 1,261,000 | | 1,345,000 |
| **Current Assets** | $ | 68,975,000 | $ | 69,182,000 | $ | 74,814,000 |
| | | | | | | |
| Net PPE | | 67,565,000 | | 67,214,000 | | 66,802,000 |
| | | | | | | |
| Other Asset | | 579,000 | | 560,000 | | 541,000 |
| | | | | | | |
| **Total Assets** | $ | **137,119,000** | $ | **136,956,000** | $ | **142,157,000** |
| | | | | | | |
| | | | | | | |
| Liabilities | | | | | | |
| Accounts Payable | | 27,988,000 | | 31,268,000 | | 35,663,000 |
| Accrued Expenses | | 5,454,000 | | 4,637,000 | | 6,142,000 |
| **Current Liabilities** | $ | 33,442,000 | $ | 35,905,000 | $ | 41,805,000 |
| | | | | | | |
| Revolver | | 41,693,000 | | 41,815,000 | | 43,081,146 |
| Term Loan | | 8,844,000 | | 8,678,000 | | 8,514,000 |
| Subordinated Debt | | 5,991,000 | | 5,991,000 | | 5,991,000 |
| | | | | | | |
| Members Equity | | 47,149,000 | | 44,567,000 | | 42,765,854 |
| | | | | | | |
| **Total Liabilities & Equity** | $ | **137,119,000** | $ | **136,956,000** | $ | **142,157,000** |

# EXHIBIT "G"

# Aluminum Shapes Policy History

| Effective Dates | Company | Policy No. | Type | Limits |
|---|---|---|---|---|
| 12/1/69 - 12/1/70 | INA | lab18929 | Blanket Liab | 500/500 |
| 7/20/87 - 12/1/70 | INA | xbc6959 | Exc Blanket Cat | 10,000,000 |
| 12/1/70 - 12/1/73 | INA | xbc8076 | Exc Blanket Cat | 2Million |
| 12/1/70 - 12/1/71 | INA | lab18966 | Blanket Liab | 500/500 |
| 12/1/71 - 12/1/72 | INA | lab18994 | Blanket Liab | 500/500 |
| 12/1/72 - 12/1/73 | INA | gai20758 | Spec Multi Peril | |
| 12/1/72 - 12/1/75 | Continental Cas | rdx8946600 | Excess Umb | 5,000,000 |
| 12/1/73 - 12/1/78 | Continental Cas | rdx1470884 | Excess Umb | 9,000,000 |
| 12/1/73 - 12/1/74 | Reliance | ga1473720 | CGL | 500/500 |
| 12/1/74 - 12/1/75 | Reliance | ga93035028 | CGL | 500/500 |
| 12/1/75 - 3/23/76 | Reliance | ga65192560 | CGL | 500/500 |
| 3/23/76 - 3/23/77 | Reliance | ga6522440 | CGL | 500/500 |
| 3/23/77 - 3/23/78 | Reliance | ga7459900 | CGL | 500/500 |
| 3/23/77 - 3/23/78 | Interstate Fire | 1550025305 | Umb | 5,000,000 |
| 7/1/77 - 7/1/78 | Liberty Mutual | lg1132027931027 | CGL | 1,000,000 |
| 7/1/77 - 7/1/78 | Liberty Mutual | le1132027931047 | Umb | 10,000,000 |
| 7/1/78 - 7/1/79 | Liberty Mutual | lg1132027931028 | CGL | 1,000,000 |
| 7/1/78 - 7/1/79 | Liberty Mutual | le1132027931048 | Umb | 10,000,000 |
| 7/1/79 - 7/1/80 | Liberty Mutual | lg1132027931029 | CGL | 1,000,000 |
| 7/1/79 - 7/1/80 | Liberty Mutual | le1132027931049 | Umb | 10,000,000 |
| 7/1/80 - 7/1/81 | Liberty Mutual | lg1132027931020 | CGL | 1,000,000 |
| 7/1/80 - 7/1/83 | Mission | m864630 | Umb | 15,000,000 |
| 7/1/81 - 7/1/82 | Liberty Mutual | lg13202731021 | CGL | 1,000,000 |
| 7/1/81 - 7/1/82 | Mission | m864630 | Umb | 15,000,000 |
| 7/1/82 - 7/1/83 | Liberty Mutual | lg1132027991022 | CGL | 1,000,000 |
| 7/1/82 - 7/1/83 | Mission | m864630 | Umb | 15,000,000 |
| 7/1/83 - 7/1/84 | Liberty Mutual | lg1132079991023 | CGL | 1,000,000 |
| 7/1/83 - 6/1/84 | Mission | mm024269 | Umb | 15,000,000 |
| 6/1/84 - 6/1/85 | Highlands | sr22142 | Umb | 10,000,000 |
| 6/1/84 - 6/1/85 | RLI | rou613482 | Excess Umb | 5,000,000 |
| 7/1/84 - 6/1/85 | PMA | g30840000004473 | GL | 1,000,000 |
| 6/27/85 - 6/1/88 | Granite State | 2cx008206 | Umb | 1,000,000 |
| | | | | |
| 6/1/85 - 6/1/88 | PMA | g30840000004473 | GL | 1,000,000 |

A500 8624

# Aluminum Shapes Policy History

| | | | |
|---|---|---|---|
| 6/1/85 - 6/1/86 | Granite State | 61856573 | Umb | 1,000,000 |
| 6/1/86 - 7/1/87 | Home Indemnity | GL994651 | GL | 2,000,000 |
| 8/1/86 - 6/1/87 | Federal | 78294344 | Umb | 15,000,000 |
| 7/1/87 - 7/1/88 | Home Indemnity | GLK987024 | GL | 2,000,000 |
| 7/1/88 - 7/1/89 | Federal | 79072831 | Umb | 15,000,000 |
| 7/1/88 - 7/1/89 | Zurich | cgl608337200 | GL | 2,000,000 |
| 7/1/89 - 7/1/90 | Federal | 79072831 | Umb | 25,000,000 |
| 7/1/89 - 7/1/90 | Home Indemnity | glk987258 | GL | 2,000,000 |
| 7/1/90 - 7/1/91 | Federal | 79072831 | Umb | 25,000,000 |
| 7/1/90 - 7/1/91 | Wassau | 1121005746B | GL | 2,000,000 |
| 7/1/91 - 7/1/92 | Federal | 79072831 | Umb | 25,000,000 |
| 7/1/91 - 7/1/92 | Wassau | 1121005746B | GL | 2,000,000 |
| 7/1/92 - 7/1/93 | Federal | 79072831 | Umb | 25,000,000 |
| 7/1/92 - 7/1/93 | Wassau | 1122005746B | GL | 2,000,000 |
| 7/1/93 - 7/1/94 | National Union | gl5012210 | GL | 2,000,000 |
| 7/1/93 - 7/1/94 | Federal | 79072831 | Umb | 25,000,000 |

#5008625

# EXHIBIT "H"

Order Filed on
**5/20/2008**
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

In re:

SHAPES/ARCH HOLDINGS L.L.C., et al.,

                Debtors.

Case No. 08-14631 (GMB)
(Jointly Administered)

Judge: Gloria M. Burns

Chapter: 11

**ORDER GRANTING THE DEBTORS' MOTION FOR AN ORDER APPROVING:**
**(A) THE COMPETITIVE PROCESS FOR THE SALE OF THE REORGANIZED**
**DEBTORS' EQUITY PURSUANT TO THE DEBTORS' SECOND AMENDED**
**PLAN OF REORGANIZATION AND (B) APPROVING A BREAK-UP FEE**
**AND EXPENSE REIMBURSEMENT**

The relief set forth on the following pages, numbered two (2) through eight (8) is hereby

**ORDERED:**

**DATED: 5/20/2008**

Honorable Gloria M Burns
United States Bankruptcy Court Judge

Page 2

Shapes/Arch Holdings, L.L.C., et al.

Case No. 08-14631(GMB)

Order Granting the Debtors' Motion For an Order Approving:  (a) the Competitive Process for the Sale of the
Reorganized Debtors' Equity Pursuant to the Debtors' Second Amended Plan of Reorganization and (b) Approving
a Break-Up Fee and Expense Reimbursement

Upon consideration of the Debtors' Motion for an Order Approving:  (a) the Competitive

Process for the Sale of the Reorganized Debtors' Equity Pursuant to the Debtors' Second

Amended Plan of Reorganization and (b) Approving a Break-Up Fee and Expense

Reimbursement (the "Motion"),[1] any objections thereto, and for good cause shown, it is hereby

ORDERED:

1.      That the Motion is GRANTED as set forth herein.

2.      That Arch is approved as the stalking horse bidder pursuant to the Amended Plan.

3.      That the Competitive Process is approved as follows:

a.      Upon entry of this Order, the Debtors, through the Sales Consultant, shall

begin the formal sales process, including the coordination with the Debtors' personnel of due

diligence requests from prospective bidders, arranging for advertising as appropriate,

disseminating teasers and arranging for management meetings.

b.      To be considered by the Debtors, in consultation with the Committee, an

offer for the purchase of all the equity of reorganized Shapes/Arch must be a qualified bid as

provided herein (a "Qualified Bid").  A Qualified Bid must be in writing and submitted so as to

be actually received by the Notice Parties listed in the Motion no later than June 25, 2008, at

12:00 noon (the "Bid Deadline").  A Qualified Bid must contain a mark-up of such bidder's

proposed plan to show all modifications from the Amended Plan and exceed Arch's plan funding

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meanings ascribed to
them in the Motion.

*Approved by Judge Gloria M. Burns May  20, 2008*

Shapes/Arch Holdings, L.L.C., et al.

Case No. 08-14631(GMB)

Order Granting the Debtors' Motion For an Order Approving:  (a) the Competitive Process for the Sale of the Reorganized Debtors' Equity Pursuant to the Debtors' Second Amended Plan of Reorganization and (b) Approving a Break-Up Fee and Expense Reimbursement

commitment by at least $1,950,000 (consisting of the Break-Up Fee, the Expense Reimbursement, the In Lieu of Termination Fee, and a minimum $150,000 increase to Arch's proposed $5,000,000 Class 10 Distribution) (the "Initial Overbid").  The only material modifications to the Amended Plan may be to (i) replace Arch as the Plan Funder (as defined in the Amended Plan), (ii) provide for the payment in full on the Effective Date of the Class 3 Arch Acquisition DIP Claim; (iii) increase or eliminate the caps on the amount of the Allowed Claims in Class 1, Class 2 and/or Priority Tax Claims and otherwise, including the Plan Funding Commitment (as defined in the Amended Plan); and (iv) increase the Class 10 distribution to general unsecured creditors (the "Class 10 Distribution") by at least $150,000.00 over and above the distribution proposed under the Amended Plan (an "Alternative Plan").  The mark-up must include the bidder's proposed Schedule 8.1 of executory contracts and unexpired leases to be assumed.  The Alternative Plan may also include non-economic, non-material modifications provided that such modifications do not cause the Alternative Plan (in the Debtors' discretion after consultation with the Committee) to require re-solicitation under Section 1127 of the Bankruptcy Code.

        c.        To be considered a Qualified Bid, a person interested in purchasing the Debtors' equity must, no later than the Bid Deadline, provide the following additional information to the Notice Parties:

        i.        Identification of the potential bidder, its principals, and the representatives thereof who are authorized to appear on the potential bidder's behalf for all purposes, and an explanation of any affiliation with a competitor of any of the Debtors.

*Approved by Judge Gloria M. Burns May  20, 2008*

Shapes/Arch Holdings, L.L.C., et al.

Case No. 08-14631(GMB)

Order Granting the Debtors' Motion For an Order Approving:  (a) the Competitive Process for the Sale of the
Reorganized Debtors' Equity Pursuant to the Debtors' Second Amended Plan of Reorganization and (b) Approving
a Break-Up Fee and Expense Reimbursement

ii.     An executed, binding and irrevocable offer in the amount of at least the Initial Overbid that also identifies any potential, non-material modifications to the Amended Plan, which Qualified Bid will be irrevocable until at least two days after conclusion of the Confirmation Hearing.

iii.     Written evidence, satisfactory to the Sales Consultant, the Debtors and the Committee, that the potential bidder has the financial wherewithal and ability to fully fund and consummate the Alternative Plan upon an Effective Date (as defined in the Amended Plan) not later than July 31, 2008, which shall include the following:  (a) current financial statements, (b) contact information for parties that can confirm financing availability, (c) proof of debt or equity funding commitments, and (d) other information that would show the potential bidder's financial ability to fund the Alternative Plan.

iv.     Provide a good faith deposit of $4,500,000 in the form of a certified check or wire transfer to be held in escrow by the Debtors' counsel (the "Deposit").

v.     Written confirmation that the potential bidder's offer is not subject to financing or any contingencies other than any contingencies contained in the Amended Plan. Potential bidders shall have until 7:00 p.m. (Eastern Time) on June 26, 2008, to definitively satisfy any financing contingencies contained in an otherwise Qualified Bid; if the potential bidder has not removed all financing contingencies by this time, its bid will not be considered a Qualified Bid and the potential bidder will not be eligible to participate in the Auction (defined below).

*Approved by Judge Gloria M. Burns May  20, 2008*

Page 5

Shapes/Arch Holdings, L.L.C., et al.

Case No. 08-14631(GMB)

Order Granting the Debtors' Motion For an Order Approving:  (a) the Competitive Process for the Sale of the
Reorganized Debtors' Equity Pursuant to the Debtors' Second Amended Plan of Reorganization and (b) Approving
a Break-Up Fee and Expense Reimbursement

    d.  Any party wishing to participate in the Competitive Process must submit a

Qualified Bid no later that June 25, 2008, at 12:00 noon (Eastern Time) (the "<u>Bid Deadline</u>") to

the Notice Parties.  Any bid received after the Bid Deadline (unless extended by the Debtors in

consultation with the Committee) shall not constitute a Qualified Bid, and shall not be

considered by the Debtors or the Sales Consultant.

    e.  In the event a Qualified Bid is timely received by the Notice Parties, the

Debtors, through the Sales Consultant and in consultation with the Committee, shall conduct an

"auction" for competitive plans on June 27, 2008, at 10:00 a.m. at the offices of Cozen

O'Connor, 1900 Market Street, Philadelphia, Pennsylvania (the "<u>Auction</u>").

    f.  The effective date of the Amended Plan or the Alternative Plan will be no

later than July 31, 2008.

    g.  The reorganized Debtors' equity will be sold to a single bidder, in a single

sale.  As set forth above, all bidders must submit the Amended Plan, revised only:  (i) to replace

Arch as the Plan Funder; (ii) to provide for payment in full on the Effective Date of the Class 3

Arch Acquisition DIP Claim; (iii) to increase or eliminate the caps on the amount of the Allowed

Claims in Class 1, Class 2 and/or Priority Tax Claims and otherwise, including the Plan Funding

Commitment (as defined in the Amended Plan); and (iv) to increase the Class 10 Distribution as

set forth in paragraph 3(b) hereinabove.

    h.  After the Initial Overbid, successive bids at the Auction shall be in

increments of no less than $150,000.

*Approved by Judge Gloria M. Burns May  20, 2008*

Page 6

Shapes/Arch Holdings, L.L.C., et al.

Case No. 08-14631(GMB)

Order Granting the Debtors' Motion For an Order Approving:  (a) the Competitive Process for the Sale of the
Reorganized Debtors' Equity Pursuant to the Debtors' Second Amended Plan of Reorganization and (b) Approving
a Break-Up Fee and Expense Reimbursement

4.      That, in the event Qualified Bids are timely submitted, the Debtors, through the

Sales Consultant, and in consultation with the Committee, will conduct the Auction between and

among Arch and all parties submitting a Qualified Bid.  In the event that no Qualified Bids are

submitted by the Bid Deadline, then Arch will be deemed the Successful Bidder and the Debtors

shall proceed with confirmation of the Amended Plan.

5.      At the Auction, the Debtors shall take into account Arch's entitlement to the

Break-Up and Expense Reimbursement in conducting the Auction and at all times in determining

which bid is the higher and better bid and ultimately which bid is the highest and best bid.

Should overbidding occur, Arch will have the right, but not the obligation, to participate in the

bidding and to be approved as the successful bidder based on any such subsequent overbid

provided that Arch's overbid is determined to be the highest and best bid.

6.      The bidding will be continuous and competitive and will not end until all

Qualified Bidders have submitted their last and best offers.

7.      That, at the conclusion of the Auction, the Debtors, through the Sales Consultant,

and after consultation with the Committee, shall announce the highest and best bid (the

"Successful Bidder") and the second place bidder (the "Second Place Bidder").

8.      That the final bid of the Second Place Bidder shall remain in place through the

Effective Date, and if for any reason the Successful Bidder does not timely close, the Debtors,

after consultation with the Committee, shall have the right to accept the bid of the Second Place

Bidder and close with the Second Place Bidder.

*Approved by Judge Gloria M. Burns May  20, 2008*

Page 7

Shapes/Arch Holdings, L.L.C., et al.

Case No. 08-14631(GMB)

Order Granting the Debtors' Motion For an Order Approving:  (a) the Competitive Process for the Sale of the
Reorganized Debtors' Equity Pursuant to the Debtors' Second Amended Plan of Reorganization and (b) Approving
a Break-Up Fee and Expense Reimbursement

9.      That the Debtors shall seek confirmation of the Amended Plan with Arch or, in the event Arch is not the Successful Bidder, the Alternative Plan with the Successful Bidder at the Confirmation Hearing.

10.     That ballots accepting or rejecting the Plan will be due June 27, 2008.  The Court finds that because the only changes to the Amended Plan will be to:  (i) replace Arch as the Plan Funder, (ii) to provide for payment in full on the Effective Date of the Class 3 Arch Acquisition DIP Claim; (iii) to increase or eliminate the caps on the amount of the Allowed Claims in Class 1, Class 2 and/or Priority Tax Claims and otherwise, including the Plan Funding Commitment (as defined in the Amended Plan); and (iv) increase the Class 10 Distribution as outlined in paragraph 3(b) hereinabove, there will be no material changes in the Amended Plan if Arch is not the plan funder that will negatively impact any class of creditors.

11.     That as soon as practicable after the conclusion of the Confirmation Hearing, Deposits (plus accrued interest, if any) will be returned to all bidders except the Successful Bidder and the Second Place Bidder.  If the Successful Bidder's plan is confirmed and becomes effective, the Successful Bidder's Deposit (plus accrued interest, if any) will be applied at closing and the Second Place Bidder's deposit will be returned promptly after the Effective Date of the Amended Plan or the Alternative Plan.

12.     The Effective Date of the Amended Plan or the Alternative Plan will be no later than July 31, 2008.

*Approved by Judge Gloria M. Burns May  20, 2008*

Page 8

Shapes/Arch Holdings, L.L.C., et al.

Case No. 08-14631(GMB)

Order Granting the Debtors' Motion For an Order Approving:  (a) the Competitive Process for the Sale of the
Reorganized Debtors' Equity Pursuant to the Debtors' Second Amended Plan of Reorganization and (b) Approving
a Break-Up Fee and Expense Reimbursement

     13.     That any dispute as to any bidder's intent or ability to close will be resolved by

the Court at the Confirmation Hearing.

     14.     That the Break-Up Fee and Expense Reimbursement are hereby approved and

shall be paid to Arch, in full, on the Effective Date if it is not the Successful Bidder.

     15.     The Court shall retain jurisdiction to enforce, interpret and implement the terms of

this order.

WILMINGTON\77894\3  100000.000

*Approved by Judge Gloria M. Burns May  20, 2008*