**DRINKER BIDDLE & REATH LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103
(215) 988-2700
Bonnie A. Barnett (BB 1196)
Deborah L. Shuff (DS 9470)
David B. Aaronson (DA 8387)
*Attorneys for Generator Defendants*
*Devoe Coatings, Inc., Georgia-Pacific Corp., and*
*Sears Holding Management Corp.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**(CAMDEN VICINAGE)**

| | |
|---|---|
| In re: | (Hon. Gloria M. Burns) |
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Chapter 11 |
| | Lead Case No. 08-14631 (GMB) (Jointly Administered) |
| Debtors | |

**MOTION OF CERTAIN DIRECT GENERATOR DEFENDANTS FOR RELIEF FROM AUTOMATIC STAY TO PERMIT DISMISSAL OF DEBTORS FROM JOINT DEFENSE GROUP**

TO:    HONORABLE GLORIA M. BURNS
       UNITED STATES BANKRUPTCY JUDGE

Boise Cascade Corp.; Weyerhaeuser Company; C-E Glass, Inc.; Rohm and Haas Co.;

Cook Composites and Polymers Co. on its behalf and on behalf of Superior Varnish & Dryer and

C.J. Osborn Chemicals Co.; Devoe Coatings, Inc.; Georgia-Pacific Corp.; Sears Holding

Management Corp.; Ford Motor Co.; SL Industries, Inc./SL Modern Hard Chrome; Our Lady of

Lourdes Medical Center; and West Jersey Hospital ("Certain Direct Generator Defendants" or

simply the "Generator Defendants"), by and through their attorneys, Archer & Greiner, P.C.;

Dewey & LeBoeuf LLP and Norris, McLaughlin & Marcus, P.A. (as local counsel); Conrad

O'Brien Gellman & Rohn, P.C.; Shook Hardy & Bacon, LLP and Wolff & Samson PC (as local counsel); Drinker Biddle & Reath LLP, Latham & Watkins, LLP; Saul Ewing LLP and Sachs, Maitlin, Fleming & Greene, respectively, hereby seek the entry of an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to permit dismissal of the Debtors from that certain Joint Defense Group (as defined below) and in support thereof state as follows:

## BACKGROUND

1.      As discussed below, the Generator Defendants do not believe that the automatic stay of Section 362 of the Bankruptcy Code is implicated by their decision to dismiss the Debtors from the Joint Defense Group (as defined below), and indeed, believe that such dismissal was properly effectuated on or about April 21, 2008.  However, based on communications received from Debtors' counsel which dispute the dismissal of Debtors from the Joint Defense Group, out of an abundance of caution, the Generator Defendants submit this motion lifting the automatic stay to the extent necessary to permit such dismissal.

2.      On December 4, 1991, Pennsauken Township and the Authority that owns and operates a landfill located in Pennsauken, NJ sued numerous defendants in the New Jersey Superior Court, Law Division, Camden County, in a case captioned Pennsauken Solid Waste Management Authority and Township of Pennsauken, et al. v. Ward Sand & Materials, Inc., et al., Docket No. CAM-L-13345-91 and Docket No. CAM-L-13345-93 (the "Pennsauken Action").

3.      Certain of these defendants, including the Debtors as successors in interest to Aluminum Shapes, LLC, n/k/a Shapes LLC, formed a joint defense group (the "Joint Defense Group") subject to a confidential joint defense agreement (the "Joint Defense Agreement") with respect to the Pennsauken Action.

4.	As is common with such agreements, the Joint Defense Agreement requires that the parties to the agreement actively engage in the coordination of discovery and other case related tasks and to make payments to offset the group's expenses.  Further, as is common, a party may be dismissed by the other members of the group for failure to perform tasks and assignments, for nonpayment of any shared expense, for failure to continue to have mutual and common interests, and for other cause shown.

5.	On March 16, 2008, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

6.	On March 27, 2008, environmental counsel for the Debtors filed a Notice of Bankruptcy and Automatic Stay alerting the parties to the Pennsauken Action of the Debtors' bankruptcy filing and the automatic stay.  (See Notice of Bankruptcy and Automatic Stay, attached hereto as Exhibit A.)

7.	By letter dated April 1, 2008 (the "Court Stay Letter"), the Court informed environmental counsel to the Debtors in the Pennsauken Action that the case was stayed as to the Debtors, but would continue to proceed as to the remaining defendants.  (See Court Stay Corr., attached hereto as Exhibit B.)

8.	Subsequent to the filing of the Notice of Bankruptcy and Court Stay Letter, environmental counsel for the Debtors ceased to have any active involvement in the Pennsauken Action on behalf of Aluminum Shapes, LLC n/k/a Shapes LLC or the Debtors.  Since the Petition Date, counsel for Debtors on behalf of Aluminum Shapes, LLC n/k/a Shapes LLC or the Debtors have provided no assistance in the coordination of the ongoing discovery in the Pennsauken Action and no longer assist in the defense undertaken by the Joint Defense Group.

9.      By letter dated April 21, 2008 (the "Dismissal Letter"), all Joint Defense Group

members who were current in their payment of group expenses informed environmental counsel

for Debtors that said members were unanimously dismissing Debtors from the Joint Defense

Group for good cause.  (See the Dismissal Letter, attached hereto as Exhibit C.)

10.      By letter dated May 20, 2008 (the "Removal Letter"), environmental counsel for

the Debtors requested that they be removed from the Joint Defense Group service list for any

communications concerning the Joint Defense Group expert reports.  (See the Removal Letter,

attached hereto as Exhibit D.).[1]

11.      All remaining Joint Defense Group members continued to work with the group

experts in preparing expert reports for the Pennsauken Action.  These reports were due to be

served on May 23, 2008.

12.      Late in the afternoon of May 22, 2008—the eve of the deadline for submitting the

expert reports—counsel for Debtors sent the remaining Joint Defense Group members a letter via

facsimile alleging that the Dismissal Letter contained many deficiencies and that the actions of

the remaining Joint Defense Group members violated the automatic stay provisions of the

Bankruptcy Code.

13.      In an attempt to resolve this dispute, during the next 24 hours, numerous

telephone calls and emails ensued between counsel for Debtors and counsel for certain Joint

---

[1] Counsel for the Debtors represented two members of the Joint Defense Group:
Aluminum Shapes LLC n/k/a Shapes LLC and A&H Bloom.  This letter from Ms. Hennessy,
counsel for Aluminum Shapes LLC n/k/a Shapes LLC and A&H Bloom in the Pennsauken
Action forwarded a letter to the Joint Defense Group requesting that her firm be removed from
any communications pertaining to the Group expert reports.  This letter was forwarded
subsequent to the stay pertaining to Aluminum Shapes LLC, n/k/a Shapes LLC and, therefore,
only addressed A&H Bloom.  By this letter, counsel for Aluminum Shapes LLC n/k/a Shapes
LLC and A&H Bloom  requested to be removed from any communication pertaining to Group

Defense Group members.  Ultimately, all parties agreed to, and did, insert the following

language into each of the Joint Defense Group's expert reports:

> Efforts are underway by parties, who this report has been prepared for, to remove
> Aluminum Shapes from this Group. There is a dispute as to whether one must
> seek relief from the automatic stay in the Shapes LLC, a/k/a Aluminum Shapes,
> bankruptcy case to effect such removal.  The inclusion of Aluminum Shapes is
> not intended to prejudice the balance of the Group's rights.

Three such expert reports were served on behalf of the Joint Defense Group on May 23, 2008.

14.     Numerous depositions, including those of the Joint Defense Group's experts, have

been scheduled in the Pennsauken Action over the upcoming months, and the Joint Defense

Group will continue to coordinate efforts and incur expenses in connection with this additional

discovery.

### Relief Requested

15.     The Generator Defendants do not believe that the automatic stay precludes

dismissal of the Debtors from the Joint Defense Group and respectfully submit that such

dismissal was effectuated on or about April 21, 2008.  Nevertheless, out of an abundance of

caution and as a result of communications from the Debtors' counsel, the Generator Defendants

seek relief from the automatic stay to dismiss the Debtors from the Joint Defense Group in light

of the Debtors' failure to participate meaningfully in the defense of the Pennsauken Action and

the change in circumstances that have caused the Debtors' interests to diverge from those of the

other Joint Defense Group members' interests in the litigation.

---

expert reports.  The primary purpose of forming the Joint Defense Group was to proffer Group
expert reports and to share in fact and expert discovery.

**Basis for Relief Requested**

16.     Section 362(d)(1) of the Bankruptcy Code provides that on request of a party in interest and after notice and hearing, the Court shall grant relief from the automatic stay "for cause."

17.     The Bankruptcy Code does not define "cause."   Accordingly, the bankruptcy courts must decide in each case whether sufficient cause exists for relief from the automatic stay. In re Wilson, 116 F.3d 87, 90 (3d Cir. 1997)("Section 362(d)(1) does not define "cause," leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case.").

18.     The "cause" for relief from the automatic stay in this case is: (i) the Debtors are not participating in the Joint Defense Group; (ii) environmental counsel have withdrawn their representation in the Joint Defense Group; and (iii) the Generator Defendants no longer wish to associate with the Debtors as part of the Joint Defense Group.

19.     In addition to the cause shown above, immediate relief from stay is necessary because the Generator Defendants are being prejudiced by the Debtors' failure to participate in expert discovery which is now underway in the Pennsauken Action.

WHEREFORE, the Generator Defendants respectfully request that this Court enter an order modifying the automatic stay pursuant to 11 U.S.C. § 362(d) to permit dismissal of the Debtors from the Joint Defense Group and granting such other relief as the Court deems just and proper.

Respectfully submitted,
**DRINKER BIDDLE & REATH LLP**

Dated: June 9, 2008                    By: /s/ David B. Aaronson
                                           Bonnie A. Barnett, Esq.
                                           David B. Aaronson, Esq.
                                           Deborah L. Shuff, Esq.
                                           Drinker Biddle & Reath LLP
                                           One Logan Square
                                           18th & Cherry Streets
                                           Philadelphia, PA 19103
                                           bonnie.barnett@dbr.com
                                           deborah.shuff@dbr.com
                                           *Counsel for Devoe Coatings, Inc., Georgia-*
                                           *Pacific Corp., Sears Holding Management*
                                           *Corp.*

SAUL EWING LLP

By: _____

Andrea A. Lipuma, Esq.
Saul Ewing LLP
750 College Road East Ste 100
Princeton, NJ 08540-6617
alipuma@saul.com
*Counsel for SL Industries, Inc. and*
*SL Modern Hard Chrome*


DEWEY & LEBOEUF LLP

By: _____

David R. Greene, Esq.
Dewey & LeBoeuf LLP
Goodwin Square
225 Asylum Street, 13th Floor
Hartford, CT 06103
dxgreene@dl.com

Courtney A. Queen, Esq.
Dewey & LeBoeuf LLP
260 Franklin Street
Boston, MA 02110
cqueen@dl.com
*Counsel for Combustion Engineering,*
*Inc. on behalf of C-E Glass, Inc.*


CONRAD O'BRIEN GELLMAN
& ROHN, P.C.

By: _____

Nancy J. Gellman, Esq.
Jacqueline J. Ager, Esq.
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102
ngellman@cogr.com
jager@cogr.com
*Counsel for Rohm and Haas Co.*


NORRIS, MCLAUGHLIN & MARCUS, P.A.

By: _____

Martha N. Donovan, Esq.
Norris, McLaughlin & Marcus P.A.
721 Route 202-206
Bridgewater, NJ 08807
mndonovan@nmmlaw.com

Mailing Address:
P.O. Box 1018
Somerville, NJ 08876-1018
*Counsel for Combustion Engineering,*
*Inc. on behalf of C-E Glass, Inc.*


LATHAM & WATKINS, LLP

By: _____

James Barrett, Esq.
Latham & Watkins, LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004
james.barrett@lw.com

Scott Kobil, Esq.
Latham & Watkins, LLP
One Newark Center, 16th Floor
Newark, NJ 07101
scott.kobil@lw.com
*Counsel for Ford Motor Co.*


ARCHER & GREINER, P.C.

By: _____

Christopher R. Gibson, Esq.
James M. Graziano, Esq.
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, NJ 08033
cgibson@archerlaw.com
jgraziano@archerlaw.com
*Counsel for Boise Cascade Corp. and*
*Weyerhaeuser Company*

SAUL EWING LLP

By: _____
Andrea A. Lipuma, Esq.
Saul Ewing LLP
750 College Road East Ste 100
Princeton, NJ 08540-6617
alipuma@saul.com
*Counsel for SL Industries, Inc. and
SL Modern Hard Chrome*

NORRIS, MCLAUGHLIN & MARCUS, P.A.

By: _____
Martha N. Donovan, Esq.
Norris, McLaughlin & Marcus P.A.
721 Route 202-206
Bridgewater, NJ 08807
mndonovan@nmmlaw.com

Mailing Address:
P.O. Box 1018
Somerville, NJ 08876-1018
*Counsel for Combustion Engineering,
Inc. on behalf of C-E Glass, Inc.*

DEWEY & LEBOEUF LLP

By: _____
David R. Greene, Esq.
Dewey & LeBoeuf LLP
Goodwin Square
225 Asylum Street, 13th Floor
Hartford, CT 06103
dxgreene@dl.com

Courtney A. Queen, Esq.
Dewey & LeBoeuf LLP
260 Franklin Street
Boston, MA 02110
cqueen@dl.com
*Counsel for Combustion Engineering,
Inc. on behalf of C-E Glass, Inc.*

LATHAM & WATKINS, LLP

By: _____
James Barrett, Esq.
Latham & Watkins, LLP
555 Eleventh Street, N.W.
Suite 1000
Washington, DC 20004
james.barrett@lw.com

Scott Kobil, Esq.
Latham & Watkins, LLP
One Newark Center, 16th Floor
Newark, NJ 07101
scott.kobil@lw.com
*Counsel for Ford Motor Co.*

CONRAD O'BRIEN GELLMAN
& ROHN, P.C.
By: _____
Nancy J. Gellman, Esq.
Jacqueline J. Ager, Esq.
Conrad O'Brien Gellman & Rohn, P.C.
1515 Market Street, 16th Floor
Philadelphia, PA 19102
ngellman@cogr.com
jager@cogr.com
*Counsel for Rohm and Haas Co.*

ARCHER & GREINER, P.C.

By: _____
Christopher R. Gibson, Esq.
James M. Graziano, Esq.
Archer & Greiner, P.C.
One Centennial Square
Haddonfield, NJ 08033
cgibson@archerlaw.com
jgraziano@archerlaw.com
*Counsel for Boise Cascade Corp. and
Weyerhaeuser Company*

**SAUL EWING LLP**

By:_____
    Andrea A. Lipuma, Esq.
    Saul Ewing LLP
    750 College Road East Ste 100
    Princeton, NJ 08540-6617
    alipuma@saul.com
    *Counsel for SL Industries, Inc. and*
    *SL Modern Hard Chrome*

**NORRIS, MCLAUGHLIN & MARCUS, P.A.**

By:_____
    Martha N. Donovan, Esq.
    Norris, McLaughlin & Marcus P.A.
    721 Route 202-206
    Bridgewater, NJ  08807
    mndonovan@nmmlaw.com

    Mailing Address:
    P.O. Box 1018
    Somerville, NJ  08876-1018
    *Counsel for Combustion Engineering,*
    *Inc. on behalf of C-E Glass, Inc.*

**DEWEY & LEBOEUF LLP**

By:_____
    David R. Greene, Esq.
    Dewey & LeBoeuf LLP
    Goodwin Square
    225 Asylum Street, 13th Floor
    Hartford, CT 06103
    dxgreene@dl.com

    Courtney A. Queen, Esq.
    Dewey & LeBoeuf LLP
    260 Franklin Street
    Boston, MA 02110
    cqueen@dl.com
    *Counsel for Combustion Engineering,*
    *Inc. on behalf of C-E Glass, Inc.*

**LATHAM & WATKINS, LLP**

By:_____
    James Barrett, Esq.
    Latham & Watkins, LLP
    555 Eleventh Street, N.W.
    Suite 1000
    Washington, DC 20004
    james.barrett@lw.com

    Scott Kobil, Esq.
    Latham & Watkins, LLP
    One Newark Center, 16th Floor
    Newark, NJ 07101
    scott.kobil@lw.com
    *Counsel for Ford Motor Co.*

**CONRAD O'BRIEN GELLMAN
& ROHN, P.C.**

By:_____
    Nancy J. Gellman, Esq.
    Jacqueline J. Ager, Esq.
    Conrad O'Brien Gellman & Rohn, P.C.
    1515 Market Street, 16th Floor
    Philadelphia, PA 19102
    ngellman@cogr.com
    jager@cogr.com
    *Counsel for Rohm and Haas Co.*

**ARCHER & GREINER, P.C.**

By:_____
    Christopher R. Gibson, Esq.
    James M. Graziano, Esq.
    Archer & Greiner, P.C.
    One Centennial Square
    Haddonfield, NJ 08033
    cgibson@archerlaw.com
    jgraziano@archerlaw.com
    *Counsel for Boise Cascade Corp. and*
    *Weyerhaeuser Company*

**SHOOK HARDY & BACON, LLP**

By: _____

Chris McDonald, Esq.
Joel Mosher, Esq.
Shook, Hardy & Bacon, LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
cmcdonald@shb.com
jmosher@shb.com
*Counsel for Cook Composites and
Polymers Co. on its behalf and on
behalf of Superior Varnish & Drier Co.
and C.J. Osborn Chemicals Inc.*

**SACHS, MAITLIN, FLEMING &
GREENE**

By: _____

Phil Harrison, Esq.
Sachs, Maitlin, Fleming & Greene
80 Main Street, 3rd Floor
West Orange, NJ 07052
philharrison@smfglaw.com
*Counsel for Our Lady Of Lourdes
Medical Center and
West Jersey Hospital*

**WOLFF & SAMSON PC**

By: _____

Diana L. Buongiorno, Esq.
Daniel T. McKillop, Esq.
Wolff & Samson PC
One Boland Drive
West Orange, NJ 07052-3698
dbuongiorno@wolffsamson.com
dmckillop@wolffsamson.com
*Counsel for Cook Composites and
Polymers Co. on its behalf and on
behalf of Superior Varnish & Drier Co. and
C.J. Osborn Chemicals Inc.*