**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, New Jersey 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors and
Debtors-in-Possession

|  |  |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: CHAPTER 11 |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | : |
| Debtors. | : CASE NO. 08-14631 (GMB)<br>: |

**ORDER APPROVING AUCTION PROCEDURES IN CONNECTION WITH
THE DEBTORS' APPLICATION FOR (I) AUTHORITY TO SELL ALL
OR SUBSTANTIALLY ALL OF THEIR ASSETS, (II) AUTHORITY TO
ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES, AND (III) APPROVAL OF THE AUCTION PROCEDURES,
<u>BREAK-UP FEE AND EXPENSE REIMBURSEMENT RELATED THERETO</u>**

**THE RELIEF SET FORTH ON THE FOLLOWING PAGES, NUMBERED TWO (2) TO
SIX (6), IS HEREBY ORDERED.**

| | |
|---|---|
| Debtor: | Shapes/Arch Holding L.L.C., *et al.* |
| Case No.: | Case No. 08-14631 (GMB) |
| Caption of Order: | Order Approving Auction Procedures in Connection with the Debtors' Application for (I) Authority to Sell all or Substantially All of its Assets, (ii) Authority to Assume and Assign Executory Contracts and Unexpired Leases, and (III) Approval of the Auction Procedures, Break-Up Fee and Expense Reimbursement Related Thereto |

Upon consideration of the relief requested in Part I of the Debtors' motion dated June 17, 2008 (the "Motion")[1], pursuant to sections 105, 363 and 365 of Chapter 11, Title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for an order: (i) authorizing and approving the Auction Procedures set forth in the Motion in connection with the proposed sale of the Assets to Arch Acquisition I, LLC ("Arch"), as the buyer (or the Successful Bidder submitting a higher and better offer); (ii) authorizing and approving the Auction and Hearing Notice, in the form annexed to the Motion as Exhibit A; (iii) authorizing and approving the terms of the Arch APA annexed to the Motion as Exhibit B, including, without limitation, the Break-Up Fee and Expense Reimbursement to be paid to Arch upon the terms and conditions set forth therein; and (iv) establishing the dates, time and place of the Auction and the Sale Hearing; and the Court having considered the Motion and opposition to the Motion, if any; and the Court having further considered the arguments of counsel at the hearing on the Motion, if any; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Motion was served on those parties required to receive notice; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtors and their estates; and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

| | |
|---|---|
| Debtor: | Shapes/Arch Holding L.L.C., *et al.* |
| Case No.: | Case No. 08-14631 (GMB) |
| Caption of Order: | Order Approving Auction Procedures in Connection with the Debtors' Application for (I) Authority to Sell all or Substantially All of its Assets, (ii) Authority to Assume and Assign Executory Contracts and Unexpired Leases, and (III) Approval of the Auction Procedures, Break-Up Fee and Expense Reimbursement Related Thereto |

IT IS HEREBY ORDERED THAT:

1. The Auction Procedures set forth in the Motion are hereby authorized and approved in all respects.

2. The form and sufficiency of the Auction and Hearing Notice annexed to the Motion as Exhibit A is hereby approved.

3. The Break-Up Fee and Expense Reimbursement, as provided for under the Arch APA, are hereby approved.

4. The sale of the Assets to Arch under the Arch APA shall be subject to higher or otherwise better offers. The Debtors are authorized to solicit higher or otherwise better offers for the Assets and to conduct the Auction, in accordance with this Order, the Auction Procedures set forth in the Motion, and the Exhibits to the Motion, for the purpose of providing a Competitive Process.

5. Objections, if any, to the relief requested in Part II of the Motion (other than objections to Cure Amounts, which shall be filed and served as provided below) and any filed supplements thereto, including objections relating to the assumption and assignment of executory contracts and unexpired leases and/or a sale of the Assets, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served upon: (a) counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1400, Wilmington, DE  19801, Attn: Mark E. Felger, Esq., (b) counsel for the Creditors' Committee, Halperin, Battaglia, Raicht, 555 Madison Avenue, 9th Floor, New York, NY  10022,

| | |
|---|---|
| Debtor: | Shapes/Arch Holding L.L.C., *et al.* |
| Case No.: | Case No. 08-14631 (GMB) |
| Caption of Order: | Order Approving Auction Procedures in Connection with the Debtors' Application for (I) Authority to Sell all or Substantially All of its Assets, (ii) Authority to Assume and Assign Executory Contracts and Unexpired Leases, and (III) Approval of the Auction Procedures, Break-Up Fee and Expense Reimbursement Related Thereto |

Attn: Alan Halperin, Esq., and (c) counsel for Arch, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166, Attn: Nancy A. Mitchell, Esq., so as to be actually received by 4:00 p.m. on July 2, 2008 (the "Objection Deadline").

6.  The Court shall conduct the Sale Hearing on July 8, 2008, at 10:00 a.m. to consider the relief requested in Part II of the Motion (as defined in the Motion) to confirm and approve the sale of the Assets pursuant to sections 105, 363, 365 and 1146 of the Bankruptcy Code.

7.  Objections to the Cure Amounts set forth in the Executory Contract Exhibit (to be filed by the Debtor as part of the Supplement), shall (i) be in writing; (ii) specify with particularity the basis of the objection and the Cure Amount allegedly due and owing such party; (iii) be accompanied by appropriate supporting documentation demonstrating the calculation of the Cure Amount, as claimed; and (iv) be filed with the Court and simultaneously served upon the following parties so as to be actually received by the Objection Deadline: (a) counsel for the Debtors, Cozen O'Connor, 1201 North Market Street, Suite 1400, Wilmington, DE 19801, Attn: Mark E. Felger, Esq., (b) counsel for the Creditors' Committee, Halperin, Battaglia, Raicht, 555 Madison Avenue, 9th Floor, New York, NY 10022, Attn: Alan Halperin, Esq., and (c) counsel for Arch, Greenberg Traurig, LLP, 200 Park Avenue, New York, NY 10166, Attn: Nancy A. Mitchell, Esq. If the objection relates only to the Cure Amount of an assigned executory contract or unexpired lease, such contract or lease may be assumed by the Debtors and assigned to the Arch or the Successful Bidder as applicable; provided, however, that the amount asserted by the

| | |
|---|---|
| Debtor: | Shapes/Arch Holding L.L.C., *et al.* |
| Case No.: | Case No. 08-14631 (GMB) |
| Caption of Order: | Order Approving Auction Procedures in Connection with the Debtors' Application for (I) Authority to Sell all or Substantially All of its Assets, (ii) Authority to Assume and Assign Executory Contracts and Unexpired Leases, and (III) Approval of the Auction Procedures, Break-Up Fee and Expense Reimbursement Related Thereto |

---

objecting party as the proper Cure Amount, or a different amount set by this Court, shall be held in escrow pending further order of this Court or mutual agreement of the parties as to the proper Cure Amount for such assigned contract or lease. The Debtors and Arch or the Successful Bidder, as the case may be, are hereby authorized to settle, compromise, or otherwise resolve any disputed Cure Amounts with the relevant non-Debtor party to any assigned contract or lease without Court approval or notice to any other party.

      8.      The Court shall conduct a hearing on July __, 2008, at _____ _.m. to consider unresolved objections, if any, to the Cure Amounts set forth in the Executory Contract Exhibit pursuant to section 365 of the Bankruptcy Code.

      9.      Unless objections to the Cure Amounts are timely filed and served, all non-Debtor parties to the assigned contracts or leases shall be deemed to have consented to the Cure Amounts set forth in the Executory Contract Exhibit and be forever barred from asserting against the Debtors or the Arch (or the Successful Bidder) any other claim arising from the applicable assigned contract or lease.

      10.      This Court retains jurisdiction to: (i) the interpret, implement and enforce the terms and provisions of this Order; (ii) enter Orders in aid or furtherance of this Order; (iii) adjudicate any and all remaining issues concerning the Debtors' right and authority to assume and assign executory contracts and unexpired leases and sell the Assets, and (iv) adjudicate any and all issues and/or disputes, if any, regarding the "cure" payments to be made pursuant to Section 365(b) of the Bankruptcy Code.

| | |
|---|---|
| Debtor: | Shapes/Arch Holding L.L.C., *et al.* |
| Case No.: | Case No. 08-14631 (GMB) |
| Caption of Order: | Order Approving Auction Procedures in Connection with the Debtors' Application for (I) Authority to Sell all or Substantially All of its Assets, (ii) Authority to Assume and Assign Executory Contracts and Unexpired Leases, and (III) Approval of the Auction Procedures, Break-Up Fee and Expense Reimbursement Related Thereto |

11.    The requirement pursuant to D.N.J. LBR 9013-2 for the filing of a memorandum of law is waived.