**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>, | CHAPTER 11 |
| Debtors. | CASE NO. 08-14631 (GMB)<br>(Jointly Administered) |

**APPLICATION FOR ORDER SHORTENING TIME PERIOD FOR NOTICE OF DEBTORS' APPLICATION FOR (I) AUTHORITY TO SELL ALL OR SUBSTANTIALLY ALL OF THEIR ASSETS, (II) AUTHORITY TO ASSUME AND ASSIGN EXECUTORY CONTRACTS AND UNEXPIRED LEASES, AND (III) APPROVAL OF THE AUCTION PROCEDURES, BREAK-UP FEE AND EXPENSE <u>REIMBURSEMENT RELATED THERETO AND REQUEST TO LIMIT NOTICE</u>**

TO:   THE HONORABLE GLORIA M. BURNS

Your applicant, Jerrold N. Poslusny, Jr., respectfully represents:

1.   Your applicant is a member with the firm of Cozen O'Connor, attorneys for the above captioned debtors and debtors-in-possession (the "<u>Debtors</u>").[1]  I am familiar with the facts of this case.

2.   The Debtors have filed an application for (I) authority to sell all or substantially all of their assets, (II) authority to assume and assign executory contracts and unexpired leases,

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Application.

and (III) approval of the auction procedures, break-up for and expense reimbursement related thereto (the "Application").[2]

3. A shortened hearing date is requested as it is critical that the Debtors effect a sale of the Assets as quickly as possible before their debtor-in-possession financing expires, in order to comply with the terms of the Postpetition Credit Agreement and to preserve maximum realizable asset values for the benefit of their estates and creditors.

4. On May 23, 2008, the Court approved the Debtors' disclosure statement in support of the Third Amended Plan (the "Disclosure Statement Order"). One of the conditions to effectuation of the Third Amended Plan was obtaining agreements to modifications of the Debtors' various collective bargaining agreements (the "CBAs") with the Labor Unions, which, in their current form, are unduly burdensome to the Debtors' business operations. Notwithstanding the Debtors' good faith proposals and lengthy negotiation sessions with the Labor Unions, the Debtors', working with Arch, have been unable to obtain the requisite new or modified CBAs required by Arch. Absent new or modified CBAs, the Debtors' Third Amended Plan cannot be confirmed. The Disclosure Statement Order also provided for appropriate notice if the Debtors and Arch determined to pursue a sale of assets pursuant to § 363 instead of pursuant to the Third Amended Plan.

5. The Debtors submit that neither parties in interest, nor potential bidders will be prejudiced by a shortened notice period because they were provided notice that the Debtors may seek to convert the transfer of their assets from a plan process to a § 363 sale process. Moreover,

---

[2] The Debtors reserve the right to withdraw the Application in the event that acceptable modifications to the CBAs are reached with Arch and the Labor Unions.

pursuant to the Disclosure Statement Order, the Debtors will provide notice of the Motion to all parties that have executed confidentiality agreements.

6.  Additionally, the Debtors represent that providing notice of the Application to all creditors would cause an undue burden to the Debtors' estates.  The Debtors respectfully submit that the interests of the estates will be best served if service of the Application were limited to the following: (a) counsel for CIT, (b) counsel for Arch, (c) the Office of the United States Trustee, (d) the Internal Revenue Service, (e) the New Jersey Attorney General, (f) the Commonwealth of Pennsylvania Department of Revenue, (g) counsel to the Committee, (h) all parties that have signed confidentiality agreements since March 16, 2008, and (i) all parties on the Master Service List.  In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

7.  Your Applicant requests that the Application be heard at a hearing scheduled on June 20, 2008 at 2:00 p.m.

8.  Reduction of the time period in question is not prohibited under Fed. R. Bankr. P. 9006(c)(1) and the Rules listed therein.

WHEREFORE, your applicant requests entry of the Order submitted herewith.

Dated:  June 17, 2008                    COZEN O'CONNOR

                                         By:   /s/ Jerrold N. Poslusny, Jr.
                                               Mark E. Felger
                                               Jerrold N. Poslusny, Jr.

                                         Attorneys for the Debtors