**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br>     Debtors. | :  UNITED STATES BANKRUPTCY COURT<br>:  FOR THE DISTRICT OF NEW JERSEY<br>:  CHAPTER 11<br>:<br>:  CASE NO. 08-14631 (GMB)<br>:<br>: |

**DEBTORS' FIRST OMNIBUS OBJECTION
TO DUPLICATE AND/OR REDUNDANT PROOFS OF CLAIM**

**ALL PARTIES THAT FILED A PROOF OF CLAIM AND RECEIVED THIS OBJECTION SHOULD REVIEW THIS OBJECTION CAREFULLY TO LOCATE THEIR NAMES AND CLAIMS IN THE EXHIBITS TO THIS OBJECTION AND THE BASIS FOR THE DEBTORS' OBJECTION TO YOUR CLAIM(S). THE DEBTORS URGE CLAIMANTS RECEIVING THIS OBJECTION TO DISCUSS THE OBJECTION WITH THEIR ATTORNEYS.**

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively the "Debtors"),[1] the debtors and debtors-in-possession, hereby submit, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), their First Omnibus Objection (the "First Omnibus Objection") to certain duplicate and/or redundant proofs of claim. In support of the First Omnibus Objection, the Debtors represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

1

## BACKGROUND

### General

1.	On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").  The Debtors are authorized to continue to operate and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.	These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3.	No trustee or examiner has been appointed in these cases.

4.	An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and has been active in these cases since that time.

5.	The Court has jurisdiction over this First Omnibus Objection pursuant to 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Debtors' Business Operations

6.	Shapes/Arch is a holding company that owns each of the four operating companies - Shapes, Delair, Accu-Weld and Ultra.  The Debtors' predecessor was established in New Jersey in 1952 to produce aluminum windows.  By 1959, the business had expanded and began focusing on producing aluminum extrusions.  The Debtors have consistently expanded their businesses over the years by investing in new facilities and technology and by establishing new product lines.  On a consolidated basis, the Debtors' net revenue in 2007 was $273.8 million, with Shapes generating approximately 65% of

that revenue. The Debtors have over 1000 employees, approximately 70% of whom are members of either the International Brotherhood of Teamsters Local 837, or the United Independent Union.

7. Shapes is the largest operating Debtor with 2007 revenue over $179 million and over 600 employees. Shapes is a leading producer of custom aluminum extrusions for a variety of industries, including road and rail transportation and commercial and residential construction. Aluminum extrusion is a process by which a heated aluminum billet is rammed through a die to create the intended shape. The extruded aluminum exits the press, is cooled and then cut to the necessary lengths. Shapes distinguishes itself in the industry because of its extensive large press capacity and because all of its casting, extruding, fabricating and finishing is completed in one facility. Shapes' 525,000 square foot facility, which is located in Delair, New Jersey, operates twenty-four hours per day, seven days a week, with its casthouse (to produce the billets to be pushed through the presses), eight presses of varying sizes, a paint line, an anodizing line and a variety of other fabrication equipment. Shapes can produce and ship over 400,000 pounds of extruded aluminum per day. Shapes has been recognized in the "Guinness Book of World Records" for the largest free standing aluminum structure ever created in connection with the restoration of the Statue of Liberty. Shapes also provided the aluminum scaffolding used in connection with the restoration of the Washington Monument.

8. In 2007 Shapes' revenues decreased by approximately $35 million compared to 2006. This decrease is, at least in part, attributable to the fact that 65% of

3

Shapes' sales are to the trailer, truck body and railcar sectors, all of which have been experiencing an economic downturn.

9. Delair manufactures maintenance free aluminum fence systems for residential and commercial use, and manufactures America's most recognized brand of above-ground pools. Both product lines are sold through dealers, distributors and major retailers throughout the United States. Delair operates from a 350,000 square foot facility adjacent to Shapes in Delair, New Jersey. Delair's proximity to Shapes provides a competitive advantage because Delair purchases approximately 70% of its product line from Shapes. Because Delair's sales are largely tied to consumer spending and the housing market, Delair has suffered with that sector of the economy and its 2007 revenues were $5.5 million less than in 2006.

10. Accu-Weld is a vertically integrated manufacturer of made-to-order vinyl replacement windows and steel doors. Accu-Weld's products are sold to installers, dealers and home improvement retailers throughout the Northeastern, Mid-Atlantic and Midwestern United States. Accu-Weld operates out of a 100,000 square foot facility in Bensalem, Pennsylvania. Unlike many of its competitors, Accu-Weld extrudes its own vinyl profiles, which results in faster production and delivery to the customer. Accu-Weld's net revenues in 2007 were $24.9 million, down from $37 million in 2006. The loss of revenue is due principally to Accu-Weld ceasing to do business with certain customers that were not profitable or which presented significant, unjustifiable credit risk and the general decline of the housing market.

11. Ultra is one of the leading suppliers of value branded hardware products in the United States, including locksets, door and window hardware and other decorative

hardware. Ultra has over 8,000 products sourced primarily from China. Ultra's products are sold to home improvement and hardware retailers, hardware cooperatives and distributors, home builders and window and door manufacturers. Ultra operates from a 75,000 square foot distribution facility in Pennsauken, New Jersey, with two million cubic feet of storage space. Ultra's EBITDA decreased by $2.2 million due primarily to sales of hardware to lower margin accounts and the rapid escalation of product costs from China that could not be passed on to Ultra's customers.

### Schedules And Proofs Of Claim

12. On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Materials".)

13. Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. as their official claims and noticing agent.

14. On March 18, 2008, this Court entered an order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

15. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

16. As of May 15, 2008, more than 700 proofs of claim have been filed in the Debtors' Chapter 11 cases. The Debtors are conducting a review and reconciliation of all pre-petition claims, including the claims scheduled in the Debtors' Schedules (the

"Scheduled Claims") and the claims asserted by proof of claim (the "Filed Claims"). This process includes identifying particular categories of Filed Claims that may be targeted for disallowance and expungement. To avoid possible double or improper recovery by claimants and to reduce the number of claims, the Debtors intend to file omnibus objections to various categories of claims. The First Omnibus Objection relates to Filed Claims which are duplicates of other Filed Claims and/or redundant Filed Claims filed against more than one of the Debtors.

## Approval of the Disclosure Statement and Bidding Procedures

17. On May 12 and 13, 2008, respectively, the Debtors filed their Second Amended Joint Plan (the "Second Amended Plan") and disclosure statement. Although the Debtors, Arch and the Committee had not agreed on all of the terms of the Second Amended Plan, it was filed in order to avoid a default under the terms of the Arch Amended DIP Agreement. The Second Amended Plan provided for a competitive process by which third parties would have an opportunity to conduct due diligence and participate in an auction to purchase the equity interests in Shapes/Arch (and thus obtain ownership of the equity interests in all of the Debtors) prior to the confirmation hearing.

18. On May 12, 2008, the Debtors filed a motion for approval of bid procedures (the "Bid Procedures Motion") to: (a) control the method by which potentially interested bidders would be able to obtain due diligence, (b) provide the procedures for parties submitting competing bids to follow, and (c) schedule and provide procedures for an auction, if qualified bids are submitted.

19. On May 20, 2008, the Court granted the Bid Procedures Motion, which required all competing bids to be submitted no later than June 25, 2008, and scheduled an auction for June 27, 2008, if qualified bids are submitted.

20. On May 23, 2008, the Court approved the disclosure statement (the "Disclosure Statement") in support of the Debtors' Third Amended Joint Plan (the "Third Amended Plan"). The Third Amended Plan was filed after the Debtors, Arch and the Committee had resolved the issues that had been outstanding at the time the Second Amended Plan was filed. A hearing to consider confirmation of the Third Amended Plan is scheduled for July 8, 2008.

## RELIEF REQUESTED AND THE BASIS THEREFOR

### Duplicate Claims

21. Pursuant to Bankruptcy Rule 3007(d)(1), the Debtors hereby object to the Duplicate Claims identified on Exhibit 1, attached hereto. The Debtors have reviewed these proofs of claim and have determined that the proofs of claim identified on Exhibit 1 as "Claim to be Expunged" duplicate the claims asserted in the proofs of claim identified on Exhibit 1 as the "Remaining Claim."

22. If such Duplicate Claims are not formally expunged or disallowed, the potential exists for double recovery by claimants.

23. Accordingly, the Debtors request that the Court enter an order expunging and disallowing the proofs of claim identified on Exhibit 1 as "Claims to be Expunged." The First Omnibus Objection does not affect the proofs of claim identified on Exhibit 1 as the "Remaining Claim."

**Redundant Claims**

24. Pursuant to Bankruptcy Rule 3007(d)(1), the Debtors hereby object to the Redundant Claims identified on Exhibit 2, attached hereto. The Debtors have reviewed these proofs of claim and have determined that the proofs of claim identified on Exhibit 2 as a "Claim to be Expunged" are redundant to the claims asserted by the same claimants and filed against more than one of the Debtors. For example, the claimants in Exhibit 2 have one claim, but have filed their claim against more than one of the Debtors, resulting in up to five identical proofs of claim. The proofs of claim identified on Exhibit 2 as the "Remaining Claim" represent a single claim filed against the appropriate Debtor.

25. Subsection 2.6 of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") provides that "Claims in Class 10$^2$ shall be deemed filed against the consolidated Debtors and shall be deemed one Claim against or obligation of the Debtors as if they were consolidated and shall receive one distribution from the Debtors' estates in accordance with Section 4.5 hereunder."

26. The Debtors should not be required to pay multiple times on the same obligation. As with the Duplicate Claims, discussed supra, the elimination of Redundant Claims will streamline the claims process and enable the Debtors to maintain a more accurate claims register.

27. Accordingly, the Debtors request that the Court enter an order expunging and disallowing the proofs of claim identified on Exhibit 2 as "Claims to be Expunged."

---

[2] Class 10 claims are general unsecured claims. Except as otherwise set forth herein, the claims covered by this objection are general unsecured claims.

8

The First Omnibus Objection does not affect the proofs of claim identified on Exhibit 2 as the "Remaining Claim."

## RESERVATION

28. The Debtors reserve the right to object in the future to any Filed Claims identified on Exhibit 1 or Exhibit 2 that are not expunged or disallowed on any additional grounds. Further, the Debtors hereby reserve the right to object to the Filed Claims identified as "Remaining Claims" on Exhibit 1 and Exhibit 2 on any grounds at a later date. Separate notice and hearing will be scheduled for any such objection.

## WAIVER OF MEMORANDUM OF LAW

29. The First Omnibus Objection does not raise any novel issues of law and, accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule 9013-2 of the Local Bankruptcy Rules for the District of New Jersey that a separate memorandum of law be submitted in support of the First Omnibus Objection.

## NOTICE

30. Notice of this Motion has been provided to: (a) counsel for CIT, (b) counsel for Arch, (c) the Office of the United States Trustee, (d) the Internal Revenue Service, (e) the New Jersey Attorney General, (f) the Commonwealth of Pennsylvania Department of Revenue, (g) counsel to the Committee, (h) all parties that are listed on Exhibits 1 and 2 at the address specified on the Filed Claim, and (i) all parties on the Master Service List. In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court approve an order granting the relief requested and such other and further relief as is just and proper.

Dated: June 20, 2008                                     COZEN O'CONNOR

                                                          By:   */s/ Jerrold N. Poslusny, Jr.*
                                                              Mark E. Felger
                                                              Jerrold N. Poslusny, Jr.

                                                              Attorneys for the Debtors