**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |
|---|---|
| In re: <br> SHAPES/ARCH HOLDINGS L.L.C., et al., <br> Debtors. | : UNITED STATES BANKRUPTCY COURT <br> : FOR THE DISTRICT OF NEW JERSEY <br> : CHAPTER 11 <br> : <br> : CASE NO. 08-14631 (GMB) <br> : <br> : |

### DEBTORS' LIMITED OBJECTION TO THE MOTION OF
### LISTON SMITH, JR., FOR RELIEF FROM THE AUTOMATIC STAY

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively the "Debtors"),[1] the debtors and debtors-in-possession, hereby submit their limited objection (the "Limited Objection") to the motion (the "Motion") of Liston Smith, Jr. for relief from the automatic stay to pursue an action before the Equal Employment Opportunity Commission (the "EEOC"). In support of the Limited Objection the Debtors represent as follows:

**Background**

1. On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "<u>Shapes/Arch Holdings L.L.C.</u>"

3. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

4. No trustee or examiner has been appointed in these cases.

5. An official committee of unsecured creditors (the "<u>Committee</u>") was appointed on March 31, 2008, and has been active in these cases since that time.

6. On May 29, 2008, Mr. Smith mailed a letter to the Court (the "<u>May 29 Letter</u>"), requesting guidance from the Court regarding Mr. Smith's alleged EEOC claim.

7. On June 2, 2008, the Court sent a letter to Mr. Smith, with copies to counsel for the Debtors and counsel for the Committee, indicating that the May 29 Letter would be treated as a motion for relief from the automatic stay, and scheduled a hearing for July 1, 2008.

8. The Debtors believe that, to the extent Mr. Smith requests relief to assist the EEOC in its investigation of his allegations, the automatic stay likely does not apply because the EEOC would be enforcing its regulatory or police powers, which is not subject to the automatic stay. <u>See</u> 11 U.S.C. § 362(b)(4). <u>See also</u> <u>Equal Employment Opportunity Comm'n v. Hall's Motor Transit Co.</u>, 789 F.2d 1011, 1013 (3d Cir. 1986).

9. The Debtors, however, object to the Motion to the extent that Mr. Smith seeks stay relief beyond allowing the EEOC to enforce its regulatory or police powers. For example, the EEOC may issue a "Notice of Right to Sue" letter to Mr. Smith, which in effect would inform Mr. Smith that the EEOC has found no cause to proceed, and that Mr. Smith is entitled to file a complaint for personal recovery. A Notice of Right to Sue letter effectively ends the

EEOC's police or regulatory role, and thus, ends the right to proceed without stay relief under section 362(b)(4).  Any action by Mr. Smith after receiving a Notice of Right to Sue Letter would be subject to the automatic stay; and Mr. Smith would be required to show cause for relief from the automatic stay to proceed with such a complaint.  See 11 U.S.C. § 362(d).

10.    The Debtors submit that the May 29 Letter does not state any cause for the Court to grant relief from the automatic stay for Mr. Smith to proceed against the Debtors in the event that he receives Notice of a Right to Sue letter from the EEOC and as such the "Motion" should be denied.

WHEREFORE, the Debtors respectfully request that the Court enter an order consistent with this Limited Objection, and grant such other and further relief as is just and proper.

Dated:  June 23, 2008                              COZEN O'CONNOR

                                                   By:    /s/ Jerrold N. Poslusny, Jr.
                                                       Mark E. Felger
                                                       Jerrold N. Poslusny, Jr.

                                                       Attorneys for the Debtors