ANNE MILGRAM
Attorney General of New Jersey
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 106
Trenton, New Jersey  08625-0106
Attorney for Creditor, State of New Jersey, Division of Taxation


By:  Ramanjit K. Chawla (RKC 1181)
     Deputy Attorney General
     (609) 292-4966


UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

In re:                        )   Case No. 08-14631(GMB)

SHAPES/ARCH HOLDINGS L.L.C.)     Chapter 11
et al.,

    Debtors.                 )   Hearing Date: July 8, 2008
                                               9:00 a.m.


THE STATE OF NEW JERSEY, DIVISION OF TAXATION'S OBJECTION TO
CONFIRMATION OF DEBTORS PLAN

The State of New Jersey, Division of Taxation ("the N.J. Division") objects to confirmation of the Debtors Plan of Reorganization ("the Plan").

INTRODUCTION

1.   The confirmation of debtors Plan should be denied because the Plan fails to provide adequate treatment of priority claims as required under 11 U.S.C. §1129(a)(9)(C).  Specifically, this Court should deny confirmation of debtor's Plan for the following reasons:

    a.   The Plan fails to provide for the statutory rate of post-confirmation interest for the N.J. Division's claims.

  b. Debtors have not filed several required tax returns.

  c. The Plan's broad release and injunction provisions regarding claims against non-debtor officers, directors, and/or other responsible persons of debtors inappropriately restrains the N.J. Division's and the Department's collection activities against non-debtor responsible persons in violation of 11 U.S.C. §524(e) and the Tax Injunction Act.

  d. The Plan fails to provide default remedies as to all tax claims.

## FACTS

2. On March 16, 2008, debtors filed a petition for relief under Chapter 11 of the Bankruptcy Code.

3. The N.J. Division has filed a priority proof of claim and schedule of liabilities against the debtor in the amount of $33,510.09 for Partnership Fee and Tax ("PRT-FT") for tax years 2004 through 2006 and Sales and Use Tax ("S&U") for the 3rd quarter of 2002, 3rd and 4th quarters of 2004, 1st quarter of 2005.

4. The Plan provides in Article III, Section 3.3 that each holder of an Allowed Priority Tax Claim shall be paid in respect of such Allowed Claim (a) the full amount thereof, without post petition interest or penalty, in Cash, as soon as practicable after the later of (i) the Effective date and (ii) the date on which such claim becomes an Allowed Claim ... provided, however that the aggregate amount of the Priority Tax Claims are not in excess of eighty four thousand, six hundred sixty seven dollars

($84,667.00). Debtors plan only proposes payment of post-confirmation interest at the "prevailing rate" of 6%. However, the proper post-confirmation interest rate is the State statutory rate of repayment of taxes, prime plus 3%, currently 9%. Moreover, the debtors do not specifically include Division of Taxation's Priority Tax Claim in the Chapter 11 Plan.

ARGUMENT

POINT I

THE PLAN SHOULD NOT BE CONFIRMED BECAUSE IT FAILS TO MEET THE REQUIREMENTS OF 11 U.S.C. §1129(a)(9)(C) FOR PRIORITY CLAIMS.

5. Payout treatment of priority tax claims in Chapter 11 reorganizations is governed by 11 U.S.C. §1129(a)(9)(C). This statutory provision states:

> [w]ith respect to a claim of a kind specified in section 507(a)(8) of this title [Priority Tax Claims], the holder of such claim will receive on account of such claim regular installment payments in cash -- (i) of a total value, as of the effective date of the plan, equal to the allowed amount of such claim; (ii) over a period ending not later than 5 years after the date of the order for relief under section 301, 302, or 303; and (iii) in a manner not less favorable than the most favored nonpriority unsecured claim provided for by the plan (other than cash payments made to a class of creditors under section 1122(b))...

6. Although debtors have provided that priority tax claims will be paid either the (a) full amount thereof, without post petition interest or penalty, in cash as soon as practicable

after the later of (i) the Effective Date and (ii) the date on which such claim becomes an allowed claim and debtors prior to he Effective Date ... or (b) over a period of five (5) years from the Petition Date in equal monthly installments of principal plus interest at the rate of six percent(6%) per annum, the debtor does not specifically provide for the payment of the N.J. Division's Priority Claim in the Plan.

7. Furthermore, regarding the N.J. Division's priority claim, debtors have also failed to file the following tax returns: PRT-FT for 2004, through 2006, and S&U returns for 3rd quarter of 2002, 3rd quarter of 2004 through the 1st quarter of 2005. Debtor's failure to file this tax return has impeded the N.J. Division from filing an accurate claim. Debtor should file this delinquent return with Investigator Richard Flatch, Bankruptcy Section, Division of Taxation, 50 Barrack Street, P.O. Box 245, Trenton, New Jersey 08695-0245.

8. Since debtors Plan fails to provide for the N.J. Division's priority claim, the Plan accordingly fails to provide for repayment with post-confirmation interest at the statutory rate. As provided by §1129(a)(9)(C)(i) a priority creditor is entitled to repayment of the total "value" of its claim as of the effective date. In order for a creditor to receive the "value" of its claim, payments must include post-confirmation interest to compensate for the true value of money.

9. The proper post-confirmation interest rate is the state statutory rate for repayment of taxes. Pursuant to §511(a), "[i]f any provision of this title requires...the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, the rate of interest shall be the rate determined under applicable nonbankruptcy law." Under N.J.S.A. 54:49-3, the N.J. Division's statutory rate of interest for delinquent taxes is three percentage points above the prime rate.

10. Further, pursuant to §511(b), "[i]n the case of taxes paid under a confirmed plan under this title, the rate of interest shall be determined as of the calendar month in which the plan is confirmed." Therefore, the statutory rate of interest for repayment of the N.J. Division's priority claim under debtors' Plan is currently 9%.

11. If debtors intend to repay the N.J. Division's priority claim in full by a lump sum payment, or over a period of five years, the N.J. Division is entitled to have post-confirmation interest accrue from the Effective Date until the lump sum repayment date. Courts have logically required interest be payable on lump sum repayments. See, e.g., In re Arrow Air, Inc., 101 B.R. 332, 336 n. 6 (S.D. Fla. 1989) (Plan provisions undertaking to repay priority tax claims in full deemed a "guaranteed payment in the manner provided by Section 1129(a)(9)(C)" and therefore, IRS

entitled to post-confirmation interest, disagreeing with the debtor's argument that a "single lump sum payment can never qualify as a deferred cash payment" for interest purposes); In re Collins, 184 B.R. 151, 154-56 (Bankr. N.D. Fla. 1995) (also allowing for post-confirmation interest on lump sum payments). Therefore, the N.J. Division's tax claims should be repaid with post-confirmation interest even if repaid in full, in cash, within an unspecified date from the Effective Date when the claim may be deemed "allowed."

12. A Plan filed under Chapter 11 should not be confirmed unless all the mandatory requirements of 11 U.S.C. §1129 are met. The burden is on the debtor to prove that all of these requirements have been complied with, therefore making the Plan capable of being confirmed. In re Jacob Wandler, 77 B.R. 728, 732 (Bankr. D. N.D. 1987).

13. Since debtors have not complied with the requirements of 11 U.S.C. §1129(a)(9)(C) for priority claims, the N.J. Division respectfully submits that this court should not confirm Debtors' Plan.

## POINT II

THE PLAN'S RELEASE AND INJUNCTION LANGUAGE WITH RESPECT TO OBLIGATIONS OF INDEPENDENT NON-DEBTOR INDIVIDUALS SHOULD BE AMENDED.

14. The proposed plan at Article VI, Sections 6.2 and 6.3 and Article XI, Section 11.10 provides that all holders of

Claims (the "Releasors") will unconditionally and irrevocably "release any debtors, as well as debtors' "shareholders, members, managers, general partners, officers, directors, employees, agents, representatives, attorneys and advisors or consultants" (the "Released Parties" and the "Protected Parties")from all potential direct, indirect or derivative claims, suits, judgments, etc. Debtor's proposed injunction  Sections provide that on the Effective Date, the Releasors are permanently enjoined from taking listed actions against the Released and Protected Parties.

15.  The broad language of these sections would operate as a release of the N.J. Division's ability to collect unpaid trust fund taxes of debtors from non-debtor responsible officers and also enjoin the collection of such debts from these individuals. Debtor's proposed injunction violates 11 U.S.C. §524(e) and should be amended as to the N.J. Division's claim because it impinges upon the State's statutory and legal rights of collecting taxes from non-debtors.  Section 524(e) of the Bankruptcy Code "makes clear that the bankruptcy discharge of a debtor, by itself, does not operate to relieve non-debtors of their liabilities."  In re Continental Airlines, 203 F.3d 203, 211 (3d Cir. 2000).

16.  Here, a portion of the tax claim is for trust fund taxes, for which a responsible person or officer of debtor may be held liable. Since the N.J. Division has the right pursuant to State law to pursue responsible officers for tax liabilities,

confirmation of debtor's Plan with the included release and injunction language would violate the Tax Injunction Act, 28 U.S.C. §1341. McCrory Corp. v. Texas Comptroller of Public Accounts, 212 B.R. 229, 231 (S.D. N.Y. 1997). The Tax Injunction Act provides:

> The District Courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State. 28 U.S.C. §1341.

17. Since the Tax Injunction Act is applicable to taxation and collection under State taxing statutes, any attempt to prevent the taxing authority from asserting State law remedies against non-debtors, either through a release or injunction, is in violation of 28 U.S.C. §1341 and, subsequently, 11 U.S.C. §1129(a)(3). Therefore, the N.J. Division objects to Plan language releasing non-debtors or preventing the N.J. Division from exercising its statutory rights against non-debtor responsible persons.

18. Further, the debtors Plan seeking a release and injunction impermissibly extends this Court's jurisdiction over persons not before it as debtors, namely, any responsible persons of the debtor. See, Quattrone Accountants, Inc. v. Internal Revenue Service, 898 F.2d 921, 926-27 (3d Cir. 1990); Laughlin v. United States, 912 F.2d 197 (8th Cir. 1990), cert. denied, 498 U.S. 1120 (1991) (anti-injunction prevents bankruptcy courts from issuing order affecting tax obligations of non-debtors); In re

Morrisville Body Works, Inc., 89 B.R. 440, 442 (Bankr. E.D. Pa. 1988) (when court has no jurisdiction over non-debtor taxpayers, it is "irrelevant" that responsible person tax assessment will adversely affect debtor's reorganization).

19. Accordingly, the N.J. Division requests that the Plan's language be amended to clarify that no release or injunction extends to responsible persons with respect to the trust fund tax claims of the N.J. Division.

### POINT III

#### DEBTORS PLAN FAILS TO PROVIDE DEFAULT REMEDIES.

20. The N.J. Division objects to the Plan's failure to include remedies in the event of a default under the Plan. Although §1123(a)(5)(G) specifies that a Plan should provide default remedies for creditors, the debtor's Plan fails to provide any such remedies. Lack of default remedies forces creditors, especially priority tax claimants, into an untenable situation should the debtor default on Plan obligations. Without proper default Plan provisions, priority tax claimants would be forced to pursue collection of Plan defaults in this Court.

21. A post-confirmation default should be treated as any other contractual default under state law. Instead of increasing the burden upon creditors, the Plan should grant creditors clear and concise default remedies in forums with concurrent jurisdiction. Without adequate default remedies, the

Plan deprives the N.J. Division of the ability to pursue Plan defaults in nonbankruptcy forums. The N.J. Division requests that the following language be included in the confirmation order:

> <u>Retained Jurisdiction and Enforcement Remedies for Tax Claimants</u>:  Notwithstanding anything in this plan to the contrary, the Bankruptcy Court shall not retain jurisdiction with respect to tax claims except for (i) resolving the amount any tax claims arising prior to confirmation, and (ii) enforcing the discharge provisions of the confirmed plan.  A failure by the reorganized debtor to make a payment to holders of tax claims pursuant to the terms of the plan shall be an event of default.  If the reorganized debtor fails to cure an event of default as to Plan payments on the tax claims within thirty days after receipt of written notice of default from a tax claimant, then the tax claimant may (a) enforce the entire amount of its claim; (b) exercise any and all rights and remedies such tax claimant may have under applicable nonbankruptcy law; and/or (c) seek such relief as may be appropriate in this Court.

22.  The N.J. Division respectfully submits that this Court should not confirm this Plan because it fails to provide adequate default remedies for tax claims.

For the foregoing reasons, the State of New Jersey, Division of Taxation respectfully requests this Honorable Court to (1) deny confirmation of the debtors Plan; or (2) alternatively require the debtors to modify their Plan to correct the deficiencies set forth above; and (3) to grant it any other relief deemed fair and equitable.

                                      Respectfully submitted,

                                      ANNE MILGRAM
                                      ATTORNEY GENERAL OF NEW JERSEY
                                      Attorney for the New Jersey
                                      Division of Taxation

                        By:  /s/ Ramanjit K. Chawla
                            Ramanjit K. Chawla(RKC 1181)
                            Deputy Attorney General