| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>Caption in Compliance with D.N.J. LBR 9004-2(c)<br>PHILIP S. ROSEN, ESQ.<br>ZEICHNER ELLMAN & KRAUSE LLP<br>103 Eisenhower Parkway<br>Roseland, New Jersey 07068<br>(973) 618-9100<br><br>IN RE<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al.<br><br>Debtor(s). | (Chapter 11)<br><br>Case No. 08-14631<br><br>(Jointly Administered)<br><br>Judge: Gloria M. Burns |

### REQUEST AND APPLICATION OF LEXINGTON INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., AND CERTAIN OTHER AFFILIATES OF AMERICAN INTERNATIONAL GROUP, INC., FOR PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Lexington Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA., and certain other affiliates of American International Group, Inc. (together "Claimant"), which provided insurance coverage or other services to Shapes/Arch Holdings LLC, Shapes LLC, Ultra LLC, Delair LLC, and Accu-Weld (the "Debtors"), hereby file this request for payment of administrative expense claim, and respectfully state as follows:

   1.  On March 16, 2008, the Debtors commenced their bankruptcy cases under chapter 11, title 11 of the United States Code (the "Bankruptcy Code").

2. On and after the Petition Date, the Claimant provided and continues to provide director's and officer's liability, general liability insurance coverages, among others, to the Debtors for various periods commencing on June 30, 1990 and ending on August 1, 2008[1]. A spreadsheet listing the post-petition policies issued to the Debtors is attached hereto as Exhibit A. Additionally, Claimant and Debtors may have or may in the future enter into additional policies during the pendency of the bankruptcy case.

3. Pursuant to the policies, the Debtors are obligated to pay to Claimant, among other things, premium, certain deductibles, self-insured retentions, reimbursement obligations, any additional premium, fees, expenses and related costs. Claimant is entitled to administrative expense status pursuant to section 503(b) of the Bankruptcy Code for all amounts, liquidated, unliquidated, contingent or otherwise, for insurance and other services provided to the Debtors after the Petition Date. If any amounts become liquidated and due, Claimant seeks to be paid in the ordinary course of business. This Request is made for all obligations of the Debtors arising under the policies issued by Claimant to the Debtors whether or not the relevant insurance policies and related agreements are specifically listed or described in Exhibit A. Claimant reserves the right to amend this administrative expense claim request as such amounts become liquidated.

4. The test to determine whether an applicant is entitled to payment of an administrative expense, is whether the efforts of the applicant resulted in actual

---

[1] Nothing herein shall be deemed to modify the terms of the policies. For issues of coverage or otherwise, the policies shall control.

and demonstrable benefit to the debtor's estate. In re AM Intern, Inc., 203 B.R. 898, 904 (Bankr. D. Del. 1996) (citing Lebron v. Mecham Financial, Inc., 27 F.3d 944 (3d Cir. 1994)). It is well settled that insurance is a recognized means of protecting and preserving the estate, thus providing a benefit to the estate. In re Gamma Fishing Co., Inc., 70 B.R. 949, 953 (Bankr. S.D. Calif. 1987) (citing 2 Collier Bankruptcy Manual, 503-517 (3d ed. 1986)). It is equally well settled that the insurance provider is to be awarded administrative expense priority for the pro rata share of the premium during the post petition period in which the estate received benefits from the insurance contract. Gamma., 70 B.R. at 955 (where debtor receives necessary benefits from a pre-petition insurance contract, the insurer is entitled to an administrative claim for the pro-rata share of the premium during which the estate received the benefit of the contract).

5.  As the amount owed to Claimant relates to the period arising after the Petition Date and the Debtors received a substantial benefit from the existence of the insurance coverage, Claimant is entitled to an administrative expense claim, pursuant to section 503(b) of the Bankruptcy Code.

6.  Additionally, Claimant reserves the right to amend this request for payment to add any additional premiums or any deductibles, losses, or retentions on any of the policies set forth herein or on the list attached hereto in Exhibit A.

7.  The filing of this request for payment is not intended to waive any right to arbitration. Claimant expressly reserves the right to seek arbitration of any dispute arising in connection with this request. To the extent of any pre-existing arbitration agreement, this court's jurisdiction to resolve disputes should be limited to referring such disputes to arbitration and enforcing any arbitration award.

8. In executing and filing this request for payment, Claimant: (i) does not submit itself to the jurisdiction of this Court for any purpose other than with respect to said request for payment; (ii) does not waive any right or rights that it has or may have against any other persons liable for all or part of the request for payment set forth herein; (iii) expressly reserves the right to the extent permitted by law to amend or supplement this request for payment in any respect; and (iv) expressly reserves the right to assert all claims, causes of action, defenses, offsets or counterclaims. Claimant expressly reserves all rights to cancel or rescind any and all of the agreements which are the subject of this request for payment.

WHEREFORE, Claimant respectfully requests that the Court enter an Order (i) granting Claimant an allowed administrative expense claim for any amounts arising after the Petition Date; (ii) requiring the Debtors to make payment of such claim in the ordinary course of business; and (iii) providing for such other relief that the Court deems just and proper.

DATED:   Roseland, New Jersey
         June 27, 2008

                                    ZEICHNER ELLMAN & KRAUSE LLP
                                    Attorneys for Claimants Lexington Insurance
                                    Company, National Union Fire Insurance
                                    Company of Pittsburgh, PA and certain other
                                    affiliates of American International Group, Inc.

BY:     _____
        PHILIP S. ROSEN (PSR-0116)
        103 Eisenhower Parkway
        Roseland, New Jersey 07068
        (973) 618-9100

# EXHIBIT A

## DEBTORS' LIST

| | |
|---|---|
| **Shapes/Arch Holdings, LLC** | **08-14631** |
| **Shapes, LLC** | **08-14632** |
| **Ultra LLC** | **08-14633** |
| **Delair LLC** | **08-14634** |
| **Accu-Weld** | **08-14635** |

Shapes/Arch Holdings Admin List

| Policy # | MLOB | Insured Name | Writing Company | Profit Center | Effective | Expires |
|---|---|---|---|---|---|---|
| WR10005638 | OTHR | SHAPES/ARCH HOLDINGS, L.L.C | N/A | 22 - MULTI-LINE PA | 2007-05-01 | 2008-05-01 |
| 00006762386 | GL | DELAIR GROUP L.L.C | LEXINGTON INSURANCE COMPAN' | 92 - CASUALTY | 2007-08-01 | 2008-08-01 |
| 00006762025 | GLEX | DELAIR GROUP L.L.C | LEXINGTON INSURANCE COMPAN' | 92 - CASUALTY | 2006-08-01 | 2007-08-01 |
| 00006762531 | GL | DELAIR GROUP, LLC | LEXINGTON INSURANCE COMPAN' | 92 - CASUALTY | 2007-06-30 | 2008-06-30 |
| 00000506067 | GL | DELAIR GROUP, LLC | LEXINGTON INSURANCE COMPAN' | 92 - CASUALTY | 2007-06-30 | 2008-06-30 |