UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

Robyn F. Pollack (RP 8974)
SAUL EWING LLP
A Delaware Limited Liability Partnership
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7537 (phone)
(215) 972-1946 (fax)
Attorneys for SL Industries, Inc.

In re:

SHAPES/ARCH HOLDINGS L.L.C., et al.,

Debtors.

Case No. 08-14631 (GMB)

Judge: Gloria M. Burns

Chapter: 11

Hearing Date: July 8, 2008 at 10:00 a.m.

## PROTECTIVE OBJECTION OF SL INDUSTRIES, INC. TO CONFIRMATION OF DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION

SL Industries, Inc. ("SL Industries"), by and through its undersigned attorneys, hereby files this protective objection (the "Protective Objection") to confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan"). In support thereof, SL Industries respectfully represents as follows:

### Background

1.  On March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings, L.L.C. and its subsidiaries, Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code"). Since filing their petitions for relief, the Debtors have continued to operate their businesses and have maintained

possession of their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the

Bankruptcy Code. The Debtors' cases have been consolidated for administrative purposes only.

### Objection

2.    As of the date of this Protective Objection, SL Industries has been, and

continues to be, engaged in extensive negotiations with the Debtors and Arch Acquisition I, LLC

with respect to certain language contained in Section 11.10 (Confirmation Injunction) and

Section 1.56 (definition of Environmental Claim) of the Plan. As currently written, such sections

appear to enjoin future contribution claims, in violation of the law of the Third Circuit. See In re

M. Frenville Co., Inc., 744 F.2d 332, 337 (3d Cir. 1984) ("a claim for contribution or

indemnification does not accrue at the time of the commission of the underlying act, but rather at

the time of the payment of the judgment flowing from the act."). See also In re Penn Central

Transportation Co., 71 F.3d 1113 (3d Cir. 1995); In re Remington Rand Corp., 836 F.2d 825 (3d

Cir. 1988); In re Reading Co., 404 F. Supp. 1249 (D.C. Pa 1975); In re Grossman's Inc.,

Adversary No. 07-56102, 2008 WL 2346188 (Bankr. D. Del. June 9, 2008).

3.    SL Industries, as well as other parties-in-interest, may hold post-

confirmation, future contribution or other claims or rights against the Debtors that cannot as a

matter of law be enjoined or discharged by the Plan. See Conway v. Mister Softee, Inc., 91

N.J.Super. 179, 219 A.2d 536 (Co.1966) (under New Jersey contribution law, there is

prerequisite of payment of judgment before contribution can be sought); see also United States v.

Atlantic Research Corp., 127 S.Ct. 2331, 2334, 2337-38, 168 L. Ed.2d 28, 40 (2007) (a private

party may not obtain contribution under section 113(f)(1) unless and until it has been sued under

section 106 or 107(a) of the Comprehensive Environmental Response, Compensation and

Liability Act (CERCLA)).

4.    SL Industries is concerned that the language of the Plan as currently written may preclude the assertion, against the Reorganized Debtors and any and all applicable insurance policies, of contribution claims that arise after the Effective Date of the Plan.

5.    SL Industries is hopeful that this issue can be resolved consensually but asserts this Protective Objection in the event agreement is not reached on this issue prior to the hearing on confirmation of the Plan, which is scheduled to occur on July 8, 2008.  Moreover, in the event that agreement is reached, counsel to SL Industries requires a reasonable opportunity to review the Debtors' proposed form of Confirmation Order to ensure that such proposed Order accurately reflects the negotiated language.

### Reservation of Rights

6.    SL Industries reserves its rights to raise and be heard with respect to other and further objections with respect to confirmation of the Plan, whether at the scheduled hearing on confirmation of the Plan or otherwise.

Respectfully submitted,

SAUL EWING LLP

Dated: June 30, 2008                    By:

_____/S/_____
Robyn Forman Pollack, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7537

*Counsel for SL Industries, Inc.*