| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY | |
| Robyn F. Pollack (RP 8974)<br>SAUL EWING LLP<br>A Delaware Limited Liability Partnership<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>(215) 972-7537 (phone)<br>(215) 972-1946 (fax)<br>Attorneys for SL Industries, Inc. | Case No. 08-14631 (GMB)<br><br>Judge: Gloria M. Burns |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br><br>Debtors. | Chapter: 11<br><br>Hearing Date: July 8, 2008 at 10:00 a.m. |

### PROTECTIVE OBJECTION OF SL INDUSTRIES, INC. TO DEBTORS' MOTION TO DISALLOW CLAIMS FOR CONTRIBUTION AND IN THE ALTERNATIVE TO ESTIMATE CLAIMS

SL Industries, Inc. ("SL Industries"), by and through its undersigned attorneys, hereby files this protective objection (the "Protective Objection") to the Debtors' Motion to Disallow Claims for Contribution and in the Alternative to Estimate Claims (the "Motion"). In support thereof, SL Industries respectfully represents as follows:

### Background

1. On March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings, L.L.C. and its subsidiaries, Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code"). Since filing their

petitions for relief, the Debtors have continued to operate their businesses and have maintained possession of their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. The Debtors' cases have been consolidated for administrative purposes only.

2. On May 14, 2008, SL Industries filed two proofs of claim with the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC, which both relate to environmental litigation: (i) proof of claim number 547 (the "Pennsauken Claim") with respect to the Pennsauken Solid Waste Management Authority, et al. v. Ward Sand Material Co., Inc. et al. litigation (the "Pennsauken Litigation"); and (ii) proof of claim number 612 (the "Harris Claim") with respect to the Harris v. Advanced Supply Process Company, et al. litigation.

3. On June 20, 2008, the Debtors filed the Motion which, among other things, seeks to disallow the Pennsauken Claim and the Harris Claim as contingent contribution claims. The Debtors also sought a reduction of the notice period applicable to the Motion from 30 days – as proscribed by Federal Rules of Bankruptcy Procedure 3007(a) – to 18 days, with a ten-day response deadline, of July 1, 2008.

## Objection

4. As an initial matter, SL Industries does not understand why the Motion is being prosecuted on an expedited basis. The stated justification for the shortened notice periods with respect to the Motion are twofold: (a) first, that it "would be more efficient for the administration of these cases" for the Motion to be heard on the same day as the hearing on confirmation of the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (as such plan may be further modified, the "Plan") and (b) second, that the Court's Order approving the Debtors' disclosure statement approved of this process and timing. Neither of these stated justifications withstands scrutiny. The Debtors' assertion that a shortened notice period is "more

efficient" is unsupported, and the relied-upon procedure contained in the Order approving the Debtors' disclosure statement is inapplicable. Such procedure governs objections *for voting purposes only*, whereas the Motion seeks a substantive disallowance of claims. See Order (i) Approving the Joint Disclosure Statement for the Third Amended Joint Plan of Reorganization; (ii) Approving Form and Manner of Solicitation Packages; (iii) Approving the Form and Manner of Notice of the Confirmation Hearing; (iv) Establishing Record Date and Approving Procedures for Distribution of Solicitation Packages; (v) Approving Forms of Ballots; (vi) Establishing Deadline for Receipt of Ballots; (vii) Approving Procedures for Vote Tabulations; (viii) Establishing Deadline and Procedures for Filing Objections to Confirmation of the Plan; and (ix) Granting Related Relief, ¶ 22, p. 10. Indeed, as SL Industries did not vote to reject the Plan and does not intend to look to estate assets (as opposed to insurance) for recovery on the Pennsauken Claim or the Harris Claim, it appears unclear as to why such claims must be addressed now.

5. On a substantive basis, SL Industries has been, and continues to be, engaged in negotiations with the Debtors and Arch Acquisition I, LLC ("Arch") with respect to the Motion. As part of these negotiations, SL Industries has offered to withdraw the Pennsauken Claim and the Harris Claim, but only pursuant to a stipulation or agreed order that clearly preserves SL Industries' status as a holder of "Environmental Claim(s)", as such term is defined in the Plan. As of the filing of this Objection, no agreement has been reached on such a stipulation or agreed order, which is necessary to ensure that the Pennsauken Claim and the Harris Claim are accorded the appropriate treatment afforded by the Plan.

6. More fundamentally, given the Plan's proposed treatment of Environmental Claims – which are permitted recovery solely from the Debtors' insurance policies – it is unclear why the Pennsauken Claim and the Harris Claim need to be disallowed.

7.  Further, the Debtors have indicated that they are in negotiations with certain insurance companies and with the plaintiff in the Pennsauken Litigation, and have represented that the outcome of these discussions may affect SL Industries, as well as other environmental parties. Pending the outcome of these negotiations, and/or the negotiation of a stipulation or agreed order that clearly preserves SL Industries' status as a holder of Environmental Claims with rights to recover from the Debtors' insurance policies, SL Industries must reserve all rights regarding the Motion.

Respectfully submitted,

SAUL EWING LLP

Dated: July 1, 2008         By:  /s/
_____
Robyn Forman Pollack, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7537

*Counsel for SL Industries, Inc.*