

July 1, 2008

**VIA ECF**
The Honorable Gloria M. Burns
United States Bankruptcy Court
District of New Jersey
400 Cooper Street
Camden, New Jersey 08101

        Re:    In re: Shapes/Arch Holdings LLC, *et al.* (the "Debtors")
                Case No. 08-14631 (GMB)

                Limited Objection to Debtors' Motion to Disallow Claims for
                Contribution and in the Alternative to Estimate Claims

Dear Judge Burns:

      This firm serves as local counsel for Combustion Engineering, Inc., successor by merger to C-E Glass, Inc. ("Combustion Engineering").[1] This letter objection is filed on behalf of Combustion Engineering and other creditors (jointly referred to as the "Generator Defendants")[2] of the Debtors who have asserted claims arising from environmental contamination of certain real property located in Pennsauken, New Jersey. On June 20, 2008, the Debtors filed a Motion to Disallow Claims for Contribution and in the Alternative to Estimate Claims (the "Motion"). Hearing on the Motion is currently scheduled for July 8, 2008. Please accept this limited letter objection on behalf of the Generator Defendants in lieu of a more formal response to the Motion.

---

[1] The law firm of Dewey & LeBoeuf LLP serves as lead counsel for Combustion Engineering.
[2] The creditors are a subset of Direct Generator Defendants in an action pending in the Superior Court of New Jersey, Camden County, Law Division entitled Pennsauken Solid Waste Mgmt. Auth. et al. v. Ward Sand Materials Co., Inc., et al., Docket No. L-13345-91. They consist of the following entities: Boise Cascade Corp.; Weyerhaeuser Company; Crescent Lighting; Combustion Engineering, Inc. on behalf of C-E Glass, Inc.; Rohm and Hass Co.; Devoe Coatings, Inc./The Glidden Co.; Georgia-Pacific Corp.; Sears Holding Management Corp.; Ford Motor Co.; SL Industries, Inc./SL Modern Hard Chrome; Our Lady of Lourdes Medical Center; and West Jersey Hospital. The Generator Defendants are represented by the following attorneys: Archer & Greiner, P.C.; Dewey & LeBoeuf LLP and Norris, McLaughlin & Marcus, P.A. (as local counsel); Conrad O'Brien Gellman & Rohn, P.C.; Drinker Biddle & Reath LLP; Latham & Watkins, LLP; Saul Ewing LLP and Sachs Maitlin Fleming & Greene.


875 Third Avenue, 18th Floor  New York, NY 10022  •  P: (212) 808-0700  •  F: (212) 808-0844
NJ Mailing Address: P.O. Box 1018  Somerville, NJ 08876-1018  •  NJ Hand Delivery: 721 Route 202 - 206  Bridgewater, NJ 08807
www.nmmlaw.com    E: info@nmmlaw.com

The Honorable Gloria M. Burns
July 1, 2008
Page 2

## FACTUAL BACKGROUND

On December 4, 1991, the Township of Pennsauken, Waste Management Authority (the "Authority") and others commenced a lawsuit in the Superior Court of New Jersey, Camden County, Law Division, entitled <u>Pennsauken Solid Waste Mgmt. Auth. et al. v. Ward Sand Materials Co., Inc., et al.</u>, Docket No. L-13345-91 (the "Pennsauken Litigation"), against the Debtors, the Generator Defendants and others. The Authority owns and operates a landfill located in Pennsauken, New Jersey. The plaintiffs in the Pennsauken Litigation allege that the Generator Defendants and the Debtors generated wastes containing hazardous substances that were disposed of in the landfill and, as a result, are responsible for clean up and removal costs associated with groundwater contamination in the landfill. The Pennsauken Litigation remains pending before the Superior Court.

On March 16, 2008, the Debtors filed their respective Petitions for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code"). The Generator Defendants thereafter timely filed proofs of claims against the Debtors, asserting claims arising from the subject matter of the Pennsauken Litigation.

On May 12 and 23, 2008, the Debtors filed their Second Amended Joint Disclosure Statement (the "Disclosure Statement") and Third Amended Joint Plan (the "Plan"), respectively. The Plan classifies the claims of the Generator Defendants as Class 9 environmental claims and provides for distributions to the holders of such claims to be made from the proceeds of applicable insurance policies and that any deficiency claims be treated as general unsecured claims. On May 27, 2008, the Court entered an Order approving the Disclosure Statement and the form and manner of the solicitation packages for the Plan. Hearing on confirmation of the Plan is currently scheduled for July 8, 2008, the return date of the Motion.

The Debtors have filed the Motion seeking to expunge the claims of the Generator Defendants. The Debtors assert that, pursuant to 11 U.S.C. § 502(e)(1)(B), such claims must be expunged as they are contingent claims for contribution. The Generator Defendants request that any order entered modifying the Generator Defendants' claims provide that same is without prejudice to the rights of the Generator Defendants to recover under any policies of insurance maintained by the Debtors providing coverage for said claims.

## ARGUMENT

Section 502(e)(1)(B) of the Bankruptcy Code provides as follows:

> [T]he court shall disallow any claim for reimbursement or contribution of an entity that is liable with the debtor on or has secured the claim of a creditor, to the extent that such claim for reimbursement or contribution is contingent as of the time of allowance or distribution of such claim for reimbursement or contribution.

11 U.S.C. § 502(e)(1)(B).

2

The Honorable Gloria M. Burns
July 1, 2008
Page 3

Regardless of whether the Debtors are entitled to an order disallowing the contribution claims pursuant to Section 502(e)(1)(B) of the Code, the Generator Defendants are concerned that a disallowance of their claims may be interpreted as eliminating any rights which the Generator Defendants may have to recover under their claims to the extent of any applicable insurance coverage maintained by the Debtors. Accordingly, the Generator Defendants respectfully submit that any order entered with respect to their claims provide that same is without prejudice to their rights to recover from the Debtors' insurers.

Indeed, the Disclosure Statement and Plan indicate that there is insurance coverage for the claims of the Generator Defendants. The Disclosure Statement provides that "most if not all of the [numerous environmental claims] are covered by applicable insurance policies." (See Docket No. 274 at p. 18.). There is no doubt that such coverage applies to the claims arising from the Pennsauken Litigation. The Disclosure Statement acknowledges that the Debtors' insurance carriers have paid defense and/or indemnity costs to date for the Pennsauken Litigation. (See Docket No. 274 at p. 24).

Moreover, under Section 4.4 of the Plan, the Debtors have provided for a $25,000 distribution to the New Jersey Department of Environmental Protection ("NJDEP") for payment of, *inter alia*, claims arising from the Pennsauken Litigation. (See Docket No. 338 at p. 17, 42). The Plan further provides that funding for the distribution to the NJDEP and other environmental claimants, such as the Generator Defendants, will be made from the applicable insurance policies with any deficiency claims treated as general unsecured claims. Given that insurance coverage clearly exists for the Generator Defendants' claims, any order entered disallowing such claims must preserve the Generator Defendants' rights to recover from the third party insurance companies.

Furthermore, preserving the Generator Defendants' right to recover from the third party insurance carriers, who specifically contracted to provide coverage for the Debtors' environmental claims, does not run afoul of Section 502(e)(1)(B). "Section 502(e)(1)(B) is not a means of immunizing debtors from contingent liability, but instead protects debtors from multiple liability on contingent debts." In re Allegheny Intern, Inc., 126 B.R. 919, 922 (W.D.Pa. 1991). The legislative history of the statute provides, in pertinent part, as follows:

> [Section] 502(e) requires disallowance of the claim for reimbursement or contribution of a co-debtor, surety, or guarantor of an obligation of a debtor, unless the claim of the creditor on such obligation has been paid in full. The provision prevents competition between a creditor and his guarantor for the limited proceeds in the estate.

S.Rep. No. 95th Cong., 2nd Sess. 65 (1978).

The Honorable Gloria M. Burns
July 1, 2008
Page 4

    Here, any recovery by the Generator Defendants from the Debtors' insurance carriers will not subject the Debtors to multiple liability on the same claim or any liability whatsoever. In fact, the prosecution of claims against the Debtors' insurers will have no conceivable impact on the Debtors' estate.

    Based upon the foregoing, the Generator Defendants respectfully request that any order disallowing their claims preserve their right to recover from the Debtors' insurers.

                                  Respectfully submitted,

                                  Melissa A. Peña

cc:      Mark E. Felger, Esq.
           Jerrold N. Poslusny, Jr., Esq.
           All Other Parties Receiving ECF Notice