# EXHIBIT A

*Law Offices of*
*Schmidt & Tomlinson*
*29 Union Street*
*Medford, New Jersey 08055*
*(609) 714-0600*
*Fax (609) 714-0610*
*schmidtlaw@comcast.net*

*Sandford F. Schmidt*
*Christopher D. Swirchak*

*Ephraim Tomlinson, 2nd*
*(1914-1996)*
*Judith A. Schneider, Of Counsel\**
*\*Also Admitted in PA, DC*

May 15, 2008

**VIA EMAIL & REGULAR MAIL**

Louis Giansante, Esquire
Carol Rodgers Cobb, Esquire
**Counsel for Ward Sand**

Kenneth H. Mack, Esquire
**Counsel for Third Party (Generator) Defendants**

Mark A. Stevens, Esquire
**Counsel for Municipalities**

Michael Bogdonoff, Esquire
**Counsel for Swope-Related Third Party Defendants**

Kevin McKenna, Esquire
**Counsel for Generators & Puchak Defendants**

Michael D. Lichtenstein, Esquire
**Counsel for Palmyra-related 3rd Party Def**

Re:  Pennsauken Landfill Litigation - Liaison File
     Our File No. 11962-1

Dear Counsel:

This law firm represents the Defendant Transporter Group in the above captioned matter.

Pursuant to Judge Lifland's directions at the April 18, 2008 conference, the Transporters provide the following information with respect to damages:

With respect to Groundwater Quality Investigation, our budget is $113,380; $98,353.33 has been billed to date. The remaining budget as of 4/25/2008 was $15,026.67.

With respect to Groundwater Modeling, the total budget is $110,000. Total billed to date is $76,028.08. The remaining budget as of 4/25/2008 was $33,971.92.

Therefore the total Transporter Group damages will be $223,380, the total billed to date is $174,381.41, the remaining budget, as of 4/25/2008 was $48,998.59.

Letter to Liaison Counsel
May 15, 2008
Page 2

    Should you have any questions do not hesitate to contact me.

                                    Very truly yours,

                                    Sandford F. Schmidt

cc:    Transporter Group

H:\Ann\PENNSAUK\2008\LiaisonCounsel.002.wpd

# EXHIBIT B

**LITCHFIELD CAVO LLP**
*An Illinois Limited Liability Partnership*
By: Kathleen J. Collins, Esquire
    Kelly A. Krail, Esquire
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ 08002
(856) 854-3636
Attorneys for Creditor Quick-way, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY (CAMDEN)

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| SHAPES/ARCH HOLDINGS, L.L.C., | ) | |
| et al, | ) | Case No. 08-14631 (GMB) |
| | ) | |
| Debtors. | ) | Hearing Date: July 8, 2008 |
| | ) | 10:00 a.m. |

**CERTIFICATION OF KATHLEEN J. COLLINS, ESQUIRE IN SUPPORT OF CREDITOR, QUICK-WAY, INC.'S, OBJECTION TO DEBTORS' MOTION TO DISALLOW CLAIMS**

I, Kathleen J. Collins, Esquire, being of full age, hereby certifies to the best of my knowledge that:

1.   I am an attorney with firm of Litchfield Cavo LLP, which represents Quick-way, Inc. in the within matter and in the matter captioned *Pennsauken Solid Waste Management Authority, et al. v. Ward Sand and Materials Company, Inc., et al*, Docket Number CAM-L-13345-91 ("Pennsauken Landfill").

2.   My firm's Wisconsin office also represented Quick-way, Inc.. as a creditor in the matter captioned *In Re FV Steel*, Case No. 04-224a1 in the Eastern District of Wisconsin.

3.   In addition to the Quick-way, Inc. and the Pennsauken Plaintiffs filing proofs of claims, a number of other Pennsauken Landfill defendants also filed proof of claims.

4.   As a result of the number of proofs of claims related to the Pennsauken Landfill

matter, the Debtors and the Pennsauken Landfill creditors attempted to negotiate the disallowance of the Pennsauken claims and to replace them with two claims held by the Pennsauken Plaintiffs.

3. *In Re FV Steel* was scheduled for a 2004 hearing in the early part of 2005.

4. An attorney in my firm's Wisconsin office was preparing participate in the *In Re FV Steel* 2004 hearing.

5. Shortly before the hearing date, the Pennsauken Plaintiffs contacted the remaining Pennsauken Landfill creditors and advised that they were settling with the Debtor for $750,000.00 and the settlement would be for all claims.

6. Quick-way and all of the Pennsauken Landfill creditors other than the Pennsauken Solid Waste Management Authority agreed not to pursue the matter and allowed their claims to be dismissed.

I hereby certify that the statements made by me are true. I am aware that if the above statements made by me are knowingly false, that I may be subject to punishment.

Respectfully Submitted,

Dated: July 1, 2008

LITCHFIELD CAVO LLP
*An Illinois Limited Liability Partnership*

*[signature]*
Kathleen J. Collins, Esquire
Attorneys for Creditor Quick-way, Inc.

# EXHIBIT C

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Shapes/Arch Holdings, L.L.C. | Case Number: 08-14631-GMB |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Quick Way, Inc.

Name and address where notices should be sent:
c/o Kathleen Collins, Esq., Litchfield Cavo LLP
1800 Chapel Avenue West, Suite 360
Cherry Hill, NJ  08002

Telephone number:
(856)854-3636

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number:_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**   $ 77,871,004.43

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:**   See attached Exhibit A
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____

   3a. **Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:

   Value of Property:$_____   Annual Interest Rate___%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   if any: $_____ . Basis for perfection: _____

   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   Amount entitled to priority:

   $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 05/14/2008 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.
*/s/ Kathleen J. Collins* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

## _____DEFINITIONS_____ | _____INFORMATION_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Exhibit A**

Pennsauken Township, Pennsauken Solid Waste Management Authority, and the Pollution Control Financing Authority of Camden County filed an action in 1991 titled *Pennsauken Solid Waste Mgt. Auth. v. Ward Sand Material Co., Inc., et al.*, New Jersey Superior Court, Camden County, Law Division, Docket L:13345-91, ("Pennsauken Landfill Litigation,") against various transporters and other parties potentially responsible for the contamination of a landfill site located in the Township of Pennsauken ("Landfill"). The Pennsauken Plaintiffs allege that their damages are $77,871,002.43.

Quick-way, Inc. ("QWI") is a direct defendant in this Spill Act contribution action, as is Aluminum Shapes, Inc. Pursuant to an agreement with the Pennsauken Plaintiffs, QWI, as part of the Transporter Liaison Group, has funded integral parts of the remediation process required by the NJDEP. Consequently, QWI has expended money to remediate the Landfill.

The Debtor, Shapes/Arch Holdings, L.L.C., also known as Aluminum Shapes Inc. ("Aluminum Shapes"), upon information and belief, is a company located adjacent to the Landfill. Aluminum Shapes disposed of waste at the Landfill. Aluminum Shapes caused effluent from its facility to be disposed of into the Landfill. Aluminum Shapes also disposed of waste at the Landfill. Therefore, Aluminum Shapes is both an on-site and off-site contributor to the contamination of the Landfill site that is the subject of the Pennsauken Landfill Litigation during the relevant time frame of the action from 1970 through June of 1982, and thereby constitutes a significant contributor to the site. As a significant contributor to the contamination of the Landfill site and an indispensable co-defendant, Aluminum Shapes is liable for the cost of the remediation. QWI, as Aluminum Shapes' co-defendant in the Pennsauken Landfill Litigation, therefore, has an unsecured claim against Aluminum Shapes for the full amount of the remediation costs, which are estimated at $77,871,002.43.