NOLA R. BENCZE (NB7698)
JAMES J. O'TOOLE (JO2030)
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-8700
Facsimile:  (215) 665-8760

*Attorneys for Creditor Waste*
*Management of New Jersey, Inc.*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**(CAMDEN VICINAGE)**

| | | |
|---|---|---|
| | : | (Hon. Gloria M. Burns) |
| In re: | : | |
| SHAPES/ARCH HOLDINGS, L.L.C., | : | Chapter 11 |
| *et al,* | : | |
| Debtors. | : | Lead Case No.: 08-14631 (GMB) |
| | : | (Jointly Administered) |
| | : | |
| | : | Hearing Date:  July 1, 2008 at 10:00 a.m. |

**WASTE MANAGEMENT OF NEW JERSEY, INC.'S OBJECTION TO DEBTORS'**
**MOTION TO DISALLOW CLAIMS FOR CONTRIBUTION AND IN THE**
**ALTERNATIVE TO ESTIMATE CLAIMS**

Creditor Waste Management of New Jersey, Inc. ("Waste Management"), by and

through its undersigned counsel, hereby objects to Shapes/Arch Holdings L.L.C. and its related

debtor entities (collectively, the "Debtors"),[1] the debtors and debtors-in-possession's motion to

disallow Waste Management's proof of claim ("the "Motion").  In opposition to the Motion,

Waste Management represents as follows:

---

[1]    In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"):  Shapes L.L.C. ("Shapes"), Delair L.L.C. ("Delair"), Accu-Weld L.L.C. ("Accu-Weld") and Ultra L.L.C. ("Ultra").

## BACKGROUND

1.      On March 16, 2008, the Debtors filed their respective petitions for relief under Chapter 11 of the Bankruptcy Code.  These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor Shapes/Arch Holdings, L.L.C.

2.      The Debtors continue to operate their businesses and manage their properties as debtors-in-possession.  This Court has not appointed a trustee or examiner.

3.      This Court has jurisdiction over Debtors' Motion pursuant to 28 U.S.C. § 1334.  Venue is proper in this Court pursuant to 28 U.S.C. § § 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## THE PENNSAUKEN LITIGATION

4.      In 1991, Pennsauken Township, Pennsauken Solid Waste Management Authority and the Pollution Control Financing Authority of Camden County filed an action in the Superior Court of New Jersey, Law Division against various transporters, generators, municipalities and other parties potentially responsible for the contamination of a landfill site located in the Township of Pennsauken (the "Landfill").  The action is captioned at *Pennsauken Solid Waste Mgt. Auth. v. James D. Morrissey, Inc., et al.*, Docket No. L-13395-91 (the "Pennsauken Litigation").

5.      Plaintiffs assert claims under the New Jersey Spill Act (the "Spill Act"), N.J.S.A. 58:10-23.11 *et seq.* in the Pennsauken Litigation.  Specifically, Plaintiffs seek the recovery of costs it has incurred and will incur in the future for the remediation of the Landfill.

6.      Plaintiffs also have brought several common law causes of action in the Pennsauken Litigation, including negligence, nuisance, misrepresentation, creation of an

abnormally dangerous activity and gross negligence.  Plaintiffs' alleged damages are

approximately $77,871,002.43.

   7. The Debtors own and operate a manufacturing facility that is adjacent to

the Landfill.  The Debtors also disposed of waste containing hazardous substances at the Landfill

during the relevant time period in the Pennsauken Litigation.  The Debtors are both an on-site

and off-site contributor to the hazardous substances at the Landfill and therefore are liable for

their allocable share of the costs of the Site's remediation.

   8. Waste Management also is a direct defendant in the Pennsauken Litigation

and has cross-claims against the Debtors under the Spill Act.

   9. Pursuant to an Administrative Consent Order entered into with the New

Jersey Department of Environmental Protection ("NJDEP"), the Pennsauken plaintiffs have

undertaken remedial investigative studies and efforts at the Landfill.  And, pursuant to an

agreement with the Pennsauken Litigation plaintiffs, the transporter liaison group (which

includes Waste Management) has performed NJDEP ordered remedial studies at the site.  Waste

Management therefore has expended funds to remediate the Landfill.  A true and correct copy of

the May 15, 2008 letter from Sanford Schmidt identifying the transporter liaison group's

damages is attached as Exhibit 1.

   10. Expert discovery is ongoing in the Pennsauken Litigation and trial is

scheduled to commence on September 2, 2008.

## WASTE MANAGEMENT'S PROOF OF CLAIM

   11. On May 15, 2008, Waste Management filed a timely proof of claim

against the Debtors.  A true and correct copy of the proof of claim is attached as Exhibit 2.

   12. In its proof of claim, Waste Management seeks reimbursement of the

funds it has expended as a member of the transporter liaison group to remediate the Landfill.

Waste Management also asserted a claim for at least a portion of the past and future remediation costs, which are currently estimated to be $77,871,002.43.

## LEGAL ARGUMENT

13.     Debtors contend that Waste Management's claim should be disallowed pursuant to Section 502(e)(1) of the Bankruptcy Code because it is a contingent claim for reimbursement or contribution upon which Waste Management and the Debtors are jointly liable to a third party.  On the contrary, at least a portion of Waste Management's claim seeks reimbursement of funds it has *actually* expended and will *actually* expend to remediate the Landfill.

14.     To the extent that Waste Management is seeking reimbursement of funds it has personally expended or will personally expend, this Court should not disallow the claim. For example, the court in *Matter of Harvard Indus., Inc.*, 138 B.R. 10 (Bankr. D. Del. 1992), did not disallow a proof of claim under Section 502(e)(1)(B) that was filed by a landfill owner where the owner had remediated the site.  The court reasoned that a claim which sought reimbursement of funds it had expended or would expend to remediate the site was not contingent within the meaning of Section 502(e)(1)(B).  Similarly, the court in *In re Allegheny Int'l, Inc.*, 126 B.R. 919 (W.D. Pa.), *aff'd*, 950 F.2d 721 (3d Cir. 1991), found that a claim seeking reimbursement of funds expended by the claimant and not a governmental agency was not disallowable under Section 502(e)(1)(B).

## RESERVATION

15.     Waste Management reserves its right to supplement its response on any additional ground.

WHEREFORE, Waste Management of New Jersey, Inc. respectfully requests that this Court deny Debtors' Motion to Disallow its Proof of Claim and grant such other and further relief as is just and proper.

Dated:  July 1, 2008

BUCHANAN INGERSOLL & ROONEY PC

By:   /s/ Nola R. Bencze
  Nola R. Bencze
  James J. O'Toole
  1835 Market Street, 14th Floor
  Philadelphia, Pennsylvania 19103
  Tel.: (215) 665-8700
  Facsimile:  (215) 665-8760
  *Attorneys for Creditor Waste*
  *Management of New Jersey, Inc.*