DRINKER BIDDLE & REATH LLP
A Delaware Limited Liability Partnership
500 Campus Drive
Florham Park, New Jersey 07932-1047
(973) 360-1100
Attorneys for Nationwide Industries, Inc.
A. Dennis Terrell (DT 8331)
Michael J. Reynolds (MR 2185)

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| In Re: | : | |
| | : | Chapter 11 |
| SHAPES/ARCH HOLDINGS L.L.C., | : | |
| et al., | : | Case No.  08-14631 (GMB) |
| | : | |
| | : | |
| | : | |
| Debtors. | : | |
| | : | |

**DECLARATION OF MICHAEL REYNOLDS IN SUPPORT OF NATIONWIDE
INDUSTRIES, INC'S OBJECTION TO CURE AMOUNT AND ADEQUATE
ASSURANCE OF FUTURE PERFORMANCE**

I, Michael J. Reynolds, state and declare as follows:

1.      I am an attorney at law, and an associate of the law firm Drinker Biddle & Reath, LLP, counsel to Nationwide Industries, Inc. ("Nationwide"), and am familiar with this bankruptcy case and the contractual relationship between Nationwide and Debtor Delair LLC ("Delair" or "Debtor").  I make this declaration based upon my personal knowledge of the contractual relationship and in support for the cure claim of Nationwide in these jointly administered bankruptcy cases.

2. Prior to the commencement of these bankruptcy cases, Nationwide and the Debtor entered into a non-exclusive licensing agreement, commencing on January 1, 2005, granting Nationwide the right to use Delair's patent, U.S.A. Patent No. 5,715,574 (the "Patent"), in the manufacture and sale of an aluminum push adjust self-closing hinge. (the "Licensing Agreement").  A true and correct copy of the Licensing Agreement is attached hereto as Exhibit A.

3. Pursuant to the Licensing Agreement, Delair warranted that it is the owner of the entire right, title and interest in the Patent. See Ex. A at ¶2.

4. Delair also agreed to: "indemnify, hold harmless and defend Nationwide from and against any liability or expense arising from any claim asserted by any party that the utilization by Nationwide of the license rights granted hereunder violate or infringe upon the rights of such party." Id. at ¶9.

5. Subsequently, Nationwide and Delair entered into an Endorsement and Amendment to Royalty and Patent License Agreement (the "Amended License Agreement"), whereby the parties agreed to extend the non-exclusive license to the Patent to include the manufacture and sale of a resin hinge for the vinyl fence industry.  A true and correct copy of the Amended License Agreement is attached hereto as Exhibit B.

6. Pursuant to the Amended License Agreement, Delair and Nationwide agreed that the Term of the original Licensing Agreement "shall be extended for an additional five (5) year period according to the same terms, conditions, rights and obligations set forth in the prior Agreement. See Ex. B at ¶3.

7.      On April 4, 2008, Nationwide was served with a Summons and Complaint, styled *D&D Group PTY LTD, et al. v. Nationwide Industries, Inc.*, Case No. 08-0236 (WQH), venued in the United States District Court for the District of Southern California (the "Patent Infringement Action").  A true and correct copy of the Complaint and the Proof of Service of Summons and Complaint in the Patent Infringement Action is attached hereto as Exhibit C.

8.      Plaintiffs in the Patent Infringement Action allege that Nationwide has infringed plaintiff's U.S. Patent No. 5,584,100 through the manufacture and sale its hinges. Ex. C at ¶¶ 11-15.  Plaintiffs seek a permanent injunction against Nationwide from further manufacture and sale of the allegedly infringing hinges that are covered under the Licensing Agreement and/or Amended Licensing Agreement and monetary damages for the alleged infringement.

9.      On April 24, 2008, Nationwide filed its Answer, Affirmative Defenses and Counterclaims to Plaintiffs Complaint generally denying the allegations in the Complaint.  A true and correct copy of Nationwide's Answer is attached hereto as Exhibit D.

10.      On or about April 11, 2008, Delair acknowledged it had received a copy of the D&D Patent Infringement Action and advised Nationwide's counsel that it would discuss the matter directly with D&D.  A true and correct copy of the email dated April 11, 2008 is attached hereto as Exhibit E.

11.      On or about June 23, 2008, the Debtors filed their Notice of Filing Schedule 8.1 to Debtors' Third Amended Plan (Docket No. 399).  Schedule 8.1 lists the Licensing Agreement as a contract the Debtors will assume and assign to Arch Acquisition LLC ("Arch"), as part of the Debtors' Third Amended Plan of Reorganization (the "Assumption and Cure Notice").  Although the Assumption and Cure Notice identifies the Licensing Agreement for assumption, it

lists the pre-petition date cure amount of $0.00 for the Licensing Agreement (the "Cure Amount").

12.     Nationwide submits that to the extent the Debtor seeks to assume the Licensing Agreement, pursuant to Section 365 of the Bankruptcy Code, the Debtor must cure defaults under the Licensing Agreement at the time of assumption, which Nationwide asserts includes the indemnification of the full costs of its defense in the Patent Infringement Action and any damages that may be assessed against Nationwide as a result to the Patent Infringement Action.

13.     To the extent the Debtor seeks to assume and assign the Licensing Agreement to Arch, pursuant to Section 365 of the Bankruptcy Code, the Debtor must meet its burden to provide adequate assurance of future performance.  Nationwide has received little information, if any, regarding the financial structure and wherewithal of Arch Acquisition LLC, the prospective purchaser, or its related entity HIG Capital, and their ability to provide future performance under the indemnity provisions of the Licensing Agreement.  Further, Nationwide has not been provided any cash flow projections or projections of operating results for Arch, or the terms of any financings, grants, tax abatements, capital contributions or critical vendor and distributor agreements related to Arch and its operation of the Debtors' businesses which might impact Arch's ability to provide Nationwide with adequate future performance, under the Licensing Agreement, which includes Nationwide's right to indemnification.  As such, the Debtor has not met its burden to provide adequate assurance of future performance of Arch Acquisitions LLC under the Licensing Agreement.

14.     Nationwide did not receive written notice of the Shapes/Arch Holdings L.L.C. bankruptcy case until it received in or around June 2008 a notice of the confirmation hearing to be held on July 8, 2008.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge.

Executed on July 2, 2008

/s/ *Michael J. Reynolds*
**Michael J. Reynolds**

FP01/ 3167916.1