# EXHIBIT "A"

Case 08-14631-GMB    Doc 465-1    Filed 07/02/08    Entered 07/02/08 11:39:52    Desc
Exhibit A    Page 1 of 4

# AGREEMENT

WHEREAS Delair Group, L.L.C. ("Delair"), which maintains a principal place of business at 8600 River Road, Delair, New Jersey, 08110, is the owner of the entire right, title, and interest in the U.S.A. Patent No. 5,715,574; and

WHEREAS Nationwide Industries, Inc. ("Nationwide"), 10333 Windhorst Road, Tampa, Florida, 33619, in 2004 began selling a product known as an "aluminum push adjust self-closing hinge" ("Hinge") which has features and characteristics that Delair claims are covered by U.S.A. Patent No. 5,715,574; and

WHEREAS Nationwide has sold 20,000 hinges in 2004 and has on order or in inventory another 36,000 Hinges; and

WHEREAS Delair disputes, that Nationwide has the right to sell the Hinge under U.S.A. patent law; and

WHEREAS the parities desire to resolve their dispute amicably; and

WHEREAS Nationwide desires to continue to sell Hinges and duly compensate Delair for its future use of the patent; and

WHEREAS Nationwide and Delair wish to define Nationwide's rights clearly to each other and to all other parties;

NOW THEREFORE Nationwide and Delair both agree as follows:

1. Delair warrants that it is the owner of the entire right, title, and interest in U.S.A. Patent No. 5,715,574 and that the utilization by Nationwide of the license rights granted hereunder will not violate or infringe upon the rights of any third party.

2. Delair hereby grants Nationwide a non-exclusive license under U.S.A. Patent No. 5,715,574 to sell the Hinge in the U.S.A. Nothing herein limits Delair's rights and interests in U.S.A. Patent No. 5,715,574 including, but not limited to, its right to manufacture, sell, distribute and license goods and products which incorporate the intellectual property protected by U.S.A. Patent No. 5,715,574.

3. In consideration of Delair granting of the foregoing license, Nationwide shall pay Delair a royalty of seventy five cents ($.75) for every Hinge sold by Nationwide during the term of this Agreement.

4. The Term of this Agreement shall commence on January 1, 2005 an shall conclude on December 31, 2006. There shall be eight sales periods ("Sales Period") of 3 months duration each, ending on March 31st, June 30th, September 30th and December 31st of years 2005 and 2006. Within 30 days following the end of a Sales Period, Nationwide shall provide to Delair

written confirmation of the number of Hinges sold by Nationwide in that Sales Period, and shall also provide to Delair a royalty payment totaling $0.75 (in U.S.A. funds) for each of those Hinges sold in that Sales Period. The minimum amount of the annual payment will be $1,500.00 in U.S.A. funds. If Delair has not received this written confirmation and payment within this allotted 30 day term, Nationwide then has 10 days after receipt of written notice from Delair in which to do so without penalty.

5. Nationwide shall have no right to sublicense U.S.A. Patent No. 5,715,574.

6. Nationwide will undertake as soon as possible, but in no event to exceed sixty (60) days from the execution of this Agreement, to change tooling and packaging of the Hinge so that in future production of the Hinge it shall be marked "U.S.A. PAT. 5,715,574" along with the letter "N" (so as to denote Nationwide's manufacture of the Hinge) and the packaging shall be marked "U.S.A. PAT. 5,715,574."

7. Nationwide's license rights may pass with the transfer of substantially all of the assets of Nationwide in any sale of its business.

8. Delair has the right at its own expense and no more than once per year to have an auditor review such financial records of Nationwide as are necessary in order to ensure Nationwide's compliance with this Agreement, provided that the auditor is an independent professional and agrees to divulge to Delair only information pertaining to Nationwide's U.S.A. sales of Hinges. If it is determined, during such an audit, that Nationwide is not in compliance with the terms of the Agreement to an extent exceeding 5% of the royalties payable, Nationwide shall reimburse Delair for the costs and fees it incurred in connection with that audit.

9. Nationwide agrees to indemnify, hold harmless and defend Delair from and against any liability or expense arising from any claim asserted by any party as to any product manufactured, sold or distributed by Nationwide pursuant to this Agreement. Delair agrees to indemnify, hold harmless and defend Nationwide form and against any liability or expense arising from any claim asserted by any party that the utilization by Nationwide of the license rights granted hereunder violate or infringe upon the rights of such party.

10. EXCEPT AS SET FORTH IN ¶ 1 OF THIS AGREEMENT, DELAIR MAKES NO WARRANTIES OR REPRESENTATIONS REGARDING U.S.A. PATENT NO. 5,715,574 AND PRODUCT PROTECTED BY U.S.A. PATENT NO. 5,715,574 INCLUDING, BUT NOT LIMITED TO, WARRANTIES OF FITNESS OR MERCHANTABILITY.

11. If Delair allows U.S.A. Patent No. 5,715,574 to lapse by failing to pay a patent maintenance fee, then no royalty payments pursuant to this Agreement shall be payable for the period of that lapse, but royalty payments shall recommence from the date that U.S.A. Patent No. 5,715,574 is reinstated by the Patent Office.

12. Upon Nationwide's breach of any provision of this Agreement, Delair, at its sole option, may terminate this Agreement, provided that Nationwide must be given written notice of the breach and have 10 days after receipt of written notice from Delair in which to remedy the

breach without penalty. Delair's termination of this agreement shall not relieve Nationwide from any liability and damages to Delair for breach of this Agreement. Delair agrees that Nationwide will not be responsible for any damages whatsoever, and Delair shall not request an injunction, in relation to any Hinges for which royalties have been paid pursuant to this Agreement, whether before or after termination. Upon termination of this Agreement, the rights and licenses herein granted to Nationwide shall terminate. In the event of termination of this Agreement, Nationwide's obligation to pay to Delair royalties accrued as of the effective date of termination shall not terminate, and shall be continuing obligations until paid. Upon termination, the minimum annual royalty set forth in ¶ 4 shall be pro-rated.

13. Any dispute regarding this Agreement, shall be determined by an independent arbitrator chosen by the parties whose decision shall be final and binding upon the parties. Any such arbitration shall take place in Camden County, State of New Jersey, U.S.A. If the arbitration proceeding results in a decision against Nationwide, and this Agreement is validly terminated, Nationwide agrees that it will no longer sell Hinges in the U.S.A. for the duration of U.S.A Patent No. 5,715,574. If Nationwide continues to sell Hinges after the valid termination of this Agreement and while U.S.A. Patent No. 5, 715,574 is in effect, Delair will be entitled to seek injunctive relief. The prevailing party, either at arbitration or in a court of law of equity, shall be entitled to reimbursement for all costs and expenses, including reasonable attorney's fees, incurred as a result of such litigation. This Agreement shall be construed in accordance with the laws of the State of New Jersey, U.S.A.. This clause shall survive termination of the Agreement.

14. Delair releases Nationwide from all liability, causes of action, damages, claims and demands that Delair may have with respect to Nationwide's alleged infringement of U.S.A. Patent No. 5,715,574 through the date hereof. The foregoing shall not be deemed to limit Delair's right to receive the royalty provided for in Paragraph 4.

15. This Agreement represents the entire understanding of the parties with respect to the subject matter hereof and may be amended only by a writing signed by the party to be charged.

16. This Agreement is binding upon successors or assigns of both parties.

NATIONWIDE INDUSTRIES, INC.

Date: 1/27/05    By: _____

DELAIR GROUP, LLC

Date: 1-31-05    By: _____

3