# EXHIBIT "D"

1  ROBERT S. BREWER, JR. (SBN 65294)
   JAMES S. MCNEILL (SBN 201663)
2  MCKENNA LONG & ALDRIDGE LLP
   750 B Street, Suite 3300,
3  San Diego, CA 92101
   Telephone:   (619) 595-5400
4  Facsimile:   (619) 595-5450
   rbrewer@mckennalong.com
5  jmcneill@mckennalong.com

6  GEORGE R. MCGUIRE (*pro hac vice application pending*)
   DAVID L. NOCILLY (*pro hac vice application pending*)
7  DAVID B. WOYCECHOWSKY (SBN 168405)
   BOND, SCHOENECK & KING, PLLC
8  One Lincoln Center
   Syracuse, New York 13202-1355
9  Telephone:   (315) 218-8515
   Facsimile:   (315) 218-8100
10 gmcguire@bsk.com
   dnocilly@bsk.com
11 dwoycechowsky@bsk.com

12 Attorneys for Defendant NATIONWIDE INDUSTRIES INC.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D & D GROUP PTY LTD, an Australian corporation, D & D TECHNOLOGIES PTY LTD, an Australian corporation, and D & D TECHNOLOGIES (USA), INC., a California corporation<br><br>Plaintiffs,<br><br>v.<br><br>NATIONWIDE INDUSTRIES, INC., a Florida corporation<br><br>Defendant. | CASE NO. 08 CV 0236 WQH (POR)<br><br>**NATIONWIDE INDUSTRIES INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; COUNTERCLAIMS**<br><br><u>**Demand For Jury Trial**</u><br><br>Judge William Q. Hayes<br>Magistrate Judge Louisa S. Porter |
| NATIONWIDE INDUSTRIES, INC., a Florida corporation<br><br>Counterclaimant,<br><br>v.<br><br>D & D GROUP PTY LTD, an Australian corporation, D & D TECHNOLOGIES PTY LTD, an Australian corporation, and D & D TECHNOLOGIES (USA), INC., a California corporation<br><br>Counterdefendant. | |

1  Defendant, Nationwide Industries Inc. ("Nationwide"), answers the Complaint of
2  Plaintiffs D & D Group Pty Ltd, D & D Technologies Pty Ltd and D & D Technologies (USA),
3  Inc. (collectively "D & D" or "Plaintiffs") as follows:

**I.   ANSWER**

**Jurisdiction And Venue**

1. The allegations of this paragraph are legal conclusions to which no response is required.

**Parties**

2. Nationwide lacks knowledge or information sufficient to form a belief about the truth of the allegations.

3. Nationwide lacks knowledge or information sufficient to form a belief about whether D & D Group Pty Ltd is the owner of U.S. Patent 5,584,100. Nationwide admits that a document purporting to be U.S. Patent 5,584,100 ("the '100 Patent") was attached to the Complaint and denominated as Exhibit 1. All other allegations of this paragraph are denied.

4. Nationwide lacks knowledge or information sufficient to form a belief about the truth of the allegations.

5. Nationwide denies any implication that the '100 Patent has any valid and/or enforceable claims. With respect to all other allegations, Nationwide lacks knowledge or information sufficient to form a belief about the truth of the allegations.

6. Nationwide lacks knowledge or information sufficient to form a belief about the truth of the allegations.

7. Nationwide denies any implication that the '100 Patent has any valid and/or enforceable claims. Because it is not clear what it means to produce a product "under the '100 Patent," Nationwide cannot form a belief about whether any products are produced under the '100 Patent. With respect to all other allegations, Nationwide lacks knowledge or information sufficient to form a belief about the truth of the allegations.

8. Nationwide admits that a document purporting to be a website advertisement for a hinge was attached to the Complaint and denominated as Exhibit 2. Nationwide denies any

implication that the '100 Patent has any valid and/or enforceable claims. With respect to all other allegations, Nationwide lacks knowledge or information sufficient to form a belief about the truth of the allegations.

9. Nationwide denies that it offers any infringing products for sale. All other allegations of this paragraph are admitted.

10. Nationwide admits that a document purporting to be a photograph was attached to the Complaint and denominated as Exhibit 3. Because the photograph is too dark and otherwise unclear, Nationwide cannot form a belief about whether this photograph shows anything manufactured, offered for sale and/or sold by Nationwide. All other allegations of this paragraph are denied.

### Answers to Plaintiffs' Claim For Relief

11. Nationwide hereby repeats, realleges and incorporates by reference all paragraphs of this pleading set forth above.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

### Answer to Plaintiffs' Prayer For Relief

Nationwide denies that Plaintiffs are entitled to any relief requested in their Complaint.

## II. AFFIRMATIVE DEFENSES

### First Defense

16. Plaintiffs' Complaint fails to state a claim against Nationwide on which relief may be granted.

### Second Defense

17. Nationwide has not infringed any of the claims of the asserted patent under any legally recognized form, type or theory of patent infringement.

### Third Defense

18. The claims of the asserted patent are invalid and/or unenforceable for failure to comply with the requirements of 35 U.S.C. §§ 101 *et seq.*

### Fourth Defense

19. Plaintiffs' damage claims are barred for failure to comply with the requirements of 35 U.S.C. § 287.

### Fifth Defense

20. Any cost recovery by Plaintiffs is precluded under the provisions of 35 U.S.C. § 288.

### Sixth Defense

21. The prosecution history of the asserted patent, including any patent application upon which it claims priority and/or any other related patent applications, disclaims, bars and/or estops the claim of patent infringement in the Complaint.

### Seventh Defense

22. The claims of the asserted patent are unenforceable for patent misuse.

23. Upon information and belief, this patent misuse includes, but is not limited to, attempts by Plaintiffs to expand the scope of patent coverage of the '100 Patent by using the existence of the '100 Patent to discourage customers and potential customers of Nationwide from purchasing any Nationwide products regardless of and without reference to whether such products are alleged to fall within the scope of the claims of the '100 Patent.

24. The patent misuse has not been purged and is continuing as demonstrated by Plaintiffs concerted efforts to damage Nationwide's existing business and potential business opportunities with respect to products not covered by the '100 Patent, such as by bringing the present patent infringement lawsuit which, upon information and belief, has been brought by Plaintiffs in bad faith.

### Eighth Defense

25. The claims of the asserted patent are unenforceable for laches, unclean hands, estoppel and/or other equitable doctrines.

III. **COUNTERCLAIMS**

Nationwide, by and through its attorneys, makes Counterclaims against Plaintiffs (also called "Counterclaim Defendants") as follows:

**Parties**

26. Nationwide is a Florida corporation having a principal place of business at 10333 Windhorst Road, Tampa, Florida 33619.

27. Based on the allegations of the Complaint, D & D Group Pty Ltd is an Australian corporation having a principal place of business in Frenchs Forest, Australia.

28. Based on the allegations of the Complaint, D & D Technologies Pty Ltd is an Australian corporation having a principal place of business in Frenchs Forest, Australia.

29. Based on the allegations of the Complaint, D & D Technologies Pty is a wholly owned subsidiary of D & D Group Pty Ltd and a licensee of the '100 Patent.

30. Based on the allegations of the Complaint, D & D Technologies (USA), Inc. is a California corporation having a principal place of business at 7731 Woodwind Road, Huntington Beach, California 92647.

**First Counterclaim**

**Declaratory Judgment of Patent Invalidity and Non-Infringement**

31. Nationwide hereby repeats, realleges and incorporates by reference all paragraphs of this pleading set forth above.

32. This Counterclaim is for a Declaratory Judgment and arises under the Patent Laws of the United States. 35 U.S.C. §§ 1 *et seq.*

33. This Court has subject matter jurisdiction of this Counterclaim under 28 U.S.C. §§ 1331, 1338, 2201, 2202 and Rule 13 of the Federal Rules of Civil Procedure.

34. This Court has personal jurisdiction over the Counterclaim Defendants because they have submitted themselves to the jurisdiction of this Court by bringing the present suit.

35. An actual and justiciable controversy exists between Counterclaim Defendants and Nationwide because Counterclaim Defendants have filed the Complaint.

1  36.  In the Complaint, D & D Group Pty Ltd alleges that it is the owner of the '100 Patent.

3  37.  On information and belief, the claims '100 Patent are invalid and/or unenforceable.

4  38.  Nationwide does not commit any acts that constitute infringement of the '100 Patent.

## Second Counterclaim

### Unfair Competition and False Advertising Under 15 U.S.C. § 1125(a)(1)(B)

39.  Nationwide hereby repeats, realleges and incorporates by reference all paragraphs of this pleading set forth above.

40.  This Counterclaim for unfair competition and false advertising arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

41.  This Court has subject matter jurisdiction of this Counterclaim under 28 U.S.C. §§ 1331, 1338 and Rule 13 of the Federal Rules of Civil Procedure.

42.  This Court has personal jurisdiction over the Counterclaim Defendants because they have submitted themselves to the jurisdiction of this Court by bringing the present suit.

43.  Advertising and promotional materials distributed by Counterclaim Defendant are attached hereto as Exhibits 1, 2, 3, 4 and 5 (collectively the "Counterclaim Defendant's Advertising").

44.  The representations appearing in the Counterclaim Defendant's Advertising are false and misleading, made in interstate commerce and misrepresent the nature, characteristics, qualities and legal status of Nationwide's goods, in violation of 15 U.S.C. § 1125 (a)(1)(B).

45.  Counterclaim Defendants knew or should have known that the representations appearing in the Counterclaim Defendant's Advertising are false and misleading, and that they misrepresent the nature, characteristics, qualities and legal status of Nationwide's goods. On information and belief, these false and misleading representations and misrepresentations were made in order to deceive the public.

46.  Upon information and belief, Counterclaim Defendants have conveyed Counterclaim Defendant's Advertising to customers and potential customers of Nationwide with

1  the intention and effect of preventing and/or reducing the amount of product purchased from
2  Nationwide.
3      47.    Upon information and belief, Counterclaim Defendants have solicited and/or
4  entered contractual agreements with customers and/or potential customers of Nationwide to the
5  effect that these customers and/or potential customers shall not buy certain products from
6  Nationwide, regardless of whether Counterclaim Defendants have patent coverage that they
7  allege covers such products.
8      48.    Upon information and belief, Counterclaim Defendant's Advertising have resulted
9  in substantial profit for the Counterclaim defendant in an as yet unascertained amount.
10     49.    Upon information and belief, Counterclaim Defendant's Advertising have directly
11 and proximately resulted in injury to Nationwide in the form of lost business, loss of goodwill,
12 and wasted labor in an as yet unascertained amount.
13     50.    Upon information and belief, Counterclaim Defendants have acted willfully, in an
14 objectively baseless manner and in bad faith in making and distributing the Counterclaim
15 Defendant's Advertising and other statements to customers and potential customers of
16 Nationwide.

### Third Counterclaim

### California Business and Professions Code § 17200

19     51.    Nationwide hereby repeats, realleges and incorporates by reference all paragraphs
20 of this pleading set forth above.
21     52.    This Counterclaim for unfair competition arises under the California Business and
22 Professions Code § 17200.
23     53.    This Court has subject matter jurisdiction of this Counterclaim under 28 U.S.C.
24 §§ 1338(a), 1367(b) and Rule 13 of the Federal Rules of Civil Procedure.
25     54.    This Court has personal jurisdiction over the Counterclaim Defendants because
26 they have submitted themselves to the jurisdiction of this Court by bringing the present suit.

55. Counterclaim Defendant's Advertising constitutes unfair, deceptive, untrue and/or misleading advertising, and, as such, is unfair competition within the meaning of California Business and Professions Code § 17200.

56. Counterclaim Defendant's making and distribution of Counterclaim Defendant's Advertising violates California Business and Professions Code § 17200.

### Fourth Counterclaim

### California Business and Professions Code §§ 17500 *et seq.*

57. Nationwide hereby repeats, realleges and incorporates by reference all paragraphs of this pleading set forth above.

58. This Counterclaim for false advertising arises under the California Business and Professions Code §§ 17500 and 17508(a).

59. This Court has subject matter jurisdiction of this Counterclaim under 28 U.S.C. §§ 1338(a), 1367(b) and Rule 13 of the Federal Rules of Civil Procedure.

60. This Court has personal jurisdiction over the Counterclaim Defendants because they have submitted themselves to the jurisdiction of this Court by bringing the present suit.

61. Counterclaim Defendant's Advertising includes in an advertising device statements of fact that are, and which Counterclaim defendants knew or should have known are, untrue and misleading. This amounts to a violation of California Business and Professions Code §§ 17500 and 17508(a).

### Fifth Counterclaim

### Trade Libel

62. Nationwide hereby repeats, realleges and incorporates by reference all paragraphs of this pleading set forth above.

63. This Counterclaim is for the common law tort of trade libel.

64. This Court has subject matter jurisdiction of this Counterclaim under 28 U.S.C. §§ 1338(a), 1367(b) and Rule 13 of the Federal Rules of Civil Procedure.

65. This Court has personal jurisdiction over the Counterclaim Defendants because they have submitted themselves to the jurisdiction of this Court by bringing the present suit.

66. Upon information and belief, Counterclaim Defendant have spread injurious falsehoods, for example through Counterclaim Defendant's Advertising, that disparage the quality and/or legal status of Nationwide's products, thereby causing pecuniary damage to Nationwide.

67. Upon information and belief, Counterclaim Defendants have published statements, for example through Counterclaim Defendant's Advertising, that disparages the quality and/or legal status of Nationwide's products that Counterclaim Defendants recognize as likely to result in a pecuniary loss to Nationwide through the response of Nationwide's customers and/or potential customers to the published statements.

68. Upon information and belief, Counterclaim Defendant have made false statements, for example through Counterclaim Defendant's Advertising, concerning the quality and/or legal status of Nationwide's products were intended to cause Nationwide harm and in fact do so.

## IV.  PRAYER FOR RELIEF

WHEREFORE, Nationwide denies that Plaintiffs are entitled to any of the relief prayed for in its Complaint, and Nationwide requests judgment against Plaintiffs and Counterclaim defendants and respectfully prays that this Court enter orders that:

(a) Plaintiffs' Complaint be dismissed with prejudice;

(b) Declare that the claims of the '100 Patent are invalid;

(c) Declare that Nationwide has not committed any legally cognizable form of patent infringement of the '100 Patent with respect to any products that Nationwide makes, uses, imports into the United States, offers for sale, or sells, or by any act of Nationwide;

(d) Enjoin all Plaintiffs, their agents, servants, employees, and all those in active participation or privity with any of them, from charging Nationwide or its agents, distributors, or customers with infringement of the '100 Patent, from representing to others that Nationwide is liable for patent infringement of the '100 Patent, and from otherwise interfering in any way with the manufacture, use, import into the United States, offering for sale, or sale of hinge products by Nationwide and with any of the business activities of Nationwide;

1  (e) This is an exceptional case pursuant to 35 U.S.C. § 285. Nationwide therefore specifically requests that the Court award Nationwide its reasonable attorneys' fees, expenses and costs in this action;

(f) Counterclaim Defendants pay damages pursuant to 15 U.S.C. § 1117, including treble damages as provided by 15 U.S.C. § 1117(a)(3).

(g) Pursuant to California Business and Professions Code §§ 17203 and 17535, that Counterclaim defendants be ordered to restore to Nationwide all funds acquired by means of any act or practice declared by this Court to be unlawful or fraudulent or to constitute unfair competition under California Business and Professions Code §§ 17200, *et seq.*, or untrue or misleading advertising under California Business and Professions Code §§ 17500, *et seq.*; and

(h) For such other and further legal and equitable relief that this Court may deem proper and just.

## V. DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Nationwide demands a jury trial on all issues so triable.

Dated: April 24, 2008

MCKENNA LONG & ALDRIDGE LLP

BOND, SCHOENECK & KING, PLLC

By: s/James S. McNeill
James S. McNeill
Attorneys for Defendant
NATIONWIDE INDUSTRIES INC.
E-mail: jmcneill@mckennalong.com

SD:22164804.1

McKenna Long &
Aldridge LLP
Attorneys At Law
San Diego

- 10 -

08 CV 0236 WQH (POR)

6. This Endorsement and Amendment Agreement is binding upon the successors or assigns of both parties.

NATIONWIDE INDUSTRIES, INC.

Date: 3/8/06                By: _____

DELAIR GROUP, LLC

Date: 3/10/2006             By: _____

2