MICHELMAN & BRICKER
By: Sharon Block, Esquire
811 Church Road
Suite 117-A
Cherry Hill, NJ 08002
(856) 661-9499

U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ

08 JUL -1 PM 3: 19

JAMES J. WALDRON
BY:_____J f
DEPUTY CLERK

Attorneys for Creditor, A. Marianni's Sons, Inc.

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS, L.L.C.: | FOR THE DISTRICT OF NEW JERSEY |
| *et al,* | |
| | CASE NO. 08-14631 (GMB) |

## A. MARIANNI'S SONS, INC.'S RESPONSE TO DEBTOR'S MOTION TO DISALLOW CLAIMS FOR CONTRIBUTION AND IN THE ALTERNATIVE TO ESTIMATE CLAIMS

Creditor, A. Marianni's Sons, Inc. ("Marianni"), by and through its undersigned counsel,

herein objects to the motion filed by Shapes/Arch Holdings L.L.C. and its related debtor entities

("Debtor"),[1] the debtors and debtor-in-possession, to disallow the proof of claim filed by Marianni

("Motion"). In opposition to the Motion, Marianni represents the following:

### BACKGROUND

1.      On March 16, 2008, Debtors filed their respective petitions for relief under

Chapter 11, Title 11 of the U.S. Code (the "Bankruptcy Code").

2.      These cases are being jointly administered pursuant to the March 18, 2008 Order

of this Court under lead debtor Shapes/Arch Holdings, L.L.C.

3.      The Debtors are continuing to operate their business and manage their properties

---

[1] The following entities are wholly owned subsidiaries of Shapes/Arch Holdings, L.L.C.
and have filed petitions on the same date as did Shapes/Arch Holdings, L.L.C.: Shapes L.L.C.
("Shapes"): Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra l.L.C.
("Ultra").

1

as debtors-in-possession.

4.      There has not been an appointment of a trustee or examiner in these cases.

5.      On March 31, 2008, an official committee of unsecured creditors was appointed.

6.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  Venue

is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant

to 28 U.S.C. § 157(b)(2).

## THE PENNSAUKEN LITIGATION

7.      On December 4, 1991, the Township of Pennsauken ("Pennsauken"), the Pennsauken

Solid Waste Management Authority ("PSWMA") and the Pollution Control Financing Authority of

Camden County ("PCFA") filed an action against various transporters, generators, municipalities

and other potentially responsible parties for the contamination of a landfill site located in

Pennsauken, NJ (the "Landfill").    The action is captioned *Pennsauken Solid Waste Mgt. Auth. v.*

*James D. Morrissey, Inc., et al.*, Docket No. L-13395-91 (the "Pennsauken Litigation").

8.      The Complaint alleged, *inter alia*, that Debtor generated waste containing hazardous

substances which were disposed at the Landfill.

9.      Plaintiffs' claims in the Pennsauken Litigation are under the New Jersey Spill

Compensation and Control Act (the "Spill Act"). N.J.S.A. 58:10-23.11 et seq., pursuant to which

Plaintiffs seek recovery costs incurred and to be incurred for remediation of the Landfill.

10.     Plaintiffs also asserted common law causes of action in the Pennsauken Litigation

including negligence, nuisance, misrepresentation, creation of an abnormally dangerous activity

and gross negligence.

11.     Plaintiffs' alleged damages for remediation of the Landfill and groundwater are

2

$77,871,002.43.

12.    Debtor owns and operates a manufacturing facility adjacent to the Landfill from which hazardous substances have migrated. Debtor has also disposed of waste containing hazardous substances at the Landfill during the relevant time period of the Pennsauken Litigation. Debtor is both an off-site and on-site source of contamination to the Landfill and groundwater.

13.    Debtor is, at a minimum, liable for its several share of the cost of the cleanup of the contamination at the Landfill and to the groundwater. Plaintiffs' allege that Debtor is also jointly liable for the costs of cleanup to the Landfill and groundwater.

14.    Marianni is a direct defendant and a Third-Party Plaintiff in the Pennsauken Litigation. Aluminum Shapes is a direct defendant in this matter.

15.    Plaintiffs entered into an Administrative Consent Order ("ACO") with the New Jersey Department of Environmental Protection ("NJDEP") pursuant to which Plaintiffs were required to conduct investigative work at the Landfill. Plaintiffs have incurred costs and made expenditures to comply with their obligation under the ACO.

16.    The Transporter Liaison Group, of which Marianni is a member, has done investigative work at the Landfill in the nature of groundwater modeling and groundwater assessment. The Transporters Liaison Group has incurred costs and made expenditures in the amount of $174,381.41 as of May 15, 2008 and expects the total amount of its damages for the groundwater modeling work to be $223,380.00. (See Exhibit A attached hereto.)

## MARIANNI'S PROOF OF CLAIM

17.    On May 15, 2008, Marianni timely filed a proof of claim against Debtors. (See Exhibit B attached hereto.)

18.     In Marianni's proof of claim, it is seeking, *inter alia*, reimbursement for Debtor's fair share of the expenditures already made and to be made in conducting the groundwater modeling work at the Landfill.

19.     In its proof of claim, Marianni is also seeking Debtor's fair share of the past and future remediation costs at the Landfill, which, as of May 9, 2008, are estimated to be $77,871,002.43. (See Exhibit C attached hereto.)

## LEGAL ARGUMENT

Debtor asserts that Marianni's claim should be disallowed because the three elements necessary to disallow a claim under 502(e)(1)(B) are present: Marianni's claim is for reimbursement or contribution; Marianni is also a debtor; and Marianni's claim is contingent at the time of the allowance or disallowance. Debtor asserts that if it is liable, then so would Marianni be liable and, therefore, Marianni's claim should be disallowed. In fact, Debtor's characterization of the extent of its potential liability at the Landfill is incomplete: Debtor has omitted a material aspect of Aluminum Shapes' potential for liability at the Landfill.

Aluminum Shapes' liability at the Landfill may be found even if its hauler(s) would be dismissed from the case. If Aluminum Shapes' liability in this matter was only as a generator whose waste was taken to the Landfill, its liability would be based, in part, on the liability of its hauler(s). However, Aluminum Shapes is, allegedly, also an off-site source of contamination to the Landfill. Therefore, Aluminum Shapes has the potential for liability separate from and independent of any of its haulers and any of its waste that was transported to the Landfill. For this reason alone Marianni's claim is not contingent at this time.

Also, in light of the expenditures for the groundwater modeling work at the Landfill which

4

Marianni has already made as part of the Transporter Liaison Group, Marianni's claim is not

contingent at this time. Marianni respectfully requests that this Honorable Court be guided by the

court in the *Matter of Harvard Indus., Inc.*, 138 B.R. 10 (Bankr. D. Del. 1992), which found that the

landfill owner's proof of claim under 502(e)(1)(B) for reimbursement of funds already expended and

to be expended to remediate the site was not "contingent" within the meaning of 502(e)(1)(B) and

so was not disallowed. As a private entity, Marianni's claim is also similar to that made by a non-

governmental agency *In re Allegheny Int'l, Inc.*, 126 B.R. 919 (W.D.Pa.), *aff'd*, 950 F.2d 721(3d Cir.

1991). That Court would not disallow the claim for reimbursement for expenditures already made

by a claimant that was not a governmental agency on the basis that the matter did not fall under

502(e)(1)(B).

Marianni respectfully calls upon the inherent equitable power of this Honorable Court to find

a resolution to the issues presented herein to insure that the Debtor assumes responsibility for its

environmental liability at the Landfill. In *Norpak Corp. v. Eagle-Picher Ind., Inc.*, 235 B.R. 876

(6th Cir. 1999), the court found that a "creative resolution" was needed to prevent the Debtor from

using bankruptcy to insulate itself and escape responsibility for its environmental liability. In the

*Norpak* case, Debtor, in Chapter 11, relied on 502(e)(1)(B) to resist a claim for contribution or

indemnification related to its environmental practices. The Bankruptcy Court found that

502(e)(1)(B) disallowed a claim for contribution under the Comprehensive Environmental Response,

Compensational Liability Act, 42 U.S.C. 9601, et. seq. The bankruptcy panel for the sixth circuit

remanded the case to the bankruptcy court insisting that the court use its equitable powers to find a

"creative" way to ensure that the Debtor assume responsibility for its environmental liability.

Like *Norpak*, this Debtor should not be permitted to be absolved from its environmental

5

liability as a generator at the landfill and as an off-site source of contamination to the Landfill, It

would be a grave injustice for the other potentially responsible parties at the Landfill to assume the

responsibility for Debtor's environmental liability or for the citizens of Camden County to shoulder

the financial burden of Debtor's environmental liability at the Landfill.

### RESERVATION

Marianni reserves its right to supplement its response on any additional ground.

### NOTICE

Notice of this Motion has been provided to (a) counsel for CIT, (b) counsel for Arch, (c) the

Office of the United State Trustee, (d) the Internal Revenue Service, (e) the New Jersey Attorney

General, (f) the Commonwealth of Pennsylvania Department of Revenue, (g) counsel to the

Committee, (h) all parties that are listed on debtors Exhibits A through E, (i) the United States

Environmental Protection Agency, (j) the New Jersey Department of Environmental Protection, and

(k) all parties on the Master Service List.

**WHEREFORE,** A. Marianni's Sons, Inc. respectfully requests that this Honorable Court
deny Debtor's Motion to Disallow Proof of Claim and grant such other relief as the Court deems
just and proper.

Dated: July 1, 2008                    MICHELMAN & BRICKER

By:  _Sharon D. Block_

Sharon D. Block
Attorneys for Creditor A. Marianni's Sons, Inc.

6



*Law Offices of*

## Schmidt & Tomlinson

*29 Union Street*
*Medford, New Jersey 08055*
*(609) 714-0600*
*Fax (609) 714-0610*
*schmidtlaw @comcast.net*

Sandford F. Schmidt
Christopher D. Swirchak

Ephraim Tomlinson, 2nd
*(1914-1996)*
Judith A. Schneider, Of Counsel *
*Also Admitted in PA, DE*

May 15, 2008

**VIA EMAIL & REGULAR MAIL**

Louis Giansante, Esquire
Carol Rodgers Cobb, Esquire
**Counsel for Ward Sand**

Kenneth H. Mack, Esquire
**Counsel for Third Party (Generator) Defendants**

Mark A. Stevens, Esquire
**Counsel for Municipalities**

Michael Bogdonoff, Esquire
**Counsel for Swope-Related Third Party Defendants**

Kevin McKenna, Esquire
**Counsel for Generators & Puchak Defendants**

Michael D. Lichtenstein, Esquire
**Counsel for Palmyra-related 3rd Party Def**

Re:   Pennsauken Landfill Litigation - Liaison File
      Our File No. 11962-1

Dear Counsel:

This law firm represents the Defendant Transporter Group in the above captioned matter.

Pursuant to Judge Lifland's directions at the April 18, 2008 conference, the Transporters provide the following information with respect to damages:

With respect to Groundwater Quality Investigation, our budget is $113,380; $98,353.33 has been billed to date. The remaining budget as of 4/25/2008 was $15,026.67.

With respect to Groundwater Modeling, the total budget is $110,000. Total billed to date is $76,028.08. The remaining budget as of 4/25/2008 was $33,971.92.

Therefore the total Transporter Group damages will be $223,380, the total billed to date is $174,381.41, the remaining budget, as of 4/25/2008 was $48,998.59.

Letter to Liaison Counsel
May 15, 2008
Page 2

Should you have any questions do not hesitate to contact me.

Very truly yours,

Sandford F. Schmidt

cc:    Transporter Group
H:\Ann\PENNSAUK\2008\LiaisonCounsel.002.wpd



UNITED STATES BANKRUPTCY COURT
District of New Jersey

U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ

08 MAY 15  AM 9: 21

JAMES J. WALDRON

BY:
DEPUTY CLERK

In re:                                        :        Case no.:      08-14631-GMB
                                              :
SHAPES/ARCH HOLDINGS, L.L.C.                  :        Chapter:       11
                                              :
                                              :        Judge:         Gloria M. Burns
                  Debtor(s)                   :
                                              :

Caption of Pleading being filed:  PROOF OF CLAIM

## CERTIFICATION OF NON COMPLIANCE
## REGARDING CASE MANAGEMENT/ELECTRONIC CASE FILING ("CM/ECF")

I, (   SHARON D. BLOCK, ESQ.   ), **HEREBY CERTIFY** that with respect to the transition in procedure effective October 1, 2003 which requires *mandatory* electronic filing for attorneys who regularly practice before this Court, and which requires attorneys to become trained and certified "Participants" of CM/ECF, if the attorney files ten (10) or more pleadings in a 12 month period, inclusive of the 2003 calendar year prior to October 1st, the following conditions apply (please check applicable provisions):

   ✓   (a) I am not currently certified as a CM/ECF Participant. During the twelve (12) month period preceding and including this filing, I have not exceeded the ten (10) document limit; or

_____ (b) I am not currently certified as a CM/ECF Participant. The captioned pleading constitutes my tenth or successive document filed within the preceding twelve (12) month period, and I have contacted the Court to schedule training within thirty (30) days of this filing. My scheduled training date is _____; or

_____ ( c) I have been trained but not yet certified as a CM/ECF Participant; or

_____ (d) I am a certified "Participant" of CM/ECF, but have encountered the following extenuating circumstances which have prevented me from complying with the mandatory filing requirement with respect to the captioned pleading: (briefly describe)

_____
_____
_____
_____ ; and

_____ (e) Pursuant to the Court's Notice to the Bar dated June 17, 2003, and posted to the Court's Web site www.njb.uscourts.gov, I have placed the document being filed on a CD ROM in PDF format.

5-14-08                                    Sharon D. Block
_____                                _____
Date                                       Signature of Attorney

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | U.S. BANKRUPTCY COURT FILED CAMDEN, NJ | PROOF OF CLAIM |
|---|---|---|

Name of Debtor:
Shapes/Arch Holdings, LLC., Shapes, LLC., Ultra LLC., Delair LLC., Accu-Weld, LLC.

Case Number: 08-14631-GMB

08 MAY 15 AM 9:32

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):   JAMES J. WALDRON

BY: DEPUTY CLERK

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and address where notices should be sent:

c/o Sharon Block, Esq.
Michelman & Bricker, 811 Church Road, Suite 117A, Cherry Hill, NJ 08002

Court Claim Number: _____
*(If known)*

Filed on: _____

Telephone number:
(856) 661-9499

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number:

**1. Amount of Claim as of Date Case Filed:**     $     77,871,002.43

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**   See attached Exhibit A
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

   **3a. Debtor may have scheduled account as:** _____
   (See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:**   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
**Describe:**

**Value of Property:**$_____ **Annual Interest Rate**___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____   **Basis for perfection:** _____

**Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 05/14/2008 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Sharon D. Block, Esq. Attorney for A. Marianni's Sons, Inc.     *Sharon D. Block* | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## Exhibit A

Pennsauken Township, Pennsauken Solid Waste Management Authority, and the Pollution Control Financing Authority of Camden County filed an action in 1991 titled *Pennsauken Solid Waste Mgt. Auth. v. Ward Sand Material Co., Inc., et al.*, New Jersey Superior Court, Camden County, Law Division, Docket L:13345-91, ("Pennsauken Landfill Litigation,") against various transporters and other parties potentially responsible for the contamination of a landfill site located in the Township of Pennsauken ("Landfill"). The Pennsauken Plaintiffs allege that its damages are $77,871,002.43.

A. Marianni's Sons, Inc. ("AMI") is a direct defendant in this Spill Act contribution action, as is Aluminum Shapes, Inc. Pursuant to an agreement with the Pennsauken Plaintiffs, AMI, as part of the Transporter Liaison Group, has funded integral parts of the remediation process required by the NJDEP. Consequently, AMI has expended money to remediate the Landfill.

The Debtor, Shapes/Arch Holdings, L.L.C., also known as Aluminum Shapes Inc. ("Aluminum Shapes"), Shapes, L.L.C., Ultra L.L.C., Delair L.L.C. and Accu-Weld, L.L.C., upon information and belief, is a company located adjacent to the Landfill. Aluminum Shapes disposed of waste at the Landfill. Aluminum Shapes caused effluent from its facility to be disposed of into the Landfill. Aluminum Shapes also disposed of waste at the Landfill. Therefore, Aluminum Shapes is both an on-site and off-site contributor to the contamination of the Landfill site that is the subject of the Pennsauken Landfill Litigation during the relevant time frame of the action from 1970 through June of 1982, and thereby constitutes a significant contributor to the site. As a significant contributor to the contamination of the Landfill site and an indispensable co-defendant, under the Spill Act, Aluminum Shapes is liable for the cost of the remediation. AMI, as Aluminum Shapes' co-defendant in the Pennsauken Landfill Litigation, therefore, has an unsecured claim against Aluminum Shapes for the full amount of the remediation costs, which are estimated at $77,871,002.43.



05/09/2008  19:06  FAX  18568582643                                                                    Ø002/016

# BROWN & CONNERY
## LLP

WARREN W. FAULK٠
STEVEN G. WOLSCHINA
PAUL MAINARDI
MICHAEL J. VASSALOTTI٠
WILLIAM M. TAMBUSSI٠
MARK P. ASSELTA*
STEPHEN J. DeFEO*
JOSEPH M. NARDI, III*
CHRISTINE P. O'HEARN*٥
JOSEPH T. CARNEY*٠
KAREN A. MCGUINNESS*
SUSAN M. LEMING*
SHAWN C. HUBER*
MARK CAIRA

OF COUNSEL
NATHAN A. FRIEDMAN٥
KATHIE L. RENNER*
MICHAEL R. MIGNOGNA*
JOSEPH G. ANTINORI

THOMAS F. CONNERY, JR.(1915-2004)
HORACE G. BROWN (1902-1986)
HOWARD G. KULP, JR. (1906-1947)
٥ CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

ATTORNEYS AT LAW AND PROCTORS IN ADMIRALTY
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NEW JERSEY 08108
_____
TELEPHONE (856) 854-8900
FACSIMILE (856) 858-4967
www.brownconnery.com
_____

MICHELLE H. BAER*٠
WILLIAM F. COOK*
MICHAEL J. DIPIERO*
BRIAN P. FAULK
JOSEPH M. GAREMORE*
ABIGAIL M. GREEN*
PATRICK J. HOLSTON*
JEFFREY R. JOHNSON*
DIANE S. KANE*
LOUIS R. LESSIG*
DONALD K. LUDMAN*
BETH L. MARLIN*
PAMELA A. MULLIGAN
CHRISTOPHER A. ORLANDO*
TAIRONDA E. PHOENIX*
GINA M. ROSWELL*
MATTHEW C. STECHER*
BLAIR C. TALTY*

* ALSO ADMITTED IN PENNSYLVANIA
٠ ALSO ADMITTED IN NEW YORK
٥ ALSO ADMITTED IN DELAWARE
* ALSO ADMITTED IN MARYLAND

WOODBURY, NJ 08096    CAMDEN, NJ 08102    PHILADELPHIA, PA 19102
(856) 812-8900        (856) 365-5100        (215) 592-4852

May 9, 2008

**VIA FACSIMILE AND REGULAR MAIL**

**To:** *All Liaison Counsel on Attached Service List*

**Re:** *Pennsauken Solid Waste Management Authority, et al. v. Ward Sand Material Co., Inc., et al.*
*Docket No.: L-13345-91*

Dear Liaison Counsel:

This office serves as general counsel to the plaintiff Pollution Control Financing Authority of Camden County ("PCFA") in the above-captioned matter. Pursuant to the rulings made at the April 18, 2008 Case Management Conference, please accept this correspondence and enclosure as plaintiffs' updated statement of damages.

On May 7, 2008, plaintiffs mailed to liaison counsel a copy of all document index revisions effective February 29, 2008. For your convenience, we have enclosed a copy of the damages section of the document index effective February 29, 2008. Subsection 3.1 reflects Remedial Costs Incurred-Pennsauken Sanitary Landfill. Subsection 3.2 reflects Remedial Costs to be Incurred-Pennsauken Sanitary Landfill. Subsection 3.3 reflects Remedial Costs to be Incurred-Puchack Wellfield.

Our office is in the process of preparing the April 30, 2008 revisions to the document index including revisions to the above referenced subsections on damages.

05/09/2008 15.06 FAX  18568582843        BROWN & CONNERY                    003/016

## BROWN & CONNERY
### LLP

All Liaison Counsel on Attached Service List
May 9, 2008
Page 2

    Subsection 3.2 will be revised by deleting references to the groundwater pump and treat-constructions costs in the amount of $6,652,237.00 and to the groundwater pump & treat-operation and maintenance costs in the amount of $42,530,000.40. In their place, reference will be made to the expert report regarding anticipated remediation costs prepared by James R. Campbell. Mr. Campbell's report provided cost estimates for both an in-situ bioremediation remedy and for a groundwater extraction and treatment remedy. Moreover, two cost estimates are offered for each remedy. One assuming that only the middle aquifer needs to be remediated and one assuming that both the middle and lower aquifers need to be remediated. For the in-situ bioremediation remedy, the cost estimate for the middle aquifer only is $28,001,000.00. The cost estimate for both the middle and lower aquifer remedy is $41,728,000.00. For the groundwater extraction and treatment remedy, the cost estimate for the middle aquifer only is $20,760,000.00. The cost estimate for both the middle and lower aquifer remedy is $33,063,000.00. This report was served upon liaison counsel on January 31, 2008 and February 14, 2008. It is presently in the document depository at Bates pages 503451-503653.

    Subsections 3.1 and 3.2 will also be revised to reflect work performed by and payments made to A.C. Schultes, Inc. in connection with the installation of monitoring wells at the Pennsauken Sanitary Landfill. The initial contract price was $116,700.00 (Bates pages 505994-506060). There was one change order in the amount of $8,276.50 (Bates pages 533203-533211). Thus, the total for the contract plus change orders is $124,976.50. To date, the contractor has been paid in full with the exception of retainage in the amount of $2,499.53.

    Finally, Subsections 3.1 and 3.2 will be revised to reflect work performed by Matrix New World Engineering, Inc., in connection with the Pilot Study at the Pennsauken Sanitary Landfill. The February 29, 2008 version of Subsection 3.2, enclosed with this correspondence, reflects the contract price for the Pilot Study in the amount of $1,575,000.00 (Bates pages 420774-420817). To date, two invoices have been submitted to the PCFA for payment. The first invoice in the amount of $463,050.00 was approved by the PCFA and submitted to the DEP for payment on March 27, 2008 (Bates pages 528221-528230). The second invoice in the amount of $308,700.00 was approved by the PCFA and submitted to the DEP for payment on April 25, 2008 (Bates pages 531439-531447). To date, the DEP has not authorized payment of these invoices from the closure fund of the PCFA.

    Thank you for your attention in this matter. Please do not hesitate to contact our office if you have any questions.

Very truly yours,

BROWN & CONNERY, LLP

Joseph T. Carney

JTC/rlk
Enclosures
cc:    James L. McKenna, Esquire (w/enclosures) (via facsimile and regular mail)
       David A. Luthman, Esquire (w/enclosures) (via facsimile and regular mail)