Sandford F. Schmidt, Esquire
LAW OFFICES OF SCHMIDT & TOMLINSON
29 Union Street
Medford, NJ 08055
Phone No. 609/714-0600
Fax No. 609/714-0610
*Attorneys for Creditor Atlantic Disposal Services, Inc. n/k/a ACR, Inc. of South Jersey*

U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ
08 JUL -1 PM 3: 50
JAMES J. WALDRON
BY: _____
DEPUTY CLERK

|  |  |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS, L.L.C.,<br>*et al,* | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CHAPTER 11<br><br>CASE NO. 08-14631 (GMB) |

## ATLANTIC DISPOSAL SERVICES, INC.'s OBJECTION TO DEBTORS MOTION TO DISALLOW CLAIMS FOR CONTRIBUTION AND IN THE ALTERNATIVE TO ESTIMATE CLAIMS

Atlantic Disposal Services, Inc. n/k/a ACR, Inc. of South Jersey ("ADS"), by and through its undersigned counsel, hereby objects to Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the "Debtors"),[1] the debtors and debtors-in-possession's motion to disallow ADS's proof of claim ("the "Motion"). In opposition to the Motion, ADS represents as follows:

### BACKGROUND

1. On March 16, 2008, the Debtors filed their respective petitions for relief under Chapter 11 of the Bankruptcy Code. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor Shapes/Arch Holdings, L.L.C.

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession. This Court has not appointed a trustee or examiner.

3. This Court has jurisdiction over Debtors' Motion pursuant to 28 U.S.C. § 1334.

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"): Shapes L.L.C. ("Shapes"), Delair L.L.C. ("Delair"), Accu-Weld L.L.C. ("Accu-Weld") and Ultra L.L.C. ("Ultra").

Venue is proper in this Court pursuant to 28 U.S.C. § § 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## THE PENNSAUKEN LITIGATION

4. In 1991, Pennsauken Township, Pennsauken Solid Waste Management Authority and the Pollution Control Financing Authority of Camden County filed an action in the Superior Court of New Jersey, Law Division against various transporters, generators, municipalities and other parties potentially responsible for the contamination of a landfill site located in the Township of Pennsauken (the "Landfill"). The action is captioned at *Pennsauken Solid Waste Mgt. Auth. v. James D. Morrissey, Inc., et al.*, Docket No. L-13395-91 (the "Pennsauken Litigation").

5. Plaintiffs assert claims under the New Jersey Spill Act (the "Spill Act"), N.J.S.A. 58:10-23.11 *et seq.* in the Pennsauken Litigation. Specifically, Plaintiffs seek the recovery of costs it has incurred and will incur in the future for the remediation of the Landfill.

6. Plaintiffs also have brought several common law causes of action in the Pennsauken Litigation, including negligence, nuisance, misrepresentation, creation of an abnormally dangerous activity and gross negligence. Plaintiffs' alleged damages are approximately $77,871,002.43.

7. The Debtors own and operate a manufacturing facility that it adjacent to the Landfill. The Debtors also disposed of waste containing hazardous substances at the Landfill during the relevant time period in the Pennsauken Litigation. The Debtors are both an on-site and off-site contributor to the hazardous substances at the Landfill and therefore are liable for their allocable share of the costs of the Site's remediation.

8. ADS also is a direct defendant in the Pennsauken Litigation and has cross-claims against the Debtors under the New Jersey Spill Act.

9. Pursuant to an Administrative Consent Order entered into with the New Jersey

Department of Environmental Protection ("NJDEP"), the Pennsauken plaintiffs have undertaken remedial investigative studies and efforts at the Landfill. And, pursuant to an agreement with the Pennsauken Litigation plaintiffs, the transporter liaison group (which includes ADS) has performed NJDEP ordered remedial studies at the site. ADS therefore has expended funds to remediate the Landfill.

10. Expert discovery is ongoing in the Pennsauken Litigation and trial is scheduled to commence on September 2, 2008.

### ADS'S PROOF OF CLAIM

11. On May 15, 2008, ADS filed a timely proof of claim against the Debtors. A true and correct copy of the proof of claim is attached as Exhibit 1.

12. In its proof of claim, ADS seeks reimbursement of the funds it has expended as a member of the transporter liaison group to remediate the Landfill. ADS also asserted a claim for at least a portion of the past and future remediation costs, which are currently estimated to be $77,871,002.43.

### LEGAL ARGUMENT

13. Debtors contend that ADS's claim should be disallowed pursuant to Section 502(e)(1) of the Bankruptcy Code because it is a contingent claim for reimbursement or contribution upon which ADS and the Debtors are jointly liable to a third party. On the contrary, at least a portion of ADS's claim seeks reimbursement of funds it has *actually* expended and will *actually* expend to remediate the Landfill.

14. To the extent that ADS is seeking reimbursement of funds it has or will personally expended, this Court should not disallow the claim. For example, the court in *Matter of Harvard Indus., Inc.*, 138 B.R. 10 (Bankr. D. Del. 1992), did not disallow a proof of claim under Section

502(e)(1)(B) that was filed by a landfill owner where the owner had remediated the site. The court reasoned that a claim which sought reimbursement of funds it had expended or would expend to remediate the site was not contingent within the meaning of Section 502(e)(1)(B). Similarly, the court in *In re Allegheny Int'l, Inc.*, 126 B.R. 919 (W.D. Pa.), *aff'd*, 950 F.2d 721 (3d Cir. 1991), found that a claim seeking reimbursement of funds expended by the claimant and not a governmental agency was not disallowable under Section 502(e)(1)(B).[2]

## RESERVATION

15. ADS reserves its right to supplement its response on any additional ground.

WHEREFORE, ADS respectfully requests that this Court deny Debtors' Motion to Disallow its Proof of Claim and grant such other and further relief as is just and proper.

Dated: July 1, 2008

LAW OFFICES OF SCHMIDT & TOMLINSON

By: _____
Sandford F. Schmidt
Attorneys for Creditor Atlantic Disposal
Services, Inc. n/k/a ACR, Inc. of South Jersey

\\Server2k3\Documents\Ann\ADS\PENNSAUK\PLEADING\Objection2ShapesArchHolding.wpd

---

[2] A Sixth Circuit opinion makes it readily apparent that claims such as those being asserted in this action call upon the court to utilize its equitable powers and construct a "creative resolution" to insure that the Debtor assume responsibility for its environmental liability such as that at the Pennsauken landfill site. *See Norpak Corp. v. Eagle-Picher Ind., Inc.*, 235 B.R. 876 (6th Cir. 1999). In the *Norpak* case, a Chapter 11 Debtor attempted to resist a claim for contribution or indemnification related to its environmental practices relying on 502 (e)(1)(B). Following a determination by the bankruptcy court that 502 (e)1)(B) prevented a claim for contribution under the Comprehensive Environmental Response, Compensational Liability Act, 42 U.S.C. 9601, et seq., the bankruptcy panel for the sixth circuit remanded the case insisting that the bankruptcy court use its equitable powers to construct a "creative" resolution to insure that the Debtor assume responsibility for its environmental liability.

*Law Offices of*
*Schmidt & Tomlinson*
*29 Union Street*
*Medford, New Jersey 08055*
*(609) 714-0600*
*Fax (609) 714-0610*
*schmidtlaw@comcast.net*

Sandford F. Schmidt
Christopher D. Swirchak

Ephraim Tomlinson, 2nd
(1914-1996)
Judith A. Schneider, Of Counsel *
*Also Admitted in PA, DE

May 15, 2008

**VIA HAND DELIVERY**
Shapes/Arch Holdings L.L.C.
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue, Third Floor
New York, NY 10017

    Re:    **Shapes/Arch Holdings L.L.C.**
            **Case No. 08-14631-GMB**
            **Our File No. 05735-5**

Dear Sir/Madam:

    Enclosed herewith please find original and two copies of Proof of Claim on behalf of Atlantic Disposal Services, Inc. n/k/a ACR, Inc. along with attachments and Certification of Non-Compliance.

    Kindly file the same and return a copy marked "filed" in the enclosed self-addressed envelope.

    Thank you for your courtesies.

                                      Yours very truly,

                                      Sandford F. Schmidt

Enclosures
cc:    Liaison Counsel
        Plaintiffs Counsel
        Transporter Group
        M. Kulzer, Esquire
        ADS' Insurers

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|
| Name of Debtor: Shapes/Arch Holdings, LLC, Shapes LLC, Delair LLC, Accu-Weld, LLC and Ulltra LLC | Case Number: 08-14631-GMB |

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Atlantic Disposal Services, Inc. n/k/a ACR, Inc.

Name and address where notices should be sent:

c/o Sandford F. Schmidt, Esquire, Law Offices of Schmidt & Tomoinson
29 Union Street, Medford, NJ 08055

Telephone number:
(609) 714-0600

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
(*If known*)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:**   $ _____77,871,002.43_____

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** _See attached Exhibit A_
   (See instruction #2 on reverse side.)
3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)
4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

   **Nature of property or right of setoff:**   ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   **Describe:**

   **Value of Property:** $_____   **Annual Interest Rate** ___%

   Amount of arrearage and other charges as of time case filed included in secured claim,

   **if any:** $_____   **Basis for perfection:** _____

   **Amount of Secured Claim:** $_____   **Amount Unsecured:** $_____

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date: 05/15/2008 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any. /s/ [signature] | FOR COURT USE ONLY |
|---|---|---|

Sandford F. Schmidt, Esquire
Attorney for Atlantic Disposal Services, Inc. n/k/a ACR, Inc.

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

B 10 (Official Form 10) (12/07) – Cont.

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, there may be exceptions to these general rules.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**4. Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### _____DEFINITIONS_____

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### _____INFORMATION_____

**Acknowledgment of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 *et seq.*), and any applicable orders of the bankruptcy court.

**Exhibit A**

Pennsauken Township, Pennsauken Solid Waste Management Authority, and the Pollution Control Financing Authority of Camden County filed an action in 1991 titled *Pennsauken Solid Waste Mgt. Auth. v. Ward Sand Material Co., Inc., et al.*, New Jersey Superior Court, Camden County, Law Division, Docket L:13345-91, ("Pennsauken Landfill Litigation,") against various transporters and other parties potentially responsible for the contamination of a landfill site located in the Township of Pennsauken ("Landfill"). The Pennsauken Plaintiffs allege that its damages are $77,871,002.43.

Atlantic Disposal Services, Inc. n/k/a ACR, Inc. ("ADS") is a direct defendant in this Spill Act contribution action, as is Aluminum Shapes, Inc. Pursuant to an agreement with the Pennsauken Plaintiffs, ADS, as part of the Transporter Liaison Group, has funded integral parts of the remediation process required by the NJDEP. Consequently, ADS has expended money to remediate the Landfill.

The Debtor, Shapes/Arch Holdings, L.L.C., Shapes LLC, Delair LLC, Accu-Weld LLC, and Ultra LLC (collectively, "Shapes" or "Debtor") also known as Aluminum Shapes Inc. ("Aluminum Shapes"), upon information and belief, is a company located adjacent to the Landfill. Aluminum Shapes disposed of waste at the Landfill. Aluminum Shapes caused effluent from its facility to be disposed of into the Landfill. Aluminum Shapes also disposed of waste at the Landfill. Therefore, Aluminum Shapes is both an on-site and off-site contributor to the contamination of the Landfill site that is the subject of the Pennsauken Landfill Litigation during the relevant time frame of the action from 1970 through June of 1982, and thereby constitutes a significant contributor to the site. As a significant contributor to the contamination of the Landfill site and an indispensible co-defendant, Aluminum Shapes is liable under the Spill Act for the cost of the remediation. ADS, as Aluminum Shapes' co-defendant in the Pennsauken Landfill Litigation, therefore, has an unsecured claim against Aluminum Shapes for the full amount of the remediation costs, which are estimated at $77,871,002.43.

# Ann-Mary Bryce

| | |
|---|---|
| **From:** | Ann-Mary Bryce [schmidtlaw@comcast.net] |
| **Sent:** | Thursday, May 15, 2008 11:16 AM |
| **To:** | Barb Kelly; Carol Harding Schuler (csharding@earpcohn.com); Dave Depippo; David Lucas; David Michelman ; Eric Murdock; Jim O'Toole; John Montemurro; Joseph Manfredi (jmanfredi@manfredilaw.com); Judy Love (Jlove@kochdemarco.com); Kathy Collins; Kenneth Seltzer (kseltzer@gertlerlaw.com); Michael DeMarco (mdemarco@kochdemarco.com); Michael T. Hamilton; Nick Sansone (nsansone@naulty-nj.com); Patrick Casey Esquire (patrick.casey@bipc.com); Samantha Southall (samantha.southall@bipc.com); Sandford F. Schmidt; Sharon Block; Carol Rogers Cobb, Esq.; J Waldron (jwaldron@langsamstevens.com); Kenneth H. Mack (Kmack@foxrothschild.com); Kevin McKenna; Lou Giansante; Mark A. Stevens (mstevens@langsamstevens.com); Michael Bogdonoff; michael lichtenstein (mlichtenstein@lowenstein.com); ntrotman@ldylaw.com; David Luthman (dluthman@parkermccay.com); James McKenna (jmckenna@cwolaw.com); jcarney@brownconnery.com; Patrick Holston Esquire (pholston@BrownConnery.com) |
| **Subject:** | FW: ADS / Pennsauken - Proof of Claim |
| **Attachments:** | ads POC.pdf |

bcc: MAK Insurers

I apologize, I forgot the attachment.

---

**From:** Ann-Mary Bryce [mailto:schmidtlaw@comcast.net]
**Sent:** Thursday, May 15, 2008 11:15 AM
**To:** Carol Rogers Cobb, Esq.; J Waldron (jwaldron@langsamstevens.com); Kenneth H. Mack (Kmack@foxrothschild.com); Kevin McKenna; Lou Giansante; Mark A. Stevens (mstevens@langsamstevens.com); Michael Bogdonoff; michael lichtenstein (mlichtenstein@lowenstein.com); ntrotman@ldylaw.com; Sandford F. Schmidt; David Luthman (dluthman@parkermccay.com); James McKenna (jmckenna@cwolaw.com); jcarney@brownconnery.com; Patrick Holston Esquire (pholston@BrownConnery.com); Barb Kelly; Carol Harding Schuler (csharding@earpcohn.com); Dave Depippo; David Lucas; David Michelman ; Eric Murdock; Jim O'Toole; John Montemurro; Joseph Manfredi (jmanfredi@manfredilaw.com); Judy Love (Jlove@kochdemarco.com); Kathy Collins; Kenneth Seltzer (kseltzer@gertlerlaw.com); Michael DeMarco (mdemarco@kochdemarco.com); Michael T. Hamilton; Nick Sansone (nsansone@naulty-nj.com); Patrick Casey Esquire (patrick.casey@bipc.com); Samantha Southall (samantha.southall@bipc.com); Sharon Block
**Subject:** ADS / Pennsauken - Proof of Claim

Please see attached

From the desk of Ann-Mary Bryce
Law Offices of Schmidt & Tomlinson
29 Union Street
Medford, NJ 08055
Phone: 609/714-0600
Fax: 609/714-0610
email: schmidtlaw@comcast.net


No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 269.23.16/1434 - Release Date: 5/15/2008 7:24 AM


No virus found in this outgoing message.
Checked by AVG.
Version: 7.5.524 / Virus Database: 269.23.16/1434 - Release Date: 5/15/2008 7:24 AM

5/15/2008