MARY ELIZABETH WOLFE
KOCH & DeMARCO, LLP
101 GREENWOOD AVENUE
JENKINTOWN PLAZA, SUITE 460
JENKINTOWN, PA 19046
Tel.: (215) 881-2283
Facsimile: (215) 881-2200

U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ

08 JUL -1 PM 3: 58

JAMES J. WALDRON
BY: JP
DEPUTY CLERK

*Attorneys for Creditor Nicholas Brothers, Inc.*

|  |  |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS, L.L.C.,<br>*et al,* | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CHAPTER 11<br><br>CASE NO. 08-14631 (GMB) |

## NICHOLAS BROTHERS, INC.'S OBJECTION TO DEBTORS MOTION TO DISALLOW CLAIMS FOR CONTRIBUTION AND IN THE <u>ALTERNATIVE TO ESTIMATE CLAIMS</u>

Creditor Nicholas Brothers, Inc. ("Nicholas Brothers"), by and through its undersigned counsel, hereby objects to Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the "Debtors"),[1] the debtors and debtors-in-possession's motion to disallow Nicholas Brothers' proof of claim ("the "Motion"). In opposition to the Motion, Nicholas Brothers represents as follows:

### <u>BACKGROUND</u>

1. On March 16, 2008, the Debtors filed their respective petitions for relief under Chapter 11 of the Bankruptcy Code. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor Shapes/Arch Holdings, L.L.C.

2. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession. This Court has not appointed a trustee or examiner.

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"): Shapes L.L.C. ("Shapes"), Delair L.L.C. ("Delair"), Accu-Weld L.L.C. ("Accu-Weld") and Ultra L.L.C. ("Ultra").

3. This Court has jurisdiction over Debtors' Motion pursuant to 28 U.S.C. § 1334. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## THE PENNSAUKEN LITIGATION

4. In 1991, Pennsauken Township, Pennsauken Solid Waste Management Authority and the Pollution Control Financing Authority of Camden County filed an action in the Superior Court of New Jersey, Law Division against various transporters, generators, municipalities and other parties potentially responsible for the contamination of a landfill site located in the Township of Pennsauken (the "Landfill"). The action is captioned at *Pennsauken Solid Waste Mgt. Auth. v. James D. Morrissey, Inc., et al.*, Docket No. L-13395-91 (the "Pennsauken Litigation").

5. Plaintiffs assert claims under the New Jersey Spill Act (the "Spill Act"), N.J.S.A. 58:10-23.11 *et seq.* in the Pennsauken Litigation. Specifically, Plaintiffs seek the recovery of costs it has incurred and will incur in the future for the remediation of the Landfill.

6. Plaintiffs also have brought several common law causes of action in the Pennsauken Litigation, including negligence, nuisance, misrepresentation, creation of an abnormally dangerous activity and gross negligence. Plaintiffs' alleged damages are approximately $77,871,002.43.

7. The Debtors own and operate a manufacturing facility that is adjacent to the Landfill. The Debtors also disposed of waste containing hazardous substances at the Landfill during the relevant time period in the Pennsauken Litigation. The Debtors are both an on-site and off-site contributor to the hazardous substances at the Landfill and therefore are liable for their allocable share of the costs of the Site's remediation.

8. Nicholas Brothers also is a direct defendant in the Pennsauken Litigation and has cross-claims against the Debtors under the New Jersey Spill Act.

9. Pursuant to an Administrative Consent Order entered into with the New Jersey Department of Environmental Protection ("NJDEP"), the Pennsauken plaintiffs have undertaken remedial investigative studies and efforts at the Landfill. And, pursuant to an agreement with the Pennsauken Litigation plaintiffs, the transporter liaison group (which includes Nicholas Brothers) has performed NJDEP ordered remedial studies at the site. Nicholas Brothers therefore has expended funds to remediate the Landfill. See attached Exhibit 2, May 15, 2008 correspondence from Sandford Schmidt to Liaison Counsel listing the Transporters' damages.

10. Expert discovery is ongoing in the Pennsauken Litigation and trial is scheduled to commence on September 2, 2008.

## NICHOLAS BROTHERS' PROOF OF CLAIM

11. On May 14, 2008, Nicholas Brothers filed a timely proof of claim against the Debtors. A true and correct copy of the proof of claim is attached as Exhibit 1.

12. In its proof of claim, Nicholas Brothers seeks reimbursement of the funds it has expended as a member of the transporter liaison group to remediate the Landfill. Nicholas Brothers also asserted a claim for at least a portion of the past and future remediation costs, which are currently estimated to be $77,871,002.43.

## LEGAL ARGUMENT

13. Debtors contend that Nicholas Brothers' claim should be disallowed pursuant to Section 502(e)(1) of the Bankruptcy Code because it is a contingent claim for reimbursement or contribution upon which Nicholas Brothers and the Debtors are jointly liable to a third party. On the contrary, at least a portion of Nicholas Brother' claim seeks

reimbursement of funds it has *actually* expended and will *actually* expend to remediate the Landfill.

14. To the extent that Nicholas Brothers is seeking reimbursement of funds it has or will personally expend, this Court should not disallow the claim. For example, the court in *Matter of Harvard Indus., Inc.*, 138 B.R. 10 (Bankr. D. Del. 1992), did not disallow a proof of claim under Section 502(e)(1)(B) that was filed by a landfill owner where the owner had remediated the site. The court reasoned that a claim which sought reimbursement of funds it had expended or would expend to remediate the site was not contingent within the meaning of Section 502(e)(1)(B). Similarly, the court in *In re Allegheny Int'l, Inc.*, 126 B.R. 919 (W.D. Pa.), *aff'd*, 950 F.2d 721 (3d Cir. 1991), found that a claim seeking reimbursement of funds expended by the claimant and not a governmental agency was not disallowable under Section 502(e)(1)(B).

## **RESERVATION**

15. Nicholas Brothers reserves its right to supplement its response on any additional ground.

WHEREFORE, Nicholas Brothers, Inc., Inc. respectfully requests that this Court deny Debtors' Motion to Disallow its Proof of Claim and grant such other and further relief as is just and proper.

Dated: July 1, 2008

> KOCH & DeMARCO, LLP
>
> By: *[signature]*
> Mary Elizabeth Wolfe
> Attorneys for Creditor Nicholas
> Brothers, Inc.

4

# EXHIBIT 1

*Law Offices of*
*Schmidt & Tomlinson*
29 Union Street
Medford, New Jersey 08055
(609) 714-0600
Fax (609) 714-0610
schmidtlaw-@comcast.net

Sandford F. Schmidt
Christopher D. Swirchak

Ephraim Tomlinson, 2nd
(1914-1996)
Judith A. Schneider, Of Counsel *
*Also Admitted in PA, DE

May 15, 2008

### VIA EMAIL & REGULAR MAIL

Louis Giansante, Esquire
Carol Rodgers Cobb, Esquire
**Counsel for Ward Sand**

Kenneth H. Mack, Esquire
**Counsel for Third Party (Generator) Defendants**

Mark A. Stevens, Esquire
**Counsel for Municipalities**

Michael Bogdonoff, Esquire
**Counsel for Swope-Related Third Party Defendants**

Kevin McKenna, Esquire
**Counsel for Generators & Puchak Defendants**

Michael D. Lichtenstein, Esquire
**Counsel for Palmyra-related 3rd Party Def**

Re:  Pennsauken Landfill Litigation - Liaison File
     Our File No. 11962-1

Dear Counsel:

This law firm represents the Defendant Transporter Group in the above captioned matter.

Pursuant to Judge Lifland's directions at the April 18, 2008 conference, the Transporters provide the following information with respect to damages:

With respect to Groundwater Quality Investigation, our budget is $113,380; $98,353.33 has been billed to date. The remaining budget as of 4/25/2008 was $15,026.67.

With respect to Groundwater Modeling, the total budget is $110,000. Total billed to date is $76,028.08. The remaining budget as of 4/25/2008 was $33,971.92.

Therefore the total Transporter Group damages will be $223,380, the total billed to date is $174,381.41, the remaining budget, as of 4/25/2008 was $48,998.59.

Letter to Liaison Counsel
May 15, 2008
Page 2

Should you have any questions do not hesitate to contact me.

Very truly yours,

Sandford F. Schmidt

cc:     Transporter Group
H:\Ann\PENNSAUK\2008\LiaisonCounsel.002.wpd

# EXHIBIT 2

B 10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

Name of Debtor: SHAPES/ARCH HOLDINGS LLC, SHAPES LLC, DELAIR LLC, ACCU-WELD LLC + ULTRA LLC *(see attached)*

Case Number: 08-14631-GMB

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**Nicholas Brothers, Inc.**

Name and address where notices should be sent:

c/o Michael F. DeMarco, Esquire, Koch & DeMarco, LLP, 101 Greenwood Avenue, Jenkintown Plaza, Suite 460, Jenkintown, PA 19046

Telephone number:
(215) 881-2280

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

1. **Amount of Claim as of Date Case Filed:** $ 77,871,002.43

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

2. **Basis for Claim:** See Attached Exhibit A
   (See instruction #2 on reverse side.)

3. **Last four digits of any number by which creditor identifies debtor:** _____
   3a. Debtor may have scheduled account as: _____
   (See instruction #3a on reverse side.)

4. **Secured Claim** (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   
   Nature of property or right of setoff: ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:
   
   Value of Property:$_____  Annual Interest Rate____%
   
   Amount of arrearage and other charges as of time case filed included in secured claim,
   if any: $_____  Basis for perfection: _____
   
   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. **Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

   Specify the priority of the claim.
   
   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   
   ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).
   
   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
   
   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
   
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
   
   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).
   
   **Amount entitled to priority:**
   $_____
   
   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. **Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. **Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

Date: 05/14/2008

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

Michael F. DeMarco, Esquire
Attorney for Nicholas Brothers, Inc.

FOR COURT USE ONLY

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Exhibit A**

Pennsauken Township, Pennsauken Solid Waste Management Authority, and the Pollution Control Financing Authority of Camden County filed an action in 1991 titled *Pennsauken Solid Waste Mgt. Auth. v. Ward Sand Material Co., Inc., et al.*, New Jersey Superior Court, Camden County, Law Division, Docket L:13345-91, ("Pennsauken Landfill Litigation,") against various transporters and other parties potentially responsible for the contamination of a landfill site located in the Township of Pennsauken ("Landfill"). The Pennsauken Plaintiffs allege that their damages are $77,871,002.43.

Quick-way, Inc. ("QWI") is a direct defendant in this Spill Act contribution action, as is Aluminum Shapes, Inc. Pursuant to an agreement with the Pennsauken Plaintiffs, QWI, as part of the Transporter Liaison Group, has funded integral parts of the remediation process required by the NJDEP. Consequently, QWI has expended money to remediate the Landfill.

The Debtor, Shapes/Arch Holdings, L.L.C., also known as Aluminum Shapes Inc. ("Aluminum Shapes"), upon information and belief, is a company located adjacent to the Landfill. Aluminum Shapes disposed of waste at the Landfill. Aluminum Shapes caused effluent from its facility to be disposed of into the Landfill. Aluminum Shapes also disposed of waste at the Landfill. Therefore, Aluminum Shapes is both an on-site and off-site contributor to the contamination of the Landfill site that is the subject of the Pennsauken Landfill Litigation during the relevant time frame of the action from 1970 through June of 1982, and thereby constitutes a significant contributor to the site. As a significant contributor to the contamination of the Landfill site and an indispensable co-defendant, Aluminum Shapes is liable for the cost of the remediation. QWI, as Aluminum Shapes' co-defendant in the Pennsauken Landfill Litigation, therefore, has an unsecured claim against Aluminum Shapes for the full amount of the remediation costs, which are estimated at $77,871,002.43.