**DRINKER BIDDLE & REATH LLP**
One Logan Square
18th and Cherry Streets
Philadelphia, Pennsylvania 19103
(215) 988-2700
David B. Aaronson (DA 8387)
*Attorneys for Lightman Drum Company Superfund Site PRP Group,*
*Ewan Superfund Site PRP Group and D'Imperio Superfund Site PRP Group*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**
**(CAMDEN VICINAGE)**

| | |
|---|---|
| In re: | (Hon. Gloria M. Burns) |
| Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., and Ultra L.L.C. | Chapter 11 |
| | Lead Case No. 08-14631 (GMB) |
| | (Jointly Administered) |
| Debtors | |

**COMBINED OBJECTION TO (I) CONFIRMATION OF DEBTORS' THIRD AMENDED JOINT PLAN OF REORGANIZATION AND (II) DEBTORS' MOTION TO DISALLOW CLAIMS FOR CONTRIBUTION AND IN**
<u>**THE ALTERNATIVE TO ESTIMATE CLAIMS**</u>

TO: HONORABLE GLORIA M. BURNS
UNITED STATES BANKRUPTCY JUDGE

The above-referenced PRPs (the "PRPs"), by and through Drinker Biddle & Reath LLP, hereby object to confirmation of the Debtors' Third Amended Joint Plan of Reorganization (the "Plan") and Debtors' Motion to Disallow Claims for Contribution and in the Alternative to Estimate Claims (the "Claims Motion"), and respectfully state as follows:

<u>**BACKGROUND**</u>

1.  On March 16, 2008 ("the Petition Date"), Shapes/Arch Holdings, L.L.C. and certain of its subsidiaries, Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, (the "Bankruptcy Code"). Since filing for

bankruptcy, the Debtors have continued in possession of their assets as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. With respect to the D'Imperio and Ewan sites, the Debtors have agreed contractually to their percentage of remediation costs and the PRPs have incurred costs related to the Debtors' share of liability.[1] PRPs proofs of claim with respect to these two sites, in addition to CERCLA contribution liability and contractual liability, also set forth other theories of liability, including, direct liability under section 107 of CERCLA.

3. With respect to the Lightman Drum site, the PRPs possess various "claims", as more fully set forth in their proof of claim. There exists a contractual claim for certain remediation costs to which the Debtors are allocated a percentage of the remediation costs. PRPs remaining claims are not "claims" in the technical bankruptcy sense and under applicable Third Circuit precedent and PRPs have acknowledged such in their proof of claim.

## OBJECTION TO CONFIRMATION

4. The discharge injunction currently provides in relevant part, "…all Persons or Entities who have held, hold or may hold any Claim against or Interest in the Debtors…". This language is overly broad, purports to discharge claims that do not arise prior to the Effective Date, and does not comply with applicable law. *See e.g. In re M. Frenville Co., Inc.*, 744 F.2d 332, 335, 337 (3d Cir. 1984) ("Only proceedings that could have been commenced or claims that arose before the filing of the bankruptcy petitions are automatically stayed."). PRPs propose that the Court condition confirmation upon a modification of the discharge injunction and propose the following language: "...all Persons or Entities who have held, hold or may, as of the Effective Date of the Plan, hold any Claim against or Interest in the Debtors...". PRPs also join and

---

[1] Due to the confidential nature of the agreement, a copy is not attached to this Objection.

incorporate by reference the arguments raised in the Protective Objection of SL Industries, Inc. to Confirmation of Debtors' Third Amended Joint Chapter 11 Plan of Reorganization.

5. To the extent the Debtors make any modifications to the Plan between the time of filing this objection and a hearing to consider confirmation or issues arise impacting PRPs rights in this case, PRPs reserve their right to raise and be heard with respect to other and further objections to the Third Amended Plan.

## **OBJECTION TO CLAIMS MOTION**

6. Debtors filed the Claims Motion on shortened notice. Based on a review of the Claims Motion and the related motion to shorten notice, it appears that Debtors are concerned about the impact of the claims on their ability to confirm their Plan. Because the PRPs did not vote against the Plan, the exigencies of moving forward with respect to the claims filed by the PRPs is ameliorated.

7. To the extent the Debtors intend to proceed with the Claims Motion with respect to the PRPs, PRPs disagree that their claims are subject to disallowance under section 502(e)(1)(B) or any other applicable sections of the Bankruptcy Code. As set forth in the claims filed with respect to D'Imperio, Ewan and part of Lightman Drum, PRPs have asserted direct contractual claims against the Debtors and for which amount have been expended on account of the Debtors' share of liability. Such claims are not "contingent", nor does there exist co-liability with the Debtors on account of such claims. Accordingly, Debtors are not entitled to mandatory disallowance. See In re RNI Wind Down Corporation, 369 B.R. 174 (Bankr. D. Del. 2007).

8. Further, PRPs have also asserted direct claims under section 107(a) of CERCLA, which claims are also not subject to disallowance. See United States v. Atlantic Research, 127 S. Ct. 2331 (2007).

9. To the extent Debtors seek to estimate the claims with respect to the these sites, PRPs believe that the parties should confer about the terms of a scheduling order, as discovery will be required prior to an evidentiary presentation.

10. With respect to Lightman Drum, since the most significant part of the "claim" does not yet exist under applicable Third Circuit precedent, the Court should not undertake to disallow or estimate such claim.

11. PRPs also join and incorporate by reference the arguments raised in the Objection to Debtors' Motion to Disallow Claims for Contribution and in the Alternative to Estimate Claims raised by the Generator Defendants and SL Industries, Inc..

## **CONCLUSION**

WHEREFORE, PRPs respectfully request that this Court enter an order denying (i) confirmation of the Plan and (ii) relief with respect to the Claims Motion and granting such other relief as the Court deems just and proper.

Respectfully submitted,

**DRINKER BIDDLE & REATH LLP**

Dated: July 2, 2008        By: /s/ David B. Aaronson
                               David B. Aaronson