**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br>               Debtors. | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: CHAPTER 11<br>:<br>: CASE NO. 08-14631 (GMB)<br>:<br>: |

## DECLARATION OF J. SCOTT VICTOR IN SUPPORT OF CONFIRMATION OF DEBTORS' THIRD AMENDED JOINT PLAN OF REORGANIZATION

State of Pennsylvania       )
                            ) SS
County of Montgomery        )

       J. Scott Victor, being duly sworn, hereby declares and certifies under penalty of perjury:

       1.    I am the senior managing director and co-head of the Special Situations Group of NatCity Investments, Inc. ("NatCity"), with offices located at 300 Barr Harbor Drive, West Conshohocken, Pennsylvania, 19428.

      2.    My professional credentials include: I received a B.A. from the University of Pennsylvania, and a J.D. from the University of Miami School of Law. I am a Fellow of the American College of Bankruptcy and a member of the Executive Committee of the Board of Directors of the Turnaround Management Association International and Chairman of the

Philadelphia Chapter. I am also the co-chair of the Investment Banking Committee of the American Bankruptcy Institute and a member of the Eastern District of Pennsylvania Bankruptcy Conference – Long Range Planning Committee and former member of its Steering Committee. I am also a member of the Association of Insolvency and Restructuring Advisors, Association for Corporate Growth, Philadelphia Bar Association, Pennsylvania Bar Association and American Bar Association.

3. On or about May 21, 2008 (*nunc pro tunc* to May 7, 2008), NatCity was retained as the Sales Consultant/Investment Banker to supervise and run a competitive sales process for the equity of Shapes/Arch Holdings LLC (the "Competitive Process") under the terms of the Order Authorizing Retention of NatCity Investments, Inc. as Sales Consultant/Investment Banker for the Debtors, the Order Granting the Debtors' Motion for an Order Approving (A) the Competitive Process for the Sale of the Reorganized Debtors' Equity Pursuant to the Debtors' Second Amended Plan of Reorganization and (B) Approving a Break-Up Fee and Expense Reimbursement, and the Debtors' Third Amended Joint Plan of Reorganization.

4. Over the past eight years, I have been engaged as an investment banker in dozens of assignments substantially similar to my assignment in these cases. Further, for approximately a 17 year period preceding my move into the special situations investment banking community, I was involved as bankruptcy counsel in competitive sales processes in dozens of Chapter 11 cases for debtors and as counsel for other parties in interest, including purchasers.

5. At the outset of NatCity's engagement in this matter, I reviewed and commented upon the proposed process for marketing and soliciting offers for the Debtors' equity, and I believe that the process that was approved by the Court was reasonable, appropriate and well

2

designed to maximize the value to be received for the Debtors' equity in these cases given the financial condition of the Debtors.

6. Since NatCity's retention, we actively marketed the Debtors, contacting approximately 180 potential buyers. NatCity received responses from numerous parties, 19 of which signed confidentiality agreements and were provided with due diligence materials. In addition, at least four parties (in addition to Versa and Arch) made site visits to the facility and indicated interest and engaged in discussions with the Debtors and NatCity concerning a potential transaction. It is my belief that a reasonable portion of the universe of potential bidders was contacted during this process.

7. Throughout the approximate seven week process, the Debtors' management team lead by Steven Grabell, CEO, logged many hours and cooperated fully with me and my team, including assisting with due diligence requests of numerous parties and making themselves available after hours and on weekends to lead plant tours and conduct management meetings. Several potential bidders commented on the strength and cooperation of the Debtors' management team.

8. The bid deadline under the Competitive Process was June 25, 2008. We did not receive any Qualified Bids (or any bids for that matter) by (or after) the bid deadline. In light of the fact that no Qualified Bids were received, the auction scheduled for June 27, 2008 was cancelled. In fact, we received feedback from potential bidders that the stalking horse bid was more than a fair offer in light of the Debtors' financial condition. Moreover, none of the potential bidders expressed any objection regarding the terms or timing of the Competitive Process or requested an extension of time to submit a bid.

3

9. In sum, the Competitive Process approved by this Court was implemented and fully complied with by me and my team at NatCity. Based upon the design, implementation and result of the Competitive Process, it is my opinion that the value being paid for the Debtors' equity under the Plan is commercially reasonable in light of the Debtors' financial condition.

I hereby declare under penalty of perjury this 3rd day of July, 2008, that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
J. Scott Victor

Sworn to and subscribed before me
this 3 day of July, 2008.

_____
Notary Public

My commission expires  7/22/2011

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
BEVERLY GREEN, Notary Public
West Conshohocken Twp., Montgomery Co.
My Commission Expires June 22, 2011

4