Exhibit A

# BROWN & CONNERY
## LLP

WARREN W. FAULK•
STEVEN G. WOLSCHINA
PAUL MAINARDI
MICHAEL J. VASSALOTTI◊
WILLIAM M. TAMBUSSI◊
MARK P. ASSELTA*
STEPHEN J. DeFEO*
JOSEPH M. NARDI, III*
CHRISTINE P. O'HEARN*◊
JOSEPH T. CARNEY*'
KAREN A. MCGUINNESS*
SUSAN M. LEMING*
SHAWN C. HUBER*
MARK CAIRA

OF COUNSEL
NATHAN A. FRIEDMAN◊
KATHIE L. RENNER*
MICHAEL R. MIGNOGNA*
JOSEPH G. ANTINORI

THOMAS F. CONNERY, JR.(1915-2004)
HORACE G. BROWN (1902-1990)
HOWARD G. KULP, JR. (1906-1987)
◊ CERTIFIED BY THE SUPREME COURT OF
   NEW JERSEY AS A CIVIL TRIAL ATTORNEY

ATTORNEYS AT LAW AND PROCTORS IN ADMIRALTY
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NEW JERSEY 08108

TELEPHONE (856) 854-8900
FACSIMILE (856) 858-4967
www.brownconnery.com

WOODBURY, NJ 08096    CAMDEN, NJ 08102    PHILADELPHIA, PA 19102
(856) 812-8900         (856) 365-5100       (215) 592-4352

June 19, 2008

MICHELLE H. BAER*'
WILLIAM F. COOK*
MICHAEL J. DIPIERO*
BRIAN P. FAULK
GINA M. FIGUEIRA*
JOSEPH M. GAREMORE*
ABIGAIL M. GREEN*
PATRICK J. HOLSTON*
JEFFREY R. JOHNSON*
DIANE S. KANE*
LOUIS R. LESSIG*
DONALD K. LUDMAN*
BETH L. MARLIN*
PAMELA A. MULLIGAN
CHRISTOPHER A. ORLANDO*
TAIRONDA E. PHOENIX*
MATTHEW C. STECHER*
BLAIR C. TALTY*

* ALSO ADMITTED IN PENNSYLVANIA
' ALSO ADMITTED IN NEW YORK
" ALSO ADMITTED IN DELAWARE
^ ALSO ADMITTED IN MARYLAND


RECEIVED JUN 2 3 2008 By___

**VIA FEDERAL EXPRESS**

**OFFICE OF LEGISLATIVE & REGULATORY AFFAIRS**
**NEW JERSEY DEPARTMENT OF BANKING AND INSURANCE**
20 West State Street
P.O. Box 325
Trenton, New Jersey 08625-0325

Attn: Debra Mullen, Administrative Assistant

  *Re: Shapes/Arch Holdings, LLC, et. al.*

Dear Ms. Mullen:

  I am writing on behalf of the Pennsauken Landfill Litigation-related creditors to obtain insurance information related to Aluminum Shapes Bankruptcy. I am seeking the policy information for Aluminum Shapes from 1970 to 1994. I have included subpoenas according to the Rule 2004 Examination for the following individuals:

1. Highlands Insurance Company
2. INA (c/o ACE)
3. Continental Casualty
4. Interstate Fire (c/o Fireman's Fund)
5. Liberty Mutual
6. RLI Insurance Company
7. PMA Capital Insurance Company

## BROWN & CONNERY
### LLP

Office of Legislative & Regulatory Affairs
New Jersey Department of Banking and Insurance
June 19, 2008
Page 2

8. Granite State Insurance Company
9. Federal Insurance Company
10. Zurich Insurance Company
11. Wausau Business Insurance Company
12. National Union Fire Company

I hereby certify that the foregoing information is true. Should you have any questions please contact me at (856) 854-8900.

Respectfully submitted,

BROWN & CONNERY, LLP

Brian P. Faulk

BPF/rlk
Enclosures
cc: Kevin McKenna, Esquire (w/enclosures)(via regular mail)

B25 1 (Form 254 Subpoena for Rule 2004 Examination) (12/07)

# UNITED STATES BANKRUPTCY COURT

for the  District of  New Jersey

In re  Shapes/Arch Holdings, LLC, et al
Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.*  08-14631

To: Liberty Mutual Insurance Co.
175 Berkeley Street
Boston, MA 02117

Chapter  11
(Jointly Administered)

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| Brown & Connery, LLP<br>222 Haddon Avenue<br>Westmont, NJ 08108 | July 3, 2008 at 10:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] | 6/19/08 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Brian P. Faulk, Esquire, 222 Haddon Avenue, Westmont, NJ 08108 (856-854-8900)

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B254 (Form 254 - Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| **SERVED** |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                        DATE                                          SIGNATURE OF SERVER

                                                                      _____
                                                                      ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

1. Identify all insurance policies for the Relevant Time Period, including but not limited to:

    a. Carrier;
    b. Policy number;
    c. Type of policy;
    d. Policy period;
    e. Policy limits;
    f. Whether and to what extent each policy has been eroded;
    g. Which carriers have provided coverage for the Pennsauken Landfill Litigation;
    h. Identify each carriers' individual percentage of total coverage for the Pennsauken Landfill Litigation; and
    i. Provide copies of all policies.

2. Whether any of the carriers identified in Question 1.g. have provided defense and/or indemnification under a Reservation of Rights. If so, please provide a copy of the Reservation of Rights Letter.

3. Whether any carriers identified in Question 1.g. have gone bankrupt. If so:

    a. Identify the carrier and level of insurance;
    b. Identify the state Guarantee Fund responsible for the policies; and
    c. If such carriers were primary, whether any of the umbrella or excess carriers have agreed to drop-down.

4. Whether any policies identified in Question 1 have been the subject of a buy back. If so:

    a. Provide the date, terms and Agreement for the buy back; and
    b. Were any of the funds from the buy back placed in escrow.
        i. Identify the current amount in escrow; and
        ii. If not, what was done with the funds from the buy back.

5. Whether Aluminum Shapes, Inc. was self-insured or had Self-Insured Retentions ("SIR") at any time during the Relevant Time Period. If so:

    a. Identify the time period such was in existence;
    b. Identify the SIR limits and any policies related to the SIR; and
    c. Whether any funds were placed into an account for payment of claims under the self-insured periods or SIRS. If so:
        i. Do these accounts still exist; and
        ii. How much money is currently in these funds.

6. To what extent, if any, are there other claims against the policies identified in Quest 1.g. If such claims exist:

   a. Identify the other claims;
   b. Identify the potential value of such claims; and
   c. Identify whether the carriers have agreed to defend and/or indemnify Aluminum Shapes, Inc. in relation to those claims and whether such is under a reservation of rights.

7. Are there any agreements between Aluminum Shapes, Inc. and its carriers related to the defense, indemnification and/or potential allocation for Aluminum Shapes, Inc. in the Pennsauken Landfill Litigation regarding its carriers continuing to defend and/or indemnify Aluminum shapes' despite the Chapter 11 filing. If so:

   a. Identify the carriers; and
   b. Provide copies of said agreements.

B2 1 (Form 254 – Subpoena for Rule 2004 Examination) (12/07)

# UNITED STATES BANKRUPTCY COURT

for the _____ District of _____ New Jersey _____

In re   Shapes/Arch Holdings, LLC, et al
              Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.*   08-14631

To: Wausau Business Insurance Company
P.O. Box 8017
Wausau, WI 54402

Chapter   11
                (Jointly Administered)

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A attached.

| PLACE | DATE AND TIME |
|---|---|
| Brown & Connery, LLP
222 Haddon Avenue
Westmont, NJ 08108 | July 3, 2008 at 10:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| [signature] | 6/19/08 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
Brian P. Faulk, Esquire, 222 Haddon Avenue, Westmont, NJ 08108 (856-854-8900)

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B254 (Form 254 - Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
              DATE                          SIGNATURE OF SERVER

                                            _____
                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction -- which may include lost earnings and reasonable attorney's fees -- on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

# EXHIBIT A

1. Identify all insurance policies for the Relevant Time Period, including but not limited to:

    a. Carrier;
    b. Policy number;
    c. Type of policy;
    d. Policy period;
    e. Policy limits;
    f. Whether and to what extent each policy has been eroded;
    g. Which carriers have provided coverage for the Pennsauken Landfill Litigation;
    h. Identify each carriers' individual percentage of total coverage for the Pennsauken Landfill Litigation; and
    i. Provide copies of all policies.

2. Whether any of the carriers identified in Question 1.g. have provided defense and/or indemnification under a Reservation of Rights. If so, please provide a copy of the Reservation of Rights Letter.

3. Whether any carriers identified in Question 1.g. have gone bankrupt. If so:

    a. Identify the carrier and level of insurance;
    b. Identify the state Guarantee Fund responsible for the policies; and
    c. If such carriers were primary, whether any of the umbrella or excess carriers have agreed to drop-down.

4. Whether any policies identified in Question 1 have been the subject of a buy back. If so:

    a. Provide the date, terms and Agreement for the buy back; and
    b. Were any of the funds from the buy back placed in escrow.
        i. Identify the current amount in escrow; and
        ii. If not, what was done with the funds from the buy back.

5. Whether Aluminum Shapes, Inc. was self-insured or had Self-Insured Retentions ("SIR") at any time during the Relevant Time Period. If so:

    a. Identify the time period such was in existence;
    b. Identify the SIR limits and any policies related to the SIR; and
    c. Whether any funds were placed into an account for payment of claims under the self-insured periods or SIRS. If so:
        i. Do these accounts still exist; and
        ii. How much money is currently in these funds.

1

6. To what extent, if any, are there other claims against the policies identified in Quest 1.g. If such claims exist:

    a. Identify the other claims;
    b. Identify the potential value of such claims; and
    c. Identify whether the carriers have agreed to defend and/or indemnify Aluminum Shapes, Inc. in relation to those claims and whether such is under a reservation of rights.

7. Are there any agreements between Aluminum Shapes, Inc. and its carriers related to the defense, indemnification and/or potential allocation for Aluminum Shapes, Inc. in the Pennsauken Landfill Litigation regarding its carriers continuing to defend and/or indemnify Aluminum shapes' despite the Chapter 11 filing. If so:

    a. Identify the carriers; and
    b. Provide copies of said agreements.