EXHIBIT A

**LIBERTY MUTUAL'S PROPOSED REVISIONS TO CERTAIN PROVISIONS OF
DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

4.4    Class 9 Environmental Claims. This Class shall consist of all Environmental
Claims exclusive of Deficiency Claims. Any Deficiency Claims relating to Environmental
Claims shall be treated as General Unsecured Class 10 Claims. The holders of Claims in this
Class are Impaired and, therefore, entitled to vote. Funding for distributions to holders of
Environmental Claims identified on Schedule 4.4, including the Environmental Claims of the
EPA and NJDEP described in the next paragraph, shall be made solely from proceeds of
applicable insurance policies. Any right to recover or pursue recovery on an Environmental
Claim from proceeds of applicable insurance policies shall be subject to all coverage and other
defenses, available at law or in equity, asserted by insurers. The insurers shall have complete
and exclusive authority to designate the court in which any Environmental Claim will be
litigated. Any payments by insurers on account of Environmental Claims shall be made (i) in
connection with any settlement of an Environmental Claim at such time and in such manner as
agreed to among the settling parties and their insurers or (ii) at such time and in such manner as
is ordered by the court with jurisdiction over the Environmental Claim and in which the merits of
such Environmental Claim has been litigated. Any payments by insurers shall be applied against
and reduce the applicable limit(s) of coverage under the pertinent policy(ies) issued by the
insurers making such payments. Defense costs shall be applied against the applicable coverage
limit(s) and shall reduce the applicable limits of coverage if the pertinent policy(ies) provides.
To the extent applicable, the amount payable on an Environmental Claim shall be reduced by the
amount of any deductible, self-insured retention, retrospective premium, or similar contractual
undertaking that any of the Debtors would be obligated to pay under the pertinent policy(ies) and
policy-related contracts but for applicable bankruptcy law. In no event shall any insurer be
obligated to pay more on any Environmental Claim than would otherwise be required under the
pertinent policy(ies).

On the Effective Date, the EPA shall receive the sum of three hundred thousand dollars
($300,000.00) in full and complete satisfaction of itsany and all claims relating to the sites set
forth in Section I of Schedule 4.4 attached hereto, which amount the EPA shall allocate
accordingly, and the sum of twenty five thousand dollars ($25,000.00) in full and complete
satisfaction of itsany and all claims relating to the sites set forth in Section II of Schedule 4.4
attached hereto (collectively, the "EPA Action"), which amount the EPA shall allocate
accordingly. The NJDEP shall receive the sum of twenty five thousand dollars ($25,000.00) in
full and complete satisfaction of itsany and all claims relating to the sites set forth in
SectionSections II, III and IV of Schedule 4.4 attached hereto (collectively, the "NJDEP Action"
and together with the EPA Action, the "Government Actions"), which amount the NJDEP shall
allocate accordingly. Funding for these distributions and other distributions to holders of
Environmental Claims identified on Schedule 4.4 shall be made solely from proceeds of
applicable insurance policies. Any Deficiency Claims relating to Environmental Claims shall be
treated as General Unsecured Class 10 Claims. The holders of Claims in this Class are Impaired
and, therefore, entitled to vote. Each and every Person (including, but not limited to, all other
defendants in any suit, litigation or other proceeding related to the Government Actions) is
hereby permanently enjoined, barred and restrained from instituting, prosecuting or litigating in

any manner any claim or action for contribution or indemnity against the Debtors and the Reorganized Debtors, together with such parties' successors, assigns and insurers, based upon liability or responsibility, or asserted or potential liability or responsibility, either directly or indirectly of any Person to or for the benefit of any Debtor or Reorganized Debtor arising from or related to the claims, acts, facts, transactions, occurrences, statements or omissions that are, could have been or may be alleged in the Government Actions, or any other action brought or that might be brought by, through, on behalf of, or for the benefit of the EPA, NJDEP, or any of them (whether arising under federal law, state or foreign law, and regardless of where asserted). Any Person so enjoined, barred and restrained is hereby entitled to a settlement and/or judgment credit in accordance with any applicable statutory or common law rule. This provision shall not be considered, or be deemed in any way, to be a determination or concession by the EPA or NJDEP as to whether any other defendants or potentially responsible parties are subject to joint and several liability in the Government Actions, as to which law is applicable in any manner in the Government Actions, or as to whether any particular loss allocation or comparative responsibility statute or common law rule is applicable in any manner in the Government Actions. Nothing contained herein shall limit the rights of any remaining defendants or potentially responsible parties to obtain discovery from the Debtors or the Reorganized Debtors, develop evidence in discovery and/or present evidence or arguments at trial to support a judgment reduction credit that reflects a proportionate share of responsibility, if any, allocable to the Debtors or the Reorganized Debtors. This Plan also shall not otherwise limit the rights of any remaining defendant or potentially responsible party to defend the Government Actions and to assert any substantive or procedural rights provided by applicable law.

8.3    Insurance Policies. Notwithstanding the foregoing, on the Effective Date, all insurance policies (regardless of the inception date of coverage) forproviding coverage for claims against any one or more Debtors which provide for any and all Claims made or occurred arising from or related to any environmental laws of any Federal, State or local governmental entity or any claim asserted by a non-governmental entity for environmental claims (directly or by way of indemnity and whether under contract or tort law) shall be deemed assumed by the Reorganized Debtors. Upon assumption of the insurance policies, the Reorganized Debtors (i) shall be bound by all obligations of an insured, whether provided in the policies, applicable law or otherwise, including, but not limited to, the obligations to provide notice and to cooperate with the insurers in the defense and settlement of otherwise covered claims against Debtors, and (ii) shall be entitled to all rights to which the Debtors are entitled under the insurance policies. Any motion filed to assume contracts or the Schedule 8.1 shall contain the Cure Claims required to be paid upon assumption and all contracting parties shall have ten (10) days from the filing of the motion to assume, or in the case of policies included on Schedule 8.1, until the Cure Claims Bar Deadline within which to object to the stated Cure Claims or thereafter be deemed to have waived the right to object to the same.

10.1    Following the Confirmation Date and until such time as all payments and distributions required to be made and all other obligations required to be performed under this Plan have been made and performed by the Plan Funder, the Class 10 Liquidation Trustee and the Reorganized Debtors, as the case may be, the Bankruptcy Court shall retain jurisdiction as is legally permissible, including, without limitation, for the following purposes:

> (a) (a) Claims. To hear and determine the allowance, extent, classification, or priority of Claims, including Environmental Claims, against the Debtors upon objection, application, motion, or complaint filed by the Class 10 Liquidation Trustee, the Reorganized Debtors or any other party in interest (including any insurer), including any and all claims asserted under any Collective Bargaining Agreements, as amended;

> \*        \*        \*

> (f)    Actions. To hear and determine all applications, motions, actions, adversary proceedings (including any Avoidance Actions and/or Estate Actions), contested matters, actions, and any other litigated matters instituted (either before or after the Effective Date) in the Chapter 11 Cases by or on behalf of the Debtors (including litigation by insurers on behalf of the Debtors, which relate to Environmental Claims) or the Class 10 Liquidation Trustee; provided, however, that (i) nothing in the Plan, the Disclosure Statement, any Plan-related document, the Confirmation Order, and/or any findings of fact or conclusions of law with respect to Confirmation of the Plan shall preclude any insurer from seeking an adjudication by a U.S. District Court of any non-core matters, including but not limited to, issues relating to the existence or extent of insurance coverage, and (ii) any and all rights of insurers are hereby reserved ;

11.10    **Confirmation Injunction. On and after the Effective Date, except to enforce the terms and conditions of the Plan before the Bankruptcy Court, or as permitted under the Final DIP Orders and Exit Facility, and except to the extent the holders of Environmental Claims are seeking to recover under any and all applicable insurance policies (and in all cases may not assert any Claims against the Reorganized Debtors but may name them nominally for purposes of seeking recovery solely against applicable insurance coverage), all Persons or Entities who have held, hold or may hold any Claim against or Interest in the Debtors are, with respect to any such Claim or Interest, permanently enjoined from and after the Effective Date from: (a) commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against the Reorganized Debtors or Class 10 Liquidation Trustee or the Liquidation Trust or any of their properties, or any direct or**

indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or Entities and all of their respective direct and indirect parents, subsidiaries and affiliates, together with each of their respective shareholders, members, managers, general partners, limited partners officers, directors, employees, agents, representatives, attorneys and advisors or consultants ~~or any property of any of the foregoing~~ (collectively, the "<u>Protected Parties</u>") <u>or any property of any of the foregoing</u>; (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, against any of the Protected Parties of any judgment, award, decree or order; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against any of the Protected Parties; (d) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due to any of the Protected Parties; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. <u>Any holder of an Environmental Claim is stayed from seeking relief from the Confirmation Injunction for a period of one hundred and eighty (180) days after the Effective Date, after which any holder of an Environmental Claim may seek relief from the Confirmation Injunction to recover under any and all applicable insurance policies, any suit, action, or other proceeding of any kind that was pending as of the Petition Date; provided, however, that any holder of an Environmental Claim (i) that had a claim as of the Petition Date but failed to file a proof of claim or (ii) that filed a proof of claim that was disallowed by the Bankruptcy Court is precluded from relief from the Confirmation Injunction.</u> Nothing in this section shall preclude CIT or the CIT Lenders from asserting and enforcing any rights, defenses or claims available to them, or preclude the Committee or the Class 10 Liquidation Trustee, as applicable, from asserting Avoidance Actions or Estate Actions or continuing to pursue Avoidance Actions or Estate Actions commenced by the Committee prior to its termination under Section 11.19 of the Plan.

11.11 <u>Preservation of Insurance</u>. ~~This~~<u>The</u> Plan<u>, the Disclosure Statement, any Plan-related document, the Confirmation Order, and/or any findings of fact or conclusions of law with respect to Confirmation of the</u> Plan shall not diminish or impair the enforceability of any <u>rights, claims, or defenses under any</u> insurance ~~policy, right or claim~~<u>policies</u> that may cover Claims against the Debtors or the Reorganized Debtors (including, without limitation, their members, managers or officers) or any other person or entity. Likewise, the Plan ~~and Confirmation Order shall not impair any insurance carrier's~~<u>, the Disclosure Statement, any Plan-related document,  the Confirmation Order, and/or any findings of fact or conclusions of law with respect to Confirmation of the Plan shall not in any way operate to, or have the effect of, impairing the insurers' legal, equitable or contractual</u> rights, claims, defenses or disputes under any policy and shall not act to increase or extend any rights <u>or obligations </u>of the Debtors or the ~~carriers.~~<u>insurers in any respect.  For the avoidance of doubt, and to further clarify the Debtors' intent for the Plan to be insurance-neutral:</u>

<u>(a)     An insurer (or insurers, if more than one) defending an Environmental Claim, whether pursuant to a reservation of rights or otherwise, shall have all rights provided them under their respective insurance policy(ies).  Such rights include, but are not</u>

limited to, the right to retain counsel, to direct the counsel to enter an appearance on behalf of the Debtors or the Reorganized Debtors, to defend in the Debtors' respective names, to act on behalf of the Debtors or the Reorganized Debtors in all matters relating to an Environmental Claim, including any and all appeals from any judgment, to settle an Environmental Claim, and to pay any judgment entered with respect to an Environmental Claim. With respect to each of the foregoing rights, the insurers may, but shall not be required to, consult with the Debtors or the Reorganized Debtors. The insurers may, but shall not be required to, seek approval of the Bankruptcy Court pursuant to Fed. R. Bankr. P. 9019(b) or otherwise relating to the settlement of any Environmental Claim, and to pay any settlement or judgment with respect to an Environmental Claim. The Debtors, the Reorganized Debtors and/or the Class 10 Liquidation Trustee shall have the right to settle an Environmental Claim or prevent the settlement of an Environmental Claim, only if (i) the Debtors, the Reorganized Debtors, or the Class 10 Liquidation Trustee, as applicable, agree that they or it are not entitled to insurance for such Claim, they or it will not seek or assign rights to any person or entity to any insurance, and they or it will resist all efforts by any person or entity to argue that there is insurance for such Claim, or (ii) the Debtors or the Reorganized Debtors have been sued by a holder of an Environmental Claim, they affirmatively have sought coverage for the particular claim they propose to settle, and no insurer has agreed to provide a defense for such particular claim. In no other circumstance shall the Debtors, the Reorganized Debtors, or the Class 10 Liquidation Trustee have the right to settle or prevent settlement of any Environmental Claim. Further, notwithstanding any provision of the Plan, the Disclosure Statement, any Plan-related document, the Confirmation Order, and/or any findings of fact or conclusions of law with respect to the Confirmation of the Plan, the Debtors and the Reorganized Debtors shall be bound by the terms of the insurance policies and shall use their best efforts to respond to all reasonable requests from the insurer (or insurers) for information or cooperation in connection with the defense of or objection to any Claim allegedly covered by an insurance policy.

(b)    Notwithstanding any provision in the Plan, the Disclosure Statement, any Plan-related document, the Confirmation Order, and/or any findings of fact or conclusions of law with respect to Confirmation of the Plan, nothing contained in any such documents or in this Section 11.11 shall impose, or shall be deemed or construed to impose, any obligation on any insurer to provide a defense for, settle, or pay any judgment with respect to

any Environmental Claim; rather, an insurer's obligations, if any, with respect to an Environmental Claim shall be determined solely by and in accordance with the applicable insurance policy issued by that insurer. Nothing in the Plan, the Disclosure Statement, any Plan-related document, the Confirmation Order, and/or any findings of fact or conclusions of law with respect to Confirmation of the Plan shall diminish or impair, or be deemed to diminish or impair, the rights of any insurer to assert any claim, defense, right, or counterclaim against the creditor in connection with any Environmental Claim or insurance policy.

(c)     The Plan, the Disclosure Statement, any Plan-related document, the Confirmation Order, and/or any findings of fact or conclusions of law with respect to Confirmation of the Plan shall be binding on the Debtors, the Reorganized Debtors, the Liquidating Trust, the beneficiaries of the Liquidating Trust and the Class 10 Liquidation Trustee. The obligations, if any, of the Debtors, the Reorganized Debtors, or the insurers to pay holders of Deficiency Claims shall be determined pursuant to the Plan, any Plan-related document, the Confirmation Order and the respective insurance policies. None of (I) the Bankruptcy Court's approval of the Plan or Plan-related documents, (II) the Confirmation Order or any findings or and conclusions entered with respect to Confirmation, (III) the provisions of the Plan, the Disclosure Statement, and any Plan-related document, nor (IV) any estimation or valuation of Environmental Claims, either individually or in the aggregate (including, without limitation, any agreement as to the valuation of Environmental Claims) in connection with these Chapter 11 Cases, shall, with respect to any Environmental Claim, (A) constitute a trial or hearing on the merits or an adjudication or judgment; or accelerate the obligations, if any, of any insurer under its insurance policies; (B) be used as evidence in any forum to prove: (i) that any of the Debtors, the Reorganized Debtors or any insurance company is liable for, or otherwise obligated to pay with respect to, any individual Environmental Claim; (ii) that the procedures established by the Plan for evaluating and paying Environmental Claims are reasonable; (iii) that the procedures established by the Plan for evaluating and paying Environmental Claims are consistent with any procedures that were used to evaluate or settle Environmental Claims against the Debtors before the Petition Date; (iv) that the settlement of, or the value assigned to, any individual Environmental Claim pursuant to the terms of the Plan was reasonable and/or otherwise appropriate; (v) that any of the insurance companies participated in and/or consented to the negotiation of the Plan or/any of the Plan-related documents; (vi) that any of the Debtors or Reorganized Debtors has suffered or insured loss with respect to any Environmental Claim; (vii) the

liability of the Debtors or Reorganized Debtors for Environmental Claims, whether such Claims are considered individually or on an aggregate basis; or (viii) the value of such Environmental Claims, individually or in the aggregate; (C) be deemed to grant any Person or Entity any right to sue any insurer directly, in connection with a Claim, including any Environmental Claim, or any insurance policy; (D) constitute a finding or determination that any Debtor or Reorganized Debtor is a named insured, additional insured, or insured in any other way under any insurance policy; or (E) constitute a finding or determination that any insurer has any defense or indemnity obligation with respect to any Claim or Environmental Claim.

(d)      No insurer shall be bound in any current or future litigation concerning an Environmental Claim or an insurance policy by any factual findings or conclusions of law issued in connection with Confirmation of the Plan (including on appeal or in any subsequent proceeding necessary to effectuate the Plan), and no such findings of fact or conclusions of law shall have any res judicata or collateral estoppel effect on any claim, defense, right, offset or counterclaim that has been asserted or that may be asserted in any current or subsequent litigation concerning an Environmental Claim or an insurance policy. It is the intent of this Plan that insurers shall retain, and be permitted to assert, (y) all of their defenses to coverage of Environmental Claims notwithstanding any provision of the Plan, the Disclosure Statement, any Plan-related document, the Confirmation Order, and/or any findings of fact or conclusions of law with respect to Confirmation of the Plan and (z) all of the Debtors' defenses to liability, both legal and equitable, in connection with any asserted Environmental Claim, and that the insurers' rights to assert all such underlying defenses and defenses to coverage of Environmental Claims will not be impaired in any way by the Plan, the Disclosure Statement, any Plan-related document, the Confirmation Order, and/or any findings of fact or conclusions of law with respect to Confirmation of the Plan.

(e)      The Reorganized Debtors shall retain each document and record of the Debtors until the Reorganized Debtors determine that all needs and purposes to retain such particular document or record have ended. When the Reorganized Debtors have made such a determination with regard to a document or record, the Reorganized Debtors may discard or abandon such document or record, in his/her sole discretion, provided, however, that the Reorganized Debtors shall first give reasonable and adequate notice (of at least 60 days) to the insurers and/or their designated

defense counsel, at which time the insurers and/or their designated defense counsel may, at the expense of those insurers providing a defense to an Environmental Claim, take possession and keep any such records deemed by them to be necessary to the defense of any Environmental Claim being defended by them. During the time the Reorganized Debtors have custody of any documents or records of the Debtors, the Reorganized Debtors shall provide reasonable and adequate access to all such documents and records to insurers and permit them to copy same at insurer's sole expense. Once the insurers and/or their designated defense counsel take possession of copies or originals of any such documents, they shall have no obligation under this Plan, and no obligation to the Debtors or their estates, to maintain such records for the benefit of the Debtors or the Reorganized Debtors.  The duty, if any, of the insurers to maintain such records shall be governed by non-bankruptcy law in light of any Environmental Claims being defended by them. All privileges and immunities applicable to all documents or records that were generated or maintained at any time by the Debtors or the Reorganized Debtors, including without limitation the attorney-client privilege and the work product doctrine, shall be vested in, inure to the benefit of, and be fully enforceable by, the insurers.

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: | ) ) | Chapter 11 |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | ) ) ) | Case No. 08-14631 (GMB) |
| Debtors. | ) ) | Hon. Gloria M. Burns |

**CERTIFICATE OF SERVICE OF OBJECTIONS BY LIBERTY MUTUAL INSURANCE COMPANY AND WAUSAU UNDERWRITERS INSURANCE COMPANY TO DEBTORS' THIRD AMENDED JOINT CHAPTER 11 PLAN OF REORGANIZATION**

The undersigned certifies that on July 2, 2008, I served or caused to be served a copy of Objections by Liberty Mutual Insurance Company and Wausau Underwriters Insurance Company to Debtors' Third Amended Joint Chapter 11 Plan Of Reorganization via (a) ECF notification for those parties registered, (b) either by e-mail or facsimile, and (c) first-class mail, postage prepaid, to the following:

Mark E. Felger
Cozen O'Connor
1201 North Market Street
Suite 1400
Wilmington, DE 19801
mfelger@cozen.com
(Counsel for the Debtors)

Jerrold N. Poslusny, Jr.
Cozen O'Connor
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
jposlusny@cozen.com
(Counsel for the Debtors)

Nancy A. Mitchell
Greenberg Traurig
200 Park Avenue
New York, NY 10166
mitchelln@gtlaw.com
(Counsel for Arch)

Alan J. Brody
Greenberg Traurig
200 Park Avenue
Florham Park, NJ 07932-0677
brodya@gtlaw.com
(Counsel for Arch)

Alan Halperin
Halperin Battaglia Raicht
555 Madison Avenue
9th Floor
New York, NY 10022
Fax: 212-765-0964
(Co-counsel for the Committee)

Michael D. Sirota
Cole, Schotz, Meisel, Forman & Leonard
Court Plaza North
25 Main Street
Hackensack, NJ 07601
msirota@coleschotz.com
(Co-counsel for the Committee)

Paul A. Patterson
Stradley, Ronon, Stevens & Young
2600 One Commerce Square
Philadelphia, PA  19103
ppatterson@stradley.com
(Counsel for the Lender Group)

Peter J. D'Auria, Esq.
Jeffrey M. Sponder, Esq.
Donald F. MacMaster
Office of the United States Trustee
One Newark Center
21ˢᵗ Floor, Room 2106
Newark, NJ  07102
Fax: (973) 645-5993

POST & SCHELL, P.C.

Dated: July 2, 2008

BY:  _____
     John C. Sullivan, Esquire
     Four Penn Center – 13th Floor
     1600 John F. Kennedy Boulevard
     Philadelphia, PA  19103
     Phone:  (215) 587-1000
     Fax:  (215) 587-1444
     E-mail:  jsullivan@postschell.com

6018712

-2-