## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | Case No. 08-14631 (GMB) |
| Debtors. | Hon. Gloria M. Burns |

## CERTIFICATE OF SERVICE OF LIBERTY MUTUAL INSURANCE COMPANY AND WAUSAU UNDERWRITERS INSURANCE COMPANY OF MOTION TO QUASH RULE 2004 SUBPOENAS FOR DOCUMENTS

The undersigned certifies that on July 7, 2008, I served or caused to be served a time-stamped copy noting a hearing date of July 28, 2008 of the Motion By Liberty Mutual Insurance Company And Wausau Underwriters Insurance Company To Quash 2004 Subpoenas For Documents via first-class mail, postage prepaid, to the following:

Shapes/Arch Holdings L.L.C.
c/o Steven Grabell
9000 River Road
Delair, NJ 08110

Shapes L.L.C.
c/o Steven Grabell
9000 River Road
Delair, NJ 08110

Ultra L.L.C.
c/o Daniel Carpey
1777 Hylton Road
Pennsauken, NJ 08110

Delair L.L.C.
c/o Richard Grossman
8600 River Road
Delair, NJ 08110

Accu-Weld L.L.C.
c/o Steven Grabell
1211 Ford Road
Bensalem, PA 19020

Jerrold N. Poslusny, Jr., Esq.
Cozen O'Connor
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(Attorneys for Debtors)

Mark E. Felger, Esq.
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street
Suite 1400
Wilmington, DE 19801
(Attorneys for Debtors)

Peter J. D'Auria, Esq.
Jeffrey M. Sponder, Esq.
Donald F. McMaster, Esq.
Office of the United States Trustee
One Newark Center
Suite 2100
Newark, NJ 07102

Brian Bull
Alcan
1188 Sherbrooke Street West
Montreal, Quebec
H3A 3G2
Canada
(Creditors' Committee Co-Chairperson)

Richard A. Kellner
Rusal America Corp.
550 Mamaroneck Ave.
Harrison, NY 10528
(Creditors' Committee Co-Chairperson)

Alan D. Halperin, Esq.
Walter Benzija, Esq.
Debra J. Cohen, Esq.
Halperin Battaglia Raicht, LLP
555 Madison Avenue-9th Floor
New York, NY 10022-3301
(Counsel for The Creditors' Committee)

Michael D. Sirota, Esq.
Ilana Volkov, Esq.
Warren A. Usatine, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Court Plaza North
25 Main Street
PO Box 800
Hackensack, NJ 07601
(Local Counsel for The Creditors' Committee)

Joel Shapiro, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(Attorneys for ASI Funding, LLC and Arcus
ASI, Inc.)

Lawrence Flick, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Ave.
New York, NY 10174
(Attorneys for ASI Funding, LLC and Arcus
ASI, Inc.)

Paul A. Patterson, Esq.
Michael Cordone, Esq.
Mark J. Dorval, Esq.
Stradley Ronon
2600 One Commerce Square
Philadelphia, PA 19103
(Attorneys for The CIT Group/Business Credit,
Inc.)

Brown & Connery, LLP
Joseph M. Garemore, Esq.
6 North Broad Street
Suite 100
Woodbury, NJ 08096
(Attorneys for Pollution Control Financing
Authority of Camden County)

Brown & Connery, LLP
Brian P. Faulk, Esq.
222 Haddon Avenue
Westmont, NJ  08108

Louis T. DeLucia, Esq.
Alan J. Brody, Esq.
Alyson M. Fielder, Esq.
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ  07932
(Attorneys for Arch Acquisition I, LLC)

Nancy A. Mitchell, Esq.
Greenberg Traurig, LLP
Metlife Building
200 Park Avenue
New York, NY  10016
(Attorneys for Arch Acquisition I, LLC)

Diane E. Vuocolo, Esq.
Greenberg Traurig, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA  19103
(Attorneys for Arch Acquisition I, LLC)

POST & SCHELL, P.C.

Dated:  July 7, 2008

By _____
John C. Sullivan, Esquire
Four Penn Center – 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103
Phone:  (215) 587-1000
Fax:  (215) 587-1444
E-mail:  jsullivan@postschell.com

6025489

U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ

08 JUL -2 PM 3: 17

JAMES J. WALDRON

BY:_____ w{

DEPUTY CLERK

John Sullivan
POST & SCHELL PC
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 587-1000

Mark D. Plevin
Matthew W. Cheney
Kelly R. Cusick
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
(202) 624-2500

A Hearing on this matter will be held
on ___7/28/08___ at __10:00am__
Mitchell H. Cohen U.S. Courthouse
400 Cooper Street
Camden, NJ 08101
Courtroom 4C

Attorneys for Liberty Mutual Insurance Company and
Wausau Underwriters Insurance Company

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | ) | Case No. 08-14631 (GMB) |
| | ) | |
| Debtors. | ) | Hon. Gloria M. Burns |

### NOTICE OF MOTION BY LIBERTY MUTUAL INSURANCE COMPANY AND WAUSAU UNDERWRITERS INSURANCE COMPANY TO QUASH RULE 2004 SUBPOENAS FOR DOCUMENTS

Liberty Mutual Insurance Company and Wausau Underwriters Insurance Company (collectively, "Liberty Mutual"), by and through its undersigned counsel, have filed a Motion to Quash Rule 2004 Subpoenas for Documents (the "Motion").

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

CERTIFICATION OF SERVICE OF THE
MOTION WITH THIS DATE IS REQUIRED
PRIOR TO THE HEARING DATE OR THE
MOTION WILL BE DENIED.

If you do not want the Court to grant the relief requested by the Movant, or if you want the Court to consider your views on the Motion, at least 7 days before any hearing on the Motion scheduled by the Court, you or your attorney must:

File with the Court an answer explaining your position at:  Clerk, U.S. Bankruptcy Court, U.S. Post Office & Courthouse Building, 401 Market Street, 2nd Floor, P.O. Box 2067, Camden, NJ 08101-2067.  If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

You **must** also mail a copy to:

John Sullivan, POST & SCHELL PC, 1600 John F. Kennedy Blvd., Philadelphia, PA 19103 and Mark D. Plevin, Matthew W. Cheney, and Kelly R. Cusick, CROWELL & MORING LLP, 1001 Pennsylvania Avenue, N.W., Washington, D.C.  20004-2595.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

\*\*\*      Intentionally Left Blank      \*\*\*\*

DATED: July 2, 2008

Respectfully submitted,

John Sullivan
POST & SCHELL PC
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 587-1000

Mark D. Plevin
Matthew W. Cheney
Kelly R. Cusick
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
(202) 624-2500

Attorneys for Liberty Mutual Insurance Company
and Wausau Underwriters Insurance Company

John Sullivan
POST & SCHELL PC
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 587-1000

Mark D. Plevin
Matthew W. Cheney
Kelly R. Cusick
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500

Attorneys for Liberty Mutual Insurance Company and
Wausau Underwriters Insurance Company

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | ) | Case No. 08-14631 (GMB) |
|  | ) |  |
| Debtors. | ) | Hon. Gloria M. Burns |

## ORDER GRANTING MOTION BY LIBERTY MUTUAL INSURANCE COMPANY AND WAUSAU UNDERWRITERS INSURANCE COMPANY TO QUASH RULE 2004 SUBPOENAS FOR DOCUMENTS

The relief set forth on the following page, numbered two (2) is hereby **ORDERED**:

Page 2

Shapes/Arch Holdings, L.L.C., *et al.*

Case No. 08-14631 (GMB)

Order Granting Motion By Liberty Mutual Insurance Company And Wausau Underwriters Insurance Company To
Quash Rule 2004 Subpoenas For Documents

---

Upon consideration of the Motion (the "Motion")[1] by Liberty Mutual Insurance

Company and Wausau Underwriters Insurance Company to Quash Rule 2004 Subpoenas For

Documents; any responses thereto; notice of the Motion appearing appropriate under the

circumstances; the Court finding that the Motion was filed in good faith; and for other good

cause shown; it is hereby ORDERED:

      1.      That the Motion is GRANTED.

      2.      That the Subpoenas issued for Liberty Mutual Insurance Company and Wausau

Business Insurance Company are hereby quashed in their entirety.

      3.      Liberty Mutual Insurance Company, Wausau Underwriters Insurance Company

and Wausau Business Insurance Company are enjoined from responding to the Subpoenas.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the same meaning ascribed to
them in the Motion.

U S. BANKRUPTCY COURT
FILED
CAMDEN. NJ

08 JUL -2 PM 3:17

JAMES J. WALDRON

BY:_____
DEPUTY CLERK

John Sullivan
POST & SCHELL PC
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 587-1000

Mark D. Plevin
Matthew W. Cheney
Kelly R. Cusick
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500

Attorneys for Liberty Mutual Insurance Company and
Wausau Underwriters Insurance Company

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | ) | Case No. 08-14631 (GMB) |
| | ) | |
| Debtors. | ) | Hon. Gloria M. Burns |

## MOTION BY LIBERTY MUTUAL INSURANCE COMPANY AND WAUSAU UNDERWRITERS INSURANCE COMPANY TO QUASH RULE 2004 SUBPOENAS FOR DOCUMENTS

Liberty Mutual Insurance Company and Wausau Underwriters Insurance

Company (collectively, "Liberty Mutual"), parties in interest, hereby move, pursuant to D.N.J.

LBR 2004-1(d) and Fed. R. Bankr. P. 9016, to quash subpoenas for documents issued by

"Pennsauken Landfill Litigation-related creditors" to (a) Liberty Mutual Insurance Company and

(b) Wausau Business Insurance Company.  The subpoenas should be quashed because they were

not properly served, they set the document production for less than 14 days, they are not timely

confirmation-related discovery, and the discovery requests are not relevant or reasonable.

## FACTUAL BACKGROUND

On March 16, 2008, Debtors'[1] each filed voluntary petitions for relief under

Chapter 11 of the Bankruptcy Code.  On the same date, Debtors also filed a disclosure

statement and plan of reorganization.

On May 23, 2008, the Court approved the disclosure statement for Debtors'

Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan").  The order approving the

disclosure statement set the confirmation hearing for July 8, 2008.

Under the Plan, Debtors propose a separate class for "Environmental Claims,"

which will be paid, if at all, from available insurance proceeds.[2]  Liberty Mutual issued certain

liability insurance policies to one or more Debtors.[3]  Coverage under Liberty Mutual's policies is,

to the extent available, subject to the terms, conditions, limitations, and exclusions set forth in

and/or incorporated into each policy and applicable non-bankruptcy law.

On June 19, 2008, an attorney at the firm of Brown & Connery, LLP issued

subpoenas for documents to a number of insurers, including Liberty Mutual.  Attached as

Exhibit A are the cover letter with the two subpoenas issued to Liberty Mutual Insurance

Company and Wausau Business Insurance Company.

The return date on the subpoenas is July 3, 2008 at 10:00 a.m. at the Westmont,

NJ offices of Brown & Connery, LLP.

---

[1]    The Debtors include Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C., Ultra L.L.C.

[2]    *See* Plan § 4.4, Dkt. No. 338.  Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Plan and related Plan documents.

[3]    *See* Joint Disclosure Statement For the Debtors' Third Amended Joint Plan of Reorganization § VI(c), Dkt. No. 339.

According to the cover letter for the subpoenas, counsel seeks "on behalf of the Pennsauken Landfill Litigation-related creditors" to obtain "policy information for Aluminum Shapes from 1970 to 1994." From the list of matters requested in Exhibit A of the subpoenas, however, the subpoenas request more than basic policy information.

It is unclear on whose behalf counsel issued the subpoenas. Brown & Connery, LLP entered its appearance in these bankruptcy proceedings solely on behalf of Pollution Control Financing Authority of Camden County on April 7, 2008.[4]

Liberty Mutual's counsel, who also has appeared in these bankruptcy proceedings, was not contacted by Brown & Connery, LLP either before or after the subpoenas were issued.

From the cover letter, it appears that the subpoenas were sent to the Office of Legislative & Regulatory Affairs, New Jersey Department of Banking and Insurance via Federal Express (the "Insurance Commissioner").[5] On information and belief, Liberty Mutual has not yet received the subpoenas from the Insurance Commissioner.

Debtors' defense counsel in the Pennsauken landfill litigation received a copy of the cover letter and the subpoenas on June 23, 2008, which is how Liberty Mutual learned of the existence of the subpoenas.

---

[4]    *See* Notice of Appearance and Demand for Service of Papers, Dkt. No. 120.

[5]    *See* Exhibit A (cover letter for subpoenas, which references delivery via Federal Express).

## ARGUMENT

**A.    The subpoenas have not been properly served.**

In an attempt to effectuate service of the subpoenas, Brown & Connery, LLP

sent the subpoenas to the Insurance Commissioner. Although, the Insurance Commissioner is

authorized to accept initial service of process on behalf of all foreign insurers, such as Liberty

Mutual, admitted in the State of New Jersey, it is not authorized to accept any court documents

other than initial service of process, such as subpoenas.[6] The Insurance Commissioner's lack of

authority to accept service of subpoenas is plainly stated on the website maintained by the

Insurance Commissioner.[7] Accordingly, the subpoenas have not been properly served and

should be quashed.[8]

---

[6]    *See* N.J.S.A. 17:32-2c (West 2008) (the commissioner is only authorized to accept "original process in any action or legal proceeding").

[7]    *See* http://www.state.nj.us/dobi/servproc.htm (**"Please Note** - The Commissioner is **not** authorized to accept the following: Any court documents other than initial service of process, such as subpoenas, motions, etc.") (emphasis in original).

[8]    Arguably, the subpoenas also were not properly issued because Liberty Mutual cannot determine to what party(ies) it was to respond. According to the cover letter for the subpoenas, Brown & Connery, LLP represents more than one party. However, Brown & Connery, LLP only noticed its appearance in these bankruptcy proceedings on behalf of Pollution Control Financing Authority of Camden County and it has not filed a statement under Bankruptcy Rule 2019. It would be unfair and prejudicial to compel Liberty Mutual to respond to subpoenas without disclosing to Liberty Mutual who the discovery parties are and providing Liberty Mutual an opportunity to consider whether, given such information, other objections should be raised to the subpoenas.

In addition, the subpoena issued for Wausau Business Insurance Company names the wrong party. Wausau Underwriters Insurance Company was the Wausau entity that issued policies for Debtors.

**B.**    **The subpoenas are improper because they set the document production for less than 14 days after purported service in violation of D.N.J. LBR 2004-1(c).**

Local Rule 2004-1(c) provides that any subpoena served without filing a motion or obtaining an order from the Court "shall not set the examination or document production for less than 14 days after service of the subpoena except by agreement of the deponent."[9] Even if the subpoenas were properly served on Liberty Mutual on June 20, 2008, which they were not, they demanded the production of documents on July 3, 2008. The response time under the subpoenas was 13 days. Liberty Mutual does not consent to a shortened response time. Accordingly, for this reason alone, the Court should grant the Motion and quash the subpoenas.

**C.**    **The subpoenas were issued on the eve of the confirmation hearing and, therefore, are not timely.**

The subpoenas were issued on June 19, 2008, with a return date of July 3, 2008, only two business days before the scheduled confirmation hearing and after the deadline for filing objections to the Plan. Given that Debtors filed a plan of reorganization in March 2008 and that the Court approved the disclosure statement for the Plan in May 2008, the discovering party(ies) had ample time to serve confirmation-related discovery. The issuance of subpoenas on the eve of the confirmation hearing is not appropriate. The subpoenas should be quashed as untimely.[10]

The discovery party(ies) will not be prejudiced if the subpoenas are quashed. The requested information is not relevant to either establishing the claim(s) of the discovery

---

[9]    D.N.J. LBR 2004-1(c).

[10]    *Cf.* Sinkow v. Latimer (In re Latimer), 82 B.R. 354, 357 (Bankr. E.D.Pa. 1988) (disagreement recognized on other grounds) (noting an earlier decision in the bankruptcy case denying a last minute motion for a 2004 exam).

- 5 -

party(ies) in the bankruptcy or the confirmation process. Moreover, the issues of whether and

to what extent insurance coverage may exist to pay Environmental Claims after Debtors' liability

has been established will be raised in future claims objection proceedings and/or coverage-

related litigation. Liberty Mutual (and the other insurers) should not be subjected to a fishing

expedition regarding coverage when these issues will be the subject of future litigation.[11]

> ### D.    Liberty Mutual should not be required to produce the documents/information requested because the 2004 discovery requests are not relevant or reasonable.

Even if the subpoenas are reissued and properly served, the requested discovery

is objectionable.[12] The timing of the subpoenas, the form of the discovery requests and the

scope of the discovery requested suggest that the subpoenas were not served for a proper

purpose.[13]

---

[11]    *See cf.* In re 2435 Plainview Avenue, Inc. v. Township of Scotch Plains (In re 2435 Plainview Avenue, Inc.), 223 B.R. 440, 455-56 (Bankr. D.N.J. 1998) (acknowledging that a majority of courts will not permit allow a 2004 exam when doing so will avoid the procedural safeguards of the rules of civil procedure governing discovery in pending litigation).

[12]    Liberty Mutual reserves the right to interpose supplemental objections to the requested discovery. Nothing herein is or should be construed as a waiver of any or all of Liberty Mutual's rights to object to the specific discovery requests attached to the subpoenas. For the avoidance of doubt, Liberty Mutual objects generally to the subpoenas to the extent: (a) they seek to impose any obligation beyond that which is required by the applicable rules of procedure; (b) they seek documents/information protected by the attorney-client privilege, work product doctrine or any other applicable privilege, doctrine or protection; (c) they are overly broad, unduly burdensome and seek documents/information that are not relevant and not reasonably calculated to lead to the discovery of admissible evidence; (d) they are vague or ambiguous or fail to describe the documents/information sought with sufficient particularity; (e) they seek confidential documents/information; and (f) they seek documents/information available as a matter of public record, in the possession of the requesting party(ies) or third parties, or not within Liberty Mutual's possession, custody or control.

[13]    To the extent the subpoenas are not quashed based on the foregoing arguments, Liberty Mutual reserves the right to submit further briefing and evidence to demonstrate that good cause does not exist to require Liberty Mutual to respond to the discovery and/or that, if any such discovery is to be had, an appropriate protective order should be issued.

Bankruptcy Rule 2004 authorizes a party in interest to examine any entity relating to the acts, conduct, property, liabilities, and financial condition of the debtor or any matter that may affect the administration of the estate or debtor's right to a discharge. Although the permissible scope of a Rule 2004 examination is broad, it is not without limitation. For example, a Rule 2004 examination must be "both relevant and reasonable," "may not be used to annoy, embarrass, or oppress the party being examined,"[14] and should not be overly disruptive or costly.[15] There are also subject matter limitations. The rule is designed to allow "the court to gain a clear picture of the condition and the whereabouts of the bankrupt's estate"[16] by permitting parties to inquire "into the debtor's acts, conduct or financial affairs so as to discover the existence and location of assets of the estate."[17]

A party seeking to conduct a Rule 2004 examination has the burden of showing good cause for the examination it seeks.[18] Generally, good cause requires a showing that the examination sought is necessary to establish the claim of the party seeking the examination, or the denial of such request would cause the proposed examiner undue hardship or injustice.[19]

---

[14]     In re Symington, 209 B.R. 678, 684-85 (Bankr. D. Md. 1997). *See also* Northmount Assocs. v. W & S Invs., Inc. (In re W & S Invs., Inc.), 1993 WL 18272 at *2 (9th Cir. Jan. 28, 1993).

[15]     In re Eagle-Picher Indus., Inc., 169 B.R. 130, 134 (Bankr. S.D. Ohio 1994); In re Express One Int'l, 217 B.R. 215, 217 (E.D. Tex. 1998).

[16]     In re Int'l Fibercom, Inc., 283 B.R. 290, 292 (D. Ariz. 2002), quoting Moore v. Lang (In re Lang), 107 B.R. 130, 132 (Bankr. N.D. Ohio 1989). *See also* W & S Invs., Inc., 1993 WL 18272 at *2.

[17]     Symington, 209 B.R. at 690 n.14. *See also* W & S Invs., Inc., 1993 WL 18272 at *2; In re Dinubilo, 177 B.R. 932, 936 n.6, 941, 943 (E.D. Cal. 1993).

[18]     Eagle-Picher, 169 B.R. at 134; Express One, 217 B.R. at 217.

[19]     Id; Dinubilo, 177 B.R. at 943.

Furthermore, if the cost and disruption to the examinee attendant to a requested examination outweigh the benefits to the examiner, the request should be denied.[20]

Here, counsel for "the Pennsauken Landfill Litigation-related creditors" states that they seek to obtain "policy information for Aluminum Shapes from 1970 to 1994." On their face, the subpoenas request only the production, inspection and copying of documents. If the discovery was as limited as the cover letter suggests, the subpoenas might be satisfied by the production of copies of the insurance policies either by Debtors or their insurers. But the scope of the subpoenas seeks documents/information well-beyond basic policy information. Moreover, Exhibit A to the subpoenas asks questions and is not in the form of a request for documents.

The substance of the discovery requests also are objectionable. By way of example and subject to its reservations of rights, Liberty Mutual provides the following cursory response to the specific items listed in Exhibit A to the subpoenas:

1.    Identify all insurance policies for the Relevant Time Period, including but not limited to:
***
    f.    Whether and to what extent each policy has been eroded;
    g.    Which carriers have provided coverage for the Pennsauken Landfill Litigation;
    h.    Identify each carriers' [sic] individual percentage of total coverage for the Pennsauken Landfill Litigation; and . . . .[21]

As an initial matter, Liberty Mutual objects to the request because the meaning of the term "Relevant Time Period" is not included in the subpoenas. Indeed, there are no instructions or definitions included with the subpoenas. Liberty Mutual further objects to this

---

[20]    Eagle-Picher, 169 B.R. at 134; Express One, 217 B.R. at 217.

[21]    See Exhibit A (Subpoenas and Exhibits A thereto).

request because it is in the form of a question. Moreover, the request seeks information that

depends on the resolution of legal issues. For example, the extent of any policy erosion

implicates issues with respect to occurrence (and potentially other) limits on coverage under the

policies. The issue of "what is an occurrence" is a legal question that has not been determined.

Similarly, issues of coverage and each carrier's allocation are legal matters that cannot be

determined until after Debtors' liability has been established.[22] Thus, Liberty Mutual is unable

and may not be compelled to produce documents in response to the request.[23] In addition, the

request is not relevant to either establishing the claim(s) of the discovering party(ies) in the

bankruptcy or the confirmation process.

2.    Whether any of the carriers identified in Question 1.g. have provided defense
      and/or indemnification under a Reservation of Rights. If so, please provide a
      copy of the Reservation of Rights Letter.[24]

Liberty Mutual objects to this request because the meanings of the terms

"Reservation of Rights" and "Reservation of Rights Letter" are not included in the subpoenas.

Liberty Mutual further objects to this request because it is in the form of a question. Indeed, the

form of the request confirms that this subpoena for documents asks questions, which is not

appropriate. Notwithstanding the foregoing, Liberty Mutual further objects to the request

because it appears to be seeking confidential communications between the insurers and their

---

[22]    *See, e.g.*, Carter-Wallace, Inc. v. Admiral Insurance Co., 712 A.2d 1116 (N.J. 1998) (addressing issues concerning the division of coverage liability after the insured suffered a loss).

[23]    To the extent the discovering party(ies) seek documents relating to any agreements between an insurer and its insured or among insurers with respect to coverage issues, those documents (if any) relate to the defense of the Pennsauken litigation or other proceedings and are protected from disclosure by the work product doctrine and other applicable privileges. In addition, the information requested is not relevant to the discovery party(ies) claim(s) in the bankruptcy and may also be confidential.

[24]    *See* Exhibit A (Subpoenas and Exhibits A thereto).

insured, which also are not relevant to either establishing the claim(s) of the discovering

party(ies) in the bankruptcy or the confirmation process. In addition, such communications

relate to the Pennsauken litigation or other proceedings and are protected from disclosure by the

work product doctrine and other applicable privileges.

3.    Whether any carriers identified in Question 1.g. have gone bankrupt. If so:

    a.    Identify the carrier and level of insurance;
    b.    Identify the state Guarantee Fund responsible for the policies; and
    c.    If such carriers were primary, whether any of the umbrella or excess
       carriers have agreed to drop-down.

4.    Whether any policies identified in Question 1 have been the subject of a buy
    back. If so:

    a.    Provide the date, terms and Agreement for the buy back; and
    b.    Were any of the funds from the buy back placed in escrow.
        i.    Identify the current amount in escrow; and
        ii.   If not, what was done with the funds from the buy back.[25]

Liberty Mutual objects to these requests because they are in the form of

questions. Liberty Mutual further objects to these requests because they seek information either

available from other persons or entities, publicly available, or not in Liberty Mutual's possession.

Question 3 also improperly seeks information related to allocation and coverage issues, which

are legal issues that have not been determined. As for Question 4, without waiving any of its

rights or any objections to the subpoenas, Liberty Mutual states that none of its policies insuring

Debtors are the subject of any buy back agreements.

5.    Whether Aluminum Shapes, Inc. was self-insured or had Self-Insured Retentions
    ("SIR") at any time during the Relevant Time Period. If so:

    a.    Identify the time period such was in existence;
    b.    Identify the SIR limits and any policies related to the SIR; and

---

[25]    *Id.*

        c.      Whether any funds were placed into an account for payment of claims under the self-insured periods or SIRS. If so:

          i.      Do these accounts still exist; and

          ii.     How much money is currently in these funds.[26]

Liberty Mutual objects to this request because the meanings of the terms "Self-Insured Retentions" and "Relevant Time Period" are not included in the subpoenas. Liberty Mutual further objects to this request because it is in the form of a question. Liberty Mutual further objects to this request because it seeks information either available from other persons or entities, publicly available, or not in Liberty Mutual's possession. If Debtors were self-insured, they as the policyholders may have this information. Other than the terms of the policies themselves, the insurers would not have information concerning any self-insured retentions by Debtors.

      6.      To what extent, if any, are there other claims against the policies identified in Quest [sic] 1.g. If such claims exist:

        a.      Identify the other claims;

        b.      Identify the potential value of such claims; and

        c.      Identify whether the carriers have agreed to defend and/or indemnify Aluminum Shapes, Inc. in relation to those claims and whether such is under a reservation of rights.[27]

Liberty Mutual objects to this request because it is in the form of a question. Liberty Mutual further objects to these requests because they seek information either available from other persons or entities, publicly available, or not in Liberty Mutual's possession. Notwithstanding the foregoing, Liberty Mutual further objects to the request because it appears to be seeking confidential communications between the insurers and their insured, which also

---

[26]    *Id.*

[27]    *Id.*

are not relevant to either establishing the claim(s) of the discovering party(ies) in the bankruptcy

or the confirmation process.  In addition, to the extent any such communications relate to an

agreement to defend and/or indemnify an insured with respect to any claims, such information

is protected from disclosure by the work product doctrine and other applicable privileges.

> 7.   Are there any agreements between Aluminum Shapes, Inc. and its carriers related
>       to the defense, indemnification and/or potential allocation for Aluminum Shapes,
>       Inc. in the Pennsauken Landfill Litigation regarding its carriers continuing to
>       defend and/or indemnify Aluminum shapes' [sic] despite the Chapter 11 filing.
>       If so:
>
>       a.   Identify the carriers; and
>       b.   Provide copies of said agreements.[28]

Liberty Mutual objects to this request because the meaning of the term

"Pennsauken Landfill Litigation" is not included in the subpoenas.  Liberty Mutual further

objects to this request because it is in the form of a question.  Liberty Mutual further objects to

this request because it seeks information either available from other persons or entities, or not in

Liberty Mutual's possession.  The discovery party(ies) know that they are not entitled to obtain

information about how Debtors and its insurers are defending the Pennsauken litigation.  Such

information is protected from disclosure by the work product doctrine and other applicable

privileges.

The foregoing reflects the unreasonable nature of the specific discovery

requested.  In light of the other issues with the subpoenas, the Court should quash the

subpoenas.

---

[28]    *Id.*

## CONCLUSION

For the foregoing reasons and such additional reasons as Liberty Mutual may

identify in the future, the Court should quash the subpoenas.

***     Signature Page to Follow     ***

Respectfully submitted,

Dated: July 2, 2008

BY: *(signature)*
John C. Sullivan
POST & SCHELL, P.C.
Four Penn Center – 13th Floor
1600 John F. Kennedy Boulevard
Philadelphia, PA  19103
Phone:  (215) 587-1000

Mark D. Plevin
Matthew W. Cheney
Kelly R. Cusick
CROWELL & MORING, LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
Phone:  (202) 624-2500

Attorneys for Liberty Mutual
Insurance Company and Wausau
Underwriters Insurance
Company

# EXHIBIT A

# BROWN & CONNERY
## LLP

WARREN W. FAULK◦
STEVEN G. WOLSCHINA
PAUL MAINARDI
MICHAEL J. VASSALOTTI◦
WILLIAM M. TAMBUSSI◦
MARK P. ASSELTA*
STEPHEN J. DeFEO*
JOSEPH M. NARDI, III*
CHRISTINE P. O'HEARN*◦
JOSEPH T. CARNEY*'
KAREN A. MCGUINNESS*
SUSAN M. LEMING*
SHAWN C. HUBER*
MARK CAIRA

OF COUNSEL
NATHAN A. FRIEDMAN◦
KATHIE L. RENNER*
MICHAEL R. MIGNOGNA*
JOSEPH G. ANTINORI

THOMAS F. CONNERY, JR.(1915-2004)
HORACE G. BROWN (1902-1990)
HOWARD G. KULP, JR. (1906-1987)
◦ CERTIFIED BY THE SUPREME COURT OF
   NEW JERSEY AS A CIVIL TRIAL ATTORNEY

ATTORNEYS AT LAW AND PROCTORS IN ADMIRALTY
360 HADDON AVENUE
P.O. BOX 539
WESTMONT, NEW JERSEY 08108

TELEPHONE (856) 854-8900
FACSIMILE (856) 858-4967
**www.brownconnery.com**

WOODBURY, NJ 08096      CAMDEN, NJ 08102      PHILADELPHIA, PA 19102
(856) 812-8900          (856) 365-5100        (215) 592-4352

MICHELLE H. BAER*'
WILLIAM F. COOK*
MICHAEL J. DIPIERO*
BRIAN P. FAULK
GINA M. FIGUEIRA*
JOSEPH M. GAREMORE*
ABIGAIL M. GREEN*
PATRICK J. HOLSTON*
JEFFREY R. JOHNSON*
DIANE S. KANE*
LOUIS R. LESSIG*
DONALD K. LUDMAN*
BETH L. MARLIN*
PAMELA A. MULLIGAN
CHRISTOPHER A. ORLANDO*
TAIRONDA E. PHOENIX*
MATTHEW C. STECHER*
BLAIR C. TALTY*

* ALSO ADMITTED IN PENNSYLVANIA
' ALSO ADMITTED IN NEW YORK
" ALSO ADMITTED IN DELAWARE
" ALSO ADMITTED IN MARYLAND

June 19, 2008



RECEIVED
JUN 2 3 2008
By_____

**VIA FEDERAL EXPRESS**

**OFFICE OF LEGISLATIVE & REGULATORY AFFAIRS**
**NEW JERSEY DEPARTMENT OF BANKING AND INSURANCE**
20 West State Street
P.O. Box 325
Trenton, New Jersey  08625-0325

Attn: Debra Mullen, Administrative Assistant

    *Re:  Shapes/Arch Holdings, LLC, et. al.*

Dear Ms. Mullen:

    I am writing on behalf of the Pennsauken Landfill Litigation-related creditors to obtain insurance information related to Aluminum Shapes Bankruptcy.  I am seeking the policy information for Aluminum Shapes from 1970 to 1994.  I have included subpoenas according to the Rule 2004 Examination for the following individuals:

1. Highlands Insurance Company
2. INA (c/o ACE)
3. Continental Casualty
4. Interstate Fire (c/o Fireman's Fund)
5. Liberty Mutual
6. RLI Insurance Company
7. PMA Capital Insurance Company

# BROWN & CONNERY
## LLP

Office of Legislative & Regulatory Affairs
New Jersey Department of Banking and Insurance
June 19, 2008
Page 2

8.    Granite State Insurance Company
9.    Federal Insurance Company
10.   Zurich Insurance Company
11.   Wausau Business Insurance Company
12.   National Union Fire Company

I hereby certify that the foregoing information is true. Should you have any questions please contact me at (856) 854-8900.

Respectfully submitted,

BROWN & CONNERY, LLP

Brian P. Faulk

BPF/rlk
Enclosures
cc: Kevin McKenna, Esquire (w/enclosures)(via regular mail)

B251 (Form 254   Subpoena for Rule 2004 Examination) (12/07)

# UNITED STATES BANKRUPTCY COURT

_____ for the _____   District of ___ **New Jersey** _____

In re   Shapes/Arch Holdings, LLC, et al
    Debtor

### SUBPOENA FOR RULE 2004 EXAMINATION

Case No.*  ___ **08-14631** ___

To:  Liberty Mutual Insurance Co.
  175 Berkeley Street
  Boston, MA 02117

Chapter  ___ **11** ___
    **(Jointly Administered)**

☐  YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below.  A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

  **See Exhibit A attached.**

| PLACE Brown & Connery, LLP<br>   222 Haddon Avenue<br>   Westmont, NJ  08108 | DATE AND TIME<br><br>July 3, 2008 at 10:00 a.m. |
|---|---|

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
|  | *6/19/08* |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
 Brian P. Faulk, Esquire, 222 Haddon Avenue, Westmont, NJ 08108 (856-854-8900)

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B254 (Form 254 - Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
    (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - - which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
    (2) Command to Produce Materials or Permit Inspection.
        (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
        (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
            (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
            (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
    (3) Quashing or Modifying a Subpoena.
        (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
            (i) fails to allow a reasonable time to comply;
            (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv) subjects a person to undue burden.
        (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
            (i) disclosing a trade secret or other confidential research, development, or commercial information;
            (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
        (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
            (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
    (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
        (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
        (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
        (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
        (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
    (2) Claiming Privilege or Protection.
        (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
            (i) expressly make the claim; and
            (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
        (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

1.  Identify all insurance policies for the Relevant Time Period, including but not limited to:

    a.  Carrier;
    b.  Policy number;
    c.  Type of policy;
    d.  Policy period;
    e.  Policy limits;
    f.  Whether and to what extent each policy has been eroded;
    g.  Which carriers have provided coverage for the Pennsauken Landfill Litigation;
    h.  Identify each carriers' individual percentage of total coverage for the Pennsauken Landfill Litigation; and
    i.  Provide copies of all policies.

2.  Whether any of the carriers identified in Question 1.g. have provided defense and/or indemnification under a Reservation of Rights. If so, please provide a copy of the Reservation of Rights Letter.

3.  Whether any carriers identified in Question 1.g. have gone bankrupt. If so:

    a.  Identify the carrier and level of insurance;
    b.  Identify the state Guarantee Fund responsible for the policies; and
    c.  If such carriers were primary, whether any of the umbrella or excess carriers have agreed to drop-down.

4.  Whether any policies identified in Question 1 have been the subject of a buy back. If so:

    a.  Provide the date, terms and Agreement for the buy back; and
    b.  Were any of the funds from the buy back placed in escrow.
        i.   Identify the current amount in escrow; and
        ii.  If not, what was done with the funds from the buy back.

5.  Whether Aluminum Shapes, Inc. was self-insured or had Self-Insured Retentions ("SIR") at any time during the Relevant Time Period. If so:

    a.  Identify the time period such was in existence;
    b.  Identify the SIR limits and any policies related to the SIR; and
    c.  Whether any funds were placed into an account for payment of claims under the self-insured periods or SIRS. If so:
        i.   Do these accounts still exist; and
        ii.  How much money is currently in these funds.

1

6.   To what extent, if any, are there other claims against the policies identified in Quest 1.g.  If such claims exist:

   a.   Identify the other claims;
   b.   Identify the potential value of such claims; and
   c.   Identify whether the carriers have agreed to defend and/or indemnify Aluminum Shapes, Inc. in relation to those claims and whether such is under a reservation of rights.

7.   Are there any agreements between Aluminum Shapes, Inc. and its carriers related to the defense, indemnification and/or potential allocation for Aluminum Shapes, Inc. in the Pennsauken Landfill Litigation regarding its carriers continuing to defend and/or indemnify Aluminum shapes' despite the Chapter 11 filing.  If so:

   a.   Identify the carriers; and
   b.   Provide copies of said agreements.

B251 (Form 254 Subpoena for Rule 2004 Examination) (12/07)

# UNITED STATES BANKRUPTCY COURT

_____ for the _____   District of _____ **New Jersey** _____

In re   **Shapes/Arch Holdings, LLC, et al**
       Debtor

**SUBPOENA FOR RULE 2004 EXAMINATION**

Case No.* _____ **08-14631** _____

To: Wausau Business Insurance Company
     P.O. Box 8017
     Wausau, WI 54402

Chapter _____ **11** _____
       **(Jointly Administered)**

☐ YOU ARE COMMANDED to appear and testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure, at the place, date, and time specified below. A copy of the court order authorizing the examination is attached.

| PLACE OF TESTIMONY | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

    **See Exhibit A attached.**

| PLACE | DATE AND TIME |
|---|---|
| Brown & Connery, LLP<br>222 Haddon Avenue<br>Westmont, NJ 08108 | July 3, 2008 at 10:00 a.m. |

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| *[signature]* | 6/19/08 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
  Brian P. Faulk, Esquire, 222 Haddon Avenue, Westmont, NJ 08108 (856-854-8900)

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B254 (Form 254 - Subpoena for Rule 2004 Examination) (12/07)

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
|---|---|---|

| SERVED BY (PRINT NAME) | | TITLE |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - - which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

1.  Identify all insurance policies for the Relevant Time Period, including but not limited to:

    a.  Carrier;
    b.  Policy number;
    c.  Type of policy;
    d.  Policy period;
    e.  Policy limits;
    f.  Whether and to what extent each policy has been eroded;
    g.  Which carriers have provided coverage for the Pennsauken Landfill Litigation;
    h.  Identify each carriers' individual percentage of total coverage for the Pennsauken Landfill Litigation; and
    i.  Provide copies of all policies.

2.  Whether any of the carriers identified in Question 1.g. have provided defense and/or indemnification under a Reservation of Rights. If so, please provide a copy of the Reservation of Rights Letter.

3.  Whether any carriers identified in Question 1.g. have gone bankrupt. If so:

    a.  Identify the carrier and level of insurance;
    b.  Identify the state Guarantee Fund responsible for the policies; and
    c.  If such carriers were primary, whether any of the umbrella or excess carriers have agreed to drop-down.

4.  Whether any policies identified in Question 1 have been the subject of a buy back. If so:

    a.  Provide the date, terms and Agreement for the buy back; and
    b.  Were any of the funds from the buy back placed in escrow.
        i.   Identify the current amount in escrow; and
        ii.  If not, what was done with the funds from the buy back.

5.  Whether Aluminum Shapes, Inc. was self-insured or had Self-Insured Retentions ("SIR") at any time during the Relevant Time Period. If so:

    a.  Identify the time period such was in existence;
    b.  Identify the SIR limits and any policies related to the SIR; and
    c.  Whether any funds were placed into an account for payment of claims under the self-insured periods or SIRS. If so:
        i.   Do these accounts still exist; and
        ii.  How much money is currently in these funds.

6.    To what extent, if any, are there other claims against the policies identified in Quest 1.g.  If such claims exist:

      a.    Identify the other claims;

      b.    Identify the potential value of such claims; and

      c.    Identify whether the carriers have agreed to defend and/or indemnify Aluminum Shapes, Inc. in relation to those claims and whether such is under a reservation of rights.

7.    Are there any agreements between Aluminum Shapes, Inc. and its carriers related to the defense, indemnification and/or potential allocation for Aluminum Shapes, Inc. in the Pennsauken Landfill Litigation regarding its carriers continuing to defend and/or indemnify Aluminum shapes' despite the Chapter 11 filing.  If so:

      a.    Identify the carriers; and

      b.    Provide copies of said agreements.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW JERSEY

U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ

08 JUL -2 PM 3:17

JAMES J. WALDRON

BY:

DEPUTY CLERK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | ) | Case No. 08-14631 (GMB) |
|  | ) |  |
| Debtors. | ) | Hon. Gloria M. Burns |
|  | ) |  |

## CERTIFICATE OF SERVICE OF LIBERTY MUTUAL INSURANCE COMPANY AND WAUSAU UNDERWRITERS INSURANCE COMPANY TO QUASH RULE 2004 SUBPOENAS FOR DOCUMENTS

The undersigned certifies that on July 2, 2008, I served or caused to be served a copy

of the Motion By Liberty Mutual Insurance Company And Wausau Underwriters Insurance

Company To Quash 2004 Subpoenas For Documents via (a) ECF notification for those parties

registered and (b) first-class mail, postage prepaid, to the following:

Shapes/Arch Holdings L.L.C.
c/o Steven Grabell
9000 River Road
Delair, NJ 08110

Ultra L.L.C.
c/o Daniel Carpey
1777 Hylton Road
Pennsauken, NJ 08110

Accu-Weld L.L.C.
c/o Steven Grabell
1211 Ford Road
Bensalem, PA 19020

Shapes L.L.C.
c/o Steven Grabell
9000 River Road
Delair, NJ 08110

Delair L.L.C.
c/o Richard Grossman
8600 River Road
Delair, NJ 08110

Jerrold N. Poslusny, Jr., Esq.
Cozen O'Connor
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(Attorneys for Debtors)

Mark E. Felger, Esq.
Cozen O'Connor
Chase Manhattan Centre
1201 North Market Street
Suite 1400
Wilmington, DE 19801
(Attorneys for Debtors)

Brian Bull
Alcan
1188 Sherbrooke Street West
Montreal, Quebec
H3A 3G2
Canada
(Creditors' Committee Co-Chairperson)

Alan D. Halperin, Esq.
Walter Benzija, Esq.
Debra J. Cohen, Esq.
Halperin Battaglia Raicht, LLP
555 Madison Avenue-9th Floor
New York, NY 10022-3301
(Counsel for The Creditors' Committee)

Joel Shapiro, Esq.
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(Attorneys for ASI Funding, LLC and Arcus
ASI, Inc.)

Paul A. Patterson, Esq.
Michael Cordone, Esq.
Mark J. Dorval, Esq.
Stradley Ronon
2600 One Commerce Square
Philadelphia, PA 19103
(Attorneys for The CIT Group/Business Credit,
Inc.)

Peter J. D'Auria, Esq.
Jeffrey M. Sponder, Esq.
Donald F. Master
Office of the United States Trustee
One Newark Center
Suite 2100
Newark, NJ 07102

Richard A. Kellner
Rusal America Corp.
550 Mamaroneck Ave.
Harrison, NY 10528
(Creditors' Committee Co-Chairperson)

Michael D. Sirota, Esq.
Ilana Volkov, Esq.
Warren A. Usatine, Esq.
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Court Plaza North
25 Main Street
PO Box 800
Hackensack, NJ 07601
(Local Counsel for The Creditors' Committee)

Lawrence Flick, Esq.
Blank Rome LLP
The Chrysler Building
405 Lexington Ave.
New York, NY 10174
(Attorneys for ASI Funding, LLC and Arcus
ASI, Inc.)

Brown & Connery, LLP
Joseph M. Garemore, Esq.
6 North Broad Street
Suite 100
Woodbury, NJ 08096
(Attorneys for Pollution Control Financing
Authority of Camden County)

Brown & Connery, LLP
Brian P. Faulk, Esq.
222 Haddon Avenue
Westmont, NJ 08108

Louis T. DeLucia, Esq.
Alan J. Brody, Esq.
Alyson M. Fielder, Esq.
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ 07932
(Attorneys for Arch Acquisition I, LLC)

Nancy A. Mitchell, Esq.
Greenberg Traurig, LLP
Metlife Building
200 Park Avenue
New York, NY 10016
(Attorneys for Arch Acquisition I, LLC)

Diane E. Vuocolo, Esq.
Greenberg Traurig, LLP
Two Commerce Square, Suite 2700
2001 Market Street
Philadelphia, PA 19103
(Attorneys for Arch Acquisition I, LLC)

POST & SCHELL, P.C.

Dated: July 2, 2008

BY: _____
    John C. Sullivan, Esquire
    Four Penn Center – 13th Floor
    1600 John F. Kennedy Boulevard
    Philadelphia, PA 19103
    Phone: (215) 587-1000
    Fax: (215) 587-1444
    E-mail: jsullivan@postschell.com

6025489