*Ofeck & Heinze, LLP*
85 Main Street, Suite 204
Hackensack, New Jersey 07601
Tel No. (201) 488-9900
Fax No. (201) 488-4475
ATTORNEYS FOR CREDITOR
By: Mark F. Heinze, Esq. (MH 2123)
markfheinze@gmail.com

COPY

*[Filed stamp: U.S. BANKRUPTCY COURT FILED CAMDEN, NJ, 08 APR 21 AM 9:28, JAMES J. WALDRON, BY: DEPUTY CLERK]*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| In Re:<br><br>ACCU-WELD L.L.C.<br>TIN 23-2829810<br><br>                    Debtor(s), | Voluntary Petition<br>Case No. 08-14635 (GMB)<br><br>Chapter 11<br><br><br>**PROOF OF CLAIM** |
|---|---|

1. The creditor herein is BIL-RAY ALUMINUM SIDING CORP. OF QUEENS, INC. t/a THE BIL-RAY GROUP, 40 Elmont Road, Elmont, NY.

2. The debtor(s) is indebted to this claimant in the amount which is not liquidated at present, to be determined in discovery and related proceedings in pending litigation in Supreme Court, Nassau County, believed to be approximately $900,000.00, as may be off-set or reduced by the debtor's claims against creditor herein.

3. The documents supporting this claim are too voluminous to attach. See attached Answer & Counterclaim in <u>Accu-Weld LLC v. Bil-Ray Aluminum Siding Corp. of Queens, Inc.</u>, Supreme Court, Nassau County, Index No. 08-2266.

4. Judgment has not been rendered on this claim.

5. The amount of all payments on this claim has been credited and deducted for the purpose of making this Proof of Claim, except to the extent as may be determined in the above-referenced action in Supreme Court, Nassau County.

6. The claim is subject to the Debtor's setoff or counterclaim.

7. A security interest has not been given by the debtor for this claim.

8. This is a general, unsecured claim.

9. Creditor reserves the right to amend this claim.

Dated:    April 15, 2008

                                  BIL-RAY ALUMINUM SIDING CORP. OF
                                  QUEENS, INC. t/a THE BIL-RAY GROUP
                                  By: **Ofeck & Heinze, LLP**

                                  By: _____
                                      Mark F. Heinze (MH 2123)
                                  85 Main Street, Suite 204
                                  Hackensack, New Jersey 07601
                                  Tel No. (201) 488-9900
                                  Fax No. (201) 488-4475
                                  markfheinze@gmail.com

## PROOF OF SERVICE

Mark F. Heinze hereby certifies that I served a copy of the within Proof of Claim upon counsel for the Trustee in the within action via first class mailing on April 15, 2008. I certify that the foregoing statements made by me are true. I am aware that if any of these statements are willfully false, that I am subject to punishment.

_____
Mark F. Heinze

Addresses for Service:

Cozen O'Connor
Attn: Jerrold N. Poslusny, Jr., Esq.
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002

United States Trustee
One Newark Center
Suite 2100
Newark, NJ 07102

Epiq Bankruptcy Solutions LLC
Grand Central Station
P.O. Box 4601
New York, NY 10163-4601

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

---

ACCU-WELD L.L.C.,

                             Plaintiff,

Residing at:
1211 Ford Road
Bensalem, PA 19020

              - against -

BIL-RAY ALUMINUM SIDING CORP. OF
QUEENS, INC. t/a THE BIL-RAY GROUP

                             Defendant.

Residing at:
40 Elmont Road
Elmont, NY

Index No. 08-2266
Filed 02/05/08

VERIFIED ANSWER &
COUNTERCLAIMS

---

Defendant Bil-Ray Aluminum Siding Corp. of Queens, Inc., for its Answer to the Complaint says:

1. Defendant lacks sufficient knowledge to admit or deny.

2. Admitted.

### FIRST CAUSE OF ACTION

3. Admitted generally that the parties engaged in certain transactions together, which are disputed, and otherwise denied, including (without limitation) as to the amount allegedly owed.

4. Denied.

### AFFIRMATIVE DEFENSES

5. The amount claimed by plaintiff is in dispute.

6. Plaintiff failed to make a proper pre-suit demand.

7. Plaintiff is a limited liability company, formed in a foreign jurisdiction, and regularly and continuously transacting business in the State of New York, but lacking a Certificate of Authority from the State of New York, and is thus barred from maintaining this action under Limited Liability Law §§ 803 and 808 and applicable law.

8. Plaintiff's causes of action are barred by virtue of its unclean hands.

## COUNTERCLAIM

9. Defendant Bil-Ray is a domestic corporation transacting business at 40 Elmont Road, Elmont, NY.

10. Plaintiff is, upon information and belief, a foreign limited liability company, transacting business at 1211 Ford Road, Bensalem, PA.

11. From around 1993 to 2007, plaintiff and defendant regularly and continuously engaged in various transactions in which defendant purchased certain building materials (mainly replacement windows) for installation at the homes and properties of defendant's customers.

12. Such windows and related materials were shipped into New York on plaintiff's trucks, for delivery to various locations identified by defendant.

13. Plaintiff also regularly and continuous dispatched its representatives to Bil-Ray's office location in New York, for

the purpose of customer service, accounting review and the like.

14. Upon information and belief, plaintiff provided substantially similar delivery, customer service and other activities on a regular and continuous basis to other customers in the State of New York.

15. During this time Bil Ray regularly reported errors, disputes and discrepancies concerning the moneys claimed by plaintiff, including (without limitation): (a) plaintiff's billing for windows re-delivered to Bil-Ray due to warranty and defect claims and/or its failure to cancel or credit prior billing for windows which required replacement due to warranty and defect claims, resulting in double-billing for the same windows, (b) losses, due to customer non-payment, arising from defendant's failure to replace defective windows or otherwise address warranty issues, and (c) failure to credit certain payments and credits and/or to correct and adjust errors in accounting.

16. In some instances, plaintiff agreed to certain credits, but then failed to apply them to defendant's account.

17. In other instances, plaintiff refused to consider or apply defendant's off-sets and credits in the aforementioned categories.

18. Meanwhile, defendant continued to submit, and plaintiff continued to accept, defendant's orders for additional shipments of windows on an ongoing basis.

19. In late 2006, the parties entered into an arrangement under which defendant made routine orders of windows, and plaintiff advised defendant of the payment required to release the shipment.

20. In March 2007, pursuant to this arrangement, defendant made a routine order for windows, and plaintiff requested a payment of approximately $31,000.00.

21. In reliance on this promise of shipment, defendant made the required payment and committed itself to numerous customers to start various jobs for which it would supply the windows.

22. Despite receipt of payment, plaintiff unilaterally cancelled the order and refused to make shipment.

23. As a consequence thereof, plaintiff was compelled to make emergency, alternative arrangements to secure a replacement supply of windows, at greater expense.

24. In addition, certain customers, whose jobs were delayed, cancelled their orders, resulting in financial losses.

25. As a consequence of the foregoing, defendant was damaged.

### FIRST COUNT

26. Defendant repeats and realleges the foregoing responses as if set forth verbatim herein.

27. Based upon the above allegations, plaintiff breached its contract with defendant, and defendant was damaged accordingly.

## SECOND COUNT

28. Defendant repeats and realleges the foregoing responses as if set forth verbatim herein.

29. The parties rights and liabilities under their financial and transactional relationship are in dispute.

30. Defendant demands a declaratory judgment, including (without limitation): (a) fixing and determining the accounting between the parties, and (b) fixing and determining the off-sets, deductions and credits to which defendant is entitled.

31. No other, further or supplemental relief is expected to be required upon the entry of declaratory relief as set forth herein.

## THIRD COUNT

32. Defendant repeats and realleges the foregoing responses as if set forth verbatim herein.

33. As part of the parties' standing arrangements, plaintiff was responsible for billing for and collecting applicable State sales taxes in the appropriate jurisdictions.

34. In 2005, plaintiff failed to include on its billing, or to collect from defendant, certain sales taxes owed to the State of New Hampshire.

35. Defendant was subsequently subject to sale tax enforcement proceedings by the State of New Hampshire, which resulting in defendant being required to pay interest and penalty on the sales taxes plaintiff had failed to bill and collect.

36. As a consequence of the foregoing, defendant was damaged.

**WHEREFORE**, defendant respectfully requests entry of a Judgment dismissing the Complaint, with prejudice, awarding monetary and declaratory relief on the counterclaims, and awarding attorneys' fees as allowed by law, costs and such other and further relief as the Court deems just and proper.

Dated:    March 5, 2008

                                OFECK & HEINZE, LLP
                                Attorneys for Defendant

                                By: _____
                                     Mark F. Heinze

85 Main Street
Suite 204
Hackensack, NJ 07601
(201) 488-9900
Fax (201) 488-4475

230 Grand Street
Suite 604
New York, NY 10013
(212) 343-2662

## VERIFICATION

Mark F. Heinze, an attorney duly admitted to practice in the Courts of the State of New York, hereby affirms under penalties of perjury, the following:

1. I am a partner of Ofeck & Heinze, LLP, attorneys for defendants in the above-captioned matter;

2. I have read the foregoing Answer and know the contents thereof, and that the same is true to the best of my knowledge except as to those matters stated therein to be alleged upon information and belief, and to those matters I believe them to be true.

3. This verification is made by me and not by the defendants is because I am the attorney for the defendant, a corporation with offices in a County different from the primary office of the undersigned.

4. The grounds of my belief as to all matters not stated upon knowledge are as follows: records, bills, and statements of defendant in my possession.

Dated:    March 5, 2008

_____
Mark F. Heinze

## CERTIFICATION NYCRR130.1.1-A

I hereby affirm under penalties of perjury that I am an attorney admitted to the Courts of the State of New York and that I certify that all papers submitted in support of the within motion are non-frivolous, upon diligent inquiry under the circumstances, as defined in subsection C of section 130-1.1.

_____
Mark F. Heinze

## AFFIRMATION OF SERVICE

MARK F. HEINZE, an attorney duly admitted to the Courts of the State of New York, hereby affirms under penalties of perjury, that on March 5, 2008, I served the within Answer & Counterclaims upon counsel for the plaintiff via first class mailing, postage pre-paid at the address noted below.

_____
MARK F. HEINZE

Dated: March 5, 2008

Address for Service
Borges & Associates
575 Underhill Blvd.
Suite 110
Syosset, NY 11791