

# Norris McLaughlin & Marcus, P.A.
ATTORNEYS AT LAW

July 11, 2008

**VIA ECF**

The Honorable Gloria M. Burns
United States Bankruptcy Court
District of New Jersey
400 Cooper Street
Camden, New Jersey 08101

    Re: **In re: Shapes/Arch Holdings LLC, et al. (the "Debtors")**
       **Case No. 08-14631 (GMB)**

Dear Judge Burns:

  This firm serves as local counsel for Combustion Engineering, Inc., successor by merger to C-E Glass, Inc. ("Combustion Engineering").[1] We submit this letter on behalf of Combustion Engineering and other creditors (jointly referred to as the "Generator Defendants")[2] of the Debtors who have asserted claims arising from environmental contamination of certain real property located in Pennsauken, New Jersey,[3] to address certain ambiguous language set forth in the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization (the "Plan") and in response to the objection to the Plan filed by Liberty Mutual Insurance Company and Wausau Underwriters Insurance Company (hereinafter jointly referred to as "Liberty Mutual").

---

[1] The law firm of Dewey & LeBoeuf LLP serves as lead counsel for Combustion Engineering.

[2] The creditors are a subset of Direct Generator Defendants in an action pending in the Superior Court of New Jersey, Camden County, Law Division entitled Pennsauken Solid Waste Mgmt. Auth. et al. v. Ward Sand Materials Co., Inc., et al., Docket No. L-13345-91. They consist of the following entities: Combustion Engineering, Inc. on behalf of C-E Glass, Inc.; Rohm and Hass Co.; Ford Motor Co.; and SL Industries, Inc./SL Modern Hard Chrome. They are represented by the following attorneys: Dewey & LeBoeuf LLP and Norris, McLaughlin & Marcus, P.A. (as local counsel); Conrad O'Brien Gellman & Rohn, P.C.; Latham & Watkins, LLP; and Saul Ewing LLP.

[3] The factual background regarding the claims of the Generator Defendants is set forth in the Generator Defendants' Limited Objection to the Debtors' Motion to Disallow Claims for Contribution, which was filed with the Court on July 1, 2008. [See Docket No. 459]. For purposes of brevity, the factual background section of the Limited Objection is incorporated herein by reference.



P.O. Box 1018 Somerville, NJ 08876-1018 • NJ Hand Delivery: 721 Route 202 - 206 Bridgewater, NJ 08807
NY Mailing Address: 875 Third Avenue, 18th Floor New York, NY 10022 • P: (212) 808-0700 • F: (212) 808-0844
www.nmmlaw.com E: info@nmmlaw.com

The Honorable Gloria M. Burns
July 11, 2008
Page 2

## ANY ORDER CONFIRMING THE PLAN MUST CLARIFY THE ENVIRONMENTAL CLAIMANTS' RIGHTS TO RECOVER UNDER ANY APPLICABLE INSURANCE POLICIES

The Generator Defendants respectfully request that any order confirming the Plan clarify the language contained in Article XI, Section 11.10, the Confirmation Injunction provision of the Plan, and its impact on the Environmental Claims.[4]

Based upon a review of the Plan provisions addressing the Environmental Claims, it appears that it is the Debtors' intention to preserve the rights of the holders of Environmental Claims to pursue recoveries to the extent of any applicable insurance coverage with respect to the claims, while eliminating any obligation of the Reorganized Debtors to make payments on such claims. Section 4.4 of the Plan explicitly provides that "[f]unding for . . . distributions to holders of Environmental Claims identified on Schedule 4.4 shall be made solely from proceeds of applicable insurance policies."[5] [See Docket No. 338 at 17.]

Similarly, the Confirmation Injunction contained in the Plan provides, in pertinent part, as follows:

> On and after the Effective Date, except to enforce the terms and conditions of the Plan before the Bankruptcy Court, or as permitted under the Final DIP Orders and Exit Facility, **and except to the extent the holders of Environmental Claims are seeking to recover under any and all applicable insurance policies (and in all cases may not assert any Claims against the Reorganized Debtors but may name them nominally for purposes of seeking recovery solely against applicable insurance coverage),** all Persons or Entities who have held, hold or may hold any Claim against or Interest in the Debtors are, with respect to any such Claim or Interest, permanently enjoined from and after the Effective Date [from taking various actions, including, but not limited to commencing or continuing a lawsuit; enforcing, levying, attaching, collecting or otherwise recovering on a judgment; creating or perfecting any encumbrance against the Debtors and their successors in interest; and taking any actions that do not conform to the Plan.]

[See Docket No. 338 at 33.] (emphasis added).

---

[4] All capitalized terms shall have the meaning ascribed to them in the Definition section of the Plan.

[5] The Plan further provides that any Deficiency Claims relating to Environmental Claims shall be treated as General Unsecured Class 10 Claims. As set forth in the Generator Defendants' Limited Objection to the Debtors' Motion to Disallow Claims for Contribution, the Generator Defendants are willing to waive their rights to distribution under the Plan provided that their rights to proceed against the Debtors' insurers are preserved.

The Honorable Gloria M. Burns
July 11, 2008
Page 3

      While the Confirmation Injunction provision of the Plan permits the Generator Defendants to name the Reorganized Debtors "nominally" in order to recover under any applicable insurance policy, the Plan does not define the term "nominally" and/or explain how an Environmental Claimant may name the Reorganized Debtors to seek recovery against any applicable insurance policy. Without this information, there is the risk that the Plan may be interpreted as barring any lawsuits by the Generator Defendants against the Reorganized Debtors even if such lawsuit is brought solely to recover against an insurance policy.

      Based on the foregoing, the Generator Defendants respectfully request that any order confirming the Plan provide that the Generator Defendants are authorized to pursue Environmental Claims against the Debtors/Reorganized Debtors post-Confirmation with the proviso that any recoveries for such claims be limited to the available proceeds of insurance coverage.

## THE INSURANCE COMPANIES' RIGHTS SHOULD BE LIMITED TO THEIR RIGHTS UNDER THE APPLICABLE INSURANCE CONTRACTS

      Liberty Mutual filed an objection to the Plan, dated July 2, 2008, contending that the Plan impairs the contractual rights of the Debtors' insurers. In an effort to resolve the alleged deficiencies with the Plan, Liberty Mutual submitted, as Exhibit A to its objection, proposed revisions to the portions of the Plan addressing Environmental Claims. Specifically, Liberty Mutual proposes to modify the language set forth in Section 4.4 of the Plan addressing the treatment of Class 9 Environmental Claims, Section 8.3 of the Plan addressing the insurance policies, Section 11.10 of the Plan containing the Confirmation Injunction and Section 11.11 concerning the preservation of insurance. Liberty Mutual contends that its proposed revisions are required in order for the Debtors to comply with their contractual obligations under the applicable insurance policies.

      Notwithstanding the fact that the Generator Defendants have repeatedly requested the insurance policies from the insurance carriers, the insurance carriers have refused to produce copies of the insurance policies. Accordingly, the Generator Defendants cannot determine whether or not the language proposed by Liberty Mutual constitutes a modification of the terms of the insurance policies and expands the insurance carriers' rights under such policies. Given that Liberty Mutual's proposed revisions to the Plan may impact on the Generator Defendants' ability to recover under the applicable insurance policies, the Generator Defendants respectfully submit that they are entitled to receive copies of all applicable insurance policies prior to the Court's consideration of the adoption of the language proposed by Liberty Mutual.

      To the extent, if any, that Liberty Mutual's proposed revisions to the Plan grant the insurance carriers greater rights than they are entitled to under the applicable insurance policies, this Court should not permit Liberty Mutual to re-write the terms of the insurance policies. It is well-settled law that a bankruptcy court may not expand the rights of a party to a contract. See In re South Motor Co. of Dade County, 161 B.R. 532, 543 (Bankr. S.D. Fla. 1993) ("The bankruptcy court cannot . . . rewrite the terms of an executory contract."); In re Gunther Hotel Associates, 96 B.R. 696 (Bankr. W.D. Tex. 1988) (recognizing "overwhelming case authority that a bankruptcy court is not free to re-write an executory contract upon either its assumption or

The Honorable Gloria M. Burns
July 11, 2008
Page 4

its rejection."); In re Mellen, 79 B.R. 385, 387 (Bankr. N.D. Ill. 1987) (emphasizing that a court is not permitted to alter the terms of a contract). The Generator Defendants hereby object to any revisions to the Plan that would expand the insurance carriers' rights beyond those provided for in the subject insurance policies with the Debtors.

Respectfully submitted,

Melissa A. Peña

cc:   Mark E. Felger, Esq.
      Jerrold N. Poslusny, Jr., Esq.
      All Other Parties Receiving ECF Notice