UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

In re:                                                   Case No. 08-14631(GMB)

SHAPES/ARCH HOLDINGS L.L.C., et al.,                     Judge: Gloria M. Burns

                    Debtors.                             Chapter:  11

## SECOND SUPPLEMENTAL AFFIDAVIT IN SUPPORT OF RETENTION OF COZEN O'CONNOR AS ATTORNEYS FOR THE DEBTORS

STATE OF NEW JERSEY    :
                       : ss.
COUNTY OF CAMDEN       :

      JERROLD N. POSLUSNY, JR. of full age, being duly sworn according to law, upon his oath, deposes and says:

      1.      I am a member of the firm of Cozen O'Connor ("CO") and have knowledge of the facts contained in this Affidavit.

      2.      On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

      3.      On the Petition Date, CO filed an application with the Court seeking the retention of CO as attorneys for the Debtors.  The order authorizing the retention of CO was entered by the Court on April 9, 2008, *nunc pro tunc* to March 16, 2008.

4.      On May 13, 2008, I filed a Supplemental Certification in support of CO's retention (the "First Supplement").

5.      On July 2, 2008, Liberty Mutual Insurance Company and Wausau Underwriters Insurance Company (collectively, "Liberty Mutual") filed an objection to the Debtors' Third Amended Joint Plan of Reorganization (the "Plan").  CO represents Liberty Mutual in unrelated matters, and has not undertaken any representation of Liberty Mutual in any matter that relates to the Debtors.  If CO is not able to obtain a waiver of this potential conflict, the Debtors will utilize separate counsel to represent their interests in any adjudication of the dispute.

6.      On June 30, 2008, Century Indemnity Company ("Century") filed an objection to the Plan.  CO represents Century in unrelated matters, and has not undertaken any representation of Century in any matter that relates to the Debtors.  If CO is not able to obtain a waiver of this potential conflict, the Debtors will utilize separate counsel to represent their interests in any adjudication of the dispute.

7.      Your affiant believes that it continues to meet both the "no adverse interest" and "disinterested person" tests applicable under Section 327(a) of the Bankruptcy Code.


/s/ Jerrold N. Poslusny, Jr.
Jerrold N. Poslusny, Jr.


Sworn and subscribed to
before me this 14th day of
July, 2008.

/s/ Debbie Reyes
Notary Public of New Jersey
My Commission Expires on Aug. 5, 2009

2