**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br>       Debtors. | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: CHAPTER 11<br>:<br>: CASE NO. 08-14631 (GMB)<br>:<br>: |

## NOTICE OF FILING OF PLAN NOTE

**PLEASE TAKE NOTICE**, that pursuant to sections 1.89 and 5.5 of the Debtors' Third Amended Joint Plan of Reorganization, as modified, the Debtors hereby file the attached Plan Note, which has been approved as to its form by the Committee and Arch Acquisition.

Dated: July 21, 2008

                                    COZEN O'CONNOR

                        By:    /s/ *Jerrold N. Poslusny, Jr.*
                                    Mark E. Felger
                                    Jerrold N. Poslusny, Jr.

                                    Attorneys for the Shapes/Arch Holdings LLC, *et al*.

**UNSECURED PROMISSORY NOTE**

July __, 2008                                                                                  Pennsauken, New Jersey

This Note is issued in connection with the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization in cases numbered 08-14631 *et al*., pending in the United States Bankruptcy Court for the District of New Jersey.  The plan, including any modifications thereto, is hereinafter referred to as the "Plan," and any capitalized term used but not defined herein shall have the meaning ascribed to such term in the Plan and/or the Plan Supplement.

The Plan was confirmed by the Bankruptcy Court by Order dated July __, 2008, and the Effective Date of the Plan is the date of this Note.

**I       PROMISE TO PAY**

Each of Shapes/Arch Holdings L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (together, the "Reorganized Debtors") in exchange for good and valuable consideration and pursuant to the terms and requirements of the Plan, promises to pay the Liquidation Trust the sum of _____ ($_____) (hereinafter, the "Principal")  Payment shall be made to the order of Steven Sass, as the Class 10 Liquidation Trustee of the Liquidation Trust, and each of the Reorganized Debtors shall be jointly and severally liable for such obligation and for all obligations hereunder.

**II      PAYMENTS OF PRINCIPAL AND INTEREST**

**(A)      Time and Amount of Payment**

The Reorganized Debtors shall pay the Principal, plus simple interest on the Principal at the rate of six (6%) percent per annum, on _____ (the "Payment Date"), which date is six months from the Effective Date.

**(B)      Place and Manner of Payment**

The Reorganized Debtors shall make the full payment in immediately available funds, and the payment shall be delivered so as to be received during normal banking hours on the payment date.  If payment is made by check, such check shall be delivered to the address listed in Section V of this Note or at such other address as directed by the Class 10 Liquidation Trustee in writing prior to the payment date.

**III     RIGHT TO PREPAYMENT**

The Reorganized Debtors have the right to make payment in full of Principal and interest at any time before it is due.  The Reorganized Debtors may make a full prepayment without paying any prepayment charge, and shall provide prior written notice to the Class 10 Liquidation Trustee that they are doing so.

**IV    FAILURE TO PAY AS REQUIRED**

  **(A)    Default**

  The Reorganized Debtors will be in default if the full amount due under this Note, including interest, is not paid on the Payment Date.

  **(B)    Notice of Default**

  Upon default, the full amount of Principal plus all interest that is due on that amount shall be immediately due and payable and interest shall continue to accrue until receipt of payment in full by the Class 10 Liquidation Trustee. The Class 10 Liquidation Trustee shall provide no less than three (3) business days notice of a default and shall have the right to include demand for payment in that notice.

  **(C) No Waiver**

  Even if, at a time when the Reorganized Debtors are in default, the Liquidation Trust does not require the Reorganized Debtors to make payment in full as described in Subsection B above, the Liquidation Trust will still have the right to do so at any later time.

  **(D)    Payment of Costs and Expenses**

  In the event that the Reorganized Debtors are in default hereunder, the Liquidation Trust will have the right to be paid for all of its reasonable costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, but are not limited to, reasonable attorneys' fees, court costs and similar charges.

**V    GIVING OF NOTICE**

Unless applicable law requires a different method, or otherwise provided for in this Note, any notice that must be given under this Note shall be in writing, and shall be deemed to have been duly given or made (a) on the same day when delivered by hand, during normal business hours, (b) when received if transmitted by confirmed telecopy, or (c) one (1) business day after delivery when sent by a nationally recognized overnight courier service, to the following addresses or to such other address as may be hereafter provided by Notice to the parties hereto:

If to the Reorganized Debtors:

  Steven Grabell, CEO
  Shapes/Arch Holdings, L.L.C.
  9000 River Road
  Delair, NJ  08110

with a copy to:

  Cozen O'Connor
  1201 North Market Street
  Suite 1400
  Wilmington, DE  19801
  Attn:  Mark E. Felger, Esq.

If to either of the Guarantors:

>Arch Acquisition I, LLC
>HIG Capital LLC
>c/o 1416 Bayside Capital
>1001 Bricked Bay Drive
>37th Floor
>Miami, FL  33131
>Attn:  John P. Bolduc

with a copy to:

>Greenberg Traurig, LLP
>Met Life Building
>200 Park Avenue
>New York, NY  10186
>Attn:  Nancy A. Mitchell, Esq.

If to the Liquidation Trust:

>Steven Sass, Class 10 Liquidation Trustee
>[insert address]

With a copy to:

>Halperin Battaglia Raicht, LLP
>555 Madison Avenue
>New York, New York 10022
>Attn:   Alan D. Halperin, Esq.

Any party may change its address for receiving notice by giving written notice of a new address in the manner provided for herein.

**VI    GUARANTY**
The obligations of the Reorganized Debtors under this Note are jointly and severally guaranteed by each of the Plan Funder and HIG Capital LLC (the "Guarantors").  Each of the Guarantors herewith guarantees as a joint and direct obligor, the full and prompt payment and performance of the obligations set forth in this Note (the "Guarantee").

**VII   OBLIGATIONS OF PERSONS UNDER THIS NOTE**
Each person who signs this Note warrants and represents that (s)he has full authority to do so on behalf of the identified party, and each party hereto is fully obligated to keep all of its promises made in this Note, including the promise to pay the full amount owed.  Any entity, corporation or person who is a guarantor, surety or endorser of this Note is also obligated to keep all of the promises made in this Note.  Any entity, corporation or person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note.  The Liquidation Trust may enforce its

rights under this Note against the Reorganized Debtors, the Guarantors or any other party contemplated in this Article VIII.

### VIII    GOVERNING LAW; JURISDICTION

The terms of this Note shall be governed by and construed under the laws of the State of New Jersey.  The parties hereto submit to the jurisdiction of the United States Bankruptcy Court for the District of New Jersey and agree that any dispute arising from or relating to the Note may be heard and determined in such during such court.  The parties waive any defense based on doctrines of venue, *forum non conveniens* or similar rules or doctrines, and waive any right to trial by jury in any action, proceeding or counterclaim arising out of or relating to this Note.

### IX    NO ORAL MODIFICATION

This Note may not be waived, changed, modified, terminated or discharged orally, except by an agreement in writing signed by the Reorganized Debars, the Class 10 Liquidation Trustee and the Guarantors.

### X    NO ASSIGNMENT

This Note or any of the rights hereunder may not be assigned, transferred, pledged, encumbered, hypothecated or otherwise disposed of and any attempted assignment or disposition shall be null and void and without effect.

**WITNESS THE HANDS AND SEALS OF THE UNDERSIGNED.**

**Shapes/Arch Holdings L.L.C.**

By: _____

Name:

Title:

**Shapes L.L.C.**

By: _____

Name:

Title:

**Delair L.L.C.**

By: _____

|  |  |
|--|--|
|  | Name: |
|  | Title: |
|  | **Accu-Weld L.L.C.** |
|  | By: _____ |
|  | Name: |
|  | Title: |
|  | **Ultra L.L.C.** |
|  | By: _____ |
|  | Name: |
|  | Title: |

**Arch Acquisition I, LLC, Guarantor**

By: _____

Name: _____

Title: _____

**HIG Capital LLC, Guarantor**

By: _____

Name: _____

Title: _____