-MARK E. FELGER (MF9985)
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

| | |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br>　　　　　Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CHAPTER 11<br><br>CASE NO. 08-14631 (GMB) |

**DEBTORS' OBJECTION SEEKING ORDER TO RECLASSIFY ADMINISTRATIVE CLAIM OF EULER HERMES ACI, AS ASSIGNEE OF RUSAL AMERICA CORP. TO GENERAL UNSECURED CLAIMS**

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the "Debtors"),[1] the debtors and debtors-in-possession, hereby submit this objection (the "Objection"), pursuant to 11 U.S.C. §§ 105 and 503 of the Bankruptcy Code, seeking an Order reclassifying the administrative expense claim of Euler Hermes ACI, as the assignee of Rusal America Corp. ("Rusal"), in the amount of $959,059.54 to general unsecured status. In support of the Objection, the Debtors respectfully represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

## BACKGROUND

### General

1. On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors are authorized to continue to operate and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3. No trustee or examiner has been appointed in these cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and has been active in these cases since that time.

5. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Schedules And Proofs Of Claim

6. On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Materials").

7. Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. (the "Claims Agent") as their official claims and noticing agent.

8. On March 18, 2008, this Court entered an order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

9. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

10. On May 19, 2008, the Debtors filed a motion to set a bar date for filing administrative expense claims (the "Administrative Claim Bar Date Motion") that arose on or prior to June 15, 2008 including, without limitation, claims allegedly entitled to administrative expense treatment under Section 503(b)(9) of the Bankruptcy Code.

11. On May 28, 2008, the court entered an Order granting the Administrative Claim Bar Date Motion and fixed June 30, 2008 as the deadline to file administrative expense claims.

**Approval of the Disclosure Statement and Bidding Procedures**

12. On May 12 and 13, 2008, respectively, the Debtors filed their Second Amended Joint Plan (the "Second Amended Plan") and disclosure statement. Although the Debtors, Arch and the Committee had not agreed on all of the terms of the Second Amended Plan, it was filed in order to avoid a default under the terms of the Arch Amended DIP Agreement. The Second Amended Plan provided for a competitive process by which third parties would have an opportunity to conduct due diligence and participate in an auction to purchase the equity interests in Shapes/Arch (and thus obtain ownership of the equity interests in all of the Debtors) prior to the confirmation hearing.

13. On May 12, 2008, the Debtors filed a motion for approval of bid procedures (the "Bid Procedures Motion") to: (a) control the method by which potentially interested bidders would be able to obtain due diligence, (b) provide the procedures for parties submitting competing bids to follow, and (c) schedule and provide procedures for an auction, if qualified bids are submitted.

14. On May 20, 2008, the Court granted the Bid Procedures Motion, which required all competing bids to be submitted no later than June 25, 2008, and scheduled an auction for June 27, 2008, if qualified bids are submitted.

15. On May 23, 2008, the Court approved the disclosure statement (the "Disclosure Statement") in support of the Debtors' Third Amended Joint Plan (the "Third Amended Plan"). The Third Amended Plan was filed after the Debtors, Arch and the Committee had resolved the issues that had been outstanding at the time the Second Amended Plan was filed. A hearing to consider confirmation of the Third Amended Plan is scheduled for July 22, 2008.

**Administrative Claim of Rusal**

16. On or about June 17, 2008, Rusal filed proof of claim #773 against Shapes seeking an administrative claim in the amount of $959,059.54 for goods received by Shapes within twenty (20) days prior to the Petition Date for which Shapes allegedly has not made payment, pursuant to Section 503(b)(9) of the Bankruptcy Code ("Rusal's Alleged Administrative Claim"). The same proof of claim asserts unsecured non-priority claims in the amount of $4,326,311.50. This Objection does not pertain to the amount or allowability of the unsecured non-priority portion of Rusal's claim.

## RELIEF REQUESTED

17. By this Objection, the Debtors seek an order of this Court, pursuant to 11 U.S.C. §§ 105 and 503 reclassifying Rusal's Alleged Administrative Claim, as identified on Exhibit "A", as a general unsecured claim, because the portion of Rusal's claim that may be entitled to administrative priority under Section 503(b)(9) of the Bankruptcy Code was, in fact, paid by Shapes prior to the Petition Date.

## BASIS FOR RELIEF REQUESTED

18. The Debtors and their advisors have reviewed Rusal's Alleged Administrative Claim. Based upon such review, the Debtors have determined that payment was made in full to Rusal for all shipments received within the twenty (20) days immediately prior to the Petition Date.

### Applicable Authority

19. Section 503(b)(9) of the Bankruptcy Code provides in pertinent part:

> Allowance of administrative expenses.
>
> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

20. As further set forth on Exhibit "A", Rusal's Alleged Administrative Claim indicates that the following invoices and corresponding amounts for goods received by Shapes within twenty (20) days of the Petition Date are due and owing from Shapes: (i)

invoice #13152 in the amount of $180,021.79; (ii) invoice #13158 in the amount of $239,175.50; (iii) invoice #13162 in the amount of $60,343.51; (iv) invoice #13170 in the amount of $119,962.80; (v) invoice #13171 in the amount of $180,280.44; and, (vi) invoice #13175 in the amount of $179,245.84.

21. However, Shapes' books and records reflect that prior to the Petition Date the following wire transfers were completed from the Shapes' JP Morgan Chase bank account to Rusal's Wachovia bank account: (i) February 26, 2008 in the amount of $175,127.58; (ii) February 27, 2008 in the amount of $176,062.20; (iii) February 28, 2008 in the amount of $234,412.80; (iv) February 29, 2008 in the amount of $294,051.66; and, (v) March 3, 2008 in the amount of $79,375.65 (collectively, the "503(b)(9) Payments"). These wire transfers total $959,029.89 – the exact amount of Rusal's Alleged Administrative Claim -- and are attached as Exhibit "B" to this Objection.

22. As a general proposition, a creditor who is owed more than one debt by a debtor may apply the payments to the debtor's account in any manner it chooses so long as the debtor has not issued specific directions to the contrary. Craft v. Stevenson Lumber Yard, Inc., 179 N.J. 56, 72, 843 A.2d 1076, 1085 (2004) (citing United Orient Bank v. Lee, 208 N.J. Super. 69, 72 n.1, 504 A.2d 1215, 1217 (App. Div. 1986)). See also First National Bank v. United States, 591 F.2d 1143 (5th Cir. 1979) (if an individual who owes two debts to the same creditor makes a payment to that creditor, he has a right to designate the debt to which the payment shall be applied if he manifests his desire before or at the time of payment.)

23. Restatement (Second) of Contracts (1981) § 258 provides for the "Payment Application Rule" as follows:

> (1) except as stated in Subsection (2), as between two or more contractual duties owed by an obligor to the same obligee, a performance is applied according to a direction made by the obligor to the obligee at or before the time of performance.
>
> (2) If the obligor is under a duty to a third person to devote a performance to the discharge of a particular duty that the obligor owes to the obligee and the obligee knows or has reason to know this, the obligor's performance is applied to that duty.

Restatement 2d of Contracts, § 258.

24. The Restatement (Second) of Contracts (1981) §259 allows a creditor to apply payments from a debtor as follows:

> (1) Except as stated in Subsection (2) and (3), if the debtor has not directed application of a payment as between two or more matured debts, the payment is applied according to a manifestation of intention made within a reasonable time by the creditor to the debtor.
>
> (2) A creditor cannot apply such a payment to a debt if
>
>   (a) the debtor could not have directed its application to that debt, or,
>
>   (b) a forfeiture would result from a failure to apply it to another debt and the creditor knows or has reason to know this, or (c) the debt is disputed or is unenforceable on grounds of public policy.

Restatement 2d of Contracts, § 259. The New Jersey Supreme Court quoted and relied upon these sections of the Restatement in Craft.

25. In this instance, the invoices for which the 503(b)(9) Payments were made were specifically identified by Shapes in the "Remark" section of the JP Morgan wires. Shapes clearly states which delivery and/or invoice it intended to pay with each of the

503(b)(9) Payments. Therefore, the wire transfers made by Shapes paid or otherwise satisfied in full the invoices claimed in Rusal's Alleged Administrative Claim. Apparently, despite clear direction by Shapes, Rusal misapplied the 503(b)(9) Payments to older invoices.

26. Had Rusal applied the 503(b)(9) Payments as directed by Shapes, then Rusal's Alleged Administrative Claim would have been filed (and allowed) as a general unsecured claim. For the foregoing reasons, the Debtors request that the Court enter an order reclassifying Rusal's Administrative Claim as a general unsecured claim.

## RESERVATION

27. The Debtors hereby reserve the right to object to Rusal's unsecured non-priority claim on any grounds at a later date. Separate notice and hearing will be scheduled for any such objections.

## NOTICE

28. Notice of this Motion has been provided to: (a) counsel for CIT, (b) counsel for Arch, (c) the Office of the United States Trustee, (d) Rusal, at the address specified on the Proof of Claim, and (e) all parties on the Master Service List. In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court approve an order granting the relief requested and grant such other and further relief as is just and proper.

Dated:  July 21, 2008                                            COZEN O'CONNOR

                                                                                  By:   */s/ Jerrold N. Poslusny, Jr.*
                                                                                        Mark E. Felger
                                                                                        Jerrold N. Poslusny, Jr.

                                                                                  Attorneys for the Debtors