Order Filed on
**7/24/2008**
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

MARK E. FELGER (MF9985)
JERROLD N. POSLUSNY, JR. (JP7140)
COZEN O'CONNOR
 Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)
Attorneys for the Debtors

In re:

SHAPES/ARCH HOLDINGS L.L.C., *et al.*,

                    Debtors.

Case No.:  08-14631(GMB)
Judge:  Gloria M. Burns
Chapter 11

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER SECTIONS 1123, 1129(A) AND (B) OF THE BANKRUPTCY CODE AND FED. R. BANKR. P. 3020 OF THE BANKRUPTCY RULES CONFIRMING PLAN OF REORGANIZATION AS AMENDED OF SHAPES/ARCH HOLDINGS, L.L.C., *ET AL.*, UNDER CHAPTER 11 <u>OF THE BANKRUPTCY CODE</u>

The relief set forth on the following pages, two (2) through forty (40), is hereby

ORDERED.

**DATED: 7/24/2008**

Honorable Gloria M Burns
United States Bankruptcy Court Judge

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

## RECITALS[1]

A.     Shapes/Arch Holdings, L.L.C. and its related debtor entities, as debtors and debtors in possession (collectively, the "Debtors")[2], filed the Debtors' Third Amended Joint Plan of Reorganization, dated May 23, 2008 (as amended or modified as provided herein, the "Plan") and their Joint Disclosure Statement for the Debtors' Third Amended Joint Plan of Reorganization, dated May 23, 2008 (the "Disclosure Statement").

B.     After a hearing held on May 23, 2008 on the adequacy of the Debtors' Disclosure Statement, the United States Bankruptcy Court for the District of New Jersey (the "Court") entered an order on May 23, 2008, *inter alia*, (i) approving the Disclosure Statement, (ii) establishing solicitation, voting and tabulation procedures and deadlines, (iii) scheduling a hearing to consider confirmation of the Plan, (iv) establishing deadlines and procedures for filing objections to confirmation of the Plan, and (v) approving the form and manner of notice of the Confirmation Hearing (the "Disclosure Statement Approval Order").

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Debtors' Third Amended Joint Plan of Reorganization. Any capitalized term used herein in the Debtors' Third Amended Joint Plan of Reorganization or in this Order that is not defined in the Plan or in this Order, but that is used in title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), or in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), shall have the meaning ascribed to that term in the Bankruptcy Code or the Bankruptcy Rules.

[2] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date: Shapes L.L.C. ("Shapes"), Delair L.L.C. ("Delair"), Accu-Weld L.L.C. ("Accu-Weld"), and Ultra L.L.C. ("Ultra").

*Approved by Judge Gloria M. Burns July  24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

C.      On May 30, 2008,[3] pursuant to the Disclosure Statement Approval Order, Epiq Bankruptcy Solutions LLC ("Epiq"), the claims and balloting agent in these cases, timely mailed (i) notice of the Confirmation Hearing, voting with respect to the Plan and the deadline and procedures for filing objections to confirmation of the Plan (the "Confirmation Hearing Notice") and (ii) copies of the Solicitation Package (as such term is defined below) to all of the Debtors' known creditors, equity security holders, the Securities and Exchange Commission, and the United States Trustee. Certificates of Service confirming such actual notice and mailings were filed with the Court.

D.      In addition to mailing notice of the Confirmation Hearing and various deadlines, the Disclosure Statement Order required the Debtors to publish notice of the Confirmation Hearing (the "Publication Notice") in The Philadelphia Inquirer, The Courier Post, and The Wall Street Journal (Global Circulation), at the earliest practicable time.  The Debtors' counsel has filed a certification that the Publication Notice was published in the above newspapers on June 2, June 3 and June 3, respectively.

E.      On July 3, 2008, the Debtors filed the declaration of Daniel McElhinney of Epiq certifying the Ballots accepting or rejecting the Plan (the "Ballot Certification"), attesting to and certifying the method and results of the Ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan (the "Voting Report").

---

[3] According to Epiq's certification, certain parties were served on June 12, 2008 and certain foreign parties were served on June 16, 2008.

*Approved by Judge Gloria M. Burns July  24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

F.      On July 21, 2008, the Debtors filed a modification to the Plan (Docket No. 545) (the "Modification").  The Modification to the Plan is incorporated and adopted herein and amends the Plan as confirmed hereby, and the Plan, inclusive of the Modification, shall be referred to as the Plan.

G.      The Confirmation Hearing was held on July 22, 2008 at 10:00 a.m.

H.      All objections to the Confirmation of the Plan have been either resolved or overruled

I.      The Court having approved Confirmation of the Plan at the Confirmation Hearing and having ruled that the Confirmation Date shall be July 22, 2008.

NOW, THEREFORE, based upon the Court's review of the Voting Report previously filed with the Court and upon (i) all of the evidence proffered or adduced, including the declarations of Steven Grabell, Michael Jacoby, and J. Scott Victor filed with the Court prior to the Confirmation Hearing, and the arguments of counsel made at the Confirmation Hearing, and (ii) the entire record of the Debtors' Chapter 11 Cases, and after due deliberation thereon and good cause appearing therefor:

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW[4]

IT IS HEREBY FOUND AND DETERMINED THAT:

1.    <u>Exclusive Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157, 1334(a), 1408 and 1409)</u>.  This Court has jurisdiction over the Chapter 11 Cases, the Plan and the Confirmation of same pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(c), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2.    <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including, without limitation, all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered or adduced at the hearings (including the Confirmation Hearing) held before the Court during the pendency of the Chapter 11 Cases.

3.    <u>Transmittal and Mailing of Materials, Notice</u>.  The Disclosure Statement, Plan (prior to the Plan Modification) and all documents required to be served therewith (the "<u>Solicitation Package</u>") were transmitted and served in compliance with the Disclosure Statement Approval Order and the Bankruptcy Rules, and such transmittal and service were adequate and sufficient.  Adequate and sufficient notice of the Confirmation Hearing and the

---

[4]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. P. 7052.  Captions and headings are inserted for convenience of reference only and are not intended to be a part of, or to affect the interpretation of, this Order.

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al*. |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al*. under Chapter 11 of the Bankruptcy Code |

other dates and hearings described in the Disclosure Statement Approval Order was given in compliance with the Bankruptcy Rules and the Disclosure Statement Approval Order, and no other or further notice is or shall be required.

4.    <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>.  The solicitation of votes on the Plan was conducted in good faith within the meaning of section 1125 of the Bankruptcy Code and Bankruptcy Rules 3017 and 3018, the Disclosure Statement, the Disclosure Statement Approval Order, all other provisions of the Bankruptcy Code, and all other applicable rules, laws, and regulations.  The Debtors, the Committee, the Plan Funder, and each of their respective officers, directors, partners, employees, members, agents, attorneys, accountants, financial advisors, investment bankers, dealer-managers, placement agents, and other professionals have acted in good faith in connection with this Plan and the solicitation of votes with respect to the same, and are entitled to protections afforded by section 1125(e) of the Bankruptcy Code and are entitled to the exculpatory injunctive provisions set forth in the Plan.

5.    <u>Compromise of Controversies</u>.  The provisions of the Plan constitute a good faith compromise and settlement of all Claims or controversies resolved pursuant to the Plan.  The compromise and settlements provided for in the Plan are worthy of approval and are in the best interests of the Debtors, the Reorganized Debtors, the Estates, and any Person holding Claims against and Interests in any of the Debtors.

*Approved by Judge Gloria M. Burns July  24, 2008*

Debtor:            Shapes/Arch Holdings L.L.C., *et al.*
Case No.:          08-14631 (GMB)
Caption of Order:  Findings of Fact, Conclusions of Law And Order under Sections
                   1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                   P. 3020 of the Confirming Plan of Reorganization, as amended filed
                   by Shapes/Arch Holdings, L.L.C., *et al*. under Chapter 11 of the
                   Bankruptcy Code

---

6.     <u>Plan Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

(i)     <u>Proper Classification of Claims and Interests (11 U.S.C. §§ 1122, 1123(a)(1))</u>.  In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates twelve (12) Classes of Claims and Interests.  The Claims or Interests placed in each Class are substantially similar to other Claims or Interests, as the case may be, in such Class.  Valid business, factual and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such classification does not unfairly discriminate among holders of Claims or Interests.  Thus, the Plan satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

(ii)     <u>Specification of Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.  The Plan specifies that Classes 1, 2, 3, 4, 8 and 12 are not impaired, thereby satisfying section 1123(a)(2) of the Bankruptcy Code.

(iii)     <u>Specification of Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>.  The Plan designates Classes 5, 6, 7, 9, 10 and 11 as impaired and specifies the treatment of Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code.

(iv)     <u>Equal Treatment Within Classes (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment by the Debtors for each Claim or Interest in a particular Class

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

unless the holder of a particular Claim or Interest in such Class has agreed to a less favorable treatment of its Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

(v)    <u>Implementation of Plan (11 U.S.C. § 1123(a)(5))</u>.    The Plan provides adequate and proper means for its implementation, thereby satisfying section 1123(a)(5) of the Bankruptcy Code.  The Plan and all of the restructuring transactions contemplated therein and to be consummated thereunder are supported by the sound exercise of the Debtors' business judgment and are in the best interests of their Estates and Creditors.

(vi)    <u>Charter Provisions (11 U.S.C. § 1123(a)(6))</u>.    The Reorganized Debtors will not be issuing non-voting shares of stock, and thereby satisfy the provisions of section 1123(a)(6) of the Bankruptcy Code.

(vii)    <u>Disclosure of Officers and Managers (11 U.S.C. §§ 1123(a)(7) and 1129(a)(5)(A))</u>.    The identity and affiliations of any individual proposed to serve, after Confirmation of the Plan, as an officer or manager of the Reorganized Debtors has been disclosed to the Bankruptcy Court pursuant to the Plan Supplement, and the appointment to such office of such individuals is consistent with the interests of Creditors and Interest holders and with public policy, in accordance with sections 1123(a)(7) and 1129(a)(5)(A) of the Bankruptcy Code.

(viii)    <u>Rule 3016(a) of the Bankruptcy Rules</u>.    The Plan is dated and identifies the entity submitting it, thereby satisfying Bankruptcy Rule 3016(a).

*Approved by Judge Gloria M. Burns July 24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al*. |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al*. under Chapter 11 of the Bankruptcy Code |

7.    Debtors' Compliance with the Applicable Provisions of the Bankruptcy Code (11 U.S.C. § 1129(a)(2)).    The Debtors have complied with the applicable provisions of the Bankruptcy Code, thereby satisfying section 1129(a)(2) of the Bankruptcy Code.  Specifically:

(i)    the Debtors are proper debtors under section 109 of the Bankruptcy Code and proper proponents of the Plan under section 1121(a) of the Bankruptcy Code;

(ii)    the Debtors have complied with applicable provisions of the Bankruptcy Code; and

(iii)    the Debtors have complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Approval Order in transmitting the Confirmation Hearing Notice and the Solicitation Package and in soliciting and tabulating votes on the Plan.  The procedures by which the Ballots were distributed and tabulated were fair, properly conducted and complied with prior orders of this Court.

8.    Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3)).    The Debtors have proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code.  In determining that the Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the formulation of the Plan and has heard and considered the evidence and arguments presented at the Confirmation Hearing.  The Chapter 11 Cases were filed, and the Plan was proposed, with the purpose of reorganizing the Debtors by reducing their debt burden and providing them with a reasonable financial basis to continue their affairs.  Furthermore, the Plan is the product of arms-

Debtor:           Shapes/Arch Holdings L.L.C., *et al.*
Case No.:         08-14631 (GMB)
Caption of Order: Findings of Fact, Conclusions of Law And Order under Sections
                  1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                  P. 3020 of the Confirming Plan of Reorganization, as amended filed
                  by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                  Bankruptcy Code

---

length negotiations among the Debtors, the Plan Funder, the Committee, CIT, the CIT Lenders and their respective counsel and advisors.  The Plan reflects the results of these negotiations.

9.      <u>Payments for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>.  Except to the extent otherwise provided in the Plan, any payment made or to be made by the Debtors for services or for costs and expenses in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

10.     <u>Disclosure of Employed Insiders (11 U.S.C.§ 1129(a)(5)(B))</u>.  The Debtors have disclosed the identify of any insider who may be employed or retained by the Reorganized Debtors, and the nature of any compensation for such insider, in accordance with section 1129(a)(5)(B) of the Bankruptcy Code.

11.     <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>.  There are no rate changes provided for in the Plan, and there is no governmental regulatory commission with jurisdiction, after Confirmation of the Plan, over any rates of the Debtors in any event, pursuant to Section 1129(a)(6) of the Bankruptcy Code.

12.     <u>Best Interests of Creditors Test (11 U.S.C. § 1129(a)(7))</u>.  With respect to each impaired Class of Claims and each Class of Interests under the Plan, each holder of a Claim or Interest in such Class (i) has accepted the Plan, or (ii) will receive or retain under the Plan on account of such Claim or Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under

*Approved by Judge Gloria M. Burns July 24, 2008*

Debtor:              Shapes/Arch Holdings L.L.C., *et al.*
Case No.:            08-14631 (GMB)
Caption of Order:    Findings of Fact, Conclusions of Law And Order under Sections
                     1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                     P. 3020 of the Confirming Plan of Reorganization, as amended filed
                     by Shapes/Arch Holdings, L.L.C., *et al*. under Chapter 11 of the
                     Bankruptcy Code

---

Chapter 7 of the Bankruptcy Code, in accordance with section 1129(a)(7) of the Bankruptcy

Code.  No Creditor has made an election pursuant to section 1111(b)(2) of the Bankruptcy Code.

13.    <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>.  Classes 1, 2, 3, 4, 8 and

12 are Classes of unimpaired Claims that are conclusively presumed to have accepted the Plan

under section 1126(f) of the Bankruptcy Code.  Classes 5, 6, 9 and 10 have voted to accept the

Plan in accordance with sections 1126(c) and (d) of the Bankruptcy Code.  Class 11 is not

entitled to receive or retain any property under the Plan, and, therefore, is deemed to have

rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.  Although section

1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Classes 7 and 11, the

Plan is confirmable because the Plan satisfies section 1129(b) of the Bankruptcy Code with

respect to each such Class, as found below.

14.    <u>Treatment of Priority Claims (11 U.S.C. § 1129(a)(9))</u>.  The Plan's treatment of

Allowed Administrative Claims, Allowed Fee Claims, Allowed Non-Tax Priority Claims and

Allowed Priority Tax Claims satisfies the requirements of sections 1129(a)(9)(A), (B) and (C) of

the Bankruptcy Code.  The Plan provides for the payment in full, in Cash, of Allowed

Administrative Claims on the Effective Date or in the ordinary course of business (except to the

extent that a holder of an Allowed Administrative Claim has agreed otherwise), for payment of

Allowed Fee Claims on the Effective Date or upon the entry of a final Order allowing a Fee

Claim, and payment in full of Allowed Non-Tax Priority Claims.  In the case of Allowed Priority

Tax Claims, the Plan provides that each holder of an Allowed Priority Tax Claim shall be paid in

Debtor:              Shapes/Arch Holdings L.L.C., *et al.*
Case No.:            08-14631 (GMB)
Caption of Order:    Findings of Fact, Conclusions of Law And Order under Sections
                     1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                     P. 3020 of the Confirming Plan of Reorganization, as amended filed
                     by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                     Bankruptcy Code

respect of such Allowed Priority Tax Claim either (a) the full amount thereof, without post-petition interest or penalty, in Cash, as soon as practicable after the later of (i) the Effective Date or (ii) the date on which such Claim becomes an Allowed Claim or upon such other terms as may be agreed upon by the holder of such Allowed Priority Tax Claim and the Debtors prior to the Effective Date, and the holder of such Allowed Priority Tax Claim and the Reorganized Debtors following the Effective Date, or (b) at the election of the Debtors or the Reorganized Debtors, over a period of five (5) years from the Petition Date in equal monthly installments of principal plus interest at the rate of six percent (6%) per annum.

15.   <u>Acceptance of at Least One Impaired Class of Claims (11 U.S.C. § 1129(a)(10))</u>. Classes 5, 6, and 10 are the impaired Classes of Claims that have voted to accept the Plan in requisite numbers and amounts without the need to include any acceptance of the Plan by any insider, thus satisfying section 1129(a)(10) of the Bankruptcy Code.

16.   <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>.  The Plan is feasible.  Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtors or any successors thereof, in accordance with section 1129(a)(11) of the Bankruptcy Code.  There is a reasonable prospect that the Reorganized Debtors will meet their respective financial obligations under the Plan.

17.   <u>Payment of Certain Fees (11 U.S.C. § 1129(a)(12))</u>.  All fees payable on or before the Effective Date under 28 U.S.C. § 1930 either have been paid or will be paid on the Effective Date or as soon thereafter as is practicable and thereafter will be paid in the ordinary course until

*Approved by Judge Gloria M. Burns July 24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al*. |
| --- | --- |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al*. under Chapter 11 of the Bankruptcy Code |

entry of a final decree at which time no additional fees under 28 U.S.C. § 1930 will be due. Accordingly, the Plan satisfies section 1129(a)(12) of the Bankruptcy Code.

18.    <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(13))</u>.   The Debtors do not provide any retiree benefits, as that term is defined by section 1114 of the Bankruptcy Code, and therefore, section 1129(a)(13) of the Bankruptcy Code does not apply in these Cases.

19.    <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.   Class 11 is an impaired Class of Interests that is deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code.   Class 7 is an impaired Class of Claims that has not voted to accept or reject the Plan.   In light of the adjournment of the Debtors' motion to disallow Claims under section 502(e) of the Bankruptcy Code, Class 9 is an impaired class that voted to reject the Plan.   Classes 7, 9 and 11 are the only Classes that have not accepted, or have been deemed to have not accepted, the Plan.   The Debtors presented and/or proffered evidence and testimony at the Confirmation Hearing that the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 7, 9 and 11, as required by section 1129(b)(1) of the Bankruptcy Code. Thus, the Plan may be confirmed notwithstanding that the Debtors have not satisfied section 1129(a)(8) of the Bankruptcy Code with respect to Classes 7 and 11.

20.    <u>Conditions to Confirmation have been met</u>.   The conditions to Confirmation set forth in section 9.1 of the Plan have been satisfied, including, without limitation, the Debtors' entry into new collective bargaining agreements in the ordinary course of their businesses with their unions, which are acceptable to Arch Acquisition.

*Approved by Judge Gloria M. Burns July 24, 2008*

Debtor:          Shapes/Arch Holdings L.L.C., *et al.*
Case No.:        08-14631 (GMB)
Caption of Order: Findings of Fact, Conclusions of Law And Order under Sections
                 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                 P. 3020 of the Confirming Plan of Reorganization, as amended filed
                 by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                 Bankruptcy Code

---

21.    <u>No Avoidance of Taxes (11 U.S.C. § 1129(d))</u>.  The principal purpose of the Plan

is not the avoidance of taxes or avoidance of the requirements of Section 5 of the Securities Act

of 1933, and no governmental unit has requested that the Bankruptcy Court deny confirmation

on such basis, thus satisfying the requirements of section 1129(d) of the Bankruptcy Code.

22.    <u>Notice to Non-Debtor Parties of Executory Contracts and Unexpired Leases</u>.  The

Debtors have provided notice to the non-debtor party to any known pre-petition executory

contract or unexpired lease to be assumed (if any) of (i) the proposed default amount owed (if

any) under the applicable executory contract or unexpired lease and (ii) the last date by which

such non-debtor party may file an objection or other response with respect to such proposed

default amount.

## **<u>DECREES</u>**

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, DECREED AND

DETERMINED THAT,

23.    <u>Incorporation</u>.  To the extent applicable, based on the context, the foregoing

Findings of Fact and Conclusions of Law are incorporated by reference as decretal paragraphs of

this Order.

24.    <u>Confirmation</u>.  The Plan, and all exhibits (including all exhibits to the Disclosure

Statement), provisions, modifications, supplements (including the Plan Supplement), terms, and

conditions thereto, are hereby confirmed and approved in all respects, and all provisions thereof

are hereby incorporated herein by reference.  All objections to the Plan not heretofore withdrawn

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

or resolved as set forth on the record at the Confirmation Hearing are overruled in their entirety. Objections that have been withdrawn, if any, are hereby deemed withdrawn with prejudice.

25.    <u>Provisions of Plan and Order Nonseverable and Mutually Dependent</u>.    The provisions of the Plan and this Order are nonseverable and mutually dependent.

26.    <u>Implementation</u>.    The Debtors are hereby authorized and directed to execute, file and deliver all documents necessary and appropriate to implement the Plan and the provisions thereof, and to the extent the Debtors deem appropriate in the exercise of their business judgment, to agree to non-material modifications to the Plan necessary and appropriate for the implementation of the Plan and its provisions.

27.    <u>Binding Effect</u>.    Pursuant to section 1141 of the Bankruptcy Code, effective as of the date of the entry of this Order, but subject to the occurrence of the Effective Date, and except as expressly provided in the Plan or this Order, the provisions of the Plan (including all documents set forth therein) and this Order shall be binding on (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Plan Funder, (iv) all holders of Claims against and Interests in the Debtors, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, and (v) each person acquiring property under the Plan.    The exculpations, injunctions, and releases set forth in the Plan are necessary, appropriate, fair and equitable, and justified by valuable consideration.

28.    <u>Revesting of Assets</u>.    Except as otherwise expressly provided in the Plan or this Order or the Final DIP Orders, as applicable (including, without limitation, the liens being

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

granted and/or retained by the Plan Funder) on the Effective Date, without any further action, each of the Reorganized Debtors will be vested with all of the Property of the Estates (excluding all Avoidance Actions and Estate Actions), free and clear of all Claims (that arose on or before the Effective Date), Liens and Interests, and shall have all of the powers of a limited liability company under applicable law.  As of the Effective Date, the Reorganized Debtors may operate their businesses and use, acquire and dispose of property and, subject to Section 7.9 of the Plan, settle and compromise claims or interests without the supervision of the Bankruptcy Court or the Class 10 Liquidation Trustee, free of any restrictions of the Bankruptcy Code or the Bankruptcy Rules.

29.     <u>Transfer of Real Estate</u>.  On the Effective Date, but subject to the Class 2 Secured Real Estate Claims to the extent not satisfied, (a) Reorganized Shapes L.L.C. may (at its election), either retain all real estate or (i) convey the Shapes Real Estate to Shapes Realty New Jersey L.L.C., (ii) convey the Delair Real Estate to Delair Realty New Jersey L.L.C. (or Shapes Realty New Jersey L.L.C.); and (iii) convey the Ultra Real Estate to Ultra Realty New Jersey L.L.C.; and (b) Reorganized Accu-Weld L.L.C. may (at its election), either retain all real estate or convey the Accu-Weld Real Estate to Accu-Weld Realty Pennsylvania L.L.C., free and clear of all Liens, Claims (that arose on or before the Effective Date) and encumbrances other than the Class 2 Secured Real Estate Claims.

30.     <u>Executory Contracts and Leases</u>.  The Reorganized Debtors are authorized to assume all unexpired leases and executory contracts set forth on Schedule 8.1 to the Plan as

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

supplemented prior to the Confirmation Hearing.  As provided in Article VII of the Plan, any and all unexpired leases and executory contracts included on the Debtors' Schedule G and not (i) previously assumed by the Debtors or the subject of a pending motion to assume of the Bankruptcy Court pending on the Confirmation Date, (ii) previously rejected or the subject of a pending motion to reject pending on the Confirmation Date, or (iii) designated on Schedule 8.1 to the Plan, as supplemented prior to the Confirmation Hearing, whether by their terms, prior order of the Court or by operation of a statute or other law, shall be deemed rejected under sections 365 and 1123 of the Bankruptcy Code effective as of the Confirmation Date, but subject to the occurrence of the Effective Date, provided, however, that rejection pursuant hereto shall not constitute an admission that any such contracts or leases are in fact executory contracts or unexpired leases or that the Debtors had any liability thereunder.  Notwithstanding the foregoing, the Court's consideration of the Debtors' decision to assume or reject the executory contracts or unexpired leases with National City Commercial Capital Company LLC and Nationwide Industries, Inc. and, in the event of assumption, the amount of the Cure Claim shall be adjourned and considered by the Court at a hearing on August 25, 2008 at 2:00 p.m.  Notwithstanding anything in the Plan to the contrary, the Debtors, Reorganized Debtors and Nationwide Industries, Inc., reserve all of their rights under Section 365 of the Bankruptcy Code if the Cure Claim cannot be resolved.  Notwithstanding anything in the Plan to the contrary, no executory contract, unexpired lease or unexpired sublease shall be deemed assumed or rejected pursuant to the terms of Article VIII of the Plan if the Effective Date fails to occur for any reason.  Any

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al*. |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al*. under Chapter 11 of the Bankruptcy Code |

Claim for damages arising by reason of the rejection of any pre-petition executory contract or unexpired lease as of the Confirmation Date must be filed with the Claims Agent within thirty (30) days after the mailing of notice of the Effective Date rejection and upon the failure of any entity to file such Claim on or before such date, such Claim shall automatically be disallowed and such entity shall be forever barred from (i) asserting a Claim against the Debtors, the Reorganized Debtors, the Estates, the Class 10 Liquidation Trust or property of any of those entities, and (ii) participating in the distribution to holders of Allowed Class 10 Claims on account of the rejection of such unexpired lease or executory contract, but shall nevertheless be bound by the provisions of the Plan.  Any Person that is a non-Debtor party to an executory contract or unexpired lease on Schedule 8.1 that failed to timely file and serve a Cure Claim shall be bound by the amount shown by the Debtors to be owed on Schedule 8.1 and shall be forever barred, estopped and enjoined from asserting any other or additional Cure Claim and no objection to a late claim shall be necessary.

31.    The Liens and property interests of the Plan Funder shall be perfected from and after the Effective Date without the need of the Plan Funder to take any or further action or file or record any notes with respect thereto.  This Order shall be sufficient and conclusive notice and evidence of the grant, validity, perfection, and priority of the Plan Funder's Liens without the necessity of filing or recording this Order (other than as docketed in the Chapter 11 Cases) or any financing statement, mortgage or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action to validate or perfect

*Approved by Judge Gloria M. Burns July  24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

the Plan Funder's Liens, or to entitle the Plan Funder to the same priorities granted to the agent under the Arch Acquisition DIP Loan or herein (including, in respect of cash or deposits or investment property, any requirement that the Plan Funder have possession of or dominion and control over, any such cash in order to perfect an interest therein); <u>provided</u> that the Debtors or Reorganized Debtors shall execute and deliver to the Plan Funder and the Plan Funder may file or record financing statements or other instruments further to evidence or further to perfect the Plan Funder's Liens authorized, granted and perfected under the Exit Facility; and <u>provided further</u> that no such filing or recordation shall be necessary or required in order to create or perfect any such Lien.

    32.   <u>New LLC Interests Issued</u>.

    (i)   On the Effective Date, the membership interest of the Class 11 interest holder, Ben LLC, shall be deemed cancelled and the Plan Funder shall receive one hundred percent (100%) of the New LLC Interests in the Reorganized Shapes/Arch Holdings L.L.C. that are authorized and issued as of the Effective Date in accordance with the provisions of the Plan. All securities to be issued shall be deemed issued as of the Effective Date regardless of the date on which they are actually issued and distributed.  The issuance of the New LLC Interests in accordance with the Plan is duly authorized without the need for any further action by the Debtors or Ben LLC, any member or officer approval, or further Order of this Court.

    (ii)   The issuance and distribution of the New LLC Interests under the Plan to the Plan Funder shall be made under section 1145(a) of the Bankruptcy Code as of the Effective

*Approved by Judge Gloria M. Burns July  24, 2008*

Debtor:              Shapes/Arch Holdings L.L.C., *et al.*
Case No.:            08-14631 (GMB)
Caption of Order:    Findings of Fact, Conclusions of Law And Order under Sections
                     1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                     P. 3020 of the Confirming Plan of Reorganization, as amended filed
                     by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                     Bankruptcy Code

Date. Such distributions shall be without further act or action by any person, except as may be required by Reorganized Debtors' by-laws, or applicable law, regulation, order or rule; and all documents evidencing the distribution of the New LLC Interests shall be executed and delivered as provided for in the Plan.

33.    <u>Reorganized Debtors</u>. From the Effective Date forward, the Reorganized Debtors shall administer the Plan, subject to the duties and powers reserved for the Class 10 Liquidation Trustee as set forth in the Plan and the Plan Administration Agreement. The Reorganized Debtors are authorized to take all actions as may be necessary or appropriate to effectuate the transactions set forth in the Plan, including, but not limited to, such duties and powers set forth in Section 5.9 of the Plan.

34.    <u>Existing Membership Interests</u>. On the Effective Date (i) all Class 11 Interests shall be deemed cancelled, relinquished, null and void and of no force and effect and (ii) all Class 12 Interests shall remain unaffected, valid and binding such that one hundred percent (100%) of the membership interests of Shapes, Delair, Accu-Weld and Ultra shall continue to be owned by Shapes/Arch.

35.    <u>Plan Administration Agreement</u>. On or prior to the Effective Date, the Plan Administration Agreement shall be executed, and the parties to the Plan Administration Agreement (and any other necessary party) are authorized and directed to take all steps to establish the Class 10 Pool Escrow and the Plan Expense Reserve, and if necessary under the terms of the Plan, to execute the Plan Note. The form of the Plan Administration Agreement,

*Approved by Judge Gloria M. Burns July 24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

which is annexed to the Plan Supplement as Exhibit D, and the appointment of Steven Sass, as Liquidation Trustee, are hereby approved in all respects, and the appointment of Steven Sass, as Liquidation Trustee, is approved. The Class 10 Liquidation Trustee shall have all the duties and powers set forth in Section 5.3 of the Plan and the Plan Administration Agreement. The Plan does not provide for the substantive consolidation of the Debtors following the Effective Date, but as set forth in the Disclosure Statement, the holders of Claims in Class 10 that hold Allowed Claims against multiple Debtors shall be deemed to hold one Claim against the Debtors as if the Debtors were substantively consolidated and shall be entitled to receive one distribution under the Plan in accordance with Section 4.5 of the Plan.

36.    <u>Plan Note</u>. On or prior to the Effective Date, if the Plan Note is necessary, the Plan Note shall be executed. The form of the Plan Note, which has been filed with the Court, is approved in all respects.

37.    <u>General Release</u>. On the Effective Date, (i) the Debtors, the Estates, and their respective successors and assigns, including, without limitation, the Liquidation Trust, the Class 10 Liquidation Trustee, and any Person or Entity claiming a right in a derivative capacity on their behalf and (ii) any holder of a Claim or Interest ((i), (ii) and any holder of a Claim classified under Class 10 General Unsecured Claims, together being the "<u>Releasors</u>") hereby unconditionally and irrevocably release Arch Acquisition, the Plan Funder, the Committee, CIT, and the CIT Lenders, together with each of their respective shareholders, members, managers, general partners, limited partners, officers, directors, employees, agents, representatives,

*Approved by Judge Gloria M. Burns July 24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

attorneys and advisors or consultants (collectively, the "Released Parties"), as set forth more fully below, from any and all direct, indirect or derivative claims, obligations, suits, judgments, Liens, damages, rights, causes of action, liabilities, claims or rights of contribution and indemnification, and all other controversies of every type, kind, nature, description or character whatsoever, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity or otherwise that are based in whole or in part upon any act or omission, transaction, event or other occurrence taking place from the beginning of the world to the Effective Date, arising from or relating in any way, directly or indirectly, to the Debtors, their Property, assets, operations or liabilities, the Arch Acquisition DIP Loan, the Arch Acquisition DIP Agreement, the CIT DIP Loan, the CIT Loan, the CIT Revolving Loan DIP Agreements, the Chapter 11 Cases, the Plan, or the Disclosure Statement; provided however, that the Releasors shall not be deemed to have released any rights to enforce the terms of the Plan or their rights to distributions thereunder. The Releasors hereby waive any rights or benefits under California Civil Code section 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with Debtors and any rights or benefits under similar laws.

The foregoing releases shall not include claims (other than their Claims against the Debtors as reflected in any proof of claim) of members, managers and officers of the Debtors against the

*Approved by Judge Gloria M. Burns July 24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al*. |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al*. under Chapter 11 of the Bankruptcy Code |

Released Parties that did not enter into mutual releases with Arch Acquisition or the CIT Lenders pursuant to Article 4.5.5 of the Final DIP Orders entered with respect to Arch Acquisition.

38.    <u>Debtors Injunction</u>.  On the Effective Date, the Releasors shall be permanently enjoined from commencing, conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind, asserting any setoff, right of subrogation, contribution, indemnification or recoupment of any kind, directly or indirectly, or proceeding in any manner in any place inconsistent with the releases granted to the Released Parties pursuant to the Plan.

39.    <u>Exemption From Certain Taxes</u>.

(i)    Pursuant to section 1146(a) of the Bankruptcy Code, (a) the issuance, transfer, or exchange of notes or equity securities under the Plan, including, but not limited to the issuance of the New LLC Interests; (b) the creation of any mortgage, deed of trust, lien, pledge, or other security interest; (c) the making or assignment of any contract, lease or sublease; or (d) the making or delivery of any deed or other instrument of transfer under, in the furtherance of, or in connection with, the Plan, including, without limitation, the transfers to be made under Section 5.8 of the Plan, any merger agreements, agreements of consolidation, restructuring, disposition, liquidation, or dissolution, stock purchase agreements, stockholders agreements or stockholders rights agreements, deeds, bills of sale, or transfers of tangible property will not be subject to any stamp tax, or other similar tax or any tax held, to be a stamp tax or other similar tax by applicable law;

*Approved by Judge Gloria M. Burns July 24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

(ii)    the Reorganized Debtors and their agents or representatives are authorized to serve upon filing and recording officers a notice to evidence and implement the foregoing; and

(iii)    all filing or recording officers, wherever located and by whomever appointed, are hereby authorized to comply with subparagraph (i) above and this Court specifically retains jurisdiction concerning such matters.

40.    **BAR DATE FOR ADMINISTRATIVE CLAIMS. REQUESTS FOR PAYMENT OF ADMINISTRATIVE CLAIMS (EXCEPT FOR FEE CLAIMS) ARISING BETWEEN THE PETITION DATE AND JUNE 15, 2008 WERE TO BE FILED BY JUNE 30, 2008, PURSUANT TO A SEPARATE ORDER OF THE BANKRUPTCY COURT (THE "FIRST ADMINISTRATIVE CLAIM BAR DATE"). REQUESTS FOR PAYMENT OF ADMINISTRATIVE CLAIMS (EXCEPT FOR FEE CLAIMS) ARISING FROM JUNE 16, 2008 THROUGH THE EFFECTIVE DATE MUST BE FILED AND SERVED ON THE REORGANIZED DEBTORS C/O EPIQ, THEIR CLAIMS AGENT, AND THE CLASS 10 LIQUIDATION TRUSTEE, AND THEIR RESPECTIVE COUNSEL, NO LATER THAN THIRTY (30) DAYS AFTER THE EFFECTIVE DATE (THE "SECOND ADMINISTRATIVE CLAIM BAR DATE"). ANY PERSON THAT IS REQUIRED TO FILE AND SERVE A REQUEST FOR PAYMENT OF AN ADMINISTRATIVE CLAIM AND FAILS TO TIMELY FILE AND SERVE SUCH REQUEST, SHALL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM OR PARTICIPATING IN DISTRIBUTIONS UNDER THE**

*Approved by Judge Gloria M. Burns July 24, 2008*

Debtor:          Shapes/Arch Holdings L.L.C., *et al.*
Case No.:        08-14631 (GMB)
Caption of Order: Findings of Fact, Conclusions of Law And Order under Sections
                 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                 P. 3020 of the Confirming Plan of Reorganization, as amended filed
                 by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                 Bankruptcy Code

PLAN ON ACCOUNT THEREOF AND NO OBJECTION TO SUCH LATE OR UNFILED CLAIM SHALL BE NECESSARY.  OBJECTIONS TO REQUESTS FOR PAYMENT OF ADMINISTRATIVE CLAIMS (EXCEPT FOR FEE CLAIMS) MUST BE FILED AND SERVED ON THE REORGANIZED DEBTORS AND CLASS 10 LIQUIDATION TRUSTEE, AND THEIR RESPECTIVE COUNSEL, AND THE PARTY REQUESTING PAYMENT OF AN ADMINISTRATIVE CLAIM WITHIN TWENTY DAYS (20) DAYS AFTER THE SECOND ADMINISTRATIVE CLAIM BAR DATE OR AS OTHERWISE FIXED BY THE BANKRUPTCY COURT.

41.    <u>Bar Date for Fee Claims</u>.  As provided in Article 2.4 of the Plan, all requests for payment of Fee Claims incurred through the Effective Date, must be filed and served on the Reorganized Debtors and Class 10 Liquidation Trustee and their respective counsel no later than thirty (30) days after the Effective Date.  Any Professional that is required to file and serve a request for payment of a Fee Claim and fails to timely file and serve such request, shall be forever barred, estopped and enjoined from asserting such Fee Claim or participating in distributions under the Plan on account thereof.  Objections to Fee Claims must be filed and served on the Reorganized Debtors, the Class 10 Liquidation Trustee, their respective counsel, and the requesting party by twenty (20) days after the Fee Claim Bar Date or as otherwise fixed by the Bankruptcy Court.  Any payments for services rendered and reimbursement of expenses incurred by the Debtors' professionals after the Confirmation Date shall be paid in accordance with the Plan.

*Approved by Judge Gloria M. Burns July  24, 2008*

Debtor:              Shapes/Arch Holdings L.L.C., *et al.*
Case No.:            08-14631 (GMB)
Caption of Order:    Findings of Fact, Conclusions of Law And Order under Sections
                     1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                     P. 3020 of the Confirming Plan of Reorganization, as amended filed
                     by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                     Bankruptcy Code

42.     <u>Claims Objection Deadline</u>.  Notwithstanding D.N.J. LBR 3007-1, Objections to

Claims shall be filed and served upon each affected Creditor no later than ninety (90) days after

the Effective Date, <u>provided</u>, <u>however</u>, that this deadline may be extended by the Bankruptcy

Court upon motion of the Class 10 Liquidation Trustee (as to Claims in Class 10) or the

Reorganized Debtors (as to Claims not in Class 10), with or without notice or hearing.

Notwithstanding the foregoing, unless the Plan or an order of the Bankruptcy Court specifically

provides for a later date, any proof of, or other assertion of a Claim filed after the deadline

established for filing Claims of that type shall be automatically disallowed as a late filed Claim,

without any action by the Class 10 Liquidation Trustee or the Reorganized Debtors, unless and

until the party filing such Claim obtains the written consent of, the Class 10 Liquidation Trustee

or the Reorganized Debtors, as applicable, or obtains an order of the Bankruptcy Court upon

notice to the Class 10 Liquidation Trustee and Reorganized Debtors that permits the late filing of

the Claim.  Moreover, the holder of such disallowed, late-filed Claim shall be forever barred

from asserting such Claim against the Liquidation Trust, the Debtors, the Estates or their

Property, Reorganized Debtors or their property, and shall not be entitled to any distribution

from the Class 10 Pool Escrow or otherwise.  In the event any proof of claim is permitted to be

filed after the Confirmation Date pursuant to an order of the Bankruptcy Court or the Plan, the

Class 10 Liquidation Trustee or Reorganized Debtors, as applicable, shall have sixty (60) days

from that bar date or the filing of such proof of claim or order to object to such Claim, which

*Approved by Judge Gloria M. Burns July  24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

deadline may be extended by the Bankruptcy Court upon motion of the Class 10 Liquidation Trustee or the Reorganized Debtors with or without notice or a hearing.

43.    After the Effective Date, and subject to the terms of the Plan, the Class 10 Liquidation Trustee or the Reorganized Debtors, as applicable, may settle any Disputed Claim where the result of the settlement or compromise is an Allowed Claim in an amount of one hundred thousand dollars ($100,000.00), or less without providing any notice or obtaining an order from the Bankruptcy Court.  All proposed settlements of Disputed Claims where the amount to be settled or compromised exceeds one hundred thousand dollars ($100,000.00) shall be subject to the approval of the Bankruptcy Court after notice and an opportunity for a hearing.

44.    Unclaimed Property.  If any distribution remains unclaimed for a period of ninety (90) days after it has been delivered (or attempted to be delivered) in accordance with the Plan to the holder of an Allowed Claim or Interest entitled thereto, such unclaimed property shall be forfeited by such holder, whereupon all right, title and interest in and to the unclaimed property shall (i) with respect to such unclaimed distributions to Allowed Clams in Class 10, be held in reserve by the Class 10 Liquidation Trustee to be distributed Pro Rata to holders of Allowed Claims in Class 10 in accordance with the Plan, and (ii) with respect to other Classes and types of Claims, revert to the Reorganized Debtors.

45.    Release and Preservation of Certain Liens.  Except as otherwise provided in the Plan or in any contract, instrument or other agreement or document created in connection with the Plan, including, without limitation, the Liens securing the Exit Facility and any other Liens of

*Approved by Judge Gloria M. Burns July 24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

holders of Allowed Claims in Class 5 that are paid over time (which shall survive Confirmation and shall remain valid, enforceable and perfected Liens against property of the Reorganized Debtors, respectively), on the Effective Date all other mortgages, deeds of trust, Liens or other security interests against the Property of the Debtors' estates shall be released, and all the right, title and interest of any holder of such mortgages, deeds of trust, Liens or other security interests shall revert to the Reorganized Debtors and their successors and assigns.

46. <u>Immaterial Modification of the Plan</u>. On notice to and an opportunity to be heard by the United States Trustee and the Reorganized Debtors and without notice to holders of Claims and Interests, the Reorganized Debtors or the Class 10 Liquidation Trustee may, insofar as it does not materially and adversely affect the rights and interests of holders of Claims, correct any defect, omission or inconsistency in the Plan in such manner and to such extent as may be necessary to expedite consummation of the Plan; <u>provided</u>, <u>however</u>, that any such amendment or modification of the Plan must be approved in writing by the Plan Funder (and the CIT Lenders to the extent the same is material to the CIT Lenders).

47. <u>Material Modification of the Plan</u>. On notice to and an opportunity to be heard by the United States Trustee, the Plan may be altered or amended after the Confirmation Date by the Reorganized Debtors or the Class 10 Liquidation Trustee in a manner which, in the opinion of the Bankruptcy Court, materially and adversely affects holders of Claims, provided that such alteration or modification is made after notice and a hearing and otherwise meets the requirements of section 1127 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that any such

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

amendment or modification of the Plan must be approved in writing by the Plan Funder (and the CIT Lenders to the extent the same is material to the CIT Lenders).

48.   <u>Exculpation</u>.  On the Effective Date, CIT, the CIT Lenders, Arch Acquisition and the Plan Funder and all of their respective direct and indirect parents, subsidiaries and affiliates, together with each of their respective present and former shareholders, members, managers, general partners, limited partners, officers, directors, employees, agents, representatives, attorneys and advisors or consultants (solely in their capacities as such) shall be deemed to release each of the other of and from any claims, obligations, rights, causes of action and liabilities for any act or omission occurring solely during the period prior to the Effective Date, generally, including, without limitation, any act or omission occurring during the Chapter 11 Cases, the Arch Acquisition DIP Loan, the Arch Acquisition DIP Agreement, the Exit Facility, the Plan Funding Commitment, the CIT Loan, the CIT DIP Loan, the CIT Revolving Loan DIP Agreements, the Disclosure Statement, the pursuit of approval of the Disclosure Statement, the pursuit of confirmation of the Plan, the consummation of the Plan or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which constitute willful misconduct or gross negligence, and all such Persons, in all respects, shall be entitled to rely upon the advice of counsel with respect to their duties and responsibilities under the Plan and under the Bankruptcy Code.  Nothing contained herein shall release any party from its obligations under the Plan and related documents.

*Approved by Judge Gloria M. Burns July  24, 2008*

Debtor:                 Shapes/Arch Holdings L.L.C., *et al.*
Case No.:               08-14631 (GMB)
Caption of Order:       Findings of Fact, Conclusions of Law And Order under Sections
                        1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                        P. 3020 of the Confirming Plan of Reorganization, as amended filed
                        by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                        Bankruptcy Code

49.    <u>Discharge</u>.  Except as otherwise provided for in the Plan, this Confirmation Order, or any other order of the Bankruptcy Court (including, without limitation, the Final DIP Orders), in accordance with section 1141(d) of the Bankruptcy Code, entry of the Confirmation Order acts as a discharge effective as of the Effective Date of all debts, Claims against, Liens on, and Interests in the Debtors, their assets and Property, which debts, Claims, Liens and Interests arose at any time before the Effective Date.  The discharge of the Debtors shall be effective as to each Claim and Interest, regardless of whether a proof of Claim or Interest was filed or whether the Claim or Interest was Allowed or whether the holder of the Claim or Interest votes to accept the Plan.  On the Effective Date, as to each and every discharged Claim and Interest, any holder of such Claim or Interest shall be precluded from asserting such Claim or Interest against the Debtors or Reorganized Debtors or their assets or properties.

50.    <u>Confirmation Injunction</u>.  With respect to any Claim against or Interest in any of the Debtors that arose at any time prior to the Effective Date, on and after the Effective Date, except to enforce the terms and conditions of the Plan before the Bankruptcy Court, or as permitted under the Final DIP Orders and Exit Facility, and except to the extent the holders of Environmental Claims are seeking to recover under any and all applicable insurance policies (and in all cases may not assert any Claims against the Reorganized Debtors but may, subject to first obtaining relief from the injunction set forth hereinbelow, name them nominally for purposes of seeking recovery solely against applicable insurance coverage), all Persons or Entities are permanently enjoined from and after the Effective Date from:  (a) commencing,

30

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

conducting or continuing in any manner, directly or indirectly, any suit, action or other proceeding of any kind (including, without limitation, any proceeding in a judicial, arbitral, administrative or other forum) against the Reorganized Debtors or Class 10 Liquidation Trustee or the Liquidation Trust or any of their properties, or any direct or indirect transferee of any property of, or direct or indirect successor in interest to, any of the foregoing Persons or Entities and all of their respective direct and indirect parents, subsidiaries and affiliates, together with each of their respective members, managers, general partners, limited partners officers, directors, employees, agents, representatives, attorneys and advisors or consultants or any property of any of the foregoing (collectively, the "Protected Parties"); (b) enforcing, levying, attaching (including, without limitation, any pre-judgment attachment), collecting or otherwise recovering by any manner or means whether directly or indirectly, against any of the Protected Parties of any judgment, award, decree or order; (c) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against any of the Protected Parties; (d) asserting any right of setoff, subrogation, or recoupment of any kind, directly or indirectly, against any obligation due to any of the Protected Parties; and (e) taking any actions in any place and in any manner whatsoever that do not conform to or comply with the provisions of the Plan. Nothing in this section shall preclude CIT or the CIT Lenders from asserting and enforcing any rights, defenses or claims available to them under the Plan or otherwise (including, without limitation, Section 3.7 of the Plan), or preclude the Committee or the Class 10 Liquidation Trustee, as applicable, from asserting Avoidance Actions or Estate Actions or continuing to

*Approved by Judge Gloria M. Burns July  24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

pursue Avoidance Actions or Estate Actions commenced by the Committee prior to its termination under Section 11.19 of the Plan.  In the unlikely event that there are any remaining Environmental Claims after consummation of the settlements with the EPA, the NJDEP and the Pennsauken Landfill Plaintiffs (other than the NJDEP's proof of claim with respect to the 9000 River Road site) or in the event that any of the contemplated settlements with the EPA, the NJDEP or the Pennsauken Landfill Plaintiffs are not consummated, any and each holder of such Environmental Claim is stayed from commencing or continuing any action or proceeding with respect to a Claim in a forum other than the Bankruptcy Court.  However, after the passage of ninety (90) days from and after the Effective Date, any holder of an Environmental Claim may file a motion with the Bankruptcy Court seeking to commence or continue any action or proceeding in a forum other than the Bankruptcy Court with respect to a Claim to recover solely under any and all applicable insurance policies.

51.    <u>Protections Against Reversal or Modification on Appeal</u>.  The Plan Funder is entitled to the protections of Section 363(m) of the Bankruptcy Code, such that the reversal or modification on appeal of any of the provisions hereof shall not affect the validity of the transfer of any property unless the provisions hereof and transfer of any property is stayed pending appeal, prior to the effectuation of such transfer.

52.    <u>Preservation of Insurance</u>.  The Plan, the Disclosure Statement, any Plan-related document, the Confirmation Order, and/or any findings of fact or conclusions of law with respect to Confirmation of the Plan shall not diminish or impair any rights, claims, or defenses under any

Debtor:            Shapes/Arch Holdings L.L.C., *et al.*
Case No.:          08-14631 (GMB)
Caption of Order:  Findings of Fact, Conclusions of Law And Order under Sections
                   1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                   P. 3020 of the Confirming Plan of Reorganization, as amended filed
                   by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                   Bankruptcy Code

insurance policies or under applicable non-bankruptcy law that may cover Claims against the

Debtors or the Reorganized Debtors (including, without limitation, their members, managers or

officers) or any other person or entity.  Likewise, the Plan the  Disclosure Statement, any Plan-

related document, this Confirmation Order, and/or any findings of fact or conclusions of law

with respect to Confirmation of the Plan shall not in any way operate to, or have the effect of,

impairing the insurers' legal, equitable or contractual rights, claims, defenses or disputes under

any policy or under applicable non-bankruptcy law and shall not act to increase or extend any

rights or obligations of the Debtors or the insurers in any respect.  Except with respect to the

settlements set forth in Section 4.4 of the Plan and approved in the Confirmation Order, no

insurer shall be bound in any current or future litigation concerning an Environmental Claim or

an insurance policy by any factual findings or conclusions of law issued in connection with

Confirmation of the Plan (including on appeal or in any subsequent proceeding necessary to

effectuate the Plan), and no such findings of fact or conclusions of law shall have any res

judicata or collateral estoppel effect on any claim, defense, right, offset or counterclaim that has

been asserted or that may be asserted in any current or subsequent litigation concerning an

Environmental Claim or an insurance policy.

   53.    <u>Dissolution and Release of the Committee</u>.  Upon ten (10) days after the later of

(i) the Effective Date and (ii) this Order becoming a Final Order, the Committee will dissolve

and the members of the Committee shall be released and discharged from their duties (without

*Approved by Judge Gloria M. Burns July  24, 2008*

| | |
|---|---|
| Debtor: | Shapes/Arch Holdings L.L.C., *et al*. |
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al*. under Chapter 11 of the Bankruptcy Code |

prejudice for the same to serve in any capacity authorized under the Plan Administration Agreement).

54.    <u>Payment of Statutory Fees</u>.  All fees payable pursuant to 11 U.S.C. § 1930 (the "<u>Quarterly Fees</u>") (i) which accrued on or prior to the Effective Date shall be paid by the Debtors on the Effective Date or as soon thereafter as is practicable and (ii) which accrued after the Effective Date shall be paid as follows:

(a)    For the period from the Effective Date through and including the date the Reorganized Debtors provide written notice to the Class 10 Liquidation Trustee that the Reorganized Debtors seek to close the Chapter 11 Cases because the Reorganized Debtors have performed all of their duties necessary to substantially consummate the Plan (the "<u>Case Closing Notice</u>"), the Reorganized Debtors and the Liquidation Trust shall pay their <u>pro</u> <u>rata</u> share of the Quarterly Fees based upon the disbursements actually made by each of (1) the Reorganized Debtors and (2) the Liquidation Trust and/or the Class 10 Liquidation Trustee for such period and through the date on which the Bankruptcy Court enters a final decree closing the Chapter 11 Cases; and

(b)    In the event the Class 10 Liquidation Trustee requires the Chapter 11 Cases to remain open after receipt of the Case Closing Notice, the Quarterly Fees shall be paid solely by the Class 10 Liquidation Trustee from the Liquidation Trust until such time as the Chapter 11 Cases are closed.

*Approved by Judge Gloria M. Burns July  24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

55.     <u>Retention of Jurisdiction</u>.  Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, and notwithstanding the entry of this Order or the occurrence of the Effective Date, this Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, as further specified in Article X of the Plan.

56.     <u>Acceptance and Execution of Plan Documents</u>.  Each and every federal, state and local governmental agency or department is hereby directed to accept, and lessors and holders of Liens are directed to execute, any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan.

57.     <u>Exemption from Securities Laws</u>.   The exemption from the requirements of section 5 of the Securities Act of 1933, as amended, and any state or local law requiring registration for the offer or sale of a security provided for in the Plan or registration or licensing of an issuer of, underwriter of, or broker dealer in, such security is authorized by section 1145 of the Bankruptcy Code and shall apply to the receipt of the New LLC Interests in connection with the Plan.

58.     <u>Notice of Entry of this Order</u>.   On or before the tenth (10th) Business Day following the date of entry of this Order, the Debtors shall cause to be served notice of entry of this Order pursuant to Rules 2002(f)(7), 2002(k) and 3020(c) of the Bankruptcy Rules on all holders of Claims against or Interests in the Debtors, the Committee, the United States Trustee

*Approved by Judge Gloria M. Burns July 24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al*. |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al*. under Chapter 11 of the Bankruptcy Code |

and all other parties in interest, by causing a notice of entry of this Order to be delivered to such parties by first class mail, postage prepaid.

59.   <u>References to Plan Provisions</u>.  The failure specifically to include or reference any particular provision of the Plan or Disclosure Statement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed and approved in its entirety.

60.   <u>This Order Controlling</u>.  In the event of any inconsistency between the Plan and the Disclosure Statement, the provisions of the Plan shall govern; in the event of any inconsistency between the Plan and any other documents ancillary thereto, the provisions of the Plan shall govern; <u>provided</u>, <u>however</u>, that in the event of any inconsistency among this Order, the Plan, and the Plan Supplement, this Order shall govern, provided further, however, that in the event of any inconsistency between this Order and sections 6.2, 11.8 and/or 11.10 of the Plan, those Plan sections shall govern.

61.   <u>Reversal</u>.  If any or all of the provisions of this Order are hereafter reversed, modified or vacated by subsequent order of this Court or any other court, such reversal, modification or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtors' receipt of written notice of any such order.  Notwithstanding any such reversal, modification or vacatur of this Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Order prior to the effective date of such reversal, modification or vacatur shall be governed in all respects by

*Approved by Judge Gloria M. Burns July  24, 2008*

Debtor:               Shapes/Arch Holdings L.L.C., *et al.*
Case No.:             08-14631 (GMB)
Caption of Order:     Findings of Fact, Conclusions of Law And Order under Sections
                      1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                      P. 3020 of the Confirming Plan of Reorganization, as amended filed
                      by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                      Bankruptcy Code

---

the provisions of this Order and the Plan and all plan documents or any amendments or
modifications thereto.

62.    <u>Applicable Non-Bankruptcy Law</u>.  Pursuant to sections 1123(a) and 1142(a) of
the Bankruptcy Code, the provisions of this Order, the Plan and the Plan documents shall apply
and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

63.    <u>Order Effective</u>.  Notwithstanding the stay contemplated by Bankruptcy Rule
3020(e) and except as otherwise provided in any other or prior order of this Court, immediately
after entry of this Order, the provisions of the Plan and this Order shall be deemed binding
against the Debtors, the Reorganized Debtors, any and all holders of Claims against or Interests
in the Debtors (irrespective of whether such Claims or Interests accepted, rejected, or are deemed
to have accepted or rejected the Plan), any and all non-Debtor parties to executory contracts or
unexpired leases with the Debtors, and any and all Persons that are parties to or are subject to the
releases, discharges, and injunctions described in the Plan.  Accordingly, pursuant to Bankruptcy
Rule 3020(e), the ten-day period provided by such rule is hereby waived in its entirety.

64.    <u>Plan Modification</u>.  The Plan Modification filed on July 21, 2008, resolves certain
objections raised by various parties, and the Court finds that no additional notice or disclosure
need be given to Creditors and other parties in interest and no re-solicitation of ballots is
necessary with respect to the Plan Modification.  In the seventh paragraph of Section 4.4 of the
Plan Modification, the following shall be added to the first sentence after "contribution" at the
end of the sixth line:  "or joint and several liability."  Also, the following shall be added to the

Debtor:            Shapes/Arch Holdings L.L.C., *et al.*
Case No.:          08-14631 (GMB)
Caption of Order:  Findings of Fact, Conclusions of Law And Order under Sections
                   1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr.
                   P. 3020 of the Confirming Plan of Reorganization, as amended filed
                   by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the
                   Bankruptcy Code

---

end of the same sentence:  "except to defend any action brought by any such party for

contribution or joint and several liability."  In the seventh paragraph of Section 4.4 of the Plan

Modification, the two parentheticals "(except in the Pennsauken Litigation)" shall be deleted,

and the following shall be added to the end of that sentence:  "(nothing herein is intended to

expand or limit discovery rights, if any, in the applicable litigation)".

     65.    <u>Settlement of Environmental Claims of NJDEP and Pennsauken</u>.  Based upon the

record, and for the reasons set forth at the Confirmation Hearing, the Consent Decree with the

New Jersey Department of Environmental Protection and settlement agreement with the

Pollution Control Financing Authority of Camden County and the Pennsauken Solid Waste

Management Authority, Township of Pennsauken (collectively, "Pennsauken"), both dated on or

about July 21, 2008, (i) supplement the treatment of these Creditors under the Plan, (ii) fully and

finally resolve all Claims of these Creditors, and (iii) are incorporated herein and approved in

their entirety.  The Court finds that no additional notice of the Debtors' entry into, and the

Court's approval of, the Consent Decrees and the settlement agreement and release is necessary

under the circumstances.  The Debtors and Reorganized Debtors are authorized to consummate

the terms of the Consent Decrees and the settlement agreement and release.  The Court shall

retain jurisdiction to resolve any and all disputes arising out of or in connection with the Consent

Decrees and the settlement agreement and release.  With respect to the paragraph in Section 4.4

of the Plan Modification describing the settlement with the Pennsauken Landfill Plaintiffs, the

first sentence is revised to read as follows:  "In accordance with the terms of the settlement

*Approved by Judge Gloria M. Burns July 24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

agreement and general liability release between the Debtors and the Pennsauken Landfill Plaintiffs, the Pennsauken Landfill Plaintiffs shall receive the sum of Four Hundred Fifty Thousand Dollars ($450,000) and the Debtors shall address hexavalent chromium issues with respect to Pennsauken Landfill MW6 in full and complete satisfaction of the Pennsauken Landfill Plaintiffs' Claims (as that term is defined in the Pennsauken agreement) against the Debtors, including all Claims raised in the litigation referenced on page 24 of the Disclosure Statement (the "Pennsauken Litigation")…"

66.   Settlement of Environmental Claims of EPA.  The Debtors and EPA have entered into an agreement in principle, subject to the approval of the appropriate governmental officials, that is generally described at Section 4.4 of the Plan.  If the Debtors and EPA are able to consummate this agreement, a settlement agreement will be lodged with the Court and subject to a public comment period that shall be no more than thirty (30) days.  At the time the settlement agreement is lodged with the Court, the Reorganized Debtors will request that the Court approve the settlement agreement but the hearing on the Reorganized Debtors' request shall not be held until the United States informs the Court of any public comments on the settlement agreement and the United States' responses to those comments.  After the close of the public comment period, the United States will file with the Court any comments received, as well as the United States' response to the comments and, if appropriate, will request that the Court approve the settlement agreement.  The United States may withdraw or withhold its consent if the comments regarding the settlement agreement disclose facts or considerations indicating that the settlement

*Approved by Judge Gloria M. Burns July 24, 2008*

| Debtor: | Shapes/Arch Holdings L.L.C., *et al.* |
|---|---|
| Case No.: | 08-14631 (GMB) |
| Caption of Order: | Findings of Fact, Conclusions of Law And Order under Sections 1123, 1129(a) and (b) of the Bankruptcy Code and Fed. R. Bankr. P. 3020 of the Confirming Plan of Reorganization, as amended filed by Shapes/Arch Holdings, L.L.C., *et al.* under Chapter 11 of the Bankruptcy Code |

agreement is not in the public interest.  With respect to the paragraph in Section 4.4 of the Plan Modification describing the contemplated settlement with the EPA, the last sentence is revised to read as follows:  "The settlement agreement is expected to treat the Puchack Wellfield Superfund site as a discharged site, but not provide contribution protection with respect to that site."

67.    Notwithstanding anything contained in the Plan, Schedule 4.4 to the Plan, the Disclosure Statement, and Plan-related document and the Confirmation Order, nothing contained therein shall affect or prejudice the right of SL Industries, Inc., to assert that any obligations of the Reorganized Debtors with respect to the Puchack Wellfield Superfund Site, EPA I.D. No. NJD981084767 (the "Puchack Site"), are neither "Claims", as defined in the Plan and in the Bankruptcy Code, nor "Environmental Claims" as defined in the Plan.  To the extent such obligations are neither Claims nor Environmental Claims, they shall not be subject to the discharge or injunction provisions contained in this Confirmation Order.  To the extent such obligations are Claims or Environmental Claims, they shall be subject to the discharge and injunction provisions contained in this Confirmation Order.

WILMINGTON\79680\10  100000.000

*Approved by Judge Gloria M. Burns July  24, 2008*