NOLA R. BENCZE (NB7698)
JAMES J. O'TOOLE (JO2030)
SAMANTHA L. SOUTHALL (*pro hac vice*)
BUCHANAN INGERSOLL & ROONEY PC
1835 Market Street, 14th Floor
Philadelphia, Pennsylvania 19103
Tel.: (215) 665-8700
Facsimile: (215) 665-8760
*Attorneys for Creditor Waste*
*Management of New Jersey, Inc.*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
(CAMDEN VICINAGE)

| | |
|---|---|
| In re: | (Hon. Gloria M. Burns) |
| SHAPES/ARCH HOLDINGS, L.L.C., *et al*, | Chapter 11 |
| Debtors. | Lead Case No.: 08-14631 (GMB) (Jointly Administered) |

**NOTICE OF WITHDRAWAL OF PROOF OF CLAIM**

Waste Management of New Jersey, Inc. hereby withdraws the attached proof of claim filed in the above-captioned bankruptcy case.

                            Respectfully submitted,

Dated: August 13, 2008          BUCHANAN INGERSOLL & ROONEY PC

                            By:   /s/ Nola R. Bencze
                                    Nola R. Bencze
                                    James O'Toole, Jr.
                                    Samantha L. Southall
                                    1835 Market Street, 14th Floor
                                    Philadelphia, Pennsylvania 19103
                                    Tel.: (215) 665-8700
                                    Facsimile: (215) 665-8760

                                    *Attorneys for Creditor Waste*
                                    *Management of New Jersey, Inc.*

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF __NEW JERSEY__ | PROOF OF CLAIM |
|---|---|---|

Name of Debtor: Shapes/Arch Holdings, L.L.C. and Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C., collectively known as Aluminum Shapes

Case Number: 08-14631-GMB

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
Waste Management of New Jersey, Inc.

Name and address where notices should be sent:
James O'Toole, Jr., Esquire
Buchanan Ingersoll & Rooney PC
1835 Market Street, 14th Floor
Philadelphia, PA 19103
Telephone number: (215) 665-8700

☐ Check this box to indicate that this claim amends a previously filed claim

Court Claim Number: _____
(If known)

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars
☐ Check this box if you are the debtor or trustee in this case.

1. Amount of Claim as of Date Case Filed:    $ 77,871,002.43

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4

If all or part of your claim is entitled to priority, complete item 5

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges

2. Basis for Claim: See Exhibit A
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have scheduled account as: _____
       (See instruction #3 on reverse side)

4. Secured Claim. (See instruction #4 on reverse side)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:   ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
   Describe:
   Value of Property: $_____   Annual Interest Rate ____%
   Amount of arrearage and other charges as of time case filed included in secured claim, if any: $_____   Basis for perfection: _____
   Amount of Secured Claim: $_____   Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim
☐ Domestic support obligations under 11 U.S.C §507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U S C §507 (a)(4)
☐ Contributions to an employee benefit plan - U S C §507 (a)(5).
☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U S C §507 (a)(7)
☐ Taxes or penalties owed to governmental units - 11 U S C §507 (a)(8)
☐ Other - Specify applicable paragraph of 11 U S C §507 (a) (__)

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements or running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary (See definition of "redacted" on reverse side)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING
If the documents are not available, please explain

Date:
Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

James J. O'Toole, Jr., Esquire, Attorney for Waste Management of New Jersey, Inc.
Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment up to 5 years, or both 18 U S C §§ 152 and 3571

FOR COURT USE ONLY

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases that are not filed voluntarily by a debtor, there may be exceptions to these general rules.*

Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district where the bankruptcy case was filed (for example, Central District of California), the bankruptcy debtor's name, and the bankruptcy case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is located at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

1. **Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the Bankruptcy filing. Follow the instructions concerning whether to complete Items 4 and 5. Check the box if interest or other charges are included in the claim.

2. **Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card.

3. **Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

    3a. **Debtor May Have Scheduled Account As:**
    Use this space to report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

4. **Secured Claim:**
Check the appropriate box and provide the requested information if the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See DEFINITIONS, below.) State the type and the value of property that secures the claim, attach copies of lien documentation, and state annual interest rate and the amount past due on the claim as of the date of the bankruptcy filing.

5. **Amount of Claim Entitled to Priority Under 11 U.S.C. §507(a).**
If any portion of your claim falls in one or more of the listed categories, check the appropriate box(es) and state the amount entitled to priority. (See DEFINITIONS, below.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

6. **Credits:**
An authorized signature on this proof of claim serves as an acknowledgement that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

7. **Documents:**
Attach to this proof of claim form redacted copies documenting the existence of the debt and of any lien securing the debt. You may also attach a summary. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary. FRBP 3001(c) and (d). Do not send original documents, as attachments may be destroyed after scanning.

**Date and Signature:**
The person filing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2), authorizes courts to establish local rules specifying what constitutes a signature. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. Attach a complete copy of any power of attorney. Criminal penalties apply for making a false statement on a proof of claim.

---

### DEFINITIONS

**Debtor**
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

**Creditor**
A creditor is the person, corporation, or other entity owed a debt by the debtor on the date of the bankruptcy filing.

**Claim**
A claim is the creditor's right to receive payment on a debt that was owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101(5). A claim may be secured or unsecured.

**Proof of Claim**
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

**Secured Claim Under 11 U.S.C. §506(a)**
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car.

A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien. A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

**Unsecured Claim**
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

**Claim Entitled to Priority Under 11 U.S.C. §507(a)**
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

**Redacted**
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor should redact and use only the last four digits of any social-security, individual's tax-identification, or financial-account number, all but the initials of a minor's name and only the year of any person's date of birth.

**Evidence of Perfection**
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### INFORMATION

**Acknowledgement of Filing of Claim**
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

**Offers to Purchase a Claim**
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. §101 *et seq.*), and any applicable orders of the bankruptcy court.

## Exhibit A

Pennsauken Township, Pennsauken Solid Waste Management Authority and the Pollution Control Financing Authority of Camden County filed an action in 1991 in the Superior Court of New Jersey, Law Division, against various transporters, generators, municipalities and other parties potentially responsible for the contamination of a landfill site located in the township of Pennsauken ("Landfill"). The action is captioned as *Pennsauken Solid Waste Mgt. Auth., et al. v. James D. Morrissey, Inc., et al.*, Docket No. L-13395-91 (the "Pennsauken Litigation"). The action asserts claims under the New Jersey Spill Act ("Spill Act"), N.J.S.A. 58:10-23.11 *et seq.* It also asserts several common law causes of action, including negligence, nuisance, misrepresentation, creation of an abnormally dangerous activity and gross negligence. Plaintiffs' alleged damages are approximately $77,871,002.43.

Debtors Shapes/Arch Holdings, L.L.C., Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C., collectively known as Aluminum Shapes ("Aluminum Shapes"), upon information and belief, own and operate a manufacturing facility adjacent to the Landfill at 9900 River Road, Pennsauken, New Jersey. Aluminum Shapes disposed of waste containing hazardous substances at the Landfill during the relevant time period in the action. Aluminum Shapes also caused effluent from its facility containing hazardous substances to emanate onto the Landfill during the relevant time period. Aluminum Shapes is therefore both an on-site and off-site contributor to the hazardous substances at the Landfill. As a significant contributor to the release of hazardous substances at the Landfill and an indispensable co-defendant, Aluminum Shapes is liable for its allocable share of the costs of the Site's remediation.

Waste Management of New Jersey, Inc. also is a direct defendant in the Pennsauken Litigation. Pursuant to an agreement with the Pennsauken Litigation plaintiffs, the transporter liaison group (which includes Waste Management of New Jersey, Inc.), has funded NJDEP ordered remedial studies at the site. Thus, Waste Management of New Jersey, Inc has expended funds to remediate the Landfill.

In addition, Waste Management of New Jersey, Inc has an unsecured claim against Aluminum Shapes for at least a portion of the remediation costs, which are currently estimated to be $77,871,002.43.