Order Filed on
**8/26/2008**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **MARK E. FELGER (MF9985)**<br>**JERROLD N. POSLUSNY, JR. (JP7140)**<br>**COZEN O'CONNOR**<br>LibertyView, Suite 300<br>457 Haddonfield Road<br>Cherry Hill, NJ  08002<br>(856) 910-5000<br>Attorneys for the Debtors | |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>,<br><br>Debtors. | Case No. 08-14631(GMB)<br><br>Judge: Gloria M. Burns<br><br>Chapter:  11 |

**CORRECTED CONSENT ORDER RESOLVING MOTIONS OF DE LAGE LANDEN FINANCIAL SERVICES, INC., FOR, *INTER ALIA*, RELIEF FROM THE AUTOMATIC STAY [DKT. NOS. 316 AND 317]**

The relief set forth on the following pages, numbered two (2) through four (4), is hereby

**ORDERED.**

**DATED: 8/26/2008**

_____
Honorable Gloria M Burns
United States Bankruptcy Court Judge

CHERRY_HILL\448972\5  220718.000

Case 08-14631-GMB    Doc 604    Filed 08/26/08    Entered 08/26/08 13:49:53    Desc Main
          Document      Page 2 of 14

Page 2

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Consent Order Resolving Motions of De Lage Landen Financial Services, Inc., for, <u>inter alia</u>, Relief from the Automatic Stay

This Corrected[1] Consent Order (the "<u>Consent Order</u>") is entered into, by and between the above captioned debtors and debtors in possession (the "<u>Debtors</u>"), and De Lage Landen Financial Services, Inc. ("<u>De Lage</u>") (the Debtors and De Lage being hereinafter referred to collectively as the "<u>Parties</u>").

WHEREAS, the Debtors filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") on March 16, 2008 (the "<u>Petition Date</u>").

WHEREAS, prior to the Petition Date, the Parties entered into seven (7) lease agreements that contained $1.00 purchase options at the end of the lease term (the "<u>Purchase Leases</u>").

WHEREAS, prior to the Petition Date, the Parties also entered into fourteen (14) lease agreements that De Lage has alleged are "true" lease agreements under the Uniform Commercial Code (the "<u>True Leases</u>" and with the Purchase Leases, the "<u>Leases</u>").

WHEREAS, on May 21, 2008, De Lage filed a verified motion: (a) for relief from the automatic stay and (2) compelling the Debtors to assume or reject the True Leases (the "<u>True Lease Stay Motion</u>") [Dkt. No. 316].

WHEREAS, on May 21, 2008, De Lage filed a verified motion for relief from the automatic stay related to the Purchase Leases (the "<u>Purchase Lease Stay Motion</u>" and with the True Lease Stay Motion, the "<u>Motions</u>") [Dkt. No. 317].

WHEREAS, the Debtors have disputed the Motions.

WHEREAS, pursuant to the Debtors Third Amended Joint Plan (as may be modified or amended, the "<u>Plan</u>"), as reflected on the Schedule 8.1 of the Plan filed with the Court, the

---

[1] The only change made to the Consent Order is to attach the correct <u>Exhibit "D"</u>.

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Consent Order Resolving Motions of De Lage Landen Financial Services, Inc., for, <u>inter alia</u>, Relief from the Automatic Stay

Debtors intend to continue making payments under the Purchase Leases and to assume the True Leases listed on Schedule 8.1 and to reject the remaining Purchase Leases and True Leases.

WHEREAS, the Parties desire to resolve all of De Lage's claims in this Consent Order as set forth herein.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Debtors and De Lage hereby stipulate and agree as follows:

1.      The foregoing Background is incorporated herein by reference.

2.      The Debtors shall treat the Purchase Leases listed on <u>Exhibit "A"</u> of this Order as Class 5 PMSI Claims (as defined in the Plan) under the Plan except that any pre-petition arrearages as set forth on <u>Exhibit "A"</u> of this Order shall be treated as Allowed Class 10 General Unsecured Claims (as defined in the Plan).  De Lage shall be deemed to have an allowed unsecured claim for pre-petition arrearages in the total amount shown on <u>Exhibit "A"</u> without the filing of a proof of claim.  The Debtors shall continue to timely make the payments provided for by the Purchase Lease contracts listed on <u>Exhibit "A"</u>. Any payments that become due under the Purchase Lease contracts listed on <u>Exhibit "A"</u> of this Order after entry of this Order shall be an administrative expense of the Debtors' estate, without further motion, notice, or order.

3.      The automatic stay provisions of 11 U.S.C. § 362 are terminated as to the Purchase Leases listed on <u>Exhibit "B"</u> of this Order as such provisions relate to the equipment specified on <u>Exhibit "B"</u>, so as to permit De Lage to exercise its rights in and to such property under such Purchase Leases and applicable non-bankruptcy law.  The Debtors shall make the

*Approved by Judge Gloria M. Burns August 26, 2008*

Page 4

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Consent Order Resolving Motions of De Lage Landen Financial Services, Inc., for, <u>inter alia</u>, Relief from the Automatic Stay

---

equipment listed on <u>Exhibit "B"</u> immediately available to De Lage for its recovery and sale of such equipment. The Purchase Leases listed on <u>Exhibit "B"</u> are deemed rejected by the Debtors upon entry of this Order. De Lage shall be permitted to file a proof of claim for any unsecured deficiency that may arise from the liquidation of the equipment listed on <u>Exhibit "B"</u> within ninety (90) days of entry of this order and if De Lage files a claim by such deadline, such claim shall be deemed timely filed. The Official Committee of Unsecured Creditors and the Class 10 Liquidating Trustee shall retain the right to object to any unsecured deficiency claim filed by De Lage pursuant to this paragraph.

    4.      The Debtors shall assume the True Leases listed on <u>Exhibit "C"</u> of this Order, pursuant to section 8.1 of the Plan, and conditioned upon the Plan being confirmed and going effective, except that the cure amounts set forth on <u>Exhibit "C"</u> of this Order shall be treated as Allowed Class 10 General Unsecured Claims (as defined in the Plan). The cure amounts on the attached exhibit represent the entirety of De Lage's claims under the True Leases through the date of the entry of this Consent Order. De Lage shall be deemed to have an allowed unsecured claim in the total amount shown on <u>Exhibit "C"</u> without the filing of a proof of claim. The Debtors shall continue to timely make the payments provided for by the True Leases contracts listed on <u>Exhibit "C"</u>. Any payments that become due under the True Leases contracts listed on <u>Exhibit "C"</u> of this Order after entry of this Order shall be an administrative expense of the Debtors' estate, without further motion, notice, or order.

    5.      The automatic stay provisions of 11 U.S.C. § 362 are terminated as to the True Leases listed on <u>Exhibit "D"</u> of this Order as such provisions relate to the equipment specified on

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Consent Order Resolving Motions of De Lage Landen Financial Services, Inc., for, <u>inter alia</u>, Relief from the Automatic Stay

---

<u>Exhibit "D"</u>, so as to permit De Lage to exercise its rights in and to such property under such True Leases and applicable non-bankruptcy law. The True Leases listed on Exhibit "D" are deemed rejected by the Debtors upon entry of this Order. The Debtors shall make the equipment listed on <u>Exhibit "D"</u> immediately available to De Lage for its recovery and sale of such equipment. De Lage shall be deemed to have an allowed unsecured claim for rejection damages in the total amount shown on <u>Exhibit "D"</u> without the filing of a proof of claim.

6. The Debtors, on their behalf and on behalf of their estates, waive any Avoidance Actions (as defined in the Plan) against De Lage.

7. This Order shall become effective immediately upon entry, notwithstanding any rule or statutory stay of this Order.

8. The Court shall retain jurisdiction to determine any disputes that may arise between the Parties with respect to this Stipulation.

9. Each of the undersigned hereby represents and warrants that he has been authorized to execute this Consent Order on behalf of his client(s).

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Consent Order Resolving Motions of De Lage Landen Financial Services, Inc., for, inter alia, Relief from the Automatic Stay

---

10.  This Consent Order may be executed in counterparts, which when so executed shall comprise but a single document.

**STIPULATED TO, CONSENTED TO AND AGREED BY:**

Dated: August 8, 2008                          COZEN O'CONNOR

By:  /s/ Jerrold N. Poslusny, Jr.
   Mark E. Felger
   Jerrold N. Poslusny, Jr.
   Liberty View, Suite 300
   475 Haddonfield Road
   Cherry Hill, NJ 08002
   (856) 910-5000

Attorneys for the Debtors

Dated: August 8, 2008                          LECLAIR RYAN

By:  /s/ William E. Callahan
   David W. Phillips
   Todd A. Galante
   Two Penn Plaza East
   Newark, NJ 07105
   (973) 491-3600

and

William E. Callahan
1800 Wachovia Tower, Drawer 1200
Roanoke, VA 24006
(540) 777-3068

Attorneys for De Lage

**EXHIBIT A TO
CONSENT ORDER RESOLVING MOTIONS OF DE LAGE
LANDEN FINANCIAL SERVICES, INC., FOR, *INTER ALIA*,
RELIEF FROM THE AUTOMATIC STAY**

**EXHIBIT A TO
CONSENT ORDER RESOLVING MOTIONS OF DE LAGE LANDEN
FINANCIAL SERVICES, INC., FOR, *INTER ALIA*, RELIEF FROM THE
AUTOMATIC STAY**

**Shapes, LLC**

| Master Lease Schedule/Contract No. | Pre-petition Arrearages | Equipment |
|---|---|---|
| 11/24658640 | $2,549.00 | HUBTEX Side Loader, s/n JU4356 |
| 19/24690916 | $2,229.00 | DREXEL Forklift Model SLT 30, s/n 9458661051<br>DREXEL Forklift Model SLT 30, s/n 9645161549<br>DREXEL Forklift Model SLT 30, s/n 899037081 |
| 21/24690875 | $2,093.08 | NEW HOLLAND Loader Model LW110, s/n ZEFOLW11000495124 |
| 22/24690908 | $1,486.00 | DREXEL Forklift Model SLT 30, s/n 934288604<br>DREXEL Forklift Model SLT 30, s/n 9573961363 |
| 23/24695203 | $0.00 | DREXEL Forklift Model SLT 30, s/n 917783206<br>DREXEL Forklift Model SLT 30, s/n 9598341404<br>DREXEL Forklift Model SLT 30, s/n 935962693<br>DREXEL Forklift Model SLT 30, s/n943875887 |

*Approved by Judge Gloria M. Burns August 26, 2008*

**EXHIBIT B TO
CONSENT ORDER RESOLVING MOTIONS OF DE LAGE
LANDEN FINANCIAL SERVICES, INC., FOR, *INTER ALIA*,
RELIEF FROM THE AUTOMATIC STAY**

**EXHIBIT B TO
CONSENT ORDER RESOLVING MOTIONS OF DE LAGE LANDEN
FINANCIAL SERVICES, INC., FOR, *INTER ALIA*, RELIEF FROM THE
AUTOMATIC STAY**

## DeLair Group, LLC

| Master Lease Schedule/Contract No. | Equipment |
|---|---|
| n/a/24798209 | NISSAN Model PL50LP, s/n PL02-9H3650<br>NISSAN Model PL50LP, s/n PL02-9H3651<br>NISSAN Model PL50LP, s/n PL02-9H3656<br>NISSAN Model PL50LP, s/n PL02-9H3657 |

*Approved by Judge Gloria M. Burns August 26, 2008*

# EXHIBIT C TO
# CONSENT ORDER RESOLVING MOTIONS OF DE LAGE
# LANDEN FINANCIAL SERVICES, INC., FOR, *INTER ALIA*,
# RELIEF FROM THE AUTOMATIC STAY

**EXHIBIT C TO
CONSENT ORDER RESOLVING MOTIONS OF DE LAGE LANDEN
FINANCIAL SERVICES, INC., FOR, *INTER ALIA*, RELIEF FROM THE
AUTOMATIC STAY**

### Shapes, LLC

| Master Lease Schedule/Contract No. | Cure Amount | Equipment |
|---|---|---|
| 12/24667805 | $1,379.47 | HYSTER Forklift Model H110XM, s/n L005V05877C |
| 13/24667811 | $1,595.09 | HYSTER Forklift Model H110XM w/ Rotator, s/n L005V05876C |
| 15/24690897 | $2,964.24 | HYSTER Forklift Model H60FT, s/n L177B01761C <br><br> HYSTER Forklift Model H60FT, s/n L177B01776C |
| 16/24681811 | $5,448.21 | HYSTER Forklift Model H155XL2, s/n G006V03416C <br><br> HYSTER Forklift Model H155XL2, s/n G006V03418C <br><br> HYSTER Forklift Model H155XL2, s/n G006V03422C |
| 17/24693361 | $9,240.00 | HYSTER Forklift Model H60FT, s/n L177B03333C |
| 20/24690894 | $1,198.66 | HYSTER H60FT Forklift, s/n L177B01775C |

*Approved by Judge Gloria M. Burns August 26, 2008*

# EXHIBIT D TO
# CONSENT ORDER RESOLVING MOTIONS OF DE LAGE LANDEN FINANCIAL SERVICES, INC., FOR, *INTER ALIA*, RELIEF FROM THE AUTOMATIC STAY

*Approved by Judge Gloria M. Burns August 26, 2008*

**EXHIBIT D TO
CONSENT ORDER RESOLVING MOTIONS OF DE LAGE LANDEN FINANCIAL
SERVICES, INC., FOR, *INTER ALIA*, RELIEF FROM THE AUTOMATIC STAY**

### Shapes, LLC

| Master Lease Schedule/Contract No. | Rejection Damages Claim | Equipment |
|---|---|---|
| 9/24617140 | $7,870.75 | HYSTER Forklift Model H60XM, s/n H177B51607B |
| 10/24651226 | $11,184.75 | HYSTER Forklift Model H60XM, s/n H177B57841C |
| 14/24663906 | $21,438.00 | HYSTER Forklift Model H60XM, s/n H177B34386Z<br><br>HYSTER Forklift Model H60XM, s/n H177B34422Z |
| 25/24747729 | $16,817.28 | HYSTER H60FT Forklift, s/n L177B03453C |
| 25/24809234 | $18,690.75 | NISSAN PL60LP Forklift, s/n UG1F2-9L0009 |

### Delair Group, LLC

| Master Lease Schedule/ Contract No. | Rejection Damages Claim | Equipment |
|---|---|---|
| n/a/24499769 | $93.28 | SAVIN Copier Model 99450PE w/ AROF, Finisher, Print Control, NIC, Console, s/n 5306400051 |
| n/a/24555108 | $14,045.92 | MINOLTA Digital Copier Model Di551, s/n 31008842<br><br>MINOLTA Digital Copier Model Di551, s/n 31011587 |
| n/a/24631895 | $577.70 | KONICA MINOLTA Copier Model Di551, s/n 31006854 |

*Approved by Judge Gloria M. Burns August 26, 2008*