| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Robyn F. Pollack (RP 8974)<br>SAUL EWING LLP<br>A Delaware Limited Liability Partnership<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>(215) 972-7537 (phone)<br>(215) 972-1946 (fax)<br><br>H. Buswell Roberts, Jr.<br>Nathan A. Hall<br>SHUMAKER, LOOP & KENDRICK, LLP<br>1000 Jackson Street<br>Toledo, Ohio 43604-5573<br>(419) 241-9000<br><br>Attorneys for Exco Extrusion Dies | |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br><br>Debtors. | Case No. 08-14631 (GMB)<br>(Jointly Administered)<br><br>Judge Gloria M. Burns<br><br>Chapter 11<br><br>Hearing Date: September 29, 2008 at 10:00 a.m. |

## NOTICE OF MOTION OF EXCO EXTRUSION DIES FOR LEAVE TO FILE LATE §503(b)(9) ADMINISTRATIVE EXPENSE CLAIM

PLEASE TAKE NOTICE that Exco Extrusion Dies, by and through its undersigned attorneys, has filed a motion for leave to file a §503(b)(9) administrative expense claim past the bar date (the "Motion").

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this case. (If you do not have an attorney, you may wish to consult one.)**

1097332.1 8/27/08

If you do not want the Court to grant the relief requested by the Movant, or if you want the Court to consider your views on the Motion, then on or before **September 22, 2008 at 4:00 p.m.**, you or your attorney must:

File with the Court an answer explaining your position at: Clerk, U.S. Bankruptcy Court, 400 Cooper Avenue, Camden, New Jersey 08101. If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above. You **must** also mail a copy to: Robyn Forman Pollack, Esquire, Saul Ewing LLP, Centre Square West, 1500 Market Street, 38th Floor, Philadelphia, PA 19102 and H. Buswell Roberts, Jr., Esquire and Nathan A. Hall, Esquire, Shumaker, Loop & Kendrick, LLP, 1000 Jackson Street, Toledo, OH 43608-2801; and

Attend a hearing scheduled to be held on **September 29, 2008 at 10:00 a.m.** in Courtroom 4C, United States Bankruptcy Court, 400 Cooper Avenue, 4th Floor, Camden, New Jersey 08101.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: August 27, 2008

By:

SAUL EWING LLP

_____/S/_____
Robyn Forman Pollack, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA  19102
(215) 972-7537

and

SHUMAKER, LOOP & KENDRICK, LLP
H. Buswell Roberts, Jr.
Nathan A. Hall
1000 Jackson Street
Toledo, Ohio  43608-2801
Telephone:  (419) 321-1470
Telecopier:  (419) 241-6894
broberts@slk-law.com
nhall@slk-law.com

Attorneys for Exco Extrusion Dies

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
|---|---|
| Robyn F. Pollack (RP 8974)<br>SAUL EWING LLP<br>A Delaware Limited Liability Partnership<br>Centre Square West<br>1500 Market Street, 38th Floor<br>Philadelphia, PA 19102<br>(215) 972-7537 (phone)<br>(215) 972-1946 (fax)<br><br>H. Buswell Roberts, Jr.<br>Nathan A. Hall<br>SHUMAKER, LOOP & KENDRICK, LLP<br>1000 Jackson Street<br>Toledo, Ohio 43604-5573<br>(419) 241-9000<br><br>Attorneys for Exco Extrusion Dies | |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br><br>                Debtors. | Case No. 08-14631 (GMB)<br>(Jointly Administered)<br><br>Judge Gloria M. Burns<br><br>Chapter 11<br><br>Hearing Date: September 29, 2008 at 10:00 a.m. |

## MOTION OF EXCO EXTRUSION DIES FOR LEAVE TO
## FILE LATE §503(b)(9) ADMINISTRATIVE EXPENSE CLAIM

Exco Extrusion Dies ("Exco"), by and through its undersigned attorneys, hereby files this motion for leave to file a section 503(b)(9) administrative expense claim past the bar date (the "Motion"). In support thereof, Exco respectfully represents as follows:

1097332.1 8/27/08

## Background

1. On March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings, L.L.C. and its subsidiaries, Shapes L.L.C., Delair L.L.C., Accu-Weld L.L.C. and Ultra L.L.C. (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq., (the "Bankruptcy Code"). The Debtors' cases have been consolidated for administrative purposes only.

2. On or about July 22, 2008, an order was entered confirming the Debtors' Third Amended Joint Chapter 11 Plan of Reorganization, as modified (the "Plan"). The Effective Date of the Plan was August 8, 2008 (the "Effective Date").

## Factual Background

3. Exco is a supplier of extrusion dies (tooling) to the aluminum extrusion industry and provides these dies to the Debtors.

4. On or about May 2, 2008, Exco filed timely a proof of claim in the total amount of $335,030.58. Included in that total amount was $65,810.59 (the "Section 503(b)(9) Claim") for goods delivered between February 25, 2008 and March 14, 2008. Those goods were received by the Debtors within 20 days before the date of commencement of these cases and were sold to the Debtors in the ordinary course of the Debtors' business.[1]

5. Subsequent to Exco's filing of its proof of claim, in early June 2008, Exco received a Notice of Deadline to File Requests for Allowance of Administrative Expense Claims Incurred Between March 16, 2008 Through and Including June 15, 2008 (the "Administrative Claim Bar Date Notice") which set June 30, 2008 as the date by which such administrative claims had to be filed.

---

[1] See Affidavit of Bonnie Cartwright attached hereto as Exhibit "A".

6. As the title of the Administrative Claim Bar Date Notice appears to indicate, the claims that are to be asserted are only those that were incurred between March 16, 2008 and June 15, 2008. Further, the Administrative Claim Bar Date Notice does not make reference to section 503(b)(9) claims that arose prior to the Petition Date and in fact only cursorily mentions such claims in a footnote.

7. Because Exco included its Section 503(b)(9) Claim in its original proof of claim (which was filed before the administrative expense bar date), Exco did not file a second administrative expense claim form. Exco only recently discovered that it was required to file a separate administrative expense claim and now moves this Court for leave to do so.

## Relief Requested

8. By this Motion, Exco respectfully requests leave to file a late section 503(b)(9) administrative claim. Exco's failure to file a separate administrative expense claim is an act of excusable neglect and Exco submits that cause exists for leave to file such claim.[2]

## Basis for Relief Requested

9. Creditors are permitted to file claims after the bar date if their failure to file a timely claim was the result of excusable neglect. Manus Corp. v. NRG Energy, Inc., 188 F.3d 116, 125 (3rd Cir. 1999), citing Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380 (1993).

10. Determining whether neglect is excusable is an equitable determination that takes into account all of the circumstances surrounding the creditor's omission. Courts explicitly recognize four factors to consider: "(i) the danger of prejudice to the debtor; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay,

---

[2] A copy of Exco's proposed Request for Payment of Administrative Expense form is attached hereto as Exhibit "B".

including whether it was within the reasonable control of the movant; and (iv) whether the movant acted in good faith." Pioneer, 507 U.S. at 395.

11. Here, Exco received the Administrative Claim Bar Date Notice, but assumed all of its claims – including its administrative expense claim – were already covered. Accordingly, Exco did not believe it was required to file an administrative expense claim because it had already included its administrative expense claim in its proof of claim.

12. Additionally, Exco was not represented by counsel and a plain reading of the Administrative Claim Bar Date Notice by a layperson who is unfamiliar with the Bankruptcy Code and the meaning of a "503(b)(9) claim" does not adequately indicate that an administrative claim which arose prior to the Petition Date was included in the Administrative Claim Bar Date Notice. Furthermore, the language of the Administrative Claim Bar Date Notice discusses claims "arising between March 16, 2008 through and including June 15, 2008." Exco – without the assistance of counsel – did not think that its claims met the applicable criteria because no goods were delivered during the specified time period.

13. The Debtors will not be prejudiced if Exco is now allowed to assert its administrative claim in the relatively small amount of $65,810.59. Exco is seeking leave to file its claim soon after discovering its mistake. Permitting Exco to file its Section 503(b)(9) Claim after such a short delay will not adversely impact the administration of these cases; in fact, creditors that hold administrative claims arising from June 16, 2008 through the Effective Date have until September 8, 2008 to file their claims. As such, the Debtors will be evaluating the allowance of administrative claims for some time.

14. Finally, Exco has acted in good faith throughout this entire matter and none of the circumstances described herein indicate any bad faith on the part of Exco.

15. Accordingly, Exco should be granted leave to file its Section 503(b)(9) Claim.

**WHEREFORE**, Exco Extrusion Dies respectfully requests that this Court enter an Order: (i) granting the Motion and allowing Exco Extrusion Dies to file its Section 503(b)(9) Claim; and (ii) granting such other and further relief that is just and proper.

Respectfully submitted,

SAUL EWING LLP

Dated: August 27, 2008        By: _____/S/_____
Robyn Forman Pollack, Esquire
Centre Square West
1500 Market Street, 38th Floor
Philadelphia, PA 19102
(215) 972-7537

and

SHUMAKER, LOOP & KENDRICK, LLP
H. Buswell Roberts, Jr.
Nathan A. Hall
1000 Jackson Street
Toledo, Ohio 43608-2801
Telephone: (419) 321-1470
Telecopier: (419) 241-6894
broberts@slk-law.com
nhall@slk-law.com

Attorneys for Exco Extrusion Dies