**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| | : FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS L.L.C., et al., | : CHAPTER 11 |
| Debtors. | : |
| | : CASE NO. 08-14631 (GMB) |
| | : |
| | : **Hearing Date:  September 30, 2008 at 2:00 p.m.** |

## EXHIBIT "C" – NARRATIVE OF SERVICES RENDERED

TO:   HONORABLE GLORIA M. BURNS
      UNITED STATES BANKRUPTCY JUDGE

1.   Your Applicant is a member of the firm of Cozen O'Connor ("CO") and is familiar with the facts contained in this Narrative.

2.   This Narrative relates to services provided to the above-captioned Debtors from March 16, 2008 through August 8, 2008 (the "Fee Application Period").

3.   On March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively the "Debtors")[1] filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below):  Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

4. On July 22, 2008, this Court confirmed the Debtors' Third Amended Joint Plan of Reorganized, as modified (the "Plan"), and the Plan became effective on August 8, 2008.

5. The Plan provides for the reorganization of the Debtors through a combined debt and equity infusion by the plan sponsor, Arch Acquisition I, LLC ("Arch Acquisition"). Under the Plan, creditors holding allowed secured claims and allowed priority claims and claimants holding allowed administrative expense claims have been paid in full. Creditors holding allowed general unsecured claims will receive their pro rata share of a $5,000,000 fund created on the Effective Date, plus any net proceeds generated from the pursuit of Avoidance Actions and Estate Actions by the Class 10 Liquidating Trustee.

6. By all accounts, these cases were active, fluid, intense, complex, hard fought, and ultimately quite successful.

7. The following is a summary of the more significant activities performed by CO during the Final Fee Period:

- During the weeks leading up to the filing of these cases, CO negotiated the terms of two DIP financing agreements and a plan of reorganization with Arcus, the initial plan funder, and the CIT agented lender group (the "Lender Group"); assisted with the preparation of bankruptcy schedules and SOFAs that were filed on the first day of the cases; and prepared approximately 15 first day motions that were filed on the first day of the cases and heard and approved on the third day of the cases;

- Consulted with and advised the Debtors' managers and officers with respect the Debtors' duties, rights and options as debtors in possession under the bankruptcy code;

- Interacted almost daily with the Creditors' Committee and its professionals with respect to all proposed actions of the Debtors, including negotiating a consensual plan of reorganization;

- Worked with the Debtors' restructuring advisor with respect to restructuring and financing issues, including assisting with the preparation of the budget and liquidation analysis;

- Worked with and managed the efforts of special labor counsel and ordinary course professionals with respect to their discrete projects for the Debtors;

- Interacted and negotiated with Arcus and Arch Acquisition in connection with their roles as term DIP lenders and plan funders and in connection with the contentious transition from Arcus to Arch Acquisition as term DIP lenders and plan sponsor;

- Interacted and negotiated with the Lender Group in connection with its revolver DIP loan and support of the Debtors' transition to Arch Acquisition and the Debtors' Plan;

- Negotiated with NJDEP and EPA in reaching a settlement of NJDEP's and EPA's claims against the Debtors as part of a three pronged global settlement of all environmental claims against the Debtors (NJDEP, EPA and Pennsauken Landfill Plaintiffs);

- Negotiated resolutions of objections to cure claims and administrative and priority claims asserted against the Debtors;

- Negotiated settlements of numerous motions to lift the automatic stay, motions to compel assumption of contracts, and motions for payment of administrative claims;

- Prepared and filed a motion to approve a sale of assets and negotiated an asset purchase agreement in connection with a possible transition from the plan process to a sale process in the event that the plan condition was not met;

- Interacted with the Debtors' sales consultant and potential bidders in connection with the competitive plan process;

- Prepared motions and responsive pleadings and attended meetings with interested parties and numerous hearings to advocate the Debtors' positions;

- Drafted, negotiated and confirmed the Plan with the support of the Committee and the Lender Group, resolving numerous objections to confirmation raised by various interested parties, which provides for full payment to all secured, administrative and priority creditors and a minimum fund of $5,000,000 for holders of general unsecured claims; and

- Worked with Arch Acquisition and the Class 10 Liquidating Trustee in satisfying the conditions to the Plan going effective on August 8, 2008.

8. CO believes that its services (i) contributed to and were necessary to achieve the successful outcome of these cases, and (ii) were delivered in an effective, efficient manner with a conscious effort at all times to avoid duplication of effort and to utilize the most appropriate professionals and para-professionals for each particular task.

I certify that the foregoing statements made by me are true. I am aware that if any are willfully false, I am subject to punishment.

Dated: September 2, 2008

By: ___/s/ Jerrold N. Poslusny, Jr.___
Jerrold N. Poslusny, Jr.