UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**ATTORNEY FEE APPLICATION COVER SHEET**

| | |
|---|---|
| IN RE: | APPLICANT: Cole, Schotz, Meisel, Forman & Leonard, P.A. |
| SHAPES/ARCH HOLDINGS L.L.C., *et al*. | |
| CASE NO.: 08-14631 (GMB) | CLIENT: Official Committee of Unsecured Creditors |
| CHAPTER: 11 | CASES FILED: March 16, 2008 |

COMPLETION OF THIS FORM CONSTITUTES A CERTIFICATION
UNDER PENALTY OF PERJURY.  RETENTION ORDER ATTACHED.

　　　　　　　　　　　　　　　　　　　　　　*/s/ Michael D. Sirota*　　9/5/08
　　　　　　　　　　　　　　　　　　　　　　MICHAEL D. SIROTA　　Date

**SECTION I
FEE SUMMARY**

First and Final Fee Application Covering the Period March 31, 2008 through August 8, 2008

| | |
|---|---:|
| Total Previous Fees and Expenses Requested: | [1]$380,824.33 |
| Total Fees and Expenses Allowed to Date: | $0.00 |
| Total Retainer (if applicable): | $0.00 |
| Total Holdback (if applicable): | $72,587.70 |
| Total Received by Applicant: | [2]$262,513.07 |

**Services Rendered Covering Period March 31, 2008 through August 8, 2008**

| | Name of Professional and Title | Year Admitted | Hours | Rate | Fee |
|---|---|---|---|---|---|
| 1. | Michael D. Sirota, Partner | 1986 | 143.90 | $625.00 | $89,937.50 |
| 2. | Ilana Volkov, Partner | 1991 | 255.20 | 450.00 | 114,840.00 |

---

[1] Fees have been requested pursuant to the First Monthly Fee Statement filed on May 15, 2008, the Second Monthly Fee Statement filed on June 12, 2008, the Third Monthly Fee Statement filed on July 9, 2008, and the Fourth Monthly Fee Statement filed on August 8, 2008 (the "Monthly Fee Statements").

[2] This amount reflects payment for fees and expenses of eighty (80%) percent of fees and one hundred (100%) percent of costs reflected in the First Monthly Fee Statement, the Second Monthly Fee Statement and the Third Monthly Fee Statement.

| | Name of Professional and Title | Year Admitted | Hours | Rate | Fee |
|---|---|---|---|---|---|
| 3. | Warren A. Usatine, Member | 1995 | 128.90 | 450.00 | 58,005.00 |
| 4. | Alan Rubin, Member | 1983 | 17.90 | 500.00 | 8,950.00 |
| 5. | Catherine E. Bostock, Member | 1994 | 1.00 | 360.00 | 360.00 |
| 6. | Jordan Fisch, Member | 1995 | 0.60 | 450.00 | 270.00 |
| 7. | Sheryll S. Tahiri, Associate | 1999 | 100.50 | 325.00 | 32,662.50 |
| 8. | Jeremy E. Bob, Associate | 2004 | 10.00 | 250.00 | 2,500.00 |
| 9. | Felice R. Yudkin, Associate | 2005 | 139.00 | 240.00 | 33,360.00 |
| 10. | Neoma M. Ayala, Associate | 2006 | 0.40 | 205.00 | 82.00 |
| 11. | Peter E. Lembesis, Associate | 2006 | 3.40 | 195.00 | 663.00 |
| 12. | Michael H. Tully, Associate | 2007 | 3.80 | 200.00 | 760.00 |
| 13. | Daniel S. Zavodnick, Associate | 2007 | 18.00 | 195.00 | 3,510.00 |
| 14. | Jessica Juste, Associate | 2007 | 3.00 | 195.00 | 585.00 |
| 15. | Frances Pisano, Paralegal | N/A | 0.70 | 215.00 | 150.50 |
| 16. | Cynthia Braden, Paralegal | N/A | 115.30 | 165.00 | 19,024.50 |
| | TOTALS | | 941.60 | | $365,660.00 |

FEE TOTALS (Page 4)      $365,660.00
DISBURSEMENTS TOTALS (Page 5)      $18,315.99
FEE APPLICATION PREPARATION (Estimated)      $10,000.00
TOTAL FEE APPLICATION      $393,975.99

| SECTION II |
|---|
| SUMMARY OF SERVICES |
| FOR THE PERIOD COVERING MARCH 31, 2008 THROUGH AUGUST 8, 2008 |

| Services Rendered | | Hours | Fee |
|---|---|---|---|
| (a) | Telephone Calls | 37.10 | $18,022.50 |
| (b) | Correspondence Drafted | 116.60 | 44,500.00 |
| (c) | Correspondence Reviewed | 178.20 | 74,048.00 |
| (d) | Legal Research | 36.6 | 9,909.00 |
| (e) | Court Appearance | 48.00 | 19,559.50 |
| (f) | Preparation of Pleadings and Briefs | 171.30 | 61,745.50 |
| (g) | Internal Office Meetings: | | |
| | (1)   solely w/applicant's staff | 28.00 | 9,676.50 |
| | (2)   third party conferences | 65.40 | 27,950.50 |
| (h) | Out of Office Meetings | 24.00 | 13,687.50 |
| (i) | Review of File | 6.90 | 1,138.50 |
| (j) | Travel Time | 53.40 | 23,810.50 |
| (k) | Fee Application Preparation | 22.00 | 4,850.50 |
| (l) | Prepare for Court Appearance | 60.00 | 26,784.50 |
| (m) | Review Documents Produced by Adversary | 40.90 | 12,346.50 |
| (n) | Prepare for Depositions | 53.20 | 17,630.50 |
| SERVICES TOTALS | | 941.60 | $365,660.00 |

3

# SECTION III
# SUMMARY OF DISBURSEMENTS
# FOR THE PERIOD COVERING MARCH 31, 2008 THROUGH AUGUST 8, 2008

| Disbursements | | Amount |
|---|---|---|
| (a) Telephone | | $1,213.95 |
| (b) Messenger Service UPS/Federal Express | 0.00 | 0.00 |
| (c) Photocopying: No. of Pages: 22,291; Rate per Page: $.20 | | 4,458.20 |
| (d) Travel (attach details - U.S. Govt. Rate) | | 2,237.00 |
| (e) Postage | | 280.68 |
| (f) Other (explain): | | |
| Westlaw | 7,537.39 | |
| Copy of Official Document | 528.40 | |
| Service of Process/Subpoena | 230.00 | |
| Transcript of Testimony | 1,754.80 | |
| Luncheon/Dinner Conference | 12.82 | |
| Travel/Meals | 62.75 | |
| | | 10,126.16 |
| DISBURSEMENT TOTAL | | $18,315.99 |

45765/0001-1531213v3

| SECTION IV |
| :---: |
| **CASE HISTORY** |

(NOTE: Items (3) through (6) are not applicable to applications under 11 U.S.C. § 506)

(1)   Date case filed: March 16, 2008

(2)   Chapter under which case commenced: Chapter 11

(3)   Date of retention: Order signed April 25, 2008, effective March 31, 2008
      (Annex copy of order(s).) **See Exhibit A.**
      If limit on number of hours or other limitations to retention, set forth: N/A

(4)   Summarize in brief the benefits to the estate and attach supplements as needed: See narrative portion of fee application.

(5)   Anticipated distribution to creditors:

      (a)   Administration expenses: Per Plan

      (b)   Secured creditors: Per Plan

      (c)   Priority creditors: Per Plan

      (d)   General unsecured creditors: Per Plan

(6)   Final disposition of cases and percentage of dividend paid to creditors (if applicable): On July 24, 2008, the Court entered an Order confirming the Debtors' Third Amended Joint Plan of Reorganization, as modified. Although the bar date for general unsecured claims has passed, the final dividend percentage to general unsecured creditors is unknown at this time because the claims objection process has not yet been completed.

45765/0001-1531213v3

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Telecopier
Michael D. Sirota, Esq.
Ilana Volkov, Esq.

Co-Counsel to the Official Committee
 of Unsecured Creditors
of Shapes/Arch Holdings L.L.C., *et al.*

|  |  |
|---|---|
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., *et al.*,<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE GLORIA M. BURNS<br>CASE NO. 08-14631(GMB)<br><br>(Jointly Administered)<br><br>Chapter 11<br><br>**FIRST AND FINAL APPLICATION OF COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A. FOR COMPENSATION FOR PROFESSIONAL SERVICES RENDERED AND REIMBURSEMENT OF ACTUAL AND NECESSARY EXPENSES PURSUANT TO 11 U.S.C. §§ 328 AND 330**<br><br>**HEARING DATE AND TIME:**<br>September 30, 2008, at 2:00 p.m. |

TO:   HONORABLE GLORIA M. BURNS
       United States Bankruptcy Judge

Cole, Schotz, Meisel, Forman & Leonard, P.A. ("Cole Schotz"), co-counsel to the

Official Committee of Unsecured Creditors (the "Committee") of Shapes/Arch Holdings L.L.C.,

*et al.* (the "Debtors")*,* in support of its First and Final Application for Allowance of

45765/0001-1531213v3

Compensation (the "Application") pursuant to Sections 328 and 330 of Title 11, United States Code (the "Bankruptcy Code") and Rule 2016 of the Federal Rules of Bankruptcy Procedure, for professional services performed by Cole Schotz for the period commencing March 31, 2008 through and including August 8, 2008 (the "Compensation Period"), and for reimbursement of its actual and necessary expenses incurred during the Compensation Period,[1] respectfully represents:

## BACKGROUND

1. On March 16, 2008 (the "Filing Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On March 18, 2008, the Court entered an Order granting joint administration of the Debtors' cases.

2. On April 15, 2008, the Office of the United States Trustee for the District of New Jersey appointed the Committee.

3. On April 25, 2008, this Court entered an Order authorizing the retention of Cole Schotz as co-counsel with Halperin Battaglia Raicht, LLP ("HBR") to the Committee effective as of March 31, 2008. A true copy of the Order is attached as **Exhibit A**.

4. On March 18, 2008, this Court entered an Administrative Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals (the "Administrative Fee Order"). Pursuant to the Administrative Fee Order, Professionals, as defined therein, are to file with the Bankruptcy Court monthly fee statements on or before the 25th day of each month. If there are no objections to a monthly fee statement, then the

---

[1] As set forth above, Cole Schotz also requests $10,000.00 for estimated billable work performed in connection with this Fee Application after August 8, 2008 and related expenses. In advance of the September 30, 2008 hearing on this Fee Application, Cole Schotz will submit a Supplemental Affidavit attaching the bills which will reflect the exact amount of time expended in connection with the preparation of this Fee Application and related expenses.

2

45765/0001-1531213v3

Professionals are entitled to payment in the amount of eighty (80%) percent of the fees and one hundred (100%) percent of the expenses requested in the monthly fee statement. The Administrative Fee Order further provides that Professionals may file an Interim Fee Application for allowance of compensation and reimbursement of expenses of the amount sought in the monthly fee statements, including the twenty (20%) percent holdback pursuant to Section 331 of the Bankruptcy Code.

5.   Pursuant to the Administrative Fee Order, on May 14, 2008, Cole Schotz filed its first monthly fee statement for the period of March 31, 2008 through April 30, 2008 (the "First Monthly Fee Statement"). Pursuant to the First Monthly Fee Statement, Cole Schotz requested fees in the amount of $259,350.00 and reimbursement of expenses in the amount of $11,772.40. The deadline for objecting to such request was June 3, 2008. No objections were filed and Cole Schotz was paid fees in the amount of $207,480.00 and was reimbursed expenses in the amount of $11,772.40 representing payment of eighty (80%) percent of the fees and reimbursement of one hundred (100%) percent of the expenses requested in the First Monthly Fee Statement.

6.   On June 12, 2008, Cole Schotz filed its second monthly fee statement for the period of May 1, 2008 through May 31, 2008 (the "Second Monthly Fee Statement") in accordance with the Administrative Fee Order. Pursuant to the Second Monthly Fee Statement, Cole Schotz requested fees in the amount of $73,944.50 and was reimbursement of expenses in the amount of $2,925.85. The deadline for objecting to such request was July 2, 2008. No objections were filed and Cole Schotz was paid fees in the amount of $59,155.60 and reimbursed expenses in the amount of $2,925.85, representing payment of eighty (80%) percent of the fees and reimbursement of one hundred (100%) percent of the expenses requested in the Second Monthly Fee Statement.

7.  On July 9, 2008, Cole Schotz filed its third monthly fee statement for the period of June 1, 2008 through June 30, 2008 (the "Third Monthly Fee Statement") in accordance with the Administrative Fee Order. Pursuant to the Third Monthly Fee Statement, Cole Schotz requested fees in the amount of $13,011.50 and reimbursement of expenses in the amount of $770.02. The deadline for objecting to such request was July 29, 2008. No objections were filed and Cole Schotz was paid fees in the amount of $10,409.20 and was reimbursed expenses in the amount of $770.02, representing payment of eighty (80%) percent of the fees and reimbursement of one hundred (100%) percent of the expenses requested in the Third Monthly Fee Statement.

8.  On August 8, 2008, Cole Schotz filed its fourth monthly fee statement for the period of July 1, 2008 through July 31, 2008 (the "Fourth Monthly Fee Statement" which, together with the First Monthly Fee Statement, Second Monthly Fee Statement and Third Monthly Fee Statement collectively shall be referred to as the "Monthly Fee Statements") in accordance with the Administrative Fee Order. Pursuant to the Fourth Monthly Fee Statement, Cole Schotz requested fees in the amount of $16,632.50 and reimbursement of expenses in the amount of $2,417.56. The deadline for objecting to such request was August 28, 2008. Although no objections to the Fourth Monthly Fee Statement were filed, as of the time of the filing of this Fee Application, no amounts have yet been received by Cole Schotz on account of the Fourth Monthly Fee Statement.

9.  On July 24, 2008, the Court entered its Findings of Fact, Conclusions of Law and Order Confirming the Debtors' Third Amended Joint Plan of Reorganization dated May 23, 2008, as modified (the "Plan"). The Plan went effective on August 8, 2008 (the "Effective Date").

4

10. Cole Schotz now: (a) submits its First and Final Fee Application for compensation for services rendered and reimbursement of expenses incurred during the Compensation Period (and post-Effective Date work performed in connection with the preparation of this Fee Application); (b) incorporates by reference the Monthly Fee Statements; and (c) seeks approval of all fees awarded pursuant thereto and in this First and Final Fee Application and authority for payment thereof. In the aggregate, Cole Schotz requests that its fees be allowed in the amount of $375,660.00 and expenses in the amount of $18,315.99, together with an estimate of $10,000.00 for services rendered after the Effective Date in connection with the preparation of this Fee Application. During the Compensation Period, Cole Schotz attorneys and paraprofessionals expended a total of 941.60 hours for which compensation is requested. The fees charged by Cole Schotz in these proceedings were billed in accordance with the firm's existing billing rates and procedures in effect during the Compensation Period.[2]

---

[2] The Monthly Fee Statements contain Cole Schotz's computerized billing records, indicating with specificity the services performed and expenses incurred during the applicable time periods. Those records have been previously filed with the Court as exhibits to the Monthly Fee Statements, which can be found at Docket Nos. 294, 374, 504, and 585. Copies will be provided to any party-in-interest upon written request. Additionally, Cole Schotz's computerized billing records, indicating with specificity the services performed for the period August 1, 2008 through August 8, 2008 are attached hereto as **Exhibit B.** Cole Schotz's expense records for the period August 1, 2008 through August 8, 2008 are attached hereto as **Exhibit C**.

45765/0001-1531213v3

**SUMMARY OF PROFESSIONAL SERVICES RENDERED AND EXPENSES INCURRED BY COLE SCHOTZ DURING THE COMPENSATION PERIOD**

11. During the Compensation Period, Cole Schotz spent a significant amount of time rendering professional services on the Committee's behalf. Those services are summarized as follows:

12. As the Court is aware, at the outset of its appointment, the Committee (and its professionals) faced a "lock-up" agreement that was entered into prior to the bankruptcy filing, pursuant to which the Debtors ceded 79.9% of the voting control of the parent Debtor to Versa Capital Management, Inc. ("Versa"), obtained an onerous debtor-in-possession loan from Versa (which was approved on an interim basis shortly after the Filing Date) and agreed to use Versa as their plan funder to fund a plan that paid general unsecured creditors $500,000 (and contained other unfavorable and patently unconfirmable provisions). The Debtors, with Versa's support, posited that their agreement prevented the Debtors from opening up the case to a competitive marketing and sale process.

13. With its co-counsel, HBR, and the Committee's financial advisors, Cole Schotz spent an inordinate amount of time digesting the financial and other information about the background of the Debtors' cases, operations and finances, and strategizing and devising an approach to test the true value of the Debtors' assets and businesses so that the recovery to unsecured creditors could be increased.

14. Given the "fast track" on which the Debtors and Versa launched these cases, it was imperative for Cole Schotz and the Committee's other professionals to work virtually around the clock in April and May to ensure that the plan process would be "opened up," competitive and much more fair to the general unsecured creditors. The strategy included, among other things, preparing and filing objections to the Versa DIP financing order, the

proposed final DIP financing order with The CIT Group/Business Credit, Inc., as agent for itself and for JP Morgan Chase Bank, N.A. and Textron Financial Corporation ("CIT"), which had provided a revolving credit facility to the Debtors, preparing and filing several objections to the Debtors' disclosure statement (as amended), preparing and conducting extensive and expedited discovery (such as depositions of Steven Grabell, Vincent Colistra and Paul Halpern, document demands and review of produced documents), and preparation of motions for the appointment of a Chapter 11 trustee and to terminate exclusivity.  While the Committee was forced to engage in this litigation driven strategy by virtue of the positions being advanced by the Debtors and Versa, the Committee also thought it was appropriate to try to resolve its differences amicably.  In that regard, the Committee's professionals engaged in numerous discussions and attended meetings with the Debtors and Versa in a good faith effort to "bridge the gap" between the parties' vastly dichotomous positions as to how the plan process should go forward.

15. Ultimately, as a direct result of the efforts of the Committee's professionals, the Court confirmed a plan of reorganization that enabled the Debtors to continue operating their businesses and established a liquidation trust for the benefit of unsecured creditors into which the sum of $5,000,000 was placed on confirmation – a sum that is ten times the amount originally proposed to general unsecured creditors – and vested the trust with the right and authority to prosecute avoidance and other estate causes of action for the benefit of unsecured creditors.

16. In addition to the substantial services mentioned above which were rendered in an extremely compressed time frame, Cole Schotz also devoted a significant amount of time: (i) reviewing the extent, validity and priority of CIT's pre-petition lien; (ii) negotiating a replacement DIP loan with Arch Acquisition Corp. ("Arch"), the ultimate plan funder, including the DIP loan documents and DIP order; (iii) reviewing and negotiating the CIT DIP loan

documents and DIP order; (iv) reviewing and commenting on numerous versions of the amended disclosure statements and plans of reorganizations with Arch as the new plan funder and Plan Supplements, as well as Orders approving the disclosure statement and confirming the Plan; (v) reviewing and commenting on the competitive sale procedures motion and retention of NatCity Investments, Inc. to assist with the competitive sale process; (vi) reviewing and commenting on the Debtors' motion to approve a sale of their assets pursuant to Section 363 of the Bankruptcy Code, which was filed in the event the Debtors were unable to reach new collective bargaining agreement with their unions; (vii) attending numerous conference calls with the Committee and the Committee's other professionals; (viii) attending all Court hearings and the meeting of creditors held pursuant to Section 341(a) of the Bankruptcy Code; and (ix) rendering the miscellaneous other services identified with specificity in the invoices previously filed with the Court. At all times, Cole Schotz coordinated with HBR to avoid duplication of services. However, given the intense and fast paced nature of these cases, a substantial amount of resources were required by both firms and, therefore, it is possible that there might have been some overlap in the services rendered.

17. The foregoing professional services performed by Cole Schotz are a summary only. Cole Schotz respectfully submits that its services were necessary and valuable to the Committee, and were in the estates' best interests. Compensation for the foregoing services as requested is commensurate with the complexity, importance and nature of the problems, issues and tasks involved. The professional services were performed in an expeditious and efficient manner, and lead to a much greater dividend to unsecured creditors than initially proposed by the Debtors and Versa.

18. The professional services performed by Cole Schotz on the Committee's behalf during the Compensation Period required an aggregate expenditure of 941.60 recorded hours by Cole Schotz's partners, associates and paraprofessionals. Of the aggregate time expended, 547.50 recorded hours were expended by partners of Cole Schotz, 278.10 recorded hours were expended by associates, and 116.00 recorded hours were expended by paraprofessionals and law clerks.

19. During the Compensation Period, Cole Schotz's hourly billing rates for attorneys and paraprofessionals ranged from $625.00 to $165.00 per hour. Allowance of compensation in the amount requested would result in a blended hourly billing rate of $388.34, which represents a blended rate of $419.68 for attorneys and a blended rate of $165.30 for paraprofessionals at Cole Schotz's regular billing rates in effect at the time of the performance of services.

20. Cole Schotz has incurred $18,315.99 in direct, out-of-pocket expenses in providing professional services during the Compensation Period. These charges are intended to cover Cole Schotz's direct operating costs, which costs are not incorporated into Cole Schotz's billing rates.

21. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under Section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered...and reimbursement for actual necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)   the time spent on such services;

9

      (B)    the rates charged for such services;

      (C)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

      (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

      (E)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

22.    In the instant cases, Cole Schotz respectfully submits that the services for which it seeks compensation in this Fee Application were necessary to effectively represent the Committee and the interests of the Debtors' estates and creditors.

23.    Cole Schotz believes that the foregoing services were necessary and beneficial to the Debtors' creditors. The services performed during the Compensation Period total 941.60 hours, as follows:

| | Name of Professional and Title | Year Admitted | Hours | Rate | Fee |
|---|---|---|---|---|---|
| 1. | Michael D. Sirota, Partner | 1986 | 143.90 | $625.00 | $89,937.50 |
| 2. | Ilana Volkov, Partner | 1991 | 255.20 | 450.00 | 114,840.00 |
| 3. | Warren A. Usatine, Member | 1995 | 128.90 | 450.00 | 58,005.00 |
| 4. | Alan Rubin, Member | 1983 | 17.90 | 500.00 | 8,950.00 |
| 5. | Catherine E. Bostock, Member | 1994 | 1.00 | 360.00 | 360.00 |
| 6. | Jordan Fisch, Member | 1995 | 0.60 | 450.00 | 270.00 |
| 7. | Sheryll S. Tahiri, Associate | 1999 | 100.50 | 325.00 | 32,662.50 |
| 8. | Jeremy E. Bob, Associate | 2004 | 10.00 | 250.00 | 2,500.00 |

10

|     | Name of Professional and Title | Year Admitted | Hours | Rate | Fee |
|---|---|---|---|---|---|
| 9.  | Felice R. Yudkin, Associate | 2005 | 139.00 | 240.00 | 33,360.00 |
| 10. | Neoma M. Ayala, Associate | 2006 | 0.40 | 205.00 | 82.00 |
| 11. | Peter E. Lembesis, Associate | 2006 | 3.40 | 195.00 | 663.00 |
| 12. | Michael H. Tully, Associate | 2007 | 3.80 | 200.00 | 760.00 |
| 13. | Daniel S. Zavodnick, Associate | 2007 | 18.00 | 195.00 | 3,510.00 |
| 14. | Jessica Juste, Associate | 2007 | 3.00 | 195.00 | 585.00 |
| 15. | Frances Pisano, Paralegal | N/A | 0.70 | 215.00 | 150.50 |
| 16. | Cynthia Braden, Paralegal | N/A | 115.30 | 165.00 | 19,024.50 |
|     | TOTALS |  | 941.60 |  | $365,660.00 |

24.    As set forth above, Cole Schotz requests compensation for 941.60 hours of time for legal services rendered during the Compensation Period, the total value of which is $365,660.00. In addition, Cole Schotz incurred out-of-pocket disbursements in the amount of $18,315.99 during the Compensation Period.

25.    Cole Schotz is including in this Fee Application an estimate of $10,000.00 for legal services incurred for the preparation of the Fee Application after the Compensation Period and related expenses. If the amount of legal services is less than estimated, Cole Schotz will reduce total compensation sought or remit excess amount paid.

26.    In the aggregate, Cole Schotz requests compensation for legal services rendered and expenses incurred during the Chapter 11 cases in the amount of $393,975.99.

WHEREFORE, Cole Schotz respectfully requests an Order: (a) approving on a final basis the final fee allowance in the amount of $365,660.00, together with reimbursement of expenses in the amount of $18,315.99; (b) approving the estimated allowance of $10,000 for legal services

11

incurred for the preparation of the Fee Application after the Compensation Period and related expenses for a total final fee and expense award of $393,975.99; (c) authorizing Cole Schotz to be paid all sums approved, but not yet paid; and (d) granting Cole Schotz such other and further relief as the Court deems just and appropriate under the circumstances.

        Respectfully submitted,

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.
        Co-Counsel to the Official Committee
         of Unsecured Creditors
        of Shapes/Arch Holdings L.L.C., *et al.*

        By:   */s/ Michael D. Sirota*
               Michael D. Sirota
               Ilana Volkov

DATED:  September 5, 2008