**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
 a Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)
Attorneys for the Debtors

**ALAN D. HALPERIN (AH8432)**
**DONNA LIEBERMAN (DL3553)**
**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue-9th Floor
New York, NY 10022-3301
(212) 765-9100
(212) 765-0964 (fax)
Attorneys for the Class 10 Liquidation Trustee

| | |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>,<br>    Debtors. | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: CHAPTER 11<br>:<br>: CASE NO. 08-14631 (GMB)<br>:<br>: **Hearing Date: October 20, 2008 at 10:00 a.m.** |

## JOINT MOTION FOR AN EXTENSION OF TIME TO FILE OBJECTIONS TO ADMINISTRATIVE CLAIMS, OTHER PRIORITY CLAIMS, PRIORITY TAX CLAIMS AND GENERAL UNSECURED CLAIMS

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively the "Debtors"),[1] the reorganized debtors and the Class 10 Liquidation Trustee (the "Liquidation Trustee"), hereby move (the "Motion") for an order granting an extension of time to file objections to Administrative Claims, Other Priority Claims, Priority Tax Claims and General Unsecured Claims (as those terms are defined in the Third Amended Plan (defined below)). In support of the Motion, the Debtors and the Liquidation Trustee represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

CHERRY_HILL\475132\3  226314.000

## Background

1. On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3. No trustee or examiner has been appointed in these cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5. Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. ("Epiq") as their official claims and noticing agent.

6. On March 18, 2008, the Court entered the Order Establishing Bar Date for Filing Proofs of Claim and Approving Form and Manner of Notice (the "Bar Date Order"). The Bar Date Order established May 15, 2008 (the "Bar Date") as the deadline to file Other Priority Claims, Priority Tax Claims and General Unsecured Claims. Pursuant to the Bar Date Order, Epiq mailed the Notice of Bar Date to all known creditors holding potential pre-petition claims (including potential Other Priority Claims, Priority Tax Claims and General Unsecured Claims). The Notice of Bar Date was also published in The Courier Post, The Philadelphia Inquirer and The Wall Street Journal (US and International Circulation).

7. The Court confirmed (the "Confirmation Order") the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008. The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

8. Pursuant to the Third Amended Plan, the Liquidation Trustee was appointed to administer the Plan, subject to certain duties and powers, including, but not limited to, filing objections to General Unsecured Claims.

9. The Confirmation Order provides that requests for payment of Administrative Claims (except for Fee Claims (as defined in the Third Amended Plan)) arising between the Petition Date and June 15, 2008 were to be filed by June 30, 2008, pursuant to a separate Court order (the "First Administrative Claim Bar Date").  Notice of the First Administrative Claims Bar Date was served on all creditors identified by the Debtors as being or potentially being administrative creditors.

10. The Confirmation Order further provides that requests for payment of Administrative Claims (except for Fee Claims) arising from June 16, 2008 through the Effective Date were to be filed and served on or before September 8, 2008 (the "Second Administrative Claim Bar Date").  Notice of the Second Administrative Claim Bar Date was included in the Debtors' notice of the Effective Date.  The Confirmation Order further provides that objections to Administrative Claims must be filed and served within twenty (20) days after the Second Administrative Claims Bar Date (September 29, 2008).  The Confirmation Order also provides that this deadline may be extended for cause.

11. The Confirmation Order further establishes that the deadline to file objections to claims (including Other Priority Claims, Priority Tax Claims and General Unsecured Claims), is no later than ninety (90) days after the Effective Date (November 6, 2008).  The Confirmation Order also provides that this deadline may be extended for cause.

12. As of the date of this Motion, approximately 115 Administrative Claims, 54 Other Priority Claims, 20 Priority Tax Claims and over 1,500 General Unsecured Claims have been filed against the Debtors.

13. The Debtors and the Liquidation Trustee are in the process of reviewing Debtors' books and records to determine which objections are appropriate and the Debtors have filed several objections to Administrative Claims, Other Priority Claims, Priority Tax Claims and, prior to confirmation, certain General Unsecured Claims. Following confirmation, the Liquation Trustee was vested with responsibility for objecting to unsecured claims. The Debtors and the Liquidation Trustee believe that it will be necessary to file additional objections as they continue to review these claims. The Debtors have also engaged in negotiations with several parties in an effort to resolve their alleged claims without filing formal objections.

14. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Relief Requested

15. By this Motion the Debtors and the Liquidation Trustee seek entry of an order authorizing the Debtors and the Liquidation Trustee an extension through November 28, 2008, to file objections to Administrative Claims, Other Priority Claims, Priority Tax Claims and General Unsecured Claims.

### Basis for Relief

16. The Debtors and the Liquidation Trustee believe it is in the best interest of the bankruptcy estates and creditors to extend the deadlines to file objections to Administrative Claims, Other Priority Claims, Priority Tax Claims and General Unsecured Claims.

17. The Debtors are conducting a review and reconciliation of all Administrative Claims, Other Priority Claims and Priority Tax Claims to determine, <u>inter alia</u>, whether they appropriately assert the right to a priority under Section 507 of the Bankruptcy Code. To avoid

4

possible improper recovery by claimants and to reduce the number of claims, the Debtors intend to file additional objections to Administrative Claims, Other Priority Claims and Priority Tax Claims.

18.     The Liquidation Trustee is in the process of reviewing and analyzing all General Unsecured Claims. The Liquidation Trustee is confronted with a very large volume of claims (including more recently filed rejection damage claims), and the claims review process is ongoing. However, given the volume of claims to be reviewed, the Liquidation Trustee requires more time to complete its analysis.

19.     The Debtors and the Liquidation Trustee respectfully submit that the requested extension of the Administrative Claims, Other Priority Claims, Priority Tax Claims and General Unsecured Claims objection deadline will not prejudice any party-in-interest, and will, in fact, conserve the estates' and claimants' resources, as well as judicial resources.

20.     The Debtors and the Liquidation Trustee further reserve the right to request extensions beyond November 28, 2008.

**Notice**

21.     Notice of this Motion has been provided to: (a) counsel for CIT, (b) counsel for Arch, (c) the Office of the United States Trustee, and (d) and all parties on the Master Service List. In light of the nature of the relief requested herein, the Debtors and the Liquidation Trustee submit that no further notice is necessary.

WHEREFORE, the Debtors and the Liquidation Trustee respectfully request that the Motion be granted, that the deadline to file objections to Administrative Claims, Other Priority Claims, Priority Tax Claims and General Unsecured Claims be extend through November 28, 2008, (without prejudice to the Debtors' and the Liquidation Trustee's rights to request further

extensions), and that the Court grant such other and further relief as is just and proper.

Dated:  September 29, 2008    COZEN O'CONNOR, P.C.

By:  */s/ Jerrold N. Poslusny, Jr.*
    Mark E. Felger
    Jerrold N. Poslusny, Jr.

Attorneys for the Debtors

and

HALPERIN BATTAGLIA RAICHT, LLP

By:  */s/ Alan D. Halperin*
    Alan D. Halperin
    Donna Lieberman

Attorneys for the Class 10 Liquidation Trustee