ALAN J. BRODY (AB4777)
GREENBERG TRAURIG, LLP
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 443-3543
Facsimile: (973) 295-1333

*Attorneys for the Reorganized Debtors*

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | CHAPTER 11 |
| Debtors. | CASE NO. 08-14631 (GMB) |
| | **Hearing Date: October 20, 2008 at 10:00 a.m.** |

## REORGANIZED DEBTORS' OBJECTION SEEKING ORDER
## TO EXPUNGE ADMINISTRATIVE CLAIM OF STEVEN GRABELL

Shapes/Arch Holdings L.L.C. and its related entities (collectively, the "Debtors"),[1] the reorganized debtors herein, submit this objection (the "Objection"), pursuant to Section 503 of title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code"), seeking the entry of an Order expunging the administrative expense claim filed by Steven Grabell ("Grabell"). In support of the Objection, the Debtors respectfully represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

## JURISDICTION

1.  The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## BACKGROUND

**A.  Filing of Debtors' Bankruptcy Cases**

2.  On March 16, 2008 (the "Petition Date"), the Debtors commenced with this Court, voluntary cases under Chapter 11 of the Bankruptcy Code. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3.  On March 31, 2008, the Office of the United States Trustee for the District of New Jersey appointed an official committee of unsecured creditors (the "Committee") pursuant to Section 1102(a)(1) of the Bankruptcy Code. The Committee has been active in these cases through the Effective Date (as such term is defined below). No trustee or examiner has been appointed in these proceedings.

4.  The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Objection is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**B.  The Debtors' Business**

5.  Shapes/Arch is a holding company that owns each of the four operating companies - Shapes, Delair, Accu-Weld and Ultra. The Debtors' predecessor was established in New Jersey in 1952 to produce aluminum windows. By 1959, the business had expanded and began focusing on producing aluminum extrusions. The Debtors

consistently expanded their businesses over the years by investing in new facilities and technology and by establishing new product lines. The Debtors have over 1000 employees, approximately 70% of whom are members of either the International Brotherhood of Teamsters Local 837, or the United Independent Union.

6. Shapes is the largest operating Debtor with 2007 revenue over $179 million and over 600 employees. Shapes is a leading producer of custom aluminum extrusions for a variety of industries, including road and rail transportation and commercial and residential construction. Shapes has been recognized in the "Guinness Book of World Records" for the largest free standing aluminum structure ever created in connection with the restoration of the Statue of Liberty. Shapes also provided the aluminum scaffolding used in connection with the restoration of the Washington Monument.

7. Delair manufactures maintenance free aluminum systems for residential and commercial use, and manufactures America's most recognized brand of above-ground pools. Both product lines are sold through dealers, distributors and major retailers throughout the United States. Delair operates from a 350,000 square foot facility adjacent to Shapes in Delair, New Jersey.

8. Accu-Weld is a vertically integrated manufacturer of made-to-order vinyl replacement windows and steel doors. Accu-Weld's products are sold to installers, dealers and home improvement retailers throughout the Northeastern, Mid-Atlantic and Midwestern United States. Accu-Weld operates out of a 100,000 square foot facility in Bensalem, Pennsylvania.

9. Ultra is one of the leading suppliers of value branded hardware products in the United States, including locksets, door and window hardware and other decorative hardware. Ultra has over 8,000 products sourced primarily from China. Ultra operates from a 75,000 square foot facility in Pennsauken, New Jersey, with two million cubic feet of storage space.

## C. Bar Date to File Proofs Of Claim

10. Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. (the "Claims Agent") as their official claims and noticing agent.

11. On March 18, 2008, this Court entered an order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof (the "Bar Date Order").

12. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

13. On May 19, 2008, the Debtors filed a motion to set a bar date for filing administrative expense claims (the "Administrative Claim Bar Date Motion") that arose on or prior to June 15, 2008 including, without limitation, claims allegedly entitled to administrative expense treatment under Section 503(b)(9) of the Bankruptcy Code.

14. On May 28, 2008, the court entered an Order (the "Administrative Claim Bar Date Order") granting the Administrative Claim Bar Date Motion and fixed June 30, 2008 as the deadline to file administrative expense claims (the "Administrative Claim Bar Date").

**D.   Confirmation of the Debtors' Joint Plan**

15. On May 23, 2008, the Court approved the disclosure statement (the "Disclosure Statement") in support of the Debtors' Third Amended Joint Plan (the "Third Amended Plan").

16. On July 22, 2008, the Court entered an Order confirming the Debtors' Third Amended Plan, as modified on July 21, 2008. The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

**E.   Grabell's Administrative Claim**

17. Prior to his resignation, Grabell was the Chief Executive Officer and President of Shapes/Arch and an Officer of each of the operating Debtors.

18. On May 15, 2008, Grabell filed a Proof of Claim [Claim No. 641] against the Debtors seeking an unsecured nonpriority claim in the aggregate amount of $2,021,274 (the "Grabell Original Claim"), based on (a) vacation pay which occurred pre-petition and (b) a 2005 Deferred Compensation Agreement (the "Compensation Agreement"). A copy of the Grabell Original Claim is annexed hereto as **Exhibit A**. On the face of the Proof of Claim, Grabell designated the entire amount of his claim as an "Unsecured Nonpriority Claim."

19. On September 5, 2008, Grabell filed a Request for Payment of Administrative Expense [Claim No. 862] in the amount of $356,571, purporting to amend the Grabell Original Claim (the "Grabell Administrative Claim"), a copy of which is annexed hereto as **Exhibit B**. The Grabell Administrative Claim merely attached the same Compensation Agreement and lacked any further evidence or accounting in support of his alleged administrative claim.

20. By letter dated September 11, 2008, Grabell voluntarily resigned his employment with the Debtors.

## RELIEF REQUESTED

21. By this Objection, the Debtors seek an order of this Court, pursuant to Sections 105 and 503 of the Bankruptcy Code and Fed. R. Bankr. P. 3001 and 3007 expunging Grabell's Administrative Claim.

## BASIS FOR RELIEF REQUESTED

### A. Grabell's Administrative Claim is Time Barred

22. Pursuant to the Administrative Claim Bar Date Order, any person that "fails to file and serve an Administrative Expense Claim Request in accordance with this Order on or before the Administrative Expense Bar Date shall be forever barred and estopped and enjoined from asserting an Administrative Expense Claim against any of the Debtors or the Debtors' Estates."

23. Grabell, however, did not file his administrative claim until September 5, 2008, over two (2) months after the June 30, 2008 Administrative Claim Bar Date. As Shapes/Arch's Chief Executive Officer, Grabell clearly knew of the Administrative Claim Bar Date since he directed the filing of the Administrative Claim Bar Date Motion. He had every opportunity to file his administrative claim prior to the Administrative Claim Bar Date, but failed to do so. Accordingly, pursuant to the express terms of the Court's Administrative Claim Bar Date Order, the Grabell Administrative Claim is forever barred, estopped and enjoined.

**B.    Grabell's Administrative Claim Fails to Provide Required Supporting Documents**

24.    Fed. R. Bankr. P. 3001(c) expressly requires that any claim based on a writing, such as the Grabell Administrative Claim, must be filed with the original or duplicate of such writing.

25.    Grabell's Compensation Agreement is based upon an alleged prior Deferred Compensation Agreement dated as of August 1, 2001 (the "2001 Agreement"). The Grabell Administrative Claim, however, fails to include the 2001 Agreement. Accordingly, due to the lack of required documentary evidence, the Grabell Administrative Claim should be expunged.

**C.    Grabell's Failure to Properly Disclose His Alleged Bonus is a Breach of Fiduciary Duty and Bars Grabell's Administrative Claim**

26.    Grabell failed to disclose any pre-petition agreement to pay himself a Compensation Bonus for services rendered during the post-petition period, including the failure to disclose such claim in the Disclosure Statement which he, himself, signed as Chief Executive Officer. During the pendency of the bankruptcy case, Grabell was in charge of gathering the administration claims filed against the estates for purposes of the Plan and disclosure to the creditors and Plan proponent. Yet, at no time did he properly disclose his alleged claim to anyone, deciding, instead, to purposely bury his request in an exhibit to his unsecured nonpriority claim.

27.    As an officer of the Debtors, Grabell clearly had a fiduciary duty to disclose his alleged bonus to the creditors of the Debtors' estates. As such, the Grabell Administrative Claim should be expunged in its entirety.

28.    Notice of this Motion has been provided to: (a) counsel for Grabell, (b) the Office of the United States Trustee, and (c) all parties on the Master Service List.

In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court approve an order granting the relief requested and for such other and further relief as this Court deems just and proper.

Dated: September 29, 2008

GREENBERG TRAURIG, LLP

By: _____
Alan J. Brody, Esq.
200 Park Avenue
Florham Park, New Jersey 07932
Telephone: (973) 443-3543
Facsimile: (973) 295-1333

*Attorneys for the Reorganized Debtors*

NJ 226,494,927v2