# EXHIBIT A

| United States Bankruptcy Court<br>For the District of New Jersey | PROOF OF CLAIM | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|---|

In re: **SHAPES/ARCH HOLDINGS, LLC, et al.**

Case Number:
**08-14631 – 08-14635** (jointly administered)

**Creditor Name**
*(Person or other entity debtor owes)*
**Steven Grabell**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy or statement giving particulars.

☐ Check box if you never received any notices from the bankruptcy court in this case.

**XX** Check box if this address differs from the address on the envelope sent to you by the court.

Address    c/o Ashely Chan, Esquire
           Hangley Aronchick Segal & Pudlin
Address    20 Brace Road
Address    Suite 201
City, ST ZIP    **Cherry Hill, NJ 08034-2634**

(856) 616-2100
achan@hangley.com

Filed: USBC - District of New Jersey - Camden
Shapes/Arch Holdings L.L.C., Et Al.
08-14631 (GMB)    0000000641

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:

Check here if this claim __ amends __ replaces claim dated: _____

**1. BASIS FOR CLAIM**
_ Goods sold         _ Personal injury/wrongful death        _ Retiree benefits as defined in 11 U.S.C. § 1114(a)
_ Services performed  _ Taxes        **XX Wages, salaries, and compensation – SEE ATTACHED EXHIBIT A**
_ Money loaned       XX Other

2. Date Debt Incurred: (MMDDYY)

3. If Court Judgment, Date Obtained:

**4. CLASSIFICATION OF CLAIM.** Under the Bankruptcy Code all claims are classified as one or more of the following (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another. CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

_ SECURED CLAIM
Attach evidence of perfection of security interest
Brief Description of Collateral:
_ Real Estate    _ Motor Vehicle    _ Other (Describe briefly)
Amount of arrearage and other charges included in secured claim above, if any $ _____

**XX UNSECURED NONPRIORITY CLAIM**
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. **SEE ATTACHED EXHIBIT A**

_ UNSECURED PRIORITY CLAIM - Specify the priority of the claim.
_ Wages, salaries, or commissions (up to $4300, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier) - 11 U.S.C. § 507(a)(3)
_ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)
_ Up to $900 of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)
_ Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7)
_ Other - Specify applicable paragraph of 11 U.S.C. §§ 507(a)__.

**5. AMOUNT OF CLAIM AT TIME CASE FILED:**
$ 2,021,274
(Secured)        (Unsecured Nonpriority) - SEE ATTACHED EXHIBIT A    (Unsecured Priority)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. **CREDITS AND SETOFFS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.
7. **SUPPORTING DOCUMENTS:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.
8. **TIME-STAMPED COPY:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

**FILED / RECEIVED**
THIS SPACE IS FOR
COURT USE ONLY
MAY 15 2008
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)
*[signature]*
Ashely M. Chan, Esquire - Counsel to Claimant

Penalty for Presenting Fraudulent Claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# EXHIBIT A

## TO STEVEN GRABELL PROOF OF CLAIM

### BASIS OF CLAIM

**Compensation**

$21,274  - Accrued vacation pay, as of filing date of March 16, 2008 ("Filing Date")
$1,643,429  - Vested deferred compensation as of filing date pursuant to 2005 Deferred Compensation Agreement attached as Exhibit A-1 ("Agreement")
$356,571*  - Deferred compensation not fully vested as of Filing Date

$2,021,274  - Total

*A portion, and potentially all, of this amount will be entitled to priority as an administrative expense pursuant to §507(a)(1) of the Bankruptcy Code as it will be earned after the Filing Date.

**Indemnification**

In addition to the foregoing claims, in the event any claims are asserted against Steven Grabell arising from pre-Filing Date conduct in his capacity as an officer or director of the Debtors (such as the claims as to which the Creditors Committee has put the D&O insurance carrier on notice), he will be entitled to a claim for indemnification, defense and related expenses, which claim is currently unliquidatd and contingent.

2

EXHIBIT A-1

To Steven Grabell Proof of Claim

## SHAPES/ARCH HOLDINGS L.L.C.

### 2005 DEFERRED COMPENSATION AGREEMENT
### FOR STEVEN S. GRABELL

DEFERRED COMPENSATION AGREEMENT made as of the 1st day of January __, 2005 between Shapes/Arch Holdings L.L.C., a New Jersey Limited Liability Company, (hereinafter referred to as "Company") and Steven S. Grabell (hereinafter referred to as "Grabell").

### BACKGROUND

A. Grabell is a valued manager and key executive of the Company. In consideration of his prior services and as an additional inducement to Grabell to continue to render services to the Company, the Company, pursuant to a Deferred Compensation Agreement dated as of August 1, 2001 which Agreement was amended and restated as of December 12, 2003 (the "Prior Agreement"), agreed to provide deferred compensation benefits to Grabell.

B. The Prior Agreement was frozen with respect to amounts earned and vested by Grabell prior to January 1, 2005. As of December 31, 2004, the nonforfeitable amount of the deferred compensation benefit to which Grabell is entitled pursuant to the terms of the Prior Agreement is One Million Two Hundred Twenty Thousand Dollars ($1,220,000).

C. The Company desires to adopt a new benefit program for Grabell (the "2005 Plan") on the terms and conditions hereinafter set forth.

NOW THEREFORE, the parties hereto, intending to be legally bound hereby, agree as follows:

### AGREEMENT

1. <u>Deferred Compensation Bonus</u>. The Company hereby agrees to pay a deferred compensation bonus to Grabell in the amount of Seven Hundred Eighty Thousand Dollars ($780,000) on the terms hereafter set forth. Notwithstanding the foregoing, if Grabell should voluntarily cease to perform services for the Company, other than by reason of "disability" (as hereinafter defined) or a reduction in his compensation or the scope of his duties or authority, the amount of deferred compensation otherwise payable to Grabell under the 2005 Plan shall be reduced by an amount equal to the product of (a) $780,000, times (b) a fraction, the numerator of which is the number of full months from the date of Grabell's voluntary termination of the performance of services for the Company until October 31, 2010, and the denominator of which is 70. Any deferred compensation bonus payable to Grabell hereunder shall be net of all applicable withholdings.

2. <u>Payment of Deferred Compensation</u>. The bonus provided for in Paragraph 1 of this 2005 Plan shall be paid to Grabell in a lump sum within sixty (60) days after the sooner to occur of Grabell's (i) death; (ii) the date on which Grabell becomes "disabled", (iii) Grabell's attainment of age fifty (50); (iv) upon Grabell's "separation from service" with the Company as determined pursuant to the rules set forth in Section 409A of the Internal Revenue Code of 1986, as amended (the "Code") and the Regulations promulgated thereunder; or (v) if, and then only to the extent (if at all) permitted by Section 409A of the Code and the Regulations promulgated

PHILA1\1452190\8 077771.000



thereunder with respect to deferred compensation plans maintained by limited liability companies, upon a change in the ownership or effective control of the Company or in the ownership of a substantial portion of its assets. Notwithstanding the foregoing, if the bonus hereunder is paid following separation from service, as provided in (iv) above, it shall be paid in twelve (12) equal, consecutive quarterly installments beginning on the thirtieth (30th) day after the last day on which Grabell performs services for the Company, if Grabell voluntarily ceases to perform services for the Company (other than by reason of a reduction in his current compensation or scope of his duties); otherwise, it shall be paid in a lump sum. For purposes of this 2005 Plan, "disabled" shall have the meaning specified in Section 409A(a)(2)(C) of the Code.

3. <u>Beneficiary</u>.   Grabell shall have the right to designate in writing on Schedule A attached hereto one or more beneficiaries or contingent beneficiaries to receive any bonus payable hereunder on account of Grabell's death. Grabell shall have the right to change his beneficiary designation at any time by amending Schedule A hereto or by an instrument in writing signed by Grabell and delivered to the Company. If Grabell does not designate a beneficiary, or the beneficiary and all contingent beneficiaries die before payments commence, Grabell's beneficiary shall be his estate.

4. <u>General Obligation</u>.   The rights and benefits of Grabell (and any beneficiary hereunder) shall be solely those of an unsecured creditor of the Company. No assets acquired or held by the Company shall be deemed to be held by the Company in escrow or trust or to be security for the performance of any obligation of the Company hereunder.

5. <u>Controlling Law</u>.   This Agreement and all questions relating to its validity, interpretation, performance or enforcement, shall be governed by and construed in accordance with the laws of the State of New Jersey.

6. <u>Assignment</u>.   Except for the right to designate a beneficiary, Grabell may not assign, transfer, pledge or encumber his rights under this Agreement.

7. <u>Membership in Company</u>.   Nothing contained herein shall be construed as conferring upon Grabell the right to continue to perform services for the Company or to be a member of the Company.

8. <u>Binding Agreement</u>.   This Agreement shall be binding upon the Company and its successors and assigns and shall be binding upon and inure to the benefit of Grabell and his heirs, beneficiaries and personal representatives. This Agreement shall not confer any rights or remedies upon any person other than the parties hereto and their personal representatives, heirs, beneficiaries, permitted successors and assigns.

9. <u>Amendment of Agreement</u>.   This Agreement may be amended in whole or in part only by a written agreement between the Company and Grabell.

10. <u>Paragraph Headings</u>.   The paragraph headings used in this Agreement are for convenience of reference only and shall not be construed to be a part of this Agreement.

11. <u>Interpretation</u>.          The parties hereto intend that this 2005 Plan satisfy the requirements of Section 409A of the Code, which was recently enacted, and the 2005 Plan shall be interpreted in light of that intent. To the extent that the provisions of the 2005 Plan

2

PHILA1\1452190\8 077771.000

conflict with any requirements of the Code and/or Regulations, the 2005 Plan shall be modified to the extent required to conform to such requirements.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

SHAPES/ARCH HOLDINGS L.L.C.

By: _____
Manager

WITNESS:

_____
STEVEN S. GRABELL

_____

3

PHILA1\1452190\8 077771.000

One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
215-568-0300 /facsimile

30 North Third Street, Suite 700
Harrisburg, PA 17101-1701
717-364-1020 /facsimile

20 Brace Road, Suite 201
Cherry Hill, NJ 08034-2634
856-616-2170 /facsimile

www.hangley.com

# HANGLEY ARONCHICK SEGAL & PUDLIN

Attorneys at Law | A Professional Corporation

James M. Matour
Direct Dial: (215) 496-7016
E-mail: jmatour@hangley.com

May 14, 2008

**Via Federal Express**

Shapes/Arch Holdings LLC
Claims Processing Center
c/o Epiq Bankruptcy Solutions, LLC
757 Third Avenue – 3rd Floor
New York, NY 10017

Re:    Shapes/Arch Holdings LLC - Proof of Claim

Dear Sir/Madam:

Enclosed is an original and one copy of a Proof of Claim for our client Steven Grabell. Please file the original and return the additional copy, marked to show your receipt, in the envelope provided. Thank you.

Very truly yours,

James M. Matour

JMM:kem
Enclosure
cc:    Steven Grabell, Esquire

| From: Origin ID: PSQA (215)496-7084<br>Karen Michalczyk<br>Hangley Aronchick Segal & Pudi<br>One Logan Square<br>27th Floor<br>Philadelphia, PA 19103 |  FedEx Express  E | Ship Date: 14MAY08<br>ActWgt: 1 LB<br>System#: 2563454/INET8010<br>Account#: S ********* |
|---|---|---|
| SHIP TO: 215-4967016    BILL SENDER<br>**ShapesArch Holdings LLC**<br>**c/o Epiq Bankruptcy Solutions, LLC**<br>**Claims Processing Center**<br>**757 3rd Ave - Floor 3**<br>**New York, NY 10017** | | Delivery Address Bar Code<br><br>Ref # Gabell<br>Invoice #<br>PO #<br>Dept # |
|  | | TRK# 7998 5420 0296  0201<br>THU - 15MAY   A1<br>PRIORITY OVERNIGHT<br><br>**ZB OGSA**   10017 NY-US EWR<br> |

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic valueof the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

https://www.fedex.com/shipping/html/en//PrintIFrame.html    5/14/2008