# EXHIBIT B

D.N.J. Local Form 24

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | | REQUEST FOR PAYMENT OF<br>ADMINISTRATIVE EXPENSE |
|---|---|---|
| In re<br>Shapes/Arch Holdings, L.L.C., et al | Chapter 11<br>Case Number 08-14631-08-14635<br>(jointly administered) | |

NOTE: This form should not be used for an unsecured claim arising prior to the commencement of the case. In such cases, a proof of claim should be filed in accordance with Official Form 10.

Filed: USBC - District of New Jersey - Camden
Shapes/Arch Holdings L.L.C., Et Al.
08-14631 (GMB)    0000000862

**Name of Creditor**
(The person or other entity to whom the debtor owed money or property.)

**Name and Addresses Where Notices Should Be Sent:**
Steven S. Grabell
c/o Ashely Chan, Esq
Hangley Aronchick Segal and Pudlin
20 Brace Rd, Suite 201, Cherry Hill, NJ 08034

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☑ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:**

Check here if this request:
☐ replaces a previously filed request, dated:
☑ amends a previously filed request, dated: May 15, 2008

**1. BASIS FOR CLAIM**
☐ Goods Sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☑ Wages, salaries and compensations (Fill out below)

Provide last four digits of your social security number __7736__

**2. DATE DEBT WAS INCURRED:** 3/16 to 8/8/2008

**3. TOTAL AMOUNT OF REQUEST AS OF ABOVE DATE:**
$356,571

☐ Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges.

**4. Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate    ☐ Motor Vehicle
☐ Other (Describe briefly)_____
Value of Collateral: $_____

☐ Check this box if there is no collateral or lien securing your claim.

**5. Credits:** The amount of all payments have been credited and deducted for the purposes of making this request for payment of administrative expenses.

**6. Supporting Documents:** Attach copies of supporting documents, such as purchase orders, invoices, itemized statements of running accounts, contracts as well as any evidence of perfection of a lien.
DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**7. Date-Stamped Copy:** To receive an acknowledgment of the filing of your request, enclose a self-addressed envelope and copy of this request.

THIS SPACE IS FOR COURT USE ONLY

FILED / RECEIVED
SEP - 5 2008
EPIQ BANKRUPTCY SOLUTIONS, LLC

Date: 9/4/08

Sign and print below the name and title, if any, of the creditor or other person authorized to file this request (attach copy of power of attorney if any).
Steven Grabell

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

NOTE: The filing of this request will not result in the scheduling of a hearing to consider payment of your administrative claim but will result in the registry of your administrative claim with the Bankruptcy Court. If you wish to have a hearing scheduled on your claim, you must file a motion in accordance with Bankruptcy Rule 9013.

*Local Form 24.new. 8/1/06.jml*

# SHAPES/ARCH HOLDINGS L.L.C.

## 2005 DEFERRED COMPENSATION AGREEMENT
## FOR STEVEN S. GRABELL

DEFERRED COMPENSATION AGREEMENT made as of the 1st day of January __, 2005 between Shapes/Arch Holdings L.L.C., a New Jersey Limited Liability Company, (hereinafter referred to as "Company") and Steven S. Grabell (hereinafter referred to as "Grabell").

### BACKGROUND

A.   Grabell is a valued manager and key executive of the Company. In consideration of his prior services and as an additional inducement to Grabell to continue to render services to the Company, the Company, pursuant to a Deferred Compensation Agreement dated as of August 1, 2001 which Agreement was amended and restated as of December 12, 2003 (the "Prior Agreement"), agreed to provide deferred compensation benefits to Grabell.

B.   The Prior Agreement was frozen with respect to amounts earned and vested by Grabell prior to January 1, 2005. As of December 31, 2004, the nonforfeitable amount of the deferred compensation benefit to which Grabell is entitled pursuant to the terms of the Prior Agreement is One Million Two Hundred Twenty Thousand Dollars ($1,220,000).

C.   The Company desires to adopt a new benefit program for Grabell (the "2005 Plan") on the terms and conditions hereinafter set forth.

NOW THEREFORE, the parties hereto, intending to be legally bound hereby, agree as follows:

### AGREEMENT

1. **Deferred Compensation Bonus.** The Company hereby agrees to pay a deferred compensation bonus to Grabell in the amount of Seven Hundred Eighty Thousand Dollars ($780,000) on the terms hereafter set forth. Notwithstanding the foregoing, if Grabell should voluntarily cease to perform services for the Company, other than by reason of "disability" (as hereinafter defined) or a reduction in his compensation or the scope of his duties or authority, the amount of deferred compensation otherwise payable to Grabell under the 2005 Plan shall be reduced by an amount equal to the product of (a) $780,000, times (b) a fraction, the numerator of which is the number of full months from the date of Grabell's voluntary termination of the performance of services for the Company until October 31, 2010, and the denominator of which is 70. Any deferred compensation bonus payable to Grabell hereunder shall be net of all applicable withholdings.

2. **Payment of Deferred Compensation.** The bonus provided for in Paragraph 1 of this 2005 Plan shall be paid to Grabell in a lump sum within sixty (60) days after the sooner to occur of Grabell's (i) death; (ii) the date on which Grabell becomes "disabled", (iii) Grabell's attainment of age fifty (50); (iv) upon Grabell's "separation from service" with the Company as determined pursuant to the rules set forth in Section 409A of the Internal Revenue Code of 1986, as amended (the "Code") and the Regulations promulgated thereunder; or (v) if, and then only to the extent (if at all) permitted by Section 409A of the Code and the Regulations promulgated

PHILA\1452190\8 077771.000

thereunder with respect to deferred compensation plans maintained by limited liability companies, upon a change in the ownership or effective control of the Company or in the ownership of a substantial portion of its assets. Notwithstanding the foregoing, if the bonus hereunder is paid following separation from service, as provided in (iv) above, it shall be paid in twelve (12) equal, consecutive quarterly installments beginning on the thirtieth (30th) day after the last day on which Grabell performs services for the Company, if Grabell voluntarily ceases to perform services for the Company (other than by reason of a reduction in his current compensation or scope of his duties); otherwise, it shall be paid in a lump sum. For purposes of this 2005 Plan, "disabled" shall have the meaning specified in Section 409A(a)(2)(C) of the Code.

3. Beneficiary. Grabell shall have the right to designate in writing on Schedule A attached hereto one or more beneficiaries or contingent beneficiaries to receive any bonus payable hereunder on account of Grabell's death. Grabell shall have the right to change his beneficiary designation at any time by amending Schedule A hereto or by an instrument in writing signed by Grabell and delivered to the Company. If Grabell does not designate a beneficiary, or the beneficiary and all contingent beneficiaries die before payments commence, Grabell's beneficiary shall be his estate.

4. General Obligation. The rights and benefits of Grabell (and any beneficiary hereunder) shall be solely those of an unsecured creditor of the Company. No assets acquired or held by the Company shall be deemed to be held by the Company in escrow or trust or to be security for the performance of any obligation of the Company hereunder.

5. Controlling Law. This Agreement and all questions relating to its validity, interpretation, performance or enforcement, shall be governed by and construed in accordance with the laws of the State of New Jersey.

6. Assignment. Except for the right to designate a beneficiary, Grabell may not assign, transfer, pledge or encumber his rights under this Agreement.

7. Membership in Company. Nothing contained herein shall be construed as conferring upon Grabell the right to continue to perform services for the Company or to be a member of the Company.

8. Binding Agreement. This Agreement shall be binding upon the Company and its successors and assigns and shall be binding upon and inure to the benefit of Grabell and his heirs, beneficiaries and personal representatives. This Agreement shall not confer any rights or remedies upon any person other than the parties hereto and their personal representatives, heirs, beneficiaries, permitted successors and assigns.

9. Amendment of Agreement. This Agreement may be amended in whole or in part only by a written agreement between the Company and Grabell.

10. Paragraph Headings. The paragraph headings used in this Agreement are for convenience of reference only and shall not be construed to be a part of this Agreement.

11. Interpretation. The parties hereto intend that this 2005 Plan satisfy the requirements of Section 409A of the Code, which was recently enacted, and the 2005 Plan shall be interpreted in light of that intent. To the extent that the provisions of the 2005 Plan

2

conflict with any requirements of the Code and/or Regulations, the 2005 Plan shall be modified to the extent required to conform to such requirements.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

SHAPES/ARCH HOLDINGS L.L.C.

By: _____
   Manager

_____
STEVEN S. GRABELL

WITNESS:

_____

3

PHLA1\1452190\8 077771.000

# DEFERRED COMPENSATION AGREEMENT

## SCHEDULE A

I hereby designate the following person(s) as the beneficiary of any death benefit provided by this Agreement. If I have designated more than one beneficiary, they shall share equally unless I have otherwise specified.

Beneficiary: _The Testamentary Trustee under the last will of Steven S. Grabell, including any codicils._

Relationship: _____

WITNESS: _[signature]_

_[signature]_
STEVEN S. GRABELL

PHILA1\1452190\8 077771.000

**FedEx USA Airbill**   FedEx Tracking Number: 8185 4915 1686

1. From
   Date: 9/24/08
   Sender's Name: Shivon Ghiath(?)
   Phone: 818-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
   Company: ALUMINUM SHAPES
   Address: 9000 RIVER RD
   City: DELAIR    State: NJ    ZIP: 08110

2. Your Internal Billing Reference

3. To
   Recipient's Name: [illegible]    Phone: [illegible]
   Company: [illegible]
   Address: [illegible]
   City: [illegible]    State: NJ    ZIP: [illegible]

4a. Express Package Service
   - FedEx Priority Overnight
   - FedEx Standard Overnight
   - FedEx First Overnight

4b. Express Freight Service
   - FedEx 1Day Freight
   - FedEx 2Day Freight
   - FedEx 3Day Freight

5. Packaging
   ☑ FedEx Envelope/Letter
   ☐ FedEx Pak
   ☐ Other Pkg.

6. Special Handling
   ☐ SATURDAY Delivery
   ☐ SUNDAY Delivery
   ☐ HOLD Weekday at FedEx Location
   ☐ HOLD Saturday at FedEx Location
   Does this shipment contain dangerous goods?
   ☐ No  ☐ Yes  ☐ Dry Ice  ☐ Cargo Aircraft Only

7. Payment   Bill to:
   ☑ Sender  ☐ Recipient  ☐ Third Party  ☐ Credit Card  ☐ Cash/Check

8. Release Signature

Total Packages | Total Weight | Total Charges

0140047723

359