**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
 A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., et al., | : FOR THE DISTRICT OF NEW JERSEY |
| | : CHAPTER 11 |
| Debtors. | : CASE NO. 08-14631 (GMB) |
| | : |
| | : **Hearing Date: November 10, 2008 at 10:00 a.m.** |

**DEBTORS' SECOND OMNIBUS OBJECTION,
OBJECTING TO DUPLICATE PROOFS OF CLAIM**

ALL PARTIES THAT FILED A PROOF OF CLAIM AND RECEIVED THIS OBJECTION SHOULD REVIEW THIS OBJECTION CAREFULLY TO LOCATE THEIR NAMES AND CLAIMS IN THE EXHIBIT TO THIS OBJECTION AND THE BASIS FOR THE DEBTORS' OBJECTION TO YOUR CLAIM(S). THE DEBTORS URGE CLAIMANTS RECEIVING THIS OBJECTION TO DISCUSS THE OBJECTION WITH THEIR ATTORNEYS.

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively the "Debtors"),[1] the reorganized debtors, hereby submit, pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), their Second Omnibus Objection (the "Second Omnibus Objection") to certain duplicate proofs of claim. In support of the Second Omnibus Objection, the Debtors represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

CHERRY_HILL\456062\1 220718.000

# BACKGROUND

## General

1. On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3. No trustee or examiner has been appointed in these cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5. The Court confirmed the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008. The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

6. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Schedules And Proofs Of Claim

7. On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Materials").

2

8.      Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. as their official claims and noticing agent.

9.      On March 18, 2008, this Court entered an order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

10.     Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

11.     As of May 15, 2008, more than 700 proofs of claim have been filed in the Debtors' Chapter 11 cases. The Debtors are conducting a review and reconciliation of all claims asserting the right to a priority under Section 507 of the Bankruptcy Code, including the claims scheduled in the Debtors' Schedules (the "Scheduled Claims") and the claims asserted by proof of claim (the "Filed Claims"). This process includes identifying particular categories of Filed Claims that may be targeted for disallowance and expungement. To avoid possible double or improper recovery by claimants and to reduce the number of claims, the Debtors intend to file omnibus objections to various categories of claims. The Second Omnibus Objection relates to Filed Claims which are duplicates of other Filed Claims.

### RELIEF REQUESTED AND THE BASIS THEREFOR

12.     Pursuant to Bankruptcy Rule 3007(d)(1), the Debtors hereby object to the Duplicate Claims identified on Exhibit "A", attached hereto. The Debtors have reviewed these proofs of claim and have determined that the proofs of claim identified on Exhibit

3

"A" as "Claim to be Expunged" duplicate the claims asserted in the proofs of claim identified on Exhibit "A" as the "Remaining Claim."

13. If such Duplicate Claims are not formally expunged or disallowed, the potential exists for double recovery by the claimants.

14. Accordingly, the Debtors request that the Court enter an order expunging and disallowing the proofs of claim identified on Exhibit "A" as "Claims to be Expunged." The Second Omnibus Objection does not affect the proofs of claim identified on Exhibit "A" as the "Remaining Claim."

## RESERVATION

15. The Debtors, on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to object in the future to any Filed Claims identified on Exhibit "A" that are not expunged or disallowed on any additional grounds. Further, the Debtors on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to object to the Filed Claims identified as "Remaining Claims" on Exhibit "A" on any grounds at a later date. Separate notice and hearing will be scheduled for any such objection.

## WAIVER OF MEMORANDUM OF LAW

16. The Second Omnibus Objection does not raise any novel issues of law and, accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule 9013-2 of the Local Bankruptcy Rules for the District of New Jersey that a separate memorandum of law be submitted in support of the Second Omnibus Objection.

## NOTICE

17. Notice of this Motion has been provided to: (a) counsel for CIT, (b) counsel for Arch, (c) the Office of the United States Trustee, (d) counsel to the Class 10 Liquidating Trustee (as defined in the Plan), (e) all parties that are listed on <u>Exhibit "A"</u> at the address specified on the Filed Claims, and (f) all parties on the Master Service List. In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested and such other and further relief as is just and proper.

Dated: October 7, 2008                     COZEN O'CONNOR, P.C.

                                           By:   */s/ Jerrold N. Poslusny, Jr.*
                                                 Mark E. Felger
                                                 Jerrold N. Poslusny, Jr.

                                                 Attorneys for the Debtors

**VERIFICATION**

Richard Mackessy certifies and states as follows:

1.  I am the Interim Chief Financial Officer of the Reorganized Debtors[2], and I am fully authorized to make this Verification on all of the Debtors' behalf.

2.  I have read the foregoing Objection and I hereby certify and verify that all of the statements contained therein are true.

3.  I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____
Richard Mackessy

Dated: October 2, 2008

---

[2] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.

6

# EXHIBIT A

## Parties Holding Duplicate Claims
### (all parties listed alphabetically, and individuals by last name)

**Please refer to Pages 3 and 4 of the Second Omnibus Objection for the stated grounds in support of the objection.**

| Name/Address of Claimant | Claim to be Expunged | | | | Remaining Claims | | | | Comments |
|---|---|---|---|---|---|---|---|---|---|
| | Claim Number | Debtor | Claim Amount | Claim Type | Cross Claim Number | Debtor | Claim Amount | Claim Type | |
| BUCKS COUNTY WATER & SEWER AUTHORITY<br>1275 ALMSHOUSE ROAD<br>WARRINGTON, PA 18976 | 23<br>765 | Shapes/Arch<br>Shapes/Arch | 8,267.41<br>8,267.41 | U<br>A | 768 | Shapes/Arch | 8,267.41 | A | Allowed Claim has been paid pursuant to Plan and Confirmation Order. |
| PANITCH SCHWARZE BELISARIO & NADEL<br>2005 MARKET STREET, SUITE 2200<br>PHILADELPHIA, PA 19103 | 779 | Shapes/Arch | 3,140.00 | A | 791 | Shapes/Arch | 3,140.00 | A | Allowed Claim has been paid pursuant to Plan and Confirmation Order. |
| EASTERN LIFT TRUCK COMPANY, INC<br>PO BOX 307<br>MAPLE SHADE, NJ 08052 | 784 | Shapes/Arch | 2,754.06 | A | 793 | Shapes/Arch | 2,754.06 | A | |
| SENTRY INSURANCE, A MUTUAL COMPANY<br>ATTN: KEN ERLER<br>1800 NORTH POINT DRIVE<br>STEVENS POINT, WI 54481 | 787 | Shapes/Arch | 218,709.00 | A | 794 | Shapes/Arch | 218,709.00 | A | Allowed Claim has been paid pursuant to Plan and Confirmation Order. |
| CDW CORPORATION<br>ATTN PHILLIS A. HAYES, AGENT<br>C/O RECEIVABLE MANAGEMENT SERVICES (RMS)<br>PO BOX 5126<br>TIMONIUM, MD 21094 | 46 | Shapes/Arch | 1,333.84<br>7,633.60<br><br>8,967.44 (total) | P<br>U | 204 | Shapes/Arch | 1,333.84<br>7,633.60<br><br>8,967.44 (total) | P<br>U | Allowed Priority Claim has been paid pursuant to Plan and Confirmation Order. |
| METAL MANAGEMENT NORTHEAST, INC.<br>C/O SAM DELLA FERA,JR., ESQ.<br>TRENK DIPASQUALE WEBSTER DELLA FERA<br>347 MT PLEASANT AVE STE 300<br>WEST ORANGE, NJ 07052 | 811 | Shapes/Arch | 89,030.84 | A | 812 | Shapes | 89,030.84 | A | Allowed Claim has been paid pursuant to Plan and Confirmation Order. |
| PENNSYLVANIA DEPARTMENT OF REVENUE<br>ATTN: JAMES M. FOSTER, CHIEF<br>BANKRUPTCY DIVISION<br>PO BOX 280946<br>HARRISBURG, PA 17128-0946 | 434 | Shapes | 815.00<br>54.00<br><br>869.00 (total) | P<br>U | 454 | Shapes | 815.00<br>54.00<br><br>869.00 (total) | P<br>U | Allowed Priority Claim has been paid pursuant to Plan and Confirmation Order. |
| PENNSYLVANIA DEPARTMENT OF REVENUE<br>ATTN: JAMES M. FOSTER, CHIEF<br>BANKRUPTCY DIVISION<br>PO BOX 280946<br>HARRISBURG, PA 17128-0946 | 435 | Shapes/Arch | 1,714.00<br>4,274.00<br><br>5,988.00 (total) | P<br>U | 455 | Shapes/Arch | 1,714.00<br>4,274.00<br><br>5,988.00 (total) | P<br>U | Allowed Priority Claim has been paid pursuant to Plan and Confirmation Order. |
| PENNSYLVANIA DEPARTMENT OF REVENUE<br>ATTN: JAMES M. FOSTER, CHIEF<br>BANKRUPTCY DIVISION<br>PO BOX 280946<br>HARRISBURG, PA 17128-0946 | 433 | Accu-Weld | 17.40<br>453.00<br>56.51<br>526.91 (total) | S<br>P<br>U | 456 | Accu-Weld | 17.40<br>453.00<br>56.51<br>526.91 (total) | S<br>P<br>U | Allowed Priority Claim has been paid pursuant to Plan and Confirmation Order. |
| PENNSYLVANIA DEPARTMENT OF REVENUE<br>ATTN: JAMES M. FOSTER, CHIEF<br>BANKRUPTCY DIVISION<br>PO BOX 280946<br>HARRISBURG, PA 17128-0946 | 734 | Accu-Weld | 17.40<br>242.00<br>36.51<br>295.91 (total) | S<br>P<br>U | 739 | Accu-Weld | 17.40<br>242.00<br>36.51<br>295.91 (total) | S<br>P<br>U | Allowed Priority Claim has been paid pursuant to Plan and Confirmation Order. |
| PENNSYLVANIA DEPARTMENT OF REVENUE<br>ATTN: JAMES M. FOSTER, CHIEF<br>BANKRUPTCY DIVISION<br>PO BOX 280946<br>HARRISBURG, PA 17128-0946 | 732 | Shapes | 242.00 | P | 740 | Shapes | 242.00 | P | Allowed Claim has been paid pursuant to Plan and Confirmation Order. |

S - Secured
A - Administrative
P - Priority
U - Unsecured
T - Total Claimed