**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
 A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br><br>　　　　　　Debtors. | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: CHAPTER 11<br>:<br>: CASE NO. 08-14631 (GMB)<br>:<br>: **Hearing Date: November 10, 2008**<br>: 　　　　　　　**at 10:00 a.m.** |

### DEBTORS' OBJECTION TO THE ADMINISTRATIVE AND PRIORITY CLAIMS OF JIM SELLARS SEEKING TO EXPUNGE AND DISALLOW THE PROOFS OF CLAIM

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the "Debtors"),[1] the reorganized debtors, hereby submit this objection (the "Objection"), pursuant to 11 U.S.C. §§ 105, 502 and 507, to the administrative and priority claims of Jim Sellars ("Sellars") seeking to expunge and disallow his proofs of claim.  In support of the Objection, the Debtors respectfully represent as follows:

---

[1]  In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below):  Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

WASHINGTON\231009\1 226314.000

## BACKGROUND

### General

1.      On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2.      These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3.      No trustee or examiner has been appointed in these cases.

4.      An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5.      The Court confirmed the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008. The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

6.      The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Schedules And Proofs Of Claim

7.      On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules").

2

8.      Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. (the "Claims Agent") as their official claims and noticing agent.

9.      On March 18, 2008, this Court entered an order  pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

10.     Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

11.     On May 19, 2008, the Debtors filed a motion to set a bar date for filing administrative expense claims (the "Administrative Claim Bar Date Motion") that arose on or prior to June 15, 2008 including, without limitation, claims allegedly entitled to administrative expense treatment under Section 503(b)(9) of the Bankruptcy Code.

12.     On May 28, 2008, the court entered an Order granting the Administrative Claim Bar Date Motion and fixed June 30, 2008 as the deadline to file administrative expense claims that arose from the Petition Date through and including June 15, 2008.

### Administrative and Priority Claims of Jim Sellars

13.     On or about April 14, 2008, Sellars filed proof of claim no. 187 seeking priority, pursuant to section 507(a)(4) of the Bankruptcy Code, in the amount of $10,950.00 for commissions allegedly earned within 180 days prior to the Petition Date for which Ultra allegedly has not made payment.  On or about April 15, 2008, Sellars filed proof of claim no. 199 duplicating the priority claim asserted in proof of claim no.

187.    Collectively, proofs of claim nos. 187 and 199 are referred to as the "Alleged Priority Claims."[2]    The Alleged Priority Claims do not include documents supporting Sellars' assertion that he was owed any commissions within 180 days of the Petition Date.

14.      On or about June 12, 2008, Sellars filed proof of claim no. 758 seeking an administrative claim, pursuant to section 503 of the Bankruptcy Code, in the amount of $10,950.00 for the same alleged commissions for which Ultra has not made payment.[3] On or about August 21, 2008, Sellars filed proof of claim no. 836 duplicating the administrative claim asserted in proof of claim no. 758.    Collectively, proofs of claim nos. 758 and 836 are referred to as the "Alleged Administrative Claims."    Neither of the Alleged Administrative Claims include information to support Sellars' assertion that he is entitled to an administrative priority.

## RELIEF REQUESTED

15.      By this Objection, Debtors seek entry of an order, pursuant to 11 U.S.C. §§ 105 and 502 expunging and disallowing the Alleged Priority Claims and the Alleged Administrative Claims, as identified on Exhibit "A".

## BASIS FOR RELIEF REQUESTED

16.      Since the Bar Date, the Debtors and their advisors have reviewed the Alleged Priority Claims and the Alleged Administrative Claims.    Based upon such review, the Debtors have determined that the Alleged Priority Claims and the Alleged

---

[2]    The Claims Agent incorrectly docketed proof of claim no. 187 in the amount of $18,950 and proof of claim no. 199 in the amount of $21,900.

[3]    The Claims Agent incorrectly docketed proof of claim no. 758 under the last name "Sellers", it should have been docketed as "Sellars."

Administrative Claims should be expunged and disallowed because the Debtors' books and records indicate that there are no monies due and owing to Sellars.

17.    Moreover, Sellars is required to provide documentation to support his claims, but none of the Claims he filed included any such support.  Therefore, the claims lose their presumption of validity and should be expunged for this additional reason.  See Fed.R.Bankr.P. 3001, In re Tran, 369 B.R. 312, 316 (S.D. Tex. 2007).

18.    Section 502(b) provides in pertinent part:

> the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that…such claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. §502(b)(1).

19.    Furthermore, the Debtors assert that, based upon their review and analysis of their books and records, the Alleged Priority Claims and the Alleged Administrative Claims are not enforceable under any applicable law or agreement and, therefore, the Debtors are not liable for such claims.

20.    Accordingly, the Debtors hereby request that the Court enter an order expunging and disallowing the Alleged Priority Claims and the Alleged Administrative Claims of Sellars.

## **RESERVATION**

21.    The Debtors, on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to object to any part of Sellars' proofs of claim that have

5

not been expunged or disallowed on any additional grounds at a later date.  Separate

notice and hearing will be scheduled for any such objection.

## NOTICE

22.    Notice of this Motion has been provided to: (a) counsel for Arch, (b)

counsel for the Class 10 Liquidating Trustee, (c) the Office of the United States Trustee,

(d) Jim Sellars at the address specified on the Alleged Administrative Claims and the

Alleged Priority Claims, and (e) all parties on the Master Service List.  In light of the

nature of the relief requested herein, the Debtors submit that no further notice is

necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order

granting the relief requested and such other and further relief as is just and proper.


Dated:  October 7, 2008                    COZEN O'CONNOR, P.C.

By:    _/s/ Jerrold N. Poslusny, Jr._
       Mark E. Felger
       Jerrold N. Poslusny, Jr.

       Attorneys for the Debtors

6

## VERIFICATION

Richard Mackessy certifies and states as follows:

1.      I am the Interim Chief Financial Officer of the Reorganized Debtors[4], and I am fully authorized to make this Verification on all of the Debtors' behalf.

2.      I have read the foregoing Objection and I hereby certify and verify that all of the statements contained therein are true.

3.      I hereby verify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____
Richard Mackessy

Dated: October 2, 2008

---

[4] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.

7

| | | | Claims to be Expunged | | | Remaining Claim | |
|---|---|---|---|---|---|---|---|
| Name/Address of Claimant | Claim Number | Debtor | Claim Amount | Claim Type | | Claim Amount | Claim Type |
| | | | 0.00 | UNS | | 0.00 | UNS |
| | | | 10,950.00 | PRY | | 0.00 | PRY |
| Jim Sellars 12871 Encanto Drive Victorville, CA 92392 | 187 | Shapes | 10,950.00 | TOT | | 0.00 | TOT |
| | | | 0.00 | UNS | | 0.00 | UNS |
| Jim Sellars | | | 10,950.00 | PRY | | 0.00 | PRY |
| 12871 Encanto Drive Victorville, CA 92392 | 199 | Shapes | 10,950.00 | TOT | | 0.00 | TOT |
| | | | 0.00 | UNS | | 0.00 | UNS |
| Jim Sellars | | | 10,950.00 | ADM | | 0.00 | ADM |
| 12871 Encanto Drive Victorville, CA 92392 | 758 | Ultra | 10,950.00 | TOT | | 0.00 | TOT |
| | | | 0.00 | UNS | | 0.00 | UNS |
| Jim Sellars 12871 Encanto Drive | | | 10,950.00 | ADM | | 0.00 | ADM |
| Victorville, CA 92392 | 836 | Shapes | 10,950.00 | TOT | | 0.00 | TOT |

PRY   Priority
UNS   General Unsecured Non-Priority
ADM   Administrative
TOT   Total