**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., et al., | FOR THE DISTRICT OF NEW JERSEY |
| | CHAPTER 11 |
| Debtors. | CASE NO. 08-14631 (GMB) |
| | **Hearing Date: November 10, 2008 at 10:00 a.m.** |

**DEBTORS' OBJECTION TO ADMINISTRATIVE CLAIMS OF**
**MEDALCO METALS, INC., SEEKING TO EXPUNGE AND**
**DISALLOW PROOFS OF CLAIM**

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the "Debtors"),[1] the reorganized debtors, hereby submit this objection (the "Objection"), pursuant to 11 U.S.C. §§ 105, 502 and 503 to the administrative claims of Medalco Metals, Inc. ("Medalco"), seeking to expunge and disallow its proofs of claim. In support of the Objection, the Debtors respectfully represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

1

# BACKGROUND

## General

1. On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3. No trustee or examiner has been appointed in these cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5. The Court confirmed the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008. The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

6. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## Schedules And Proofs Of Claim

7. On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules").

WASHINGTON\225588\2

8.     Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. (the "Claims Agent") as their official claims and noticing agent.

9.     On March 18, 2008, this Court entered an order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

10.    Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

11.    On May 19, 2008, the Debtors filed a motion to set a bar date for filing administrative expense claims (the "Administrative Claim Bar Date Motion") that arose on or prior to June 15, 2008 including, without limitation, claims allegedly entitled to administrative expense treatment under Section 503(b)(9) of the Bankruptcy Code.

12.    On May 28, 2008, the court entered an Order granting the Administrative Claim Bar Date Motion and fixed June 30, 2008 as the deadline to file administrative expense claims that arose from the Petition Date through and including June 15, 2008.

13.    Pursuant to Section 7.8 of the Third Amended Plan, the Debtors have until November 6, 2008 to file objections to Claims, subject to further extension by the Bankruptcy Court.

**Proofs of Claim of Medalco**

14.    On or about April 25, 2008, Medalco filed proof of claim no. 311 seeking a general unsecured claim in the amount of $62,908.72 for goods allegedly received by

3

Delair prior to the Petition Date for which Delair has not made payment (the "Alleged General Unsecured Claim").

15. On or about June 26, 2008, Medalco filed proof of claim no. 792 seeking an administrative claim in the amount of $62,908.72 for those same goods identified in the Alleged General Unsecured Claim. Medalco alleges the goods were received by Delair within twenty (20) days prior to the Petition Date, pursuant to section 503(b)(9) of the Bankruptcy Code. On or about July 3, 2008, Medalco filed duplicate proof of claim no. 813 seeking an administrative claim, pursuant to section 503(b)(9) of the Bankruptcy Code, in the amount of $62,908.72 for those same goods identified in the Alleged General Unsecured Claim. Collectively, administrative claim nos. 792 and 813 are referred to as the "Alleged Administrative Claims."

**RELIEF REQUESTED**

16. By this Objection, Debtors seek entry of an order, pursuant to 11 U.S.C. §§ 105, 502 and 503 expunging and disallowing the Alleged Administrative Claims, as identified on Exhibit "A", leaving only the Alleged General Unsecured Claim.

**BASIS FOR RELIEF REQUESTED**

17. The Debtors and their advisors have reviewed the Alleged Administrative Claims and the Alleged General Unsecured Claim. Based upon such review, the Debtors have determined that the Alleged Administrative Claims are duplicates and were filed asserting an incorrect priority status. The Debtors submit that the goods supplied by Medalco were received by the Debtors prior to the twenty (20) day period immediately preceding the Petition Date.

4

18. Section 503(b)(9) of the Bankruptcy Code provides in pertinent part:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> \* \* \*
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

11 U.S.C. § 503(b)(9).

19. Although Medalco asserts that its shipment of goods is entitled to treatment as an administrative expense, the Debtors' books and records, as well as the invoice and receiving report provided by Medalco and attached to this Objection as Exhibit "B", indicate that the goods were received by Delair on February 14, 2008, more than twenty (20) days prior to the Petition Date. Therefore, Medalco is not entitled to an administrative claim pursuant to Section 503(b)(9) and, instead, holds a general unsecured claim.

20. For the foregoing reasons, the Alleged Administrative Claims assert a priority status to which Medalco is not entitled. Therefore, the Court should expunge and disallow the Alleged Administrative Claims, and only allow the Alleged General Unsecured Claim to remain, as identified in Exhibit "A".

**RESERVATION**

21. The Debtors, on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to object to the Alleged General Unsecured Claim on

any other grounds at a later date. Separate notice and hearing will be scheduled for any such objection.

**NOTICE**

22. Notice of this Motion has been provided to: (a) counsel for Arch, (b) counsel for the Class 10 Liquidating Trustee, (c) the Office of the United States Trustee, (d) Medalco, at the address specified on the Alleged Administrative Claims and the Alleged General Unsecured Claim, and (e) all parties on the Master Service List. In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested and such other and further relief as is just and proper.

Dated: October 7, 2008                          COZEN O'CONNOR, P.C.

                                                By:   */s/ Jerrold N. Poslusny, Jr.*
                                                      Mark E. Felger
                                                      Jerrold N. Poslusny, Jr.

                                                Attorneys for the Debtors

## VERIFICATION

Richard Mackessy certifies and states as follows:

1.  I am the Interim Chief Financial Officer of the Reorganized Debtors[2], and I am fully authorized to make this Verification on all of the Debtors' behalf.

2.  I have read the foregoing Objection and I hereby certify and verify that all of the statements contained therein are true.

3.  I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____
Richard Mackessy

Dated: October 2, 2008

---

[2] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.

7

WASHINGTON\225588\2

| Name/Address of Claimant | Claim Number | Debtor | Claims of Medalco Metals, Inc. | | | Remaining Claim | |
|---|---|---|---|---|---|---|---|
| | | | Claim Amount | Claim Type | | Claim Amount | Claim Type |
| Medalco Metals, Inc. 245 Russell Street, Unit 16 Hadley, MA 01035 | 311 | Delair LLC | 62,908.72 - 62,908.72 | UNS ADM TOT | | 62,908.72 - 62,908.72 | UNS ADM TOT |
| Medalco Metals, Inc. 245 Russell Street, Unit 16 Hadley, MA 01035 | 792 | Delair LLC | - 62,908.72 62,908.72 | UNS ADM TOT | | - 0.00 0.00 | UNS ADM TOT |
| Medalco Metals, Inc. 245 Russell Street, Unit 16 Hadley, MA 01035 | 813 | Delair LLC | - 62,908.72 62,908.72 | UNS ADM TOT | | - 0.00 0.00 | UNS ADM TOT |

ADM  Administrative
UNS  General Unsecured Non-Priority
TOT  Total