**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
 A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., et al., | : FOR THE DISTRICT OF NEW JERSEY |
| | : CHAPTER 11 |
| Debtors. | : |
| | : CASE NO. 08-14631 (GMB) |
| | : |
| | : **Hearing Date:  November 10, 2008** |
| | :                    **at 10:00 a.m.** |

## DEBTORS' OBJECTION TO CONTINGENT CLAIM OF INTERNATIONAL FIDELITY INSURANCE CO. SEEKING TO EXPUNGE AND DISALLOW THE PROOF OF CLAIM

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the "Debtors"),[1] the reorganized debtors, hereby submit this objection (the "Objection"), pursuant to 11 U.S.C. §§ 105 and 502, to the claim of International Fidelity Insurance Co. ("International Fidelity") seeking to expunge and disallow its proof of claim.  In support of the Objection, the Debtors respectfully represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below):  Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

1

## BACKGROUND

### General

1. On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3. No trustee or examiner has been appointed in these cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5. The Court confirmed the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008. The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

6. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Schedules And Proofs Of Claim**

7. On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules").

8. Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. (the "Claims Agent") as their official claims and noticing agent.

9. On March 18, 2008, this Court entered an order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

10. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

11. On May 19, 2008, the Debtors filed a motion to set a bar date for filing administrative expense claims (the "Administrative Claim Bar Date Motion") that arose on or prior to June 15, 2008 including, without limitation, claims allegedly entitled to administrative expense treatment under Section 503(b)(9) of the Bankruptcy Code.

12. On May 28, 2008, the court entered an Order granting the Administrative Claim Bar Date Motion and fixed June 30, 2008 as the deadline to file administrative expense claims that arose from the Petition Date through and including June 15, 2008.

**Contingent Claim of International Fidelity**

13. On or about May 9, 2008, International Fidelity filed a contingent proof of claim no. 461 seeking priority, pursuant to section 507(a)(8) of the Bankruptcy Code, in the amount of $200,000.00 as guarantor of customs duties allegedly owed to the United States Treasury by the Debtors (the "Alleged Contingent Claim").

**RELIEF REQUESTED**

14. By this Objection, Debtors seek entry of an order, pursuant to 11 U.S.C. §§ 105 and 502 expunging and disallowing the Alleged Contingent Claim, as identified on Exhibit "A".

**BASIS FOR RELIEF REQUESTED**

15. Since the Bar Date, the Debtors and their advisors have reviewed the Alleged Contingent Claim. Based upon such review, the Debtors have determined that the Alleged Contingent Claim should be expunged and disallowed because the Debtors' books and records indicate that there are no monies due and owing to International Fidelity at this time.

16. Section 502(b) provides in pertinent part:

> the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that…such claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. §502(b)(1).

17. Based upon their review and analysis of their books and records, the Debtors assert that the Alleged Contingent Claim is not enforceable under any applicable

4

law or agreement and, therefore, the Debtors are not liable for such claim. Specifically, the Debtors' books and records indicate that the Debtors paid all of their customs duties directly, and that International Fidelity did not advance any funds pursuant to the bond.

18. Accordingly, the Debtors hereby request that the Court enter an order expunging and disallowing the Alleged Contingent Claim.

## RESERVATION

19. The Debtors, on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to object to any part of the Alleged Proof of Claim that has not been expunged or disallowed on additional grounds at a later date. Separate notice and hearing will be scheduled for any such objection.

## NOTICE

20. Notice of this Motion has been provided to: (a) counsel for Arch, (b) counsel for the Class 10 Liquidating Trustee, (c) the Office of the United States Trustee, (d) International Fidelity at the address specified on the Alleged Contingent Claim, and (e) all parties on the Master Service List. In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested and such other and further relief as is just and proper.

Dated: October 7, 2008                    COZEN O'CONNOR, P.C.

                                                      By:     /s/ Jerrold N. Poslusny, Jr.
                                                           Mark E. Felger
                                                           Jerrold N. Poslusny, Jr.

                                                           Attorneys for the Debtors

**VERIFICATION**

Richard Mackessy certifies and states as follows:

1.    I am the Interim Chief Financial Officer of the Reorganized Debtors[2], and I am fully authorized to make this Verification on all of the Debtors' behalf.

2.    I have read the foregoing Objection and I hereby certify and verify that all of the statements contained therein are true.

3.    I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____
Richard Mackessy

Dated: October 2, 2008

---

[2] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.

6

WASHINGTON\230731\1 226314.000

| | **Claim to be Expunged** | | | | | **Remaining Claim** | |
|---|---|---|---|---|---|---|---|
| **Name/Address of Claimant** | **Claim Number** | **Debtor** | **Claim Amount** | **Claim Type** | | **Claim Amount** | **Claim Type** |
| International Fidelity Insurance Co. | | | - | UNS | | 0.00 | UNS |
| c/o International Bond & Marine Brkge, Ltd. | | | 200,000.00 | PTY | | 0.00 | PTY |
| 2 Hudson Place | | | | | | | |
| 4th Floor | | | | | | | |
| Hoboken, NJ 07030 | 461 | Shapes | 200,000.00 | TOT | | 0.00 | TOT |

PTY   Priority
UNS   General Unsecured Non-Priority
TOT   Total