**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

| | |
|---|---|
| In re: : <br> SHAPES/ARCH HOLDINGS L.L.C., et al., : <br> Debtors. | UNITED STATES BANKRUPTCY COURT <br> FOR THE DISTRICT OF NEW JERSEY <br> CHAPTER 11 <br><br> CASE NO. 08-14631 (GMB) <br><br> **Hearing Date:  November 24, 2008** <br> **at 10:00 a.m.** |

### DEBTORS' OBJECTION TO PRIORITY CLAIM OF
### METAL STRUCTURES, INC. SEEKING RECLASSIFICATION
### AS A GENERAL UNSECURED CLAIM

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the

"Debtors"),[1] the reorganized debtors, hereby submit this objection (the "Objection"),

pursuant to 11 U.S.C. §§ 105 and 502, to the claim of Metal Structures, Inc. ("Metal

Structures"), seeking to reclassify its proof of claim from priority to general unsecured.

In support of the Objection, the Debtors respectfully represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below):  Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

1

WASHINGTON\230716\1  226314.000

# BACKGROUND

## General

1. On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3. No trustee or examiner has been appointed in these cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5. The Court confirmed the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008. The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

6. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Schedules And Proofs Of Claim**

7. On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules").

8. Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. (the "Claims Agent") as their official claims and noticing agent.

9. On March 18, 2008, this Court entered an order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

10. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

11. On May 19, 2008, the Debtors filed a motion to set a bar date for filing administrative expense claims (the "Administrative Claim Bar Date Motion") that arose on or prior to June 15, 2008 including, without limitation, claims allegedly entitled to administrative expense treatment under Section 503(b)(9) of the Bankruptcy Code.

12. On May 28, 2008, the court entered an Order granting the Administrative Claim Bar Date Motion and fixed June 30, 2008 as the deadline to file administrative expense claims that arose from the Petition Date through and including June 15, 2008.

**Priority Claim of Metal Structures**

13. On or about April 4, 2008, Metal Structures filed proof of claim no. 63 seeking a priority claim, pursuant to section 507(a) of the Bankruptcy Code, in the amount of $24,400.00 for services performed prior to the Petition Date for which Shapes has not made payment (the "Alleged Priority Claim"). Metal Structures' Alleged Priority Claim seeks payment for the following invoices: (i) invoice No. 123996, dated March 18, 2008, in the amount of $19,800.00; and, (ii) invoice No. 123997, dated March 18, 2008, in the amount of $4,600.00. Although Metal Structures' invoices were dated after the Petition Date, all services were performed prior to the Petition Date.

**RELIEF REQUESTED**

14. By this Objection, the Debtors seek entry of an order, pursuant to 11 U.S.C. §§ 105 and 502 reclassifying the Alleged Priority Claim, as identified on Exhibit "A", as a general unsecured claim.

**BASIS FOR RELIEF REQUESTED**

15. Since the Bar Date, the Debtors and their advisors have reviewed the Alleged Priority Claim. Based upon such review, the Debtors have determined that the Alleged Priority Claim was filed with an incorrect priority status, because the Alleged Priority Claim improperly asserts status as a "priority" claim under section 507(a) of the Bankruptcy Code.

16. Section 502(b) provides in pertinent part:

> the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that…such

4

> claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. §502(b).

17. Although Metal Structures asserts that its performance of services is entitled to priority treatment pursuant to section 507(a) of the Bankruptcy Code, the Debtors' books and records and analysis of the underlying liabilities, indicate that the services were performed prior to the Petition Date.  Therefore, Metal Structures does not meet the criteria for priority treatment under any provision of section 507(a) and, instead, holds a general unsecured claim.

18. Because Metal Structures' proof of claim asserts a priority status to which it is not entitled, the Court should reclassify the asserted "priority" status of this claim to "general unsecured," as identified in Exhibit "A", and direct the Claims Agent to modify the Claims Register accordingly.

**RESERVATION**

19. The Debtors, on their behalf an on behalf of the Class 10 Liquidating Trustee, hereby  reserve the right to object to Metal Structures' non-priority claim on any other grounds at a later date.  Separate notice and hearing will be scheduled for any such objection.

**NOTICE**

20. Notice of this Motion has been provided to: (a) counsel for Arch, (b) counsel for the Class 10 Liquidating Trustee, (c) the Office of the United States Trustee, (d) Metal Structures at the address specified on the Alleged Priority Claim, and (e) all

5

parties on the Master Service List.  In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court approve an order granting the relief requested and such other and further relief as is just and proper.

Dated:  October 21, 2008                COZEN O'CONNOR

By:  */s/ Jerrold N. Poslusny, Jr.*
    Mark E. Felger
    Jerrold N. Poslusny, Jr.

Attorneys for the Debtors

6

## VERIFICATION

Richard Mackessy certifies and states as follows:

1. I am the Interim Chief Financial Officer of the Reorganized Debtors[2], and I am fully authorized to make this Verification on all of the Debtors' behalf.

2. I have read the foregoing Objection and I hereby certify and verify that all of the statements contained therein are true.

3. I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____
Richard Mackessy

Dated: October 20, 2008

---

[2] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.

WASHINGTON\230716\1  226314.000

| Name/Address of Claimant | Claim Asserted with Incorrect Priority Status | | | | Modified Claim | |
|---|---|---|---|---|---|---|
| | Claim Number | Debtor | Claim Amount | Claim Type | Claim Amount | Claim Type |
| Metal Structure, Inc. | | | - | UNS | 24,400.00 | UNS |
| 1603 Taylors Lane | | | 24,400.00 | PTY | - | PTY |
| Cinnaminson, NJ  08077 | 63 | Shapes LLC | 24,400.00 | TOT | 24,400.00 | TOT |

PTY   Priority
UNS   General Unsecured Non-Priority
TOT   Total