**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Liquidation Trust

|  |  |
|---|---|
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., *et al.*,<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. GLORIA M. BURNS<br>CASE NO. 08-14631(GMB)<br><br>Chapter 11<br>(Jointly Administered)<br><br>**APPLICATION OF THE CLASS 10 LIQUIDATION TRUST IN SUPPORT OF MOTION FOR AN ORDER GRANTING A FURTHER EXTENSION OF TIME TO FILE OBJECTIONS TO UNSECURED CLAIMS**<br><br>HEARING DATE AND TIME:<br>November ___, 2008, at 10:00 a.m.<br><br>**ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

TO:   THE HONORABLE GLORIA M. BURNS,
        UNITED STATES BANKRUPTCY JUDGE:

The Class 10 Liquidation Trust (the "Trust"), established upon the effective date of the Chapter 11 plan of Shapes/Arch Holdings, L.L.C., *et al.*, the above-captioned reorganized debtors and debtors-in-possession (together, the "Debtors"), submits this Application in support of its motion (the "Motion"), by and through the Trustee, for an order granting an extension of time to file objections to general unsecured claims, from November 28, 2008 to January 30, 2009. In support of the Motion, the Liquidation Trust respectfully represents:

## STATEMENT OF FACTS

**A.    Background**

1.    The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Filing Date"). The cases are being jointly administered pursuant to this Court's Order dated March 18, 2008.

2.    An Official Committee of Unsecured Creditors was appointed by the United States Trustee on March 31, 2008 and played an active role in these cases. The Committee dissolved on August 8, 2008, the effective date of the Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan").

3.    The Plan was confirmed by Order of this Court dated July 24, 2008 (the "Confirmation Order") and became effective on August 8, 2008 (the "Effective Date"). On the Effective Date of the Plan, the Liquidation Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims and bring avoidance actions.

4.    The Plan established a deadline of ninety days after the Effective Date, or November 6, 2008, for the filing of objections to claims. It further provided that the Court could extend that deadline (with or without notice), upon the request of the Debtors or the Liquidation

2

Trust. The Confirmation Order specifically provides that the deadline could be extended for cause.

5.  The Debtors and the Liquidation Trust made a joint motion for a brief extension, from November 6, 2008 through November 28, 2008. That motion was granted by Order dated October 30, 2008.

**B.  The Claims Process**

6.  On the Filing Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules"). Shortly thereafter, the Debtors were authorized to retain Epiq Bankruptcy Solutions, L.L.C. to serve as claims agent in these cases and maintain the official claims register and notice lists.

7.  On March 18, 2008, this Court entered an Order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for the filing of proofs of claim evidencing pre-petition claims (the "Bar Date Order").

8.  Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Filing Date was May 15, 2008.

9.  On or shortly after the Effective Date of the Plan, the Debtors provided notice of a deadline for the filing of rejection damage claims in connection with contracts and leases rejected under the confirmed Plan. That bar date was September 11, 2008.

10. The Liquidation Trust has spent considerable time reviewing the more than 1,500 unsecured claims which have been filed in these cases, and motions objecting to duplicative claims and to claims that are inconsistent with the Debtors' books and records will likely be filed

3

with this Court well in advance of the November 28th deadline. However, the Liquidation Trust continues to review litigation claims, contract claims and claims asserted by insiders.

11. In addition, the Liquidation Trust has undertaken an analysis of the multi-million dollar claim asserted by the Teamsters' Union for withdrawal liability in connection with a pension fund, and the Liquidation Trust and the Debtors are together analyzing the claim of the New Jersey Department of Environmental Protection, the only unresolved environmental claim in these cases.

12. Finally, the Liquidation Trust is conducting a preference analysis which is unlikely to be completed by the November 28th deadline. While preference actions do not have to be brought by that date, it is the Trust's expectation that as a protective measure, it will file an objection to claims filed by creditors who are identified as recipients of preferences. Therefore, the completion of at least a preliminary preference analysis is necessary to the finalization of that claims objection.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of these cases and this Motion before this Court is proper pursuant to 28 U.S.C. §§1408 et seq. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Liquidation Trust is specifically authorized and empowered to make this Motion pursuant to the Plan and the Confirmation Order.

## RELIEF REQUESTED

14. By this Motion, the Liquidation Trust seeks entry of an Order extending its deadline for filing objections to claims from November 28, 2008 through and including January 30, 2009.

15. The Liquidation Trust believes that cause exists for such an extension, and that it is in the best interests of the estates and the creditors who are beneficiaries of the Trust that such an extension be granted. As set forth above, the claims review process is well underway, but requires additional time both because of the volume of unsecured claims and the complexity of certain of the claims and/or objections that may be asserted thereto. Moreover, the Liquidation Trust notes that the Debtors have recently filed motions to reclassify some administrative and priority claims as unsecured, and may file more such reclassification motions in the coming weeks. The Debtors' motions explicitly reserve the Liquidation Trust's rights to further object to the claims, and the Liquidation Trust anticipates that it will need to review claims which were not previously within the scope of its authority.

16. The granting of this Motion for an extension of time will permit the Liquidation Trust to continue an orderly review and analysis of claims, while it will not prejudice any party-in-interest. The requested extension will also avoid the undesirable alternatives of hastily drafted "protective" objections which may prove unnecessary upon closer examination, or the allowance of claims which are in fact improper, to the detriment of holders of legitimate unsecured claims.

17. The Liquidation Trust reserves the right to request a further extension of this deadline.

## NOTICE

18. Electronic notice of this Motion has been provided to the U.S. Trustee, counsel for the Debtors, counsel for the plan funder and all parties who have registered for electronic notice in these cases. In light of the nature of the relief requested, the Liquidation Trust submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Liquidation Trust respectfully requests that the Motion be granted, and that the deadline to file objections to unsecured claims be extended through and including January 30, 2009 (without prejudice to the Trust's rights to request further extensions) and that the Court grant such other and further relief as is just and proper.

    Respectfully submitted,

    **HALPERIN BATTAGLIA RAICHT, LLP**

    By: _/s/ Donna H. Lieberman_
        Donna H. Lieberman, Esq.
        Carrie E. Mitchell, Esq.

    **COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**

    By: _/s/ Ilana Volkov_
        Ilana Volkov

DATED:  November 7, 2008