**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street, P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Ilana Volkov, Esq.
Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br><br>Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. GLORIA M. BURNS<br>CASE NO. 08-14631(GMB)<br><br>Chapter 11<br>(Jointly Administered)<br><br>HEARING DATE AND TIME:<br>December 16, 2008, 10:00 a.m.<br><br>**ORAL ARGUMENT REQUESTED** |

**APPLICATION OF THE CLASS 10 LIQUIDATION TRUST
IN SUPPORT OF MOTION FOR FIRST OMNIBUS OBJECTION
TO CLAIMS AGAINST THE DEBTORS DUPLICATE CLAIMS**
(CLAIM NUMBERS 65, 72, 76, 116, 136, 146, 150, 156, 194, 195, 200, 201, 202, 203, 209, 214, 222, 223, 224, 227, 232, 233, 234, 242, 243, 251, 256, 267, 268, 270, 274, 276, 277, 278, 280, 281, 283, 286, 287, 288, 289, 291, 304, 305, 306, 307, 317, 357, 358, 359, 363, 367, 371, 375, 377, 378, 379, 381, 382, 383, 384, 410, 411, 415, 417, 418, 419, 436, 444, 452, 459, 466, 473, 474, 475, 554, 556, 557, 558, 606, 607, 608, 610, 611, 657, 658, 659, 660, 661, 670, 676, 677, 678, 679, 681, 685, 708, 733, 738, & 860, 895)

TO: THE HONORABLE GLORIA M. BURNS
UNITED STATES BANKRUPTCY JUDGE

The Class 10 Liquidation Trust (the "Trust"), established upon the effective date of the

Chapter 11 plan of Shapes/Arch Holdings, L.L.C., et al., the above-captioned debtors and

debtors-in-possession (together, the "Debtors"), makes this motion (the "Motion") pursuant to Section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order expunging certain claims. In support of its Motion, the Trust respectfully represents:

## STATEMENT OF FACTS

**(A)    Background**

1. The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Filing Date"). The cases are being jointly administered pursuant to this Court's Order dated March 18, 2008.

2. No trustee or examiner has been appointed in these cases and the Debtors continue in the management of their affairs as debtors-in possession pursuant to 11 U.S.C. §§ 1108 and 1109 of the Bankruptcy Code, and more recently, as reorganized debtors.

3. An Official Committee of Unsecured Creditors was appointed by the United States Trustee on March 31, 2008 and played an active role in these cases. The Committee dissolved on August 8, 2008, the effective date of the Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan"). [Dkt. Nos. 338, 376, 399, 492, 545, 601].

4. The Plan was confirmed by Order of this Court dated July 24, 2008 [Dkt. No. 561], and became effective approximately two weeks later. On the effective date of the Plan, the Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan) [Dkt. No 376], the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims. The Plan Administration Agreement also created a three member Trust Advisory Committee to review the Trust's decisions.

45765/0003-1542957v1

       5.       The Plan established a deadline of ninety days after the effective date, or November 6, 2008, for the filing of objections to claims. It further provided that the Court could extend that deadline, upon the request of the Debtors or the Trust, and the deadline was extended until November 28, 2008 by Order dated October 30, 2008.

**(B)    The Claims Process**

       6.       On the Filing Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules"). Shortly thereafter, the Debtors were authorized to retain Epiq Bankruptcy Solutions, L.L.C. to serve as claims agent in these cases and maintain the official claims register and notice lists.

       7.       On March 18, 2008, this Court entered an Order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for the filing of proofs of claim evidencing pre-petition claims [Dkt. No. 35] (the "Bar Date Order").

       8.       Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Filing Date was May 15, 2008.[1]

## JURISDICTION AND VENUE

       9.       This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of these cases and this Motion before this Court is proper pursuant to 28 U.S.C. §§ 1408, et seq. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C.

---

[1] Pursuant to the Plan, the deadline for the filing of rejection damage claims in connection with contracts and leases rejected under the Plan was September 11, 2008. Separate notice of that deadline was provided in the Notice of (I) Effective Date of the Debtors' Third Amended Joint Chapter 11 Plan or Reorganization, as Modified, and (II) Bar Dates for Filing Administrative and Rejection Damage Claims, dated August 11, 2008.

§157(b)(2)(A), (B) and (O). The statutory predicates for the relief sought herein are 11 U.S.C. §502 and Federal Rule of Bankruptcy Procedure 3007. The Trust is specifically authorized and empowered to make this Motion pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement, and Order of this Court dated July 22, 2008.

## RELIEF REQUESTED

10. By this Motion, the Trust seeks entry of an Order disallowing and expunging the claims identified as "Claims to be Expunged" on Exhibit "A" hereto (the "Disputed Claims"), pursuant to 11 U.S.C. §502 and Bankruptcy Rule 3007. The Disputed Claims are either duplicative of other claims asserted in these cases by the same claimants, or have been amended and superseded by more recently filed claims.

11. As set forth in the Declaration of Irv Schwarzbaum, which is annexed hereto as Exhibit "B" (the "Schwarzbaum Declaration") a review of the official claims register by the Trust's financial advisors revealed a number of claims that were duplicative of other claims filed in these cases, in that the Disputed Claims were filed by the same creditor, and apparently evidenced the same debt. Likewise, the review of the claims register revealed claims that amended and superseded earlier filed claims by the same creditor.

12. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under Chapter 7 of this title, objects.

Section 502 is implemented by Bankruptcy Rule 3007, which provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor

45765/0003-1542957v1

or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to the claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

13. Section 2.6 of the Plan makes it clear that claimants may not assert the same unsecured claim against multiple Debtors, stating in pertinent part that "holders of Claims in Class 10 shall be deemed filed against the consolidated Debtors and shall be deemed one Claim against or obligation of the Debtors as if they were consolidated and shall receive one distribution from the Debtors' Estates in accordance with Section 4.5 hereunder." (Section 4.5 provides that holders of allowed Class 10 claims shall be beneficiaries of the Trust and receive distributions on account of their allowed claims against the Debtors from the Trust.)

14. By this Motion, the Trust seeks the entry of an Order disallowing and expunging (i) the earlier filed claim or claims, in the event that the same claimant has filed an amended claim, and (ii) claims that on their face appear to be duplicative of other, surviving claims, as they involve the same claimant, amount and basis of claim. The Trust respectfully submits that such relief is not only warranted, but in the nature of "housekeeping."

## RESERVATION OF RIGHTS

15. The Trust, on its own behalf and on behalf of the Debtors, hereby reserves the right to object to the surviving claims (identified on Exhibit A as "Remaining Claims") on any grounds on a later date. Separate notice and hearing will be scheduled in the event of such objection.

## NOTICE

16. The Trust has provided notice of the relief requested herein by service of a copy of this Motion (including exhibits) by first-class mail upon (a) the holders of the Disputed Claims listed on Exhibit A, at the addresses listed on the proof of claim filed by such Claimants;

45765/0003-1542957v1

(b) counsel to the Reorganized Debtors; (c) the members of the Trust Advisory Committee; and (d) the United States Trustee. Such notice is consistent with the terms of the Plan and the Plan Administration Agreement, and the Trust requests that this Court find that no other or further notice of this Motion is necessary or required.

## **CONCLUSION**

**WHEREFORE**, the Trust respectfully requests entry of an Order, substantially in the form submitted herewith, (i) expunging and disallowing the Disputed Claims, and (ii) granting such other and further relief as this Court deems just and proper.

HALPERIN BATTAGLIA RAICHT, LLP,
Co-Counsel for the Class 10 Liquidation Trust


By:*/s/ Donna H. Lieberman*
    Donna H. Lieberman, Esq.
    Carrie E. Mitchell, Esq.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Co-Counsel for the Class 10 Liquidation Trust


By:*/s/ Ilana Volkov*
    Ilana Volkov, Esq.

DATED: November 13, 2008