**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
  A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., et al., | : FOR THE DISTRICT OF NEW JERSEY |
| | : CHAPTER 11 |
| Debtors. | : CASE NO. 08-14631 (GMB) |
| | : **Hearing Date: December 22, 2008 at 10:00 a.m.** |

### DEBTORS' OBJECTION, OBJECTING TO ADMINISTRATIVE PROOF OF CLAIM OF JULIETTE BROGLIN

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively the "Debtors"),[1] the reorganized debtors, hereby submit, this objection (the "Objection"), pursuant to 11 U.S.C. §§ 105, 502 and 503 to the administrative claim of Juliette Broglin ("Broglin"), seeking to expunge and disallow her proof of claim.  In support of the Objection, the Debtors respectfully represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below):  Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

1

## BACKGROUND

### General

1. On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3. No trustee or examiner has been appointed in these cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5. The Court confirmed (the "Confirmation Order") the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008. The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

6. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Schedules And Proofs Of Claim**

7.     On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Materials").

8.     Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. ("Epiq") as their official claims and noticing agent.

9.     Paragraph 40 of the Confirmation Order required that all parties asserting an Administrative Claim arising between June 16, 2008 and the Effective Date (except for Fee Claims (as defined in the Plan)) were to have been filed no later than September 8, 2008 (the "Second Administrative Claim Bar Date").[2]  Notice of the Second Administrative Claim Bar Date was included in the Debtors' notice of the Effective Date.

10.     Approximately 55 Administrative Claims were filed prior to the Second Administrative Claim Bar Date.  The Debtors have conducted a review and reconciliation of those claims to determine, inter alia, whether they appropriately assert the right to a priority under Section 507 of the Bankruptcy Code.

**Proofs of Claim of Summit**

11.     On or about September 4, 2008, Broglin filed proof of claim no. 882 seeking an administrative claim in the amount of $75,000 related to a wrongful termination matter.  On October 8, 2008, the Debtors filed the third omnibus objection, objecting to claims that improperly assert administrative claim (the "Third Omnibus

---

[2] Requests for payment of Administrative Claims arising between the Petition Date and June 15, 2008 (except for Fee Claims) were to be filed by June 30, 2008, pursuant to a separate Court order.

Objection"). Broglin's Claim No. 882 was included in the Third Omnibus Objection which is still pending before the Court.

12. On or about September 4, 2008, Broglin filed duplicate proof of claim no. 898 seeking an administrative claim in the amount of $75,000 related to the wrongful termination matter (the "Improperly Classified Claim"). Although Claim No. 898 was timely filed, it did not appear on Epiq's claim register until after the Debtors filed the Third Omnibus Objection, thus necessitation this Objection.

## RELIEF REQUESTED AND THE BASIS THEREFOR

13. Pursuant to Bankruptcy Rule 3007(d)(8), the Debtors hereby object to the Improperly Classified Claim listed on Exhibit "A" because it asserts entitlement to an Administrative Claim (as defined in the Plan) even though the claim accrued prior to the Petition Date.

### A. Broglin's Improperly Classified Claim to be Expunged and Disallowed

14. The Debtors have determined that the Improperly Classified Claim identified on Exhibit "A" as "Claim to be Expunged" improperly asserts an Administrative Claim, because the claim accrued prior to the Petition Date. Moreover, Broglin was scheduled by the Debtors with a disputed, contingent and unliquidated claim in the amount of $0.00. Broglin did not file a pre-petition claim.

15. If the Improperly Classified Claim listed on Exhibit "A" is not formally expunged and disallowed the potential exists for Broglin to recover an amount in excess of that to which she is entitled.

4

16. Accordingly, the Debtors request that the Court enter an order expunging and disallowing the proof of claim identified on <u>Exhibit "A"</u> as "Claim to be Expunged."

## RESERVATION

17. The Debtors, on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to object in the future to the claims identified on <u>Exhibits "A"</u> that are not expunged or disallowed on any additional grounds.

## WAIVER OF MEMORANDUM OF LAW

18. This Objection does not raise any novel issues of law and, accordingly, the Debtors respectfully request that the Court waive the requirement contained in Rule 9013-2 of the Local Bankruptcy Rules for the District of New Jersey that a separate memorandum of law be submitted in support of the Objection.

## NOTICE

19. Notice of this Motion has been provided to: (a) counsel for CIT, (b) counsel for Arch, (c) the Office of the United States Trustee, (d) counsel to the Class 10 Liquidating Trustee (as defined in the Plan), (e) Broglin at the address specified on the Improperly Classified Claim, and (f) all parties on the Master Service List. In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested and such other and further relief as is just and proper.

Dated: November 19, 2008  COZEN O'CONNOR, P.C.

By: ___/s/ Jerrold N. Poslusny, Jr.___
  Mark E. Felger
  Jerrold N. Poslusny, Jr.

Attorneys for the Debtors

**VERIFICATION**

Richard Mackessy certifies and states as follows:

1.      I am the Interim Chief Financial Officer of the Reorganized Debtors[3], and I am fully authorized to make this Verification on all of the Debtors' behalf.

2.      I have read the foregoing Objection and I hereby certify and verify that all of the statements contained therein are true.

3.      I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

                                                    _____
                                                    Richard Mackessy

Dated: November 17, 2008

---

[3] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.

CHERRY_HILL\490771\1 226314.000

| Name/Address of Claimant | Claim to be Expunged | | | | | Remaining Claims | | | | Comment |
|---|---|---|---|---|---|---|---|---|---|---|
| | Claim Number | Debtor | Claim Amount | Claim Type | | Cross Claim Number | Debtor | Claim Amount | Claim Type | |
| Broglin, Juliette<br>311 Edgewater Ave.<br>Westville, NJ  08093 | 898 | Shapes/Arch | $75,000.00 | A | | Sch. | Shapes/Arch | $0.00 | U | |