**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
 A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |  |
|---|---|---|
| In re: | : | UNITED STATES BANKRUPTCY COURT |
| SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>, | : | FOR THE DISTRICT OF NEW JERSEY |
|  | : | CHAPTER 11 |
| Debtors. | : | |
|  | : | CASE NO. 08-14631 (GMB) |
|  | : | |
|  | : | **Hearing Date: January 5, 2009 at 10:00 a.m.** |

## DEBTORS' OBJECTION SEEKING ORDER REDUCING AND CLASSIFYING THE CLAIM OF CRAIG SELLER AS A GENERAL UNSECURED CLAIM

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the "<u>Debtors</u>"),[1]

the reorganized debtors, hereby submit this objection (the "<u>Objection</u>"), pursuant to 11 U.S.C.

§§ 105, 502(b) and 507(a)(4), seeking an Order reducing the claim of Craig Seller ("<u>Seller</u>") and

classifying the claim as a Class 10 general unsecured claim.  In support of the Objection, the

Debtors respectfully represent as follows:

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("<u>Shapes/Arch</u>"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("<u>Shapes</u>"); Delair L.L.C. ("<u>Delair</u>"); Accu-Weld L.L.C. ("<u>Accu-Weld</u>"); and Ultra L.L.C. ("<u>Ultra</u>").

## BACKGROUND

### General

1.      On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2.      These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3.      No trustee or examiner has been appointed in these cases.

4.      An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5.      The Court confirmed (the "Confirmation Order") the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008.  The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

6.      The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

### Schedules And Proofs Of Claim

7.      On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules").

8.      Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq

Bankruptcy Solutions, L.L.C. (the "Claims Agent") as their official claims and noticing agent.

9.      On March 18, 2008, this Court entered an order  pursuant to Bankruptcy Rules

2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form

and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

10.      Pursuant to the Bar Date Order, the deadline for all persons and entities to file

proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May

15, 2008.

### Claims of Craig Seller

11.      On or about May 15, 2008, Seller filed proof of claim no. 590 seeking:  (i) a

general unsecured claim for employee wages in the amount of $961.54; (ii) a priority claim,

pursuant to section 507(a)(4) of the Bankruptcy Code, for three weeks accrued vacation in 2007

in the amount of $10,096.15; and (iii) a priority claim, pursuant to section 507(a)(4) of the

Bankruptcy Code, for 2.5 days of vacation accrued from January 1, 2008 through March 16,

2008.

12.      On the same day, May 15, 2008, Seller filed proof of claim no. 562 amending

proof of claim no. 590 (the "Alleged Claim") to include:  (i) a general unsecured claim for

employee wages in the amount of $961.54; (ii) a priority claim for three weeks accrued vacation

in the amount of $10,096.15; (iii) a priority claim for 2.5 days of vacation accrued from January

1, 2008 through March 16, 2008 in the amount of $1,682.69; (iv) non-reimbursed  business

expenses charged to a corporate credit card in the amount of $10,000.00; and (v) any unknown

non-reimbursed business expenses charged to a corporate credit card, including additional

interest accrued and penalties.  The Debtors are only objecting to the portion of the claim for

which Seller has asserted a priority, specifically, Seller's claim for three weeks accrued vacation

in the amount of $10,096.15 and the priority claim for 2.5 days of vacation accrued from January 1, 2008 through March 16, 2008 in the amount of $1,682.69.

## RELIEF REQUESTED

13.     By this Objection, Debtors seek entry of an order, pursuant to 11 U.S.C. §§ 105, 502 and 507 reducing the Alleged Claim to $10,961.15, the amount of unsecured claims alleged by Seller, and classifying the entire amount of the remaining claim as a Class 10 general unsecured claim.

## BASIS FOR RELIEF REQUESTED

14.     Based upon the Debtors' review of the Alleged Claim, they have determined that Seller is not entitled to a priority claim pursuant to 11 U.S.C. § 507(a)(4) because the Debtors' books and records show that Seller was not owed any accrued vacation time as of the Petition Date.  Therefore, the Alleged Claim should be reduced to $10,961.54 (the non-priority amount of the Alleged Claim), and the entire amount should be classified as a Class 10 general unsecured claim.

15.     Section 502(b) provides in pertinent part:

> the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that…such claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. §502(b)(1).

16.     Furthermore, the Debtors assert that, based upon their review and analysis of their books and records, the priority portion of the Alleged Claim is not enforceable under any

applicable law or agreement and, therefore, the Debtors are not liable for that portion of the claim.

17.     Accordingly, the Debtors hereby request that the Court enter an order reducing the amount of the Alleged Claim to $10,961.54 and classifying the remaining amount of the claim as a Class 10 general unsecured claim.

18.     Alternatively, if the Court does not reduce the Alleged Claim to remove the accrued vacation pay, the Court should reduce the amount of the Alleged Claim entitled to priority to reflect vacation pay that accrued during the 180 days prior to the Petition Date.  See 11 U.S.C. § 507(a)(4).  The Alleged Claim presently asserts the right to a priority for approximately fourteen months of accrued vacation.

## RESERVATION

19.     The Debtors, on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to object to any part of Alleged Claim that has not been reduced, expunged or disallowed on any additional grounds at a later date.  Separate notice and hearing will be scheduled for any such objection.

## NOTICE

20.     Notice of this Motion has been provided to: (a) counsel for Arch, (b) counsel for the Class 10 Liquidating Trustee, (c) the Office of the United States Trustee, (d) Craig Seller at the address specified on the Alleged Claim, and (e) all parties on the Master Service List.  In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief

requested and such other and further relief as is just and proper.

Dated:  November 26, 2008                    COZEN O'CONNOR, P.C.

                                             By:  ___*/s/ Jerrold N. Poslusny, Jr.*___
                                                  Mark E. Felger
                                                  Jerrold N. Poslusny, Jr.

                                                  Attorneys for the Debtors

6

## **VERIFICATION**

Richard Mackessy certifies and states as follows:

1.      I am the Interim Chief Financial Officer of the Reorganized Debtors[2], and I am fully authorized to make this Verification on all of the Debtors' behalf.

2.      I have read the foregoing Objection and I hereby certify and verify that all of the statements contained therein are true.


3.      I hereby verify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____
Richard J. Mackessy

Dated: November 25, 2008

---

[2] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.

7