**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
 A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

| | |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS L.L.C., <u>et al.</u>,<br>          Debtors. | :   UNITED STATES BANKRUPTCY COURT<br>:   FOR THE DISTRICT OF NEW JERSEY<br>:   CHAPTER 11<br>:<br>:   CASE NO. 08-14631 (GMB)<br>:<br>:   **Hearing Date: January 5, 2009 at 10:00 a.m.** |

### DEBTORS' OBJECTION SEEKING ORDER
### RECLASSIFYING THE CLAIM OF ERIC S. LABOZ

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the "<u>Debtors</u>"),[1] the reorganized debtors, hereby submit this objection (the "<u>Objection</u>"), pursuant to 11 U.S.C. §§ 105, 502(b) and 507(a)(4), seeking an Order reclassifying the claim of Eric S. Laboz ("<u>Laboz</u>").  In support of the Objection, the Debtors respectfully represent as follows:

### BACKGROUND

#### General

1.     On March 16, 2008 (the "<u>Petition Date</u>"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "<u>Bankruptcy Code</u>").

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("<u>Shapes/Arch</u>"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("<u>Shapes</u>"); Delair L.L.C. ("<u>Delair</u>"); Accu-Weld L.L.C. ("<u>Accu-Weld</u>"); and Ultra L.L.C. ("<u>Ultra</u>").

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3. No trustee or examiner has been appointed in these cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5. The Court confirmed (the "Confirmation Order") the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008. The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

6. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**Schedules And Proofs Of Claim**

7. On the Petition Date the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules").

8. Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. (the "Claims Agent") as their official claims and noticing agent.

9. On March 18, 2008, this Court entered an order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

10. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

11. On or about May 15, 2008, Laboz filed proof of claim no. 614 in the amount of $16,373.48 (the "Alleged Claim"). Laboz asserts that $10,950 of the claim is entitled to priority pursuant to section 507(a)(4) of the Bankruptcy Code. Laboz further asserts that, to the extent payment obligations arose after the Petition Date, he would be entitled to an administrative claim under section 503(b) of the Bankruptcy Code.

12. On November 12, 2008, Ultra filed a complaint against Laboz and other parties in the United States District Court for the Eastern District of Pennsylvania (case no. 08-5365), asserting, inter alia, violations of a non-compete agreement (the "District Court Case").

**RELIEF REQUESTED**

13. By this Objection, Debtors seek entry of an order, pursuant to 11 U.S.C. §§ 105, 502 and 503 reclassifying the Alleged Claim. The Debtors further seek authority to reserve any distribution to Laboz on account of the Alleged Claim until the District Court Case has concluded so that the Debtors can offset or recoup this amount against any judgment they obtain against Laboz in the District Court Case.

**BASIS FOR RELIEF REQUESTED**

14. Based upon the Debtors' review of the Alleged Claim, they have determined that the Alleged Claim is not entitled to an administrative priority because the Alleged Claim is not based upon any services provided to the Debtors after the Petition Date. See In re Roth American, Inc., 975 F.2d 949, 957 (3d Cir. 1992). Therefore, any obligation to Laboz that

3

accrued post-petition was not an "actual, necessary cost [or] expense of preserving the estate[s]" 11 U.S.C. § 503(b)(1)(A).

15.     Moreover, to the extent that Laboz is entitled to a priority claim pursuant to section 507(a)(4) of the Bankruptcy Code, that amount should be capped at $10,950. <u>See</u> 11 U.S.C. § 507(a)(4).

16.     The Debtors should also be authorized to reserve making any distribution to Laboz until the District Court Case is concluded so that there are funds against which the Debtors' can offset their affirmative claims against Laboz.  If the Debtors are not allowed to reserve those funds, it is possible that the Debtors would have no avenue for recovery at the conclusion of the District Court Case.

17.     Accordingly, the Debtors hereby request that the Court enter an order reclassifying the Alleged Claims as a priority claim in the amount of $10,950, and a Class 10 general unsecured claim in the amount of $5,423.  The Debtors further request that the be authorized to reserve that amount until such time as the District Court Case is concluded.

## <u>RESERVATION</u>

18.     The Debtors, on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to object to any part of the Alleged Claim that have not been reduced, expunged or disallowed on any additional grounds at a later date.  Separate notice and hearing will be scheduled for any such objection.

## <u>NOTICE</u>

19.     Notice of this Motion has been provided to: (a) counsel for Arch, (b) counsel for the Class 10 Liquidating Trustee, (c) the Office of the United States Trustee, (d) Eric Laboz at the address specified on the Alleged Claim, and (e) all parties on the Master Service List.  In

light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested and such other and further relief as is just and proper.

Dated:  November 26, 2008					COZEN O'CONNOR, P.C.

						By:	  */s/ Jerrold N. Poslusny, Jr.*
							Mark E. Felger
							Jerrold N. Poslusny, Jr.

							Attorneys for the Debtors

## **VERIFICATION**

Richard Mackessy certifies and states as follows:

1.    I am the Interim Chief Financial Officer of the Reorganized Debtors[2], and I am fully authorized to make this Verification on all of the Debtors' behalf.

2.    I have read the foregoing Objection and I hereby certify and verify that all of the statements contained therein are true.

3.    I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

                                                                       Richard J. Mackessy

Dated: November 25, 2008

---

[2] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.

CHERRY_HILL\503358\1 226314.000