**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
A Pennsylvania Professional Corporation
Liberty View, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
(856) 910-5075 (fax)

Attorneys for the Debtors

|  |  |
|---|---|
| In re:<br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br>        Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>CHAPTER 11<br>CASE NO. 08-14631 (GMB)<br>**Hearing Date:  January 5, 2009 at 10:00 a.m.** |

### DEBTORS' OBJECTION SEEKING TO EXPUNGE AND DISALLOW THE CLAIM OF THE STATE OF NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION

Shapes/Arch Holdings L.L.C. and its related debtor entities (collectively, the "Debtors")[1] and the reorganized debtors (the "Reorganized Debtors"), hereby submit this objection (the "Objection"), pursuant to 11 U.S.C. §502 and Federal Rules of Bankruptcy Procedure 3001 and 3007, seeking to expunge and disallow the claim of the State of New Jersey, Department of Environmental Protection (the "NJDEP"), proof of which was filed and docketed as claim

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("Shapes/Arch"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below):  Shapes L.L.C. ("Shapes"); Delair L.L.C. ("Delair"); Accu-Weld L.L.C. ("Accu-Weld"); and Ultra L.L.C. ("Ultra").

1

number 603 in the claims register.  In support of the Objection, the Debtors respectfully represent as follows:

## BACKGROUND

### General

1. On March 16, 2008 (the "Petition Date"), the Debtors filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code").

2. These cases are being jointly administered pursuant to this Court's Order of March 18, 2008 under the lead debtor "Shapes/Arch Holdings L.L.C."

3. No trustee or examiner has been appointed in these cases.

4. An official committee of unsecured creditors (the "Committee") was appointed on March 31, 2008, and was active in these cases through the Effective Date (defined below).

5. The Court confirmed the Debtors' Third Amended Joint Plan of Reorganization (the "Third Amended Plan") effective as of July 22, 2008.  The Third Amended Plan became effective on August 8, 2008 (the "Effective Date").

6. The Court has jurisdiction over this Objection pursuant to 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

### Schedules And Proofs Of Claim

7. On the Petition Date, the Debtors filed their Statement of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules").

8. Pursuant to this Court's order, dated March 18, 2008, the Debtors retained Epiq Bankruptcy Solutions, L.L.C. (the "Claims Agent") as their official claims and noticing agent.

2

9. On March 18, 2008, this Court entered an order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for proofs of claim and approving the form and manner of notice thereof [Dkt. No. 35] (the "Bar Date Order").

10. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

11. On May 19, 2008, the Debtors filed a motion to set a bar date for filing administrative expense claims (the "Administrative Claim Bar Date Motion") that arose on or prior to June 15, 2008 including, without limitation, claims allegedly entitled to administrative expense treatment under Section 503(b)(9) of the Bankruptcy Code.

12. On May 28, 2008, the court entered an Order granting the Administrative Claim Bar Date Motion and fixed June 30, 2008 as the deadline to file administrative expense claims that arose from the Petition Date through and including June 15, 2008.

### The NJDEP Claim

13. On or about May 14, 2008, the NJDEP filed a proof of claim which was docketed as no. 603 in the claims register, asserting a claim for "costs, including reasonable assessment costs, that it has incurred, or will incur, for the restoration and replacement, where practicable, of any natural resource damaged or destroyed by the discharges at the Site [the real property located at 900 River Road, Delair, New Jersey]" for which the Debtors are allegedly liable; the NJDEP has estimated such costs to total approximately $7,061,600.00 (the "NJDEP Claim").

### RELIEF REQUESTED

14. By this Objection, the Debtors seek entry of an order, pursuant to 11 U.S.C. § 502 and Federal Rules of Bankruptcy Procedure 3001 and 3007, disallowing and expunging the NJDEP Claim, as identified on Exhibit "A" attached hereto, because, inter alia: (i) it contains

3

insufficient documentation in support of the claim asserted, and (ii) it is based on unsubstantiated liability and unsubstantiated dollar amounts that are not discernable from the Debtors' books and records.

15. In the alternative, should this Court find that the NJDEP Claim should not be disallowed and expunged, to the extent the NJDEP Claim is contingent and/or unliquidated, the Debtors seek entry of an order pursuant to 11 U.S.C. § 502(c) estimating the NJDEP Claim for purposes of distribution under Class 9 of the plan of reorganization previously confirmed in these chapter 11 cases.

## BASIS FOR RELIEF REQUESTED

16. In order to be legally sufficient and, therefore, to be *prima facie* valid under the Bankruptcy Rules, a claim must: "(1) be in writing, (2) make a demand on the debtor's estate, (3) express the intent to hold the debtor liable for the debt, (4) be properly filed; and (5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim." *First National Bank of Fayetteville, Arkansas v. Circle J Dairy (In re Circle J Dairy, Inc.)*, 112 B.R. 297, 300 (W.D.Ark. 1989) (citing, *In re Scholz*, 57 B.R. 259 (Bankr.N.D.Ohio 1986)). *See also*, Fed.R.Bankr.P. 3001. Failure to "allege facts sufficient to support a legal liability" renders a proof of claim facially invalid. *See*, *e.g.*, *Hilton v. Hongisto (In re Richard D. Hongisto)*, 293 B.R. 45 (D.N.D.Cal. 2003)(complaint attached to proof of claim failed to demonstrate liability of debtor and, therefore, proof of claim did not constitute *prima facie* valid claim); *In re Circle J Dairy, Inc.*, 112 B.R. 297 (proof of claim lacking adequate factual support is not *prima facie* valid); *In re MK Lombard Group I, Ltd*, 301 B.R. 812 (E.D.Pa 2003)(same).

4

### The NJDEP Claim Should Be Disallowed Because It Failed to Provide Supporting Documentation

17. The NJDEP Claim is not *prima facie* valid because, contrary to the requirements of Bankruptcy Rule 3001, the claim fails to assert any facts or include any documentation to support the alleged amount of the claim.

18. The burden of proof to establish a claim against an estate rests on the claimant. *See In re Chiro Plus, Inc*. 339 B.R. 111, 113 (Bankr. D.N.J. 2006) (claimant bears initial burden of sufficiently alleging and establishing facts to support legal liability). If a proof of claim does not include sufficient factual support, the proof of claim is not entitled to a presumption of *prima facie* validity pursuant to Bankruptcy Rule 3001(a) and (f). *See e.g. In re Allegheny Intern., Inc.*, 954 F.2d 167, 174 (3d Cir. 1992) (in its initial proof of claim filing, claimant must allege facts sufficient to support claim); *see also In re United Cos. Fin. Corp.*, 267 B.R. 524, 527 (Bankr. D. Del. 2000) (claimant must allege facts sufficient to support legal basis for its claim to constitute *prima facie* evidence of the validity and amount of the claim).

19. Pursuant to Federal Rule of Bankruptcy Procedure 3001(a), a proof of claim must "conform substantially to the appropriate Official Form." The appropriate official form, Form 10B, requires, among other things, that the claimant "must attach to this proof of claim form copies of documents that show the debtor owes the debt claimed or, if the documents are too lengthy, a summary of those documents. If documents are not available, [the claimant] must attach an explanation of why they are not available." The NJDEP failed to attach any documentation in support of its claim. Further, it failed to allege that such documentation was unavailable and therefore could not be provided. Because the NJDEP Claim does not include documentation supporting the claim, the NJDEP Claim can not constitute *prima facie* evidence of the validity and amount of the claim. *See* Fed.R.Bankr.P. 3001(f).

5

20. Further, the NJDEP has conceded that is does not hold a noncontingent liquidated claim for the amount asserted. *See* NJDEP Claim. The NJDEP Claim states on its face that the NJDEP has "estimated" its damages to total $7,061,600.00. A proof of claim does not constitute *prima facie* evidence of the validity of the claim when the claimant merely estimates the amount owed. *See In the Matter of Lindell Drop Forge Company*, 111 B.R. 137 (Bankr.W.D.Mich. 1990), (court refused to allow union to vote for trustee because amount of claim was only estimate and proof of claim did not disclose "any agreement or mathematical formula by which its asserted indebtedness may be readily calculated or ascertained"). Moreover, by providing only a mere estimate of owed damages and the assertion of liability without supporting documentation, the NJDEP has deprived the Debtors of the opportunity to meaningfully review the NJDEP Claim.

21. Accordingly, the Debtors hereby request that the Court enter an order expunging and disallowing the NJDEP Claim.

## The NJDEP Claim Should Be Disallowed And Expunged Because It Is Unsubstantiated By Debtors' Books and Records

22. Bankruptcy Code Section 502(b) provides in pertinent part:

> the court, after notice and hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that…such claim is unenforceable against the debtor or property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured.

11 U.S.C. § 502(b)(1).

23. The filing of a bankruptcy petition does not alter the burden of proof applicable to claims under nonbankruptcy law. *Raleigh v. Ill. Dept. of Revenue*, 530 U.S. 15, 120 S. Ct. 1951 (2000). Even when a claimant's proof of claim is entitled to the presumption of *prima facie*

6

validity under Bankruptcy Rule 3001(f) (which Debtors deny here), such presumption applies only until an objecting party refutes "at least one of the allegations that is essential to the claim's legal sufficiency." *In re WorldCom, Inc.*, No. 02-13533, 2005 WL 3832065, at *4 (Bankr. S.D.N.Y. Dec. 29, 2005) (quotations omitted). Once such allegation is refutted, "the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence." *Id*.

24. Based upon the review and analysis of their books and records, the Debtors assert that the NJDEP Claim is not enforceable under any applicable law or agreement and, therefore, the Debtors are not liable for such claim.

25. Accordingly, the Debtors hereby request that the Court enter an order expunging and disallowing the NJDEP Claim.

## RESERVATION

26. The Debtors, on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to modify, amend, supplement or revise this objection to assert any other bases under applicable bankruptcy or nonbankruptcy law for the disallowance of the NJDEP Claim.

27. The Debtors, on their behalf and on behalf of the Class 10 Liquidating Trustee, hereby reserve the right to object at a later date on any basis whatsoever to any part of the NJDEP Claim that has not been expunged or disallowed. Separate notice and hearing will be scheduled for any such objection.

## NOTICE

28. Notice of this Motion has been provided to: (a) counsel for Arch, (b) counsel for the Class 10 Liquidating Trustee, (c) the Office of the United States Trustee, (d) the NJDEP at the address specified on the NJDEP Claim, and (e) all parties on the Master Service List. In light of the nature of the relief requested herein, the Debtors submit that no further notice is necessary.

7

WHEREFORE, the Debtors respectfully request that the Court enter an order granting the relief requested and such other and further relief as is just and proper.

Dated:  November 26, 2008	COZEN O'CONNOR, P.C.

By: ___/s/ Jerrold N. Poslusny, Jr.___
    Mark E. Felger
    Jerrold N. Poslusny, Jr.

Attorneys for the Debtors

**VERIFICATION**

Richard Mackessy certifies and states as follows:

1. I am the Interim Chief Financial Officer of the Reorganized Debtors[2], and I am fully authorized to make this Verification on all of the Debtors' behalf.

2. I have read the foregoing Objection and I hereby certify and verify that all of the statements contained therein are true.

3. I hereby verify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me is willfully false, I am subject to punishment.

_____
Richard Mackessy

Dated: November \_\_\_, 2008

6662956v2

---

[2] Unless otherwise defined capitalized terms shall have the same meaning ascribed to them in the Motion.

# **EXHIBIT "A"**

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
Richard J. Hughes Justice Complex
25 Market Street
PO Box 093
Trenton, NJ 08625-0093
Attorney for Department of
   Environmental Protection

By: Rachel Jeanne Lehr
    Deputy Attorney General
    (609)984-5016

Filed: USBC - District of New Jersey - Camden
Shapes/Arch Holdings L.L.C., Et Al.
08-14631 (GMB)          0000000603



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re Shapes/Arch Holdings L.L.C. et al., : <br> : <br> Debtor. : <br> : | Chapter 11 <br> Case No. 08-14631 (GMB) |

PROOF OF CLAIM

1.    The Attorney General of New Jersey, by Rachel Jeanne Lehr, Deputy Attorney General appearing, files this Proof of Claim for the State of New Jersey, Department of Environmental Protection ("Department" or "State"), a principal department within the Executive Branch of the State government.

2.    The Attorney General of New Jersey is authorized to make this Proof of Claim for the Department.  The undersigned does so without the authority to waive the State of New Jersey's or its officers' sovereign immunity under the United States Constitution or to consent to this Court's exercise of jurisdiction over the State of New Jersey or its officers.  Accordingly, nothing in this

pleading is intended to waive the State of New Jersey's or its officials' immunity from suit in federal court under its sovereign immunity in the United States Constitution.

3.  The Department is making this Proof of Claim for the costs, including reasonable assessment costs, it has incurred, or will incur, for the restoration and replacement, where practicable, of any natural resource damaged or destroyed by the discharges at the Site under applicable federal and state environmental statutes and regulations including the New Jersey Spill Compensation and Control Act ("the Spill Act"), N.J.S.A. 58:10-23.11 et seq., concerning the real property located at 900 River Road, Delair, New Jersey, ("the Site"), for which the Debtor ("the Debtor") is liable.

4.  Natural resources of the State of New Jersey have been, and will continue to be, damaged or destroyed by the discharge of hazardous substances at the Site.

5.  The Department is making this Proof of Claim for any costs, including reasonable assessment costs, it has incurred, or will incur, for the restoration and replacement, where practicable, of any natural resource damaged or destroyed by the discharges at the Site.

6.  The Department has estimated that restoration and replacement costs of the damaged groundwater, including assessment costs, will total about $7,061,600.00 for the Site.

7.  The Debtor discharged hazardous substances at the Site and is responsible for the natural resource damages, said substances having entered onto the soils and into waters of the State of New Jersey.

8.  Pursuant to N.J.S.A. 58:10-23.11u.b.(4), the Debtor is also strictly liable, jointly and severally, without regard to fault, for all restoration and replacement costs, including reasonable assessment costs, the Department has incurred, and will incur, for the Site.

9.  The Department and the Administrator reserve the right to amend this Proof of Claim from time-to-time to include any additional costs or damages they may incur during the pendency of these bankruptcy proceedings.

10. No judgments have been rendered on these claims.

11. The Debtor has made no payments on these claims.

12. These claims are not subject to any set-off or counterclaim.

13. This Proof of Claim is not to be construed as a waiver of any other claim or right, including penalties or tax claims, which the Department, the Administrator or any other agency or instrumentality of the State may have against the Debtor, the Debtor's estate or any other person.

Respectfully submitted,

```
                              ANNE MILGRAM
                              ATTORNEY GENERAL OF NEW JERSEY



                          By: /S//Rachel Jeanne Lehr
                              Rachel Jeanne Lehr
                              Deputy Attorney General

Dated: May 14, 2008
```