Joseph G. Gibbons, Esq.
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-7000

Attorneys for Century Indemnity Company

Mark D. Plevin
Matthew W. Cheney
Kelly R. Cusick
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2595
(202) 624-2500

and

John Sullivan
POST & SCHELL PC
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 587-1000

Attorneys for Liberty Mutual Insurance Company and
Wausau Underwriters Insurance Company

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | Chapter 11 |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | Case No. 08-14631 (GMB) |
| Debtors. | Hon. Gloria M. Burns<br>Hearing Date January 5, 2009<br>at 10:00 a.m. |

**CERTAIN INSURERS' OBJECTION TO, AND JOINDER IN DEBTORS'**
**OBJECTIONS TO, THE CLAIM OF THE STATE OF NEW JERSEY,**
**DEPARTMENT OF ENVIRONMENTAL PROTECTION**

Liberty Mutual Insurance Company, Wausau Underwriters Insurance Company,

PHLDMS1 4876931v.2

and Century Indemnity Company (collectively, "Certain Insurers"), parties in interest, hereby join in and adopt all objections to the State of New Jersey, Department of Environmental Protection's claim, proof of which was filed and docketed as claim 603 in the claims register (the "NJDEP Claim"), including Debtors' Objection Seeking To Expunge And Disallow The Claim Of The State Of New Jersey, Department Of Environmental Protection;[1] by so joining, Certain Insurers specifically adopt Debtors' argument that the NJDEP Claim should be disallowed and expunged because, contrary to the requirements of Federal Rules of Bankruptcy Procedure 3001 and 3007, the NJDEP Claim fails to assert any facts or include any documentation to support the alleged amount and liability of the claim.

1. Certain Insurers further object to the NJDEP Claim, and seek the entry of an order disallowing and expunging the claim, for the following reasons:[2]

2. The NJDEP Claim does not limit its request to pre-petition damages as required by 11 U.S.C. § 502(b), but rather seeks to recover for estimated and speculative future damages. The NJDEP has conceded that is does not hold a noncontingent liquidated claim for the amount asserted. It states on its face that the NJDEP has "estimated" its damages to total $7,061,600.00. A proof of claim does not constitute *prima facie* evidence of the validity of the claim when the claimant merely estimates the amount owed. *See In the Matter of Lindell Drop Forge*

---

[1] Certain Insurers file this objection and joinder as a protective measure and out of an abundance of caution because the NJDEP's claim may be classified as a Class 9 environmental claim. Nothing is or should be construed as an admission of coverage and, indeed, this matter is subject to Certain Insurers' prior reservation of rights. Certain Insurers reserve all of their rights, remedies, claims and defenses.

[2] Certain Insurers reserve the right to modify, amend, supplement and/or revise this objection and to assert any other bases under applicable bankruptcy or nonbankruptcy law for the disallowance of the NJDEP Claim. Certain Insurers also reserve the right to object at a later

(continued…)

*Company*, 111 B.R. 137 (Bankr.W.D.Mich. 1990), (court refused to allow union to vote for trustee because amount of claim was only estimate and proof of claim did not disclose "any agreement or mathematical formula by which its asserted indebtedness may be readily calculated or ascertained").  Moreover, by providing only a mere estimate of owed damages and the assertion of liability without supporting documentation, the NJDEP has deprived parties in interest of the opportunity to meaningfully review the NJDEP Claim.

3. The NJDEP Claim improperly requests payment of future losses and should, therefore, be disallowed and expunged.  It states, the NJDEP "is making this Proof of Claim for the costs that, including reasonable assessment costs, it has incurred, **or will incur**…". *See* NJDEP Claim at ¶ 3 (emphasis added.)   Pursuant to the Bankruptcy Code, however, the amount of a claim is measured as of the petition date.  Section 502 provides that if an objection to a claim is filed, "the court, after notice and a hearing, shall determine the amount of such claim…**as of the date of filing the petition**…" 11 U.S.C. § 502 (b)(emphasis added).  The NJDEP, however, does not limit its claim to pre-petition damages (indeed it does not even allege that it has incurred pre-petition damages); rather, it seeks to recover for admittedly estimated and speculative future damages.  Accordingly, Certain Insurers hereby request that the Court enter an order expunging and disallowing the NJDEP Claim.

4. In the alternative, should this Court find that the NJDEP Claim should not be disallowed and expunged, Certain Insurers seek entry of an order pursuant to 11 U.S.C. § 502(c) estimating the NJDEP Claim for purposes of distribution under the plan of reorganization

---

(…continued)

date on any basis whatsoever to any part of the NJDEP Claim that has not been expunged or disallowed.  Separate notice and hearing will be scheduled for any such objection.

- 3 -

PHLDMS1 4876931v.2

previously confirmed in these Chapter 11 cases.

     5.    Section 502(c) of the Bankruptcy Code provides that the Court shall estimate for purposes of allowance "any contingent or unliquidated claim, the fixing or liquidation of which, as the case may be, would unduly delay the administration of the case." 11 U.S.C. § 502(c). "The language of section 502(c) is mandatory and places an affirmative duty on the court to estimate unliquidated claims under proper circumstances." *In re Fox*, 64 B.R. 148, 151 (Bankr. N.D. Ohio 1986). Fixing or liquidating the NJDEP Claim, a contingent, unliquidated claim, would unduly delay administration of the case. The NJDEP Claim alleges that the Debtors are liable for "any natural resources damaged or destroyed by the discharge at" certain property owned by one or more Debtors. Litigation to determine whether any of the Debtors are liable for any environmental damage at the site and, if so, the amount of Debtors' liability for such damages would be both costly and time consuming.

     6.    Requiring the Court to fix or liquidate a complicated environmental dispute like the one at the heart of the NJDEP Claim would unduly delay administration of this case. Accordingly, should this Court determine that the NJDEP Claim should not be either disallowed or expunged, the Court must estimate the Claim.

PHLDMS1 4876931v.2

For these reasons and the reasons set forth in any other objection to the NJDEP Claim, the Court should disallow and expunge the NJDEP Claim and grant such other and further relief as is just and proper.

DATED: November 26, 2008

Respectfully submitted,

/s/ Joseph G. Gibbons
Joseph G. Gibbons, Esq.
WHITE AND WILLIAMS LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395
(215) 864-7000

Attorneys for Century Indemnity Company

Mark D. Plevin
Matthew W. Cheney
Kelly R. Cusick
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2595
(202) 624-2500

and

John Sullivan
POST & SCHELL PC
1600 John F. Kennedy Blvd.
Philadelphia, PA 19103
(215) 587-1000

Attorneys for Liberty Mutual Insurance Company
and Wausau Underwriters Insurance Company