Jeffrey Kurtzman, Esquire (JK-7689)
**KLEHR, HARRISON, HARVEY,**
**BRANZBURG & ELLERS**
A Pennsylvania Limited Liability Partnership
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220
Phone: (856) 486-7900
Fax: (856) 486-4875
Attorneys for Eric S. Laboz

|  |  |
|---|---|
| In re | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY |
| | Chapter 11 |
| SHAPES/ARCH HOLDINGS, L.L.C., | |
| | Case No. 08-14631 (GMB)<br>(Jointly Administered) |
| Debtor. | |
| | **Hearing Date: January 5, 2009 at 10:00 a.m.** |

### RESPONSE OF ERIC S. LABOZ TO DEBTOR'S OBJECTION
### SEEKING ORDER RECLASSIFYING CLAIM NO. 614

TO:   THE HONORABLE GLORIA M. BURNS,
      UNITED STATES BANKRUPTCY JUDGE:

The response of Eric S. Laboz (the "Claimant"), by and through his undersigned attorneys, to the objection of Shapes/Arch Holdings, L.L.C. and its affiliates (collectively, the "Reorganized Debtors") seeking an order pursuant to 11 U.S.C. §§ 105, 502(b) and 507(a)(4) reclassifying claim no. 614 filed by the Claimant (the "Claim"), respectfully represents as follows:

### BACKGROUND

1.   On March 16, 2008 (the "Petition Date"), the Reorganized Debtors filed respective voluntary petitions for reorganization pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

PHIL1 818012-1

2. Pursuant to an order dated March 18, 2008, the Reorganized Debtors' respective Chapter 11 cases were administratively consolidated.

3. On or about July 22, 2008, this Court entered an order confirming the third amended joint plan of reorganization proposed by the Reorganized Debtors (the "Plan").

4. On May 15, 2008, the Claimant filed the Claim, a copy of which is annexed hereto and made a part hereof as Exhibit "A". As reflected in the Objection, the Claim asserts claims against Ultra, LLC ("Ultra"), one of the Reorganized Debtors, in the aggregate amount of $16,373.48. Of this sum, $10,950.00 is a priority claim pursuant to § 507(a)(4) of the Bankruptcy Code, with the balance of $5,423.00 being a general unsecured claim.

5. On or about November 26, 2008, the Reorganized Debtors filed the Objection, in which they are asking this Court to "reclassify" the Claim. However, as set forth in detail below, the Claimant submits that there appears to be no actual controversy concerning the amount, priority or validity of the Claim, which should accordingly be allowed as filed.

### THE RELIEF REQUESTED AND THE REASONS THEREFOR

6. In relation to the Claim itself, the relief sought in the Objection is confusing. Paragraph 17 of the Objection describes the relief being sought as follows:

> Accordingly, the Debtors hereby request that the Court enter an order reclassifying the Alleged Claim as a priority claim in the amount of $10,950, and a Class 10 general unsecured claim in the amount of $5,423. The Debtors further request that the [sic] be authorized to reserve that amount until such time as the District Court Case is concluded.

7. With respect to the purported "reclassification" of the Claim, the Claimant submits that the relief articulated in the first sentence of paragraph 17 of the Objection is precisely the information set forth in the Claim. As such, there appears to be no disagreement between the Claimant and the Reorganized Debtors as to the amount or priority of the Claim.

PHIL1 818012-1

8. However, the Reorganized Debtors are also requesting that this Court enter an order authorizing them to withhold or defer any distribution on account of the Claim as a result of Ultra's commencement of an action against the Claimant in a forum other than this Court. This request is apparently being made on the grounds that to do so would facilitate the Reorganized Debtors' ability to offset any recovery against the Claimant in the unrelated action against the distribution to which the Claimant is otherwise entitled to receive under the Plan.

9. It is notable that the Reorganized Debtors' only stated rationale for such a result is set forth in paragraph 16 of the Objection, which states:

> The Debtors should also be authorized to reserve making any distribution to Laboz until the District Court Case is concluded so that there are funds against which the Debtors' [sic] can offset their affirmative claims against Laboz. If the Debtors are not allowed to reserve those funds, it is possible that the Debtors would have no avenue for recovery at the conclusion of the District Court Case. (Emphasis added).

10. While anything is possible, the Reorganized Debtors are required to set forth some more imminent harm to justify the extraordinary remedy of withholding the Claimant's distribution than the mere unsubstantiated prospect that the Claimant may not be in a position to satisfy an award by a court other than this one. In this regard, it is notable that the Reorganized Debtors have not come forward with a single citation to any provision of the Bankruptcy Code, relevant case law or their own confirmed Plan to justify withholding the Claimant's distribution.

11. The Claimant submits that the action commenced by Ultra against him is entirely without merit. However, even if it were not, the Reorganized Debtors would need to demonstrate genuine cause for withholding the Claimant's distribution or otherwise be required to convince this Court that they have no adequate remedy at law. Since the Reorganized Debtors have failed even to allege any such basis for the relief requested in the Objection, their request should be denied.

PHIL1 818012-1

## CONCLUSION

12. For the reasons hereinabove set forth, the Claim should be allowed as filed, and the Reorganized Debtors' request to withhold the distribution to which the Claimant is entitled should be denied.

WHEREFORE, the Claimant respectfully requests the entry of an Order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: December 2, 2008

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS, LLP

By:_____
    Jeffrey Kurtzman, Esquire (JK-7689)

Attorneys for Eric S. Laboz