**ASHELY M. CHAN**
**JAMES M. MATOUR**
**HANGLEY ARONCHICK**
 **SEGAL & PUDLIN**
20 Brace Road
Cherry Hill, NJ  08034-2634
Telephone: (856) 616-2100
Facsimile:  (856) 616-2170

*Attorneys for Steven Grabell*

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| | : FOR THE DISTRICT OF NEW JERSEY |
| | : |
| SHAPES/ARCH HOLDINGS L.L.C., | : CHAPTER 11 |
|  et al. | : |
| | : CASE NO. 08-14631 (GMB) |
| Debtors. | : |

**ANSWER OF STEVEN GRABELL**
**TO MOTION TO EXPUNGE ADMINISTRATIVE CLAIM**

Steven Grabell, through his counsel, Hangley Aronchick Segal & Pudlin, answers the

Reorganized Debtors' Objection Seeking Order to Expunge Administrative Claim of Steven

Grabell, ("Motion") as follows:

**JURISDICTION**

1.      Admitted.

**BACKGROUND**

**A.      Filing of Debtors' Bankruptcy Cases**

2.      Admitted.

3.      Admitted.

4.      Admitted.

**B.**     **The Debtors' Business**

       5.      Admitted except that the Debtors have sold their business.

       6.      Admitted except that the Debtors have sold their business.

       7.      Admitted except that the Debtors have sold their business.

       8.      Admitted except that the Debtors have sold their business.

       9.      Admitted except that the Debtors have sold their business.

**C.**     **Bar Date to File Proofs of Claim**

       10.     Admitted.

       11.     Admitted.

       12.     Admitted.

       13.     Admitted.

       14.     Admitted.

**D.**     **Confirmation of the Debtors' Joint Plan**

       15.     Admitted.

       16.     Admitted.

**E.**     **Grabell's Administrative Claim**

       17.     Admitted.

       18.     It is admitted that Grabell filed a Proof of Claim, a copy of which is attached to

2

the Motion as Exhibit A.  The Movants' characterization thereof is denied.  In particular, but

without limitation, Grabell did not designate the entire amount of his claim as an unsecured,

nonpriority claim.  To the contrary, the status of Grabell's claim was conspicuously qualified by

Exhibit A to the Proof of Claim, which stated that up to $356,571.00 of Grabell's claim would be

entitled to priority as an administrative expense.

19.     It is admitted that Grabell filed a request for administrative expense, a copy of

which is attached to the Motion as Exhibit B.  Movants' characterization is denied.

20.     Admitted.

## RELIEF REQUESTED

21.     It is denied that Movants are entitled to the relief sought.

## BASIS FOR RELIEF REQUESTED

### A.     Grabell's Administrative Claim is Time Barred

22.     The Administrative Claim Bar Date Order speaks for itself and Movants'

characterization thereof is denied.

23.     It is admitted that Grabell's administrative claim was filed on September 5, 2008.

It is denied that Grabell could or should have filed his request for administrative claim on or

before the earlier Bar Date because, among other reasons, his administrative claim arises under

an executory contract which had not been assumed or rejected at that time.  Moreover, by its

terms the Administrative Claim Bar Date Order only applied to administrative claims accruing

through June 15, 2008.

### B.     Grabell's Administrative Claim Fails to Provide Required Supporting Documents

3

24.     Denied.  Rule 3001 has no application to administrative claims, but only applies to pre-petition claims.

25.     Denied.  Grabell's compensation agreement is set forth in the 2005 agreement which was duly attached to his Proof of Claim.  Moreover, the 2005 Agreement attached to the claim clearly provides, on its face, that the liquidated amount of $1,220,000.00 had accrued and was fully earned and vested pursuant to the earlier agreement to which Movants refer.  There was no need to attach the earlier agreement.

**C.     Grabell's Failure to Properly Disclose His Alleged Bonus as a Breach of Fiduciary Duty and Bars Grabell's Administrative Claim**

26.     Denied.  Grabell has made all necessary disclosures.

27.     Denied.  Grabell has made all necessary disclosures.

28.     It is denied that the Motion was timely served on Grabell or his counsel; however, it is admitted that no further notice at this time is required.

Dated: December 9, 2008

**HANGLEY ARONCHICK SEGAL & PUDLIN**

By:_____
Ashely M. Chan, Esquire
20 Brace Road
Suite 201
Cherry Hill, NJ  08034-2634

*Attorneys for Steven Grabell*

4

**ASHELY M. CHAN**
**JAMES M. MATOUR**
**HANGLEY ARONCHICK**
 **SEGAL & PUDLIN**
20 Brace Road
Cherry Hill, NJ  08034-2634
Telephone: (856) 616-2100
Facsimile:  (856) 616-2170

*Attorneys for Steven Grabell*

_____

|  |  |  |
|---|---|---|
| In re: | : | UNITED STATES BANKRUPTCY COURT |
|  | : | FOR THE DISTRICT OF NEW JERSEY |
|  | : |  |
| SHAPES/ARCH HOLDINGS L.L.C., | : | CHAPTER 11 |
|  et al. | : |  |
|  | : | CASE NO. 08-14631 (GMB) |
| Debtors. | : |  |

_____:

**PROPOSED ORDER**
**TO MOTION TO EXPUNGE ADMINISTRATIVE CLAIM**

And now this _____ day of _____, 2008, upon consideration of the request

of Steven Grabell for payment of administrative expense, the Objection filed by the Reorganized

Debtors thereto, after notice and hearing, it is hereby ORDERED that Steven Grabell is hereby

allowed an administrative expense claim in the amount of $356,571.00 and the Reorganized

Debtors are directed to pay such amount to Steven Grabell forthwith.

_____
Gloria M. Burns, Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, Ashely M. Chan, do hereby certify that on this date a true and correct copy of the

foregoing Answer of Steven Grabell to Motion to Expunge Administrative Claim and attached

Proposed Order has been served electronically upon the following:

Alan J. Brody, Esquire
Greenberg Traurig, LLP
200 Park Avenue
Florham Park, NJ  07932

Date:   December 9, 2008                  _____
                                          Ashely M. Chan, Esquire