# EXHIBIT A



# SHAPES/ARCH HOLDINGS L.L.C.

## 2005 DEFERRED COMPENSATION AGREEMENT
## FOR STEVEN S. GRABELL

DEFERRED COMPENSATION AGREEMENT made as of the 1st day of January __, 2005 between Shapes/Arch Holdings L.L.C., a New Jersey Limited Liability Company, (hereinafter referred to as "Company") and Steven S. Grabell (hereinafter referred to as "Grabell").

## BACKGROUND

A.    Grabell is a valued manager and key executive of the Company. In consideration of his prior services and as an additional inducement to Grabell to continue to render services to the Company, the Company, pursuant to a Deferred Compensation Agreement dated as of August 1, 2001 which Agreement was amended and restated as of December 12, 2003 (the "Prior Agreement"), agreed to provide deferred compensation benefits to Grabell.

B.    The Prior Agreement was frozen with respect to amounts earned and vested by Grabell prior to January 1, 2005. As of December 31, 2004, the nonforfeitable amount of the deferred compensation benefit to which Grabell is entitled pursuant to the terms of the Prior Agreement is One Million Two Hundred Twenty Thousand Dollars ($1,220,000).

C.    The Company desires to adopt a new benefit program for Grabell (the "2005 Plan") on the terms and conditions hereinafter set forth.

NOW THEREFORE, the parties hereto, intending to be legally bound hereby, agree as follows:

## AGREEMENT

1.    <u>Deferred Compensation Bonus</u>.    The Company hereby agrees to pay a deferred compensation bonus to Grabell in the amount of Seven Hundred Eighty Thousand Dollars ($780,000) on the terms hereafter set forth. Notwithstanding the foregoing, if Grabell should voluntarily cease to perform services for the Company, other than by reason of "disability" (as hereinafter defined) or a reduction in his compensation or the scope of his duties or authority, the amount of deferred compensation otherwise payable to Grabell under the 2005 Plan shall be reduced by an amount equal to the product of (a) $780,000, times (b) a fraction, the numerator of which is the number of full months from the date of Grabell's voluntary termination of the performance of services for the Company until October 31, 2010, and the denominator of which is 70. Any deferred compensation bonus payable to Grabell hereunder shall be net of all applicable withholdings.

2.    <u>Payment of Deferred Compensation</u>.    The bonus provided for in Paragraph 1 of this 2005 Plan shall be paid to Grabell in a lump sum within sixty (60) days after the sooner to occur of Grabell's (i) death; (ii) the date on which Grabell becomes "disabled", (iii) Grabell's attainment of age fifty (50); (iv) upon Grabell's "separation from service" with the Company as determined pursuant to the rules set forth in Section 409A of the Internal Revenue Code of 1986, as amended (the "Code") and the Regulations promulgated thereunder; or (v) if, and then only to the extent (if at all) permitted by Section 409A of the Code and the Regulations promulgated

thereunder with respect to deferred compensation plans maintained by limited liability companies, upon a change in the ownership or effective control of the Company or in the ownership of a substantial portion of its assets.  Notwithstanding the foregoing, if the bonus hereunder is paid following separation from service, as provided in (iv) above, it shall be paid in twelve (12) equal, consecutive quarterly installments beginning on the thirtieth (30th) day after the last day on which Grabell performs services for the Company, if Grabell voluntarily ceases to perform services for the Company (other than by reason of a reduction in his current compensation or scope of his duties); otherwise, it shall be paid in a lump sum.  For purposes of this 2005 Plan, "disabled" shall have the meaning specified in Section 409A(a)(2)(C) of the Code.

3.  Beneficiary.    Grabell shall have the right to designate in writing on Schedule A attached hereto one or more beneficiaries or contingent beneficiaries to receive any bonus payable hereunder on account of Grabell's death.  Grabell shall have the right to change his beneficiary designation at any time by amending Schedule A hereto or by an instrument in writing signed by Grabell and delivered to the Company.  If Grabell does not designate a beneficiary, or the beneficiary and all contingent beneficiaries die before payments commence, Grabell's beneficiary shall be his estate.

4.  General Obligation.    The rights and benefits of Grabell (and any beneficiary hereunder) shall be solely those of an unsecured creditor of the Company.  No assets acquired or held by the Company shall be deemed to be held by the Company in escrow or trust or to be security for the performance of any obligation of the Company hereunder.

5.  Controlling Law.    This Agreement and all questions relating to its validity, interpretation, performance or enforcement, shall be governed by and construed in accordance with the laws of the State of New Jersey.

6.  Assignment.    Except for the right to designate a beneficiary, Grabell may not assign, transfer, pledge or encumber his rights under this Agreement.

7.  Membership in Company.    Nothing contained herein shall be construed as conferring upon Grabell the right to continue to perform services for the Company or to be a member of the Company.

8.  Binding Agreement.    This Agreement shall be binding upon the Company and its successors and assigns and shall be binding upon and inure to the benefit of Grabell and his heirs, beneficiaries and personal representatives.  This Agreement shall not confer any rights or remedies upon any person other than the parties hereto and their personal representatives, heirs, beneficiaries, permitted successors and assigns.

9.  Amendment of Agreement.    This Agreement may be amended in whole or in part only by a written agreement between the Company and Grabell.

10. Paragraph Headings.    The paragraph headings used in this Agreement are for convenience of reference only and shall not be construed to be a part of this Agreement.

11. Interpretation.        The parties hereto intend that this 2005 Plan satisfy the requirements of Section 409A of the Code, which was recently enacted, and the 2005 Plan shall be interpreted in light of that intent.  To the extent that the provisions of the 2005 Plan

2

conflict with any requirements of the Code and/or Regulations, the 2005 Plan shall be modified to the extent required to conform to such requirements.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

SHAPES/ARCH HOLDINGS L.L.C.

By: _____
                Manager

WITNESS:

_____
STEVEN S. GRABELL

_____

3

PHILA1\1452190\8 077771.000

## DEFERRED COMPENSATION AGREEMENT

### SCHEDULE A

I hereby designate the following person(s) as the beneficiary of any death benefit provided by this Agreement.  If I have designated more than one beneficiary, they shall share equally unless I have otherwise specified.

Beneficiary: _The Testamentary Trustee under the last will of Steven S. Grabell, including any codicils._

Relationship: _____

WITNESS:

STEVEN S. GRABELL

PHILA\14521908 077771.000

# EXHIBIT B



UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

In re:

SHAPES/ARCH HOLDINGS L.L.C., et al.,

Debtors.

Case No. 08-14631 (GMB)
(Jointly Administered)

Judge: Gloria M. Burns

Chapter: 11

## ORDER APPROVING DEBTORS' MOTION TO ESTABLISH DEADLINE FOR FILING REQUESTS FOR ALLOWANCE OF CHAPTER 11 ADMINISTRATIVE EXPENSES AND APPROVING AND AUTHORIZING NOTICE WITH RESPECT THERETO

The relief set forth on the following pages, numbered two (2) through three (3) is hereby

**ORDERED:**

**DATED: 5/28/2008**

_____
Honorable Gloria M. Burns
United States Bankruptcy Court Judge

Page 2

Shapes/Arch Holdings, L.L.C., et al.

Case No. 08-14631(GMB)

Order Approving Debtors' Motion to Establish Deadline for Filing Requests for Allowance of Chapter 11
Administrative Expenses and Approving and Authorizing Notice With Respect Thereto

---

Upon consideration of the Debtors' Motion (the "Motion")[1] for entry of an Order (i) establishing the deadline for filing requests for allowance of administrative expenses; and (ii) approving a form of notice regarding the deadline; and this Court having jurisdiction to consider the Motion and that under the circumstances such notice is adequate; and after due deliberation and sufficient cause appearing therefore; it is hereby ORDERED:

1.    That the Motion is GRANTED on the terms and conditions contained herein.

2.    That June 30, 2008 (the "Administrative Expense Bar Date") is the last date by which all persons or entities who assert a claim for the actual, necessary costs and expenses of preserving the estates, allowable under 11 U.S.C. §503 (including, for the avoidance of doubt, claims under §503(b)(9)), arising between March 16, 2008 through and including June 15, 2008 (an "Administrative Expense Claim"), must file with Epiq Bankruptcy Solutions, LLC ("Epiq") and serve upon Debtors' counsel Requests for Allowance of Administrative Expense Claims.[2] The Administrative Expense Bar Date shall not apply to claims arising under § 503(b)(2) and claims for expenses of any committee member appointed in accordance with § 1102.

3.    That a Notice, substantially in the form of Notice attached to this Order as Exhibit "A" is approved.

---

[1]    Unless otherwise defined herein, capitalized terms shall have the same meanings ascribed to them in the Motion.

[2] Section 503(b)(9) claims are claims for the value of any goods received by the Debtors, within 20 days before the date of commencement of the Chapter 11 cases, in which the goods have been sold to the Debtors in the ordinary course of business.

*Approved by Judge Gloria M. Burns May 28, 2008*

Page 3

Shapes/Arch Holdings, L.L.C., et al.

Case No. 08-14631(GMB)

Order Approving Debtors' Motion to Establish Deadline for Filing Requests for Allowance of Chapter 11
Administrative Expenses and Approving and Authorizing Notice With Respect Thereto

---

4.    That the Debtors are authorized and directed to serve the Notice on (a) all creditors identified by the Debtors as being or potentially being Administrative Creditors; (b) all parties who have filed pending requests for allowance and/or payment of Administrative Expenses, and (c) all parties having filed a request for Notice pursuant to Bankruptcy Rule 2002 within five (5) business days hereof.

5.    That any person or entity that is required to but fails to file and serve an Administrative Expense Claim Request in accordance with this Order on or before the Administrative Expense Bar Date shall be forever barred and estopped and enjoined from asserting an Administrative Expense Claim against any of the Debtors or the Debtors' Estates;

6.    That each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that asserts an Administrative Expense against any of the Debtors that arose between March 16, 2008 through and including June 15, 2008, must file with Epiq and serve on the Debtors' counsel a request for payment of Administrative Expense Claims with supporting documentation on or before June 30, 2008, the Administrative Expense Bar Date or forever be barred from asserting claims for such Administrative Expense Claims.

7.    That this Court shall retain jurisdiction over all affected parties with respect to any matters, claims or rights arising from or related to the implementation or interpretation of this Order.

*Approved by Judge Gloria M. Burns May 28, 2008*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY (JP7140)**
**COZEN O'CONNOR**
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

In re:

SHAPES/ARCH HOLDINGS L.L.C., et al.,

Debtors.

Case No. 08-14631 (GMB)
(Jointly Administered)

Judge: Gloria M. Burns

Chapter:  11

## NOTICE OF DEADLINE TO FILE REQUESTS FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIMS INCURRED BETWEEN MARCH 16, 2008 THROUGH AND INCLUDING JUNE 15, 2008

**TO:    ALL PERSONS OR ENTITIES THAT HOLD OR MAY HOLD ADMINISTRATIVE EXPENSE CLAIMS AGAINST ANY OF THE DEBTORS**

Please take notice that the Bankruptcy Court for the District of New Jersey has entered an Order in the above-captioned cases (the "Administrative Expense Bar Date Order") establishing **June 30, 2008**, as the administrative expense bar date (the "Administrative Expense Bar Date"). Except as described below, the Administrative Expense Bar Date Order requires that any administrative expense claims against any of the Debtors, **arising between March 16, 2008 through and including June 15, 2008,** must be filed by submitting a request for administrative expense (the "Administrative Expense Claim Request") with the Debtors' claims agent, Epiq Bankruptcy Solutions, LLC ("Epiq"), Grand Central Station, P.O. Box 4601, New York, NY 10163-4601 (for regular mail) or 757 Third Avenue, Third Floor, New York, NY 10017 (for overnight mail), so that such Administrative Expense Claim Request is actually received on or before the Administrative Expense Bar Date.

An Administrative Expense Claim Request is deemed filed only when it is actually received by Epiq and facsimile submissions will not be accepted.  A form of Administrative Expense Claim Request is attached hereto.  A copy of the Administrative Expense Claim Request must also be served upon the Debtors' counsel at the following address: Cozen O'Connor, LibertyView, Suite 300, 457 Haddonfield Road, Cherry Hill, NJ,  08002, Attn: Jerrold N. Poslusny, Jr., Esq.

**Epiq may be contacted at (866) 890-1550 if there are questions with respect to this Notice.**

CHERRY_HILL\444637\2

*Approved by Judge Gloria M. Burns May  28, 2008*

Pursuant to the Administrative Expense Bar Date Order, all persons or entities who assert a claim for the actual, necessary costs and expenses of preserving the estates allowable under 11 U.S.C. §503 (including, for the avoidance of doubt, claims under §503(b)(9)), arising between March 16, 2008 through and including June 15, 2008 (an "Administrative Expense Claim"), must file with Epiq and serve upon the Debtors' counsel an Administrative Expense Claim Request for allowance of an Administrative Expense Claims.[1]  The Administrative Expense Bar Date shall not apply to claims arising under § 503(b)(2) and claims for expenses of any committee member appointed in accordance with § 1102.

Any person or entity that is required to but fails to file and serve an Administrative Expense Claim Request in accordance with the Administrative Expense Bar Date Order on or before the Administrative Expense Bar Date **SHALL BE FOREVER BARRED AND ESTOPPED AND ENJOINED** from asserting an Administrative Expense Claim against any of the Debtors or the Debtors' estates.

Each person or entity (including, without limitation, each individual, partnership, joint venture, corporation, estate, and trust) that asserts an Administrative Expense against any of the Debtors that arose between March 16, 2008 through and including June 15, 2008, must file with Epiq and serve on the Debtors a request for payment of Administrative Expenses on or before June 30, 2008, the Administrative Expense Bar Date or forever be barred from asserting claims for such Administrative Expenses.

Dated: May 23, 2008                                  COZEN O'CONNOR


                                        By:     /s/ Jerrold N. Poslusny, Jr.
                                                Mark E. Felger
                                                Jerrold N. Poslusny, Jr.

                                                Attorneys for the Debtors

| Debtor | Address | Case No. |
|---|---|---|
| Shapes/Arch Holdings L.L.C. | 9000 River Road Delair, NJ  08110 | 08-14631 (GMB) |
| Shapes L.L.C. | 9000 River Road Delair, NJ  08110 | 08-14632 (GMB) |
| Ultra L.L.C. | 1777 Hylton Rd. Pennsauken, NJ  08110 | 08-14633 (GMB) |
| Delair L.L.C. | 8600 River Road Delair, NJ  08110 | 08-14634 (GMB) |
| Accu-Weld L.L.C. | 1211 Ford Rd. Bensalem, PA  19020 | 08-14635 (GMB) |

---

[1] Section 503(b)(9) claims are claims for the value of any goods received by the Debtors, within 20 days before the commencement of the Chapter 11 cases, in which the goods have been sold to the Debtors in the ordinary course of business.

2

*Approved by Judge Gloria M. Burns May  28, 2008*

. D.N.J. Local Form 24

| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | REQUEST FOR PAYMENT OF<br>ADMINISTRATIVE EXPENSE |
|---|---|

In re

Chapter 11

Case Number

**NOTE:** This form should not be used for an unsecured claim arising prior to the commencement of the case. In such cases, a proof of claim should be filed in accordance with Official Form 10.

Name of Creditor
(The person or other entity to whom the debtor owed money or property.)

_____

Name and Addresses Where Notices Should Be Sent:
                        •

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

**ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:**

Check here if this request:
☐ replaces a previously filed request, dated:
☐ amends a previously filed request, dated:

**1. BASIS FOR CLAIM**

- ☐ Goods Sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other (Describe briefly)

☐ Retiree benefits as defined in 11 U.S.C. §1114(a)
☐ Wages, salaries and compensations (Fill out below)

Provide last four digits of your social security number _____

**2. DATE DEBT WAS INCURRED:**

**3. TOTAL AMOUNT OF REQUEST AS OF ABOVE DATE:**
_____

☐ Check this box if the request includes interest or other charges in addition to the principal amount of the request. Attach itemized statement of all interest or additional charges.

**4. Secured Claim**
☐ Check this box if your claim is secured by collateral (including a right of setoff).
  Brief Description of Collateral:

- ☐ Real Estate          ☐ Motor Vehicle
- ☐ Other (Describe briefly)_____

  Value of Collateral: $_____

☐ Check this box if there is no collateral or lien securing your claim.

THIS SPACE IS FOR COURT USE ONLY

**5. Credits:** The amount of all payments have been credited and deducted for the purposes of making this request for payment of administrative expenses.

**6. Supporting Documents:** *Attach copies of supporting documents*, such as purchase orders, invoices, itemized statements of running accounts, contracts as well as any evidence of perfection of a lien.

DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**7.   Date-Stamped Copy:** To receive an acknowledgment of the filing of your request, enclose a self-addressed envelope and copy of this request.

| Date: | Sign and print below the name and title, if any, of the creditor or other person authorized to file this request (attach copy of power of attorney, if any).<br><br>_____ |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

<u>NOTE</u>:   The filing of this request will not result in the scheduling of a hearing to consider payment of your administrative claim but will result in the registry of your administrative claim with the Bankruptcy Court. If you wish to have a hearing scheduled on your claim, you must file a motion in accordance with Bankruptcy Rule 9013.

*Local Form 24,new. 8/1/06.jml*

*Approved by Judge Gloria M. Burns May  28, 2008*

# EXHIBITC

| United States Bankruptcy Court<br>For the District of New Jersey | PROOF OF CLAIM | THIS SPACE IS FOR<br>COURT USE ONLY |
|---|---|---|
| In re: **SHAPES/ARCH HOLDINGS, LLC, et al.** | Case Number:<br>**08-14631 – 08-14635** (jointly administered) | |
| Creditor Name<br>*(Person or other entity debtor owes)*<br><br>**Steven Grabell** | X   Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy or statement giving particulars.<br><br>X   Check box if you never received any notices from the bankruptcy court in this case.<br><br>XX  Check box if this address differs from the address on the envelope sent to you by the court. | |

| | | Filed: USBC - District of New Jersey - Camden<br>Shapes/Arch Holdings L.L.C., Et Al.<br>08-14631 (GMB)     0000000641 |
|---|---|---|
| Address   c/o Ashely Chan, Esquire<br><br>Hangley Aronchick Segal & Pudlin | (856) 616-2100<br><br>achan@hangley.com | |
| Address   **20 Brace Road** | | |
| Address   **Suite 201** | | |
| City,<br>ST ZIP   **Cherry Hill, NJ 08034-2634** | | |

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:          Check here if this claim  __amends  __replaces claim dated: __

| 1.   BASIS FOR CLAIM | 2.   Date Debt Incurred: (MMDDYY) |
|---|---|
| __ Goods sold          __ Personal injury          __ Retiree benefits as defined in 11 U.S.C. § 1114(a)<br>                                /wrongful death<br><br>__ Services performed          __ Taxes          **XX  Wages, salaries, and compensation –<br>                                                SEE ATTACHED EXHIBIT A**<br><br>__ Money loaned          **XX** Other | |
| | 3.   If Court Judgment, Date Obtained: |

4.   CLASSIFICATION OF CLAIM.   Under the Bankruptcy Code all claims are classified as one or more of the following (1) Unsecured Nonpriority, (2) Unsecured Priority, (3) Secured.   It is possible for part of a claim to be in one category and part in another.   CHECK THE APPROPRIATE BOX OR BOXES that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

| __ SECURED CLAIM<br>Attach evidence of perfection of security interest<br>Brief Description of Collateral:<br><br>__ Real Estate   __ Motor Vehicle   __ Other (Describe briefly)<br><br>Amount of arrearage and other charges included in secured claim above,<br>if any $ ___<br><br>**XX   UNSECURED NONPRIORITY CLAIM**<br>A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim. **SEE ATTACHED EXHIBIT A** | UNSECURED PRIORITY CLAIM - Specify the priority of the claim.<br><br>__   Wages, salaries, or commissions (up to $4300, earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier) - 11 U.S.C. § 507(a)(3)<br><br>__   Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4)<br><br>__   Up to $900 of deposits toward purchase, lease or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6)<br><br>__   Taxes or penalties of governmental units - 11 U.S.C. § 507(a)(7)<br><br>__   Other - Specify applicable paragraph of 11 U.S.C. §§ 507(a) __. |
|---|---|

5.   AMOUNT OF CLAIM AT TIME CASE FILED:

| | $ 2,021,274 | | |
|---|---|---|---|
| (Secured) | (Unsecured Nonpriority) - SEE ATTACHED EXHIBIT A | (Unsecured Priority) | |

__Check this box if claim includes charges in addition to the principal amount of the claim.   Attach itemized statement of all additional charges.

6.   CREDITS AND SETOFFS:   The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7.   SUPPORTING DOCUMENTS: *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8.   TIME-STAMPED COPY:   To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

FILED / RECEIVED
THIS SPACE IS FOR
COURT USE ONLY

MAY 15 2008

EPIQ BANKRUPTCY SOLUTIONS, LLC

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any)<br><br>Ashely M. Chan, Esquire - Counsel to Claimant |
|---|---|

Penalty for Presenting Fraudulent Claim:   Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## EXHIBIT A

## TO STEVEN GRABELL PROOF OF CLAIM

### BASIS OF CLAIM

**Compensation**

$21,274     - Accrued vacation pay, as of filing date of March 16, 2008 ("Filing Date")

$1,643,429   - Vested deferred compensation as of filing date pursuant to 2005 Deferred Compensation
            Agreement attached as Exhibit A-1 ("Agreement")

$356,571*    - Deferred compensation not fully vested as of Filing Date

$2,021,274   - Total

*A portion, and potentially all, of this amount will be entitled to priority as an administrative expense pursuant
   to §507(a)(1) of the Bankruptcy Code as it will be earned after the Filing Date.

**Indemnification**

In addition to the foregoing claims, in the event any claims are asserted against Steven Grabell arising
from pre-Filing Date conduct in his capacity as an officer or director of the Debtors (such as the claims as to
which the Creditors Committee has put the D&O insurance carrier on notice), he will be entitled to a claim for
indemnification, defense and related expenses, which claim is currently unliquidatd and contingent.

2

EXHIBIT A-1
TO STEVEN GRABELL PROOF OF CLAIM

## SHAPES/ARCH HOLDINGS L.L.C.

## 2005 DEFERRED COMPENSATION AGREEMENT
## FOR STEVEN S. GRABELL

DEFERRED COMPENSATION AGREEMENT made as of the 1st day of January __, 2005 between Shapes/Arch Holdings L.L.C., a New Jersey Limited Liability Company, (hereinafter referred to as "Company") and Steven S. Grabell (hereinafter referred to as "Grabell").

### BACKGROUND

A.    Grabell is a valued manager and key executive of the Company. In consideration of his prior services and as an additional inducement to Grabell to continue to render services to the Company, the Company, pursuant to a Deferred Compensation Agreement dated as of August 1, 2001 which Agreement was amended and restated as of December 12, 2003 (the "Prior Agreement"), agreed to provide deferred compensation benefits to Grabell.

B.    The Prior Agreement was frozen with respect to amounts earned and vested by Grabell prior to January 1, 2005. As of December 31, 2004, the nonforfeitable amount of the deferred compensation benefit to which Grabell is entitled pursuant to the terms of the Prior Agreement is One Million Two Hundred Twenty Thousand Dollars ($1,220,000).

C.    The Company desires to adopt a new benefit program for Grabell (the "2005 Plan") on the terms and conditions hereinafter set forth.

NOW THEREFORE, the parties hereto, intending to be legally bound hereby, agree as follows:

### AGREEMENT

1.    Deferred Compensation Bonus.    The Company hereby agrees to pay a deferred compensation bonus to Grabell in the amount of Seven Hundred Eighty Thousand Dollars ($780,000) on the terms hereafter set forth. Notwithstanding the foregoing, if Grabell should voluntarily cease to perform services for the Company, other than by reason of "disability" (as hereinafter defined) or a reduction in his compensation or the scope of his duties or authority, the amount of deferred compensation otherwise payable to Grabell under the 2005 Plan shall be reduced by an amount equal to the product of (a) $780,000, times (b) a fraction, the numerator of which is the number of full months from the date of Grabell's voluntary termination of the performance of services for the Company until October 31, 2010, and the denominator of which is 70. Any deferred compensation bonus payable to Grabell hereunder shall be net of all applicable withholdings.

2.    Payment of Deferred Compensation.    The bonus provided for in Paragraph 1 of this 2005 Plan shall be paid to Grabell in a lump sum within sixty (60) days after the sooner to occur of Grabell's (i) death; (ii) the date on which Grabell becomes "disabled", (iii) Grabell's attainment of age fifty (50); (iv) upon Grabell's "separation from service" with the Company as determined pursuant to the rules set forth in Section 409A of the Internal Revenue Code of 1986, as amended (the "Code") and the Regulations promulgated thereunder; or (v) if, and then only to the extent (if at all) permitted by Section 409A of the Code and the Regulations promulgated



thereunder with respect to deferred compensation plans maintained by limited liability companies, upon a change in the ownership or effective control of the Company or in the ownership of a substantial portion of its assets. Notwithstanding the foregoing, if the bonus hereunder is paid following separation from service, as provided in (iv) above, it shall be paid in twelve (12) equal, consecutive quarterly installments beginning on the thirtieth (30th) day after the last day on which Grabell performs services for the Company, if Grabell voluntarily ceases to perform services for the Company (other than by reason of a reduction in his current compensation or scope of his duties); otherwise, it shall be paid in a lump sum. For purposes of this 2005 Plan, "disabled" shall have the meaning specified in Section 409A(a)(2)(C) of the Code.

3.  Beneficiary.  Grabell shall have the right to designate in writing on Schedule A attached hereto one or more beneficiaries or contingent beneficiaries to receive any bonus payable hereunder on account of Grabell's death.  Grabell shall have the right to change his beneficiary designation at any time by amending Schedule A hereto or by an instrument in writing signed by Grabell and delivered to the Company.  If Grabell does not designate a beneficiary, or the beneficiary and all contingent beneficiaries die before payments commence, Grabell's beneficiary shall be his estate.

4.  General Obligation.   The rights and benefits of Grabell (and any beneficiary hereunder) shall be solely those of an unsecured creditor of the Company. No assets acquired or held by the Company shall be deemed to be held by the Company in escrow or trust or to be security for the performance of any obligation of the Company hereunder.

5.  Controlling Law.   This Agreement and all questions relating to its validity, interpretation, performance or enforcement, shall be governed by and construed in accordance with the laws of the State of New Jersey.

6.  Assignment.  Except for the right to designate a beneficiary, Grabell may not assign, transfer, pledge or encumber his rights under this Agreement.

7.  Membership in Company.   Nothing contained herein shall be construed as conferring upon Grabell the right to continue to perform services for the Company or to be a member of the Company.

8.  Binding Agreement.   This Agreement shall be binding upon the Company and its successors and assigns and shall be binding upon and inure to the benefit of Grabell and his heirs, beneficiaries and personal representatives.  This Agreement shall not confer any rights or remedies upon any person other than the parties hereto and their personal representatives, heirs, beneficiaries, permitted successors and assigns.

9.  Amendment of Agreement.   This Agreement may be amended in whole or in part only by a written agreement between the Company and Grabell.

10. Paragraph Headings.  The paragraph headings used in this Agreement are for convenience of reference only and shall not be construed to be a part of this Agreement.

11. Interpretation.         The parties hereto intend that this 2005 Plan satisfy the requirements of Section 409A of the Code, which was recently enacted, and the 2005 Plan shall be interpreted in light of that intent. To the extent that the provisions of the 2005 Plan

2

conflict with any requirements of the Code and/or Regulations, the 2005 Plan shall be modified to the extent required to conform to such requirements.

IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

SHAPES/ARCH HOLDINGS L.L.C.

By: _____
    Manager

WITNESS:

_____
STEVEN S. GRABELL

_____

PHILA1\1452190\8 077771.000