# State of New Jersey

JON S. CORZINE
Governor

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 106
TRENTON, NJ 08625-0106

ANNE MILGRAM
Attorney General

ROBERT J. GILSON
Director

December 24, 2008

Honorable Gloria M. Burns, U.S.B.J.
United States Bankruptcy Court
District of New Jersey
401 Market Street, P.O. Box 2067
Camden, NJ 08101

      Re:  In re Shapes/Arch Holdings, L.L.C.
           Chapter 11 Docket No. 08-14631 (GMB)
           Hearing Date: January 5, 2009 at 10:00 a.m.

Dear Judge Burns:

      Please accept this letter, in lieu of a more formal submission, as the State of New Jersey, Division of Taxation (N.J. Division) in opposition to debtors Motion to expunge N.J. Division's administrative proof of claim.

      On July 22, 2008, this Court entered an Order confirming debtors plan of reorganization. The N.J. Division has since filed an administrative proof of claim in the amount of $7,000.00 for Sales and Use Tax for the 1st and 2nd quarters of 2008, because returns were not filed for these periods.

      In their motion debtors allege that their books and records indicate that no monies are due to New Jersey. However, a properly filed proof of claim is prima facie evidence of the validity and amount of the claim. In re Fullmer, 962 F. 2d 1463 (10th Cir. 1994), Bankr. Rule 3001(f). To overcome this prima facie effect, the objecting party must bring forward evidence equal in probative force to that underlying the proof of claim. See In re Wells, 51 B.R. 563, 566 (D. Colo 1985), Collier on Bankruptcy, §502.02. ("Should objection be taken, the objector must produce



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 292-4966 • FAX: (609) 777-3055
New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable

December 24, 2008
Page 2

evidence and show facts tending to defeat the claim by probative force equal to that of the allegations in the proof of claim.").

"Once a claim is filed, the trustee, or the debtor in possession carries the burden of going forward to meet, overcome, or at least equalize, the creditor's evidence." In re Domme, Jr., 163 B.R. 363 (D. Kan. 1994); In re Allegheny International, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); In re Resyn Corp. v. United States, 851 F.2d 660, 663-64 (3d Cir. 1988). Indeed, the objector must offer actual evidence sufficient to rebut the claim's presumed validity. In re White, 168 B.R. 825, 829 (Bankr. D. Conn. 1994); see also Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000) (citing that "burden of proof on a tax claim in bankruptcy remains where the substantive tax law puts it").

Here, the debtors have not set forth any factual or legal contentions to overcome the N.J. Division's properly filed proof of claim. Until the returns are filed, the N.J. Division cannot determine the actual liability owed by the debtors. Therefore, this claim is prima facie valid and the debtors' motion to expunge the proof of claim of the State of New Jersey is without merit.

For the above stated reasons, the N.J. Division respectfully requests that the debtors' motion be denied and the N.J. Division's claim be allowed in its entirety.

                    Respectfully submitted,

                    ANNE MILGRAM
                    ATTORNEY GENERAL OF NEW JERSEY


                  By: /s/ Ramanjit K. Chawla
                      Ramanjit K. Chawla
                      Deputy Attorney General