**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000
201-489-1536 Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Trust

| | | |
|---|---|---|
| In the Matter of: | : | UNITED STATES BANKRUPTCY COURT |
| | : | FOR THE DISTRICT OF NEW JERSEY |
| | : | HON. GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS, L.L.C., et al., | : | CASE NO. 08-14631 (GMB) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| | : | Chapter 11 |
| | : | |
| | : | **HEARING DATE AND TIME**: January 5, 2009, at 10:00 a.m. |

**ORAL ARGUMENT REQUESTED**

**LIMITED JOINDER OF THE CLASS 10 LIQUIDATION TRUST
IN (I) DEBTORS' OBJECTION TO THE CLAIM OF THE STATE OF
NEW JERSEY, DEPARTMENT OF ENVIRONMENTAL PROTECTION
AND (II) THE OBJECTION OF CERTAIN INSURERS' TO THAT CLAIM**
(Claim Number 603)

TO:   THE HONORABLE GLORIA M. BURNS
       UNITED STATES BANKRUPTCY JUDGE

45765/0003-5230918v1

The Class 10 Liquidation Trust (the "Trust"), established upon the effective date of the Chapter 11 plan of Shapes/Arch Holdings, L.L.C., *et al.* (the "Debtors"), submits this limited joinder (the "Joinder") in the Debtors' Objection Seeking to Expunge and Disallow the Claim of the State of New Jersey, Department of Environmental Protection, dated November 26, 2008 (the "Debtors' Motion") and Certain Insurers' Objection to, and Joinder in Debtors' Objections to, the Claim of the State of New Jersey, Department of Environmental Protection, dated November 26, 2008 (the "Insurers' Joinder") pursuant to Section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

1. The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Filing Date"). The cases are being jointly administered pursuant to this Court's Order dated March 18, 2008.

2. No trustee or examiner was appointed in these cases and the Debtors continued in the management of their affairs as debtors-in possession pursuant to 11 U.S.C. §§ 1108 and 1109 before confirmation and, thereafter as reorganized debtors.

3. An Official Committee of Unsecured Creditors was appointed by the United States Trustee on March 31, 2008 and played an active role in these cases. The Committee dissolved on August 8, 2008, the effective date of the Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan").

4. The Plan was confirmed by Order of this Court dated July 24, 2008 and became effective approximately two weeks later. On the effective date of the Plan, the Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan

Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims.

5. The Plan established a deadline of ninety days after the effective date, or November 6, 2008, for the filing of objections to claims. It further provided that the Court could extend that deadline, upon the request of the Debtors or the Trust, and the deadline was extended until November 28, 2008 by Order dated October 30, 2008 and until January 30, 2009 by Order dated November 26, 2008.

### JOINDER OF THE TRUST IN THE DEBTORS' MOTION AND THE INSURERS' JOINDER

6. The Debtors' Motion seeks to disallow and expunge the claims filed by the State of New Jersey, Department of Environmental Protection (the "NJDEP Claim") in these cases. The NJDEP Claim is in the amount of $7,061,600.00 and was recorded as claim number 601. The Insurers' Joinder joins in and adopts the arguments advanced in the Debtors' Motion, and supplements certain of those arguments.

7. The NJDEP Claim is a claim under Class 9 of the Plan, as it is an environmental claim that is covered by insurance. The Debtors' Motion recognizes that, and in the event that the claim is not disallowed, the Debtors' Motion seeks an order estimating that claim for purposes of distribution under Class 9. See Debtors' Motion, paragraph 15. However, in an abundance of caution, and to preserve its rights to object and be heard with respect to the NJDEP Claim, the Trust joins in the Debtors' Motion and the Insurers' Joinder as and to the extent set forth herein.[1]

---

[1] In the event that the NJDEP Claim is not disallowed in its entirety, the Trust must be concerned with whether the allowed claim, if any, is wholly covered by insurance. If any amounts were allowed in excess of available coverage, such amounts could be asserted as a Class 10 Claim.

3

8. As the Debtor's Motion and the Insurers' Joinder correctly state, the NJDEP Claim should be disallowed in its entirety because it fails to provide facts or documentation sufficient to establish a *prima facie* claim. In fact, the NJDEP Claim concedes on its face that it asserts a speculative, estimated claim, stating that the claim is for costs "it has incurred, *or will incur*, for the restoration and replacement, *where practicable*, of any natural resource damaged or destroyed by the discharges at the Site" and that "the Department *has estimated* that restoration and replacement costs of the damaged groundwater, *including assessment costs*, will total about $7,061,600.00." *NJDEP Claim, paragraphs 3 and 6* (emphasis added). The claim offers no evidence that (i) the discharges occurred, (ii) the groundwater was damaged, (iii) costs were incurred and/or paid or (iv) the Debtors were liable for those costs (if any).

9. Moreover, the NJDEP Claim wholly fails to satisfy a fundamental requirement of section 502 of the Bankruptcy Code. It offers no evidence or even allegation as to the amount of the claim *as of the Filing Date*, rendering it invalid as a pre-petition claim. See 11 U.S.C. § 502(b). It is impossible to determine, based upon a careful review of the NJDEP Claim, whether any costs were actually incurred as of March 16, 2008, yet the claimant apparently feels that its wholly unsubstantiated, speculative estimate of what costs it may (or may not) incur at some point in the future is sufficient basis for a multi-million dollar claim against the Debtors' estates. The NJDEP Claim acknowledges that no judgment has ever been rendered on the alleged claim and provides no information whatsoever as to how it unilaterally determined the nature or calculated the amount of the Debtors' liability. *NJDEP Claim, paragraph 10*.

10. As the Debtors' Motion notes, the insufficiency of the NJDEP Claim is also violative of Rule 3001 of the Federal Rules of Bankruptcy Procedure, as the absence of any meaningful information about how the claim was calculated makes it impossible for the Debtors,

4

the Trust or this Court to evaluate the claim. And this failure gives rise to yet another deficiency, as denying parties the ability to review evidence violates basic principles of notice and due process. See generally In re United Cos. Fin. Corp., 267 B.R. 524, 527 (Bankr. D. Del. 2000).[2]

11.    Finally, as the Debtors' Motion and the Insurers' Joinder assert, if the NJDEP Claim is not disallowed in its entirety, it should properly be estimated for purposes of distribution under the Plan. The claim is both unliquidated and contingent; the claimant's invention of a number does not render that number valid. And where, as here, a plan has already become effective, distributions to other creditors and the administration (and closing) of these estates would be unduly delayed by the commencement of environmental litigation at this late date.

## RESERVATION OF RIGHTS

12.    Nothing contained herein is or should be construed as an admission by the Trust that the NJDEP Claim is valid or is a Class 10 claim, and the Trust specifically reserves all of its rights to contest the claim and to assert that it is not a Class 10 claim. The Trust also reserves the right to supplement, amend and/or modify this Joinder, and to file additional objections to the NJDEP Claim on any basis, on appropriate notice.

---

[2] The Debtors' Motion states that the Debtors have reviewed and analyzed their books and records, and have found no basis for the NJDEP Claim. Debtors' Motion, paragraph 24. Therefore, both the Debtors and the Trust are left guessing how the claimant arrived at the seven million dollar plus claim asserted.

## CONCLUSION

WHEREFORE, for these reasons and those set forth in the Debtors' Motion and the Insurers' Joinder, the Trust respectfully requests that the Court disallow the NJDEP Claim in its entirety and grant such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**HALPERN BATTAGLIA RAICHT, LLP**

By: */s/ Donna H. Lieberman*
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100

- and -

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**

Co-Counsel for the Class 10 Trust

By: */s/ Ilana Volkov*
Ilana Volkov

Dated: December 26, 2008

6

45765/0003-5230918v1