**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Trust

|  |  |  |
|---|---|---|
|  | : | UNITED STATES BANKRUPTCY COURT |
| In the Matter of: | : | FOR THE DISTRICT OF NEW JERSEY |
|  | : | HON. GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS, L.L.C., *et al.*, | : | CASE NO. 08-14631 (GMB) |
|  | : |  |
| Debtors. | : | Chapter 11 |
|  | : | (Jointly Administered) |

**HEARING DATE AND TIME**:
February 9, 2009, at 10:00 a.m.

**ORAL ARGUMENT REQUESTED**

**APPLICATION OF THE CLASS 10 LIQUIDATION TRUST IN SUPPORT OF MOTION**
**FOR SECOND OMNIBUS OBJECTION TO BOOKS AND RECORDS CLAIMS**

(Claim Numbers 2, 13, 30, 32, 43, 63, 64, 86, 88, 92, 93, 94, 95, 99, 101, 121, 133, 153, 177, 186, 206, 207, 212, 228, 260, 265, 296, 300, 313, 318, 320, 330, 338, 340, 344, 346, 353, 395, 423, 458, 494, 511, 515, 518, 538, 539, 542, 568, 584, 667, 668, 671, 700, 722, 724, 726, 745, 777, 780, 827 and 840)

TO:  THE HONORABLE GLORIA M. BURNS
        UNITED STATES BANKRUPTCY JUDGE

45765/0003-5249032v1

The Class 10 Liquidation Trust (the "Trust"), established upon the effective date of the Chapter 11 plan of Shapes/Arch Holdings, L.L.C., *et al*., the above-captioned debtors and debtors-in-possession (together, the "Debtors"), makes this motion (the "Motion") pursuant to Section 502 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for an Order reducing certain claims. In support of its Motion, the Trust respectfully represents:

## STATEMENT OF FACTS

**A.   Background**

1.   The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Filing Date"). The cases are being jointly administered pursuant to this Court's Order dated March 18, 2008.

2.   The Debtors filed their schedules of assets and liabilities (the "Schedules") and statements of financial affairs on March 16 and March 17, 2008. The Schedules were sworn to by Steven Grabell, Chief Executive Officer of the Debtors. The Debtors also retained Epiq Bankruptcy Solutions, L.L.C. to serve as claims agent in these cases and maintain the official claims register and notice lists, and the Schedules and claims register continue to be maintained on Epiq's website.

3.   No trustee or examiner has been appointed in these cases and the Debtors continued in the management of their affairs as debtors-in possession pursuant to 11 U.S.C. §§ 1108 and 1109 of the Bankruptcy Code, and more recently, as reorganized debtors.

4.   An Official Committee of Unsecured Creditors was appointed by the United States Trustee on March 31, 2008 and played an active role in these cases. The Committee

2

dissolved on August 8, 2008, the effective date of the Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan").

5.  The Plan was confirmed by Order of this Court dated July 24, 2008 [Dkt. No. 561], and became effective approximately two weeks later, on August 8, 2008. On the effective date of the Plan, the Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan) the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims. The Plan Administration Agreement also created a three member Trust Advisory Committee to review the Trust's decisions.

6.  The Plan established a deadline of ninety days after the effective date, or November 6, 2008, for the filing of objections to claims. It further provided that the Court could extend that deadline, upon the request of the Debtors or the Trust, and the deadline was extended until November 28, 2008 by Order dated October 30, 2008 and was extended until January 30, 2009 by Order dated November 26, 2008.

**B.    The Claims Process**

7.  On March 18, 2008, this Court entered an Order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for the filing of proofs of claim evidencing pre-petition claims (the "Bar Date Order").

8.  Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Filing Date was May 15, 2008.[1]

---

[1] Pursuant to the Plan, the deadline for the filing of rejection damage claims in connection with contracts and leases rejected under the Plan was September 11, 2008. Separate notice of that deadline was provided in the Notice of (I) Effective Date of the Debtors' Third Amended Joint Chapter 11 Plan or Reorganization, as Modified, and (II) Bar Dates for Filing Administrative and Rejection Damage Claims, dated August 11, 2008.

3

9.      In addition, the Plan established a deadline of thirty days from the date of notice of effective date for the filing of claims for rejection damages arising from the rejection of contracts and leases under the Plan. The notice was dated August 11, 2008, making the bar date for such rejection damage claims September 11, 2008.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of these cases and this Motion before this Court is proper pursuant to 28 U.S.C. §§1408 et seq. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O). The statutory predicates for the relief sought herein are 11 U.S.C. §502 and Federal Rule of Bankruptcy Procedure 3007. The Trust is specifically authorized and empowered to make this Motion pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement, and Order of this Court dated July 22, 2008.

## RELIEF REQUESTED

11.     By this Motion, the Trust seeks entry of an Order reducing the claims identified on Exhibit "A" hereto (the "Disputed Claims"), pursuant to 11 U.S.C. §502 and Bankruptcy Rule 3007, to the amounts shown in the column titled "Claims Per Debtors' Updated Books and Records."

12.     As set forth in the Declaration of Irv Schwarzbaum, which is annexed hereto as Exhibit "B" (the "Schwarzbaum Declaration"), the dollar amounts asserted in the proofs of claim identified on Exhibit A (and in two instances, in the Schedules) differ from the amounts reflected in the Debtors' updated books and records for such claims.

13.     In most instances, the proofs of claim exceed the amounts reflected in the Schedules, and the Trust, after reviewing the Disputed Claims and the Debtors' books and records, seeks to have the claim reduced to the amount shown in the Schedules. There are some

4

scheduled amounts, however, that are no longer accurate, largely because of amounts paid or asserted as due to such claimants as administrative claims under Section 503(b)(9) of the Bankruptcy Code.

14. In addition, the Trust seeks to have two claims – those of Hess Corporation and Penske Truck Leasing—reduced to reflect payments that were made to the claimants but not noted in the Debtors' books as of the date that the Schedules were filed. As set forth in the Schwarzbaum Declaration, the Debtors' updated books and records do reflect such additional payments and appropriately adjusted amounts due.

15. Section 502 of the Bankruptcy Code provides, in pertinent part, as follows:

> (a) A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under Chapter 7 of this title, objects.

Section 502 is implemented by Bankruptcy Rule 3007, which provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to the claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

16. By this Motion, the Trust seeks the entry of an Order reducing the Disputed Claims to the amounts shown on Exhibit A as "Claims Per Debtors' Updated Books and Records," as absent such reductions, the Disputed Claims exceed the amounts reflected for such claims in the Debtors' updated books and records.

## RESERVATION OF RIGHTS

17. The Trust, on its own behalf and on behalf of the Debtors, hereby reserves the right to object to the Disputed Claims, as reduced, on any grounds on a later date. Separate notice and hearing will be scheduled in the event of such objection.

## NOTICE

18. The Trust has provided notice of the relief requested herein by service of a copy of this Motion (including exhibits) by first-class mail upon (a) the holders of the Disputed Claims listed on Exhibit A, at the addresses listed on the proof of claim filed by such Claimants; (b) counsel to the Reorganized Debtors; (c) the members of the Trust Advisory Committee; and (d) the United States Trustee. Such notice is consistent with the terms of the Plan and the Plan Administration Agreement, and the Trust requests that this Court find that no other or further notice of this Motion is necessary or required.

## CONCLUSION

**WHEREFORE,** the Trust respectfully requests entry of an Order, substantially in the form submitted herewith, (i) reducing the Disputed Claims to the amounts shown on Exhibit A attached hereto, and (ii) granting such other and further relief as this Court deems just and proper.

45765/0003-5249032v1

Respectfully submitted,

HALPERIN BATTAGLIA RAICHT, LLP
Co-Counsel for the Class 10 Trust

By: */s/ Donna H. Lieberman*
    Donna H. Lieberman
    Carrie E. Mitchell

    - and -

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.
Co-Counsel for the Class 10 Trust


By:   */s/ Ilana Volkov*
    Ilana Volkov

Dated: January 7, 2009

7