# EXHIBIT B

**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Trust

|  |  |  |
|---|---|---|
|  | : | UNITED STATES BANKRUPTCY COURT |
| In the Matter of: | : | FOR THE DISTRICT OF NEW JERSEY |
|  | : | HON. GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS, L.L.C., *et al.*, | : | CASE NO. 08-14631 (GMB) |
|  | : |  |
| Debtors. | : | (Jointly Administered) |
|  | : |  |
|  | : | Chapter 11 |
|  | : |  |
|  | : | **DECLARATION OF IRV SCHWARTZBAUM IN SUPPORT OF CLASS 10 TRUST'S SECOND OMNIBUS OBJECTION CLAIMS** |
|  |  | **HEARING DATE AND TIME**: February 9, 2009, at 10:00 a.m. |
|  |  | **ORAL ARGUMENT REQUESTED** |

This declaration is made pursuant to 28 U.S.C. § 1746 by Irv Schwarzbaum, as follows:

1. I am a Director in the Business Investigation Services division of J.H. Cohn, LLP, financial advisors to the Class 10 Liquidation Trust in the cases of the above-captioned debtors and reorganized debtors (together, the "Debtors"). All of the statements made in this declaration are based upon my first hand knowledge, unless otherwise stated.

2. I have obtained a complete copy of the claims register in these cases as of October 17, 2008 from Epiq Systems, the Debtors' official claims agent.

3. I have reviewed the claims register to identify unsecured claims filed by the creditors that differ from the Debtors' books and records. I reviewed the claims and compared the claims to the Debtors' books and records to ascertain the correct value of each claim. Based upon that review and analysis, I identified a number of filed claims that differ in amount from the Debtors' books and records (the "Books & Records Claims"). Many of the Books & Records Claims are inconsistent with the Debtors' Schedules, while in some instances the amount shown in the Schedules is no longer correct. In the latter instances, either payments were made to claimants but not noted in the Debtors' books as of the date that the Schedules were filed or scheduled amounts were no longer accurate due to payments made or claims asserted as administrative claims under Section 503(b)(9) of the Bankruptcy Code.

4. I prepared an exhibit listing the Books & Records Claims I identified and showing the scheduled claims in one column as a "scheduled claim" and the filed claim in another column as "filed claim." I reviewed the chart, and it accurately shows the claims that I have identified as the Books and Records Claims. There is also a column titled "Claim Per Debtors' Updated Books and Records" which shows the amount to each claim should be reduced, per the Debtors' updated books and records.

5. The chart prepared is Exhibit "A" to the Class 10 Liquidation Trust's Second Omnibus Objection to Claims (the "Motion").

6. I have reviewed the Motion and Exhibit A, and based upon my review of the claims register and the Debtors' books and records, I believe both accurately identify claims that are not supported by the Debtors' books and records. The amounts shown in "Claim Per Debtors' Updated Books and Records" accurately reflect the amounts the Debtors show as due.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
      January 6, 2009

                                              */s/ Irv Schwarzbaum*
                                              IRV SCHWARZBAUM

3