Order Filed on
**1/22/2009**
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**MARK E. FELGER (MF9985)**
**JERROLD N. POSLUSNY, JR. (JP7140)**
**COZEN O'CONNOR**
 A Pennsylvania Professional Corporation
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ  08002
(856) 910-5000
Attorneys for the Debtors

In re:

SHAPES/ARCH HOLDINGS L.L.C., et al.,

Debtors.

Case No. 08-14631(GMB)

Judge: Gloria M. Burns

Chapter:  11

**ORDER DISALLOWING CONTINGENT CLAIM OF**
**INTERNATIONAL FIDELITY INSURANCE CO.**

The relief set forth on the following page, numbered two (2), is hereby **ORDERED**.

**DATED: 1/22/2009**

Honorable Gloria M Burns
United States Bankruptcy Court Judge

Page 2

Shapes/Arch Holdings L.L.C., et al.

Case No. 08-14631 (GMB)

Order Disallowing Contingent Claim of International Fidelity Insurance Co.

---

Upon consideration of the above-captioned debtors' (the "<u>Debtors</u>")[1] objection (the "<u>Objection</u>") to the contingent claim of International Fidelity Insurance Co. ("<u>International Fidelity</u>") seeking to disallow the proof of claim, any responses or objections thereto, notice of the Motion appearing appropriate, and for cause shown, it is hereby **ORDERED**:

1. That the Objection is SUSTAINED.

2. That International Fidelity's contingent claim identified as claim no. 461 on the claims register is hereby disallowed in its entirety, subject to being reconsidered pursuant to 11 U.S.C. § 502(j) in the event that International Fidelity sustains an actual loss or losses in connection with any one or more bonds it issued on behalf of any one or more of the Debtors, for which loss or losses International Fidelity is entitled to indemnification from one or more of the Debtors under contractual and/or common law; and

3. That the Debtors' and the Class 10 Liquidating Trustee's rights to file other objections to claims is hereby fully reserved.

CHERRY_HILL\473965\2 220718.000

---

[1] Unless otherwise defined herein, capitalized terms shall have the same meaning ascribed to them in the Objection.

*Approved by Judge Gloria M. Burns January 22, 2009*