**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| : | UNITED STATES BANKRUPTCY COURT |
| In re: : | FOR THE DISTRICT OF NEW JERSEY |
| : | HON. GLORIA M. BURNS |
| : | CASE NO. 08-14631(GMB) |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.,* : | |
| : | Chapter 11 |
| Debtors. : | (Jointly Administered) |
| : | |

**HEARING DATE AND TIME**:
February 23, 2009 at 10:00 a.m.

**ORAL ARGUMENT REQUESTED**

<u>**THE CLASS 10 LIQUIDATION TRUST'S**</u>
<u>**THIRD OMNIBUS OBJECTION TO CLAIMS**</u>
(Claim Numbers 37, 97, 125, 167, 172, 175, 178, 192, 226, 237, 238, 244, 245, 284,
299, 351, 366, 376, 391, 399, 401, 402, 403, 416, 451, 482, 485, 487, 491, 520,
537, 595, 651, 684, 711, 713, 716, 796, 781, 796, 824, 874, 900)

TO:    THE HONORABLE GLORIA M. BURNS,
         UNITED STATES BANKRUPTCY JUDGE:

The Class 10 Liquidation Trust (the "<u>Trust</u>"), established pursuant to the confirmed

Third Amended Joint Plan of Reorganization (together with its amendments, exhibits, and

modifications, the "<u>Plan</u>") of Shapes/Arch Holdings, L.L.C., *et al.*(together, the "<u>Debtors</u>"), makes

this motion (the "<u>Motion</u>"), pursuant to Section 502(d) of Title 11 of the United States Code (the

"<u>Bankruptcy Code</u>") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the

"<u>Bankruptcy Rules</u>"), for entry of an order disallowing, expunging or reducing certain claims, and

in support of the Motion, the Trust respectfully represents as follows:

**<u>STATEMENT OF FACTS</u>**

**(A)  <u>Background</u>**

1.      The Debtors filed voluntary petitions for relief under Chapter 11 of the

Bankruptcy Code on March 16, 2008 (the "<u>Filing Date</u>").  The cases were jointly administered

pursuant to this Court's Order dated March 18, 2008.

2.      An Official Committee of Unsecured Creditors was appointed by the

United States Trustee on March 31, 2008 and played an active role in these cases.  The

Committee dissolved on August 8, 2008, the effective date of the Plan (the "<u>Effective Date</u>").

[Dkt. Nos. 338, 376, 399, 492, 545, 601].

3.      The Plan was confirmed by Order of this Court dated July 24, 2008 [Dkt.

No. 561], and on the Effective Date, the Trust was established.  Pursuant to Sections 4.5, 5.2

and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan)

[Dkt. No 376], the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things,

review and file objections to unsecured claims.  The Plan Administration Agreement also

created a three member Trust Advisory Committee to review the Trust's decisions.

4.       The Plan established a deadline of ninety days after the Effective Date, or

November 6, 2008 (the "Claims Objection Deadline"), for filing objections to claims, provided

that the Court could extend the Claims Objection Deadline upon the request of the Debtors or

the Trust.  By order dated November 26, 2008, the Claims Objection Deadline was extended

until January 31, 2009.  In addition, the Claims Objection Deadline was further extended with

respect to litigation claims, claims against insiders and claims under section 502(d) of the

Bankruptcy Code.

**(B)   The Claims Process**

5.       On the Filing Date, the Debtors filed their Schedules of Assets and

Liabilities and Statement of Financial Affairs (the "Bankruptcy Schedules").  Shortly thereafter,

the Debtors were authorized to retain Epiq Bankruptcy Solutions, L.L.C. to serve as claims

agent in these cases and maintain the official claims register and notice lists.

6.       By order dated March 18, 2008 (the "Bar Date Order"), this Court fixed

May 15, 2008 (the "Bar Date") as the deadline for filing pre-petition proofs of claim in these

cases. [Dkt. No. 35].

7.       Pursuant to the Plan, the deadline for the filing of claims for damages

arising from the rejection of executory contracts or leases was September 11, 2008.[1]

**RELIEF REQUESTED**

8.       By this Motion, the Trustee seeks entry of an order, pursuant to §502 of the

Bankruptcy Code and Bankruptcy Rule 3007, disallowing, expunging or reducing the claims

identified on Exhibits "A" thru "C" attached hereto and made a part hereof (collectively, the

---

[1] Separate notice of the rejection claims deadline was provided in the Notice of (I) Effective Date of the
Debtors' Third Amended Joint Chapter 11 Plan or Reorganization, as Modified, and (II) Bar Dates for
Filing Administrative and Rejection Damage Claims, dated August 11, 2008.

"Disputed Claims"), all as more particularly detailed below and on the Exhibits.  The Disputed

Claims comprise either (i) claims that are barred by the Bar Date Order, having been filed after the

Bar Date, (ii) claims that are either duplicative of later filed claims or have been amended and

superseded by later filed claims, or (iii) claims for damages arising under a rejected contract that

were filed in duplicate, did not include supporting documentation and did not agree with the

Debtors' books and records.

### Late Filed Claims

9.      The Bar Date was fixed as May 15, 2008.

10.      All of the claims set forth on Exhibit "A" were filed after the Bar Date and

are, therefore, forever barred by the Bar Date Order.[2]    Accordingly, the Trustee seeks to have

these claims expunged in their entirety as set forth on Exhibit "A."

### Books and Records Claims

11.      The Disputed Claims listed on Exhibit "B" are claims for damages arising

under a contacts rejected by the Debtors, or claims whereby the dollar amounts asserted in the

proofs of claim identified on Exhibit "B" differ from the amounts reflected in the Debtors' updated

books and records for such claims .  As set forth in the Declaration of Irv Schwarzbaum annexed

hereto as Exhibit "C", the Trust seeks to expunge the Claims on Exhibit "B" to the extent they are

duplicative of later filed claims or have been amended and superseded by later filed claims.  In

addition, the amounts asserted in the later surviving proofs of claim are not supported with

adequate documentation and differ from the amounts reflected in the Debtors' updated books and

---

[2] Pursuant to Section 7.8 of the Plan, all claims filed after the Bar Date are automatically disallowed.
However, in an abundance of caution, the Trustee is seeking entry of an order expunging these claims by
this Motion.

records for such claims.  Therefore, the Trust  seeks to have the later surviving claims reduced to

the amounts set forth on Exhibit "B"

## RESERVATION OF RIGHTS

12.      The Trust, on its own behalf and on behalf of the Debtors, hereby reserves the right

to object to the surviving claims (identified on Exhibit "B" as "Surviving Reduced Claims") on any

grounds on a later date.  Separate notice and hearing will be scheduled in the event of such

objection.[3]

## NOTICE

13.      Notice of the relief requested herein was given by service of a copy of this

Motion and its Exhibits by regular, first-class mail upon (a) the holders of the Disputed Claims at

the address listed on their respective proofs of claim, (b) all parties having filed a notice of

appearance in these cases, and (c) the office of the United States Trustee.  The Trust submits, and

requests that this Court find, that no other or further notice of this Motion is necessary or required.

## WAIVER OF MEMORANDUM OF LAW

14.      The Trust hereby requests that the Court waive and dispense with the

requirement that any motion filed shall have an accompanying memorandum of law.  This Motion

does not raise any novel issue of law.  Accordingly, it is submitted that a waiver of the requirement

is appropriate under the circumstances.

---

[3] The Trust has reached an agreement in principle with Teamsters Local 837 Pension Fund,
Teamsters Local 837 Health and Welfare Fund and  Teamsters Local 837 Scholarship Fund
(together, the "Teamsters") resolving all of the claims of those entities, and the language of a
proposed consent order is being reviewed by the parties.  The Trust therefore does not anticipate
objecting to the claims of the Teamsters.  However, the Trust reserves its rights to object to the
Teamsters claims if for any reason a proposed consent order cannot be submitted to the Court.

**WHEREFORE,** the Trust respectfully request entry of an order reclassifying, reducing or disallowing the Disputed Claims, and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

HALPERIN BATTAGLIA RAICHT, LLP
Co-Counsel for the Class 10 Trust

By: _/s/ Donna H. Lieberman_
        Donna H. Lieberman
        Carrie E. Mitchell

        -    and    -

COLE SCHOTZ MEISEL FORMAN
& LEONARD, P.A.
Co-Counsel for the Class 10 Trust

BY: _/s/ Ilana Volkov_
        Ilana Volkov

Dated:  January 30, 2009