# EXHIBIT C

**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| | : FOR THE DISTRICT OF NEW JERSEY |
| | : HON. GLORIA M. BURNS |
| | : CASE NO. 08-14631 (GMB) |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : Chapter 11 |

**DECLARATION OF IRV SCHWARTZBAUM IN SUPPORT OF THE CLASS 10 LIQUIDATION TRUST'S THIRD OMNIBUS OBJECTION TO CLAIMS**

**HEARING DATE AND TIME**:
February 23, 2009, at 10:00 a.m.

**ORAL ARGUMENT REQUESTED**

{00070972.1 \ 0631-002}

This declaration is made pursuant to 28 U.S.C. § 1746 by Irv Schwarzbaum, as follows:

1. I am a Director in the Business Investigation Services division of J.H. Cohn, LLP, financial advisors to the Class 10 Liquidation Trust in the cases of the above-captioned debtors and reorganized debtors (together, the "Debtors"). All of the statements made in this declaration are based upon my first hand knowledge, unless otherwise stated.

2. I have obtained a complete copy of the claims register in these cases as of October 17, 2008 from Epiq Systems, the Debtors' official claims agent.

3. I have reviewed the claims register to identify claims that were filed after the applicable bar date for filing claims of that type. For general unsecured claims, the deadline was May 15, 2008 and I identified several general unsecured claims that were filed after that date (the "Late Filed Claims").

4. I then reviewed Exhibit "A" to the Class 10 Liquidation Trust's First Omnibus Objection to Claims (the "Motion") and it accurately shows the claims that I have identified as Late Filed Claims.

5. I have also reviewed the claims register to identify unsecured claims filed by creditors relating to rejection of a contract or contracts by the Debtors. Certain of those claims appear to be duplicative.

6. In addition, some claims differ from the Debtors' books and records. I reviewed the claims and compared the claims to the Debtors' books and records to ascertain the correct value of each claim. Based upon that review and analysis, I identified a number of filed claims that differ in amount from the Debtors' books and records, as well as the claims which were filed in duplicate (the "Books & Records Claims").

7. I then reviewed Exhibit "B" to the Motion, which lists the Books & Records Claims I identified. The scheduled claims appear in one column in that exhibit as the "surviving claim amount" and the filed claims in another column as "claim to be expunged." That chart accurately shows the claims that I have identified as the Books and Records Claims.

10. I have reviewed the Motion and Exhibits A, and B, and based upon my review of the claims register and the Debtors' books and records, I believe both accurately identify claims that are late filed, claims that are duplicative and claims that are not supported by the Debtors' books and records. The amounts shown in Exhibit "B" as "Surviving Claim" accurately reflect the amounts the Debtors show as due.

Dated: Edison, New Jersey
       January 30, 2009

                                          */s/ Irv Schwarzbaum*
                                          IRV SCHWARZBAUM