PPG\Shapes-Arch Holdings\answer to claims objection

**THE CHARTWELL LAW OFFICES, LLP**
John J. Winter, Esquire
NJ ID No. JW9777
970 Rittenhouse Road, Suite 300
Eagleville, PA 19403
Telephone: (610) 666-7700
Telecopier: (610) 666-7704
*Attorneys for PPG Industries, Inc.*

_____

| | |
|---|---|
| In re: | : UNITED STATES BANKRUPTCY COURT |
| **SHAPES/ARCH HOLDINGS, LLC,** | : DISTRICT OF NEW JERSEY |
| **et al.,** | : Chapter 11 Case Nos. 08-14631 through |
| Debtors | :     08-14635 (GMB) (jointly administered) |
| | : Hearing Date: February 9, 2009, 10:00 A.M. |
| _____ | : Oral Argument Requested if Opposed |

**ANSWER TO CLASS 10 LIQUIDATION TRUST'S SECOND
OMNIBUS OBJECTION TO BOOKS AND RECORDS CLAIMS
FILED ON BEHALF OF PPG INDUSTRIES, INC.**

**NOW COMES** PPG Industries, Inc. ("PPG"), a trade creditor of the above-captioned Debtors, by and through its undersigned counsel, and files the following Answer to the Class 10 Liquidation Trust's Second Omnibus to Books and Records Claims:

**I. STATEMENT OF FACTS.**

**A. Background.**

    1.    Admitted.

    2.    Admitted.

    3.    Admitted.

    4.    Admitted.

    5.    Admitted.

    6.    Admitted.

**B. The Claims Process.**

    7.    Admitted.

    8.    Admitted.

    9.    Admitted.

## JURISDICTION AND VENUE

    10.    Admitted.

## RELIEF REQUESTED

    11.    It is admitted that the Trust is seeking to reduce the claims identified on Exhibit "A" to the Trust's Second Omnibus Objection. It is denied that the reductions sought with respect to PPG's claims are appropriate.

    12.    It is admitted that the Declaration of Irv Schwarzbaum attached to the Trust's Second Omnibus Objection as Exhibit "B" reflects differences between the asserted Proofs of Claim identified on Exhibit "A" and the Debtors' updated books and records. It is denied that the "updated" amounts shown for PPG are correct. By Order of the Bankruptcy Court entered on July 17, 2008 (D.I. No. 535) a Stipulation between the Debtors and PPG was approved ("the "Stipulated Order") which provided as follows:

> A.    PPG shipped goods to both Accu-Weld, LLC and Shapes, LLC in the ordinary course of their respective businesses prior to the Petition Date (the "Goods") during the forty-five (45) day preceding the Petition Date (the "Reclamation Period"), with some of those shipments being made within the twenty (20) day period day preceding the Petition Date (the "Administrative Claim Period").
>
> B.    On March 25, 2008, PPG issued a Notice of Reclamation to Accu-Weld (the "Accu-Weld Reclamation Notice"), and as set forth in the Accu-Weld Reclamation Notice, PPG shipped Goods to Accu-Weld during the Reclamation Period with a total value of $118,162.75, while the value of those Goods received by Accu-Weld during the

Administrative Claim Period was $63,401.40 (the "Accu-Weld Administrative Claim").

C. On April 1, 2008 PPG issued a Notice of Reclamation to Shapes (the "Shapes Reclamation Notice"), and as set forth in the Shapes Reclamation Notice, PPG shipped Goods to Shapes during the Reclamation Period with a total value of $65,793.60, while the value of those Goods received by Shapes during the Administrative Claim Period was $27,162.80.

D. Debtors responded to the Accu-Weld Reclamation Notice and Shapes Reclamation Notice (collectively, the "Reclamation Notices") that they are not obligated to return the Goods covered thereby, because they are subject to the liens and security interests of their secured creditor(s).

E. Accordingly, PPG claims to be entitled to an administrative claim for the value of the Reclaimable Goods received by Accu-Weld and Shapes during the Administrative Claim Period pursuant to 11 U.S.C. §§ 105(a), 363(b), 364(b) 503(a) and 503(b)(9), and filed a request for Payment of an Administrative Expense against Accu-Weld in the sum of $63,401.40 (the "Accu-Weld Administrative Expense Claim"), as well as a request for Payment of an Administrative Expense against Shapes in the sum of $27,162.80 (the "Shapes Administrative Expense Claim").

F. PPG also filed a Proof of Claim against Accu-Weld in the total amount of $244,407.62 (the "Accu-Weld Proof of Claim"), and a Proof of Claim against Shapes in the total amount of $161,740.96 (the "Shapes Proof of Claim").

**WHEREAS,** Debtors have advised counsel for PPG, and PPG has agreed that with respect to the Shapes Administrative Expense Claim and Shapes Proof of Claim, in actuality, the last two invoices included in each of them represents Goods that were received and paid for post-petition (the "Post-petition Payments"), as follows: Invoice No. 118528, dated March 14, 2008, in the amount of $20,933; and Invoice No. 1187050, dated March 17, 2008, in the amount of $2,062.

**WHEREAS,** other than as specifically set forth above, Debtors have no objection to the aforesaid Administrative Expense Claims and Proofs of Claim, and agree that they can be allowed if the Shapes

3

Administrative Expense Claim and Shapes Proof of Claim be amended to reflect the aforesaid payments and reduced accordingly.

**WHEREAS,** PPG and the Debtors are desirous of settling the Administrative Claims on the terms and subject to the conditions set forth herein.

**NOW THEREFORE,** in consideration of the mutual covenants and promises set forth herein, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the Debtors and PPG do hereby stipulate and agree as follows.

1. The foregoing Background is incorporated herein by reference.

2. The Accu-Weld Administrative Expense Claim and Accu-Weld Proof of Claim shall each be allowed upon the entry of an Order approving this Stipulation.

3. The Shapes Administrative Expense Claim is hereby amended to reflect the Post-petition Payments, and is hereby reduced to $4,167.80. Similarly, the Shapes Proof of Claim is hereby amended to reflect the Post-petition Payments, and is hereby reduced to $138,745.96.

4. As thus amended, the Shapes Administrative Expense Claim and Shapes Proof of Claim shall each be allowed upon the entry of an Order approving this Stipulation.

5. The Accu-Weld Administrative Expense Claim and Shapes Administrative Expense Claim shall be paid, in full, on the "Effective Date" of the Debtors' pending Third Amended Plan of Reorganization.

As a record of this court the Stipulated Order is subject to judicial notice and is incorporated herein by reference. The Trust's Second Omnibus Objection therefore improperly seeks to reduce PPG's Shapes Proof of Claim (Claim No. 538, filed in the amount of $161,740.96), ***which has already been allowed by the Stipulated Order in the amount of $138,745.96,*** to zero.

4

No payments have been received by PPG against the Shapes Proof of Claim since the entry of the Stipulated Order, and the balance due thereon continues to be $138,745.96.  In contrast, the Trust's Second Omnibus Objection also seeks to reduce PPG's Accu-Weld Proof of Claim (Claim No. 539, filed in the amount of  $244,407.62) ***which was allowed by the Stipulated Order in the amount of $181,006.22,*** to $169,583.22.  PPG has subsequently reviewed its own records and since the entry of the Stipulated Order, it appears that additional Section 503(b)(9) payments have reduced the balance of the Accu-Weld Proof of Claim to $169,538.22, and therefore the requested relief is appropriate as to the Accu-Weld Proof of Claim, and it should be reduced accordingly.

13. It is admitted that in most cases the Second Omnibus Objection seeks to reduce the Disputed Claims to the amounts shown in the Debtors' Schedules, or to correct them to reflect amounts paid or due as administrative claims under Section 503(b)(9) of the Bankruptcy Code.

14. Because Paragraph 14 pertains to claims held by entities other than PPG, no response is required.

15. Paragraph 15 simply recites Section 502 of the Bankruptcy Code, so no response is required.

16. It is admitted that the Second Omnibus Objection seeks the entry of an Order reducing the Disputed Claims.  It is denied that the amounts requested for PPG by way of reduction are appropriate.

## **RESERVATION OF RIGHTS**

17. No response is needed with respect to the Trust's reservation of rights.

## NOTICE

18.     No response is needed with respect to the Trust's provision of notice.

**WHEREFORE,** PPG Industries, Inc. respectfully requests the entry of an Order or Orders granting in part and denying in part the Trust's Second Omnibus Objection as concerns: (a) PPG's Shapes Proof of Claim, and confirming its previous allowance in the amount of $138,745.96; and (b) reducing the amount of PPG's Accu-Weld Proof of Claim, and confirming its allowance in the reduced amount of $169,538.22; and for such other and further relief as is just and proper under the circumstances.

Dated: Eagleville, PA
       January 31, 2009                       **THE CHARTWELL LAW OFFICES, LLP**

                                                 By: /s/ John J. Winter
                                                      John J. Winter, Esquire
                                                      (JW-9777)
                                              970 Rittenhouse Road, Suite 300
                                              Eagleville, PA 19403
                                              Telephone: (610) 666-8437
                                              Telecopier: (610) 666-7704
                                              e-mail: jwinter@chartwelllaw.com
                                              *Attorneys for PPG Industries, Inc.*