# KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

ATTORNEYS AT LAW

260 S. BROAD STREET

PHILADELPHIA, PA 19102-5003

(215) 568-6060
FAX: (215) 568-6603
www.klehr.com

NEW JERSEY OFFICE
457 HADDONFIELD ROAD
SUITE 510
CHERRY HILL, NEW JERSEY 08002-2220
(856) 486-7900

DELAWARE OFFICE
919 MARKET STREET
SUITE 1000
WILMINGTON, DELAWARE 19801-3062
(302) 426-1189

MORTON R. BRANZBURG
LAWRENCE J. AREM
RICHARD S. ROISMAN
JEFFREY KURTZMAN
FRANCIS M. CORRELL, JR.
CARL S. PRIMAVERA
PAUL G. NOFER
BARRY J. SIEGEL
STEPHAN L. CUTLER
DAVID S. EAGLE*
CHARLES A. ERCOLE
GREGORY G. GOSFIELD
SHAHAN G. TEBERIAN
DANIEL P. O'BRIEN
DON P. FOSTER
HEATHER I. LEVINE
MARC H. STOFMAN
MATTHEW J. BORGER
JON M. KATONA
LEE R. SUSSMAN
JOSHUA S. WANDERER††
ROBERT A. MCKINLEY
LISA A. LORI
MATTHEW H. WERTHMAN

WILLIAM A. HARVEY
RONA J. ROSEN
CAROL ANN SLOCUM
MICHAEL K. CORAN
JOANNE B. WILLS
KEITH W. KAPLAN
DOUGLAS F. SCHLEICHER
RICHARD M. BECK
DENISE M. DAY
BRADLEY A. KROUSE
WILLIAM W. MATTHEWS III
RONALD J. PATTERSON
GLENN A. WEINER
IRA A. ROSENAU
MICHAEL A. IACONELLI
A. GRANT PHELAN
JON S. ROBINS
IRA C. GUBERNICK
MICHAEL P. RITTINGER
WILLIAM R. HINCHMAN
DOMENIC E. PACITTI
JONATHAN R. FLORA⊥
ANTHONY P. TABASSO
LINDA RICHENDERFER

DAVID C. ROULSTON
GIANNA M. KARAPELOU
FRANCIS X. GORMAN**
MICHAEL W. YURKEWICZ
WILLIAM J. CLEMENTS
WILLIAM T. HILL
JAWAD H. SALAH
MARK A. BEAVER
ARI INDIK
GREGG PERCHICK
DAWN N. ZUBRICK
NICOLE R. FAUX
LYNETTE SANTIAGO-RIVERA
RACHEL E. BERNSTEIN
KATHERINE DUREE❖❖
MATTHEW P. ROSENBERG
G. MATTHEW BARNARD
KIMBERLY KUPKA
JENNIFER PATONE COOK
MICHAEL P. ZANAN

SHARON L. SULETA
BRETT D. FELDMAN
RANDI L. RUBIN
JULIE BEDDINGFIELD
KELLY A. GREEN**
LAURA KERN
DARWIN R. BEAUVAIS
TRACY L. HASLETT
KEITH LORENZE
RYAN A. SILVERMAN
S. JUSTIN DAVIS
ZAL A. KUMAR
JEFFREY D. SPANN
DANIEL R. COOPER
RANDOLPH C. RELIFORD
BENJAMIN SPECIALE
JESSICA KOVACK
SIOBHAN M. O'DONNELL
BRIAN VRABEL
ROBERT P. JOHNS, III

\* MEMBER OF NEW YORK & DELAWARE BAR ONLY
\*\* MEMBER OF DELAWARE BAR ONLY
\*\*\* MEMBER OF NEW JERSEY BAR ONLY
†† MEMBER OF NEW YORK BAR ONLY
❖ MEMBER OF CALIFORNIA & NEW JERSEY BAR ONLY
❖❖ MEMBER OF CALIFORNIA & DISTRICT OF COLUMBIA BAR ONLY
⊥ MEMBER OF CALIFORNIA, DISTRICT OF COLUMBIA, MINNESOTA & WASHINGTON ONLY

OF COUNSEL
LEONARD M. KLEHR
DONALD M. HARRISON
PETER J. NORMAN
MARY ELLEN O'LAUGHLIN
STEPHEN C. SUSSMAN
LYNN A. COLLINS
MICHAEL C. FORMAN***
KATHLEEN E. TORBIT
SHERRY OLIN LEMONICK
RICHARD C. DeMARCO
LEONA MOGAVERO

February 2, 2009

Direct Dial: (215) 569-4493
E-Mail: JKURTZMA@klehr.com

Honorable Gloria M. Burns,
United States Bankruptcy Judge
United States Post Office and Courthouse
401 Market Street, 2nd Floor
Camden, NJ 08101

  Re: **Shapes/Arch Holdings LLC, et al.**
    **Case No. 08-14631 (GMB) (Chapter 11)**

Dear Judge Burns:

  This firm represents Eric S. Laboz ("Laboz") in the above-referenced Chapter 11 cases. Please accept this letter is lieu of a more formal memorandum of law in opposition to the objection (the "Objection") of the reorganized debtors (collectively, the "Debtors") to claim no. 614 filed by Laboz on May 15, 2008 (the "Claim").

  By way of background, the components of the Claim are a priority claim in the amount of $10,950.00 pursuant to § 507(a)(4) of the Bankruptcy Code and a general unsecured claim in the amount of $5,423.00.

PHIL1 824264-1

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

Honorable Gloria M. Burns,
United States Bankruptcy Judge
February 2, 2009
Page 2

      On December 2, 2008, Laboz filed a response to the Objection (Document No. 732), which is incorporated by reference herein. Thereafter, a preliminary hearing on the Objection was held before this Court on January 5, 2009 and adjourned to February 2, 2009 at 11:30 a.m. to permit the parties to submit supplemental pleadings and for the Court to consider the record.

      As noted in Laboz's response to the Objection, there appears to be no dispute between the parties concerning the validity, priority or amount of the Claim. Specifically, both the Debtors and Laboz agree that the Claim should be allowed as a priority claim under § 507(a)(4) in the amount of $10,950.00 and as a general unsecured claim in the amount of $5,423.00. However, the Debtors effectively urge this Court to issue an injunction against a distribution to Laboz pending the resolution of an action commenced by Ultra LLC ("Ultra"), one of the Debtors, against Laboz in the United States District Court for the Eastern District of Pennsylvania.

      For a number of compelling reasons, including the facts that (a) the amount at issue is exceedingly small, (b) the Debtors have made no showing that they are likely to succeed in the unrelated litigation against Laboz, and (c) the Debtors have failed to offer a shred of evidence that Laboz would be incapable of satisfying any judgment obtained by Ultra, the Objection should be overruled.

      Laboz respectfully requests this Court to examine the significant liberties being taken by the Debtors with the procedures they themselves established under their confirmed plan of reorganization (the "Plan"). As the Debtors note in the Objection, the Plan was confirmed as of July 22, 2008 and became effective on August 8, 2008. Objection, at ¶ 5.

      Laboz also asks this Court to note that the ninetieth (90th) day following the Plan's effective date was November 6, 2008. This date is relevant since the Plan establishes a deadline for the Debtors (or the liquidation trustee appointed pursuant to the Plan) to file objections to claims no later than ninety (90) days after the effective date, Plan at Section 7.8. In contrast, the Objection was filed on November 26, 2008, twenty (20) days' past the deadline.

      The Debtors' counsel argued at the preliminary hearing that the commencement of the action against Laboz in the United States District Court for the Eastern District of Pennsylvania was an "informal" claim objection. Laboz submits that this suggestion is both incorrect as a matter of law and disingenuous. The Debtors apparently realized late in the game that they had no basis to object to the validity, priority or amount of the Claim. Accordingly, following the claims objection deadline established under the Plan, they fashioned an objection predicated on the notion that they had an offset right against Laboz. In view of the detailed procedures for objecting to claims set forth in Federal Rule of Bankruptcy Procedure 3007, however, there is simply no such thing as an "informal" claim objection. Rule 3007 sets forth explicit procedures

PHIL1 824264-1

KLEHR, HARRISON, HARVEY, BRANZBURG & ELLERS LLP

Honorable Gloria M. Burns,
United States Bankruptcy Judge
February 2, 2009
Page 3

for objecting to claims in bankruptcy proceedings, including the requirement that the basis of the claim objection be stated with specificity and that the claimant be given at least thirty (30) days prior notice of a hearing on the objection. The commencement of an action in a court other than this one involving issues separate and apart from the Claim, particularly where the relevant pleading does not identify the Claim, does not specify the legal basis for the proposed disallowance of the Claim, and does not reference § 502 of the Bankruptcy Code in any regard, is no surrogate for the claim objection procedures set forth in the Federal Rules of Bankruptcy Procedure.

Finally, Laboz respectfully submits that the Debtors' rights, if any, to offset their alleged claims against Laboz against the distribution to which Laboz is entitled, are governed exclusively by the Plan. In particular, the priority portion of the Claim is governed by Section 3.4 of the Plan, which provides as follows:

> 3.4    Class 1 Other Priority Claims. Each holder of an allowed [non-tax] Priority Claim shall be paid in respect of such Allowed Claim (a) the full amount thereof in Cash, as soon as practicable after the later (i) the Effective Date and (ii) the date on which such Claim becomes an Allowed Claim or upon such other terms as may be agreed upon by the holder of such Allowed Claim, or (b) such lesser amount as the holder of such Allowed Other Priority Claim and the Debtors, prior to the Effective Date, and the Reorganized Debtors, following the Effective Date, and the holder of such Allowed Other Priority Claim might otherwise agree, provided, however, that the aggregate amount of the Other Priority Claims are not in excess of two million dollars ($2,000,000.00). Any Allowed Claims in this Class 1 for paid time off shall be satisfied in the ordinary course of business consistent with the Debtors' employment policies and practices and shall not be included in the above cap. The holders of Claim in this Class are not Impaired, and therefore, not entitled to vote.

The language above makes it clear that the Claim became an "allowed claim", at the latest, when the deadline for objecting to claims under the Plan expired without an objection having been filed. Here, the Debtors cannot claim ignorance of a dispute involving Laboz since they had in fact sued Laboz in a different court. For this reason, among others, the Debtors' request that this Court authorize the Debtors to defer Laboz's distribution rings hollow.

PHIL1 824264-1

Klehr, Harrison, Harvey, Branzburg & Ellers llp

Honorable Gloria M. Burns,
United States Bankruptcy Judge
February 2, 2009
Page 4

     In view of the very modest amount at issue here, Laboz respectfully submits that the Court direct the Debtors to make the distribution on account of the Claim. This is nothing more than Laboz is entitled to under the Plan and would of course be without prejudice to the Debtors' rights and claims against Laboz in the district court action. Having established their own preferred procedures for objecting to claims and making distributions to creditors under the Plan, the Debtors should not be permitted to alter those procedures now, at least without conclusive proof that the Debtors will suffer irreparable harm if Laboz receives that which he is entitled to.

     We appreciate the Court's consideration and ask that Your Honor have your chambers contact us with any questions or comments which you may have.

Respectfully yours,

JEFFREY KURTZMAN

JK/ap
cc:    Jerrold N. Poslusny, Esquire

PHIL1 824264-1