| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| In re:<br><br>**SHAPES/ARCH HOLDINGS L.L.C.,** *et al.,*<br><br>Debtors. | Chapter 11<br><br>Case No. 08-1463<br>(Jointly Administered)<br><br>Judge: Gloria M. Burns |

Order Filed on
**2/5/2009**
by Clerk U.S. Bankruptcy
Court District of New Jersey

**CONSENT ORDER MODIFYING THE
BANKRUPTCY STAY AND THE PLAN INJUNCTION IN FAVOR OF
BLUE RIDGE GENERAL CONTRACTORS LLC FOR THE LIMITED PURPOSE OF
PERMITTING BLUE RIDGE GENERAL CONTRACTORS LLC TO
<u>PURSUE AN ACTION TO THE EXTENT OF INSURANCE</u>**

The relief set forth in the following pages, number two (2) through five (5) is hereby

**DATED: 2/5/2009**

_____
Honorable Gloria M Burns
United States Bankruptcy Court Judge

{00072940.1 \ 0631-002}

**WHEREAS**, Blue Ridge General Contractors, LLC f/k/a D and M Builders, LLC (the "**Claimant**") commenced an action against Accu-Weld, LLC and Vinyl Tech Window Systems, Inc. in the General Court of Justice, Superior Court Division, in Guilford County, North Carolina on October 8, 2007 (Case no. 07-CvS-10934) alleging negligence in the manufacture, marketing and selling of certain window units and seeking a judgment in an amount in excess of $10,000 (the "**Action**"); and

**WHEREAS,** an Entry of Default was entered against Accu-Weld, LLC in the Action on December 19, 2007; and

**WHEREAS**, Accu-Weld, LLC and four of its affiliates (together, the "**Debtors**") filed voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") on March 16, 2008 (the "**Petition Date**") in the United States Bankruptcy Court for the District of New Jersey; and

**WHEREAS,** upon such filings, actions against the Debtors and their assets on account of pre-petition claims were barred by the automatic stay provisions of Section 362 of the Bankruptcy Code; and

**WHEREAS**, the Claimant filed a proof of claim in the bankruptcy cases on July 14, 2008, alleging an unsecured claim against Debtor Accu-Weld, LLC in the amount of $350,130; and

**WHEREAS**, the Debtors' Third Amended Joint Plan of Reorganization (the "**Plan**") was confirmed by Order of this Court dated July 24, 2008 (the "**Confirmation Order**") and became effective on August 8, 2008; and

**WHEREAS**, on the effective date of the Plan, the Class 10 Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration

Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, object to and resolve unsecured claims; and

**WHEREAS**, the Debtors, the Claimant and the Trust (together, the "**Parties**") wish to consensually resolve any claims the Claimant may hold against the Debtors and/or the Trust and the property of each, including but not limited to claims asserted in the Action;

**NOW, THEREFORE,** it is hereby stipulated and agreed between the Debtors, the Claimant and the Trust as follows:

A.    The automatic stay pursuant to 11 U.S.C. § 362(a) and the injunction provisions of the Plan and Confirmation Order are hereby modified in these cases to permit the Claimant to proceed with the Action, upon the terms set forth below.

B.    The Claimant agrees that its recovery against the Debtors, the Debtors' estates and property shall be limited to the actual available proceeds, if any, of insurance, and shall be recoverable by the Claimant solely from the insurer and not from the Debtors, the Debtors' estates or any of the Debtors' other assets. Except as otherwise set forth in this paragraph, the Claimant hereby releases the Debtors and their estates from any and all obligations, claims and demands of any kind, at law or in equity, arising out of, by reason of or relating to the Action or any other obligations, claims and demands of any kind that the Claimant may hold or assert against the Debtors or their estates as of the date of this Stipulation.

C.    The Claimant acknowledges and agrees that it has no claims against the Trust, the Trustee or the assets of the Trust, and that it is not a beneficiary of the Trust and will not seek any distribution or recovery from the Trust. The Claimant hereby releases the Trust and the Trustee from any and all obligations, claims and demands of any kind, at law or in equity, arising out of, by reason of or relating to the Action or any other obligations, claims and demands of any

kind that the Claimant may hold or assert against the Trust or the Trustee as of the date of this Stipulation.

  D. This Stipulation contains the entire agreement by and among the Parties and all prior understandings or agreements between them, if any, are merged into this Stipulation.

  E. This Stipulation and the obligations of the Parties are specifically subject to, and conditioned upon, the approval of the Stipulation by the Bankruptcy Court.  If the Bankruptcy Court declines to approve the Stipulation, the provisions hereof shall be null, void and of no force and effect, and nothing contained herein shall be deemed an admission by any of the Parties.

  F. This Stipulation may be signed in counterpart, and faxed copies of signatures shall be deemed originals for purposes of this Stipulation.

  G. This Stipulation shall be binding upon all successors and assigns of each of the Parties, and any subsequently appointed chapter 11 trustee or chapter 7 trustee.

  H. This Court shall retain jurisdiction to resolve disputes or controversies arising from or related to the terms of this Stipulation.

Dated: January 20, 2009

         **COZEN O'CONNOR,**
         A Pennsylvania Professional Corporation
         Counsel to the Debtors and Reorganized Debtors

    By: /s/ Jerrold N. Poslusny, Jr.
       Jerrold N. Poslusny, Jr., Esq.
       LibertyView, Suite 300
       457 Haddonfield Road
       Cherry Hill, NJ 08002
       856-910-5005

Dated: January 20, 2009

          **HALPERIN BATTAGLIA RAICHT, LLP**
          Counsel to the Class 10 Trust

By:   /s/ Donna H. Lieberman
       Donna H. Lieberman, Esq.
       555 Madison Avenue, 9th Floor
       New York, New York 10022
       212- 765-9100

Dated: January 20, 2009

          **ROBERSON, HAWORTH & REESE, PLLC**
          Counsel to Blue Ridge General Contractors, LLC

By:   /s/ William P. Miller
       William P. Miller, Esq.
       P.O. Box 1550
       High Point, NC 27261
       336-889-8733