Order Filed on
**2/5/2009**
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------X
In re:                                                            Case No. 08-14631 (GMB)

SHAPES/ARCH HOLDINGS L.L.C., et al.                               Judge: Gloria M. Burns

           Debtor.                                                Chapter: 11
-----------------------------------------------------------------X

## CONSENT ORDER GRANTING RELIEF FROM DISCHARGE INJUNCTION

### RECITALS:

(The relief set forth on the following pages, numbered 3 and 4, is hereby
STIPULATED CONSENTED TO, AND AGREED).

**DATED: 2/5/2009**

Honorable Gloria M Burns
United States Bankruptcy Court Judge

**WHEREAS**, on or about March 16, 2008, (the "Petition Date"), SHAPES/ARCH HOLDINGS L.L.C. and its related debtor entities, (collectively the "Debtors"),[1] filed their respective petitions for relief under Chapter 11, Title 11 of the United States Code, (the "Bankruptcy Code"); and

**WHEREAS**, the Court confirmed, (the "Confirmation Order"), the Debtors' Third Amended Joint Plan of Reorganization, (the "Third Amended Plan"), effective as of July 22, 2008. The Third Amended Plan became effective on August 8, 2008, (the "Effective Date"); and

**WHEREAS**, the Third Amended Plan and Confirmation Order provided for a discharge injunction in favor of the Debtors; and

**WHEREAS**, Jean M. Davan and Richard Davan, (the "Claimants"), claim to have sustained damages as a result of personal injuries to them, which claimed injuries occurred prior to the Petition Date, for which the Claimants assert that ACCU-WELD L.L.C., ("Accu-Weld"), is wholly or partially liable; and

**WHEREAS**, at the time of the claimed personal injury Accu-Weld allegedly had liability insurance coverage in effect and issued by Sentry Insurance Co., ("Sentry"), under policy number CA86 682 008220; and

**WHEREAS**, Claimants commenced the following encaptioned litigation, <u>Jean M. Davan and Richard Davan v. Penske Truck Leasing Co., L.P. L.P., Albert D. Bratton, Jr. and Accu-Weld, LLC</u>, Supreme Court State of New York, County of Rockland (the "State Court Action"), under Index No. 00439/08 prior to the Petition Date; and

---

[1] In addition to Shapes/Arch Holdings L.L.C. ("<u>Shapes/Arch</u>"), the following entities, all of which are wholly owned subsidiaries of Shapes/Arch, also filed petitions on the Petition Date (defined below): Shapes L.L.C. ("<u>Shapes</u>"); Delair L.L.C. ("<u>Delair</u>"); Accu-Weld L.L.C. ("<u>Accu-Weld</u>"); and Ultra L.L.C. ("<u>Ultra</u>").

2

*Approved by Judge Gloria M. Burns February 05, 2009*

**WHEREAS**, the Claimants and Accu-Weld now desire to resolve all issues concerning the State Court Action and the claims of the Claimants against Accu-Weld, without further cost or litigation; and

**NOW**, in consideration of the above stated premises,

**IT IS HEREBY STIPULATED, CONSENTED TO AND AGREED** by the undersigned parties by their counsel as follows:

1. The Discharge Injunction is hereby modified to the extent of permitting the full litigation of the State Court Action for the purposes of the determination of liability, if any, of Accu-Weld as asserted by the Claimants, solely upon the condition that Sentry admits an obligation to defend Accu-Weld in the State Court Action.

2. The claims of, and any judgments obtained by, the Claimants in the State Court Action shall not be asserted as a claim or claims in the Chapter 11 case of Accu-Weld or be otherwise enforceable against Accu-Weld, shall not create a lien upon any property of Accu-Weld, and shall not create a claim against or right to distribution from the Class 10 Liquidation Trust.

3. The enforcement of any claim or judgment obtained by the Claimant against Accu-Weld in connection with the State Court Action is expressly limited to the amount of any insurance proceeds available at the time of the final disposition of the State Court Action under the applicable Sentry policy of insurance maintained by Accu-Weld.

4. Accu-Weld makes no representation concerning the ability or entitlement of the Claimaints to recover damages from Sentry or any other liability insurance

*Approved by Judge Gloria M. Burns February 05, 2009*

carrier.

5. No judgment shall be entered in the State Court Action against Accu-Weld for an amount in excess of the Sentry insurance coverage maintained by Accu-Weld.

6. Nothing contained in this Consent Order shall operate as a waiver or modification of the Discharge Injunction so as to permit the prosecution against Accu-Weld of any claim or claims by anyone other than the Claimants to the extent provided for herein.

7. This Consent Order may be executed in counterparts and facsimile signatures shall be deemed originals.

By: _____
Paul Svensson (PS 3403)
HODGES, WALSH & SLATER, LLP
Attorneys for the Claimants
55 Church Street, Suite 211
White Plains, New York 10601
Tel: 914-385-6000
Fax: 914-385-6060
Our File No: 700-007 SHS

By: _____
Jerrold N. Poslusny, Jr. (JP7140)
COZEN O'CONNOR
A Pennsylvania Professional Corporation
Attorneys for Debtor
LibertyView, Suite 300
457 Haddonfield Road
Cherry Hill, NJ 08002
Tel: 856-910-5005
Fax: 877-526-3069

*Approved by Judge Gloria M. Burns February 05, 2009*