**NORD & DeMAIO**
Attorneys at Law
Michael J. Stafford, Esq.
Turnpike Metroplex, Suite 201
190 State Highway 18
E. Brunswick, NJ  08816
(732) 214-0303
Attorneys for Cooper Electric Supply Co.

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IN RE: | : | CASE NOS.:   08-14631 (GMB) |
| | : | 08-14632 |
| SHAPES / ARCH HOLDINGS, LLC et al. | : | 08-14633 |
| | : | 08-14634 |
| Debtors. | : | 08-14635 |
| | : | Chapter 11 Proceedings |
| | : | Jointly Administered |
| | : | |
| | : | |

**CERTIFICATION OF DIANE BERESFORD IN SUPPORT OF COOPER ELECTRIC SUPPLY CO.'S OPPOSITION TO NOTICE OF MOTION OF THE CLASS 10 <u>LIQUIDATION TRUST'S THIRD OMNIBUS OBJECTION TO CLAIMS</u>**
(As to Claim Numbers: 97, 226 and 376)

I, DIANE BERESFORD, of full age, hereby certify the following to be true:

1. I am the Credit Manager of Cooper Electric Supply Co. ("Cooper"), and am duly authorized to make this Certification.  I submit this Certification in support of Cooper's Opposition to Notice of Motion of The Class 10 Liquidation Trust's Third Omnibus Objection to Claims, as to Claim Numbers: 97, 226 and 376.

2. I am fully familiar with the books and business of Cooper relative to this matter.

3. Upon information and belief, one or more of the debtors named herein formerly did business during the period at issue as "Aluminum Shapes, Inc." The statement of account of Aluminum Shapes, Inc. ("Debtor") annexed hereto ("Statement") is a true and accurate copy of

the books of original entry of Cooper as of March 25, 2008. (See Exhibit "A" annexed hereto).

4. The materials and/or services for which the book account charges reflected in the Statement were incurred ("Materials") were sold, delivered to, and accepted by the Debtor in the ordinary course of business. Said charges are fair and reasonable, and as per agreement.

5. The Debtor's execution of Cooper's Credit Application dated November 11, 1995, along with the list of credit references subsequently provided by the Debtor, were conditions precedent to Cooper's supply of the aforesaid Materials, and said Materials were supplied pursuant to, and in reliance upon, said documents. (See Exhibit "B" annexed hereto).

6. Prior to the Petition Date, and in response to purchase orders received from the Debtor, Cooper supplied approximately $24,771.43 of its materials ("Materials") to the Debtor on credit for which Cooper had not been paid.

7. Accordingly, Cooper caused its Proof of Claim to be filed in these matters for the sum of $24,771.43. (See Exhibit "C" annexed hereto).

8. Of the total amount of Cooper's Materials supplied pre-Petition, $6,244.74 of those Materials were supplied within twenty (20) days prior to the Petition Date ("Administrative Claim").

9. Although Cooper has since settled its Administrative Claim, to date Cooper has not been paid for any of the balance of its aforesaid Materials.

10. Based upon the foregoing, the balance of Cooper's Proof of Claim is pending in these matters for the sum of $18,526.69 ("Pending Proof of Claim").

11. Copies of the invoices and delivery tickets issued in the normal course of

Cooper's business relative to the amount of unpaid Materials set forth in Cooper's are collectively annexed hereto as Exhibit "D".

12. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

COOPER ELECTRIC SUPPLY CO.

BY: *Diane Beresford*
DIANE BERESFORD
Credit Manager

DATED: 2-19-09

I CERTIFY THAT THE AFFIANT ACKNOWLEDGED THE GENUINENESS OF HIS/HER FACSIMILE SIGNATURE. A COPY OF THE ABOVE DOCUMENT WITH THE ORIGINAL SIGNATURE AFFIXED WILL BE FILED IF REQUESTED BY THE COURT OR A PARTY, PER R. 1:4-4 (C).

ATTORNEY AT LAW OF NEW JERSEY