Daniel J. Yablonsky, Esquire (NJ Bar #DY0793)
YABLONSKY & ASSOCIATES, LLC
1430 Route 23 North
Wayne, NJ  07470
Telephone: (973) 686-3800
Attorneys for American Express Travel
Related Services Company, Inc.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| IN RE: | : | CHAPTER 11 |
|---|---|---|
|  | : | (Jointly Administered) |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | : |  |
|  | : | CASE NO. 08-14631(GMB) |
| DEBTOR. | : | Hearing Date: |
|  | : | March 2, 2009 at 10:00 a.m. |

**RESPONSE BY AMERICAN EXPRESS TRAVEL RELATED
SERVICES COMPANY, INC. TO THE CLASS 10 LIQUIDATION
TRUST'S THIRD OMNIBUS OBJECTION TO CLAIMS**

American Express Travel Related Services Company, Inc., collectively ("American Express") by and through its undersigned counsel, hereby responds to The Class 10 Liquidation Trust's ("Trust") Third Omnibus Objection to Claims, in support thereof, avers as follows:

**BACKGROUND**

1.    On March 16, 2008, a voluntary Chapter 11 petition was filed for relief under Chapter 11 of the Bankruptcy Code. The cases were jointly administered pursuant to this Court's Order dated March 18, 2008.

2.    On May 2, 2008, American Express Travel Related Services Company, Inc. ("American Express") timely filed a general unsecured claim in the amount of $11,801.53 for the unpaid pre-petition balance due on the Debtor's Corporate Card Account number ****-******-*1002. The claim is identified as Claim Number 402 ("Claim 402") on the Court's Claims Register.

3. On May 2, 2008, American Express timely filed a general unsecured claim in the amount of $6,460.98 for the unpaid pre-petition charges incurred on Debtor's Corporate Card account number ****-******-*1006. The Claim is designated as Claim Number 403 ("Claim 403") on the Court's Claims Register.

4. On May 2, 2008, American Express timely filed a general unsecured claim in the amount of $1,649.14 for the unpaid pre-petition charges incurred on Debtor's Corporate Card account number ****-******-*1001. The Claim is designated as Claim Number 401 ("Claim 401") on the Court's Claims Register.

5. On January 30, 2009, the Attorney for The Class 10 Liquidation Trust filed Objections to Claims 401, 402, and 403 alleging for each that "… the (Claims) are duplicative of later filed claims or have been amended and superseded by later filed claims. In addition, the amounts asserted in the later surviving proofs of claim are not supported with adequate documentation and differ from the amounts reflected in the Debtors' updated books and records for such claims." The Trust recommends claim 402 be reduces from $11,801.53 to $0.00, claim 403 be reduced from $6,460.98 to $585.93 and claim 401 from $1,649.14 to $599.95.

## SPECIFIC RESPONSE TO OBJECTION TO CLAIM 402

6. Claim 402 represents the Debtor's American Express Corporate Card program. According to the records of American Express, the Debtor requested this Account be established in the company's name. Additionally, at the company's request, individual Corporate Cardmember Accounts were issued to the Debtor's employees. At the time of the Debtor's bankruptcy filing, there were 11 individual Cardmember accounts issued to the Debtor's employees with unpaid pre-petition balance of $11,801.53.

7. Although American Express believes the documentation attached to the original Proof of Claim was clearly sufficient, attached hereto and made a part hereof as Exhibits "A" are true and correct copies of additional account statements for Claim 402. Only the relevant portion of the account statements which reflect the charges, payments, and credits are attached. Pages showing statements of available bonus points and other available membership rewards and offers have no relation to account activity and have been removed for purposes of brevity. This documentation further supports the Debtor's liability for the claim balances.

8. Claim 402 is not a duplicate or redundant claim.

### SPECIFIC RESPONSE TO OBJECTION TO CLAIM 403

9. Claim 403 represents the Debtor's American Express Corporate Card program. According to the records of American Express, the Debtor requested this Account be established in the company's name. Additionally, at the company's request, individual Corporate Cardmember Accounts were issued to the Debtor's employees. At the time of the Debtor's bankruptcy filing, there were 11 individual Cardmember accounts issued to the Debtor's employees with unpaid pre-petition balance of $6,460.98.

10. Although American Express believes the documentation attached to the original Proof of Claim was clearly sufficient, attached hereto and made a part hereof as Exhibits "B" are true and correct copies of additional account statements for Claim 403. Only the relevant portion of the account statements which reflect the charges, payments, and credits are attached. Pages showing statements of available bonus points and other available membership rewards and offers have no relation to account activity and have been removed for purposes of brevity. This documentation further supports the Debtor's liability for the claim balances.

11. Claim 403 is not a duplicate or redundant claim.

## SPECIFIC RESPONSE TO OBJECTION TO CLAIM 401

12.  Claim 401 represents the Debtor's American Express Corporate Card program. According to the records of American Express, the Debtor requested this Account be established in the company's name. Additionally, at the company's request, individual Corporate Cardmember Accounts were issued to the Debtor's employees. At the time of the Debtor's bankruptcy filing, there were 4 individual Cardmember accounts issued to the Debtor's employees with unpaid pre-petition balance of $1,649.14.

13.  Although American Express believes the documentation attached to the original Proof of Claim was clearly sufficient, attached hereto and made a part hereof as Exhibits "C" are true and correct copies of additional account statements for Claim 401. Only the relevant portion of the account statements which reflect the charges, payments, and credits are attached. Pages showing statements of available bonus points and other available membership rewards and offers have no relation to account activity and have been removed for purposes of brevity. This documentation further supports the Debtor's liability for the claim balances.

14.  Claim 401 is not a duplicate or redundant claim.

## BURDEN OF PROOF

15.  Pursuant to 11 U.S.C. §502, a proof of claim is deemed allowed unless a party in interest objects. Upon objection and after notice and hearing, the court shall allow the claim except to the extent that the claim is unenforceable against the debtor. 11 U.S.C. §502(b)(1).

16.  Any objecting party bears the burden of proof establishing that the claim is not valid. Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim filed in accordance with the rules shall constitute prima facie evidence of the validity and amount of the claim.

17.  The burden of proof is on the objecting party to produce evidence "equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim." In re VTN, Inc., 69 B.R. 1005, 1008 (Bankr. S.D. Fla. 1987), see also In re DeLorean Motor Co. Litigation, 59 B.R. 329 (Bankr. E.D. Mich. 1986).

18.    The Debtor has made no argument nor provided any substantive evidence that would contradict the *prima facie* effect of American Express' claim.

19.    Should the Debtor provide evidence of un-credited payments on the accounts, American Express will review such information and adjust the accounts as needed.

WHEREFORE, American Express Travel Related Services Company, Inc. respectfully request that the Debtor's Objections to Claim Numbers 402, 403, and 401 be overruled and Claim 402 be allowed in the amount of $11,801.53, Claim 403 be allowed in the amount of $6,460.98 and Claim 401 be allowed in the amount of $1,649.14, and any such further relief that this Court deems appropriate.

Respectfully submitted,
Attorneys for American Express Travel
Related Services Company, Inc.

Dated: February 23, 2009    By: */s/ Daniel J. Yablonsky*
Daniel J. Yablonsky, Esquire (DY0793)
YABLONSKY & ASSOCIATES, LLC
1430 Route 23 North
Wayne, NJ 07470
Telephone: (973) 686-3800
Facsimile: (973)686-3801

5