---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

JERROLD S. KULBACK
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ  08033-0968
Tel: (856) 795-2121
Fax: (856) 795-0574
Attorneys for Waste Management Inc.,

In re:

SHAPES/ARCH HOLDINGS L.L.C., et al.,

                      Debtors.

Chapter 11

Case No: 08-14631 (GMB)
(Jointly Administered)

## OBJECTION OF WASTE MANAGEMENT TO CLASS 10 LIQUIDATION TRUST'S THIRD OMNIBUS OBJECTION TO CLAIMS

Waste Management ("Waste Management"), hereby replies to the Class 10 Liquidation Trust's (the "Liquidation Trust") Third Omnibus Objection to Claims (the "Application").  In support of this reply, Waste Management respectfully represents as follows:

    1.    On or about March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings, LLC., (the "Debtor") filed a voluntary petition in the United States Bankrutpcy Court for the District of New Jersey ("Bankrutpcy Court"), seeking relief under chapter 11 of the United States Bankruptcy Code (the "Bankrutpcy Code").  The Proof of Claim deadline was set as May 15, 2008.

2. On May 13, 2008, Waste Management filed Proof of Claim No. 520 in the unsecured amount of $75,153.88 (the "POC").[1] A true and correct copy of the POC is attached hereto as Exhibit "A." Attached to the POC are accompanying invoices and supporting documentation enumerating the basis for the unsecured amount claimed.

3. On January 30, 2009, the Liquidation Trust filed the Third Omnibus Objection seeking, *inter alia,* to reduce the POC to $3,203.11. The Liquidation Trust asserts that the POC "differ(s) from the amounts reflected in the Debtors' updated books and records for such claims." See, Paragraph 11 of the Application.

4. In support of this contention, the Liquidation Trust attaches a Declaration of Irv Schwarzbaum (the "Declaration") which states in relevant part:

> 6. I reviewed the claims and compared the claims to the Debtors' books and records to ascertain the correct value of each claim. Based upon that review and analysis, I identified a number of filed claims that differ in the amount from the Debtors' books and records, as well as claims which were filed in duplicate. (the "Books & Records Claims").
>
> 7. I then reviewed Exhibit "B" to the Motion, which lists that Books & Records Claims I identified. The scheduled claims appear in one column in that exhibit as the "surviving claim amount" and the filed claims in another column as "claims to be expunged." That chart accurately shows the claims I identified as the Books and Records Claims.

See Exhibit "C" to the Application Paragraphs 6 and 7.

5. The Declaration is the only support the Liquidation Trust provides in support of the Application.

---

[1] Waste Management also filed Claim No. 167 in the sum of $2,148.00. Although this claim is listed in the Application, it appears that the Liquidating Trust is not objecting to this claim.

6. For the foregoing reasons, the Liquidation Trust has not presented adequate support to overcome the presumption afforded Waste Management pursuant to Federal Rule of Bankruptcy Procedure 3001.

**OBJECTION**

7. Section 501(a) of the Bankruptcy Code provides that a creditor may file a proof of claim to present its claims or interest to the Court. The filing of a proper proof of claim must include a written statement setting forth the creditor's claim and shall conform substantially to the appropriate Official Form. Fed.R.Bankr.P 3001(a). Additionally, a proof of claim must include supporting documents referenced by the written statement. Id.

8. If a creditor files its proof of claim in accordance with Fed.R.Bankr.P 3001(a), the proof of claim shall constitute "*prima facie* evidence of the validity of the amount of the claim." Fed.R.Bankr.P 3001(f).

9. The general burdens of proof in proof of claim litigation are well established. The objecting party carries the burden going forward with evidence in support of its objection which must be of probative force equal to that of the allegations of the creditor's proof of claim. In re Marilyn C. Kincaid, 388 B.R. 610, 613-614 (Bank.E.D. Pa. 2008), *citing,* In re Wells, 51 B.R. 563, 566 (Bank.D.Col.1985); In re Mystic Tank Lines Corp., 354 B.R. 694 (Bankr.D.N.J. 2006).

10. The objector must "produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." In re Marilyn C. Kincaid, 388 B.R. at 614. If the objecting party succeeds in overcoming the *prima facie* effect of the proof of claim, the ultimate burden of persuasion then rests on the claimant. Id.

11. The Liquidation Trust's Declaration is not sufficient to overcome the prima facie effect of the POC. Mr. Schwarzbaum is apparently a Director in the Business Investigation

3

Services division of J.H. Cohn, LLP, financial advisors to the Liquidation Trust. The Deceleration has no indication that Mr. Schwarzbaum was at any time an employee of the Debtor; nor does the Deceleration indicate that Mr. Schwarzbaum has any first hand knowledge of the business relationship between the Debtor and Waste Management. The Declaration only states that Mr. Schwarzbaum has reviewed the Debtor's books and that they do not correlate with the amount claimed in Waste Management's POC. Mr. Schwarzbaum has simply ignored the invoices and other supporting documentation attached to the POC.

12. The allegation that Mr. Schwarzbaum review of the Debtor's books do not match the POC is not evidence of sufficient probative force to overcome the *prima facie* effect of Waste Management's properly filed POC.

13. To the extent that this Court believes that the Liquidating Trust has satisfied its burden, Waste Management respectfully requests permission to conduct discovery, including the deposition of Mr. Schwarzbaum to determine the depth of his review of the POC and Debtor's books and records in determining that Waste Management's signed POC is incorrect. Waste Management also respectfully requests a plenary hearing.

WHEREFORE, Waste Management respectfully objects to the Application of the Class 10 Liquidation Trust's Third Omnibus Objection to Claims, and requests that the Court deny the Application and/or grant such other or further relief as the Court deems appropriate.

Dated: February 23, 2009    ARCHER & GREINER
                            A Professional Corporation
                            Attorneys for Waste Management

                            By: /s/ Jerrold S. Kulback
                                Jerrold S. Kulback, Esquire

3838007v1

4