**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Liquidation Trust

|  |  |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HON. GLORIA M. BURNS CASE NO. 08-14631(GMB) |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, Debtors. | Chapter 11 (Jointly Administered) |
|  | **THE CLASS 10 LIQUIDATION TRUST'S MOTION FOR A FURTHER EXTENSION OF TIME TO FILE CLAIMS OBJECTIONS TO LITIGATION CLAIMS AND INSIDER CLAIMS, AND TO ASSERT OBJECTIONS UNDER §502(d) OF THE BANKRUPTCY CODE** |
|  | **HEARING DATE AND TIME:** March 23, 2009, at 10:00 a.m. |
|  | **ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

TO:    THE HONORABLE GLORIA M. BURNS
       UNITED STATES BANKRUPTCY JUDGE

45765/0003-5378161v2

The Class 10 Liquidation Trust (the "Trust"), established upon the effective date of the Chapter 11 plan of Shapes/Arch Holdings, L.L.C., *et al.*, the above-captioned reorganized debtors and debtors-in-possession (together, the "Debtors"), makes this motion (the "Motion"), by and through the Trustee, for an order granting an extension of time to file objections to general unsecured claims, from March 31, 2009 to May 29, 2009.  In support of the Motion, the Liquidation Trust respectfully represents:

## STATEMENT OF FACTS

**A.    Background**

1. The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Filing Date").  The cases are being jointly administered pursuant to this Court's Order dated March 18, 2008.

2. No trustee or examiner has been appointed in these cases and the Debtors continue in the management of their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1108 and 1109 of the Bankruptcy Code, and more recently, as reorganized debtors.

3. An Official Committee of Unsecured Creditors was appointed by the United States Trustee on March 31, 2008 and played an active role in these cases.  The Committee dissolved on August 8, 2008, the effective date of the Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan").

4. The Plan was confirmed by Order of this Court dated July 24, 2008 (the "Confirmation Order") and became effective on August 8, 2008 (the "Effective Date").  On the Effective Date of the Plan, the Liquidation Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims and bring avoidance actions.

2

5.   The Plan established a deadline of ninety days after the Effective Date, or November 6, 2008, for the filing of objections to claims. It further provided that the Court could extend that deadline (with or without notice), upon the request of the Debtors or the Liquidation Trust. The Confirmation Order specifically provides that the deadline could be extended for cause.

6.   The Debtors and the Liquidation Trust made a joint motion for a brief extension, from November 6, 2008 through November 28, 2008. That motion was granted by Order dated October 30, 2008.

7.   The Liquidation Trust made a joint motion for a further extension, from November 28, 2008 through January 30, 2009. That motion was granted by Order dated November 26, 2008.

8.   The Liquidation Trust made a motion for a further extension, from January 30, 2009 through March 31, 2009. That motion was granted by Order dated February 3, 2009.

**B.   The Claims Process**

9.   On the Filing Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules"). Shortly thereafter, the Debtors were authorized to retain Epiq Bankruptcy Solutions, L.L.C. to serve as claims agent in these cases and maintain the official claims register and notice lists.

10.   On March 18, 2008, this Court entered an Order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for the filing of proofs of claim evidencing pre-petition claims (the "Bar Date Order").

11. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Filing Date was May 15, 2008.

12. On or shortly after the Effective Date of the Plan, the Debtors provided notice of a deadline for the filing of rejection damage claims in connection with contracts and leases rejected under the confirmed Plan. That bar date was September 11, 2008.

13. The Liquidation Trust has spent considerable time reviewing the more than 1,500 unsecured claims which have been filed in these cases and has made significant progress in resolving issues relating to unsecured claims.

14. On November 13, 2008, the Liquidation Trust filed its first claims objection, moving to expunge duplicative claims (the "Duplicative Claims Objection"). The relief requested in the Duplicative Claims Objection was granted on December 16, 2008.

15. On January 7, 2009, the Liquidation Trust filed its second claims objection, objecting to claims which were not consistent with the Debtors' books and records (the "Books and Records Objection"). The relief requested on the Books and Records Objection was granted on February 20, 2009.

16. On January 30, 2009, the Liquidation Trust filed its third claims objection, objecting to claims which were either filed late or not consistent with the Debtors' books and records (the "Late/Expunged/Reduced Claims Objection"). A hearing on the Late/Expunged/Reduced Claims Objection was scheduled for March 2, 2009. The Trust agreed to withdraw its objection to claims of American Express Travel Related Services Co. Inc. Corp. Card, Cooper Electric Supply Co., New Penn Motor Express, and Waste Management, Inc. and adjourned the Motion with respect to the claims of Peco Energy Company, U.S. Customs and

4

Border Protection and Yellow Transportation, Inc.  The Order for the remaining claims addressed in the Late/Expunged/Reduced Claims Objection has been submitted to the Court.

17. The Liquidation Trust also reviewed certain environmental claims and joined with the Debtors and certain insurers in their objections to the Claim of the State of New Jersey, Department of Environmental Protection, which is the only unresolved environmental claim in these cases.

18. In addition, the Liquidation Trust undertook an analysis of the multi-million dollar claim asserted by the Teamsters' Union for withdrawal liability in connection with the Debtors' pension fund.  The Liquidation Trust engaged an actuary to analyze that claim and the union's underlying assumptions, and upon the completion of that analysis, reached an agreement with the Teamsters' Union that was memorialized in a Stipulation and Consent Order entered by the Court on February 6, 2009.

19. While the Liquidation Court Trust is pleased with the significant progress it has made in its review of unsecured claims filed in the Debtors' cases, there are three categories of claims as to which it seeks a further extension of time to file objections, as follows:

    (a)    <u>Litigation claims</u>. Unsecured claims asserted in connection with litigations may be Class 9 Claims that are covered by insurance, rather than Class 10 Claims that are the province of the Trustee. In order to avoid any confusion or inefficiency, the Trust and the Debtors have been working together to resolve these claims. Three-party stipulations allowing claimants to pursue claims solely to the extent of insurance are being finalized with respect to two litigation claims, and the Trust is attempting to reach the same terms with the remaining litigation claimants. However, as of the date of this Motion, certain of the litigation claims are unresolved.

    (b)    <u>Insider claims</u>. Certain claims have been asserted by former management and equity holders of the Debtors, and after reviewing the claims, the Trust has asked the Debtors for information and documents relating to those claims in advance of pursuing discussions with the claimants. The Debtors have provided some information and indicated that they are

5

making efforts to provide the rest, as well as the requested documents, but as of the date of this Motion, the documents and additional information have not been provided. The Trust has prepared formal discovery requests to obtain the requested documents. In addition, the Trust is reviewing documents produced earlier in these cases and documents filed with the Court to determine whether there is an action against certain of the insiders and former insiders, and the completion of that review will determine whether an objection to certain of the insider claims is appropriate on the grounds of misconduct/breach of duties on the part of the insiders.

(c) <u>502(d) Objections.</u> Finally, the Trust has conducted a preference analysis and is in the process of sending out demand letters to parties who received payments which the Trustee believes were preferential. Some of these preference claims undoubtedly will be resolved without litigation, and pre-petition claims will be addressed in the context of preference settlements. But the Trustee anticipates that other preference demands will not be as readily resolved, and the Trust will be filing adversary proceedings, as appropriate.  Rather than filing a motion to disallow the claims of potential preference defendants at this time, the Trustee would like to wait until there has been resolution of some of the preference claims and determinations have been made as to the commencement of adversary proceedings regarding the rest. Once the list of preference defendants has been finalized, the Trust will file an objection to claims under section 502(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334.  Venue of these cases and the Motion before the Court is proper pursuant to 28 U.S.C. §§1408 et seq.  Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The Liquidation Trust is specifically authorized and empowered to make the Motion pursuant to the Plan and the Confirmation Order.

## RELIEF REQUESTED

21. By this Motion, the Liquidation Trust seeks entry of an Order further extending its deadline for filing objections to claims from March 31, 2009 through and including May 29, 2009 with respect to the categories of claims described above.

22. The Liquidation Trust believes that cause exists for such an extension, and that it is in the best interests of the estates and the creditors who are beneficiaries of the Trust that such an extension be granted. As set forth above, the claims review process is well underway. Indeed, three objections to claims and a joinder have been filed by the Liquidation Trust, claims settlements are being circulated for signature and formal discovery relating to other claims has been prepared. The Liquidation Trust continues to work diligently to review litigation claims and claims asserted by insiders, and has made an effort to obtain needed information on a consensual basis, but the document production and review process is not wholly within the control of the Trust.

23. Moreover, as set forth above, the Trust wishes to avoid unnecessary objections with respect to preference defendants. The Trustee submits that it will preserve both Trust resources and judicial resources to wait until later in the preference negotiation and litigation process to identify the (undoubtedly fewer) claims subject to objection pursuant to section 502(d) of the Bankruptcy Code..

24. The granting of this Motion for an extension of time will permit the Liquidation Trust to continue an orderly review and analysis of claims, and permit discovery and settlement negotiations to proceed, while it will not prejudice any party-in-interest. The requested extension will also avoid the undesirable alternatives of hastily drafted "protective" objections which may prove unnecessary upon closer examination, or the allowance of claims which are in fact improper, to the detriment of holders of legitimate unsecured claims.

25. The Liquidation Trust reserves the right to request a further extension of this deadline.

## NOTICE

26. Electronic notice of this Motion has been provided to the U.S. Trustee, counsel for the Debtors, counsel for the plan funder and all parties who have registered for electronic notice in these cases. In light of the nature of the relief requested, the Liquidation Trust submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Liquidation Trust respectfully requests that the Motion be granted, and that the deadline to file objections to unsecured claims be extended through May 29, 2009 (without prejudice to the Trust's rights to request further extensions) and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

**HALPERIN BATTAGLIA RAICHT, LLP**

By: */s/ Donna H. Lieberman*
    Donna H. Lieberman, Esq.
    Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**

By: */s/ Ilana Volkov*
    Ilana Volkov

DATED: March 3, 2009