OFFICE OF THE UNITED STATES ATTORNEY  　　　　　　　Electronically Filed.
RALPH J. MARRA, JR.
Acting United States Attorney
By: LEAH A. BYNON
970 Broad Street
Newark, New Jersey 07102
(973) 645-2736
Leah.Bynon@usdoj.gov

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

─────────────────────────────

In Re:                                                                   Case No.: 08-14631 (GMB)

Shapes/Arch Holdings L.L.C...                                  Chapter 11

　　　　Debtor(s).

　　　　　　　　　　　　　　　　　　　　　　　Hearing Date: April 20,
　　　　　　　　　　　　　　　　　　　　　　　　2009, 10:00 a.m.

─────────────────────────────

**ANSWER OF THE U.S. CUSTOMS AND BORDER PROTECTION ("CBP")
REGARDING
MOTION BY THE CLASS 10 LIQUIDATION TRUST'S THIRD OMNIBUS
OBJECTIONS TO CLAIMS**

　　　　The U.S. Customs and Border Protection ("CBP"), a bureau of the Department of

Homeland Security, a department of the United States, by and through the United States

Attorney Office, District of New Jersey, submits this response regarding the motion of

the Class 10 Liquidation Trust's Third Omnibus Objection to claims.

**INTRODUCTION**

1. On January 30, 2009, the Class 10 Liquidation Trust (the "Trust") filed its third omnibus motion objecting to claims and seeking an Order expunging and/or reducing certain claims.  At Exhibit B which lists the Trust's Books and Records Objection to Claims, the Trust objects to the unsecured claim in the amount of $266,433.32 filed by CBP,, Claim Number 399 ("Claim 399").

2. At  11 of The Class 10 Liquidation Trust's Third Omnibus Objection to Claims ("Objection"), the Trust as identified/defined in the Objection outlines the general reasons for its objection to the claims listed on Exhibit B of the Objection; specifically, the Trust asserts that said claims are either "duplicative of later filed claims or have been amended and superseded by later filed claims" or "not supported with adequate documentation and differ from the amounts reflected in the Debtors' updated books and records for such claims."

3. The farthest right column of Exhibit B features "Comments," if any, about each of the claims to which the Trust objects.  In the Comments column for Claim 399, the Trust writes, "The Trust is engaged in discussions with the Debtor regarding this claim and specifically reserves its right to supplement its rights to this objection."  It follows that Claim 399 is not a run-of-the-mill "books and records" claim; instead, it is a claim that has the attention of the Trust and, it appears, the Debtors.

4. CBP responds as follows to the Trust's objection to Claim 399:

5. First, the Trust has not informed CBP that it believes that Claim 399 is duplicative or amended and superseded.  In fact, Claim 399 is neither of those things.

6. Second, the Trust has not thus far requested specific documents. Even if the Trust were to do so, CBP can and will promptly provide further documentation for each individual claim that is listed on Claim 399. At the administrative level, CBP's Seizure and Penalty Case Tracking System, SEACATS, indicates that CBP has provided Debtor Ultra LLC, the only one of the Debtors against which CBP asserts any claims, with "notice" for the one penalty and for each of CBP's individual liquidated damages claims listed on Claim 399.

7. Third, the Trust has not thus far informed CBP that the "amounts" in "Debtors' updated books and records" for the individual claims "differ" from those asserted by CBP.

8. The Trust has thus far informed CBP that CBP's priority claim of $108,454.28 has been paid and that CBP's claim for related fees in a total of $8,562.32 is not entitled to priority. CBP's priority claim has been paid.

9. The Trust has thus far indicated that CBP should be satisfied with the payment of the priority claim listed on Claim 399 and that CBP should forget, CBP's word rather than the Trust's, about its general unsecured claim.

10. Fourth, word choice and semantics aside, CBP is not happy with receiving only payment of the priority portion of Claim 399. CBP will not forget its general unsecured claim of $266,433.32.

11. Fifth, CBP respectfully submits to the Court that the mere fact of payment of the priority portion of a timely claim filed in a bankruptcy matter does not constitute or create a legal or equitable defense to payment of otherwise legally valid general unsecured claims listed on the same claim.

12. Sixth, finally, and following from CBP's fifth point, CBP is legally and equitably entitled to an approved general unsecured claim in the amount of $266,433.32.

13. By way of illustration rather than limitation, CBP's general unsecured claim for fees of $8,562.32 relates to entries of merchandise where CBP reasonably believed that said fees had been paid; otherwise, CBP would not have released the merchandise. See, e.g., 19 C.F.R. § 141.1(d) (lien on merchandise); see generally, 19 C.F.R. § 141.1. It would be inequitable in the circumstances to allow Debtors or the Trust to benefit from Debtor Ultra LLC's failure to pay: the fees-related portion of Claim 399 should be allowed rather than expunged.

14. In addition, as indicated on Claim 399, CBP's claim for liquidated damages related to Debtor Ultra LLC's failure to pay amounts due at the time of entry would have been $1,688,071.00 had the bond been sufficient to secure them all. The bond is for only $200,000.00 which limits the amount of CBP's overall general unsecured claim for both liquidated damages and the aforementioned fees totaling $8,562.32 to $200,000.00. This too is noted in Claim 399. The liquidated damages-related portion of Claim 399 should be allowed rather than expunged.

15. Finally, $57,871.00 of the total of $266,433.32 is a penalty for which Debtor Ultra LLC is liable apart from the $200,000.00 bond. A petition for relief was filed but CBP did not grant complete relief or cancel the case pursuant to 19 C.F.R. § 172.11 because CBP determined that a violation did in fact occur. Again, it would be inequitable to allow the Debtors or the Trust to benefit from the expunging of this part of its general unsecured claim. The penalty-related portion of Claim 399 should be allowed rather than expunged.

16. In summary, the Trust has not stated nor can it state any factual, legal, or equitable reason for expunging all or any part of CBP's general unsecured claim. In contrast, CBP has stated both legal and equitable reasons why it should be granted an approved general unsecured claim in the full amount of $266,433.32 at a minimum; CBP believes that the general unsecured claim of $8,562.32 related the fees associated with the paid priority portion of its claim should be paid-in-full. i.e., 100 cents on the dollar, rather than at the rate to be paid for general unsecured claims.

WHEREFORE, for all the foregoing reasons, the U.S. CBP respectfully requests that the Court deny the Trusts objection to claim 399, and grant an approved general unsecured claim in the full amount of $266,433.32..

Respectfully submitted,

s/Leah A. Bynon
LEAH BYNON
Assistant U.S. Attorney
970 Broad Street, 7th floor
Newark, New Jersey 07102

Dated:  March 27, 2009