| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY | |
|---|---|
| Caption in Compliance with D.N.J. LBR 9004-2(c) **HALPERIN BATTAGLIA RAICHT, LLP** 555 Madison Avenue, 9th Floor New York, New York 10022 (212) 765-9100 (212) 765-0964 Facsimile Donna H. Lieberman, Esq. Carrie E. Mitchell, Esq. **COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.** A Professional Corporation 25 Main Street P.O. Box 800 Hackensack, New Jersey 07602-0800 (201) 489-3000 (201) 489-1536 Facsimile Ilana Volkov, Esq. Co-Counsel for the Class 10 Trust | |
| In Re: SHAPES/ARCH HOLDINGS L.L.C., *et al.*[1], Debtors. | Chapter 11 Case No. 08-14631 (Jointly Administered) Judge: Gloria M. Burns |

## CONSENT ORDER RESOLVING THE CLAIM OF COMBINATION DOOR WARE INDUSTRIAL CO. LTD.
(Claim number 667)

The relief set forth in the following pages, pages two (2) through four (4), is hereby

**ORDERED.**

---

[1] The Debtors are: Shapes/Arch Holdings L.L.C.; Shapes L.L.C.; Delair L.L.C.; Accu-Weld L.L.C.; and Ultra L.L.C.

{00076528.1 / 0631-002}

**WHEREAS**, on March 16, 2008, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, the cases are being jointly administered pursuant to this Court's Order dated March 18, 2008; and

**WHEREAS**, on the Petition Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities, and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules"); and

**WHEREAS**, on the Petition Date, the Debtors had scheduled Combination Door Ware Industrial Co. Ltd. ("Ware") as having an unsecured claim of $188,853.82 against the Debtors, and the Debtors subsequently amended the Bankruptcy Schedules to reflect a claim against Ultra, LLC in the amount of $128,147.33 (the "Scheduled Claim"); and

**WHEREAS**, Ware filed proof of claim number 667 in the amount of $161,383.24 (the "Proof of Claim") against the Debtors; and

**WHEREAS**, by Order dated July 24, 2008 [Dkt. No. 561], the Bankruptcy Court confirmed the Debtors' Third Amended Joint Plan of Reorganization, (the "Plan"); and

**WHEREAS**, Ware has received payment on a portion of the Proof of Claim under section 503(b)(9) of the Bankruptcy Code; and

**WHEREAS**, pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan) [Dkt. No 376], the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review, file objections to and resolve unsecured claims; and

2

**WHEREAS**, the Trust has reviewed the Ware Unsecured Claim, information provided by Ware and the Debtors' books and records as they pertain to Ware, and has engaged in good faith, arms' length negotiations with Ware; and

**NOW, THEREFORE**, in consideration of the foregoing premises and of the mutual agreements and covenants hereinafter set forth, the parties hereto intending to be legally bound hereby, agree as follows:

1. In full and final settlement of Ware's claims against the Debtors, the Proof of Claim (claim number 667) shall be reduced and allowed in the amount of $100,676.57. The claim shall be classified as a general unsecured claim against the Debtors in the reduced amount and treated as part of Class 10 under Plan (the "Allowed Claim").

2. This Agreement shall be binding upon and shall inure to the benefit of each of the parties hereto and their respective successors and assigns and any successor of any of them.

3. No modification or waiver of, or with respect to, any provision of this Agreement, or consent to any departure from any of the terms or conditions hereof, shall in any event be effective unless it shall be in writing and signed by the parties hereto.

4. Whenever the context may require, any pronoun used herein shall include the corresponding masculine, feminine or neuter forms and the singular form of nouns and pronouns shall include the plural and vice versa.

5. This Agreement has been negotiated and entered into in the interest of settlement and compromise only, without an admission, liability or fault on the part of any party.

6. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same agreement. A facsimile signature shall be sufficient to bind the parties as if it were an original signature.

3

7.  Each party expressly represents that it has entered freely and voluntarily into this Agreement after careful review and the opportunity to consult with counsel. Except as otherwise expressly set forth herein, no representations have been made by either party with respect to any of the matters addressed in this Agreement or with respect to the Chapter 11 case.

8.  The terms, conditions and provisions of this Agreement shall be governed by, and construed in accordance with, the United States Bankruptcy Code and to the extent applicable, the internal laws of the State of New Jersey, without giving consideration to any other state's conflict of law provisions.

Dated July 29, 2009

*Halperin Battaglia Raicht, LLP*
*Co-Counsel for the Class 10 Trust*
*555 Madison Avenue – 9th Floor*
*New York, New York 10022*

By: _____
Carrie E. Mitchell

*Cole, Schotz, Meisel, Forman & Leonard, P.A.*
*Co-Counsel for the Class 10 Trust*
*25 Main Street*
*P.O. Box 800*
*Hackensack, New Jersey 07602-0800*

By: _____
Ilana Volkov, Esq.

*Arent Fox LLP*
*Counsel for Combination Door Ware Industrial Co. Ltd.*
*1675 Broadway*
*New York, NY 10019*

By: _____

4