**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HON. GLORIA M. BURNS CASE NO. 08-14631(GMB) |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, Debtors. | Chapter 11 (Jointly Administered) |
| | **THE CLASS 10 LIQUIDATION TRUST'S MOTION FOR A FURTHER EXTENSION OF TIME TO FILE CLAIMS OBJECTIONS TO LITIGATION CLAIMS AND INSIDER CLAIMS, AND TO ASSERT OBJECTIONS UNDER § 502(d) OF THE BANKRUPTCY CODE** |
| | **HEARING DATE AND TIME:** August 24, 2009, at 10:00 a.m. |
| | **ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

TO:    THE HONORABLE GLORIA M. BURNS
         UNITED STATES BANKRUPTCY JUDGE

{00082127.1 \ 0631-002}

The Class 10 Liquidation Trust (the "Trust"), established upon the effective date of the Chapter 11 plan of Shapes/Arch Holdings, L.L.C., *et al*., the above-captioned reorganized debtors and debtors-in-possession (together, the "Debtors"), makes this motion (the "Motion"), by and through the Trustee, for an order granting an extension of time to file objections to general unsecured claims, from August 31, 2009 to December 31, 2009. In support of the Motion, the Liquidation Trust respectfully represents:

## STATEMENT OF FACTS

**A.    Background**

1.    The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Filing Date"). The cases were being jointly administered pursuant to this Court's Order dated March 18, 2008. However, on March 30, 2009, the Court entered an Order closing the affiliated Chapter 11 cases; Shapes LLC (case no. 08-14632), Ultra LLC (case no. 08-14633), Delair LLC (case no. 08-14634), and Accu-Weld LLC (case no. 08-14635) and allowing the Chapter 11 case of Shapes/Arch Holdings L.L.C. (case no. 08-14631) to remain open.

2.    No trustee or examiner has been appointed in these cases and the Debtors continued in the management of their affairs as debtors-in-possession pursuant to 11 U.S.C. §§ 1108 and 1109 of the Bankruptcy Code, and more recently, as reorganized debtors.

3.    An Official Committee of Unsecured Creditors was appointed by the United States Trustee on March 31, 2008 and played an active role in these cases. Eventually, a consensual plan was negotiated and that plan, the Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan") was confirmed by Order of this Court dated July 24, 2008 (the "Confirmation Order").

4. The Plan became effective on August 8, 2008 (the "Effective Date") and the Committee dissolved on that date. Also on the Effective Date of the Plan, the Liquidation Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims and bring avoidance actions.

5. The Plan established a deadline of ninety days after the Effective Date, or November 6, 2008, for the filing of objections to claims. It further provided that the Court could extend that deadline (with or without notice), upon the request of the Debtors or the Liquidation Trust. The Confirmation Order specifically provides that the deadline could be extended for cause.

6. The Debtors and the Liquidation Trust made a joint motion for a brief extension, from November 6, 2008 through November 28, 2008. That motion was granted by Order dated October 30, 2008.

7. The Liquidation Trust made a motion for a further extension, from November 28, 2008 through January 30, 2009. That motion was granted by Order dated November 26, 2008.

8. The Liquidation Trust made a motion for a further extension, from January 30, 2009 through March 31, 2009. That motion was granted by Order dated February 3, 2009.

9. The Liquidation Trust made a motion for a further extension, from March 31, 2009 through May 29, 2009. That motion was granted by Order dated March 30, 2009.

10. The Liquidation Trust made a motion for a further extension, from May 29, 2009 through August 31, 2009. That motion was granted by Order dated May 28, 2009.

11. The Trust is now seeking a further extension of time until December 31, 2009. The Trust anticipates making an initial distribution to holders of allowed Class 10 claims in August, and in connection therewith, is conducting a comprehensive review and reconciliation of the claims register. In addition, the Trust continues to work on preference claims, claims by and against insiders, and certain litigation matters.

**B.    The Claims Process**

12. On the Filing Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules"). Shortly thereafter, the Debtors were authorized to retain Epiq Bankruptcy Solutions, L.L.C. to serve as claims agent in these cases and maintain the official claims register and notice lists.

13. On March 18, 2008, this Court entered an Order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for the filing of proofs of claim evidencing pre-petition claims (the "Bar Date Order").

14. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Filing Date was May 15, 2008.

15. On or shortly after the Effective Date of the Plan, the Debtors provided notice of a deadline for the filing of rejection damage claims in connection with contracts and leases rejected under the confirmed Plan. That bar date was September 11, 2008.

16. The Liquidation Trust has spent considerable time reviewing the more than 1,500 unsecured claims which have been filed in these cases and has made significant progress in resolving issues relating to unsecured claims.

17. On November 13, 2008, the Liquidation Trust filed its first claims objection, moving to expunge duplicative claims (the "Duplicative Claims Objection"). The relief requested in the Duplicative Claims Objection was granted on December 16, 2008.

18. On January 7, 2009, the Liquidation Trust filed its second claims objection, objecting to claims which were not consistent with the Debtors' books and records (the "Books and Records Objection"). The relief requested on the Books and Records Objection was granted on February 20, 2009.

19. On January 30, 2009, the Liquidation Trust filed its third claims objection, objecting to claims which were either filed late or not consistent with the Debtors' books and records (the "Late/Expunged/Reduced Claims Objection"). A hearing on the Late/Expunged/Reduced Claims Objection was scheduled for March 2, 2009. The Trust agreed to withdraw its objection to claims of American Express Travel Related Services Co. Inc. Corp. Card, Cooper Electric Supply Co., New Penn Motor Express, and Waste Management, Inc. and adjourned the Motion with respect to claims of Peco Energy Company, U.S. Customs and Border Protection and Yellow Transportation, Inc. The remaining relief requested in Late/Expunged/Reduced Claims Objection was granted by the Court on March 11, 2009.

20. Subsequently, the Trust agreed to withdraw its objections to the claims of Peco Energy Company and Yellow Transportation, Inc., and entered into Consent Orders resolving the claims of Argonaut Insurance Company (& Affiliates), U.S. Customs and Border Protection, PPG Industries, Inc., Ware Industrial Co., Ltd., and Metall Co., Ltd.

21. Further, the Liquidation Trust undertook an analysis of the multi-million dollar claim asserted by the Teamsters' Union for withdrawal liability in connection with the Debtors' pension fund. The Liquidation Trust engaged an actuary to analyze that claim and the union's

underlying assumptions, and upon the completion of that analysis, reached an agreement with the Teamsters' Union that was memorialized in a Stipulation and Consent Order entered by the Court on February 6, 2009.

22. In addition, the Liquidation Trust reviewed certain environmental claims and joined with the Debtors and certain insurers in their objections to the Claim of the State of New Jersey, Department of Environmental Protection, which is the only unresolved environmental claim in these cases. The Court has approved a joint pretrial order that was negotiated by counsel for the claimant and environmental counsel to the Debtors, and that sets deadlines for discovery, motions and trial.

23. The Liquidation Trust believes that this claim is covered by insurance and hence the claimant is not a beneficiary of the Trust, but until the claim is finally decided and the extent of insurance coverage determined, the Liquidation Trust continues to monitor these proceedings.

24. The Liquidation Trust has also undertaken a review of insider claims, and has prepared a motion objecting to certain of those claims in whole or in part. However, that motion will not be finalized and filed until the evaluation of potential claims against certain of the insiders has been evaluated.

25. While the Liquidation Trust is pleased with the significant progress it has made in its review of unsecured claims filed in the Debtors' cases, there are three categories of claims as to which it seeks a further extension of time to file objections, as follows:

> (a) <u>Litigation claims</u>. Unsecured claims asserted in connection with litigations may be Class 9 Claims that are covered by insurance, rather than Class 10 Claims that are the province of the Trustee. In order to avoid any confusion or inefficiency, the Trust and the Debtors have been working together to resolve these claims. Three-party stipulations allowing claimants to pursue claims solely to the extent of insurance are being negotiated with respect to two litigation claims, and the Trust is attempting to reach the same terms with the remaining litigation claimants. However,

                as of the date of this Motion, certain of the litigation claims are unresolved.

    (b)    <u>Insider claims</u>. As stated above, certain "insider" claims have been asserted, by former management and equity holders of the Debtors. After reviewing the claims, the Trust asked the Debtors for information and documents relating to those claims in advance of pursuing discussions with the claimants. The Debtors provided some but not all of the requested information and on or about March 5, 2009, the Trust served subpoenas on certain insider claimants, requesting the documents underlying their claims. All but one of the insider claimants produced documents in response to the subpoenas and the Trust reviewed the documents prior to preparing an objection.

        In addition, the Trust has consulted with potential litigation counsel about the bases for an action against certain of the insiders, and has asked for and received a proposal for pursuing such causes of action. The Trustee is evaluating his options regarding these claims, and anticipates determining shortly whether to proceed with this litigation. The Trust does not want to file its objection to the claims of insiders until that decision has been made and litigation filed, as that will provide additional grounds for objecting to certain claims. The process for making the decision regarding the litigation has advanced, and a decision is expected to be made in the very near future.

    (c)    <u>502(d) Objections.</u> Finally, the Trust has conducted a preference analysis and has sent out demand letters to parties who received payments which the Trustee believes may have been preferential. In the past six weeks, the Trust has received and evaluated information and documents from some of the preference targets.

        A number of settlements have already resulted from the demand letters, and negotiations are underway with respect to other payments. But the Trust continues to follow up with many of the preference targets, to obtain information and attempt to avoid unnecessary litigation.[1]

        Once the Trust has determined which preference claims cannot be consensually resolved and warrant further action, the Trust will file

---

[1] The Trust has spent significant time evaluating certain Chapter 5 actions. Since its last motion to extend time to file claims objections, the Trust has reviewed over 350 potential Chapter 5 actions and has sent demand letters (the "<u>Demand Letters</u>") to 330 entities. The Demand Letters have elicited responses from 222 entities. Of the parties who have responded to the Demand Letters, the Trust has been successful in settling 31 potential Chapter 5 actions. The Trust has also agreed to not pursue 23 potential Chapter 5 actions based on various defenses that the entities established.

{00082127.1 \ 0631-002}        7

preference complaints and an appropriate objection to the claims of the preference defendants under section 502(d) of the Bankruptcy Code.

## JURISDICTION AND VENUE

26. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of these cases and the Motion before the Court is proper pursuant to 28 U.S.C. §§1408 et seq. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Liquidation Trust is specifically authorized and empowered to make the Motion pursuant to the Plan and the Confirmation Order.

## RELIEF REQUESTED

27. By this Motion, the Liquidation Trust seeks entry of an Order further extending its deadline for filing objections to claims from August 31, 2009 through and including December 31, 2009 with respect to the categories of claims described above and certain "housekeeping" matters (such as the disallowance of duplicative claims that are identified as a result of the review and reconciliation of the complete claims register.

28. The Liquidation Trust believes that cause exists for such an extension, and that it is in the best interests of the estates and the creditors who are beneficiaries of the Trust that such an extension be granted. As set forth above, the claims review process is well underway. Indeed, three objections to claims and a joinder have been filed by the Liquidation Trust, claims settlements have been entered by the Court, responses to formal discovery relating to other claims have been reviewed and another objection has been prepared. The Liquidation Trust continues to work diligently to review litigation claims and claims asserted by insiders, and is moving forward with a possible action against certain insiders, which will impact the bases of the objections to insider claims.

29.     Moreover, as set forth above, the Trust wishes to avoid unnecessary objections with respect to potential preference defendants. The Trustee submits that it will preserve both Trust resources and judicial resources to wait until later in the preference negotiation and litigation process to identify the (undoubtedly fewer) claims subject to objection pursuant to section 502(d) of the Bankruptcy Code..

30.     The granting of this Motion for an extension of time will permit the Liquidation Trust to continue an orderly review and analysis of claims, and permit discovery and settlement negotiations to proceed, while it will not prejudice any party-in-interest. The requested extension will also avoid the undesirable alternatives of hastily drafted "protective" objections which may prove unnecessary upon closer examination, or the allowance of claims which are in fact improper, to the detriment of holders of legitimate unsecured claims. Moreover, the extension of time will enable the Trust to also focus on preparing for the first distribution to unsecured creditors, which it expect to make in the month of August.

31.     The Liquidation Trust reserves the right to request a further extension of this deadline.

## NOTICE

32.     Electronic notice of this Motion has been provided to the U.S. Trustee, counsel for the Debtors, counsel for the plan funder and all parties who have registered for electronic notice in these cases. In light of the nature of the relief requested, the Liquidation Trust submits that no further notice is necessary.

{00082127.1 \ 0631-002}                                        9

## CONCLUSION

WHEREFORE, the Liquidation Trust respectfully requests that the Motion be granted, and that the deadline to file objections to unsecured claims be extended through December 31, 2009 (without prejudice to the Trust's rights to request further extensions) and that the Court grant such other and further relief as is just and proper.

        Respectfully submitted,

        HALPERIN BATTAGLIA RAICHT, LLP

        By:   */s/ Donna H. Lieberman*
              Donna H. Lieberman, Esq.
              Carrie E. Mitchell, Esq.

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.

        By:   */s/ Ilana Volkov*
              Ilana Volkov

DATED: August 4, 2009