

Order Filed on
**8/4/2009**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-2(c) | |
| **HALPERIN BATTAGLIA RAICHT, LLP**<br>555 Madison Avenue, 9th Floor<br>New York, New York 10022<br>(212) 765-9100<br>(212) 765-0964 Facsimile<br>Donna H. Lieberman, Esq.<br>Carrie E. Mitchell, Esq.<br><br>**COLE, SCHOTZ, MEISEL,<br>FORMAN & LEONARD, P.A.**<br>A Professional Corporation<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Ilana Volkov, Esq.<br><br>Co-Counsel for the Class 10 Trust | Chapter 11<br><br>Case No. 08-14631<br>(Jointly Administered)<br><br>Judge: Gloria M. Burns |
| In Re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., *et al.*[1]<br><br>Debtors. | |

### CONSENT ORDER RESOLVING THE CLAIMS OF METALALL CO., LTD.
(Claim numbers 668 and 789)

The relief set forth in the following pages, pages two (2) through four (4) is hereby

**ORDERED.**

**DATED: 8/4/2009**

_____
Honorable Gloria M Burns
United States Bankruptcy Court Judge

---

[1] The Debtors are: Shapes/Arch Holdings L.L.C.; Shapes L.L.C.; Delair L.L.C.; Accu-Weld L.L.C.; and Ultra L.L.C.

{00076750.1 \ 0631-002}

WHEREAS, on March 16, 2008, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, the cases are being jointly administered pursuant to this Court's Order dated March 18, 2008; and

WHEREAS, on the Petition Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities, and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules"); and

WHEREAS, on the Petition Date, the Debtors had scheduled Metalall Co., Ltd. ("Metalall") as having an unsecured claim of $68,234.57 (the "Scheduled Claim"); and

WHEREAS, Metalall filed proof of claim number 668 in the amount of $68,234.37 and proof of claim number 789 in the amount of $45,411.13 (the "Proofs of Claim") against the Debtors; and

WHEREAS, by Order dated July 24, 2008 [Dkt. No. 561], the Bankruptcy Court confirmed the Debtors' Third Amended Joint Plan of Reorganization, (the "Plan"); and

WHEREAS, Metalall has received payment on a portion of the Proof of Claim under section 503(b)(9) of the Bankruptcy Code; and

WHEREAS, pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan) [Dkt. No 376], the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review, file objections to and resolve unsecured claims; and

2

**WHEREAS**, the Trust has reviewed the Metalall Claims, information provided by Metalall and the Debtors' books and records as they pertain to Metalall, and has engaged in good faith, arms' length negotiations with Metalall; and

**NOW, THEREFORE**, in consideration of the foregoing premises and of the mutual agreements and covenants hereinafter set forth, the parties hereto intending to be legally bound hereby, agree as follows:

1. In full and final settlement of Metalall's claims against the Debtors, Proof of Claim number 668 shall be expunged and Proof of Claim number 789 shall be allowed in the amount of $45,411.13. The claim shall be classified as a general unsecured claim against the Debtors in and treated as part of Class 10 under Plan (the "Allowed Claim").

2. This Agreement shall be binding upon and shall inure to the benefit of each of the parties hereto and their respective successors and assigns and any successor of any of them.

3. No modification or waiver of, or with respect to, any provision of this Agreement, or consent to any departure from any of the terms or conditions hereof, shall in any event be effective unless it shall be in writing and signed by the parties hereto.

4. Whenever the context may require, any pronoun used herein shall include the corresponding masculine, feminine or neuter forms and the singular form of nouns and pronouns shall include the plural and vice versa.

5. This Agreement has been negotiated and entered into in the interest of settlement and compromise only, without an admission, liability or fault on the part of any party.

6. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same agreement. A facsimile signature shall be sufficient to bind the parties as if it were an original signature.

3

7.    Each party expressly represents that it has entered freely and voluntarily into this Agreement after careful review and the opportunity to consult with counsel. Except as otherwise expressly set forth herein, no representations have been made by either party with respect to any of the matters addressed in this Agreement or with respect to the Chapter 11 case.

8.    The terms, conditions and provisions of this Agreement shall be governed by, and construed in accordance with, the United States Bankruptcy Code and to the extent applicable, the internal laws of the State of New Jersey, without giving consideration to any other state's conflict of law provisions.

Dated ~~May~~ July 29, 2009

*Halperin Battaglia Raicht, LLP*
*Co-Counsel for the Class 10 Trust*
*555 Madison Avenue – 9th Floor*
*New York, New York 10022*

By: _____
    Carrie E. Mitchell

*Cole, Schotz, Meisel, Forman & Leonard, P.A.*
*Co-Counsel for the Class 10 Trust*
*25 Main Street*
*P.O. Box 800*
*Hackensack, New Jersey 07602-0800*

By: _____
    Ilana Volkov, Esq.

*Arent Fox LLP*
*Counsel for Metalall Co., Ltd.*
*1675 Broadway*
*New York, NY 10019*

By: _____

4