Kevin M. McKenna, Esquire (KMM – 4502)
Timothy W. Garvey, Esquire (TWG – 9134)
Latsha Davis Yohe & McKenna, P.C.
350 Eagleview Boulevard, Suite 100
Exton, PA 19341
(610) 524-8454
kmckenna@ldylaw.com
tgarvey@ldylaw.com
Attorneys for the Debtors



U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ

09 AUG 27 AM 11:41

JAMES J. WALDRON

BY: _____
DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: : | CHAPTER 11 |
| SHAPES/ARCH HOLDINGS, LLC, et al., : | CASE NO. 08-14631 (GMB) |
| Debtors : | Hearing Date: |

### AFFIDAVIT OF KEVIN M. MCKENNA IN SUPPORT OF THE DEBTORS' MOTION TO EXTEND ALL SCHEDULING DEADLINES RELATED TO DEBTORS' OBJECTION TO THE CLAIM OF THE NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION OR, IN THE ALTERNATIVE TO COMPEL RESPONSES TO THE DEBTORS' INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

STATE OF NEW JERSEY            )
                               ) ss.:
COUNTY OF CAMDEN               )

Kevin M. McKenna, Esquire, being duly sworn deposes and says:

1.    I am a shareholder of the firm of Latsha Davis Yohe & McKenna, attorneys for Shapes (the "Debtors"), I am familiar with the facts of this case, and I submit this affidavit in support of the Motion to Extend All Scheduling Deadlines Related to Debtors' Objection to the Claim of the New Jersey Department of Environmental Protection or, in the Alternative to Compel Responses to the Debtors'

Interrogatories and Requests for Production of Documents and Things. The facts set forth in this affidavit are based upon my personal knowledge.

2. On July 13, 2009, our firm served electronically and via first class mail the New Jersey Department of Environmental Protection ("NJDEP") with Debtors' Interrogatories, Requests for Production of Documents and Things and Requests for Admission directed to NJDEP.

3. Pursuant to Rules 9014(c) and 7033 of the Federal Rules of Bankruptcy Procedure and Rule 33(b)(2) of the Federal Rules of Civil Procedure, Debtors' Interrogatories directed to NJDEP were required to be answered by August 12, 2009.

4. Pursuant to Rules 9014(c) and 7034 of the Federal Rules of Bankruptcy Procedure and Rule 34(a)(2)(A) of the Federal Rules of Civil Procedure, Debtors' Requests for Production of Documents and Things directed to NJDEP were required to be answered by August 12, 2009.

5. To date, I have not received a response from NJDEP regarding Debtors' Interrogatories, Requests for Production of Documents and Things directed to NJDEP.

6. Pursuant to the agreed upon Scheduling Order which was approved by the Court, all written discovery related to the Debtors' Objection to the claim of the New Jersey Department of Environmental Protection is to be completed by September 15, 2009.

7. On August 14, 2009, I sent a letter to Richard Engel, Chief Deputy Attorney General for NJDEP, regarding the failure of the NJDEP to provide Answers to Debtors' Interrogatories and Requests for Production of Documents and Things. A copy of the August 14, 2009 letter is attached as Exhibit A.

8.    On August 18, 2009, I called Mr. Engel to discuss the fact that Debtors had not received discovery responses from NJDEP regarding Debtors' Interrogatories and Requests for Production of Documents and Things directed to NJDEP. Mr. Engel was unavailable.

9.    On August 19, 2009, I spoke with Mr. Engel about the overdue discovery responses of the NJDEP. Mr. Engel advised me that due to health issues in both his family and in his section at the NJDEP that he would be requesting additional time to respond to Debtors' Interrogatories and Requests for Production of Documents and Things directed to NJDEP. On behalf of the NJDEP, Mr. Engel requested that all deadlines in the current Scheduling Order be extended by 90 days to give the NJDEP time to provide responses to the Debtors Interrogatories and Request for Production of all Documents and Things direct to NJDEP.

10.    On August 20, 2009, I sent a letter to Mr. Engel confirming our telephone conversation. A copy of the August 20, 2009 letter is attached as Exhibit B.

11.    Debtors will agree to the 90 day extension of all deadlines provided that Interrogatories and Request for Production of Documents and Things directed to NJDEP be received by October 1, 2009.

12.    On August 21, 2009, I spoke with Mr. Engel and advised him that the Debtors will not oppose the NJDEP regarding its request for a 90-day extension of all deadlines in the current Scheduling Order, in order to allow NJDEP time to answer Debtors Interrogatories and Request for Production of All Documents and Things provided that the NJDEP serves the Debtors with answers no later than October 1, 2009.

13. On August 24, 2009, I sent a letter to Mr. Engel confirming our telephone conversation. A copy of the August 24, 2009 letter is attached as Exhibit C.

14. I certify that this affidavit is made under the penalty of law.

                                                  Attorneys for Debtors

                                    By: /s/ _____
                                               Kevin M. McKenna, Esquire