Order Filed on
**9/10/2009**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| Caption in Compliance with D.N.J. LBR 9004-2(c) |
| **HALPERIN BATTAGLIA RAICHT, LLP**<br>555 Madison Avenue, 9th Floor<br>New York, New York 10022<br>(212) 765-9100<br>(212) 765-0964 Facsimile<br>Donna H. Lieberman, Esq.<br>Carrie E. Mitchell, Esq.<br><br>**COLE, SCHOTZ, MEISEL,**<br>**FORMAN & LEONARD, P.A.**<br>A Professional Corporation<br>25 Main Street<br>P.O. Box 800<br>Hackensack, New Jersey 07602-0800<br>(201) 489-3000<br>(201) 489-1536 Facsimile<br>Ilana Volkov, Esq.<br><br>Co-Counsel for the Liquidation Trust |
| In Re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al.[1],<br><br>Debtors. |

Chapter 11

Case No. 08-14631
(Jointly Administered)

Judge: Gloria M. Burns

## CONSENT ORDER RESOLVING THE CLAIMS OF GLENCORE LTD.
(Claim numbers 335 and 336)

The relief set forth in the following pages, pages two (2) through five (5), is hereby

**ORDERED.**

**DATED: 9/10/2009**

Honorable Gloria M Burns
United States Bankruptcy Court Judge

---

[1] The Debtors are: Shapes/Arch Holdings L.L.C.; Shapes L.L.C.; Delair L.L.C.; Accu-Weld L.L.C.; and Ultra L.L.C.

{00076528.1 / 0631-002}

**WHEREAS**, on March 16, 2008, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, on the Petition Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities, and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules"); and

**WHEREAS**, on the Petition Date, the Debtors had scheduled Glencore Ltd. ("Glencore") as having an unsecured claim of $2,892,033.85 against the Debtors (the "Scheduled Claim"); and

**WHEREAS**, Glencore filed proofs of claim numbered 335 and 336, as general unsecured claims against the Debtors' estates, each in the amount of $2,283,078.81, plus unliquidated amounts (collectively the "Proofs of Claim"); and

**WHEREAS**, by Order dated July 24, 2008 [Dkt. No. 561], the Bankruptcy Court confirmed the Debtors' Third Amended Joint Plan of Reorganization, (the "Plan"); and

**WHEREAS**, pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan) [Dkt. No 376], the Liquidation Trust (as defined in the Plan), by its Trustee, Steven D. Sass (the "Class 10 Liquidation Trustee"), was empowered to, among other things, review, file objections to and resolve unsecured claims[2] and commence, prosecute, compromise or settle Avoidance Actions and Estate Actions (each as defined in the Plan); and

**WHEREAS**, the Liquidation Trust has reviewed the Proofs of Claim, information provided by Glencore and the Debtors' books and records as they pertain to Glencore, and has

---

[2] On March 30, 2009 this Court entered an order closing all of the jointly administered cases, except for the Chapter 11 case of Shapes/Arch (case no. 08-14631), which remains open. The Order permits the Trust to address all claims issues in the remaining case.

2

engaged in good faith, arms' length negotiations with Glencore regarding the Proofs of Claim and any potential Avoidance Actions against Glencore; and

**NOW, THEREFORE**, in consideration of the foregoing premises and of the mutual agreements and covenants hereinafter set forth, the parties hereto intending to be legally bound hereby, agree as follows:

1. Glencore hereby withdraws proof of claim no. 335 with prejudice.

2. Proof of claim no. 336 filed by Glencore shall be an Allowed Claim (as defined in the Plan) in the amount of $2,283,078.81. The Allowed Claim shall be classified as a General Unsecured Claim (as defined in the Plan) against the Debtors and treated as part of Class 10 under the Plan and shall be immediately entitled to pro rata distributions in accordance with the Plan, without right of setoff, counterclaim, holdback on account of section 502(d) of the Bankruptcy Code or any similar right.

3. Upon this Agreement becoming final and non-appealable, the Class 10 Liquidation Trustee, on behalf of itself, the Liquidation Trust and the Debtors' estates and any of their successors and assigns, and any of them (the foregoing collectively referred to as the "Trust Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Debtors, their estates or their property, including causes of action included in Chapter 5 of the Bankruptcy Code, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Trust Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against Glencore and any of its affiliates,

3

parents, subsidiaries, representatives, officers, directors, employees, agents, attorneys, accountants, or other advisors, or any of their respective successors and assigns.

4. Except as provided in paragraph 2 of this Agreement, upon this Agreement becoming final and non-appealable, Glencore and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "Glencore Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Debtors, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Glencore Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Class 10 Liquidation Trustee, the Liquidation Trust and the Debtors' estates, and any of their respective affiliates, parents, subsidiaries, representatives, officers, directors, employees, agents, attorneys, accountants, or other advisors, or any of their respective successors and assigns.

5. This Agreement shall be binding upon and shall inure to the benefit of each of the parties hereto and their respective successors and assigns and any successor of any of them.

6. No modification or waiver of, or with respect to, any provision of this Agreement, or consent to any departure from any of the terms or conditions hereof, shall in any event be effective unless it shall be in writing and signed by the parties hereto.

7. This Agreement has been negotiated and entered into in the interest of settlement and compromise only, without an admission, liability or fault on the part of any party.

4

8. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same agreement. A facsimile signature shall be sufficient to bind the parties as if it were an original signature.

9. Each party expressly represents that it has entered freely and voluntarily into this Agreement after careful review and the opportunity to consult with counsel. Except as otherwise expressly set forth herein, no representations have been made by either party with respect to any of the matters addressed in this Agreement or with respect to the Chapter 11 case.

Dated August ___, 2009    [handwritten: September 8, 2009]

*Halperin Battaglia Raicht, LLP*
*Co-Counsel for the Liquidation Trust*
*555 Madison Avenue – 9th Floor*
*New York, New York 10022*

By: _____
Carrie E. Mitchell, Esq.

*Cole, Schotz, Meisel, Forman & Leonard, P.A.*
*Co-Counsel for the Liquidation Trust*
*25 Main Street*
*P.O. Box 800*
*Hackensack, New Jersey 07602-0800*

By: _____
Ilana Volkov, Esq.

*Curtis, Mallet-Prevost, Colt & Mosle LLP*
*Counsel for Glencore Ltd.*
*101 Park Avenue*
*New York, New York 10178-0061*

By: _____
Steven J. Reisman, Esq.

5