Order Filed on 9/10/2009 by Clerk U.S. Bankruptcy Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**
A Professional Corporation
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Liquidation Trust

In Re:

SHAPES/ARCH HOLDINGS L.L.C., et al.[1],

Debtors.

Chapter 11

Case No. 08-14631
(Jointly Administered)

Judge: Gloria M. Burns

## CONSENT ORDER RESOLVING THE CLAIMS OF GLENCORE LTD.
(Claim numbers 335 and 336)

The relief set forth in the following pages, pages two (2) through five (5), is hereby

**ORDERED.**

**DATED: 9/10/2009**

Honorable Gloria M. Burns
United States Bankruptcy Court Judge

---

[1] The Debtors are: Shapes/Arch Holdings L.L.C.; Shapes L.L.C.; Delair L.L.C.; Accu-Weld L.L.C.; and Ultra L.L.C.

{00076528.1 / 0631-002}

**WHEREAS**, on March 16, 2008, the above-captioned debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"); and

**WHEREAS**, on the Petition Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities, and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules"); and

**WHEREAS**, on the Petition Date, the Debtors had scheduled Glencore Ltd. ("Glencore") as having an unsecured claim of $2,892,033.85 against the Debtors (the "Scheduled Claim"); and

**WHEREAS**, Glencore filed proofs of claim numbered 335 and 336, as general unsecured claims against the Debtors' estates, each in the amount of $2,283,078.81, plus unliquidated amounts (collectively the "Proofs of Claim"); and

**WHEREAS**, by Order dated July 24, 2008 [Dkt. No. 561], the Bankruptcy Court confirmed the Debtors' Third Amended Joint Plan of Reorganization, (the "Plan"); and

**WHEREAS**, pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan) [Dkt. No 376], the Liquidation Trust (as defined in the Plan), by its Trustee, Steven D. Sass (the "Class 10 Liquidation Trustee"), was empowered to, among other things, review, file objections to and resolve unsecured claims[2] and commence, prosecute, compromise or settle Avoidance Actions and Estate Actions (each as defined in the Plan); and

**WHEREAS**, the Liquidation Trust has reviewed the Proofs of Claim, information provided by Glencore and the Debtors' books and records as they pertain to Glencore, and has

---

[2] On March 30, 2009 this Court entered an order closing all of the jointly administered cases, except for the Chapter 11 case of Shapes/Arch (case no. 08-14631), which remains open. The Order permits the Trust to address all claims issues in the remaining case.

2

*Approved by Judge Gloria M. Burns September 10, 2009*

engaged in good faith, arms' length negotiations with Glencore regarding the Proofs of Claim and any potential Avoidance Actions against Glencore; and

**NOW, THEREFORE**, in consideration of the foregoing premises and of the mutual agreements and covenants hereinafter set forth, the parties hereto intending to be legally bound hereby, agree as follows:

1. Glencore hereby withdraws proof of claim no. 335 with prejudice.

2. Proof of claim no. 336 filed by Glencore shall be an Allowed Claim (as defined in the Plan) in the amount of $2,283,078.81. The Allowed Claim shall be classified as a General Unsecured Claim (as defined in the Plan) against the Debtors and treated as part of Class 10 under the Plan and shall be immediately entitled to pro rata distributions in accordance with the Plan, without right of setoff, counterclaim, holdback on account of section 502(d) of the Bankruptcy Code or any similar right.

3. Upon this Agreement becoming final and non-appealable, the Class 10 Liquidation Trustee, on behalf of itself, the Liquidation Trust and the Debtors' estates and any of their successors and assigns, and any of them (the foregoing collectively referred to as the "Trust Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Debtors, their estates or their property, including causes of action included in Chapter 5 of the Bankruptcy Code, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Trust Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against Glencore and any of its affiliates,

3

*Approved by Judge Gloria M. Burns September 10, 2009*

parents, subsidiaries, representatives, officers, directors, employees, agents, attorneys, accountants, or other advisors, or any of their respective successors and assigns.

4. Except as provided in paragraph 2 of this Agreement, upon this Agreement becoming final and non-appealable, Glencore and any of its successors and assigns, and any of them (the foregoing collectively referred to as the "Glencore Releasors"), do hereby release, waive, and discharge all rights, causes of actions, liabilities and claims related to the Debtors, their estates or their property, in law or in equity, whether known or unknown, foreseen or unforeseen, now existing or hereafter arising, matured or unmatured, whether or not hidden or concealed, whether based on tort, fraud, contract or otherwise, and/or any other obligations, claims, interests, or debts of any kind, which the Glencore Releasors, from the beginning of time, heretofore or hereafter possessed or may possess against the Class 10 Liquidation Trustee, the Liquidation Trust and the Debtors' estates, and any of their respective affiliates, parents, subsidiaries, representatives, officers, directors, employees, agents, attorneys, accountants, or other advisors, or any of their respective successors and assigns.

5. This Agreement shall be binding upon and shall inure to the benefit of each of the parties hereto and their respective successors and assigns and any successor of any of them.

6. No modification or waiver of, or with respect to, any provision of this Agreement, or consent to any departure from any of the terms or conditions hereof, shall in any event be effective unless it shall be in writing and signed by the parties hereto.

7. This Agreement has been negotiated and entered into in the interest of settlement and compromise only, without an admission, liability or fault on the part of any party.

*Approved by Judge Gloria M. Burns September 10, 2009*

8.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same agreement. A facsimile signature shall be sufficient to bind the parties as if it were an original signature.

9.  Each party expressly represents that it has entered freely and voluntarily into this Agreement after careful review and the opportunity to consult with counsel. Except as otherwise expressly set forth herein, no representations have been made by either party with respect to any of the matters addressed in this Agreement or with respect to the Chapter 11 case.

Dated August ___, 2009  [handwritten: September 8, 2009]

Halperin Battaglia Raicht, LLP
Co-Counsel for the Liquidation Trust
555 Madison Avenue – 9th Floor
New York, New York 10022

By: _____
Carrie E. Mitchell, Esq.

Cole, Schotz, Meisel, Forman & Leonard, P.A.
Co-Counsel for the Liquidation Trust
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800

By: _____
Ilana Volkov, Esq.

Curtis, Mallet-Prevost, Colt & Mosle LLP
Counsel for Glencore Ltd.
101 Park Avenue
New York, New York 10178-0061

By: _____
Steven J. Reisman, Esq.

5

# CERTIFICATE OF NOTICE

```
District/off: 0312-1           User: dfitzger              Page 1 of 1                  Date Rcvd: Sep 11, 2009
Case: 08-14631                 Form ID: pdf903             Total Noticed: 2

The following entities were noticed by first class mail on Sep 13, 2009.
db           +Shapes/Arch Holdings L.L.C.,   9000 River Road,   Delair, NJ 08110-3204
aty          +Kevin M. McKenna,   Latsha Davis Yohe & McKenna,   350 Eagleview Boulevard,   Suite 100,
               Exton, PA 19341-1178
The following entities were noticed by electronic transmission.
NONE.                                                                                                  TOTAL: 0
             ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                  TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 9): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

**Date: Sep 13, 2009**               **Signature:**   *Joseph Speetjens*