**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HON. GLORIA M. BURNS CASE NO. 08-14631(GMB) |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, Debtors. | Chapter 11 (Jointly Administered) |

**THE CLASS 10 LIQUIDATION TRUST'S MOTION FOR A FURTHER EXTENSION OF TIME TO FILE OBJECTIONS TO INSIDER CLAIMS AND TO ASSERT OBJECTIONS UNDER § 502(d) OF THE BANKRUPTCY CODE, AND FOR RELATED RELIEF**

**HEARING DATE AND TIME:**
December 14, 2009, at 10:00 a.m.

**ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED**

TO:   THE HONORABLE GLORIA M. BURNS
        UNITED STATES BANKRUPTCY JUDGE

The Class 10 Liquidation Trust (the "Trust"), established upon the effective date of the Chapter 11 plan of Shapes/Arch Holdings, L.L.C., *et al.*, the above-captioned reorganized debtors and debtors-in-possession (together, the "Debtors"), makes this motion (the "Motion"), by and through the Trustee, for an order granting the Trust an extension of time to file objections: (i) to insider claims; (ii) to claims pursuant to section 502(d) of title 11 of the United States Code (the "Bankruptcy Code") and (iii) to claims as to which no completed form W-9 or W-8 has been provided by the creditor, from December 31, 2009 to April 30, 2010. In support of the Motion, the Liquidation Trust respectfully represents:

## STATEMENT OF FACTS

**A.    Background**

1.    The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Filing Date"). The cases were jointly administered pursuant to this Court's Order dated March 18, 2008. However, on March 30, 2009, the Court entered an Order closing the Chapter 11 cases of Shapes LLC (case no. 08-14632), Ultra LLC (case no. 08-14633), Delair LLC (case no. 08-14634), and Accu-Weld LLC (case no. 08-14635) and allowing only the Chapter 11 case of Shapes/Arch Holdings L.L.C. (case no. 08-14631) to remain open.

2.    The Debtors managed their affairs as debtors-in-possession pursuant to sections 1108 and 1109 of the Bankruptcy Code until the Effective Date of the Plan (both as defined below), and after the Effective Date as reorganized debtors.

3.    The Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan") was confirmed by Order of this Court dated July 24, 2008 (the "Confirmation Order") and became effective on August 8, 2008 (the "Effective Date"). On the Effective Date of the Plan, the Liquidation Trust came into

existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims and bring avoidance actions.

4. The Plan established a deadline of ninety days after the Effective Date, or November 6, 2008, for the filing of objections to claims. It further provided that the Court could extend that deadline (with or without notice), upon the request of the Debtors or the Liquidation Trust. The Confirmation Order specifically provides that the deadline could be extended for cause.

5. The Debtors and the Liquidation Trust made a joint motion for a brief extension, from November 6, 2008 through November 28, 2008. That motion was granted by Order dated October 30, 2008.

6. The Liquidation Trust made a motion for a further extension, from November 28, 2008 through January 30, 2009. That motion was granted by Order dated November 26, 2008.

7. The Liquidation Trust made a motion for a further extension, from January 30, 2009 through March 31, 2009. That motion was granted by Order dated February 3, 2009.

8. The Liquidation Trust made a motion for a further extension, from March 31, 2009 through May 29, 2009. That motion was granted by Order dated March 30, 2009.

9. The Liquidation Trust made a motion for a further extension, from May 29, 2009 through August 31, 2009. That motion was granted by Order dated May 28, 2009.

10. The Liquidation Trust made a motion for a further extension, from August 31, 2009 through December 31, 2009. That motion was granted by Order dated September 2, 2009.

**B.      Recent Developments**

11.     As this Court is aware, the Trust and its professionals have spent considerable time and effort reviewing and analyzing the more than 1,500 unsecured claims which have been filed in these cases. Omnibus claims objections have been filed and heard, and certain disputed claims have been consensually resolved through negotiation and stipulations and consent orders.[1]

12.     On September 8, 2009 the Liquidation Trust had resolved sufficient claims to be able to calculate and make a first distribution to Class 10 creditors holding allowed claims. The Liquidation Trust anticipates that it will make a second distribution to Class 10 creditors holding allowed claims by or before June 30, 2010.

13.     While the Liquidation Trust is pleased with the significant progress it has made in its review of unsecured claims filed in the Debtors' cases, there are two categories of claims as to which it seeks a further extension of time to file objections, and a third potential "housekeeping" matter, as follows:

(a)     Insider claims. The Trust has retained special litigation counsel to assist it in determining whether there are viable causes of action against certain of the insiders and former insiders of the Debtors. Special litigation counsel has already begun its investigation and has made informal discovery requests of the Debtors. (There may also be a need for formal discovery.) If an action is brought against any of the insiders or former insiders, such action may include objections to claims filed by those parties. The Trust is therefore requesting an extension of time in which to object to insider claims, so that special litigation counsel can complete its investigation and determine if actions against insiders and former insiders should be commenced and related claims objections filed.

(b)     502(d) Objections. The Trust has conducted a preference analysis and has sent out demand letters to parties who received payments which the Trustee believes were preferential. The Trust has received responses and

---

[1] The Liquidation Trust also reviewed certain environmental claims and joined with the Debtors and certain insurers in their objections to the Claim of the State of New Jersey, Department of Environmental Protection, which is the only unresolved environmental claim in these cases.

    settled numerous preference actions, but negotiations with some potential preference defendants are ongoing, while other potential defendants have failed to respond to the demand letters.  The Trust anticipates that some preference complaints will be filed in December of 2009, while decisions about whether to pursue other actions will await the outcome of negotiations and additional analysis in the early part of 2010.  Rather than make piecemeal objections to claims pursuant to section 502(d) of the Bankruptcy Code, the Trust would like to delay the filing of such a claims objection until all preference complaints have been filed.

 (c) <u>Objections Based on Claimants' Failure to Provide Completed W-9 or W-8 Forms</u>.  The Trust has sent claimants two written requests for completed IRS W-9 forms (together with blank forms) and many holders of unsecured claims have returned the completed forms. Requests for completed W-8 forms have also been sent, to claimants that are not U.S. creditors. However, the Trust has identified more than 224 claimants who have failed to return the required tax information.  The Trust continues to make efforts to obtain the completed forms, but it may eventually be necessary to ask this Court to disallow the claims of those creditors who fail to provide the necessary information.

## JURISDICTION AND VENUE

14. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334.  Venue of these cases and the Motion before the Court is proper pursuant to 28 U.S.C. §§1408 et seq.  Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The Liquidation Trust is specifically authorized and empowered to make the Motion pursuant to the Plan and the Confirmation Order.

## RELIEF REQUESTED

15. By this Motion, the Liquidation Trust seeks entry of an Order further extending its deadline for filing objections to claims from December 31, 2009 through and including April 30, 2010 with respect to the categories of claims described above.

16. The Liquidation Trust believes that cause exists for such an extension, and that it is in the best interests of the creditors who are beneficiaries of the Trust that such an extension be granted.  As set forth above, the claims review process is largely completed, and the extension is

sought with respect to very discrete categories of claims. The Trust wishes to reserve its rights to object to the claims of insiders and former insiders, as special counsel is presently investigating potential causes of action against such parties. The Trust does not wish to file a premature or unnecessary claims objection, but believes that it is in the best interests of the Trust and its beneficiaries to reserve the right to assert such objections in the event that an action against insiders and/or former insiders is commenced.

17. In addition, the Trust anticipates filing preference complaints beginning in December of 2009 and continuing into early 2010, and as is the customary practice, wishes to include an objection to the claims (if any) of the preference defendants pursuant to section 502(d). But negotiations with some claimants that received payments during the preference period are ongoing, and the Trust does not wish to file complaints or claims objections against those parties unless and until it is convinced that litigation is absolutely necessary. The Trust therefore seeks an extension of the objection deadline for objections under section 502(d), so that a single omnibus objection may be brought after all preference actions have been commenced. Such an approach will avoid duplicative and in some instances, unnecessary litigation.

18. Finally, the Trust continues to work diligently to obtain required tax information, so that it will not be subject to fines by the IRS. In particular, U.S. creditors have been asked to complete and return W-9 forms, while other creditors have been asked to complete and return W-8 forms. Many creditors have complied and the Trust hopes that more will do so, but eventually, it may be necessary for the Trust to ask this Court to disallow the claims of those creditors who fail to provide the necessary information.

19. The Trustee respectfully submits that it will preserve both Trust resources and judicial resources to extend the deadline for the filing of claims objections, so that the Trust can

avoid filing premature and perhaps unnecessary objections, and make its objections in an orderly and efficient manner. The requested extension will also avoid the undesirable alternatives of hastily drafted "protective" objections which may prove unnecessary upon closer examination, or the allowance of claims which are in fact improper, to the detriment of holders of legitimate unsecured claims. Conversely, the Trust does not believe that the granting of this Motion will prejudice any party in interest.

20. The Liquidation Trust reserves the right to request a further extension of this deadline.

## NOTICE

21. Electronic notice of this Motion has been provided to the U.S. Trustee, counsel for the Debtors, counsel for the plan funder and all parties who have registered for electronic notice in these cases. In light of the nature of the relief requested, the Liquidation Trust submits that no further notice is necessary.

## CONCLUSION

WHEREFORE, the Liquidation Trust respectfully requests that the Motion be granted, and that the deadline to file objections to claims be extended through April 30, 2010 (without prejudice to the Trust's rights to request further extensions) and that the Court grant such other and further relief as is just and proper.

Respectfully submitted,

HALPERIN BATTAGLIA RAICHT, LLP

By: */s/ Donna H. Lieberman*
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.

By: */s/ Ilana Volkov*
Ilana Volkov

DATED: November 23, 2009