**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York  10022
(212) 765-9100
(212)765-0964 Facsimile
Donna Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street, P. O. Box 800
Hackensack, New Jersey  07602-0800
(201) 489-3000
(201) 489-1536  Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| In the Matter of: | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: HONORABLE GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS, L.L.C., *et al.,* | : CASE NO. 08-14631(GMB) |
| Reorganized Debtors. | : Chapter 11 |
| | : **HEARING DATE AND TIME**:<br>: January 11, 2010, at 10:00 a.m. |
| | : **ORAL ARGUMENT WAIVED UNLESS**<br>**OBJECTIONS TIMELY FILED** |

**THE CLASS 10 LIQUIDATION TRUST'S**
**FOURTH OMNIBUS OBJECTION TO CLAIMS**

(Claim Numbers: 34, 60, 64, 79, 117, 120, 165, 192, 218, 221, 239, 254, 393,
396, 413, 481, 514, 515, 516, 524, 598, 599, 641, 643, 669, 720, 725, 728, 776, 786,
799, 800, 802, 803, 804, 805, 806, 807, 827)

TO:   THE HONORABLE GLORIA M. BURNS
      UNITED STATES BANKRUPTCY JUDGE

The Class 10 Liquidation Trust (the "Trust"), established upon the Effective Date (as

defined below) of the Third Amended Joint Plan of Reorganization (together with all

45765/0003-6176836v1

amendments, exhibits, and modifications, the "Plan") of Shapes/Arch Holdings, L.L.C., *et al.*, the above-captioned reorganized debtors (the "Debtors"), makes this motion (this "Motion") pursuant to §105(a) and 502(b) of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order reducing, reclassifying, expunging and/or disallowing certain claims (the "Disputed Claims") listed on Exhibits A and B annexed hereto and made a part hereof. In support of this Motion, the Trust respectfully represents as follows:

**Background**

1.  The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Petition Date"). The cases were jointly administered pursuant to this Court's Order dated March 18, 2008. However, on March 30, 2009, the Court entered an Order closing the Chapter 11 cases of Shapes LLC (case no. 08-14632), Ultra LLC (case no. 08-14633), Delair LLC (case no. 08-14634), and Accu-Weld LLC (case no. 08-14635) and allowing only the Chapter 11 case of Shapes/Arch Holdings L.L.C. (case no. 08-14631) to remain open.

2.  The Debtors managed their affairs as debtors-in-possession pursuant to §§ 1108 and 1109 of the Bankruptcy Code until the Effective Date of the Plan (as defined below), and after the Effective Date as reorganized debtors.

3.  The Debtors' Plan was confirmed by Order of this Court dated July 24, 2008 and became effective on August 8, 2008 (the "Effective Date"). On the Effective Date of the Plan, the Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims.

2

4. The Plan established a deadline of ninety days after the Effective Date, or November 6, 2008, for the filing of objections to claims. It further provided that the Court could extend that deadline (with or without notice), upon the request of the Debtors or the Trust.

5. The deadline for the filing objections to claims was extended to January 30, 2009, then March 31, 2009, then May 29, 2009, then August 31, 2009, and then December 31, 2009. A request for a further extension is currently pending.

## The Claims Process

6. On the Petition Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities and Schedule of Executory Contracts and Unexpired Leases. Shortly thereafter, the Debtors were authorized to retain Epiq Bankruptcy Solutions, L.L.C. to serve as claims agent in these cases and maintain the official claims register and notice lists.

7. On March 18, 2008, this Court entered an Order pursuant to Bankruptcy Rules 2002(a)(7) and 3003(c)(3) establishing the deadline for the filing of proofs of claim evidencing pre-petition claims (the "Bar Date Order").

8. Pursuant to the Bar Date Order, the deadline for all persons and entities to file proofs of claim against the Debtors for claims that arose on or prior to the Petition Date was May 15, 2008.

9. As this Court is aware, the Trust has spent considerable time reviewing the more than 1,500 unsecured claims which have been filed in these cases and has made significant progress in resolving issues relating to unsecured claims.

10. On November 13, 2008, the Trust filed its first claims objection, moving to expunge duplicative claims (the "Duplicative Claims Objection"). The relief requested in the Duplicative Claims Objection was granted on December 16, 2008.

11. On January 7, 2009, the Trust filed its second claims objection, objecting to claims which were not consistent with the Debtors' books and records (the "Books and Records Objection"). The relief requested in the Books and Records Objection was granted on February 9, 2009.

12. On January 30, 2009, the Trust filed its third claims objection, objecting to claims that were either late filed or which were not consistent with the Debtors' books and records (the "Third Omnibus Objection"). The relief requested in the Third Omnibus Objection was granted on March 11, 2009.[1]

13. The Trust has also resolved certain litigation and other claims by stipulation, and on September 28, 2009, the Trust had resolved sufficient claims to be able to calculate and make its first distribution to holders of allowed Class 10 Claims.

**Relief Requested**

14. By this Motion, the Trust seeks entry of an order reducing, reclassifying and/or disallowing the Disputed Claims set forth on Exhibits A and B hereof. The grounds for the relief sought are: (a) the claims are duplicative of other filed or scheduled claims (the "Duplicative Claims"), as set forth in Exhibit A and (b) the claim amount exceeds the amount to which the claimant is entitled according to the Debtors' books and records and the Trust's analysis, and in one instance, was partially misclassified ("Excessive Claims"), as set forth in Exhibit B.[2] The

---

[1] The Trust also reviewed certain environmental claims and joined with the Debtors and certain insurers in their objections to the Claim of the State of New Jersey, Department of Environmental Protection, which is the only unresolved environmental claim in these cases.

[2] The Trust reserves its rights to file objections to (i) claims filed by certain insiders of the Debtors, and (ii) claims of any claimants against whom a preference, or other recovery action is filed. In addition, the Trust may (prior to final distributions) seek an order disallowing the claims of any creditors who have failed to return completed form W9s to the Trust.

4

Trust respectfully submits that with respect to the Disputed Claims, such relief is not only warranted, but largely in the nature of "housekeeping."

15. <u>Duplicative Claims</u>.  The disputed Claims listed on **Exhibit A** are duplicative of and superseded by another claim filed against the Debtors by the same claimants and relates to the same purported liabilities.  Therefore, to prevent the claimant from receiving multiple recoveries with respect to the same liabilities, the Trust seeks to expunge the Duplicative Claims listed on Exhibit A in their entirety, with a surviving claim, as indicated on Exhibit A.

16. <u>Excessive Claims</u>.  The Trustee has reviewed the Excessive Claims, all of the supporting documentation supplied therewith, and the Debtors' records and related documents, and determined that the holders of the claims are not entitled to the full amounts asserted for the reasons set forth on **Exhibit B**.  Therefore, the Trust seeks to reduce the Excessive Claims to the amounts set for on Exhibit B and expunge any part of the claim that exceeds the amount set forth on Exhibit B.  In addition, a portion of one claim listed on Exhibit B was incorrectly asserted as a priority claim, and the Trust seeks to reclassify that claim as a general unsecured claim, as detailed on Exhibit B.

17. For all of the foregoing reasons, the Trust seeks to reduce, reclassify, and/or expunge or disallow the Duplicate Claims and Excessive Claims, as set forth in the exhibits annexed hereto.  It is submitted that the Motion and the relief sought herein is warranted and in the best interests of the estates and creditors.

**Reservation of Rights**

18. By this Motion, the Trust objects to the Disputed Claims for the specific reasons set forth herein and in Exhibits A and B.  The Trust reserves its right to amend, modify or supplement this Motion and the Exhibits hereto on any and all additional factual or legal grounds, and to file additional objections to the Disputed Claims, including, without limitation,

5

objections as to the amounts asserted in the Disputed Claims and/or the priority of such Disputed Claims, or any other claims (filed or not) against the Debtors but which are not the subject of this Motion. Moreover, should one or more of the bases for objection stated in this Motion be dismissed or overruled, the Trust reserves the right to object on other stated grounds or on any other grounds that the Trust may discover.

## **Notice**

19.     Notice of this Motion and the relief requested herein was served upon (a) the holders of the Disputed Claims at the address listed on the proof of claim filed by such claimants, (b) all parties who filed a notice of appearance in these cases, and (c) the United States Trustee. The Trust submits, and requests that this Court find, that, in accordance with 2002 of the Federal Rules of Bankruptcy Procedure, no other or further notice of this Motion is necessary or required.

6

45765/0003-6176836v1

WHEREFORE, the Trust respectfully requests that an order be entered reducing, reclassifying, expunging and/or disallowing the Disputed Claims as set forth in Exhibits A and B, and granting to the Trust such other and further relief as the Court deems just and proper.

DATED: December 11, 2009

Respectfully submitted,

**HALPERIN BATTAGLIA RAICHT, LLP**
Co-Counsel for the Class 10 Liquidation Trust

By: __/s/ Donna H. Lieberman__
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone (212) 765-9100

- and -

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
Co-Counsel for the Class 10 Liquidation Trust

By: __/s/ Ilana Volkov__
Ilana Volkov, Esq.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07602-0880
Telephone (201) 489-3000

7