**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York  10022
(212) 765-9100
(212)765-0964 Facsimile
Donna Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street, P. O. Box 800
Hackensack, New Jersey  07602-0800
(201) 489-3000
(201) 489-1536  Facsimile
Ilana Volkov, Esq.

Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| In the Matter of: | : UNITED STATES BANKRUPTCY COURT<br>: FOR THE DISTRICT OF NEW JERSEY<br>: HONORABLE GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS, L.L.C., *et al.,* | : CASE NO. 08-14631(GMB) |
| Reorganized Debtors. | : (Jointly Administered) |
| | : Chapter 11 |
| | : **DECLARATION OF LYNN SMALLEY IN SUPPORT OF CLASS 10 TRUST'S FOURTH OMNIBUS OBJECTION TO CLAIMS**<br><br>**HEARING DATE AND TIME:**<br>January 11, 2010, at 10:00 a.m.<br><br>**ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

This declaration is made pursuant to 28 U.S.C. § 1746 by Lynn Smalley, as follows:

1. I am the Senior Consultant to the Class 10 Liquidation Trust in the cases of the above-captioned debtors and reorganized debtors (together, the "Debtors"). All of the statements made in this declaration are based upon my first hand knowledge, unless otherwise stated.

2. I have obtained a complete copy of the claims register in these cases as of December 8, 2009 from Epiq Systems, the Debtors' official claims agent.

3. I have reviewed the claims register to identify multiple unsecured claims filed by the same creditor, and reviewed the claims to determine if the amounts and basis of such claims are the same (the "Duplicate Claims"). Based upon that review and analysis, I identified a number of claims that appear to be duplicative of other filed claims against the Debtors.

4. I then reviewed Exhibit "A" to the Motion, which lists the Duplicative Claims I identified. The scheduled claims appear in one column in that exhibit as the "surviving claim amount" and the filed claims in another column as "claim to be expunged." That chart accurately shows the claims that I have identified as the Duplicate Claims.

5. I have also reviewed the Debtors' books and records, with the assistance of J.H. Cohn, LLP, financial advisors to the Trust. Through that review, I determined that certain filed claims exceed the amount listed in the Debtors' books and records. I reviewed those claims carefully, and based upon my review and analysis, I identified a number of filed claims that are filed for amounts in excess of the amounts shown as due to that creditor in the Debtors' books and records (the "Excessive Claims").

6. I then reviewed Exhibit "B" to the Motion, which lists the Excessive Claims I identified. The proper claim amount appears in the column in that exhibit titled the "surviving claim amount" and the excessive claim amount appears in another column as "claim to be

expunged." That chart accurately shows the claims that I have identified as the Excessive Claims.

7. Finally, one of the claims included on Exhibit "B" – that of William Wetmore -- was filed as a priority claim, but upon review, I determined that the classification was incorrect as to most of the amount asserted. The exhibit and Motion therefore seek to reclassify most of that claim as a general unsecured claim, as set forth on the exhibit.

8. I have reviewed the Motion and Exhibits A and B thereto, and based upon my review of the claims register and the Debtors' books and records, I believe both Exhibits accurately identify claims that are duplicative and claims that are excessive when compared to the Debtors' books and records. The amounts shown in Exhibits "A" and "B" as "Surviving Claim" accurately reflect the amounts the Debtors show as due.

Dated:  Ellicott City, Maryland
        December 11, 2009

                                           */s/ Lynn Smalley*
                                           LYNN SMALLEY