Jeffrey Kurtzman, Esquire (JK-7689)
**KLEHR | HARRISON | HARVEY | BRANZBURG LLP**
A Pennsylvania Limited Liability Partnership
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220
Phone: (856) 486-7900
Fax: (856) 486-4875
Attorneys for A. Jerome Grossman

| | |
|---|---|
| In re | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| | Chapter 11 |
| SHAPES/ARCH HOLDINGS, L.L.C., | Case No. 08-14631 (GMB) |
| | (Jointly Administered) |
| Debtor. | |
| | **Hearing Date: January 11, 2009 at 10:00 a.m.** |

## RESPONSE OF A. JEROME GROSSMAN TO THE CLASS 10 LIQUIDATION TRUST'S FOURTH OMNIBUS OBJECTION TO CLAIMS

TO:   THE HONORABLE GLORIA M. BURNS,
      UNITED STATES BANKRUPTCY JUDGE:

A. Jerome Grossman (the "Claimant"), by and through his undersigned attorneys, hereby files his response to the fourth omnibus objection to claim (the "Claims Objection") filed by the Class 10 Liquidation Trust (the "Trust") and respectfully represents in support thereof as follows:

### BACKGROUND

1.   These Chapter 11 cases have been pending for more than a year and a half, having been commenced on March 16, 2008.

2.   On or about July 24, 2008, this Court entered an order confirming a plan of reorganization (the "Plan"). Pursuant to the Plan, the Trust was formed for the purpose of administering the Plan, reconciling claims and making distributions to creditors.

PHIL1 899437-1

3. The Trust sought and received various extensions of the original deadline established under the Plan for objecting to claims.

4. The Claimant timely filed Claim No. 598 in the amount of $1,554,931.35 as a general unsecured claim against the debtors (the "Grossman Claim"). A copy of the Grossman Claim is annexed hereto and made a part hereof as Exhibit "A".

5. On December 11, 2009, the Trust filed the Claims Objection (Document No. 869), which seeks, among other relief, to reduce the amount of the Grossman Claim to $1,134,589.31. This represents a reduction of $420,342.04 in relation to the amount of the Grossman Claim as filed.

6. For the reasons hereinafter set forth, the Claims Objection should be overruled as it relates to the Grossman Claim.

## THE RELIEF REQUESTED AND THE RESONS THEREFOR

7. Pursuant to § 502(a) of the Bankruptcy Code, a proof of claim is deemed allowed until an objecting party presents evidence to overcome the *prima facie* validity of such claim. See, In re Lundell, 223 F.3d 1035 (9th Cir. 2000) (a debtor's objection to a claim must establish sufficient credible facts to rebut the proof of claim. The trial court is not required to believe the debtor and shift the burden to the claimant). Here, the Trust not only fails to establish a cogent basis to reduce the Grossman Claim, its stated rationale for the relief requested is nonsensical.

8. As set forth in Exhibit "B" to the Claims Objection, the Trust's stated reason for the requested reduction of the Grossman Claim is that "$20,342.04 of interest sought as part of the claim under Subordinated Promissory Note dated December 30, 2003 was fully paid."

9. This stated basis for the Trust's objection to the Grossman Claim is flawed for at least two reasons. First, even assuming that the $20,342.04 payment was made to the Claimant, this would not justify a reduction in the Grossman Claim by an amount in excess of $420,000.00.

2

Secondly, the Trust has failed to identify the source, date or manner of the purported payment identified in Exhibit B and is required to submit proof thereof at the hearing on the Claims Objection in order to rebut the facial validity of the Grossman Claim.

10. Finally, the Claimant understands that the Grossman Claim is also the subject of an ongoing analysis to determine whether the Claimant is or will be subject to an avoidance action. The Claimant is entitled, in the interest of efficiency and for other reasons, to a single, final determination of any and all issues affecting him or the Grossman Claim. In view of the lengthy duration of these Chapter 11 cases, it is simply unfair to the Claimant to subject him to piecemeal proceedings relating the Grossman Claim and/or claims or causes or action assertable by these estates. Stated otherwise, all determinations concerning whether an adversary proceeding against the Claimant is appropriate should have been made and concluded long before now and should be consolidated with issues pertaining to the Grossman Claim itself.

## CONCLUSION

11. For the foregoing reasons, the Claims Objection should be overruled as it relates to the Grossman Claim.

WHEREFORE, A. Jerome Grossman respectfully requests the entry of an Order consistent with the foregoing, together with such other and further relief as is just and proper.

Dated: December 23, 2009

KLEHR HARRISON HARVEY
BRANZBURG, LLP

By: _____
Jeffrey Kurtzman, Esquire (JK-7689)
Attorneys for A. Jerome Grossman