# EXHIBIT "A"

# PROOF OF CLAIM

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY**

| In Re: Shapes/Arch Holdings LLC et al. Debtors. | Chapter 11 Case No. 08-14631 through 08-14635 (GMB) |
|---|---|
| Name of Debtor Against Which Claim is Held | Case No. of Debtor: |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**THIS SPACE IS FOR COURT USE ONLY**

Name and address of Creditor: (and name and address where notices should be sent if different from Creditor)

A. Jerome Grossman
c/o Klehr, Harrison, Harvey, Branzburg & Ellers
260 S. Broad Street
Philadelphia, PA 19102

Telephone number: (610) 246-6727  Email Address: ajgrossman40@comcast.net

☐ Check this box to indicate that this claim amends a previously filed claim.

Court Claim Number: _____ (if known)

Filed on: _____

Name and address where payment should be sent (if different from above)

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check this box if you are the debtor or trustee in this case.

Telephone number: _____  Email Address: _____

1. Amount of Claim as of Date Case Filed: $ 1,554,931.35

   If all or part of your claim is secured, complete Item 4 below; however, if all of your claim is unsecured, do not complete item 4.
   If all or part of your claim is entitled to priority, complete Item 5.
   ☒ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of interest or additional charges.

2. Basis for Claim: subordinated promissory note and auto repair reimbursement obligation
   (See instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor: _____
   3a. Debtor may have schedules account as: _____
   (See instruction #3a on reverse side.)

4. Secured Claim (See instruction #4 on reverse side.)
   Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.
   Nature of property or right of setoff:  ☐ Real Estate    ☐ Motor Vehicle    ☐ Other
   Describe: _____
   Value of Property: $_____  Annual Interest Rate _____ %
   Amount of arrearage and other charges as of time case filed included in secured claim, if any:
   $_____  Basis for perfection: _____
   Amount of Secured Claim: $_____  Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.

   Specify the priority of the claim:
   ☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries or commissions (up to $10,950*), earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
   ☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).
   ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
   ☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

   Amount entitled to priority:
   $_____

   *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment*

6. Credits: The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (See definition of "redacted" on reverse side.)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

**FOR COURT USE ONLY**

Date: May 9, 2008

Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

/s/ A. Jerome Grossman

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Shapes LLC**
**Interest Calculation**
**A. Jerome Grossman**

| Note Holder | Balance | Default Date 06/01/07 |
|---|---|---|
| A. J. Grossman | 1,436,140.00 | |

| Accrued Interest Month | Days | 30 Day Libor Rate | Default Spread | Interest Rate | Accrued Interest | Accrued Balance |
|---|---|---|---|---|---|---|
| Jun-07 | 30 | 5.3195% | 5.00% | 10.3195% | 12,350.21 | 1,448,490.21 |
| Jul-07 | 30 | 5.3200% | 5.00% | 10.3200% | 12,457.02 | 1,460,947.22 |
| Aug-07 | 30 | 5.4975% | 5.00% | 10.4975% | 12,780.24 | 1,473,727.47 |
| Sep-07 | 30 | 5.4927% | 5.00% | 10.4927% | 12,886.15 | 1,486,613.62 |
| Oct-07 | 30 | 4.9814% | 5.00% | 9.9814% | 12,365.40 | 1,498,979.02 |
| Nov-07 | 30 | 4.7672% | 5.00% | 9.7672% | 12,200.69 | 1,511,179.71 |
| Dec-07 | 30 | 5.0172% | 5.00% | 10.0172% | 12,614.82 | 1,523,794.53 |
| Jan-08 | 30 | 3.9091% | 5.00% | 8.9091% | 11,313.03 | 1,535,107.57 |
| Feb-08 | 30 | 3.3168% | 5.00% | 8.3168% | 10,639.32 | 1,545,746.89 |
| 03/01/08-03/16/08 | 16 | 2.8066% | 5.00% | 7.8066% | 5,363.12 | 1,551,110.01 |

114,970.01

**Terms:**
Note and all accrued interest is due on 12/31/10
Principal payments due in 8 qtrly installment beginning 03/31/09
No prepayment penalties
Interest to accrue on principal @ the greater of (i) LIBOR plus 200 basis points, or (ii) 3.5%
Interest rate changes effective 1st day of the following calendar month
Interest calculated on a 360 day year
Interest payable monthly on the last business day of each calendar month
**Upon default:**
Interest on the unpaid principal together with accrued and unpaid interest thereon
shall accrue from the date of default to the date of payment in full
@ the greater of (i) LIBOR plus 500 basis points, or (ii) 6.32%

*file: ASUC*

PAYMENT OF THIS OBLIGATION IS SUBORDINATED TO ALL OBLIGATIONS NOW OR HEREAFTER OWED BY THE COMPANIES (INCLUDING THE MAKER) TO THE CIT GROUP/BUSINESS CREDIT, INC. AS AGENT FOR ITSELF AND THE LENDERS PURSUANT TO THE TERMS AND CONDITIONS OF THAT CERTAIN STANDSTILL SUBORDINATION AGREEMENT DATED DECEMBER 30, 2003.

## SUBORDINATED PROMISSORY NOTE

$1,436,140                                                                December 30, 2003

FOR VALUE RECEIVED, SHAPES L.L.C., a New Jersey limited liability company ("Maker"), promises to pay to the order of A. JEROME GROSSMAN, an individual ("Payee"), the principal sum of ONE MILLION FOUR HUNDRED THIRTY SIX THOUSAND ONE HUNDRED FORTY DOLLARS ($1,436,140), lawful money of the United States of America, together with accrued interest thereon, at the rate and on the terms set forth below. Unless sooner paid in accordance with the terms of this Subordinated Promissory Note, the principal amount and all accrued interest thereon shall be due and payable on December 31, 2010.

1. **Payment of Interest and Principal Amount.**

    (a) Interest shall accrue on the principal amount at the annual rate equal to the greater of (i) LIBOR (as defined below) plus 200 basis points (the "**LIBOR Rate**"), or (ii) 3.5%. The interest rate in effect from time to time pursuant to this Paragraph 1(a) is hereinafter referred to as the "**Interest Rate**". All changes in the Interest Rate shall become effective on the first day of the following calendar month, and shall be deemed in effect throughout such calendar month. Interest shall be calculated on the basis of a year of 360 days. Interest on the unpaid principal amount shall be due and payable monthly in arrears on the last business day of each calendar month. The term "**LIBOR**" means the 30 day London Interbank Offered Rate on the last business day in each calendar month, as quoted in the Money Rates Column of *The Wall Street Journal* (Eastern Edition), or as published in such other publication as the Payee may reasonably designate; provided that the initial rate for LIBOR shall be the rate quoted in the Money Rates Column of *The Wall Street Journal* (Eastern Edition) on the last business day immediately preceding the date of this Subordinated Promissory Note. In the event LIBOR is not quoted in *The Wall Street Journal* (Eastern Edition) for the last business day of any calendar month, then the rate last quoted in the Money Rates Column of *The Wall Street Journal* (Eastern Edition) for LIBOR shall be utilized.

    (b) Upon the occurrence and during the continuation of an Event of Default (as defined below), whether or not the Payee declares the unpaid principal amount (together with accrued and unpaid interest thereon) to be immediately due and payable, interest on the unpaid principal amount (together with accrued and unpaid interest thereon) shall, Paragraph 1(a) above notwithstanding, accrue from the date of such Event of Default to the date of payment in full of the principal amount and all accrued and unpaid interest thereon, at the annual rate equal the greater of (i) LIBOR plus 500 basis points (the "**LIBOR Default Rate**"), or (ii) 6.32%. The LIBOR Default Rate shall be determined in the same manner as the LIBOR Rate, and such

interest shall be due and payable monthly in arrears on the last business day of each calendar month.

(c) The unpaid principal amount shall be paid in eight equal consecutive quarterly installments commencing on March 31, 2009 and continuing on each March 31st, June 30th, September 30th and December 31st thereafter until December 31, 2010. Maker shall have the right to prepay at any time and from time to time, without penalty or premium, all or any portion of the principal amount. All prepayments of the principal amount shall be applied first to accrued interest, and second to the unpaid principal amount due hereunder, in inverse order of maturity.

(d) Maker shall make all payments to Payee to such place or places as Payee from time to time shall designate in writing to Maker, and absent any such written designation, to the last known address for Maker on the books and records of Maker.

2. Subordination. Payee's right to receive payments under this Subordinated Promissory Note is subordinate to the rights of The CIT Group/Business Credit, Inc., a New York corporation in its capacity as agent for certain lenders ("Agent"), under that certain Standstill Subordination Agreement dated December 30, 2003 among Stephen F. Kendall, Frank Kessler, Payee, Maker, Delair L.L.C., Ultra L.L.C., Accu-Weld L.LC. and Agent (the "Subordination Agreement"). The indebtedness and obligations subordinated by the Subordination Agreement is referred to herein as the "Senior Indebtedness".

3. Event of Default. If (a) Maker fails to pay when due any installment of the principal amount or accrued interest thereon, and Maker shall not have remedied such failure within five business days after the date such amounts were due, (b) proceedings in bankruptcy or any other proceedings for arrangement or reorganization of Maker's debts under any state or federal law are commenced by or against Maker, or (c) there is an event of default under the Senior Indebtedness, which is not waived (each, an "Event of Default"), then Payee, in its sole discretion, may declare the unpaid principal amount and all accrued and unpaid interest thereon, immediately due and payable without presentment, demand, protest or other requirements of any kind, all of which are hereby expressly waived by Maker. In addition to the foregoing, in the event of an Event of Default, Payee shall have such other rights and remedies as may be available to a creditor under any applicable laws.

4. Rights Cumulative. The remedies of Payee provided in Paragraph 3 above shall be cumulative and concurrent; may be pursued singly, successively or together at the sole discretion of Payee, may be exercised as often as occasion for their exercise shall occur; and in no event shall the delay or failure to exercise any such right or remedy be construed as a waiver or release of it. Payee may also recover all reasonable costs of suit and other expenses whenever incurred by Payee (including reasonable attorneys' fees) in connection with the collection of any sums due hereunder. The remedies set forth herein shall be in addition to, and not in lieu of, any other additional rights or remedies Payee may have at law or in equity.

5. Waivers. Maker hereby waives presentment, demand for payment, notice of dishonor or acceleration, protest and notice of protest, and any and all other notices or demands

- 2 -

in connection with this Subordinated Promissory Note. Payee shall not be deemed to have waived any rights hereunder unless such waiver is in a writing signed by Payee.

6. <u>Miscellaneous</u>. This Subordinated Promissory Note and all questions relating to its validity, interpretation or performance and enforcement shall be governed by and construed in accordance with the laws of the State of New Jersey, without regard to any conflict of law provision. Any notices or other communications required to be delivered to (a) Maker, shall be sent to its principal place of business, and (b) Payee, shall be sent to such address as Payee shall designate in writing from time to time (and absent and such written designation, to the last known address for Payee on the books and records of Maker). All such notices or other communications shall be deemed delivered when received. This Subordinated Promissory Note shall be binding upon Maker and its successors and assigns, and shall inure to the benefit of Payee and his heirs, representatives, successors and assigns. This Subordinated Promissory Note may not be modified or amended other than by a written agreement in signed by Maker and Payee.

IN WITNESS WHEREOF, Maker, intending to be legally bound hereby, has caused its duly authorized representative to execute and deliver this Subordinated Promissory Note on the date first written above.

SHAPES L.L.C.
By: Shapes/Arch Holdings L.L.C., its sole member

By: _____
Name:
Title:

**via condotti llc**
algrossman4@comcast.net

A Note From
**jerry grossman**

- 3 -

PHILA1\1986080\1 145399.000

03/07/2008 04:42    610-527-6118    A J GROSSMAN    PAGE 03
May. 7. 2008 12:03PM    No.4731    P. 1

*Atty.* Jerry Grossman
856-662-7658

02/12/2008 at 04:19 PM    Job Number:
19950

**ALAN'S COLLISION CENTRE**
Federal ID #:231951484
601 Red Lion Rd.
www.AlansCollision.Net
Philadelphia, PA 19115
(215)677-7773 Fax: (215)677-1841

**PRELIMINARY ESTIMATE**

Written By: Robert Neisser #129966
Adjuster:

Insured: FLEETWAY LEASING    Claim #
Owner: FLEETWAY LEASING    Policy #
Address: 250 ROCKHILL RD    Deductible:
BALA CYNWYD, PA 19004    Date of Loss:
Day:    Type of Loss:
Evening:    Point of Impact:

Inspect
Location:

Insurance
Company:    Days to Repair

2005 JAGU XJ8 L 8-4.2L-FI 4D SED BLACK Int:BLACK
VIN: SAJWA79C35SG44976 Lic:    Prod Date:    Odometer: 42818
Air Conditioning            Rear Defogger            Tilt Wheel
Cruise Control              Telescopic Wheel          Intermittent Wipers
Auto Level                  Climate Control           Keyless Entry
Theft Deterrent/Alarm       Steering Wheel Controls   Wood Interior Trim
Dual Mirrors                Console/Storage           Roof Console
Electric Glass Sunroof      Traction Control          Fog Lamps
Clear Coat Paint            Power Steering            Power Brakes
Power Windows               Power Locks               Power Driver Seat
Power Passenger Seat        Power Mirrors             Power Trunk/Tailgate
AM Radio                    FM Radio                  Stereo
Search/Seek                 CD Player                 Anti-Lock Brakes (4)
Driver Air Bag              Passenger Air Bag         Front Side Impact Air Bag
Rear Side Impact Air Bags   4 Wheel Disc Brakes       Leather Seats
Bucket Seats                Recline/Lounge Seats      Automatic Transmission
Overdrive                   Aluminum/Alloy Wheels

| NO. | OP. | DESCRIPTION | QTY | EXT. PRICE | LABOR | PAINT |
|---|---|---|---|---|---|---|
| 1 |  | FRONT DOOR |  |  |  |  |
| 2* | Repl | LT Door panel | 1 | 1300.00 | 6.0 | 3.0 |
| 3 |  | Add for Clear Coat |  |  |  | 1.2 |
| 4 |  | Add for mirror |  |  | 0.6 |  |
| 5. | R&I | LT Window molding |  |  | 0.3 |  |
| 6* | Repl | LT Body side mldg | 1 | 192.50 | 0.3 |  |
| 7 | Repl | LT Mirror assy w/power park | 1 | 385.00 | Incl. |  |
| 8 | Repl | LT Mirror cover chrome | 1 | 89.25 | Incl. |  |

1

03/07/2008 04:42  610-527-6118  A J GROSSMAN  PAGE 04
May 7, 2008 12:04PM   No. 4731  P. 3

PRODUCT 6556    To Reorder: 1-800-225-6380 or www.rediform.com

OK Sam 4/1/08    Mark Goodwin

**ALAN'S COLLISION CENTRE**
501 Red Lion Road
PHILADELPHIA, PENNSYLVANIA 19115
(215) 677-7773
FAX (215) 677-1841

**JOB WORK ORDER**
4715

DATE OF ORDER: 2-1-08

CUSTOMER'S ORDER NO.
PHONE
MECHANIC: Jerry Grossman
HELPER
START/FIN DATE

BILL TO: Fleetway
856-317-5302
610-246-6727
856-662-5322
610-527-2988

ORDER TAKEN BY: Chuck

☐ DAYWORK
☐ CONTRACT
☐ EXTRA

JOB NAME AND LOCATION: 05 JAG XJ8L    315
JOB PHONE: 355-8800

DESCRIPTION OF WORK:
Refinish L/F door panel
" L/F rear window
" L/F mirror, cover + glass
" L/F rocker molding

5713 860 492 3400 2

5/08    $304

A.J. Grossman

3/8   35.00   3/8/08

TOTAL MATERIALS
TOTAL LABOR
TAX
TOTAL AMOUNT  $3821.34

321.34

☐ No one home
☐ Total amount due for above work; or
☐ Total billing to be mailed after completion of work

I hereby acknowledge the satisfactory completion of the above described work.

03/07/2008  04:42   610-527-6118       A J GROSSMAN                                    PAGE  02
May. 7. 2008 12:04PM                                                        No. 4731   P. 2

/2/2008 at 04:19 PM
/50                                                                        Job Number:

**PRELIMINARY ESTIMATE**
2005 JAGU XJ8 L 8-4.2L-FI 4D SED BLACK Int:BLACK

| NO. | OP. | DESCRIPTION | QTY | EXT. PRICE | LABOR | PAINT |
|---|---|---|---|---|---|---|
| 9* | Repl | LT Mirror glass flat | 1 | 203.50 | Incl. | |
| 10 | | PILLARS, ROCKER & FLOOR | | | | |
| 11* | Rpr | LT Rocker panel long WB | | | S  5.0 | 1.5 |
| 12 | | Overlap Major Non-Adj. Panel | | | | -0.2 |
| 13 | | Add for Clear Coat | | | | 0.3 |
| 14# | | Light Setup and Pull | 1 | | 3.0 | |
| 15 | R&I | LT Scuff plate front charcoal | | | 0.3 | |
| 16 | R&I | LT Scuff plate rear, long wheel base charcoal | | | 0.3 | |
| 17 | Repl | LT Rocker molding long WB | 1 | 197.50 | 0.6 | 1.2 |
| 18 | | Overlap Major Adj. Panel | | | | -0.4 |
| 19 | | Add for Clear Coat | | | | 0.2 |
| 20# | | Tape Back Jambs | 1 | 5.00 T | 0.4 | |
| 21# | | Cover Car From Overspray | 1 | 5.00 T | 0.2 | |
| 22# | Repl | Corrosion Materials | 1 | 12.00 T | 0.2 | |
| 23# | | Hazardous Waste Removal | 1 | 3.00 T | | |
| 24# | | Clean For Delivery | 1 | T | 0.5 | |

Subtotals ==>           2392.75     17.7      6.8

```
Parts                                              2367.75
Body Labor         17.7 hrs @ $ 42.00/hr            743.40
Paint Labor         6.8 hrs @ $ 42.00/hr            285.60
Paint Supplies      6.8 hrs @ $ 22.00/hr            149.60
Sublet/Misc.                                         25.00
```

SUBTOTAL                                         $ 3571.35
Sales Tax         $ 3571.35 @  7.0000%              249.99

GRAND TOTAL                                      $ 3821.34

ADJUSTMENTS:
  Deductible                                          0.00

CUSTOMER PAY                                     $    0.00
INSURANCE PAY                                    $ 3821.34

2