**HALPERIN BATTAGLIA RAICHT, LLP**

555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone (212) 765-9100
Facsimile (212) 765-0964
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**

A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey  07602-0800
201-489-3000
201-489-1536  Facsimile
Ilana Volkov, Esq.
Felice R. Yudkin, Esq.

Co-Counsel for the Class 10 Liquidation Trust

|  |  |
|---|---|
| In the Matter of: | UNITED STATES BANKRUPTCY COURT |
|  | FOR THE DISTRICT OF NEW JERSEY |
|  | HON. GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS L.L.C., *et al*., | CASE NO. 08-14631 (GMB) |
|  | (Jointly Administered) |
| Reorganized Debtors. |  |
|  | Chapter 11 |
|  |  |
|  | **COMPLAINT TO AVOID AND RECOVER AVOIDABLE TRANSFERS** |
| THE CLASS 10 LIQUIDATION TRUST, by and through Steven D. Sass, as Trustee, |  |
|  |  |
| Plaintiff, |  |
|  |  |
| v. | ADV. NO. 09- |
|  |  |
| MAGRETECH, |  |
|  |  |
| Defendant. |  |

45765/0004-6216954v2

The Class 10 Liquidation Trust (the "Class 10 Trust"), by and through Steven D.

Sass, as Trustee (together with the Class 10 Trust, the "Plaintiff"), as and for its complaint

to avoid certain transfers made by one or more of Shapes/Arch Holdings L.L.C., Shapes

LLC, Ultra LLC, Delair LLC or Accu-Weld LLC (together, the "Debtors") to or for the

benefit of the Magretech ("Defendant"), on knowledge as to itself and as to all other

matters on information and belief, respectfully alleges as follows:

## NATURE OF THE ACTION

1.      By this action, Plaintiff seeks a money judgment resulting from certain

transfers made by one or more of the Debtors to Defendant prior to the commencement of

the Debtors' bankruptcy cases, as more specifically set forth in the chart annexed as

**Exhibit A** hereto.  Specifically, Plaintiff seeks entry of a judgment against Defendant (i)

avoiding the Avoidable Transfer (defined below) pursuant to 11 U.S.C. § 547(b), or, in

the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b); (ii) preserving for the benefit of

the Class 10 Trust, as the designee of the Debtors' estates,  the Avoidable Transfer or the

value thereof pursuant to 11 U.S.C. § 551; (iii) pursuant to 11 U.S.C. § 550(a), (iii)

directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less

than the amount of the Avoidable Transfer, plus interest and costs; and (iv) disallowing

any claim of Defendant against the Debtors pursuant to 11 U.S.C. § 502(d).

## JURISDICTION AND VENUE

2.      The Court has subject matter jurisdiction over this adversary proceeding

pursuant to 28 U.S.C. §§ 1331 and 1334.

3.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 *et seq.*

2

## FACTUAL BACKGROUND

5.      On March 16, 2008 (the "Petition Date"), the Debtors filed voluntary

petitions for relief under Chapter 11 of title 11 of the United States Code (the

"Bankruptcy Code").

6.      The Debtors' Third Amended Joint Plan, as amended (the "Plan") was

confirmed by Order of this Court dated July 24, 2008 and became effective on August 8,

2008 (the "Effective Date").

7.      Sections 5.2 and 5.3 of the Plan, together with the Shapes/Arch Holdings

L.L.C. Plan Administration Agreement (the "Plan Administration Agreement"), an

exhibit to the Plan, created and govern the Class 10 Liquidation Trust.

8.      Pursuant to Sections 5.2 and 5.3 of the Plan and Article IV of the Plan

Administration Agreement, as of the Effective Date, the Trust was vested with the right

to, among other things, commence, prosecute and settle avoidance actions that would

otherwise have belonged to the Debtors, for the benefit of the holders of beneficial

interests in the Class 10 Liquidation Trust.

## COUNT I - TO AVOID PREFERENTIAL
## TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

9.      Plaintiff repeats and realleges each and every allegation contained in

paragraphs 1 through 8 above as if fully set forth herein.

10.     During the 90 day period prior to the Petition Date, one or more of the

Debtors made certain transfers totaling not less than $60,347.85 to, or for the benefit of,

the Defendant in the amounts set forth in the chart annexed as **Exhibit A** hereto, which is

incorporated by reference herein (the "Avoidable Transfer").

45765/0004-6216954v2

11.     The Avoidable Transfer was made to, or for the benefit of, the Defendant,

then a creditor of one or more of the Debtors on account of an existing debt to the

Defendant, per the Debtors' books and records.

12.     The Avoidable Transfer was made on account of antecedent debt(s) owed

by one or more of the Debtors to or for the benefit of Defendant before such Avoidable

Transfer was made.

13.     The Avoidable Transfer was made on or within 90 days prior to the

Petition Date.

14.     The Avoidable Transfer was made while the respective Debtor or Debtors

were insolvent.

15.     The Avoidable Transfer enabled Defendant to recover more than it would

have received if (a) the Avoidable Transfer had not been made, (b) the case were a case

under Chapter 7 of the Bankruptcy Code, and (c) Defendant received payment of its debt

to the extent provided by the provisions of the Bankruptcy Code.

16.     By reason of the foregoing, the Avoidable Transfer should be avoided and

set aside as preferential.

### COUNT II - TO AVOID FRAUDULENT
### TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 and 544(b)

17.     Plaintiff repeats and realleges each and every allegation contained in

paragraphs 1 through 16 above as if fully set forth herein.

18.     Alternatively, as a result of the Avoidable Transfer, one or more of the

Debtors received less than reasonably equivalent value in exchange for the Avoidable

Transfer.

45765/0004-6216954v2

19.     The Avoidable Transfer either (a) was made while the respective Debtor

or Debtors were insolvent or were in the zone of insolvency; (b) left the respective

Debtor or Debtors with unreasonably small capital; and/or (c) was made while the

respective Debtor or Debtors intended to incur or believed that it had incurred debts that

it would not be able to pay as they became due.

20.     By reason of the foregoing, the Avoidable Transfer should be avoided and

set aside as a fraudulent transfer.

## COUNT III - TO PRESERVE
## PROPERTY PURSUANT TO 11 U.S.C. § 551

21.     Plaintiff repeats and realleges each and every allegation contained in

paragraphs 1 through 20 above as if fully set forth herein.

22.     The Avoidable Transfer is property of the estate of one or more of the

Debtors.

23.     Therefore, the Avoidable Transfer, or the value thereof, should be

preserved for the benefit of the Debtors' estates pursuant to § 551 of the Bankruptcy

Code.

## COUNT IV - TO RECOVER AVOIDABLE
## TRANSFERS PURSUANT TO 11 U.S.C. § 550

24.     Plaintiff repeats and realleges each and every allegation contained in

paragraphs 1 through 23 above as if fully set forth herein.

25.     Defendant was the initial transferee of the Avoidable Transfer, the

immediate or mediate transferee of such initial transferee, or the person for whose benefit

the Avoidable Transfer was made.

5

26.    Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from

Defendant an amount to be determined at trial that is not less than $60,347.85, plus

interest thereon to the date of payment and the costs of this action.

## COUNT V - TO DISALLOW
## CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

27.    Plaintiff repeats and realleges each and every allegation contained in

paragraphs 1 through 26 above as if fully set forth herein.

28.    Defendant was the initial transferee of the Avoidable Transfer, the

immediate or mediate transferee of such initial transferee, or the person for whose benefit

the Avoidable Transfer was made.

29.    Pursuant to 11 U.S.C. § 502(d), any claims of Defendant against the

Debtors must be disallowed until such time as Defendant pays to the Trust an amount

equal to the aggregate amount of the Avoidable Transfer.

45765/0004-6216954v2

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this

Court enter judgment against Defendant (a) avoiding the Avoidable Transfer pursuant to

11 U.S.C. § 547(b), or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b); (b)

preserving for the benefit of the Debtors' estates the Avoidable Transfer or the value

thereof pursuant to 11 U.S.C. § 551; (c) pursuant to 11 U.S.C. § 550(a), directing

Defendant to pay to Plaintiff  an amount to be determined at trial that is not less than

$60,347.85, plus interest and costs; (d) disallowing any claim of Defendant against the

Debtors pursuant to 11 U.S.C. § 502(d); and (e) granting the Class 10 Liquidation Trust

such other and further relief as may appear just and proper.

<div style="margin-left: 50%;">

COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.


By:  */s/Ilana Volkov*
    Ilana Volkov, Esq.

       -and-

HALPERIN BATTAGLIA RAICHT,
LLP
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone: (212) 765-9100
Facsimile:  (212) 765-0964

Co-Counsel for the Class 10 Liquidation
Trust

</div>

DATED:  December 29, 2009

45765/0004-6216954v2

**Exhibit A**

Magretech Inc.
301 County Road #177
Bellevue, OH 44811

| Debtor | Transfer Detail | Check Date | Amount of Transfer |
|---|---|---|---|
| Shapes | 0000116086 | 1/11/2008 | 60,346.85 |
| | | **Total** | **60,346.85** |