**ASHELY M. CHAN**
**JAMES M. MATOUR**
**HANGLEY ARONCHICK SEGAL & PUDLIN**
20 Brace Road
Cherry Hill, NJ 08034-2634
Telephone: (856) 616-2100
Facsimile: (856) 616-2170

*Attorneys for Steven Grabell*

|  |  |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS L.L.C., et al. | CHAPTER 11 |
|  | CASE NO. 08-14631 (GMB) |
| Debtors. |  |

## RESPONSE OF STEVEN GRABELL
## TO THE CLASS 10 LIQUIDATION TRUST'S
## FOURTH OMNIBUS OBJECTION TO CLAIMS

Steven Grabell, through his counsel, Hangley Aronchick Segal & Pudlin, responds to the Class 10 Liquidation Trust's Fourth Omnibus Objection to Claims as follows:

1. On December 11, 2009, the Class 10 Liquidating Trust ("Trust") filed its Fourth Omnibus Objection to Claims ("Ojection").

2. Among the claims that are the subject of the Objection, is the general unsecured claim of Steven Grabell ("Grabell") in the amount of $1,981, 275.

3. The Objection seeks to reduce Mr. Grabell's claim by the sum of $377,845.00 to a net amount of $1,643.429.

4. Pursuant to the Amended Exhibit B filed by the Trust on or about January 4, 2010, the only explanation for the objection to Mr. Grabell's claim is as follows:

"The claim consists of the following amounts:

(1.) $1,643.429 in deferred compensation which was vested as of the Petition Date.

(2.) $21,274.00 in accrued vacation pay that has now been solely satisfied.

(3.) $356,571.00 in deferred compensation which was not vested as of the Petition Date.

The Trust is objecting to the portions of the claim which relate to accrued vacation, and deferred compensation which was not vested as of the Petition Date, and therefore seeks to reduce the claim by $377,845."

5. Mr. Grabell acknowledges that vacation pay in the amount of $21,274.00 has been paid to him subsequent to the filing of his Proof of Claim. Consequently, he agrees to the reduction of his claim to $1,960,001.

6. With respect to the balance in dispute (the $377,845. in deferred compensation which was not vested as of the Petition Date), the Trust's Objection states no rationale for the proposed reduction.

7. Mr. Grabell's claim is based upon his 2005 Deferred Compensation Agreement ("Agreement") a copy of which is attached hereto as Exhibit A.

8. Under the terms of the Agreement, Mr. Grabell was entitled to deferred compensation in the amount of $2,000,000. which was payable to him upon the occurrence of one of the trigger events set forth in Paragraph 2 of the Agreement.

9. One of the trigger events set forth in Paragraph 2 of the Agreement, giving rise to Mr. Grabell's immediate right of payment of the entire $2,000,000.00 in deferred compensation, was a change in control of the Debtor.

10. Pursuant to the Third Amended Joint Plan of Reorganization which was confirmed by this Court on or about July 22, 2008, all of the equity interests in the Debtor were transferred to the Plan Funder on the Effective Date, which was August 8, 2008.

11. Mr. Grabell remained in his position of Chief Executive Officer at and after the time of the change in control of the Debtor pursuant to the Plan.

12. The Agreement was rejected by the Debtor, as of the Confirmation Date of July 22, 2008.

13. The change in control of the Debtor, as well as the rejection of the Agreement by the Debtor, each constitute independent bases for Mr. Grabell's claim for the entire deferred compensation of $2,000,000.

14. The Trust has not set forth any basis for the disallowance of the portion of Mr. Grabell's claim constituting deferred compensation which had not vested as of the Petition Date and, indeed, no basis for such disallowance exists.

WHEREFORE, Steven Grabell requests the entry of an Order allowing his general unsecured claim in the amount of $1,960.001.

Dated: March 1, 2010            HANGLEY ARONCHICK SEGAL & PUDLIN


By: /s/ Ashely M. Chan
   Ashely M. Chan, Esquire
   20 Brace Road
   Suite 201
   Cherry Hill, NJ  08034-2634

*Attorneys for Steven Grabell*

3

# EXHIBIT "A"

## SHAPES/ARCH HOLDINGS L.L.C.

## 2005 DEFERRED COMPENSATION AGREEMENT
## FOR STEVEN S. GRABELL

DEFERRED COMPENSATION AGREEMENT made as of the 1st day of January __, 2005 between Shapes/Arch Holdings L.L.C., a New Jersey Limited Liability Company, (hereinafter referred to as "Company") and Steven S. Grabell (hereinafter referred to as "Grabell").

### BACKGROUND

A.  Grabell is a valued manager and key executive of the Company. In consideration of his prior services and as an additional inducement to Grabell to continue to render services to the Company, the Company, pursuant to a Deferred Compensation Agreement dated as of August 1, 2001 which Agreement was amended and restated as of December 12, 2003 (the "Prior Agreement"), agreed to provide deferred compensation benefits to Grabell.

B.  The Prior Agreement was frozen with respect to amounts earned and vested by Grabell prior to January 1, 2005. As of December 31, 2004, the nonforfeitable amount of the deferred compensation benefit to which Grabell is entitled pursuant to the terms of the Prior Agreement is One Million Two Hundred Twenty Thousand Dollars ($1,220,000).

C.  The Company desires to adopt a new benefit program for Grabell (the "2005 Plan") on the terms and conditions hereinafter set forth.

NOW THEREFORE, the parties hereto, intending to be legally bound hereby, agree as follows:

### AGREEMENT

1. <u>Deferred Compensation Bonus</u>.  The Company hereby agrees to pay a deferred compensation bonus to Grabell in the amount of Seven Hundred Eighty Thousand Dollars ($780,000) on the terms hereafter set forth. Notwithstanding the foregoing, if Grabell should voluntarily cease to perform services for the Company, other than by reason of "disability" (as hereinafter defined) or a reduction in his compensation or the scope of his duties or authority, the amount of deferred compensation otherwise payable to Grabell under the 2005 Plan shall be reduced by an amount equal to the product of (a) $780,000, times (b) a fraction, the numerator of which is the number of full months from the date of Grabell's voluntary termination of the performance of services for the Company until October 31, 2010, and the denominator of which is 70. Any deferred compensation bonus payable to Grabell hereunder shall be net of all applicable withholdings.

2. <u>Payment of Deferred Compensation</u>.  The bonus provided for in Paragraph 1 of this 2005 Plan shall be paid to Grabell in a lump sum within sixty (60) days after the sooner to occur of Grabell's (i) death; (ii) the date on which Grabell becomes "disabled", (iii) Grabell's attainment of age fifty (50); (iv) upon Grabell's "separation from service" with the Company as determined pursuant to the rules set forth in Section 409A of the Internal Revenue Code of 1986, as amended (the "Code") and the Regulations promulgated thereunder; or (v) if, and then only to the extent (if at all) permitted by Section 409A of the Code and the Regulations promulgated

PHILA1\1452190\8 077771.000

thereunder with respect to deferred compensation plans maintained by limited liability companies, upon a change in the ownership or effective control of the Company or in the ownership of a substantial portion of its assets. Notwithstanding the foregoing, if the bonus hereunder is paid following separation from service, as provided in (iv) above, it shall be paid in twelve (12) equal, consecutive quarterly installments beginning on the thirtieth (30th) day after the last day on which Grabell performs services for the Company, if Grabell voluntarily ceases to perform services for the Company (other than by reason of a reduction in his current compensation or scope of his duties); otherwise, it shall be paid in a lump sum. For purposes of this 2005 Plan, "disabled" shall have the meaning specified in Section 409A(a)(2)(C) of the Code.

3. **Beneficiary.**  Grabell shall have the right to designate in writing on Schedule A attached hereto one or more beneficiaries or contingent beneficiaries to receive any bonus payable hereunder on account of Grabell's death. Grabell shall have the right to change his beneficiary designation at any time by amending Schedule A hereto or by an instrument in writing signed by Grabell and delivered to the Company. If Grabell does not designate a beneficiary, or the beneficiary and all contingent beneficiaries die before payments commence, Grabell's beneficiary shall be his estate.

4. **General Obligation.**  The rights and benefits of Grabell (and any beneficiary hereunder) shall be solely those of an unsecured creditor of the Company. No assets acquired or held by the Company shall be deemed to be held by the Company in escrow or trust or to be security for the performance of any obligation of the Company hereunder.

5. **Controlling Law.**  This Agreement and all questions relating to its validity, interpretation, performance or enforcement, shall be governed by and construed in accordance with the laws of the State of New Jersey.

6. **Assignment.**  Except for the right to designate a beneficiary, Grabell may not assign, transfer, pledge or encumber his rights under this Agreement.

7. **Membership in Company.**  Nothing contained herein shall be construed as conferring upon Grabell the right to continue to perform services for the Company or to be a member of the Company.

8. **Binding Agreement.**  This Agreement shall be binding upon the Company and its successors and assigns and shall be binding upon and inure to the benefit of Grabell and his heirs, beneficiaries and personal representatives. This Agreement shall not confer any rights or remedies upon any person other than the parties hereto and their personal representatives, heirs, beneficiaries, permitted successors and assigns.

9. **Amendment of Agreement.**  This Agreement may be amended in whole or in part only by a written agreement between the Company and Grabell.

10. **Paragraph Headings.**  The paragraph headings used in this Agreement are for convenience of reference only and shall not be construed to be a part of this Agreement.

11. **Interpretation.**  The parties hereto intend that this 2005 Plan satisfy the requirements of Section 409A of the Code, which was recently enacted, and the 2005 Plan shall be interpreted in light of that intent. To the extent that the provisions of the 2005 Plan

2

conflict with any requirements of the Code and/or Regulations, the 2005 Plan shall be modified to the extent required to conform to such requirements.

    IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

SHAPES/ARCH HOLDINGS L.L.C.

By: _____
    Manager

WITNESS:

_____
STEVEN S. GRABELL

_____

3

PHIL.A1\1452190\8 077771.000

## CERTIFICATE OF SERVICE

I, Ashely M. Chan, do hereby certify that on this date a true and correct copy of the foregoing Response of Steven Grabell to the Class 10 Liquidation Trust's Fourth Omnibus Objection to Claims has been served electronically upon the following:

Donna H. Lieberman, Esquire
Carrie E. Mitchell, Esquire
Halperin Battaglia Raicht, LLP
555 Madison Avenue – 9th Floor
New York, NY  10022

-and-

Ilana Volkov, Esquire
Cole, Schotz, Meisel, Corman & Leonard, P.A.
Court Plaza North – 25 Main Street
P. O. Box 800
Hackensack, NJ  07602-0880

Date:  March 1, 2010            /s/ Ashely M. Chan
                                Ashely M. Chan, Esquire