**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York  10022
(212) 765-9100
(212)765-0964 Facsimile
Donna Lieberman, Esq.
Carrie E. Mitchell, Esq.
Stephanie S. Park, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street, P. O. Box 800
Hackensack, New Jersey  07602-0800
(201) 489-3000
(201) 489-1536  Facsimile
Ilana Volkov, Esq.
Felice Yudkin, Esq.

Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| In the Matter of: | : UNITED STATES BANKRUPTCY COURT |
| | : FOR THE DISTRICT OF NEW JERSEY |
| | : HONORABLE GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS, L.L.C., *et al.,* | : CASE NO. 08-14631(GMB) |
| | : (Jointly Administered) |
| Reorganized Debtors. | : |
| | :                    Chapter 11 |
| | : |
| | : **COMPLAINT TO AVOID AND RECOVER** |
| | : **AVOIDABLE TRANSFERS** |
| THE CLASS 10 LIQUIDATION TRUST, by | : |
| and through Steven D. Sass, as Trustee, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : ADV. NO. 10- |
| | : |
| MATI SALES LLC, | : |
| | : |
| Defendant. | : |

The Class 10 Liquidation Trust (the "Class 10 Trust"), by and through Steven D. Sass, as

Trustee (together with the Class 10 Trust, the "Plaintiff"), as and for its complaint to avoid

certain transfers made by one or more of Shapes/Arch Holdings L.L.C., Shapes LLC, Ultra LLC, Delair LLC, or Accu-Weld LLC (together, the "<u>Debtors</u>") to or for the benefit of Mati Sales LLC ("<u>Defendant</u>"), on knowledge as to itself and as to all other matters on information and belief, respectfully alleges as follows:

## <u>NATURE OF THE ACTION</u>

1.      By this action, Plaintiff seeks a money judgment resulting from certain transfers made by one or more of the Debtors to Defendant prior to the commencement of the Debtors' bankruptcy cases, as more specifically set forth in the chart annexed as **<u>Exhibit A</u>** hereto. Specifically, Plaintiff seeks entry of a judgment against Defendant (i) avoiding the Avoidable Transfer (defined below) pursuant to 11 U.S.C. § 547(b), or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b); (ii) preserving for the benefit of the Class 10 Trust, as the designee of the Debtors' estates, the Avoidable Transfer or the value thereof pursuant to 11 U.S.C. § 551; (iii) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the Avoidable Transfer, plus interest and costs; and (iv) disallowing any claim of Defendant against the Debtors pursuant to 11 U.S.C. § 502(d).

## <u>JURISDICTION AND VENUE</u>

2.      The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334.

3.      This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 *et seq.*

45765/0030-6367675v1

## FACTUAL BACKGROUND

5.       On March 16, 2008 (the "Petition Date"), the Debtors filed voluntary petitions for

relief under Chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy

Code").

6.       The Debtors' Third Amended Joint Plan, as amended (the "Plan") was confirmed

by Order of this Court dated July 24, 2008 and became effective on August 8, 2008 (the

"Effective Date").

7.       Sections 5.2 and 5.3 of the Plan, together with the Shapes/Arch Holdings L.L.C.

Plan Administration Agreement (the "Plan Administration Agreement"), an exhibit to the Plan,

created and govern the Class 10 Trust.

8.       Pursuant to Sections 5.2 and 5.3 of the Plan and Article IV of the Plan

Administration Agreement, as of the Effective Date, the Class 10 Trust was vested with the right

to, among other things, commence, prosecute and settle avoidance actions that would otherwise

have belonged to the Debtors, for the benefit of the holders of beneficial interests in the Class 10

Trust.

## COUNT I - TO AVOID PREFERENTIAL
## TRANSFERS PURSUANT TO 11 U.S.C. § 547(b)

9.       Plaintiff repeats and realleges each and every allegation contained in paragraphs 1

through 8 above as if fully set forth herein.

10.      During the 90 day period prior to the Petition Date, one or more of the Debtors

made certain transfers totaling not less than $25,404.20 to, or for the benefit of, the Defendant in

the amounts set forth in the chart annexed as **Exhibit A** hereto, which is incorporated by

reference herein (the "Avoidable Transfer").

45765/0030-6367675v1

11.     The Avoidable Transfer was made to, or for the benefit of, the Defendant, then a creditor of one or more of the Debtors on account of an existing debt to the Defendant, per the Debtors' books and records.

12.     The Avoidable Transfer was made on account of antecedent debt(s) owed by one or more of the Debtors to or for the benefit of Defendant before such Avoidable Transfer was made.

13.     The Avoidable Transfer was made on or within 90 days prior to the Petition Date.

14.     The Avoidable Transfer was made while the respective Debtor or Debtors were insolvent.

15.     The Avoidable Transfer enabled Defendant to recover more than it would have received if (a) the Avoidable Transfer had not been made, (b) the case were a case under Chapter 7 of the Bankruptcy Code, and (c) Defendant received payment of its debt to the extent provided by the provisions of the Bankruptcy Code.

16.     By reason of the foregoing, the Avoidable Transfer should be avoided and set aside as preferential.

## COUNT II - TO AVOID FRAUDULENT
## TRANSFERS PURSUANT TO 11 U.S.C. §§ 548 and 544(b)

17.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 16 above as if fully set forth herein.

18.     Alternatively, as a result of the Avoidable Transfer, one or more of the Debtors received less than reasonably equivalent value in exchange for the Avoidable Transfer.

19.     The Avoidable Transfer either (a) was made while the respective Debtor or Debtors were insolvent or were in the zone of insolvency; (b) left the respective Debtor or Debtors with unreasonably small capital; and/or (c) was made while the respective Debtor or

4

Debtors intended to incur or believed that it had incurred debts that it would not be able to pay as they became due.

20.     By reason of the foregoing, the Avoidable Transfer should be avoided and set aside as a fraudulent transfer.

## COUNT III - TO PRESERVE
## PROPERTY PURSUANT TO 11 U.S.C. § 551

21.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20 above as if fully set forth herein.

22.     The Avoidable Transfer is property of the estate of one or more of the Debtors.

23.     Therefore, the Avoidable Transfer, or the value thereof, should be preserved for the benefit of the Debtors' estates pursuant to § 551 of the Bankruptcy Code.

## COUNT IV- TO RECOVER AVOIDABLE
## TRANSFERS PURSUANT TO 11 U.S.C. § 550

24.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 above as if fully set forth herein.

25.     Defendant was the initial transferee of the Avoidable Transfer, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Avoidable Transfer was made.

26.     Pursuant to 11 U.S.C. § 550(a), Plaintiff is entitled to recover from Defendant an amount to be determined at trial that is not less than $25,404.20 plus interest thereon to the date of payment and the costs of this action.

## COUNT V- TO DISALLOW
## CLAIMS PURSUANT TO 11 U.S.C. § 502(d)

27.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 above as if fully set forth herein.

45765/0030-6367675v1

28.    Defendant was the initial transferee of the Avoidable Transfer, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Avoidable Transfer was made.

29.    Pursuant to 11 U.S.C. § 502(d), any claims of Defendant against the Debtors must be disallowed until such time as Defendant pays to the Class 10 Trust an amount equal to the aggregate amount of the Avoidable Transfer.

6

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against Defendant (a) avoiding the Avoidable Transfer pursuant to 11 U.S.C. § 547(b), or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b); (b) preserving for the benefit of the Debtors' estates the Avoidable Transfer or the value thereof pursuant to 11 U.S.C. § 551; (c) pursuant to 11 U.S.C. § 550(a), directing Defendant to pay to Plaintiff  an amount to be determined at trial that is not less than $25,404.20, plus interest and costs; (d) disallowing any claim of Defendant against the Debtors pursuant to 11 U.S.C. § 502(d); and (e) granting the Class 10 Trust such other and further relief as may appear just and proper.

COLE SCHOTZ MEISEL
FORMAN & LEONARD, P.A.


By: _____*/s/ Ilana Volkov*_____
        Ilana Volkov

-and-

HALPERIN BATTAGLIA RAICHT, LLP
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.
Stephanie S. Park, Esq.
555 Madison Avenue, 9th Floor
New York, New York 10022

Co-Counsel for the Class 10 Liquidation Trust

Dated:  March 10, 2010

45765/0030-6367675v1

**EXHIBIT A**

| Debtor | Name | Check # | Check Date | Check Amount |
|---|---|---|---|---|
| Shapes | MATI SALES | 0000115328 | 11/26/2007 | $2,602.60 |
| Delair | MATI SALES | 055138 | 12/13/2007 | $1,334.80 |
| Shapes | MATI SALES | 0000115841 | 1/2/2008 | $2,197.00 |
| Ultra | MATI SALES LLC | 18476 | 1/3/2008 | $1,942.00 |
| Delair | MATI SALES | 055226 | 1/4/2008 | $2,857.60 |
| Ultra | MATI SALES LLC | 18674 | 1/10/2008 | $1,872.10 |
| Delair | MATI SALES | 055302 | 1/10/2008 | $669.80 |
| Shapes | MATI SALES | 0000116057 | 1/11/2008 | $455.20 |
| Shapes | MATI SALES | 0000116108 | 1/18/2008 | $5,385.69 |
| Shapes | MATI SALES | 0000116205 | 1/26/2008 | $2,374.40 |
| Ultra | MATI SALES LLC | 18849 | 2/7/2008 | $3,123.42 |
| Shapes | MATI SALES | 0000116354 | 2/8/2008 | $135.80 |
| Delair | MATI SALES | 055460 | 2/11/2008 | $135.91 |
| Delair | MATI SALES | 055509 | 2/21/2008 | $317.88 |
| | | | **TOTAL** | **$25,404.20** |

8