**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York  10022
(212) 765-9100
(212)765-0964 Facsimile
Donna Lieberman, Esq.
Carrie E. Mitchell, Esq.
Stephanie S. Park, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street, P. O. Box 800
Hackensack, New Jersey  07602-0800
(201) 489-3000
(201) 489-1536  Facsimile
Ilana Volkov, Esq.
Felice Yudkin, Esq.

Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| In the Matter of: | : UNITED STATES BANKRUPTCY COURT |
| | : FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS, L.L.C., *et al.,* | : HONORABLE GLORIA M. BURNS |
| | : CASE NO. 08-14631(GMB) |
| Reorganized Debtors. | : (Jointly Administered) |
| | : |
| | : Chapter 11 |
| | : |
| | : **COMPLAINT TO AVOID AND** |
| | : **RECOVER AVOIDABLE TRANSFERS** |
| THE CLASS 10 LIQUIDATION TRUST, by and through Steven D. Sass, as Trustee, | : |
| Plaintiff, | : |
| vs. | : |
| NANCY CARPEY, ELLEN GROSSMAN, RICHARD GROSSMAN, CECELIA KESSLER, BETH ANN KESSLER, AMY LABOZ, LINDA FLEISHER, STEVEN GRABELL, HELENE KENDALL, CRAIG SELLER, LORI SELLER and PAUL SORENSEN, JR., | : ADV. NO. 10- |
| Defendants. | : |

45765/0003-6396548v3

The Class 10 Liquidation Trust a/k/a the Shapes Liquidation Trust (the "Shapes Liquidation Trust" or "Class 10 Trust"), by and through Steven D. Sass, as Trustee (together with the Shapes Liquidation Trust, the "Plaintiff"), as and for, its Complaint to Avoid Fraudulent Transfers or, Alternatively to Avoid Preferential Transfers, and to Recover Transfers of Property against the Defendants, Nancy Carpey, Ellen Grossman, Richard Grossman, Beth Ann Kessler, Cecelia Kessler, Amy Laboz, Helene Kendall, Steven Grabell, Linda Fleisher, Craig Seller, Lori Seller and Paul Sorensen, Jr. (each a "Defendant," and collectively, the "Defendants"), on knowledge as to itself and as to all other matters on information and belief, respectfully alleges as follows:

## NATURE OF THE ACTION

1. By this action, the Plaintiff seeks money judgments resulting from certain transfers made by Debtor Shapes, LLC to the Defendants prior to the commencement of the Debtors' bankruptcy cases, as more specifically set forth in this Complaint and in the chart annexed hereto as **Exhibit A**.[1] Specifically, the Plaintiff seeks entry of judgment against each of the Defendants: (i) avoiding the pre-petition transfers made by Shapes, LLC to the Defendants as fraudulent conveyances pursuant to 11 U.S.C. § 548(a), 11 U.S.C § 544(a) and (b) and applicable state law; (ii) alternatively, avoiding the transfers as preferential transfers pursuant to 11 U.S.C. § 547(b); (iii) preserving for the benefit of the Shapes Liquidation Trust, as the designee of the Debtors' estates, the avoidable transfers or the value thereof pursuant to 11

---

[1] The Plaintiff is continuing to investigate and collect evidence with respect to additional transfers made to the Defendants prior to the date of the earliest of the transfers identified on Exhibit A, which upon information and belief, may constitute additional fraudulent transfers. The Plaintiff reserves its right under the applicable Federal Rules to amend this Complaint to include such additional transfers, which may be in amounts equal to or more than the amounts shown on Exhibit A.

2

U.S.C. § 551; (iv) pursuant to 11 U.S.C. § 550(a), directing each of the Defendants to pay to Plaintiff an amount to be determined at trial that is not less than the amount of the avoidable transfer to such Defendant, plus interest and costs; and (iv) disallowing any claims of Defendants against the Debtors and their estates pursuant to 11 U.S.C. § 502(d).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157, 1131 and 1334 and 11 U.S.C. §§ 502, 544, 547, 548, 550 and 551.

3. Venue lies properly in this Court pursuant to 28 U.S.C. §§ 1408 *et seq*.

4. This matter is a core proceeding pursuant to 28 U.S.C. § 157.

## THE PARTIES

5. The Plaintiff is the Shapes Liquidation Trust and its Trustee.

6. Defendant Nancy Carpey is an individual. Carpey is a resident of the State of Pennsylvania.

7. Defendant Ellen Grossman is an individual. Ellen Grossman is a resident of the State of Massachusetts.

8. Defendant Richard Grossman is an individual. Richard Grossman is a resident of the State of Massachusetts.

9. Defendant Beth Ann Kessler is an individual. Beth Ann Kessler is a resident of the State of Pennsylvania.

10. Defendant Cecilia Kessler is an individual. Cecelia Kessler is a resident of the State of Pennsylvania.

11. Defendant Amy Laboz is an individual. Amy Laboz is a resident of the State of Pennsylvania.

3

12. Defendant Linda Fleisher is an individual. Linda Fleisher is a resident of the State of Pennsylvania.

13. Defendant Steven Grabell is an individual. Steven Grabell is a resident of the State of Pennsylvania.

14. Defendant Helene Kendall is an individual. Helen Kendall is a resident of the State of Pennsylvania.

15. Defendant Paul Sorensen, Jr. is an individual. Paul Sorensen, Jr. is a resident of the State of New Jersey.

16. Defendants Craig Seller and Lori Seller are individuals. The Sellers are residents of the State of Pennsylvania.

## PROCEDURAL AND FACTUAL BACKGROUND

17. On March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings, LLC ("Shapes/Arch"), Shapes, LLC ("Shapes"), Delair, LLC, Accu-Weld, LLC and Ultra, LLC (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code").

18. The Debtors' Third Amended Joint Plan, as amended (the "Plan") was confirmed by Order of this Court dated July 24, 2008 and became effective on August 8, 2008 (the "Effective Date").

19. Sections 5.2 and 5.3 of the Plan, together with the Shapes/Arch Holdings L.L.C. Plan Administration Agreement (the "Plan Administration Agreement"), an exhibit to the Plan, created and govern the Class 10 Trust.

20. Pursuant to Sections 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement, as of the Effective Date, the Class 10 Trust was vested with the right to, among other things, commence, prosecute and settle avoidance actions that otherwise would

4

have belonged to the Debtors, for the benefit of the holders of beneficial interests in the Shapes Liquidation Trust.

21. At all relevant times, Shapes/Arch was a holding company. Shapes/Arch was the Sole Member and Manager of each of the other Debtors, including Shapes.

22. On the dates of the transfers the Plaintiff seeks to avoid in this Action, 100% of the membership interests in Shapes/Arch were held by Ben, LLC. Each of the Defendants was a member of Ben, LLC. Steven Grabell and Paul Sorensen were also officers of Shapes/Arch and Shapes. Defendants Ellen Grossman, Helene Kendall and Cecelia Kessler each held 33.3% voting interests in Ben, LLC and, upon information and belief, all the other Defendants are related to either Ellen Grossman, Helene Kendall or Cecelia Kessler by marriage or birth.

23. Section 5(a) of the Sixth Amended and Restated Limited Liability Company Agreement of Shapes/Arch (the "Shapes/Arch Operating Agreement") provides that Shapes/Arch in each Fiscal Year shall distribute from Distributable Cash (as that term is defined in the Shapes/Arch Operating Agreement), sufficient cash for stockholders of the sole member (Ben, LLC) to pay state and federal tax liabilities incurred as a result of the required inclusion of such shareholder's proportional share of Shapes/Arch taxable net income.[2]

---

[2] The Shapes/Arch Operating Agreement defines Distributable Cash as follows: "Distributable Cash" means for any Fiscal Year the gross cash receipts of the Company from all sources (including proceeds of loans and sales) plus any reduction in reserves previously established less the sum of the following to the extent paid or set aside by the Company: (A) capital expenditures; (B) the operating expenses of the Company in connection with the operation and management of the business of the Company including fees, principal and interest on indebtedness, Company accounting, audit and legal expenses; (C) such amounts contributed to a Company reserve as may be deemed necessary by the Managers to maintain a reserve for operating expenses and a replacement reserve account, or any other reserves of the Company; (D) sums expended for maintenance and/or improvements; and (E) such other expenses as may be reasonably determined by the Managers.

5

24. Section 7 of the Second Amended and Restated Operating Agreement of Shapes (the "<u>Shapes Operating Agreement</u>") provides that distributions shall be made to the sole member (Shapes/Arch) at such times, in such amounts, as the sole member shall determine.

25. The Shapes/Arch and Shapes operating agreements together effectively permitted Ben, LCC to cause distributions from Shapes to be upstreamed to the owners of Ben, LLC to enable them to pay their individual tax liabilities resulting from net income attributed to that individual from Shapes/Arch.

26. The Shapes Operating Agreement did not require Shapes to pay any of the Defendants to cover their personal tax obligations.

## THE TRANSFERS

27. On or about April 16, 2007, less than one year prior to the Petition Date, Shapes made the following distributions to the Defendants:

| **Transferee** | **Amount** | **Check No.** | **Check Date** |
|---|---|---|---|
| Amy Laboz | $172,600 | 110970 | 4/16/07 |
| Beth Ann Kessler | $232,100 | 110968 | 4/16/07 |
| Nancy Carpey | $212,300 | 110962 | 4/16/07 |
| Richard Grossman | $213,000 | 110965 | 4/16/07 |
| Ellen Grossman | $254,100 | 110964 | 4/16/07 |
| Cecelia Kessler | $280,700 | 110967 | 4/16/07 |
| Helene Kendall | $700 | 110969 | 4/16/07 |
| Paul Sorensen | $16,700 | 110975 | 4/16/07 |
| Steven Grabell | $3,600 | 110976 | 4/16/07 |
| Craig & Lori Seller | $57,000 | 110980 | 4/16/07 |

45765/0003-6396548v3

28. On September 28, 2007, less than one year prior to the Petition Date, Shapes made further distributions to the Defendants. These further distributions were as follows:

| Transferee | Amount | Check No. | Check Date |
|---|---|---|---|
| Amy Laboz | $47,434 | 114342 | 9/28/07 |
| Beth Ann Kessler | $7,384 | 114340 | 9/28/07 |
| Nancy Carpey | $24,341 | 114334 | 9/28/07 |
| Richard Grossman | $14,035 | 114337 | 9/28/07 |
| Ellen Grossman | $54,465 | 114339 | 9/28/07 |
| Cecelia Kessler | $21,501 | 114336 | 9/28/07 |
| Craig & Lori Seller | $1,838 | 114352 | 9/28/07 |
| Helene Kendall | $25,238 | 114341 | 9/28/07 |
| Paul Sorensen | $17,090 | 114347 | 9/28/07 |
| Steven Grabell | $26,877 | 114348 | 9/28/07 |
| Linda Fleisher | $29,049 | 114335 | 9/28/07 |

29. The distributions to the Defendants listed in paragraphs 27 and 28 are hereinafter referred to as the "Transfers" and the total amounts of the Transfers by Defendant are shown on **Exhibit A**, in the column titled "Total Amount." On information and belief, the Transfers were made for the purpose of compensating the Defendants for individual tax liabilities for the 2006 tax year.

**COUNT I**
**(Avoidance of Fraudulent Transfers under**
**Section 548(a)(1)(B)(i)(ii)(I) of the Bankruptcy Code)**

30. Plaintiff incorporates by reference the allegations of paragraphs 1-29 as if fully set forth herein.

7

31. The funds paid to the Defendants were transfers of Shapes' funds and Shapes' property.

32. Shapes received less than reasonably equivalent value for the Transfers. Shapes had no obligation to make the Transfers and did not receive any benefit from the distributions to the Defendants.

33. On April 16, 2007, Shapes was insolvent. The value of Shapes' assets at a fair valuation on the date of the April Transfers was $105,060,000. Shapes' current and long term debts were approximately $114,732,000. Accordingly, Shapes was insolvent to the extent of at least $9 million.

34. Shapes was also insolvent on September 28, 2007. The value of Shapes' assets at a fair valuation on September 28, 2007 was $101,210,000. Shapes' current and long debts were approximately $106,525,000. Accordingly, Shapes was insolvent to the extent of at least $5 million.

35. The Defendants were the initial transferees of each of the Transfers. The Defendants were payees of checks issued by Shapes from a Shapes' bank account.

36. Shapes did not receive reasonably equivalent value in exchange for the Transfers.

37. By reason of the foregoing, the Transfers are fraudulent transfers and should be avoided and set aside as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B)(i)(ii)(I).

## COUNT II
### (Avoidance of Fraudulent Transfers under Section 548(a)(1)(B)(i)(ii)(II) of the Bankruptcy Code)

38. Plaintiff incorporates the allegations of paragraphs 1-37 as if fully set forth.

39. The property remaining with Shapes after the Transfers left Shapes with unreasonably small capital in relation to Shapes' business and Shapes did not receive reasonably equivalent value in exchange for the Transfers.

8

40. By reason of the foregoing, the Transfers are fraudulent transfers and should be avoided and set aside as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B)(i)(ii)(II).

### COUNT III
### (Avoidance of Fraudulent Transfers under
### Section 548(a)(1)(B)(i)(ii)(III) of the Bankruptcy Code)

41. Plaintiff incorporates the allegations of paragraphs 1-40 as if fully set forth.

42. The Transfers were made while Shapes intended to incur or believed it would incur debts beyond its ability to pay as they became due.

43. By reason of the foregoing, the Transfers are fraudulent transfers and should be avoided and set aside as fraudulent transfers pursuant to 11 U.S.C. § 548(a)(1)(B)(i)(ii)(III).

### COUNT IV
### (Avoidance and Recovery of Fraudulent Transfers
### under Section 544(a) and (b) of the Bankruptcy Code)

44. Plaintiff incorporates by reference the allegations of paragraphs 1-43 as if fully set forth.

45. The Transfers were fraudulent as to Shapes' creditors.

46. There exists at least one creditor of Shapes with an allowed unsecured claim in the Shapes' bankruptcy case that could avoid the Transfers under the New Jersey Uniform Transfer Act, N.J.S.A. §§ 25:2-20 *et. seq*. (the "New Jersey UFTA").

47. Shapes was insolvent at the time the Transfers were made.

48. Shapes did not receive reasonably equivalent value for the Transfers.

49. The property remaining with Shapes after the Transfers left Shapes was unreasonably small in relation to Shapes' business.

50. By reasons of the foregoing, the Transfers to the Defendants should be avoided and set aside as avoidable transfers pursuant to the New Jersey UFTA and sections 544(a) and (b) of the Bankruptcy Code.

9

## COUNT V
### (In the Alternative, Avoidance of the Transfers to Insiders as Preferential Transfers under Section 547(b) of the Bankruptcy Code)

51. Plaintiff incorporates the allegations of paragraphs 1-50 as though set forth fully herein.

52. Alternatively, to the extent the Transfers were made on account of an antecedent debt owed by Shapes to the Defendants to pay the Defendants' tax obligations arising from their proportionate share of the net income earned by Shapes/Arch in 2006, they were made to creditors of Shapes.

53. Defendants Steven Grabell and Paul Sorensen were insiders of Shapes because they were officers of Shapes as of the dates of the Transfers.

54. Ellen Grossman, Helene Kendall and Cecilia Kessler were insiders of Shapes because of their ownership of 33.33% of the voting interests of Ben, LLC.  On information and belief, all the other Defendants are related to Ellen Grossman, Helene Kendall or Cecelia Kessler by birth or marriage and are also insiders (together, the "Family Defendants").

55. Ben, LLC controlled Shapes because it was the sole member of Shapes/Arch on the dates of the Transfers.  Shapes/Arch was the sole member of Shapes.  The Family Defendants are insiders of Shapes because of their relationship to Ben, LLC.

56. The Transfers to the Defendants were made within one year of the Petition Date.

57. Shapes was insolvent when the Transfers were made.  Shapes was insolvent because the value of Shapes' assets at a fair valuation was less than the amount of Shapes' debts.

58. The Liquidation Analysis attached to the disclosure statement to the Plan shows that unsecured creditors would not receive full payment of their claims if Shapes was a debtor in case under chapter 7.

45765/0003-6396548v3

59. Accordingly, the Transfers enabled the Defendants to receive more than they would have received had the Transfer to them not been made, Shapes was a debtor in a case under chapter 7 of the Bankruptcy Code and the Defendants received payments to the extent provided by the provisions of the Bankruptcy Code.

60. By reasons of the foregoing, the Transfers to the Defendants should be avoided and set aside as avoidable transfers pursuant to 11 U.S.C. § 547(b) of the Bankruptcy Code.

## COUNT VI
### (Preservation of Property under Section 551 of the Bankruptcy Code)

61. Plaintiff incorporates the allegations of paragraphs 1-60 as though set forth fully herein.

62. The Transfers are property of the estate of Debtor Shapes.

63. Therefore, the Transfers, or the value thereof, should be preserved for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code.

## COUNT VII
### (Recovery of Avoidable Transfers under Section 550 of the Bankruptcy Code)

64. Plaintiff incorporates the allegations of paragraphs 1-63 as though set forth fully herein.

65. Each of the Defendants was the initial transferee with respect to the Transfers made to that Defendant, as identified in this Complaint and **Exhibit A**.

66. Pursuant to section 550(a) of the Bankruptcy Code, Plaintiff is entitled to recover from each Defendant an amount to be determined at trial that is not less than the amount of the Transfers made to such Defendant, plus pre-judgment interest thereon, and the costs of this action, plus such other amounts as may be identified by the Plaintiff as avoidable transfers in any amended complaint.

# COUNT VIII
## (Disallowance of Claims Pursuant To Section 502(d) of the Bankruptcy Code)

67. Plaintiff incorporates the allegations of paragraphs 1-66 as though set forth fully herein.

68. Each of the Defendants was the initial transferee with respect to the Transfers made to that Defendant, as identified in this Complaint and **Exhibit A**.

69. Pursuant to section 502(d) of the Bankruptcy Code, any claims of Defendants against the Debtors must be disallowed until such time as that Defendant pays to the Class 10 Trust an amount equal to the aggregate amount of the Transfers to that Defendant.

**WHEREFORE**, for the foregoing reasons, Plaintiff respectfully requests that this Court enter judgment against the Defendants:

 a. Avoiding the Transfers to the Defendants as fraudulent transfers pursuant to sections 548(a)(1)(B)(i)(ii)(I), 548(a)(1)(B)(i)(ii)(II) and 548(a)(1)(B)(i)(ii)(III), sections 544(a) and(b) of the Bankruptcy Code and New Jersey UFTA or, alternatively, avoiding the Transfers to the Defendants as preferential payments pursuant to section 547(b) of the Bankruptcy Code;

 b. Preserving the Transfers or the value of the Transfers for the benefit of the Debtors' estates pursuant to section 551 of the Bankruptcy Code;

 c. Granting judgments against the Defendants and directing the Defendants to pay to Plaintiff pursuant to section 550 of the Bankruptcy Code an amount equal to the total Transfer that each Defendant received plus such additional avoidable transfers as may be identified,, plus pre-judgment interests and costs, in amounts not less than the following:

  (i) Nancy Carpey $236,641, plus pre-judgment interest and costs.

  (ii) Ellen Grossman $308,565, plus pre-judgment interest and costs.

    (iii)    Beth Ann Kessler    $239,484, plus pre-judgment interest and costs.

    (iv)    Richard Grossman    $227,035, plus pre-judgment interest and costs.

    (v)    Cecelia Kessler    $302,201, plus pre-judgment interest and costs.

    (vi)    Amy Laboz    $220,034, plus pre-judgment interest and costs.

    (vii)    Linda Fleisher    $29,049, plus pre-judgment interest and costs.

    (viii)    Steven Grabell    $30,477, plus pre-judgment interest and costs.

    (ix)    Helene Kendall    $25,938, plus pre-judgment interest and costs.

    (x)    Paul Sorensen, Jr.    $33,790, plus pre-judgment interest and costs.

    (xi)    Lori and Craig Seller    $58,838, jointly and severally, plus pre-judgment interest and costs.

    d.    Disallowing any claim of a Defendant against the Debtors pursuant to section 502(d) of the Bankruptcy Code; and

    e.    Granting the Plaintiff such other and further relief as is just and proper.

Dated: March 15, 2010

    COLE, SCHOTZ, MEISEL,
    FORMAN & LEONARD, P.A.

    By: *Ilana Volkov*
        Ilana Volkov, Esq.

        and

    HALPERIN BATTAGLIA RAICHT, LLP
        Alan D. Halperin, Esq.
        Donna H. Lieberman, Esq.
        Carrie E. Mitchell, Esq.
        555 Madison Avenue, 9th Floor
        New York, New York 10022
        Telephone: (212) 765-9100
        Facsimile: (212) 765-0964

    Co-Counsel for the Plaintiff, the Class 10 Liquidation Trust

# EXHIBIT A

## Payment Chart

| Name | April 16, 2007 | September 28, 2007 | Total Amount |
|---|---|---|---|
| Amy Laboz | $172,600.00 | $47,434.00 | $220,034.00 |
| Beth Ann Kessler | $232,100.00 | $7,384.00 | $239,484.00 |
| Nancy Carpey | $212,300.00 | $24,341.00 | $236,641.00 |
| Richard Grossman | $213,000.00 | $14,035.00 | $227,035.00 |
| Ellen Grossman | $254,100.00 | $54,465.00 | $308,565.00 |
| Cecelia Kessler | $280,700.00 | $21,501.00 | $302,201.00 |
| Helene Kendall | $700.00 | $25,238.00 | $25,938.00 |
| Paul Sorensen, Jr. | $16,700.00 | $17,090.00 | $33,790.00 |
| Steven Grabell | $3,600.00 | $26,877.00 | $30,477.00 |
| Craig & Lori Seller | $57,000.00 | $1,838.00 | $58,838.00 |
| Linda Fleischer | $0.00 | $29,049.00 | $29,049.00 |
| Totals | $1,442,800.00 | $269,252.00 | $1,712,052.00 |

1892958