**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue – 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Ilana Volkov, Esq.
Co-Counsel for the Class 10 Liquidation Trust

| | |
|---|---|
| In re: | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. GLORIA M. BURNS<br>CASE NO. 08-14631(GMB) |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | |
| Reorganized Debtors. | Chapter 11<br>(Jointly Administered) |

**APPLICATION OF THE CLASS 10 LIQUIDATION TRUST IN SUPPORT OF MOTION FOR AN ORDER APPROVING AND ADOPTING GLOBAL PROCEDURES WITH RESPECT TO AVOIDANCE ACTIONS**

HEARING DATE AND TIME:
April 26, 2010, 10:00 a.m.

**ORAL ARGUMENT REQUESTED**

TO:    THE HONORABLE GLORIA M. BURNS
       United States Bankruptcy Judge

The Class 10 Liquidation Trust, also known as the Shapes Liquidation Trust (the

"Trust"), established upon the effective date of the Chapter 11 plan of reorganization of

45765/0003-6434043v2

Shapes/Arch Holdings, L.L.C., et al., the above-captioned reorganized debtors and debtors-in-possession (together, the "Debtors"), by and through Steven D. Sass, the Trustee, submits this Application in support of his motion for an order approving and adopting certain global procedures in connection with the prosecution and settlement of avoidance claims, including settlement prior to the commencement of an adversary proceeding, under 11 U.S.C. §§ 547, 548, 549 and 550 (collectively, the "Avoidance Actions") brought by the Trust for the avoidance and recovery of numerous payments and transfers made by the Debtors prior to the commencement of these cases (the "Motion"). In support of the Motion, the Trust asserts as follows:

## STATEMENT OF FACTS

A.  **Background**

1.  The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Petition Date"). The cases were jointly administered pursuant to this Court's Order dated March 18, 2008.

2.  The Debtors managed their affairs as debtors-in-possession pursuant to sections 1108 and 1109 of the Bankruptcy Code until the Effective Date of the Plan (both as defined below), and after the Effective Date as reorganized debtors.

3.  The Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan") was confirmed by Order of this Court dated July 24, 2008 (the "Confirmation Order") and became effective on August 8, 2008 (the "Effective Date"). On the Effective Date of the Plan, the Liquidation Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was

2

empowered to, among other things, review and file objections to unsecured claims and bring avoidance actions.

4. After review of the Debtors' books and records, the Trust, with the assistance of its financial advisor, identified over 179 entities (the "Potential Defendants") that, in the aggregate, received approximately $21 million in payments and transfers that the Trust believed might be avoidable under Sections 547, 548, 549, and 550 of the Bankruptcy Code (the "Payments").

5. The Trust began sending "demand" letters respecting avoidance claims in January of 2009 and through that process was able to informally settle 23 preference claims against Potential Defendants. Moreover, based on information provided by certain of the parties that were sent letters, the Trust determined not to pursue avoidance claims against several parties.

6. In December of 2009, the Trust began to commence the Avoidance Actions against Potential Defendants. To date, the Trust has commenced 63 Avoidance Actions, including a fraudulent transfer action against 11 parties, seeking to recover a total of $6.6 million from the named defendants (the "Defendants").

7. In order to minimize the expenses to the Trust and the Potential Defendants, and to avoid the unnecessary use of the Court's time and resources in connection with the disposition of the Avoidance Actions, the Trust has developed a proposed set of procedures to be implemented with respect to the Avoidance Actions that attempt to: (a) promote and facilitate settlement of the Avoidance Actions without unnecessary litigation expense or undue delay; and (b) streamline the litigation of any Avoidance Action that the parties are unable to expeditiously settle.

45765/0003-6434043v2

8. The Trust proposes the application of the following procedures in connection with the Avoidance Actions:

A. **Settlements without Notice**. The Trust seeks authority, pursuant to Fed. R. Bankr. P. 9019(b), to settle individual Avoidance Actions and avoidance claims, including settlement before the commencement of adversary proceedings, without further notice, and without further approval of the Bankruptcy Court if: (i) the face amount of the funds sought to be recovered is $25,000 or less; or (ii) the face amount of the funds sought to be recovered is $75,000 or less and the settlement amount is at least fifty percent (50%) of the face amount of the Avoidance Action.

B. **Settlements with Notice.** With respect to settlement of the Avoidance Actions, including settlement of avoidance claims before the commencement of adversary proceedings, that are not within the above categories and that require Bankruptcy Court approval, the Trust proposes the following procedures:

(i) **Payment**. If the Trust and Potential Defendant reach an agreement as to an amount that the Potential Defendant will pay, the Trust will be authorized to accept immediate payment from the Potential Defendant and retain such payment (the "Settlement Monies") in its trust account pending the Bankruptcy Court's approval of the settlement.

(ii) **Notice of Settlement**. The Trust shall file, on a monthly basis, an omnibus notice advising the Court of Avoidance Actions and claims that have been settled (the "Monthly Omnibus Notice"). The Monthly Omnibus Notice shall contain the relevant terms of each settlement entered into in the previous month and seek Court approval of such settlements. (Copies of the settlement agreements shall be attached as exhibits to the Monthly Omnibus Notice.) The Monthly Omnibus Notice shall be filed on or before the 15th day of the month,

4

commencing May 15, 2010, and shall cover the period through the end of the prior month. The Monthly Omnibus Notice shall be served only upon counsel for the Debtors and the applicable Avoidance Action defendants and their counsel (if any), and the Office of the United States Trustee. If no objections to the Monthly Omnibus Notice are received within 13 days of service, the Court may enter an order approving the settlements listed in the Monthly Omnibus Notice without the need for a hearing.

    (iii) **Retention of Payment; Dismissal of Action**. Upon the Court's approval of the settlements identified in the Monthly Omnibus Notice, the Trust shall be permitted to retain the Settlement Monies and to file a notice of dismissal of those Avoidance Actions. If any of the settlements identified in the Monthly Omnibus Notice are not approved by the Court, the Trust must promptly return the Settlement Monies to each defendant of the Avoidance Action in which the settlements are not approved.

    C. **Rule 26 Waivers**. In the interest of limiting the costs of administration, the Trust also requests that this Court order that the initial disclosures required under Fed. R. Civ. P. 26(a)(1) – (3) and the requirements under Fed. R. Civ. P. 26(d) and (e) be waived, unless the parties to the specific adversary proceeding otherwise stipulate in writing.

    D. **Discovery and Other Deadlines**. For all Avoidance Actions filed on or before April 1, 2010, the Trust proposes the following deadlines:

    (i) Completion of discovery: November 1, 2010. All motions to compel discovery are to be made so that the Court can rule and discovery can be obtained prior to that date.

    (ii) Dispositive motions: December 15, 2010. Dispositive motions shall be filed by December 15, 2010 and returnable no later than January 31, 2011.

45765/0003-6434043v2

    E. **Mediation**.  Any matter that has not been otherwise resolved by or before January 31, 2011 shall be referred to mediation.[1]

    F. **Omnibus hearing dates**.  Other than trial dates and matters brought before the Court on an emergency basis, all conferences and hearings relating to the Avoidance Actions shall be scheduled for periodic omnibus hearing dates to be set by the Court.

## JURISDICTION AND VENUE

  9. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334.  Venue of these cases and the Motion before the Court is proper pursuant to 28 U.S.C. §§1408 et seq.  Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2).  The Trust is specifically authorized and empowered to make the Motion pursuant to the Plan and the Confirmation Order.

## RELIEF REQUESTED

  10. The Trust respectfully requests the entry of an order approving the above outlined procedures in connection with the Avoidance Actions and claims.  In light of the number of Avoidance Actions and the likelihood (based upon the experience of the Trust's professionals in this and other cases) that many of the Potential Defendants may seek to settle with the Trust rapidly, the Trust respectfully submits that the procedures proposed herein will permit the Trust and its professionals the ability to dispose of a substantial number of the Avoidance Actions promptly, maximize the recovery of funds for the estate and minimize the accrual of administrative expenses.  In addition, and no less significantly, the procedures proposed herein

---

[1] The Trust anticipates that at a point close to the deadline for completion of discovery, it will make a motion for approval of mediation and pre-trial procedures, on notice to all remaining Potential Defendants.

will relieve the Court of the administrative burden of considering numerous proposed scheduling orders and individual requests for approval of settlements of Avoidance Actions, and will make the process more straightforward for Potential Defendants.

11. Federal Rule of Bankruptcy Procedure 9019(b) expressly contemplates that a party may obtain authorization to settle various types of claims of or against the estate without seeking court approval for each specific settlement. To that end, Fed. R. Bankr. P. 9019(b) provides as follows:

> (b) <u>Authority to Compromise or Settle Controversies Within Classes</u>. After a hearing on such notice as the court may direct, the court may fix a class or classes of controversies and authorize the trustee to compromise or settle controversies within such class or classes without further hearing or notice.

12. The key feature of the procedures described herein is the Trust's ability to proceed expeditiously in consummating settlements of Avoidance Actions. The proposed threshold for required approval will permit the Trust to resolve many of the smaller Avoidance Actions and those settled for an amount equal to or in excess of fifty percent (50%) of the amount asserted without the administrative delay of seeking Court involvement.

13. The Trust anticipates that the vast majority of the Avoidance Actions will be settled rather than the subject of lengthy litigation and/or a trial. The Trust and the various defendants will exchange formal or informal discovery to identify: (a) the timing of pre-petition transfers, and (b) facts supportive of defenses to preference, fraudulent conveyance and post petition claims under Sections 547(c), 548 and 549 of the Bankruptcy Code or otherwise. Permitting the Trust to conduct that analysis and affording it the discretion to settle certain claims without further notice or hearing will expedite the process and minimize legal fees, and will not prejudice any party in interest.

45765/0003-6434043v2

14.     The Trust's proposed procedures with respect to filing a monthly notice with the Court advising it of settlements, and requesting approval of those settlements is both consistent with the discretion established in Fed. R. Bankr. P. 2002(a)(3) and (m) and promotes the efficient and streamlined use of this Court's and the Trust's time and resources.

15.     Furthermore, the Trust's request that the Rule 26 initial disclosures be waived avoids unnecessary administrative expenses for both the Trust and the Defendants of adhering to formal discovery rules when the Trust, in its business judgment and experience, believes the vast majority of the Avoidance Actions will settle with little or no formal discovery.  In addition, to insure that parties are motivated to exchange information and move matters towards resolution, the proposed procedures include a deadline for completion of discovery that is a reasonable amount of time from the dates on which the Avoidance Actions were filed, and a deadline for the filing of dispositive motions that is approximately six weeks after the completion of discovery.

16.     Finally, in order to make a final attempt to resolve cases consensually without burdening the Court or imposing the costs of a trial upon either the Trust or the Defendants, the Trust is proposing that Avoidance Actions that are not resolved by January 31, 2011 be referred to mediation.  The Trust anticipates submitting proposed mediation procedures in advance of that date, after conferring with the remaining Defendants.

## **NOTICE**

17.     The Trust has served notice of this Motion on Debtors' counsel, the Office of the United States Trustee, all parties known to the Trust to have requested notice pursuant to Rule 2002 and to all Potential Defendants at their last addresses known to the Trust, and counsel for the Potential Defendants, if any.

45765/0003-6434043v2

## **CONCLUSION**

WHEREFORE, the Trust respectfully requests this Court enter an order granting the Motion and grant such other relief as the Court may deem just and appropriate under the circumstances.

        Respectfully submitted,

        COLE, SCHOTZ, MEISEL,
        FORMAN, & LEONARD, P.A.

        By:   */s/ Ilana Volkov*
                Ilana Volkov

        -and-

        HALPERIN BATTAGLIA RAICHT, LLP
        Donna H. Lieberman, Esq.
        Carrie E. Mitchell, Esq.
        Stephanie S. Park, Esq.
        555 Madison Avenue, 9th Floor
        New York, New York 10022
        Telephone: (212) 765-9100
        Facsimile:  (212) 765-0964

        Co-Counsel for the Class 10 Liquidation Trust

Dated: April 5, 2010