Timothy W. Garvey, Esq.   TG (9134)
LATSHA, DAVIS, YOHE & McKENNA, P.C.
3000 Atrium Way, Suite 251
Mt. Laurel, NJ  08054
(856) 231-5351
tgarvey@ldylaw.com

Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | CHAPTER 11 |
| SHAPES / ARCH HOLDING, LLC, et al | CASE NO. 08-14631 (GMB) |
| Debtors | Claim No.: 603 |
| | Hearing Date: May 3, 2010 |

**CERTIFICATION IN SUPPORT OF DEBTOR'S MOTION TO DISALLOW OR EXPUNGE FOR VIOLATION OF SCHEDULING ORDER**

Timothy W. Garvey, Esq., hereby certifies that he is attorney at law, State of New Jersey, and is familiar with the following facts through personal knowledge and review of the file:

1.   On January 13, 2010 this Court entered an amended case management order entitled "Joint Order Amending Scheduling Pretrial Proceedings and Trial", a copy of which is attached as Exhibit A.

2. The Court's Order provided, inter alia, that no later than March 19, 2010, "the NJDEP shall meet and/or confer via conference call with the attorneys for the Debtors to resolve all asserted deficiencies in the NJDEP discovery responses. If the deficiencies are not resolved, the Debtors may file a motion." See Exhibit A.

3. Pursuant to the Order, the Debtor attempted to schedule a call with the Creditor to make a good faith attempt to resolve outstanding discovery requests, some of which were unanswered and never objected to.

4. For a variety of stated reasons, the Creditor was unable or unwilling to participate in such a call despite several written requests by the Debtor for the Creditor to cooperate in scheduling the call. See letters of February 5 and February 25, 2010, copies attached as Exhibits B and C. The Creditiors finally agreed to participate in a call on March 3, 2010, on which date a call between the parties was initiated.

5. During the call of March 3, 2010 the representatives of the Creditor discussed parts of the claim, but did not address the

outstanding discovery other than to suggest that it was "burdensome."

6. During the call of March 3, 2010 the Debtor again briefly explained part of its claim to the Creditor.

7. Based on the brief conversation, the representatives of the Creditor stated that they would like to speak to the client (NJ DEP) to understand its claim against the Debtor and would get back to the Debtor in "one to two days" to discuss the good faith attempt to reach resolution on the discovery issues.

8. The Debtor made clear to the Creditor that as a courtesy to their office and the NJ DEP the Debtor would agree to end the call of March 3, 2010 for the above client consultation to take place and that we would address the discovery requests and responses in the subsequent call following the consultation.

9. The Creditor specifically agreed that the above call did not address the outstanding discovery issues as required in this Court's order.

10. No further call was thereafter received from the Creditor.

11. The Debtor wrote to the Creditor on March 9, 2010 requesting them to schedule the call that was begun on March 3, 2010 (misstated as March 4, 2010 in the letter) as ordered by the Court and as represented by them during the March 3, 2010 call. A copy of the Debtor's letter of March 9, 2010 to that effect is attached as Exhibit D.

12. Following receipt of several emails that did not address the prior letter, the Debtor wrote to the Creditor's representatives on March 12, 2010 to again request that this process continue as Ordered and to remind the Creditor of the March 19, 2010 deadline to engage in this process. A copy of the Debtor's letter of March 12, 2010 is attached as Exhibit E.

13. The Creditor has provided no reason why it has not called to comply with this aspect of Court's Order and there is no reason to assume that any such call will ever be made.

14. Following receipt of the Creditor's discovery responses on November 11 and 12, 2009, the Debtor wrote two detailed letters in an effort to focus the discovery disputes for the Creditor so that they could be resolved. A copies of the Debtors letters to

4

the Creditors of December 17, 2009 and December 23, 2009 are attached hereto as Exhibits F and G, resp.

15. Although this is not a motion to compel discovery, Debtor has attached hereto the outstanding discovery requests and the Creditor's responses as Exhibit H (Requests for Production of Documents), Exhibit I (Interrogatories and Requests for Admissions) and Exhibit J (Creditor's responses to Interrogatories and Requests for Admissions) pursuant to Rule 37.1 (b)(2).

16. As stated in the above letters, the Creditor's discovery responses are deficient, including complete failure to respond to some requests and the failure to submit a privilege log despite extensive claims of a variety of types of privilege. See Exhibits D and E.

17. Instead of engaging the Debtor in good faith to resolve the issues by March 19, 2010 as ordered by the Court and with the Creditor's own specific representation made to the Debtor on March 3, 2010, the Creditor appears to have no intention of completing the process.

18. The Creditor is in violation of this Court's Order without excuse under the circumstances.

19. The outstanding discovery is addressed to issues necessary for the Creditor to support its claim for Natural Resource Damages.

20. Debtor submits that the Natural Resource Damage claim of the Creditors, Claim No. 603, should be disallowed and expunged for violation of this Court's specific order.

WHEREFORE, the Debtor respectfully requests the Court grant the within motion and disallow and expunge the NRD claim of the Creditor.

> Respectfully submitted,
>
> LATSHA, DAVIS, YOHE & McKENNA, P.C.
>
> By: _____
> Timothy W. Garvey, Esq. TG (9134)

Dated: 4/9/10