UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Kevin M. McKenna, Esquire
Timothy W. Garvey, Esquire
Latsha Davis Yohe and McKenna, P.C.
350 Eagleview Boulevard
Suite 100
Exton, PA 19341
Telephone: 610-524-8454

| | |
|---|---|
| In Re: Shapes<br><br>Debtor. | Case No.: 08-14631(GMB) |
| New Jersey Department of Environmental Protection<br><br>v.<br><br>Shapes | Adv. No.:<br><br>Pre-Trial Hearing Date:<br><br>Judge:   The Honorable Gloria M. Burns |

## JOINT ORDER AMENDING SCHEDULING
## PRETRIAL PROCEEDINGS AND TRIAL

The relief set forth on the following pages, numbered two (2) through three (3), is hereby

ORDERED.

**DATED: 1/13/2010**

_____
Honorable Gloria M. Burns
United States Bankruptcy Court Judge

(Page 2)
Debtor: Shapes
Case No.
Adv. Pro. No.

## Joint Order Scheduling Pretrial Proceedings and Trial

A pretrial conference having been held on January 5, 2010 pursuant to *Fed.R.Civ.P* 16(b) and

(e), made applicable to these proceedings by *Fed.R.Bankr.P.* 7016, it is

ORDERED that

1.    No later than March 19, 2010, the NJDEP shall meet and/or confer via conference call

with the attorneys for the Debtors to resolve all asserted deficiencies in the NJDEP discovery

responses.  If the deficiencies are not resolved the Debtors may file a motion.

3.    Fact depositions are to be completed by June 15, 2010.

4.    Expert witness reports of the New Jersey Department of Environmental Protection

are to be disclosed to Shapes by July 14, 2010.

5.    Expert witness reports of Shapes are to be disclosed to the New Jersey Department of

Environmental Protection by August 14, 2010.

6.    Depositions of the expert witnesses of both parties shall be completed by

November 12, 2010.

7.    All other motions, including any motions for summary judgment, shall be filed no

later than December 14, 2010 and returnable no later than January 15, 2011.  Late filed motions shall

not constitute cause for adjournment of the trial date.

*Approved by Judge Gloria M. Burns January  13, 2010*

(Page 3)
**Debtor: Shapes**
**Case No.**
**Adv. Pro. No.**
**Joint Order Scheduling Pretrial Proceedings and Trial**

---

8.    _____ (CHECK IF APPLICABLE) The parties agree to pursue mediation to attempt to resolve disputed matters. A separate mediation order selecting a mediator and providing for a mediation schedule shall be submitted within ten (10) days.

9.    New Jersey Department of Environmental Protection shall file a joint stipulation of all undisputed facts and all parties shall file and serve proposed findings of disputed facts, proposed conclusions of law, trial briefs if desired by the party, and binders with copies of pre-marked exhibits no later than 3 days before trial. The parties anticipate a trial of approximately 10 days.

10.    All parties shall also bring to the trial sufficient copies of their exhibit lists to provide two to the Court and one to each adversary.

*Approved by Judge Gloria M. Burns January 13, 2010*

**(Page 4)**
**Debtor: Shapes**
**Case No.**
**Adv. Pro. No.**
**Joint Order Scheduling Pretrial Proceedings and Trial**

---

10.    TRIAL will commence on April 21, 2011 at 10:00 am    or as soon thereafter as the

matter may be heard at:

|  | |
|---|---|
| Address: | United States Bankruptcy Court<br>District of New Jersey<br>401 Market Street<br>Camden, NJ 08101 |
| Courtroom: | The Honorable Gloria M. Burns<br>Courtroom 4C |

**PARTIES MUST BE PREPARED TO PROCEED TO TRIAL ON THE SCHEDULED DATE. ADJOURNMENTS WILL BE GRANTED ONLY FOR COMPELLING REASONS BEYOND THE CONTROL OF THE PARTIES. ADJOURNMENT REQUESTS MUST BE RECEIVED NO LATER THAN THE THIRD BUSINESS DAY BEFORE THE SCHEDULED TRIAL DATE.**

The undersigned hereby consent to the form and content of this Scheduling Order.

Attorneys for Plaintiff                    Attorneys for Defendant

By: /s/_____    By: /s/_____
        Rachel Jeanne Lehr, Esquire                    Kevin M. McKenna, Esquire

*Approved by Judge Gloria M. Burns January  13, 2010*

# LD&M LATSHA DAVIS YOHE & MCKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO: Exton
WRITER'S E- MAIL: kmckenna@ldylaw.com

February 5, 2010

**Via Electronic Mail**

Rachel Jeanne Lehr, Esquire
NJDEP Attorney General
Cost Recovery/Natural Resource Damages Section
Hughes Justice Complex – 7th Floor
P. O. Box 093
Trenton, NJ  08625-0093

Re:   **In re: Shapes/Arch Holdings LLC, et al.**
**United States Bankruptcy Court for the District of New Jersey**
**Case No.: 08-14631 (GMB)**
**Chapter 11 Jointly Administered**
**Our File No.: 458-04**

Dear Ms. Lehr:

As you are aware, in accordance with Judge Burn's Joint Order dated January 13, 2010, no later than March 19, 2010, the NJDEP shall meet and/or confer via conference call with the attorneys for the Debtors to resolve all asserted deficiencies in the NJDEP's discovery responses. If the deficiencies are not resolved the Debtors may file a motion. Please advise us as to your availability for a telephone conference. I have enclosed a copy of our letters of December 17, 2009 and December 23, 2009 for your reference.

We look forward to hearing from you.

Very truly yours,

Kevin M. McKenna

KMM/nhh
Enclosure
cc:   Richard Engel, Chief, Deputy Attorney General w/encl. (via Electronic Mail)
Robert Neilson w/encl. (via Electronic Mail)
Timothy W. Garvey, Esquire w/encl. (via Electronic Mail)

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

# LATSHA DAVIS YOHE
# & McKENNA, P.C.

**LD** **Y&** **M**

### ATTORNEYS AT LAW

PLEASE REPLY TO: Exton
WRITER'S E-MAIL: kmckenna@ldylaw.com

February 25, 2010

**Via Electronic Mail**

Rachel Jeanne Lehr, Esquire
NJDEP Attorney General
Cost Recovery/Natural Resource Damages Section
Hughes Justice Complex – 7th Floor
P. O. Box 093
Trenton, NJ  08625-0093

> **Re:** **In re: Shapes/Arch Holdings LLC, et al.**
> **United States Bankruptcy Court for the District of New Jersey**
> **Case No.: 08-14631 (GMB)**
> **Chapter 11 Jointly Administered**
> **Our File No.: 458-04**

Dear Ms. Lehr:

I am writing once again in an attempt to resolve the discovery deficiencies of the NJDEP in the above captioned matter.  I have written to you a number of times, most recently on February 5, 2010.  A copy of my letter is enclosed.  Once again, I am requesting your availability to schedule a meeting or a telephone conference in accordance with Judge Burn's Joint Order dated January 13, 2010.  As you aware, the Order states that by March 19, 2010 the NJDEP shall meet and/or confer via conference call or in person with the attorneys for the Debtors to resolve all deficiencies in the NJDEP's discovery responses.  If the deficiencies are not resolved the Debtors may file a motion.

350 Eagleview Boulevard, Suite 100 ● Exton, PA 19341 ● (610) 524-8454 ● FAX (610) 524-9383

1700 Bent Creek Boulevard, Suite 140 ● Mechanicsburg, PA 17050 ● (717) 620-2424 ● FAX (717) 620-2444

3000 Atrium Way, Suite 251 ● Mt. Laurel, NJ 08054 ● (856) 231-5351 ● FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

Rachel Jeanne Lehr, Esquire
NJDEP Attorney General
February 25, 2010
Page 2


       Please advise us of your availability for an in person meeting or a telephone conference. We look forward to hearing from you.

                      Sincerely,

                      Kevin M. McKenna

KMM/jfs
Enclosure

cc:    Richard Engel, Chief, Deputy Attorney General w/encl. (via Electronic Mail)
       Robert Neilson w/encl. (via Electronic Mail)
       Timothy W. Garvey, Esquire w/encl. (via Electronic Mail)

# LATSHA DAVIS YOHE & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:    Mt. Laurel
WRITER'S E-MAIL:    tgarvey@ldylaw.com

March 9, 2010

Rachel Jeanne Lehr
Deputy Attorney General
Richard J. Hughes Justice Complex
25 Market Street                                    **via Regular and Electronic Mail**
Post Office Box 093
Trenton, New Jersey 08625-0093

Re:    **Natural Resource Damage Claim**
       **Aluminum Shapes Site**
       **Pennsauken, NJ**
       **Our File No.: 970-09**

Dear Ms. Lehr:

Pursuant to my conversation with your office on March 4, 2010 you and Mr. Engle advised that you would be in contact with me in "the next day or two." It is now close of business on Monday and I have no word from your office in regard to the discovery conference.

As you know, the March 4, 2010 telephone call was part of the debtors good faith efforts to resolve the extensive discovery disputes in this case. That conference was part of a Court ordered process in which your office is required to participate. As we discussed on March 4, 2010 none of the discovery issues were resolved and none were even addressed specifically. Rather, Mr. Engle indicated that he would discuss with his client a different approach or a different explanation of the claim that would make the discovery issues resolvable as I understood it.

Please be sure to contact me right away. As you know, the debtor put a great deal of effort into several letters to make these discovery issues easier to resolve. You are technically in default of your obligations under the Court order and if these matters are not addressed we reserve the right to move for dismissal of the claim.

Very truly yours,

Timothy W. Garvey

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

Maryland Telephone: (410) 727-2810

# LATSHA DAVIS YOHE
# & MCKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:    Mt. Laurel
WRITER'S E-MAIL:    tgarvey@ldylaw.com

March 12, 2010

**Via Electronic Mail**

Rachel Jeanne Lehr, Esquire
Deputy Attorney General
Cost Recovery/Natural Resource Damages Section
Hughes Justice Complex – 7th Floor
P. O. Box 093
Trenton, NJ  08625-0093

      **Re:**    **In re: Shapes/Arch Holdings LLC, et al.**
           **United States Bankruptcy Court for the District of New Jersey**
           **Case No.: 08-14631 (GMB)**
           **Chapter 11 Jointly Administered**
           **Our File No.: 458-04**

Dear Ms. Lehr:

      Pursuant to the Court's order regarding discovery in this case, prior to March 19, 2010 the NJDEP shall meet or via conference call confer with the debtor attorneys to resolve the discovery disputes that exist in the matter.  Pursuant to the order, any disputes that cannot be resolved will be brought to the Court via motion.

      As set forth in my emails to you following the call of March 4, 2010, the NJDEP has not complied with that aspect of the order.   Although you provided a date for me to call about this, that call lasted ten minutes and resulted in your office assuring me that it would confer with DEP about the nature of its claim and contact me within "one or two days."  That contact has not occurred.

      During the call, I advised and your office agreed that you would contact the DEP about its claim in order to determine you position on the discovery issues, but that the discovery issues that were to be addressed in the call were not addressed.  Rather, you needed to confer with your client about aspects of the fundamental nature of its claim (not the discovery obligations that presently exist as a result of the presently constituted claim which we did not even address).  We both agreed that whatever form this claim may take, including the present form, a privilege log must be prepared and provided to comply with discovery obligations at a minimum if any claim of privilege was made.

---

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

Maryland Telephone: (410) 727-2810

As stated in my earlier emails of this week, we reserve the right to move for dismissal of this claim if the terms of this order are not followed. We spent considerable time and effort to focus these discovery issues for you and we waited for several months for you to be available for this conference. I accepted your office's apologies for the delay on March 4, 2010 and we continue to recognize the circumstances facing the department regarding manpower. However, your office promised to contact me in two days and it has still not done so, even to say that it needs more time. This cannot be interpreted as a manpower issue.

Please be sure to contact me before March 19, 2010 consistent with the above Court ordered obligation. Should you have any questions or comments regarding the above, do not hesitate to contact me.

Very truly yours,

Timothy W. Garvey

2

*EXHIBIT*

# LATSHA DAVIS YOHE & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO: Exton
WRITER'S E- MAIL: kmckenna@ldylaw.com

December 17, 2009

**Via Electronic Mail**

Rachel Jeanne Lehr, Esquire
Deputy Attorney General
Cost Recovery/Natural Resource Damages Section
Hughes Justice Complex – 7th Floor
P. O. Box 093
Trenton, NJ 08625-0093

> Re:     **In re: Shapes/Arch Holdings LLC, et al.**
> **United States Bankruptcy Court for the District of New Jersey**
> **Case No.: 08-14631 (GMB)**
> **Chapter 11 Jointly Administered**
> **Our File No.: 458-04**

Dear Ms. Lehr:

As discussed last Friday, December 11, 2009, we are writing pursuant to Dist. of N.J. Local Rule 37.1 to attempt to resolve discovery issues based on the responses of NJDEP to Aluminum Shapes Incorporated's ("ASI") Interrogatories, Requests for Production of Documents ("RFP") and Request for Admissions ("RFA"). We will contact you to arrange a conference to discuss and attempt to resolve these issues.

As previously advised, ASI's position is that all Request for Admissions have been deemed admitted, since NJDEP failed to respond pursuant to the time requirement of the Federal Rules of Civil Procedure ("FRCP"). The responses were untimely under all deadlines. No responses were received in time for the original deadline of August 12, 2009; as well, responses were received after the extended deadline of November 1, 2009, an extended deadline which was stipulated by NJDEP. Furthermore, the responses NJDEP submitted after the expiration of the extended deadline were grossly deficient.

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

Rachel Lehr, Esq.
December 17, 2009
Page 2

Initially, it should be noted that NJDEP claimed privilege as to certain discovery requests. However, no privilege log was provided. Where NJDEP has claimed a privilege, such as work product or deliberative process privilege, it must produce a privilege log or otherwise describe the material withheld. FRCP 26 (b) (A) (ii). The NRD formula is an administrative act, not a legal one, therefore the work product privilege objection cannot apply. In addition, no factual material is covered by the deliberative process privilege and any materials related to the factual reasons behind a given formula, as well as the formula's applications, are relevant.

Pursuant to the good faith requirements of the discovery rules, please understand the position of ASI regarding the relevancy and importance of these requests in light of the above. ASI is entitled to understand and challenge two important aspects of the NJDEP claim:

1.    Whether the NJDEP's claim, as defined by its chosen formula, is arbitrary in concept or application or based on sufficient scientific or factual evidence and evenly applied across all sites, and

2.    Whether the values of the factors used in calculating the claim are properly supported factually and scientifically.

ASI believes that many of the discovery issues can be resolved if NJDEP accepts that ASI is entitled to understand and even challenge the above. ASI requests certain clarification so the issues are clear.

ASI has attempted to group the various discovery requests by topic so that the process is not delayed by procedural issues regarding the forms of questions. Therefore, ASI's discussion below will address NJDEP's responses to the Interrogatories and Requests for Production that address a similar topic and appear to be opposed by NJDEP for the same or similar reasons. In some instances, it appears that NJDEP made different or supplemental arguments about the same topics in response to different discovery requests. ASI submits that the issues are more easily resolved if the requests for similar information are treated together so that the relevance of the issues and ASI's problem concerning the response are more easily understood.

I.    <u>Use and Application of the Various Formulas for Measuring the Natural Resource Damage ("NRD")</u>

NJDEP's alleged measure of ASI NRD damage is based not on a regulation, statute or case law, but on a formula that appears uniquely used for the ASI Site. Under these circumstances, NJDEP's choice to use the "ASI formula" to measure the NRD at the ASI Site is itself a decision

Rachel Lehr, Esq.
December 17, 2009
Page 3


that is subject to legal standards.  ASI submits that NJDEP's decision to use this formula at this Site
cannot be arbitrary, but must be based on a proper factual and legal foundation, as well as a
proper motive.  The structure and application of this formula is also judged by the same standard.
ASI has submitted multiple discovery requests seeking information to understand and eventually
evaluate the NJDEP decision against this standard.  NJDEP's discovery responses are insufficient
where they deny ASI the ability to understand the above.

     In this regard, Interrogatory Nos. 1 and 2 request the identities of the persons who
developed the NRD formula(s).  NJDEP objected that this request was premature and related to
expert materials.  In NJDEP's response to ASI RFP No. 1, NJDEP identified by name an "expert,"
named Robert Unworth, who developed the formula.  Some individuals at NJDEP decided to use
the formula for the New Jersey program and those persons' identities and qualifications are also
discoverable.

     NJDEP's objections based on "premature" or "experts" could potentially apply to the
discovery of non-testifying or testifying experts.  However, ASI seeks to learn the expertise of the
<u>NJDEP</u> personnel who developed the formula (which includes those that decided to use one
developed by someone else).  The NJDEP's only objection to this request is the timing and not the
substance thereof.  ASI submits that the topic is a necessary and relevant subject of pre trial
disclosure.  To accommodate NJDEP in this regard, ASI acknowledges that Interrogatory No. 2
could be answered satisfactorily by identifying certain persons with knowledge and not
necessarily all such persons.

     The NJDEP identified a non-NJDEP individual as responsible for actually developing the
formula.  The objection that the request is premature does not even apply to this request.  NJDEP
identified a specific person who developed a formula which is being used by NJDEP to enforce the
law against ASI.  The qualifications of this individual are at issue and discoverable as a factual, not
expert, matter, regardless of whether he is called to testify.

     Similarly, Interrogatory No. 2 seeks to determine whether the same individuals used a
different formula for other, possibly similar, sites.  The government's use of a more favorable
formula for some parties than for others is a valid and obvious concern for any private citizen or
entity.  The NJDEP's attempt to avoid addressing issues until the expert phase of discovery makes
it impossible for ASI to even prepare to examine the experts about these issues.

     RFP Nos. 1 -5 request documents regarding the qualifications of persons who developed the
various formulas referenced.  ASI's position regarding the document production is the same as
above.  NJDEP objected on relevance grounds, but the relevance is also described above.

Rachel Lehr, Esq.
December 17, 2009
Page 4

RFP No. 2 is related to Interrogatory No. 2. If the NJDEP chose a methodology to actually measure the natural resources allegedly damaged by the Site, ASI is entitled to know the qualifications of the persons and why such a method was chosen. If there were persons inside or outside of the department that made that decision, ASI is entitled to know who they are, the qualifications of the individuals and to examine the documents relied upon to make the determination. This is not the discovery of the identities of non-testifying experts. These individuals are involved at the administrative level, not the legal level.

RFP Nos. 7 – 9 seek similar materials related to the development of the ASI formula. In response to RFP 8 and 9, NJDEP's only objection is based on two types of privilege, both of which require NJDEP to produce a privilege log so that the materials can be identified and the claim of privilege evaluated. The deliberative process privilege is arguably not applicable where no rulemaking took place, but a privilege log is required to make that determination. ASI therefore requests that NJDEP either reconsider its claim of privilege, or generate a privilege log as required.

NJDEP's answer to Interrogatory No. 8 does not fairly meet the substance of the question, which seeks to determine the rationale for the use of varying formulas for NRD damages. ASI submits that the use of two formulas to measure the same injury raises the issue of arbitrary determinations by the NJDEP about which parties should pay for actual damages and which pay essentially a fine based on an arbitrary and simplified version of a scientific process.

Interrogatories No. 9 and 10 seek information to examine whether there is consistency in the approach to the NRD settlement process. If NJDEP has a genuine concern about the amount of material necessary to respond to this request, ASI submits that some accommodation can be made. It appears from published material that the use of the formula makes the claim against ASI significantly higher than claims at other sites which appear similar. NJDEP's objection could arguably be overruled by the Court and all of the materials would be subject to production without accommodation. ASI submits that some middle ground should be achievable, so that ASI can understand if NJDEP is measuring its claim against ASI in a non-arbitrary manner.

RFP No. 3 is similar to the above position, with the addition of the use of the formula at other sites. ASI is entitled to know if NJDEP is trying to use a different formula for every site and whether they are, depending on arbitrary circumstances. The documents sought concern the application of the formula. There is nothing burdensome about the request and there is no other way for ASI to learn this information. If there is something about the volume of material that is not clear from the answer, ASI would be willing to hear it from NJDEP and attempt some

Rachel Lehr, Esq.
December 17, 2009
Page 5

accommodation. However, ASI is entitled to see for itself that NJDEP is not applying a separate
enforcement standard to sites across the state on an arbitrary, rather than scientific, basis.

RFP Nos. 4 and 8 are similar to No. 3, but focus on the ASI Site formula. ASI is entitled to
evaluate why the NJDEP selection of this formula for its site is based on a proper record and
proper criteria. ASI is not required to accept unsupported statements in that regard. The
documents sought are only those that substantiate the selection and show it to be based on an
appropriate criteria.

In answer to RFP No. 8, NJDEP adds that the material related to the above may be
privileged. NJDEP is obligated to produce a privilege log so the material withheld can be
evaluated. ASI submits that the NRD formula is an administrative act, not a legal one, so the work
product objection cannot apply. The deliberative process privilege could conceivably apply, but
only to a limited type of document. A privilege log is required and NJDEP should provide such a
privilege log forthwith to stay in good faith compliance with the rules.

RFP Nos. 7 and 9 are similar to No. 4, except they focus on prior and subsequent versions of
the ASI formula. There is no basis for an objection. NJDEP could have stated that there was no
other version of this particular formula. It is conceivable that the proponents of the formula
altered it for reasons that are relevant here. If the formula was rejected concerning another site, it
would be relevant to whether the formula is properly used regarding this site. ASI cannot learn
this on its own. ASI respectfully submits that it is part of NJDEP administrative mandate to know
this information. NJDEP objected to RFP No. 7 only on the ground of relevancy, not because
producing the documents was an issue.

In answer to RFP No. 9, NJDEP also adds that the above material may be subject to a
discovery privilege. NJDEP is obligated to prove that privilege. NJDEP is obligated to produce a
privileged log so the material withheld can be evaluated.

RFP Nos. 10 and 13 request documents relevant to any versions of the calculation of surface
area required to protect the groundwater at a given site. These versions are important because they
could lead to an explanation of similar parts of the same criteria that were already rejected as
vague or arbitrary. If no such prior versions exist, that could be stated. However, NJDEP objected
on relevancy grounds and there is no support for such an objection.

RFP No. 11 is relevant to begin with and was actually made more relevant by NJDEP's
response. NJDEP stated that it uses the Groundwater Injury Calculation for parties that
voluntarily pay for the claim. NJDEP is therefore using at least two different standards to measure

Rachel Lehr, Esq.
December 17, 2009
Page 6

the same loss. ASI is entitled to compare the two standards in detail to examine the basis for both standards to determine the loss of use of resources is arbitrary. The fact that the ASI standard references the Groundwater Injury Calculation means they are interrelated from the view of administrative decision-making and comparison is therefore appropriate.

RFP No. 12 was objected to by NJDEP on privilege grounds. NJDEP must produce a privilege log so the materials that were withheld can be properly evaluated. ASI is also entitled to evaluate NJDEP's answer to this RFP by determining if the Groundwater Injury Calculation was not used at any voluntary sites.

RFP No. 14 is a standard interrogatory used in federal and state court. The objection should be withdrawn.

ASI submits that the response to RFP No. 25 is insufficient. ASI reserves its right to address this response following resolution of the other discovery issues.

II.    **NJDEP Valuation of Factors**

Assuming NJDEP's choice and application of the NRD formula is proper, ASI is entitled to know the factual basis of the variables in that formula that NJDEP used to determine the actual value of the NRD. In particular, NJDEP has objected to or not answered requests to obtain the factual basis for the value of real estate, the duration and extent of the remediation, the nature of the pre-injury aquifer and the discharge rate. ASI is entitled to understand the factual basis of these factors to insure that the formula is being administered in an even handed, non-arbitrary manner.

A.    **Sale Price Per Acre**

Interrogatory No. 5 requests NJDEP to identify the criteria for selecting the properties they used to calculate value per acre. The answer was non-responsive as it only provided the number of properties used and the dates of sales. NJDEP obtained the sales figures from a website. It is impossible for ASI to learn which 331 properties were involved and where they were located without NJDEP identifying them. NJDEP did not use the properties located near ASI, but used properties from the entire region. NJDEP could have arbitrarily used the most expensive properties without regard to from where the aquifer obtains recharge. It is possible that NJDEP did use such properties and believes it has authority to do so. However, in this discovery phase, NJDEP's answer must enable ASI to identify the data that NJDEP relied upon. NJDEP's answer

Rachel Lehr, Esq.
December 17, 2009
Page 7

must address the substance of the question, which was made relevant by NJDEP's use of property values without explaining them.

Interrogatory No. 7 seeks information about those persons and documents involved in the development and application of the formula for determining property value data for evaluating the land required to be protected to minimize groundwater impact. NJDEP objected to Interrogatories No. 7 a) and 7 b) based on the deliberative process and work product privilege. NJDEP must produce a privilege log. The rules provide broad discovery and the party relying on the privilege has the burden to show it applies. ASI submits that no factual material is covered by the deliberative process privilege. Any materials related to the factual reasons behind a given formula, as well as the formula's applications, are relevant and those are the items sought by this interrogatory. In this case, ASI is entitled to know if the property values used were appropriate, based upon the value utilized for measurement.

NJDEP objected to Interrogatory No. 7 (c) as overly broad and burdensome. ASI submits that this objection could potentially be cured by reference to less than all sites where the formula was used.

RFP Nos. 5 and 6 seek documents relied upon by NJDEP or its agents or contractors on which they based the formula for the value of land required to mitigate groundwater impact. This issue has been made relevant by the NJDEP's articulation of its formula. ASI is entitled to see if the formula has a basis or can be administered in a neutral manner.

RFP No. 6 seeks the documents on the sales prices themselves. The NJDEP objected on the basis of privilege. NJDEP must produce a privilege log. NJDEP's assertion of deliberative process privilege has no basis for this RFP, which seeks documents related to the sales prices of the properties actually used to form the estimate.

### B.    Arial Extent of Plume

Interrogatory 7( c) seeks information about the other sites where the areal extent of the plume was measured. ASI is entitled to know whether the NJDEP made the same type of measurement for the extent for the plumes at these sites. NJDEP's objection about over breadth is unfounded because NJDEP acknowledges that they have not used the same formula at all sites. ASI submits that if it truly is burdensome to respond, some accommodation can likely be made. The interrogatory is otherwise proper and no other objection was raised.

Rachel Lehr, Esq.
December 17, 2009
Page 8

RFP No. 21 seeks documents used to estimate the areal extent of the plume. This determination is subject to evaluation by ASI. The plume itself has not been delineated completely, but any measurement used by NJDEP will form the basis of any future claim as well. The relevance of the material and its specific description was created by NJDEP's choice to use this factor in the calculation. ASI is entitled to see if there is a factual basis for use of this factor in the calculation.

RFP No. 19 seeks information about other sites with chromium contamination. These sites could be contaminating the same aquifer as ASI. NJDEP's claim seeks to attribute all of the extent of the contamination to ASI, but that determination has never been made. NJDEP's claim is only to recover the loss of use caused by ASI, not to regenerate a resource that has been contaminated by many parties for many years. The relevance of this information was created by NJDEP. NJDEP objects that the RFP is vague and overly broad, but that is not the case with these sites, some of which are the subject of current NJDEP investigations.

### C.    Discount Rate

Interrogatory Nos. 12 – 13 do not seek information involving NJDEP's experts. These interrogatories seek the factual basis for the statement that other governmental agencies use the same discount rate. Whether other agencies used the discount rate for similar purposes is not a matter of opinion. The information should not be difficult to provide because NJDEP raised the issue itself. To the extent the figure can be substantiated, ASI has the right to examine whether the figure is applicable to this site and this claim and is not an arbitrary increase in the value of the claim.

Interrogatory No. 12 requests the identities of governmental agencies that use the same discount rate, a purely factual issue raised by the NJDEP description of its calculation. Interrogatory No. 13 seeks the actual application of the rate by those agencies to determine whether it is applicable to this type of situation which involves an aquifer with regional contamination that is recharged by the Delaware River. NJDEP's objection that these interrogatories involve expert material is not applicable to this request for purely factual information.

### D.    Recharge Rate

Interrogatory No. 14 seeks the source of the "annual re-charge rate" as used in the ASI formula. NJDEP's answer does not sufficiently explain the source so that it can be located by ASI to confirm or challenge it. The re-charge rate of the area in the most immediate vicinity is "zero",

Rachel Lehr, Esq.
December 17, 2009
Page 9

indicating that there was no NRD damage to that aspect of the claim at all. Therefore, NJDEP's use
of a substantially inflated re-charge rate to show such a loss requires a more specific identification
of the basis in order to establish its applicability. If NJDEP agreed to use the rate closest to the
property as the proper measure of the pre-injury loss, this issue could be potentially resolved.

    **E.**  **Plume or Contamination Characteristics/ Need and Amount of Replacement**

   RFP No. 19 relates to documents regarding other sources of chromium contamination in the
same area. NJDEP is aware of the other locations and may have similar claims. This is relevant to
determining the extent of ASI contamination and the nature and extent of any loss actually caused
by ASI contamination, a necessary element of the NJDEP's claim. The NJDEP's objection based on
vagueness, over breadth and irrelevance is not supported.

   RFP No. 20 seeks information regarding the actual use of the natural resource allegedly
damaged by ASI. The information is made relevant by NJDEP's use of the replenishment of the
resource in its calculation.

   In summary, ASI is seeking either clarification or a response regarding the following:

    (1) Interrogatories Nos. 1, 2, 5, 7, 8, 9, 10, 12, 13, and 14;

    (2) RFP Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 19, 20, 21 and 25;

   Pursuant to the applicable Rules, we will contact you to review the above and attempt to
resolve as many issues as possible. Please provide a time when you can be available to discuss
these matters. If you can resolve some of these issues in advance, that would be welcome as well.

   Thank you for your kind cooperation in this regard. Should you have any questions or
comments regarding the above, do not hesitate to contact me.

        Very truly yours,

        Kevin M. McKenna

KMM/tmb

cc: Robert Neilson (via Electronic Mail)

# LATSHA DAVIS YOHE & McKENNA, P.C.

### ATTORNEYS AT LAW

PLEASE REPLY TO:
WRITER'S E- MAIL:

Exton
kmckenna@ldylaw.com

December 23, 2009

**Via Electronic Mail**

Rachel Jeanne Lehr, Esquire
NJDEP Attorney General
Cost Recovery/Natural Resource Damages Section
Hughes Justice Complex – 7th Floor
P. O. Box 093
Trenton, NJ 08625-0093

Re:    **In re: Shapes/Arch Holdings LLC, et al.**
**United States Bankruptcy Court for the District of New Jersey**
**Case No.: 08-14631 (GMB)**
**Chapter 11 Jointly Administered**
**Our File No.: 458-04**

Dear Ms. Lehr:

As previously advised, it is the position of Aluminum Shapes that all Request for Admissions have been deemed admitted since NJDEP failed to respond pursuant to the time requirement of the Federal Rules of Civil Procedure. The responses were untimely under all deadlines. No responses were received in time for the original deadline of August 12, 2009. In addition, the responses were received after the extended deadline of November 1, 2009. This extended deadline was stipulated to by NJDEP. Without waiving any and all objections including but not limited to the fact that all Request for Admissions are deemed admitted for the reasons set forth above, the responses NJDEP submitted after the expiration of the extended deadline are also deficient as follows.[1]

---

[1] ASI has attempted to group the deficient responses by topic, so that the process is not delayed by procedural issues regarding the forms of questions. ASI submits that the issues are more easily resolved if the requests for similar information are treated together so that the relevance of the issues and the problem concerning the response is more easily understood.

350 Eagleview Boulevard, Suite 100 • Exton, PA 19341 • (610) 524-8454 • FAX (610) 524-9383

1700 Bent Creek Boulevard, Suite 140 • Mechanicsburg, PA 17050 • (717) 620-2424 • FAX (717) 620-2444

3000 Atrium Way, Suite 251 • Mt. Laurel, NJ 08054 • (856) 231-5351 • FAX (856) 231-5341

Maryland Telephone: (410) 727-2810

Rachel Jeanne Lehr, Esquire
NJDEP Attorney General
December 23, 2009
Page 2


I.    <u>Use and Application of the Various Formulas for Measuring the Natural Resource
Damage ("NRD")</u>

The NJDEP's alleged measure of ASI NRD damage is based not on a regulation, statute or
case law, but on a formula that appears uniquely used for the ASI Site. Under these circumstances,
NJDEP's choice to use the "ASI formula" to measure the NRD at the ASI Site is itself a decision
that is subject to legal standards. ASI submits that NJDEP's decision to use this formula at this Site
cannot be arbitrary, but must be based on a proper factual and legal foundation, as well as a
proper motive. The structure and application of this formula is also judged by the same standard.
ASI has submitted multiple discovery requests seeking information to understand and eventually
evaluate the NJDEP decision against this standard. The NJDEP's discovery responses are
insufficient where they deny ASI the ability to understand the above.

RFA Nos. 98 – 103 seek admissions that no experts in the applicable fields were consulted
for development of the formula. NJDEP's objection that the requests were "too broad" is not
applicable to these requests, which could not be made more narrow.


II.    <u>NJDEP Valuation of Factors</u>

Assuming NJDEP's choice and application of the NRD formula is proper, ASI is entitled to
know the factual basis of the variables in that formula that NJDEP used to determine the actual
value of the NRD. In particular, NJDEP has objected to or not answered requests to obtain the
factual basis for the value of real estate, the duration and extent of the remediation, the nature of
the pre-injury aquifer and the discharge rate. ASI is entitled to understand the factual basis of
these factors to insure that the formula is being administered in an even handed, non-arbitrary
manner.

A.    Sale Price Per Acre

RFA Nos. 96 and 97 ask NJDEP to admit that its formula did not consider any details of the
331 properties utilized, other than sale price and location within the larger Water Supply
Management Area. NJDEP neither objected nor answered these Requests.

Rachel Jeanne Lehr, Esquire
NJDEP Attorney General
December 23, 2009
Page 3

### B.    Discount Rate

RFA Nos. 87 – 92 request admissions regarding the mathematical effect on the plume size by using the discount rate and whether technical information can prove such behavior by the plume.  NJDEP neither responded nor objected.

### C.    Recharge Rate

The NJDEP answer to RFA No. 70 states that NJDEP has the option to use a regional or watershed re-charge rate.  NJDEP did not admit or deny.

RFA No. 76 asks for an admission that NJDEP's explanation of its calculation does not explain the source of the subject re-charge rate, not whether it was later explained.

RFA No. 78 asks for an admission that the recharge rates were never adopted through the rule-making process.  Either NJDEP followed the rule-making procedures or it did not and no real burden appears to be present.

RFA Nos. 79 and 80 regarding the relationship of surface area to recharge rates is not answered, nor really objected to by NJDEP.

RFA No. 81 requests an admission that the ASI Site is located on an area with a 0 inch per year recharge rate.  NJDEP did not respond to this RFA.

### D.    Plume or Contamination Characteristics/ Need and Amount of Replacement

RFA Nos. 7 -10 ask for admissions about what the BEE report said, not about the NJDEP's agreement or disagreement with it.  The denial does not say the BEE report is mis-quoted.

RFA No. 95 asks NJDEP to admit that the ASI formula does not consider the actual use of the aquifer before the contamination.

RFA No. 14 and 15 requests NJDEP to admit that it has no groundwater data about the ASI Site beyond 2004.  NJDEP does not address the issue in its response.  NJDEP states the issues are not relevant and that the plume not delineated.  However, NJDEP either has data beyond 2004 or it does not.

Rachel Jeanne Lehr, Esquire
NJDEP Attorney General
December 23, 2009
Page 4


RFA Nos. 21-23 were not admitted or denied. These seek admissions essentially that the NJDEP formula and its components were never formally adopted through the administrative process.

NJDEP did not answer RFA Nos. 67 or 68 regarding the amendment of the claim in bankruptcy.

RFA No. 82 is not responded to by NJDEP. It requests an admission that NJDEP did not consult the site consultant's report when estimating the areal extent.

RFA Nos. 105 and 106 request admissions regarding NJDEP's lack of knowledge or data about baseline conditions. NJDEP neither objected to nor answered these requests.

RFA No. 107 requests NJDEP to admit it has no data to distinguish the species of chromium contamination. NJDEP's answer was not directly responsive. NJDEP stated it could infer that the starting material was hexavalent chromium, but did not address the data or quantification.

RFA Nos.109-112 request admissions that, to prove the groundwater contamination, certain factual information is necessary, such as the baseline conditions, differentiation between chromium species and relevance of GWQS. NJDEP denied Nos. 109-111. ASI submits that there is no basis for a denial and such a basis was not offered. If such a basis exists, the Rules require that basis to be set forth. NJDEP neither objects nor answered RFA No. 112, that the above considerations are part of NJDEP's explanation of its claim.

Thank you for your kind cooperation in this regard. Should you have any questions or comments regarding the above, do not hesitate to contact me.

Very truly yours,

Kevin M. McKenna

KMM/tmb

cc:   Richard Engel, Chief, Deputy Attorney General (via Electronic Mail)
      Robert Neilson (via Electronic Mail)

EXHIBIT

*State of New Jersey*

JON S CORZINE
*Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 093
TRENTON, NJ 08625-0093

ANNE MILGRAM
*Attorney General*

TAYSEN VAN ITALLIE
*Director*

November 9, 2009



RECEIVED
NOV 1 0 2009
By_____

**VIA OVERNIGHT MAIL SERVICE**
Kevin McKenna, Esq.
Latsha Davis Yohe & McKenna, PC
350 Eagleview Boulevard, Suite 100
Exton, Pennsylvania 19341

> Re: Shapes/Arch Holdings L.L.C.
> Bankruptcy Case No. 08-14631

Dear Mr. McKenna:

Enclosed please find the documents requested.  DEP has resumed work on the rogs and we will get them to you as soon as possible.  We will send you as much as possible on Thursday.

Thank you for your patience.

Sincerely yours,

ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY

By: *Rachel Jeanne Lehr*
Rachel Jeanne Lehr
Deputy Attorney General



HUGHES JUSTICE COMPLEX • TELEPHONE: (609) 984 - 5016 • FAX (609)
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

## REQUESTS FOR DOCUMENTS AND THINGS

1.  Produce any and all documents concerning the identity,
    training, education, expertise and qualifications of all
    NJDEP, ONRR, and NHR employees, contractors, agents, experts
    and /or consultants that participated in the process of
    generating, refining or otherwise producing the formula, used
    in the determination of acreage the NJDEP asserts requires
    protection in order to mitigate the alleged groundwater impact
    at the ASI Site.

    Response:  Formula was generated by Robert Unsworth not DEP.
    Unsworth is DOL expert not DEP's expert, so this request is
    premature.

2.  Produce any and all documents used for other NRD Sites, where
    the NJDEP, ONRR and NHR employees, contractors, agents experts
    and/or consultants identified in Document Request 1 above, in
    the process of generating, refining or otherwise producing the
    formula used at the particular Site.

    **Response:** The Plaintiffs object to this request because it is
    overbroad, unduly burdensome, vague, and ambiguous so as to
    render it impossible for the State to respond in a reasonable
    manner or amount of time.   In addition, the documents
    defendants request are irrelevant to this matter and the
    defendants have already received an explanation of the natural
    resource damages at their site.

3.  Produce any and all documents used for other NRD Sites, where
    the NJDEP, ONRR, and NHR employees, contractors, agents,
    experts and/or consultants identified in Document Request 1
    above, concerning the formula, equation, method, tabulation or
    exercise used to determine the amount of acreage and monetary
    value necessary to compensate the public for the alleged
    damage to natural resources at the Site.

    **Response:** The Plaintiffs object to this request because it is
    overbroad, unduly burdensome, vague, and ambiguous so as to
    render it impossible for the State to respond in a reasonable
    manner or amount of time.   In addition, the documents
    defendants request are irrelevant to this matter and the
    defendants have already received an explanation of the natural
    resource damages formula used at their site.

The Plaintiffs object to this request because its vague, unduly
burdensome and overbroad

4.   Produce any and all documents the NJDEP, ONRR, and NHR
     employees, contractors, agents, experts and/or consultants
     used, consulted or otherwise relied on in the process of
     generating, refining or otherwise producing the ASI Site
     Formula used in the determination of acreage the NJDEP asserts
     requires protection in order to mitigate the alleged
     groundwater impact or any other NRD at the ASI Site.

          Response: Unsworth related.

5.   Produce any and all documents the NJDEP, ONRR, and NHR
     employees, contractors, agents, experts and/or consultants
     used, consulted or otherwise relied on in the process of
     generating, refining or otherwise producing the formula used
     in the determination of the dollar per acre value of land the
     NJDEP asserts requires protection in order to mitigate the
     alleged groundwater impact or any other NRD at the ASI Site.

     **Response:** The Plaintiffs object to this request because it is
     overbroad, unduly burdensome, vague, and ambiguous so as to
     render it impossible for the State to respond in a reasonable
     manner or amount of time.   In addition, the documents
     defendants request are irrelevant to this matter and the
     defendants have already received an explanation of the natural
     resource damages formula used at their site.

6.   Produce any and all documents concerning the properties whose
     sale price was used as data for the formula used in the
     determination of the dollar per acre value of land the NJDEP
     asserts requires protection in order to mitigate the alleged
     groundwater impact or any other NRD at the ASI Site.

     **Response:** The Plaintiffs object to this request for the
     production of documents because the documents are protected
     from discovery by the deliberative process privilege, and/or
     the work product doctrine.

7.   Produce any and all documents that identity all previous and
     current iterations of the ASI Site Formula.

     **Response:** The Plaintiffs object to this request because it is
     not relevant to this action, nor reasonably calculated to lead
     to the discovery of admissible evidence.

8.   Produce any and all documents used, involved, consulted or
     otherwise relied on in the process of generating, refining or
     otherwise producing the ASI Site Formula.

**Response:** The Plaintiffs object to this request for the production of documents because the documents are protected from discovery by the deliberative process privilege, and/or the work product doctrine.

9. Produce any and all documents that may identify all changes, alterations, variations, adjustments, refinements, conversions, corrections, or revisions made to the ASI Site Formula.

**Response:** The Plaintiffs object to this request for the production of documents because the documents are protected from discovery by the deliberative process privilege, and/or the work product doctrine.

10. Produce any and all documents concerning any previous or current iteration of the formula used at all other NRD Sites in the determination of acreage requiring protection in order to mitigate the contamination of groundwater at the particular Site(s).

**Response:** The Plaintiffs object to this request because it is not relevant to this action, nor reasonably calculated to lead to the discovery of admissible evidence.

11. Produce any and all documents that identify the reasons and rationale for use of the ASI Site Formula instead of the Groundwater Injury Calculation identified by ONRR on the NJDEP website found at

                                                Http://
www.nj.gov/dep/nrr/nri/gw_injury_calc_200305.pdf

**Response:** The Plaintiffs object to this request for the production of documents because the documents are protected from discovery by the deliberative process privilege, and/or the work product doctrine.

12. Produce any and all documents that identify what other NRD Sites the Groundwater Injury Calculation, identified in Number 11 above, was used previously.

**Response:** The Plaintiffs object to this request for the production of documents because the documents are protected from discovery by the deliberative process privilege, and/or the work product doctrine.

13. Produce any and all documents that identify previous settlements, outstanding settlements and abandoned settlements

where the ASI Site Formula has been utilized in the determination of acreage requiring protection in order to mitigate the contamination of groundwater or any other NRD at the other NRD Sites.

**Response:** The Plaintiffs object to this request because its vague, unduly burdensome and overbroad and not relevant to this action.

14.   Produce any and all documents used in answering the Debtors' Interrogatories directed to the NJDEP, including identification of the person who provided information and the corresponding interrogatory number(s).

     **Response:**

15.   Produce any and all documents regarding fines and penalties levied against ASI as alleged by the NJDEP in its Proof of Claim filed May 14, 2008 and/or Response to Debtor's Objection to NJDEP Proof of Claim filed May 28, 2009.

**Response:** The Plaintiffs are producing the attached documents without admitting their relevancy, materiality, or admissibility. Further, the Plaintiffs reserve the right to object to the admissibility into evidence of any document they produce in response to this request.

16.   Produce a copy of the entire NJDEP case file for the ASI Site.

**Response:** The Plaintiffs are producing the attached documents without admitting their relevancy, materiality, or admissibility. Further, the Plaintiffs reserve the right to object to the admissibility into evidence of any document they produce in response to this request.

17.   Produce any and all documents regarding the Puchack Wellfield including all correspondence and documents concerning communications with the EPA and US Geological Survey.

**Response:** The Plaintiffs object to this request because its vague, unduly burdensome and overbroad and not relevant to this action.

18.   Produce any and all documents regarding the Morris Delair Wellfield including all correspondence and documents concerning communications with the EPA and US Geological Survey.

**Response:** The Plaintiffs object to this request because its vague, unduly burdensome and overbroad and not relevant to this action.

19.   Produce any and all documents concerning any Site within a one (1) mile radius of the ASI Site which evidence chromium contamination in any media.

**Response:** The Plaintiffs object to this request because its vague, unduly burdensome and overbroad and not relevant to this action.

20.   Produce any and all documents and records including well logs and any analytical data for all public water supply wells within a one (1)mile radius of the ASI Site.

**Response:** The Plaintiffs object to this request because it is overbroad, unduly burdensome, vague, and ambiguous so as to render it impossible for the State to respond in a reasonable manner or amount of time.   In addition, the documents defendants request are irrelevant to this matter.

21.   Produce any and all documents and all associated data used to determine the areal extend to the alleged impacted groundwater at the ASI Site.

**Response:** The Plaintiffs object to this request because it is overbroad, unduly burdensome, vague, and ambiguous so as to render it impossible for the State to respond in a reasonable manner or amount of time.   In addition, the documents defendants request are irrelevant to this matter.

22.   Produce the following for each person whom you expect to call as an expert witness at or in connection with the trial or other evidentiary hearing in this case:

a.   a current curriculum vitae, resume and any other documents which describe the expert's current qualifications;

b.   all reports or other documents produced by the expert which express any findings, conclusions and/or opinions about any of the issues in this case;

c.   all documents upon which the expert's findings, conclusions and/or opinions are based; and

d.   all documents which NJDEP has provided to its experts.

e.    all exhibits to be used as a summary of or support for
the expert's findings, conclusions and/or opinions.

**Response:** Premature, no expert on this case yet.

23.    Produce any and all correspondence and documents concerning
communications between NJDEP and any person regarding the NRD
claim for the ASI Site.

24.    Produce any and all correspondence and documents concerning
documents provided to or reviewed by any person whom you
intend to call as a witness at or in connection with the trial
or other evidentiary hearing in this case.

**Response:** Premature

25.    Produce any and all documents in your possession, custody or
control relating to the facts, issues and claims alleged or
raised in the Objection to the NJDEP Proof of Claim filed May
14, 2008 and/or the Response of the NJDEP to the Debtors'
Objection to the NJDEP Proof of Claim filed in May 28, 2009.

**Response:** The Plaintiffs are producing the attached documents
without    admitting    their    relevancy,    materiality,    or
admissibility. Further, the Plaintiffs reserve the right to
object to the admissibility into evidence of any document they
produce in response to this request

26.    Produce any and all documents the NJDEP intends to offer at
trial against the Debtors in this matter.

**Response:** Premature.

27.    Produce any and all documents the NJDEP intends to introduce
at an evidentiary hearing against the Debtors in this matter.

**Response:** Premature.