Timothy W. Garvey, Esq.   TG (9134)
LATSHA, DAVIS, YOHE & McKENNA, P.C.
3000 Atrium Way, Suite 251
Mt. Laurel, NJ  08054
(856) 231-5351
tgarvey@ldylaw.com

Attorneys for Debtors

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| In re: | CHAPTER 11 |
| SHAPES / ARCH HOLDING, LLC, et al | CASE NO. 08-14631 (GMB) |
| Debtors | Claim No.: 603 |
| | Hearing Date: May 3, 2010 |

**DEBTOR'S BRIEF IN SUPPORT OF MOTION TO DISALLOW AND EXPUNGE**

The Debtor SHAPES / ARCH HOLDING, LLC through its attorneys, hereby files the following Brief in Support of the Motion to Disallow and expunge Claim 603, the Natural Resource Damage of the Creditor, New Jersey Department of Environmental Resources.

Respectfully submitted,
LATSHA, DAVIS, YOHE & McKENNA, P.C.

By: _____
Timothy W. Garvey, Esq. TG (9134)

Dated: 4/9/10

**TABLE OF CONTENTS**

|      |                    | PAGE |
|------|--------------------|------|
| I.   | Statement of Facts | 1    |
| II.  | Legal Argument     | 4    |
| III. | Conclusion         | 7    |

i

# TABLE OF CITATIONS

| AUTHORITY | PAGE |
|---|---|
| F.R.Civ.P.16 | 5 |
| FRCP 16 (f)(1)(C) | 5 |
| D.N.J. LBR 1001-1 | 5 |
| F.R.B.P 7016 | 5 |
| F.R.B.P. 7037 | 5 |
| F.R.Civ.P 37 | 5 |
| F.R.Civ.P 37 (b)(2)(A)(ii) | 5 |
| F.R.Civ.P. 37 (b)2)(A)(iii) | 5 |
| F.R.Civ.P. 37 (b)(2)(A)(iv)) | 5 |

**TABLE OF EXHIBITS**

Exhibit A:            Order of January 13, 2010

Exhibit B:            Correspondence of February 5, 2010

Exhibit C:            Correspondence of February 25, 2010

Exhibit D:            Correspondence of March 9, 2010

Exhibit E:            Correspondence of March 12, 2010

Exhibit F:            Correspondence of December 17, 2010

Exhibit G:            Correspondence of December 23, 2010

Exhibit H:            Requests for Production of Documents and Responses (November 9, 2009)

Exhibit I:            Interrogatories and Requests for Admissions addressed to Creditor

Exhibit J:            Creditor's response to Interrogatories and Requests for Admissions (November 12, 2009)

I.   **STATEMENT OF FACTS**

This Adversary Proceeding involves the objections of the Debtor to the claim of a Creditor, the New Jersey Department of Environmental Protection (NJDEP), for Natural Resource Damage (NRD). The NJDEP's claim involves recovery of damages for the value of the loss of use of the groundwater below the Debtor's facility due to contamination from the Debtor's operations.

It is undisputed that the use of this groundwater has not been affected at all by the Debtor's contamination. The Creditor has sought to value its damages for this claim by reference to a formula that was not subjected to NJ DEP rulemaking procedures. Even assuming the formula is relevant to this claim where no loss of use of the resource occurred, the Creditor is required to support every aspect of its formula with scientific or expert opinions or data pursuant to the applicable Rules of Evidence and the prevailing case law. The discovery at issue herein involves the Creditor's development and support of its formula and the basis of applying it to this site.

This is not a discovery motion. Rather, this is a motion for a Rule 37 sanction (dismissal or preclusion of evidence) for the failure of the Creditor to comply with this Court's Order of

1

January 13, 2010 to confer with the Debtor to resolve or at least focus the discovery disputes. For the sake of the Court's understanding, the discovery requests at issue and the responses are attached hereto. These requests include and Requests for Production of Documents and responses (Exhibit H) and Interrogatories and Requests for Admissions (Exhibit I) and the responses thereto (Exhibit J).

The Creditor's responses to these requests vary widely in their level of detail. The Creditor did not respond to some of the requests at all. To assist in focusing the issues to resolve this discovery dispute, the Debtor wrote two detailed letters attempting to group the various deficiencies by topic for discussion during the telephone conference. Copies of those letters, dated December 17, 2009 and December 23, 2009 are attached as Exhibits F and G, resp.

During the conference call that generated the Court's January 13, 2010 Order, the Creditor objected to being obligated to respond to the discovery at all. The Court advised that in this Adversary Proceeding, the discovery process and rules must be followed, including those that require the parties to attempt to resolve the dispute in good faith prior to filing any motions

2

with the Court. Accordingly, the Court's order of January 13, 2010 included a provision for the parties to engage in a good faith attempt to resolve this dispute prior to March 19, 2010. See Exhibit A.

Pursuant to the order, Debtor's representatives attempted to schedule this conference several times. See letters of February 5 and February 25, 2010, copies attached as Exhibits B and C, resp. The earliest date the Creditor would agree to be available was March 3, 2010 at which time a conference was initiated. During that brief call, the nature of the Natural Resource Damage claim was discussed but not the outstanding discovery. Based on the conversation, and with the consent of the Debtor, the Creditors elected to consult with the client, the NJ DEP, about the claim itself. The Creditors advised that they would call the Debtor back in "one to two days" to complete the call. All parties specifically agreed that the discovery issues were not addressed and that the conference required by the Court's order had not taken place.

No further call was ever forthcoming from the Creditors. The Debtor wrote on March 9, 2010 to remind them of their promise to call. See Exhibit B. The Debtor wrote again on

3

March 12, 2010 to remind them of the March 19, 2010 deadline. See Exhibit C. No call was received in response to either letter.

The Creditor is in default of the Court's specific requirement to engage in a good faith manner to resolve the dispute. Debtor respectfully submits that Creditor's actions are tantamount to abandoning its claim. Disallowance of this matter is the appropriate remedy under the circumstances.

**II.    LEGAL ARGUMENT**

The Creditor's failure to comply with the Court's scheduling order regarding discovery has disrupted the discovery and preparation of this matter. It has disrupted the scheduling and administration of the matter. This type of situation is not unique and the Court Rules have been designed with such a situation in mind. Appropriately, the sanctions of dismissal or preclusion of evidence sought by the Debtor herein are authorized by the Court Rules governing case management as well as discovery.

4

F.R.C.P. 16(f) authorizes the Court to issue certain Rule 37 sanctions if a party "fails to obey a scheduling or other pretrial order." See FRCP 16 (f)(1)(C). The bankruptcy rules provide that F. R. Civ. P. 16 and 37 apply in Adversary Proceedings such as this one. See F.R.B.P. 7016 and 7037, resp., and D.N.J. LBR 1001-1.

The above Rule designates the sanctions authorized by Rule 37 (b)(2)(A)(ii)-(vii) for party's failure to participate in discovery. These sanctions include "prohibiting a party from supporting or opposing certain claims or defenses or from introducing certain matters into evidence (Rule 37 (b)(2)(A)(ii)), striking the pleadings in whole or in part (Rule 37 (b)(2)(A)(iii)) and dismissal of the action in whole or in part (Rule 37 (b)(2)(A)(iv)).

In this matter, the Debtor respectfully submits that disallowance of the action or preclusion of evidence would be appropriate. In direct violation of this Court's order, the Creditor has made no effort to even discuss the outstanding discovery, much less comply with the requests. The outstanding discovery is addressed to the nature of this claim. The discovery involves the means and the proofs by which the

5

Creditor intends to support its claim for "loss of use" a Natural Resource that has admittedly been continuously used.

During the call of March 3, 2010, the Creditor's representatives advised that they needed to discuss the certain aspects of the claim with the client (NJDEP) in order to even have a conversation about the discovery requests. The Creditor had already objected to some of the requests and had failed to provide answers to others. The Creditor's inability to address these fundamental matters is consistent with a possible lack of merit in this particular "loss of use" claim.

Due to the Creditors's actions, other deadlines set for the in the Court's Order of January 13, 2010 will have to be adjusted again even if the discovery issues were resolved immediately. Debtor has repeatedly offered to work with the Creditor so that the NJDEP and the Attorney General's are not burdened unnecessarily. However, this claim is the Creditor's to prove and the measures used in other claims will not apply to this one. The Creditor's violation of the Order therefore impedes the ability of the parties to reach not only the merits of the claim, but to even determine the proofs required to have those merits defined.

There is no good reason for the present status of this matter. Debtor acknowledges that the Creditor may have inherent limitations in meeting certain deadlines. However, there is no excuse for the complete lack of communication here other than the lack of merit of this claim. Disallowance of this NRD claim therefore is appropriate under these circumstances. In the alternative, Debtor respectfully submits that the Creditor be precluded from offering evidence on any of the issues addressed in the discovery requests.

III. **CONCLUSION**

For the foregoing reasons, the Debtor respectfully requests the Court to grant the within motion and disallow and expunge the Creditors' Claim No. 603 or preclude the introduction of evidence on the issues raised in the discovery requests. Debtor has attached alternative forms of order hereto.