Timothy W. Garvey, Esq.   TG (9134)
LATSHA, DAVIS, YOHE & McKENNA, P.C.
3000 Atrium Way, Suite 251
Mt. Laurel, NJ  08054
(856) 231-5351
tgarvey@ldylaw.com


Attorneys for Debtors

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | CHAPTER 11 |
| SHAPES / ARCH HOLDING, LLC, et al | CASE NO. 08-14631 (GMB) |
| Debtors | Hearing Date: May 3, 2010 |

### AFFIDAVIT OF GOOD FAITH EFFORT TO RESOLVE THE DISPUTES PURSUANT TO L.Civ.R. 37.1(b)(1)

Timothy W. Garvey, Esq. hereby deposes and states that I have made a reasonable effort to reach agreement with opposing counsel or unrepresented parties on the matters set forth in the motion in the following manner:

On January 13, 2010 this Court entered an Order regarding case management and scheduling pursuant to a telephone conference with the parties.

The order required the parties to make communications regarding resolution of the discovery dispute prior to March 19, 2010.

The Debtor representatives attempted to schedule this conference with the Creditors but the only date the Creditors could be available was March 3, 2010.

Accordingly a conference call was scheduled for that date for the parties to attempt to resolve certain fundamental discovery issues in this matter.

During that call, the Creditor's representatives stated that they would like to discuss with the client (NJ DEP) the nature of the claim to re-evaluate their position on the discovery issues.

The Creditor representatives stated that they would call back in "one or two days."

They specifically agreed that we had no reached the specific discovery issues at all.

No further call was ever received from the Creditor.

The Debtors wrote on March 9 and March 12, 2010 that no call was received and that the discovery conference that was required to take place by March 19, 2010 had not taken place.

The Debtor went to a good deal of time and effort to make the areas of dispute clearer so the issues could be resolved or

2

focused in the conference. The Debtor has also accommodated the Creditor with the scheduling of the conference call.

The Debtor stated on the above call and at other times that it was willing to accommodate the Creditor regarding schedule but those offers appear in vain in light of the Creditors lack of response.

The foregoing statements are true and correct to the best of my knowledge and belief.

Signed: _____    Dated: 4/9/10