**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.
Stephanie S. Park, Esq.

**COLE, SCHOTZ, MEISEL,**
**FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000
201-489-1536  Facsimile
Ilana Volkov, Esq.
Felice Yudkin, Esq.

Co-Counsel for the Class 10 Liquidation Trust

|  |  |
|---|---|
| In the Matter of: | : UNITED STATES BANKRUPTCY COURT |
|  | : FOR THE DISTRICT OF NEW JERSEY |
|  | : HONORABLE GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | : CASE NO. 08-14631 (GMB) |
|  | : |
| Reorganized Debtors. | : Chapter 11 |
|  |   (Jointly Administered) |

HEARING DATE AND TIME:
July 26, 2010, at 10:00 a.m.

**ORAL ARGUMENT WAIVED UNLESS**
**OBJECTIONS TIMELY FILED**

**THE CLASS 10 LIQUIDATION TRUST'S MOTION OBJECTING TO**
**CLAIMS PURSUANT TO SECTION 502(d) OF THE BANKRUPTCY**
<u>**CODE AND REQUESTING RELATED RELIEF**</u>
**(CLAIM NUMBERS: 2, 7, 9, 22, 37, 71, 159, 160, 173, 212, 218, 241,**
**301, 311, 349, 356, 388, 394, 395, 401, 402, 403, 463, 488, 518,**
**537, 599, 641, 643, 682, 683, 684, 691, 777, 785, 901)**

45765/0003-6483164v1

TO THE HONORABLE GLORIA M. BURNS
UNITED STATES BANKRUPTCY JUDGE

      The Class 10 Liquidation Trust (the "<u>Trust</u>"), established upon the Effective Date (as defined below) of the Third Amended Joint Plan of Reorganization (together with all amendments, exhibits, and modifications, the "<u>Plan</u>") of Shapes/Arch Holdings, L.L.C., et al., the above-captioned reorganized debtors (the "<u>Debtors</u>"), makes this motion (the "<u>Motion</u>") pursuant to sections 105 and 502(d) of title 11 of the United States Code, as amended (the "<u>Bankruptcy Code</u>") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") for an Order disallowing certain claims (the "<u>Disputed Claims</u>") listed on Exhibit A, Exhibit B, and Exhibit C annexed hereto and made a part hereof. In support of its Motion, the Trust respectfully represents:

## STATEMENT OF FACTS

**(A)**     **Background**

1.     The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "<u>Petition Date</u>"). The cases were jointly administered pursuant to this Court's Order dated March 18, 2008.

2.     No trustee or examiner was appointed in these cases. The Debtors managed their affairs as debtors-in-possession pursuant to §§ 1108 and 1109 of the Bankruptcy Code until the Effective Date (as defined below) of the Plan, and after the Effective Date as reorganized debtors.

3.     The Debtors' Plan was confirmed by Order of this Court dated July 24, 2008 and became effective on August 8, 2008 (the "<u>Effective Date</u>"). On the Effective Date of the Plan, the Trust came into existence and pursuant to Sections 4.5, 5.2, and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee,

2

Steven D. Sass (the "Trustee"), was empowered to, among other things, review and file objections to unsecured claims and to commence, prosecute and settle avoidance actions.

4. The Plan established a deadline of ninety days after the Effective Date, or November 6, 2008, for the filing of objections to claims. It further provided that the Court could extend that deadline (with or without notice) upon the request of the Debtors or the Trust. The Trust has timely sought extensions of this deadline and the current deadline is April 30, 2010 (the "Claims Objection Deadline").

**(B)** **The Claims Process**

5. On the Petition Date, the Debtors filed their Statements of Financial Affairs, Schedules of Assets and Liabilities, and Schedule of Executory Contracts and Unexpired Leases (the "Bankruptcy Schedules"). Shortly thereafter, the Debtors were authorized to retain Epiq Bankruptcy Solutions, L.L.C. to serve as claims agent in these cases and maintain the official claims register and notice lists.

6. Since the Effective Date of the Plan, the Trust has undertaken a comprehensive review of the claims register, and filed four omnibus claims objections, joined in an objection to the claim of the State of New Jersey, Department of Environmental Protection, and resolved numerous claims disputes by stipulation. In addition, the Trust anticipates filing two more claims objections prior to the Claims Objection Deadline.

**(C)** **Avoidance Actions**

7. Pursuant to Sections 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement, as of the Effective Date, the Trust was vested with the right to, among other things, commence, prosecute and settle avoidance actions that would otherwise

have belonged to the Debtors, for the benefit of the holders of beneficial interests in the Class 10 Trust.

8. Pursuant to this grant of authority, the Trust undertook a review of the Debtors' records of pre-petition transfers to identify payments that appeared to be avoidable as preferences or fraudulent transfers, and in April of 2009, began sending demand letters to transferees, detailing the dates and amounts of the payments from the Debtors and the bases for seeking the return of the amounts paid[1]. In October of 2009, the Trust sent a second round of demand letters to transferees, attempting to resolve claims without the need for litigation.

9. As a result of the demand letters, a number of potential actions were resolved without the need for litigation. Some were settled pursuant to agreements under which the transferee made a settlement payment to the Trust and/or unsecured claims were waived, while other transferees provided the Trust with persuasive evidence of defenses to the avoidance claims.

10. Certain of the identified transferees either did not respond to the Trust's letters or failed to provide persuasive evidence of defenses to the avoidance claims asserted. Therefore, on or about December 29, 2009, the Trust began filing adversary complaints seeking judgments (i) avoiding the specified transfers pursuant to 11 U.S.C. § 547(b), or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b); (ii) preserving for the benefit of the Class 10 Trust the avoidable transfer or the value thereof, pursuant to 11 U.S.C. § 551; (iii) directing the transferee to pay to the Trust an amount equal to the amount of the avoidable transfers, plus interest and costs; and (iv) disallowing any claim of the transferee against the Debtors, pursuant to 11 U.S.C. § 502(d).

---

[1] Demand letters were sent to most, but not all, of the potential avoidance action defendants.

11. As of the date of this Motion, the Trust has filed avoidance actions against more than sixty defendants (the "Avoidance Actions"), and has entered into tolling agreements with an additional eight potential defendants, in the latter case tolling the statute of limitations in order to facilitate consensual resolutions of avoidance claims.

12. The Avoidance Actions include a request for the disallowance of the unsecured claims of the defendants under section 502(d) of the Bankruptcy Code, and the Trust anticipates that it will reach consensual settlements with many defendants, and those settlements will address the treatment of scheduled and filed unsecured claims. However, in light of the approaching Claims Objection Deadline and in an excess of caution, the Trust also makes this Motion, seeking the disallowance of the unsecured claims of (i) the defendants in the Avoidance Actions that assert unsecured claims, and (in order to preserve its rights) (ii) the unsecured claims of the counter-parties to the tolling agreements. As set forth in the declaration of Lynn Smalley which is annexed hereto as **Exhibit D** (the "Smalley Declaration"), **Exhibit A** accurately identifies the Avoidance Action defendants with scheduled or filed unsecured claims, while **Exhibit B** accurately identifies the counter-parties to the tolling agreements.

13. Finally, in what may be characterized as a "housekeeping" matter, the Trust has identified those claimants who, pursuant to negotiated settlements, have agreed to waive their unsecured claims in these cases. (Some of the settlements were entered into in response to demand letters, eliminating the need for litigation, while others were negotiated after the filing of complaints.) The claimants who have already agreed to waive their unsecured claims as part of their avoidance settlements are identified on **Exhibit C** hereto.

14. The Trust has sought a hearing date with respect to this Motion that is approximately 90 days after the date of the filing of the Motion. It is anticipated that by the date

5

of the hearing, a number of settlements will have been approved by this Court pursuant to established notice procedures, and that with respect to those defendants, the status of the defendants' unsecured claims will not be in dispute. The balance of the Avoidance Actions and the avoidance claims subject to tolling agreements will have reached a later stage in the litigation or settlement process as well, and certain of the claims identified in Exhibits A and B may be consensually resolved in advance of hearing.

## RELIEF REQUESTED

**(A)  Objection to Claims under § 502(d)**

15. By this Motion, the Trust seeks entry of an Order disallowing and expunging the Disputed Claims evidenced on Exhibits A and B hereto, pursuant to § 502(d) of the Bankruptcy Code and Bankruptcy Rule 3007, and disallowing and expunging the Disputed Claims evidenced on Exhibit C, consistent with the terms of the settlement agreements between the Exhibit C claimants and the Trust.

16. Section 502(d) of the Bankruptcy Code provides, in pertinent part, as follows:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

Section 502 is complemented by Bankruptcy Rule 3007, which provides:

> An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing.

6

45765/0003-6483164v1

17. Many defendants that are the subject of the Avoidance Actions have either filed general unsecured claims or have unsecured claims listed by the Debtors in the Bankruptcy Schedules. By and through the commencement of the Avoidance Actions, and the demands as to which no lawsuit has been commenced but as to which there is a tolling agreement, the Trust has deemed there are amounts due and owing to the estates (which recoveries have been assigned to the Trust). As a result, the Trust seeks to have these unsecured claims disallowed and expunged pursuant to section 502(d).

18. To the extent that any Avoidance Actions are resolved by or before the deadline for filing responses to this Motion, and it is agreed between the Trust and the respective defendant that the defendant shall not waive its general unsecured claims, the Trust intends to withdraw its 502(d) objection to that claim.

**(B)    Tolling Agreement Claims**

19. The Trust has entered into tolling agreements to toll the statute of limitations with several potential defendants. Although the Trust is optimistic that negotiations with those parties may be fruitful and their unsecured claims addressed in settlement agreements, the Trust has included those parties and their unsecured claims in this Motion because of the approaching deadline for objecting to claims. As with Avoidance Actions that are resolved by or before the deadline for filing responses to this Motion, if settlements are reached with the parties to the tolling agreements by the response deadline, the Trust will modify the relief requested and the exhibit to its proposed order appropriately.

**(C)    Settlement Agreement Claims**

20. The Trust has negotiated and executed settlement agreements with several claimants who have agreed to waive their general unsecured claims, whether those claims were

7

filed or scheduled. In order to ensure that the claims register in these cases reflects the waivers, the Trust has included these claims in this objection. Those claims, which are being waived pursuant to agreement with the claimant, are identified in Exhibit C.

## RESERVATION OF RIGHTS

21. For the reasons set forth above, the Trust objects to the Disputed Claims set forth in Exhibits A, B and C and seeks an order of this Court disallowing and expunging the Disputed Claims. Moreover, the Trust reserves the right to amend, modify, or supplement this Motion and the Exhibits hereto on any and all additional factual or legal grounds and to file additional objections to the Disputed Claims.

## NOTICE

22. The Trust has provided notice of the relief requested herein by service of a copy of this Motion by regular, first-class mail upon (a) the holders of the Disputed Claims listed at the address listed on the proof of claim filed by such claimants and, if no proof of claim has been filed, the address listed on the Bankruptcy Schedules; (b) the additional notice parties identified on the exhibits; (c) all parties having filed a notice of appearance in these cases; and (d) the United States Trustee. The Trust submits and requests that this Court find that no other or further notice of this Motion is necessary or required.

23. It is requested that the Court waive and dispense with the requirement that any motion filed shall have an accompanying memorandum of law. The Motion does not raise any novel issue of law. Accordingly, it is submitted that a waiver of the requirement is appropriate under the circumstances.

WHEREFORE, the Trust respectfully requests that an order be entered, substantially in the form annexed hereto as **Exhibit E**, disallowing the Disputed Claims and granting such other and further relief as this Court deems just and proper.

    COLE, SCHOTZ, MEISEL, FORMAN & LEONARD, P.A.

By: */s/ Ilana Volkov*
    Ilana Volkov
    Felice Yudkin
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602
Telephone: (201) 489-3000
Facsimile: (201) 489-1536

-and-

HALPERIN BATTAGLIA RAICHT, LLP
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.
Stephanie S. Park, Esq.
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone: (212) 765-9100
Facsimile:  (212) 765-0964

Co-Counsel for the Class 10 Liquidation Trust

DATED:  Hackensack, New Jersey
          April 26, 2010