# EXHIBIT D

**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.
Stephanie S. Park, Esq.

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
201-489-3000
201-489-1536 Facsimile
Ilana Volkov, Esq.
Felice Yudkin, Esq.

Co-Counsel for the Class 10 Liquidation Trust

|  |  |
|---|---|
| In the Matter of: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HONORABLE GLORIA M. BURNS |
| SHAPES/ARCH HOLDINGS L.L.C., et al., | CASE NO. 08-14631 (GMB) |
| Reorganized Debtors. | Chapter 11 (Jointly Administered) |

**DECLARATION OF LYNN K. SMALLEY IN SUPPORT OF CLASS 10 LIQUIDATION TRUST'S MOTION OBJECTING TO CLAIMS PURSUANT TO SECTION 502(d) OF THE BANKRUPTCY CODE AND REQUESTING RELATED RELIEF**

This declaration is made pursuant to 28 U.S.C. § 1746 by Lynn K. Smalley, as follows:

1. I am a senior consultant to the Trustee of the Class 10 Liquidation Trust (the "Trust") in the cases of the above-captioned reorganized debtors (together, the "Debtors"). I have reviewed the attached motion (the "Motion") and exhibits A, B and C to that Motion, and

45765/0003-6483174v1

submit this declaration in connection with the relief sought.  All of the statements made in this declaration are based upon my first hand knowledge, unless otherwise stated.

2. I have reviewed the Trust's records and identified parties who are (a) the subject of avoidance actions (the "Avoidance Actions"), (b) parties to tolling agreements with the Trust, and (c) parties to executed settlement agreements.

3. After conducting those reviews, I contacted Epiq Systems, the official claims agent in these cases, and got a copy of the official claims register as of April 16, 2010.  I reviewed the claims register to determine which of the parties listed in paragraph 2 have general unsecured claims against one or more of the Debtors.

4. Based upon that review, I determined that the claimants listed on Exhibit A to the Motion are accurately identified as Avoidance Action defendants, and also have scheduled and/or filed unsecured claims in these cases.  The amounts of the claims and other identifying information are shown on Exhibit A.

5. In addition, I compared my information about potential avoidance action defendants with whom the Trust has entered into tolling agreements to the claims register, to determine if any of the parties to tolling agreements have either filed or scheduled general unsecured claims against the Debtors.  Exhibit B to the Motion accurately identifies those parties to tolling agreements that also have general unsecured claims and the amounts of the claims.

6. Finally, I have reviewed the settlement agreements the Trust entered into with certain claimants, some in response to demand letters (and without the filing of a lawsuit) and others after litigation was commenced.  Certain of the settlement agreements include a waiver of general unsecured claims by the party settling with the Trust.

7. Exhibit C accurately identifies the settlement parties who have waived unsecured claims in their settlements with the Trust, and provides the amounts of the waived claims and other identifying information.

8. I have reviewed the Motion and Exhibits A, B and C, and based upon my review of the claims register and the Trust's records, I believe the Motion and exhibits accurately identify claimants (a) who have amounts due and owing to the Debtors in connection with avoidance claims (which recoveries have been assigned by the Debtors to the Trust) or (b) who have agreed to waive their unsecured claims in connection with settlements with the Trust.

Dated: Ellicott City, Maryland
       April 24, 2010

                                                /s/ Lynn K. Smalley
                                                Lynn K. Smalley