**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
(212) 765-9100
(212) 765-0964 Facsimile
Donna Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE, SCHOTZ, MEISEL,
FORMAN & LEONARD, P.A.**
A Professional Corporation
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602-0800
(201) 489-3000
(201) 489-1536 Facsimile
Ilana Volkov, Esq.
Felice R. Yudkin, Esq.

Co-Counsel for Plaintiff, The Class 10 Liquidation Trust

|  |  |
|---|---|
|  | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE GLORIA M. BURNS<br>CASE NO. 08-14631 (GMB) |
|  | Chapter 11<br>(Jointly Administered) |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., *et al.*,<br><br>Reorganized Debtors. | **THE CLASS 10 LIQUIDATION TRUST'S SIXTH OMNIBUS OBJECTION TO CLAIMS (CREDITORS WHO HAVE FAILED TO RETURN COMPLETED W-8 OR W-9 FORMS) (Claim Numbers: 129, 132, 178, 179, 193, 207, 262, 438, 443, 487, 686, 903, 904, 905)** |
|  | **HEARING DATE AND TIME:**<br>**July 26, 2010 at 10:00 a.m.**<br><br>**ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED** |

TO:   THE HONORABLE GLORIA M. BURNS,
        UNITED STATES BANKRUPTCY JUDGE:

The Class 10 Liquidation Trust (the "Trust"), established upon the Effective Date (as defined below) of the Third Amended Joint Plan of Reorganization (together with all amendments, exhibits, and modifications, the "Plan") of Shapes/Arch Holdings, L.L.C., *et al.*, the above-captioned reorganized debtors (the "Debtors"), makes this motion (this "Motion") pursuant to §105(a) and 502(b) of Title 11 of the United States Code, as amended (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order disallowing the claims listed on **Exhibit A** (the "Claims") annexed hereto and made a part hereof, due to the failure of those claimants to return completed W-9 forms, or in the case of foreign claimants, W-8 forms, to the Trust. In support of this Motion, the Trust respectfully represents as follows:

**Background**

1.  The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Petition Date"). The cases were jointly administered pursuant to this Court's Order dated March 18, 2008

2.  The Debtors managed their affairs as debtors-in-possession pursuant to §§ 1108 and 1109 of the Bankruptcy Code until the Effective Date of the Plan (as defined below), and after the Effective Date as reorganized debtors.

3.  The Debtors' Plan was confirmed by Order of this Court dated July 24, 2008 and became effective on August 8, 2008 (the "Effective Date"). On the Effective Date of the Plan, the Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims and make distributions to holders of allowed Class 10 claims.

2

4.     The Plan established a deadline of ninety days after the Effective Date for the filing of objections to claims. It further provided that the Court could extend that deadline (with or without notice), upon the request of the Debtors or the Trust. The deadline for the filing objections to claims has been extended several times pursuant to Order of this Court, and the current objection deadline is April 30, 2010 (the "Claims Objection Deadline").

5.     The Trust made an initial distribution to holders of allowed Class 10 claims in December of 2009, and in connection with that distribution, reserved funds on account of disputed Class 10 claims and Class 10 claims as to which no completed W-9 or, in the case of foreign claimants, W-8 form, had been received. At least one more distribution will be made by the Trust, when avoidance actions and claims objections have been wholly resolved.

## Jurisdiction and Venue

6.     This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334. Consideration of this motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (B) and (O). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 *et seq*.

7.     The statutory bases for the relief requested herein are sections 105(a) and 502(b) of the Bankruptcy Code, as complemented by Rule 3007 of the Bankruptcy Rules.

## The Relief Requested

8.     By this Motion, the Trust seeks to have the Claims and attendant distribution rights of claimants who have failed to provide required taxpayer identification numbers disallowed.

9.     In order to make distributions to claimants under the Plan and the Plan Administration Agreement, the Trust must have tax identification information for each of the claimants. Applicable tax laws require the Trust to obtain tax identification numbers from each "trust beneficiary" before a distribution is made to the beneficiary from Trust assets.

3

10. Section 7.12 of the Plan provides generally that holders of claims must provide any information necessary to effect the withholding of taxes from distributions, while Section 5.3 of the Plan empowers the Trustee of the Trust to administer the Plan through, among other things, (i) objections to Class 10 (general unsecured) claims, (ii) settlement of such claims objections, (iii) distributions to holders of allowed Class 10 claims, and (iv) administration of Trust assets.

11. The Plan Administration Agreement, an exhibit to the Plan, addresses Trust tax issues with more specificity, with provisions relating to tax reporting obligations and payments in section 7, and the following language in section 4:

> 4.1 Powers and Authority of the Class 10 Liquidation Trustee. The Class 10 Liquidation Trustee shall have such rights, powers and privileges as set forth in the Plan and this Agreement and as otherwise provided by applicable law…. [t]he Class 10 Liquidation Trustee shall be expressly authorized to take the following actions, in the Class 10 Liquidation Trustee's good faith judgment, in the best interests of the beneficiaries and to maximize net recoveries therefore;
>
> ….
>
> (xi) file, if necessary, any and all tax information returns with respect to the Liquidation Trust and pay taxes, if any, properly payable by the Liquidation Trust, and request any appropriate tax determination with respect to the Liquidation Trust;
>
> ….
>
> (xvii) withhold distribution to holders of Class 10 Claims pending receipt of appropriate tax documentation and/or forms necessary to administer the Trust; and
>
> (xviii) take or refrain from taking any and all actions the Class 10 Liquidation Trustee reasonably deems necessary or desirable for the continuation, protection and maximization of the Liquidation Trust Assets or to carry out the purposes hereof.

4

Plan Administration Agreement, sections 4.1(xi), (xvii) and (xviii).

12. Consequently, as set forth in the declaration of Lynn Smalley which is annexed hereto as **Exhibit B** (the "Smalley Declaration"), on or about March 19, 2009, representatives of the Trust sent an initial notice to all holders of Class 10 claims that had not previously provided tax information (the "First Notice") advising that a tax identification number for each claimant was required in order for a claimant to receive a distribution under the Plan. An IRS form W-9 was included with the First Notice, with instructions for each claimant to complete and return the form to the Trust's representatives. A copy of the First Notice is attached to the Smalley Declaration.

13. While the Trust received several hundred responses to the First Notice, there were also a number of claimants who failed to respond. Therefore, on or about April 30, 2009, the Trust's representatives sent a second notice to those claimants (the "Second Notice"). The Second Notice, like the first, advised the claimants that they would not receive any distribution on account of their general unsecured claims unless and until the Trust received the completed IRS form W-9, and provided the form and instructions for completing and returning it. The Second Notice also noted that foreign claimants needed to complete and return W-8 forms and provided that form to the appropriate parties. A copy of the Second Notice is also attached to the Smalley Declaration.

14. Both the First and the Second Notice were sent to each claimant at the address set forth in its proof of claim form or, where no claim was filed, at the address listed in the Debtors' Schedule F of the Schedules of Assets and Liabilities. To the extent any notices of undeliverable mail were returned with forwarding addresses, the Trust's agents promptly resent the notices to

those addresses and as set forth in the Smalley Declaration, additional efforts were made to contact claimants. See Smalley Declaration, paragraph 10.

15. As of the date of this Motion, there are still almost two hundred (200) Class 10 claimants who have not provided a completed W-9 or W-8 form to the Trust, despite the Trust's efforts. Certain of those claimants and their Claims are identified on **Exhibit A** (the "Non-Complying Claimants"). (The balance of those claimants are addressed in the Trust's seventh omnibus objection to claims.) As set forth above and in the Smalley Declaration, the Trust has reserved funds on account of the claims of the Non-Complying Claimants, and holds those funds to this day.

**Discussion**

16. The Trust has made every reasonable effort to induce the Non-Complying Claimants to supply their tax identification information to the Trust so that the appropriate distributions can be made, but these efforts have been to no avail. At this juncture, the Trust believes the relief requested herein is consistent with the Plan and the Plan Administration Agreement and appropriate in light of the facts.

17. Unless the Claims are disallowed, the Trust will be forced to maintain cash reserves indefinitely, for claimants who may never supply their tax identification information. By disallowing the claims of the Non-Complying Claimants, the Court will enable the trustee to disburse the remaining assets of the Trust in accordance with the terms of the Plan (i.e., the Trust will distribute the amounts to which the Non-Complying Claimants might have otherwise been entitled to the complying claimants that hold allowed Class 10 claims), and eventually terminate the Trust.

18. The Trust has made the Motion at this time in light of the approaching deadline for filing objections to claims. However, given that any final distribution is at least a few months

away, the Trust has scheduled the hearing on this Motion for a date approximately ninety days from the date of the Motion and set an objection deadline that is seven days prior to the scheduled hearing date. All Non-Complying Claimants will be served with this Motion, and any Non-Complying Claimant that provides the needed tax identification information on or before the objection deadline will be removed from the final list of Non-Complying Claimants.[1]

## Reservation of Rights

19. For the reasons set forth above, the Trust objects to the Claims set forth in **Exhibit A** and seeks an order of this Court disallowing and expunging the Claims. Moreover, notwithstanding the Claims Objection Deadline, the Trust expressly reserves the right to object to the Claims on additional or alternative grounds on a later date.

## Notice

20. Notice of this Motion has been served upon (i) all of the Non-Complying Claimants, (ii) their counsel, if any, and (iii) the United States Trustee. The Trust submits that such notice is sufficient under the circumstances.

21. No previous request for the relief sought herein has been made to this or any other court.

## Waiver of Memorandum of Law

22. It is requested that the Court waive and dispense with the requirement that any motion filed shall have an accompanying memorandum of law. The Motion does not raise any novel issue of law. Accordingly, it is submitted that a waiver of the requirement is appropriate under the circumstances.

---

[1] The Trust notes that certain of the Non-Complying Claimants are the subject of other claims objections as well. No distributions will be made to those claimants until all objections to their claims have been resolved.

7

WHEREFORE, the Trustee respectfully requests that an order be entered, in the form annexed hereto as **Exhibit C**, disallowing the Claims of the Non-Complying Claimants, striking the Non-Complying Claimants from the distribution list, and granting to the Trust such other and further relief as the Court deems just and proper.

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.


        By:   */s/ Ilana Volkov*
            Ilana Volkov
            Felice R. Yudkin
        Court Plaza North
        25 Main Street
        P.O. Box 800
        Hackensack, New Jersey 07602-0800
        (201) 489-3000
        (201) 489-1536  Facsimile

        -and-

        HALPERIN BATTAGLIA RAICHT, LLP
        Donna H. Lieberman, Esq.
        Carrie E. Mitchell, Esq.
        Stephanie S. Park, Esq.
        555 Madison Avenue, 9th Floor
        New York, New York 10022
        Telephone: (212) 765-9100
        Facsimile:  (212) 765-0964

        Co-Counsel for the Class 10 Liquidation Trust

DATED:  April 30, 2010