# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

---

In re.                                              : Chapter 11
                                                    :
SHAPES/ARCH HOLDINGS, LLC, et al.                   : Case No.: 08-14631
                                                    : (Jointly Administered)
                        Debtors                     :
                                                    :
---

## STIPULATION OF SETTLEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into this 24 day of May, 2010, between the Class 10 Liquidation Trust, by and through Steven D. Sass, as Trustee (the "Trustee") and Matalco Inc. and/or its subsidiaries (collectively, "Creditor", and together with the Trustee, the "Parties") In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Parties agree as follows:

### Recitals

WHEREAS, on March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings LLC, Shapes LLC, Ultra LLC, Delair LLC, or Accu-Weld LLC (together, the "Debtors") filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), jointly administered under Case Number 08-14631, and

WHEREAS, on July 24, 2008, the Bankruptcy Court entered an order confirming the *Plan of Reorganization as Amended of Shapes/Arch Holdings LLC, et al.* (the "Plan"), wherein the Plan provides for the creation of a Liquidation Trust for the benefit of holders of Allowed Class 10 General Unsecured Claims; and

WHEREAS, the Plan became effective on August 8, 2008 (the "Effective Date"), and the Class 10 Liquidation Trust (the "Trust") came into existence and the Trustee was appointed; and

WHEREAS, in accordance with the Plan and as of the Effective Date, various rights and interests of the Debtors and their bankruptcy estates were transferred to the Trust and the Trustee, including, without limitation, the right to recover preferential transfers and/or settle causes of actions or demands related thereto, and

WHEREAS, the Trust retained Halperin Battaglia Raicht, LLP ("HBR") to assist in pursuing recoveries on behalf of the Holders of Allowed Class 10 Claims, including the recovery of "preferential payments"; and

WHEREAS, the Trust has identified as avoidable, pursuant to Section 547 of the Bankruptcy Code, certain transfers made by the Debtors to the Creditor during the 90-day period

Case 08-14631-GMB   Doc 1016-3   Filed 06/10/10   Entered 06/10/10 11:38:29   Desc
Exhibit C - Settlement Agreement with Matalco Inc.   Adv. No. 10-01349   Page 3 of 5

Matalco Inc Settlement Agreement
Page 2 of 4

immediately prior to the Petition Date in the aggregate amount of **$222,804.00** (the "Transfers") and sent a letter to the Creditor demanding return of the Transfers (the "HBR Demand Letter"); and

WHEREAS, Creditor disputes that the Transfers are avoidable and has provided information and analysis to the Trust; and

WHEREAS, the Parties now desire to resolve any and all disputes arising out of or related to the Transfers, according to the terms set forth herein

## Agreement

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows.

1. Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Agreement

2. Payment and Delivery. Creditor shall pay the sum of $250 (the "Settlement Payment") by check, in good U S. funds, which check shall be addressed to Halperin Battaglia Raicht, LLP, Attn: Stephanie S. Park, Esq., 555 Madison Avenue, 9th Floor, New York, NY 10022, which payment is due on May 31, 2010. The Trust or HBR shall hold the Settlement Payment until the Bankruptcy Court has approved the Agreement and entered an Order approving the Agreement. In the event the Trust does not obtain authority to settle this matter in a manner consistent with the terms of this Agreement, the Trust will immediately return the Settlement Payment to the Creditor.

3. Release of Claims by the Trustee and Debtors' Estates. The Trustee, on behalf of the Trust, the Debtors and their Estates, hereby waives and releases any and all claims, causes of action, rights and remedies it has or had against Creditor with respect to the Transfers enumerated in the HBR Demand Letter, and any and all claims pursuant to Chapter 5 of the United States Bankruptcy Code, other than rights preserved or created under this Agreement. **This release is subject to and conditioned on (a) receipt by HBR of the Settlement Payment referred to in paragraph 2 above and (b) the approval of this Agreement by the Bankruptcy Court, as and to the extent set forth in paragraph 8 hereof. In the event the Settlement Payment is not delivered or necessary approvals by the Bankruptcy Court are not obtained, this release is of no force and effect and all rights of the Parties shall be preserved.**

4. Release of Claims by the Creditor Creditor hereby waives any claim arising from the payment of the Settlement Payment under § 502(h) of the Bankruptcy Code. Creditor also hereby waives any general unsecured claim, whether filed or scheduled. **This waiver is subject to and conditioned on the approval of this Agreement by the Bankruptcy Court, as and to the extent set forth in paragraph 8 hereof. In the event necessary approvals by the Bankruptcy Court are not obtained, this waiver is of no force and effect.**

2

Case 08-14631-GMB   Doc 1016-3   Filed 06/10/10   Entered 06/10/10 11:38:29   Desc
Exhibit C - Settlement Agreement with Matalco Inc.   Adv. No. 10-01349   Page 4 of 5

Matalco Inc. Settlement Agreement
Page 3 of 4

5.  Binding Effect. Subject to paragraph 8 hereof, this Agreement is binding upon the Parties hereto and their successors and assigns.

6.  Choice of Law and Jurisdiction. This Agreement shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable Federal law. The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Agreement, and any claims or actions based upon this Agreement, by and under the exclusive jurisdiction of the Bankruptcy Court for the District of New Jersey.

7.  No Waiver. No failure or delay by either party in exercising any right, power, or privilege under this Agreement or applicable law shall operate as a waiver by that party of any such right, power or privilege.

8.  Bankruptcy Court Approval. – Notwithstanding anything contained in this Agreement, this settlement and the waivers and releases provided herein shall not be effective until: (a) the Settlement Payment has been paid to HBR, as counsel for the Trust, and, if by check, the payment check has cleared, and (b) the Bankruptcy Court has approved this Agreement by either (i) the entry of a Certification of No Objection with respect to the Agreement on the Bankruptcy Court's docket of the case, following the Trust's filing of an Information for Notice of Settlement, (ii) if there has been an objection to the Agreement, the Bankruptcy Court has entered an Order authorizing the Trust to consummate the Agreement described herein, which Order has become a final and non-appealable Order, or (iii) such other procedures as may be authorized pursuant to the Order Approving and Adopting Global Procedures with Respect to Avoidance Actions, dated April 27, 2010 (the "Procedures Order"). If further Order of the Bankruptcy Court approving this Agreement is required pursuant to the Procedures Order and this Agreement is not approved by the Bankruptcy Court, nothing contained herein is or shall be deemed an admission by either of the Parties hereto and the rights of the Parties shall be specifically reserved. Moreover, if such further Order is required and the Agreement is not approved by the Bankruptcy Court, the Settlement Payment shall be promptly returned to Creditor.

9.  Severability. The invalidity, illegality, or unenforceability of any provision of this Agreement shall not affect any other provision of this Agreement, which Agreement shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

10. Entire Agreement. This Agreement constitutes the entire agreement between the Parties and this Agreement cannot be orally altered, amended, or modified. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Agreement be construed as an integrated document.

11. Representations of Authority. The persons signing below each represents and warrants that he/she has the authority to enter into this Agreement on behalf of the Party on whose behalf he/she so signs.

Case 08-14631-GMB    Doc 1016-3    Filed 06/10/10    Entered 06/10/10 11:38:29    Desc
Exhibit C - Settlement Agreement with Matalco Inc.    Adv. No. 10-01349    Page 5 of 5

Matalco Inc. Settlement Agreement
Page 4 of 4

12.  Costs. Each party to this Agreement shall bear its own attorneys' fees and costs.

13.  Counterparts. This Agreement may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Agreement, to produce or account for more than one (1) counterpart.

14.  Facsimile Signatures. A facsimile or PDF signature on this Agreement shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Agreement, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Agreement bearing original signatures of the Parties, other than facsimile or PDF signatures.

15.  Rule of Construction. The Parties agree that this Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

16.  No Admission of Liability. This Agreement is a compromise of the disputed claims and is not an admission of liability by any of the Parties.

    IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the date set forth below.

| Steven D. Sass, Trustee of the Shapes Class 10 Liquidating Trust | Matalco Inc<br>*By and through its undersigned counsel,* |
|---|---|
| By: _____<br>Steven D. Sass LLC<br>P.O. Box 45<br>Clarksville, MD 21029<br>Tel: 410-458-6100<br>Fax: 410-630-7233 | By: _____<br>Kimberly Salomon, Esq.<br>Forman Holt Eliades & Ravin LLC<br>80 Route 4 East - Suite 290<br>Paramus, NJ 07652<br>Tel: 201-845-1000<br>Fax: 201-845-9112 |
| Date: 5/24/10 | Date: 5/20/2010 |