# EXHIBIT D

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Chapter 11 |
| SHAPES/ARCH HOLDINGS, LLC, et al. | Case No.: 08-14631 |
| | (Jointly Administered) |
| Debtors. | |
| THE CLASS 10 LIQUIDATION TRUST, by and through Steven D. Sass, as Trustee, | |
| Plaintiff, | ADV. NO. 09-02962 |
| vs. | |
| K&M Transport LLC | |
| Defendant. | |

## STIPULATION OF SETTLEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Agreement") is entered into this 24 day of May, 2010, between the Class 10 Liquidation Trust, by and through Steven D. Sass, as Trustee (the "Trustee") and K&M Transport LLC and its subsidiaries (collectively, "Creditor", and together with the Trustee, the "Parties"). In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Parties agree as follows:

### Recitals

WHEREAS, on March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings L.L.C., Shapes LLC, Ultra LLC, Delair LLC, or Accu-Weld LLC (together, the "Debtors") filed for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), jointly administered under Case Number 08-14631; and

WHEREAS, on July 24, 2008, the Bankruptcy Court entered an order confirming the *Plan of Reorganization as Amended of Shapes/Arch Holdings LLC, et al.* (the "Plan"), wherein the Plan provides for the creation of a Liquidation Trust for the benefit of holders of Allowed Class 10 General Unsecured Claims; and

WHEREAS, the Plan became effective on August 8, 2008 (the "Effective Date"), and the Class 10 Liquidation Trust (the "Trust") came into existence and the Trustee was appointed; and

{00128070 1 \ 0631-003}

Case 08-14631-GMB    Doc 1042-4    Filed 08/13/10    Entered 08/13/10 17:37:26    Desc
Exhibit D - Settlement Agreement with K&M Transport LLC    Adv. No. 09-02962    Page 3 of 6

K&M Transport LLC Settlement Agreement
Page 2 of 4

WHEREAS, in accordance with the Plan and as of the Effective Date, various rights and interests of the Debtors and their bankruptcy estates were transferred to the Trust and the Trustee, including, without limitation, the right to recover preferential transfers and/or settle causes of actions or demands related thereto; and

WHEREAS, on or about December 29, 2009, the Trust filed an Adversary Proceeding against Defendant in the Bankruptcy Court, case no. 09-02962 (the "Avoidance Action"), seeking to (i) avoid and recover $73,235.28 in payments made by the Debtors to Defendant as allegedly avoidable transfers (the "Transfers") pursuant to 11 U.S.C. § 547(b) or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b); (ii) preserve for the benefit of the Trust, as the designee of the Debtors' estates, property or the value thereof pursuant to 11 U.S.C. § 551; (iii) recover avoidable transfers pursuant to 11 U.S.C. § 550; and (iv) disallow claims pursuant to 11 U.S.C. § 502(d); and

WHEREAS, the parties have exchanged information and documents, and the Defendant has asserted defenses to the Avoidance Action; and

WHEREAS, the Parties desire to avoid the expense and uncertainty of litigation relative to the Avoidance Action and any defenses Defendant may have to claims therein; and

WHEREAS, the Parties now desire to resolve any and all disputes arising out of or related to the Transfers, according to the terms set forth herein.

### Agreement

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Agreement.

2. Payment and Delivery. Creditor shall pay the sum of **$5,000.00** (the "First Settlement Payment") by check, in good U.S. funds, which check shall be addressed to Halperin Battaglia Raicht, LLP ("HBR"), Attn: Stephanie S. Park, Esq., 555 Madison Avenue, 9th Floor, New York, NY 10022 which payment is due on May 31, 2010. Creditor shall also provide and forward a copy of its 2010 Federal Income Tax Return ("2010 Tax Return") so as to be received by HBR no later than April 11, 2011. Should Creditor's 2010 Tax Return "Ordinary Business Income" line reflect a profit, Creditor shall then pay an additional sum of **$5,000.00** by check in good U.S. funds (the "Second Settlement Payment" and together with the First Settlement Payment, the "Combined Settlement Payments") with such Second Settlement Payment to be sent to HBR as set forth above so as to be received by HBR no later than May 31, 2011. HBR shall hold the First Settlement Payment until the Bankruptcy Court has approved the Agreement as and to the extent required pursuant to paragraph 8 hereof, and at that time, HBR shall release the First Settlement Payment to the Trust. In the event the Trust does not obtain necessary authority to settle this matter in a manner consistent with the terms of this Agreement, the

Case 08-14631-GMB    Doc 1042-4    Filed 08/13/10    Entered 08/13/10 17:37:26    Desc
Exhibit D - Settlement Agreement with K&M Transport LLC    Adv. No. 09-02962    Page 4 of 6

K&M Transport LLC Settlement Agreement
Page 3 of 4

Trust will immediately return the First Settlement Payment to the Creditor.

3. Release of Claims by the Trustee and Debtors' Estates. The Trustee, on behalf of the Trust, the Debtors and their Estates, hereby waives and releases any and all claims, causes of action, rights and remedies it has or had against Creditor with respect to the Transfers enumerated in the HBR Demand Letter, and any and all claims pursuant to Chapter 5 of the United States Bankruptcy Code, other than rights preserved or created under this Agreement. **This release is subject to and conditioned on and shall not be effective until:**

**(a) timely receipt by HBR of the First Settlement Payment and the clearance of such check;**

**(b) the approval of this Agreement by the Bankruptcy Court, as and to the extent set forth in paragraph 8 hereof;**

**(c) timely receipt by HBR of the 2010 Tax Return; and**

**(d) if required pursuant to the terms of paragraph 2 hereof, timely receipt by HBR of the Second Settlement Payment and the clearance of such check.**

**In the event the conditions set forth above are not satisfied by Creditor, this release is of no force and effect and all rights of the Parties shall be preserved.**

4. Release of Claims by the Creditor. Creditor hereby waives any claim arising from the payment of either the First Settlement Payment or the Combined Settlement Payments under § 502(h) of the Bankruptcy Code. Creditor also hereby waives any general unsecured claim, whether filed or scheduled.

5. Binding Effect. Subject to paragraph 8 hereof, this Agreement is binding upon the Parties hereto and their successors and assigns.

6. Choice of Law and Jurisdiction. This Agreement shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable Federal law. The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Agreement, and any claims or actions based upon this Agreement, by and under the exclusive jurisdiction of the Bankruptcy Court for the District of New Jersey.

7. No Waiver. No failure or delay by either party in exercising any right, power, or privilege under this Agreement or applicable law shall operate as a waiver by that party of any such right, power or privilege.

8. Bankruptcy Court Approval. – Notwithstanding anything contained in this Agreement, this settlement shall not be effective until: (a) the Creditor has complied with the terms of paragraphs 2 and 3 hereof, and (b) the Bankruptcy Court has approved this Agreement by either (i) the entry of a Certification of No Objection with respect to the Agreement on the Bankruptcy Court's docket of the case,

Case 08-14631-GMB    Doc 1042-4    Filed 08/13/10    Entered 08/13/10 17:37:26    Desc
Exhibit D - Settlement Agreement with K&M Transport LLC    Adv. No. 09-02962    Page 5 of 6

K&M Transport LLC Settlement Agreement
Page 4 of 4

following the Trust's filing of an Information for Notice of Settlement, (ii) if there has been an objection to the Agreement, the Bankruptcy Court has entered an Order authorizing the Trust to consummate the Agreement described herein, which Order has become a final and non-appealable Order, or (iii) such other procedures as may be authorized pursuant to the Order Approving and Adopting Global Procedures with Respect to Avoidance Actions, dated April 27, 2010 (the "Procedures Order"). If further Order of the Bankruptcy Court approving this Agreement is required pursuant to the Procedures Order and this Agreement is not approved by the Bankruptcy Court, nothing contained herein is or shall be deemed an admission by either of the Parties hereto and the rights of the Parties shall be specifically reserved. Moreover, if such further Order is required and the Agreement is not approved by the Bankruptcy Court, the settlement payments made by the Creditor shall be promptly returned.

9. Severability. The invalidity, illegality, or unenforceability of any provision of this Agreement shall not affect any other provision of this Agreement, which Agreement shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

10. Entire Agreement. This Agreement constitutes the entire agreement between the Parties and this Agreement cannot be orally altered, amended, or modified. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Agreement be construed as an integrated document.

11. Representations of Authority. The persons signing below each represents and warrants that he/she has the authority to enter into this Agreement on behalf of the Party on whose behalf he/she so signs.

12. Costs. Each party to this Agreement shall bear its own attorneys' fees and costs.

13. Counterparts. This Agreement may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto. It shall not be necessary, in making proof of the Agreement, to produce or account for more than one (1) counterpart.

14. Facsimile Signatures. A facsimile or PDF signature on this Agreement shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Agreement, the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Agreement bearing original signatures of the Parties, other than facsimile or PDF signatures.

15. Rule of Construction. The Parties agree that this Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to

Agreement bearing original signatures of the Parties, other than facsimile or PDF signatures.

15. Rule of Construction. The Parties agree that this Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

16. No Admission of Liability. This Agreement is a compromise of the disputed claims and is not an admission of liability by any of the Parties.

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by their duly authorized representatives as of the date set forth below.

| Steven D. Sass, Trustee of the Shapes Class 10 Liquidating Trust | K&M Transport LLC |
|---|---|
| By: _[signature]_ <br> Steven D. Sass LLC <br> P.O. Box 45 <br> Clarksville, MD 21029 <br> Tel: 410-458-6100 <br> Fax: 410-630-7233 | By: _[signature]_ <br> Name: Brian LeVari <br> Title: Managing Member <br> Address: 526 Railroad Blvd. Buena, NJ 08310 <br> Tel: 856-697-3311 <br> Fax: 856-697-7766 |
| Date: 5/24/10 | Date: 5-18-2010 |