**BUONADONNA & BENSON, P.C.**
A Professional Corporation
1138 East Chestnut Avenue, Suite 2A
Vineland, NJ 08360
(856) 691-8441
Attorneys for Defendant, Wagstaff, Inc.

U.S. BANKRUPTCY COURT
FILED
CAMDEN, NJ
2010 SEP 13 AM 11: 18
JAMES J. WALDRON
BY: JT
DEPUTY CLERK

| | |
|---|---|
| In the Matter of:<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al<br><br>Reorganized Debtors.<br><br>———<br><br>THE CLASS 10 LIQUIDATION TRUST,<br>by and through Steven D. Sass, as Trustee,<br><br>Plaintiff,<br>v.<br><br>WAGSTAFF, INC.<br>Defendant. | ) UNITED STATES BANKRUPTCY<br>) COURT<br>) FOR THE DISTRICT OF NEW JERSEY<br>) HON. GLORIA M. BURNS<br>)<br>) CASE NO. 08-14631 (GMB)<br>)<br>)         Chapter 11<br>)   (Jointly Administered)<br>)<br>)<br>)<br>) ~~ADV. NO. 10-01383 (GMB)~~<br>)<br>)<br>)<br>) |

## BRIEF IN OPPOSITION TO MOTION TO DISALLOW CLAIM

### PROCEDURAL HISTORY

On or about April 7, 2010 counsel for the Class 10 Liquidation Trust (the Trust) filed the present motion objecting to certain claims pursuant to 11 USC 502(d), and seeking an order disallowing and expunging same. Included in the claims that the Trust sought to have disallowed was a proof of claim filed by Wagstaff in the amount of $17,897.50. The basis of the motion with respect to Wagstaff was that it received 2 payments during the preference period totaling $27,070.00 which the Trust alleges are voidable under 11 USC 547. Current pending is an Adversary Proceeding filed by the Trust seeking to recovery the alleged preference payments.

Wagstaff has filed an answer to the Compliant in the Adversary Proceeding, asserting that the alleged preference payments were made in the ordinary course of business, and as such not subject to the Trustees avoidance power. The adversary action is pending and no decision on the merits has been made.

## STATEMENT OF FACTS

1. The essential facts are not in dispute. Wagstaff received two payments totaling $27,070.00 during the preference period.

2. The Trust has filed an Adversary Proceeding against Wagstaff which seeks to avoid the payments as a preference pursuant to 11 USC 547.

3. Wagstaff has raised as a defense to Adversary Proceeding that the payments were made in the ordinary course of business. Specifically the payment history for the 2 years prior to the preference period is consistent with the payments made during the preference period

3. The Adversary Proceeding is pending an final decision on the merits of the Trutee's avoidance action and Wagstaff's defense has not yet been rendered.

4. In addition, Wagstaff has filed a proof of claim in the amount of $17,897.50 for outstanding invoices, some of which were for sales made after the first payment during the preference period.

5. For the reasons set forth below it is submitted that the present motion is premature as there has been no decision that Wagstaff received a preferential payment.

## LEGAL ARGUMENT

While **11 USC 502 (d)** provides for disallowance of "any claim of any entity from which property is recoverable under, inter alia, **11 USC 547**, application of Section 502 is not triggered

2

until the trustee successfully prosecutes an avoidance action. See **In re Marketing Resources International Corp. v PTC Corp. 35 B.R. 353, 356 (E.D. Pa 1984).** As was stated by the court in **In Re Marketing Resources International Corp**:

> Section 502(d) embraces the situation where the debtor or the trustee successfully prosecutes an action against a party under one of the sections designated in that section. In the event the party refuses to comply with the judgment, the court must disallow that party's claim to prevent it from sharing in the distribution of the bankruptcy estate. **Id at 356.**

In the present case the motion to disallow Wagstaff's unsecured claim in the amount of $17,897.50 is clearly premature. There has been no determination as to the merits of the Trustees avoidance action brought under **11 USC 547**, or Wagstaff's ordinary course defense.

Based on the foregoing it is respectfully submitted that the Trust's motion to disallow Wagstaff's must be denied.

Respectfully submitted,

ALAN G. GIEBNER, Esq.

Dated: September 10, 2010

F:\ALAN\wagstaff brief in opposition to motion to disallow claim.wpd

3