STEVENS & LEE, P.C.
1456 Marlton Pike East
Suite 506
Cherry Hill, NJ 08034
(856) 354-9200
John C. Kilgannon, Esq.
jck@stevenslee.com

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of:<br><br>SHAPES/ARCH HOLDINGS, LLC, *et al.,*<br><br>Reorganized Debtors. | HONORABLE GLORIA M. BURNS<br>CASE NO. 08-14631(GMB)<br>(Jointly Administered)<br><br><br>Chapter 11 |
| THE CLASS 10 LIQUIDATION TRUST,<br>by and through Steven D. Sass, as Trustee,<br><br>Plaintiff,<br>vs.<br><br>CROWN CREDIT COMPANY,<br><br>Defendant. | ADV. NO. 10-01338-GMB |

**CROWN CREDIT COMPANY'S RESPONSE TO THE CLASS 10 LIQUIDATION TRUST'S MOTION OBJECTING TO CLAIMS PURSUANT TO SECTION 502(d) OF THE BANKRUPTCY CODE AND REQUESTING RELATED RELIEF**

Defendant, Crown Credit Company ("Crown" or "Defendant"), by and through legal counsel, hereby responds to the "Motion Objecting to Claims Pursuant to Section 502(d) of the Bankruptcy Code" filed by The Class 10 Liquidation Trust (the "Trust"), as follows:

1.     On March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings, L.L.C., Shapes L.L.C., Ultra L.L.C., Delair L.L.C., and Accu-Weld L.L.C. (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code

SL1 1022859v1/012031.00006

(the "Bankruptcy Code").  The cases were jointly administered pursuant to this Court's Order dated March 18, 2008.

2. On March 16, 2008, the Debtors filed, among other things, their Schedule of Executory Contracts and Unexpired Leases.

3. The Debtors' Third Amended Joint Plan of Reorganization was confirmed by Order of this Court dated July 24, 2008 (the "Plan").  The Plan became effective on August 8, 2008 (the "Effective Date").  Pursuant to the Plan, the Trust came into existence on the Effective Date.

4. On March 9, 2010, the Trust filed a multi-count Adversary Proceeding against Crown claiming that Crown had received certain avoidable transfers from the Debtors.  In Count V of the Complaint, the Trust alleged that Crown was "the initial transferee of the Avoidable Transfer, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Avoidable Transfer was made."  As such, the Trust asked this Court to "disallow[…] any claim of Defendant against the Debtor pursuant to 11 U.S.C. 502(d)."

5. On April 8, 2010, Crown timely filed its Answer, fully denying the substantive averments of the Trust's Complaint, including Count V.  Additionally, in its Answer Crown asserted eight affirmative defenses.

6. On April 26, 2010, the Trust filed the motion *sub judice* (the "April 26 Motion").  Through the April 26 Motion, the Trust requests this Court to disallow certain claims belonging to Crown by application of Section 502(d) of the Bankruptcy Code.  See

Exhibit A of the April 26 Motion. The April 26 Motion prays for the exact same relief sought by the Trust in Count V of its previously filed Complaint.

7. Section 502(d) of the Bankruptcy Code provides, in pertinent part, as follows: "the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549…of this title." In other words, "section 502(d) requires the recipient of a preferential transfer to return the transfer to the trustee prior to receiving payment on any claims the recipient may possess." *In re: Midwest Agri Development Corp.*, 387 B.R. 580, 585 (8th Cir. 2008). In essence, an objection based on section 502(d) is an affirmative defense to a creditor's claim. *See e.g. Id. at 586; In re: Rhythms Netconnections Inc.*, 300 B.R. 404, 409 (Bankr. S.D.N.Y. 2003).

8. The language of section 502(d) indicates that that section should be used to disallow a creditor's claim only after the creditor has been found liable for a preferential transfer by the court; "otherwise, the court could not determine if the exception applies." *In re: Odom Antennas, Inc.*, 340 F.3d 705, 708 (8th Cir. 2003) (observing that the purpose of section 502(d) is to ensure compliance with judicial orders after a creditor has been first adjudged to have been in receipt of a preferential transfer). When a trustee or debtor in possession objects to a creditor's claim based on section 502(d), the trustee "must obtain a valid judgment under the applicable avoidance provision prior to asserting a defense under section 502(d)." *In re: Midwest Agri Development Corp.*, 387 B.R. at 586. Further, if "the court does not first determine avoidability, then the court cannot determine if section 502(d) applies." *Id*.

9.   This Court has not determined whether Crown received a preferential transfer; so the Trustee does not have a valid judgment.  Thus, the April 26 Motion is premature and should be disallowed.  The Trust appears to recognize this, as the April 26 Motion states that the motion was filed merely "in light of the approaching Claims Objection Deadline and in an excess of caution."

10.  Additionally, the April 26 Motion does not provide any legal or factual support for the contention that Section 502(d) of the Bankruptcy Code, or any other provision of the Bankruptcy Code, applies to Crown.  In an attempt to provide some legitimacy to its assertion that 502(d) applies to Crown, the Trust provides an affidavit from senior consultant Lynn Smalley.  In her affidavit, Ms. Smalley identifies Crown as one of 60 "Avoidance Action defendants," (defined in the body of the April 26 Motion) who were earlier sued by the Trust.  In her affidavit, Ms. Smalley states, without more, that "I believe the Motion and exhibits accurately identify claimants…who have amounts due and owing to the Debtors in connection with avoidance claims (which recoveries have been assigned by the Debtors to the Trust)."  Ms. Smalley's affidavit provides no details concerning her conclusion.  Further, Ms. Smalley does not provide proof of why Crown's claims are avoidable.  In essence, Ms. Smalley asserts that Crown's claims are avoidable because she said so.  It is the Court, and not Ms. Smalley, that possesses the authority to make such an assessment.

11.  The Trust has already filed an Adversary Proceeding, which Crown has answered.  This Court has not had the opportunity to conduct a hearing to determine the merits previously presented, *viz.*: (i) whether any transfers were made by the Debtors to Crown; and (ii) if such transfers were made, whether those transfers were avoidable under the

Bankruptcy Code.  In short, the substance of the Trust's Complaint and Crown's Answer has not been decided by this Court.  The existence and consequence of any avoidable transfers as between the Debtors and Crown will be determined by a hearing on the merits conducted by this Court.

12.    In sum, it appears that the Trust, through the April 26 Motion, desires this Court to forgo conducting a hearing on the merits of its Complaint and Crown's Answer, and skip directly to disallowing the claims it lists for Crown in Exhibit A of the April 26 Motion.  In this sense the Trust, through its motion, has put the cart in front of the horse.

**WHEREFORE**, Crown respectfully requests that the Court deny the April 26 Motion as it pertains to Crown.

Dated:  September 15, 2010

                                                    Respectfully submitted,

                                                    STEVENS & LEE

                                                    */s/ John C. Kilgannon*
                                                    John C. Kilgannon
                                                    1456 Marlton Pike East
                                                    Suite 506
                                                    Cherry Hill, NJ 08034
                                                    (856) 354-9200
                                                    jck@stevenslee.com
                                                    *Counsel for Defendant, Crown*
                                                    *Credit Company*