BRAVERMAN KASKEY, P.C.
By: David L. Braverman, Esquire
　　John E. Kaskey, Esquire
One Liberty Place, 56th Floor
Philadelphia, PA 19103-7334
Telephone: 215-575-3800
Facsimile: 215-575-3801

*Attorneys for Defendant Northeast Metal Traders, Inc.*

| | |
|---|---|
| In the Matter of: | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS L.L.C., *et al.*, | HON. GLORIA M. BURNS<br>CASE NO. 08-14631 (GMB) |
| Reorganized Debtors. | Chapter 11<br>(Jointly Administered) |
| | Hearing Date: September 27, 2010 |

## NORTHEAST METAL TRADERS, INC.'S OPPOSITION TO THE CLASS TEN LIQUIDATION TRUST'S MOTION OBJECTING TO CLAIMS UNDER SECTION 502(d) OF THE BANKRUPTCY CODE

Northeast Metal Traders, Inc. ("NEMT"), through its undersigned counsel, submits the following opposition to The Class 10 Liquidation Trust's ("Trust"), by and through Steven D. Sass, as Trustee ("Trustee"), Motion Objecting to Claims under Section 502(d) of the Bankruptcy Code ("Motion"):

### I.    BACKGROUND

1.    On March 16, 2008, Shapes/Arch Holdings, L.L.C., Shapes L.L.C., Ultra, L.L.C. Delair L.L.C. and Accu-Weld (collectively as the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

2. On March 18, 2008, this Court ordered the joint administration of the cases.

3. On or about March 11, 2010, the Trustee, on behalf of the Trust, filed a multi-count adversary proceeding against NEMT seeking to avoid certain alleged transfers, pursuant to §§544, 547 and 548, totaling $1,767,249.23 (adversary case number 10-01377) ("Northeast Adversary Proceeding").

4. In Count V of the Complaint in the Northeast Metal Adversary Proceeding, the Trust alleged that:

> [NEMT] was the initial transferee of the Avoidable Transfer, the immediate or mediate transferee of such initial transferee, or the person for whose benefit the Avoidable Transfer was made. Pursuant to 11 U.S.C. §502(d), any claims of [NEMT] against the Debtors must be disallowed until such time as [NEMT] pays to the Class 10 Trust an amount equal to the aggregate amount of the Avoidable Transfer.

5. On April 26, 2010, the Trust filed the Motion requesting the Court to disallow a claim belonging to NEMT in the amount of $11,493.65 (claim number 488) pursuant to 11 U.S.C. §502(d) of the Bankruptcy Code. *See* Exhibit A to the Motion. The Motion seeks the same relief contained in Count V of the complaint in the NEMT Adversary Proceeding.

6. On May 14, 2010, NEMT filed its answer to the complaint, specifically denying the substantive allegations of the Complaint, including the averments in Count V, as well as asserting nine affirmative defenses.

7. The NEMT Adversary Proceeding is still pending. Indeed, the parties are currently in discovery and no final decision has been rendered with respect to the Trust's avoidance claims and NEMT's affirmative defenses.

II.  **ARGUMENT**

**The Motion Should Be Denied As Premature Because No Judgment Has Been Entered Against NEMT In The NEMT Adversary Proceeding**

8.  Section 502(d) provides, in relevant part, that:

> the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, **unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title**. (Emphasis supplied).

9.  "The purpose of section 502(d) is to ensure compliance with judicial orders by totally disallowing any claim filed by a creditor that is liable for a preferential or fraudulent transfer – unless the creditor first pays the amount due to the estate." *Logan v. Credit Gen. Ins. Co. (In re PRS Ins. Group, Inc.)*, 331 B.R. 580, 587 (Bankr. D. Del. 2005). In other words, "[s]ection 502(d) 'is designed to assure an equality of distribution of the assets of the bankruptcy estate . . ..'" *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892, at *70 (Bankr. E.D.Pa. August 21, 1996).

10.  As such, "[i]n order to sustain a section 502(d) defense to a claim, the debtor **must first establish that the creditor is liable for an avoidable transfer**." *In re PRS Ins. Group, Inc.*, 331 B.R. at 587 (emphasis supplied). *See also Springel v. Prosser (In re Prosser)*, 2009 Bankr. LEXIS 3279, at *78 (Bankr. D.V.I. October 9, 2009) ("Application of §502(d) is not triggered until the trustee successfully prosecutes an avoidance action."); *In re Foundation for New Era Philanthropy*, 1996 Bankr. LEXIS 1892, at *71 ("section 502(d) is not applicable until a final determination that a transfer is avoidable has been made.").

11. Indeed, "[b]ecause section 502(d) provides that an entity's claim is not disallowed if the entity pays the amount owed or turns over the property, the court may only use section 502(d) to disallow a claim if the entity is first adjudged liable under the applicable section." *Hoggarth v. Kaler (In re Midwest Agri Dev. Corp.)*, 387 B.R. 580, 586 (B.A.P. 8th Cir. 2008). Thus, "[i]f the court does not first determine avoidability, then the court cannot determine if section 502(d) applies. Section 502(d) requires the trustee to first obtain an order before asserting a defense under section 502(d)." *Id.*; *see also Holloway v. Internal Revenue Service (In re Odom Antennas, Inc.)*, 340 F.3d 705, 708 (8th Cir. 2003) (holding that the language of section 502(d) indicates that it "should be used to disallow a claim after the entity is first adjudged liable; otherwise, the court could not determine if the exception applies.").

12. In *Marketing Res. Int'l Corp. v. PTC Corp. (In re Marketing Res. Int'l Corp.)*, 35 B.R. 353, 356 (Bankr. E.D.Pa. 1984), the court explained that:

> Section 502(d) embraces the situation where the debtor or the trustee successfully prosecutes an action against a party under one of the sections designated in that section. In the event the party refuses to comply with the judgment, the court must disallow the party's claim to prevent it from sharing in the distribution of the bankruptcy estate.

13. As such, a creditor's claim should not be disallowed under §502(d) until after a court has determined that the creditor is liable for a preferential transfer. *See In re Midwest Agri Dev. Corp.*, 387 B.R. at 586 (holding that "[i]f there is no valid order under section 547 which avoids a transfer, the trustee cannot assert a defense under section 502(d)").

14. In this instance, the NEMT Adversary Proceeding is still pending and this Court has yet to determine whether the alleged transfers made by Debtors to NEMT are, in fact, avoidable under the applicable provisions of the Bankruptcy Code. It is undisputed that the Trust does not have

a valid judgment against NEMT. As such, the Motion is premature. Indeed, in paragraph 12 of the Motion, the Trust recognizes as much when it averred that, "in light of the approaching Claims Objection Deadline and in excess of caution, the Trust also makes this Motion . . .." Notwithstanding, by this Motion, the Trust is improperly seeking to disallow a claim before there has been any determination at to NEMT's liability.

15.  Until this Court makes a final determination as to the avoidability of any of the alleged transfers in the NEMT Adversary Proceeding, this Court cannot disallow any claim of NEMT.

16.  Further, other than indicating that NEMT is one of "more than sixty [Avoidance Action] defendants," the Motion fails to detail why NEMT's claim is avoidable. The mere commencement of a contested avoidance action by the Debtors, does not automatically subject NEMT's claim to disallowance, as the Trust attempts to suggest. To the contrary, it is clear that the Trust must obtain a valid judgment against NEMT in the NEMT Adversary Proceeding before seeking to have NEMT's claim disallowed under §502(d) of the Bankruptcy Code.

17.  Based upon the foregoing, NEMT respectfully requests that the Court deny the Motion as it pertains to NEMT.

Dated: September 17, 2010
        /s/ John E. Kaskey
David L. Braverman, Esquire
John E. Kaskey, Esquire
BRAVERMAN KASKEY, P.C.
One Liberty Place, 56th Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
(215) 575-3800

*Attorneys for Northeast Metal Traders, Inc.*