**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone (212) 765-9100
Facsimile (212) 765-0964
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE SCHOTZ MEISEL**
**FORMAN & LEONARD, P.A.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602
Telephone (201) 489-3000
Facsimile (201) 489-1536
Ilana Volkov, Esq.
Felice R. Yudkin, Esq.

Co-Counsel for the Class 10 Liquidation Trust

|  |  |
|---|---|
|  | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY HONORABLE GLORIA M. BURNS CASE NO. 08-14631 (GMB) |
|  | CHAPTER 11 (Jointly Administered) |
| In the Matter of: : <br> : <br> SHAPES/ARCH HOLDINGS L.L.C., *et al.*, : <br> : <br> Reorganized Debtors. : <br> : <br> : | **MOTION OF THE CLASS 10 LIQUIDATION TRUST FOR AN ORDER MODIFYING GLOBAL PROCEDURES AND ESTABLISHING MEDIATION PROCEDURES WITH RESPECT TO REMAINING AVOIDANCE ACTIONS** |
|  | **HEARING DATE AND TIME:** <br> October 18, 2010, 10:00 a.m. |
|  | ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED |

TO: THE HONORABLE GLORIA M. BURNS,
UNITED STATES BANKRUPTCY JUDGE:

45765/0003-7016520v1

The Class 10 Liquidation Trust, also known as the Shapes Liquidation Trust (the "Liquidation Trust"), established upon the effective date of the Chapter 11 plan of Shapes/Arch Holdings, L.L.C., et al., the above-captioned reorganized debtors and debtors-in-possession (together, the "Debtors"), makes this motion (the "Motion"), by and through Steven D. Sass, the Trustee for the Liquidation Trust, for entry of an order (i) modifying the deadlines set forth in the Order Approving and Adopting Global Procedures With Respect to Avoidance Actions, dated April 27, 2010 (the "Procedures Order") and (ii) establishing mediation procedures for the avoidance actions that remain open and unresolved as of March 25, 2011. In support of the Motion, the Liquidation Trust asserts as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of these cases and the Motion before the Court is proper pursuant to 28 U.S.C. §§1408 et seq. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Trust is specifically authorized and empowered to make the Motion pursuant to the Plan and the Confirmation Order. The predicates for the relief sought herein are Section 105(a) of the Bankruptcy Code, Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure and Rule 9019-2 of the Local Bankruptcy Rules for the District of New Jersey ("Local Bankruptcy Rule 9019-2").

## BACKGROUND

2.  The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Petition Date"). The cases were jointly administered pursuant to this Court's Order dated March 18, 2008.

3.  The Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan") was confirmed by Order of this

Court dated July 24, 2008 and became effective on August 8, 2008 (the "Effective Date"). On the Effective Date of the Plan, the Liquidation Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims and bring avoidance actions.

4. After review of the Debtors' books and records, the Liquidation Trust, with the assistance of its financial advisor, identified entities that had received payments that the Trust believed might be avoidable under Sections 547, 548, 549, and 550 of the Bankruptcy Code.

5. The Liquidation Trust began sending "demand" letters respecting avoidance claims in January of 2009 and through that process was able to informally resolve numerous preference claims against potential defendants. Not all of the avoidance claims could be resolved in advance of litigation, however, and as of the date of this Motion, the Liquidation Trust has filed 71 avoidance actions (together, the "Avoidance Actions"), one of which is a fraudulent transfer action against 12 parties.

6. In order to minimize the expenses to the Liquidation Trust and the defendants, and to avoid the unnecessary use of the Court's time and resources, the Liquidation Trust made a motion dated April 5, 2010 for approval of certain procedures and deadlines in connection with the Avoidance Actions. [D.N. 953] That motion was granted, and the resulting Procedures Order, among other things, established procedures for the approval of settlements, waived certain of the requirements of Rule 7026 of the Federal Rules of Bankruptcy Procedure, set a November 1, 2010 deadline for the completion of discovery and a December 15, 2010 deadline for the filing

3

of dispositive motions, and referred cases that were unresolved as of January 31, 2011 to mediation.[1]  [D.N. 974]

## THE STATUS OF THE AVOIDANCE ACTIONS

7. In the months since the entry of the Procedures Order, the Liquidation Trust has resolved the majority of the Avoidance Actions. As of the date of this Motion, (i) 34 cases have been closed, largely as a result of settlements approved by the Court, (ii) 9 additional settlements have been approved by the Court, and the cases await closing, (iii) 6 settlements are included in notices of settlement presently before the Court, and (iv) 3 defaults have been submitted. The unresolved matters are currently limited to the fraudulent conveyance action (where settlement has been reached with 2 of the 12 defendants, but 10 defendants remain) and 17 preference actions (the unresolved matters being the "Remaining Avoidance Actions").  A list of the Remaining Avoidance Actions is attached hereto as Exhibit A.

8. The Liquidation Trust continues to pursue settlement in the Remaining Avoidance Actions, but of necessity is also proceeding with discovery. Many of the defendants in the Remaining Avoidance Actions have been served with document requests, interrogatories and requests for admissions, and some of the defendants have likewise served the Liquidation Trust with discovery requests. However, to date, no depositions have been noticed or conducted, and expert discovery has not occurred.

---

[1] Northeast Metal Traders, Inc. ("<u>NEMT</u>") informally objected to certain features of the Procedures Order, including the mandatory mediation provision, and was consensually excepted from those provisions. Consistent therewith, the proposed order attached to this Motion also excepts NEMT from the mandatory mediation procedures. (No other objections, informal or otherwise, were received in connection with the Procedures Order.)

45765/0003-7016520v1

9. The Liquidation Trust has also served subpoenas upon J.P. Morgan Chase, the bank with which the Debtors maintained accounts immediately prior to the Petition Date. Reponses to the subpoenas were recently received by the Liquidation Trust. The responses must be reviewed, and where appropriate, the Liquidation Trust will supplement its responses to the discovery requests of the defendants in the Remaining Avoidance Actions. In addition, the Liquidation Trust anticipates serving a subpoena upon at least one more bank.

10. Finally, the Liquidation Trust has informally requested certain documents and information from the reorganized Debtors, and is hopeful that it will receive the requested documents without the need for formal discovery. However, that process is also ongoing, and as with the bank discovery, once documents are received and reviewed, it may be necessary for the Liquidation Trust to supplement its discovery responses.

## THE RELIEF REQUESTED

11. By this Motion, the Liquidation Trust seeks (i) extensions of certain of the deadlines established in the existing Procedures Order, and (ii) the approval of procedures for the mediations that have already been authorized by the Court. The Liquidation Trust submits that good cause exists for the granting of the Motion, as the relief requested will benefit all parties. The extensions of the deadlines and establishment of mediation procedures will permit the Remaining Avoidance Actions to proceed in an orderly fashion, insure that the parties have all pertinent and available information, and in the event that mediation is necessary, allow for the selection of the mediators and scheduling of mediations. The extension of time in which to complete discovery will also provide the parties with additional time in which to pursue settlement without the cost and distraction of simultaneously conducting discovery and may encourage additional settlements.

45765/0003-7016520v1

12. **Discovery and Other Deadlines**.  For all of the Remaining Avoidance Actions, the Liquidation Trust requests that existing deadlines be extended, and proposes the following new deadlines:

> i. **Completion of discovery**:  January 10, 2011.  All motions to compel discovery are to be made so that the Court can rule and discovery can be obtained prior to that date.
>
> ii. **Dispositive motions**:  February 9, 2011.  Dispositive motions shall be filed by that date and made returnable no later than March 15, 2011.
>
> iii. **Mediation**.  Any matter that has not been otherwise resolved by or before March 25, 2011 (other than the NEMT matter) shall be referred to mediation as of that date.

13. **Mediation Procedures/Timing**.  This Court has previously ordered mediation of all actions other than the NEMT action.  The Liquidation Trust proposes the following procedures for the mediations (the "Proposed Procedures"):

> i. The "Initiation Date" of the mediations shall be March 25, 2011.  On or before the Initiation Date, the Liquidation Trust shall file with the Court a list of four (4) mediators who are on the register of eligible mediators maintained by the United States Bankruptcy Court for the District of New Jersey (the "Mediators"), and within fifteen (15) days after the Initiation Date, each defendant shall propose to the Liquidation Trust in writing which Mediator will preside over that Remaining Avoidance Action (subject to such Mediator's availability and clearance of any and all conflict of interest issues), and an alternate Mediator.
>
> ii. If a defendant does not notify the Liquidation Trust in writing of its choice within fifteen (15) days after the Initiation Date, the Liquidation Trust shall decide, in its sole discretion, which of the Mediators shall preside over the relevant Remaining Avoidance Action (again subject to such Mediator's availability and clearance of any and all conflict of interest issues) and who shall serve as the alternate, and shall notify the defendant of such choice in writing.
>
> iii. If the selected Mediator and the alternate Mediator are conflicted or otherwise unavailable, the selecting party shall choose one of the remaining Mediators.

45765/0003-7016520v1

    iv.    On or before April 29, 2011, the Liquidation Trust shall file with the Court and serve upon the affected defendants a notice and proposed order identifying the cases that have been referred to mediation, and the selected Mediator and alternate Mediator for each case. Absent an objection to the proposed order within ten (10) days of service, the Court may enter such order (the "Referral Order").

    v.    The mediations shall be held at the offices of either (i) Cole Schotz Meisel Forman & Leonard, P.A., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601; or (ii) Halperin Battaglia Raicht, LLP, 555 Madison Avenue, New York, New York 10022. The location, date and time of a particular mediation shall be set by the Mediator, after consultation with the parties. All mediations shall occur within forty-five (45) days from entry of the Referral Order.

    vi.    Except as specifically modified herein, the mediations shall be governed by the provisions of Local Bankruptcy Rule 9019-2.

    vii.    Remaining Avoidance Actions that are not resolved in advance of such deadline shall be set for trial approximately ninety (90) days after entry of the Referral Order, on a date that is appropriate in light of the mediation schedule and that is convenient to the Court's calendar.

14. The Proposed Procedures are designed to promote the cost-effective, timely resolution of the Remaining Avoidance Actions and to further the goals of judicial economy and efficiency. The Liquidation Trust notes that Bankruptcy Rules 7016(b) and 7026 afford courts significant flexibility in matters of case management, scheduling and discovery. Fed. R. Bankr. Pro. 7016, 7026.

15. Section 105(a) of the Bankruptcy Code also grants courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary

or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

16. Here, the Proposed Procedures establish a structured, efficient process for the resolution of the Remaining Avoidance Actions, and are consistent with the provisions of Local Bankruptcy Rule 9019-2. The Liquidation Trust believes the Proposed Procedures are integral to its ability to resolve the actions in a cost-effective, efficient manner that will further distributions to creditors. In light of the foregoing, the Liquidation Trust submits that the Proposed Procedures are warranted and approval thereof is well within the authority of this Court.

## **NOTICE**

17. The Liquidation Trust has served notice of this Motion on Debtors' counsel, the Office of the United States Trustee and counsel for the defendants in each of the Remaining Avoidance Actions.

## **CONCLUSION**

WHEREFORE, the Liquidation Trust respectfully requests this Court enter an order substantially in the form of the proposed order annexed hereto as Exhibit B: (i) granting this Motion; (ii) extending certain existing deadlines; (iii) approving the procedures set forth herein; and (v) granting such other relief as may be just and proper.

        COLE SCHOTZ MEISEL
        FORMAN & LEONARD, P.A.

        By: */s/ Felice R. Yudkin*
            Ilana Volkov
            Felice R. Yudkin
        Court Plaza North
        25 Main Street
        P.O. Box 800
        Hackensack, New Jersey 07602

        -and-

        HALPERIN BATTAGLIA RAICHT, LLP
        Donna H. Lieberman, Esq.
        Carrie E. Mitchell, Esq.
        555 Madison Avenue, 9th Floor
        New York, New York 10022
        Telephone: (212) 765-9100
        Facsimile: (212) 765-0964

        Co-Counsel for the Class 10 Liquidation Trust

Dated: September 22, 2010