Order Filed on
**10/18/2010**
by Clerk U.S. Bankruptcy
Court District of New Jersey

| |
|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**HALPERIN BATTAGLIA RAICHT, LLP**<br>555 Madison Avenue, 9th Floor<br>New York, New York 10022<br>(212) 765-9100<br>(212) 765-0964 Facsimile<br>Donna H. Lieberman, Esq.<br>Carrie E. Mitchell, Esq.<br><br>**COLE, SCHOTZ, MEISEL,**<br>**FORMAN & LEONARD, P.A.**<br>A Professional Corporation<br>25 Main Street<br>P. O. Box 800<br>Hackensack, NJ 07602-0800<br>(201) 489-3000<br>(201) 489-1536  Facsimile<br>Ilana Volkov, Esq.<br>Felice Yudkin, Esq.<br><br>Co-Counsel for the Class 10 Liquidation Trust |
| In re:<br><br>SHAPES/ARCH HOLDINGS L.L.C., *et al*.<br><br>                          Reorganized Debtors. |

Chapter 11

Case No. 08-14631 (GMB)
(Jointly Administered)

Judge:  Hon. Gloria M. Burns

Hearing Date:  October 18, 2010

**ORDER MODIFYING GLOBAL PROCEDURES AND
ESTABLISHING MEDIATION PROCEDURES WITH RESPECT
TO REMAINING AVOIDANCE ACTIONS**

The relief set forth on the following pages

**ORDERED.**

_____
Honorable Gloria M Burns
United States Bankruptcy Court Judge

**DATED: 10/18/2010**

45765/0003-7017119v2

(Page 2)
Debtor: SHAPES/ARCH HOLDINGS L.L.C., *et al.*
Case No. 08-14631 (GMB)
Caption of Order: ORDER MODIFYING GLOBAL PROCEDURES AND ESTABLISHING MEDIATION PROCEDURES WITH RESPECT TO REMAINING AVOIDANCE ACTIONS

---

THIS MATTER came before the Court on the motion of The Class 10 Liquidation Trust, also known as the Shapes Liquidation Trust (the "Liquidation Trust"), established upon the effective date of the Chapter 11 plan of Shapes/Arch Holdings, for entry of an order modifying the deadlines set forth in the Order Approving and Adopting Global Procedures With Respect to Avoidance Actions, dated April 27, 2010 (the "Procedures Order") and (ii) establishing mediation procedures for the avoidance actions that remain open and unresolved as of March 25, 2011[1]; and the Court having determined that adequate notice of the Motion has been given pursuant to Fed. R. Bankr. P. 2002; and the Court having read and considered the Motion, and no objections or responses having been received; and the Court having read and considered the Motion, and arguments of any counsel appearing regarding the relief requested in the Motion; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein:

It is hereby ORDERED that:

1. The Motion be and is hereby GRANTED.

2. The deadlines established in the Procedures Order are modified as set forth below, and the new deadlines are approved:

    i. **Completion of discovery**: January 10, 2011. All motions to compel discovery are to be made so that the Court can rule and discovery can be obtained prior to that date.

---

[1] Capitalized terms used herein and not otherwise shall have the meaning ascribed to them in the Motion.

(Page 3)
Debtor: SHAPES/ARCH HOLDINGS L.L.C., *et al.*
Case No. 08-14631 (GMB)
Caption of Order: ORDER MODIFYING GLOBAL PROCEDURES AND ESTABLISHING MEDIATION PROCEDURES WITH RESPECT TO REMAINING AVOIDANCE ACTIONS

    ii. **Dispositive motions**: February 9, 2011.  Dispositive motions shall be filed by that date and made returnable no later than March 15, 2011.

    iii. **Mediation**.  Any matter that has not been otherwise resolved by or before March 25, 2011 (other than the NEMT matter) shall be referred to mediation as of March 25, 2011.

3. The mediation deadlines and procedures set forth below are approved:

    i. The "Initiation Date" of the mediations shall be March 25, 2011.  On or before the Initiation Date, the Liquidation Trust shall file with the Court a list of four (4) mediators who are on the register of eligible mediators maintained by the United States Bankruptcy Court for the District of New Jersey (the "Mediators"), and within fifteen (15) days after the Initiation Date, each defendant shall propose to the Liquidation Trust in writing which Mediator will preside over that Remaining Avoidance Action (subject to such Mediator's availability and clearance of any and all conflict of interest issues), and an alternate Mediator.

    ii. If a defendant does not notify the Liquidation Trust in writing of its choice within fifteen (15) days after the Initiation Date, the Liquidation Trust shall decide, in its sole discretion, which of the Mediators shall preside over the relevant Remaining Avoidance Action (again subject to such Mediator's availability and clearance of any and all conflict of interest issues) and who shall serve as the alternate, and shall notify the defendant of such choice in writing.

    iii. If the selected Mediator and the alternate Mediator are conflicted or otherwise unavailable, the selecting party shall choose one of the remaining Mediators.

    iv. On or before April 29, 2011, the Liquidation Trust shall file with the Court and serve upon the affected defendants a notice and proposed order identifying the cases that have been referred to mediation, and the selected Mediator and alternate Mediator for each case.  Absent an objection to the proposed order within ten (10) days of service, the Court may enter such order (the "Referral Order").

    v. The mediations shall be held at (a) the offices of either (i) Cole Schotz Meisel Forman & Leonard, P.A., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601; or (ii) Halperin Battaglia Raicht, LLP,

(Page 4)
Debtor: SHAPES/ARCH HOLDINGS L.L.C., *et al.*
Case No. 08-14631 (GMB)
Caption of Order: ORDER MODIFYING GLOBAL PROCEDURES AND ESTABLISHING MEDIATION PROCEDURES WITH RESPECT TO REMAINING AVOIDANCE ACTIONS

---

555 Madison Avenue, New York, New York 10022 or (b) such other location reasonably convenient for the parties. The location, date and time of a particular mediation shall be set by the Mediator, after consultation with the parties. All mediations shall occur within forty-five (45) days from entry of the Referral Order.

vi. Except as specifically modified herein, the mediations shall be governed by the provisions of Local Bankruptcy Rule 9019-2.

vii. Remaining Avoidance Actions that are not resolved in advance of such deadline shall be set for trial approximately ninety (90) days after entry of the Referral Order, on a date that is appropriate in light of the mediation schedule and that is convenient to the Court's calendar.

4. A copy of this Order shall be docketed in the main case, Case No. 08-14631-GMB Shapes/Arch Holdings L.L.C., and in each of the adversary proceedings listed on the attached **Exhibit A**.

45765/0003-7017119v2

*Approved by Judge Gloria M. Burns October 18, 2010*

# EXHIBIT A

| Adv. Pro. No. | Name |
|---|---|
| 09-02957 GMB | The Class 10 Liquidation Trust v. Magretech |
| 09-02963 GMB | The Class 10 Liquidation Trust v. DGI Supply |
| 10-01329-GMB | The Class 10 Liquidation Trust v. Compressed Air Equipment, Inc. |
| 10-01033-GMB | The Class 10 Liquidation Trust v. Toco Products, Inc. |
| 10-01338-GMB | The Class 10 Liquidation Trust v. Crown Credit Company |
| 10-01346-GMB | The Class 10 Liquidation Trust v. Lamatek, Inc. |
| 10-01352-GMB | The Class 10 Liquidation Trust v. Metal Koting |
| 10-01353-GMB | The Class 10 Liquidation Trust v. National Accreditation and Management Institute |
| 10-01361-GMB | The Class 10 Liquidation Trust v. Shapes Unlimited, Inc. |
| 10-01363-GMB | The Class 10 Liquidation Trust v. South Jersey Processing Inc. |
| 10-01377-GMB | The Class 10 Liquidation Trust v. Northeast Metal Traders, Inc. |
| 10-01379-GMB | The Class 10 Liquidation Trust v. Polyone Corporation |
| 10-01380-GMB | The Class 10 Liquidation Trust v. Premier Window |
| 10-01382-GMB | The Class 10 Liquidation Trust v. Verizon |
| 10-01383-GMB | The Class 10 Liquidation Trust v. Wagstaff, Inc. |
| 10-01392-GMB | The Class 10 Liquidation Trust v. HD Supply |
| 10-01398-GMB | The Class 10 Liquidation Trust v. Carpey et al.[2] |
| 10-02119-GMB | The Class 10 Liquidation Trust v. Window Depot USA |

---

[2] Adversary Proceeding 10-01398 was commenced against twelve defendants. The Class 10 Liquidation Trust has settled its claims against two of those defendants, Craig & Lori Seller. The litigation is continuing against the remaining ten defendants.