# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of:<br><br>SHAPES/ARCH HOLDINGS L.L.C., *et al.*,<br><br>Reorganized Debtors.<br><br>THE CLASS 10 LIQUIDATION TRUST, by and through Steven D. Sass, as Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>**CROWN CREDIT COMPANY.**,<br><br>Defendant. | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY<br>HON. GLORIA M. BURNS<br><br>CASE NO. 08-14631 (GMB)<br>(Jointly Administered)<br><br>Chapter 11<br><br><br><br>ADV. NO. **10-01338-GMB** |

### STIPULATION OF SETTLEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement") is entered into this 28th day of Septmeber, 2010, between the Class 10 Liquidation Trust, by and through Steven D. Sass, as Trustee (together, the 'Trust"), and **Crown Credit Company** ("Defendant", and together with the Trustee, the "Parties"). In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Parties agree as follows:

### Recitals

WHEREAS, on March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings L.L.C., Shapes LLC, Ultra LLC, Delair LLC, or Accu-Weld LLC (together, the "Debtors") filed for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), jointly administered under Case Number 08-14631; and

WHEREAS, on July 24, 2008, the Bankruptcy Court entered an order confirming the *Plan of Reorganization as Amended of Shapes/Arch Holdings LLC, et al.* (the "Plan"), wherein the Plan provides for the creation of a Liquidation Trust for the benefit of holders of Allowed Class 10 General Unsecured Claims; and

WHEREAS, the Plan became effective on August 8, 2008 (the "Effective Date"), and the Class 10 Liquidation Trust came into existence and the Trustee was appointed; and

WHEREAS, in accordance with the Plan and as of the Effective Date, various rights and

{00128078:1 \ 0631-003}

interests of the Debtors and their bankruptcy estates were transferred to the Trust, including, without limitation, the right to recover preferential transfers and/or settle causes of actions or demands related thereto; and

WHEREAS, on or about January 11, 2010, the Trust filed an Adversary Proceeding against Defendant in the Bankruptcy Court, **case no. 10-01338** (the "Avoidance Action"), seeking to (i) avoid and recover **$16,293.95** in payments made by the Debtors to Defendant as allegedly avoidable transfers (the "Transfers") pursuant to 11 U.S.C. § 547(b) or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b); (ii) preserve for the benefit of the Trust, as the designee of the Debtors' estates, property or the value thereof pursuant to 11 U.S.C. § 551; (iii) recover avoidable transfers pursuant to 11 U.S.C. § 550; and (iv) disallow claims pursuant to 11 U.S.C. § 502(d); and

WHEREAS, the Parties have exchanged information and documents, and the Defendant has asserted new value, ordinary course and other defenses to the Avoidance Action; and

WHEREAS, the Parties desire to avoid the expense and uncertainty of litigation relative to the Avoidance Action and any defenses Defendant may have to claims therein; and

WHEREAS, the Parties now desire to resolve any and all disputes arising out of or related to the Transfers, according to the terms set forth herein.

### Agreement

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1. Recitals Incorporated. The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement.

2. Payment and Delivery. Defendant shall pay the sum of **$1,000.00** (the "Settlement Payment"), by delivering a check to Halperin Battaglia Raicht, LLP, ("HBR") counsel to the Trust (Attn: Carrie E. Mitchell, Esq.), 555 Madison Avenue, 9th Floor, New York, NY 10022 by ~~October 15, 2010~~ November 1st 2010. That check shall be deposited and the funds held pending Bankruptcy Court approval of the Settlement as and to the extent set forth in paragraph 8 hereof. In the event the Trust does not obtain authority to settle this matter in a manner consistent with the terms of this Agreement, the Trust will immediately return the Settlement Payment to the Creditor.

3. Release of Claims by the Trust. The Trust hereby waives and releases any and all claims, causes of action, rights and remedies it has or had against Defendant with respect to the Transfers enumerated in the Avoidance Action, and any and all claims pursuant to Chapter 5 of the Bankruptcy Code, other than rights preserved or created under this Settlement. This release is subject to and conditioned on receipt by HBR of the Settlement Payment and the clearing of the check referred to in paragraph 2 above, and the approval of this Settlement by the Bankruptcy Court as and to the extent set forth in paragraph 8 hereof. In the event the Settlement Payment is not delivered, the check does

128078.2



not clear or necessary approvals by the Bankruptcy Court are not obtained, this release is of no force and effect and the Trust reserves all of its rights against Defendant.

4. <u>Release of Claims by the Defendant</u>. Defendant hereby waives any and all claims arising from the payment of the Settlement Payment under § 502(h) of the Bankruptcy Code. Any other claim filed by or on behalf of the creditor shall remain unaffected by this Settlement Agreement.

5. <u>Binding Effect.</u> This Settlement is binding upon the Parties hereto and their successors and assigns.

6. <u>Choice of Law and Jurisdiction.</u> This Settlement shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable Federal law. The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Agreement, and any claims or actions based upon this Settlement, by and under the exclusive jurisdiction of the Bankruptcy Court.

7. <u>No Waiver.</u> No failure or delay by either Party in exercising any right, power, or privilege under this Settlement or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

8. <u>Bankruptcy Court Approval.</u> Notwithstanding anything contained in this agreement, this Settlement and the releases provided herein shall not be effective until: (a) the Settlement Payment has been paid to HBR, as counsel for the Trust, and the payment check has cleared, and (b) the Bankruptcy Court has approved this Settlement by either (i) the entry of a Certification of No Objection with respect to the Settlement on the Bankruptcy Court's docket of the case, following the Trust's filing of an Information for Notice of Settlement, and the Trust's dismissing the Adversary Proceeding with prejudice, (ii) if there has been an objection to the Settlement, the Bankruptcy Court has entered an Order authorizing the Trust to consummate the Settlement described herein and dismissing the Adversary Proceeding with prejudice, which Order has become a final and non-appealable Order or (iii) such other procedures as may be authorized pursuant to the Order Approving and Adopting Global Procedures with Respect to Avoidance Actions, dated April 27, 2010 (the "<u>Procedures Order</u>"). If further Order of the Bankruptcy Court approving this Settlement is required pursuant to the Procedures Order and this Settlement is not approved by the Bankruptcy Court, nothing contained herein is or shall be deemed an admission by either of the Parties hereto and the rights of the Parties shall be specifically reserved. Moreover, if such further Order is required and the Settlement is not approved by the Bankruptcy Court, the Settlement Payment shall be promptly returned to Creditor.

9. <u>Severability.</u> The invalidity, illegality, or unenforceability of any provision of this Settlement shall not affect any other provision of this Settlement, which Settlement shall

128078.3



remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

10. <u>Entire Agreement.</u> This Settlement constitutes the entire agreement between the Parties and this Settlement cannot be orally altered, amended, or modified. It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Settlement be construed as an integrated document.

11. <u>Representations of Authority.</u> The persons signing below each represents and warrants that he/she has the authority to enter into this Settlement on behalf of the Party on whose behalf he/she so signs.

12. <u>Costs.</u> Each party to this Settlement shall bear its own attorneys' fees and costs.

13. <u>Counterparts.</u> This Settlement may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto.

14. <u>Facsimile Signatures.</u> A facsimile or PDF signature on this Settlement shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Settlement the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Settlement bearing original signatures of the Parties, other than facsimile or PDF signatures.

15. <u>Rule of Construction.</u> The Parties agree that this Settlement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement.

16. <u>No Admission of Liability.</u> This Agreement is a compromise of the disputed claims and is not an admission of liability by any of the Parties.

128078.4



IN WITNESS WHEREOF, the Parties have caused this Settlement to be executed by their duly authorized representatives as of the date set forth below.

**Steven D. Sass, Trustee of the Class 10 Liquidation Trust**

By: _____
Steven D. Sass LLC
P.O. Box 45
Clarksville, MD 21029
Tel: 410-458-6100
Fax: 410-630-7233

**Crown Credit Company**

By: _____
Name: Jim Miller
Title: Manager
Phone: 419-629-2311

Date: 10/20/10

Date: 10/15/10

128078.5

