**HALPERIN BATTAGLIA RAICHT, LLP**
555 Madison Avenue, 9th Floor
New York, New York 10022
Telephone (212) 765-9100
Facsimile (212) 765-0964
Donna H. Lieberman, Esq.
Carrie E. Mitchell, Esq.

**COLE SCHOTZ MEISEL**
**FORMAN & LEONARD, P.A.**
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, New Jersey 07602
Telephone (201) 489-3000
Facsimile (201) 489-1536
Ilana Volkov, Esq.
Felice R. Yudkin, Esq.

Co-Counsel for the Class 10 Liquidation Trust

|  |  |
|---|---|
|  | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HONORABLE GLORIA M. BURNS<br>CASE NO. 08-14631 (GMB) |
|  | CHAPTER 11<br>(Jointly Administered) |
| In the Matter of:<br><br>SHAPES/ARCH HOLDINGS L.L.C., *et al.*,<br><br>Reorganized Debtors. | **MOTION OF THE CLASS 10 LIQUIDATION TRUST FOR AN ORDER MODIFYING CERTAIN OF THE DEADLINES ESTABLISHED IN THE GLOBAL PROCEDURES ORDER DATED OCTOBER 18, 2010** |
|  | **HEARING DATE AND TIME:**<br>January 3, 2011, 10:00 a.m. |
|  | ORAL ARGUMENT WAIVED UNLESS OBJECTIONS TIMELY FILED |

TO:   HONORABLE GLORIA M. BURNS
      United States Bankruptcy Judge

{00135827.1 / 0631-003}

The Class 10 Liquidation Trust, also known as the Shapes Liquidation Trust (the "Liquidation Trust"), established upon the effective date of the Chapter 11 plan of Shapes/Arch Holdings, L.L.C., et al., the above-captioned reorganized debtors and debtors-in-possession (together, the "Debtors"), makes this motion (the "Motion"), by and through Steven D. Sass, the Trustee for the Liquidation Trust, for entry of an order modifying the Order Modifying Global Procedures and Establishing Mediation Procedures With Respect to Remaining Avoidance Actions, dated October 18, 2010 (the October 18, 2010 Order being the "Modified Procedures Order"). In support of the Motion, the Liquidation Trust asserts as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§157 and 1334. Venue of these cases and the Motion before the Court is proper pursuant to 28 U.S.C. §§1408 et seq. Consideration of the Motion is a core proceeding pursuant to 28 U.S.C. §157(b)(2). The Trust is specifically authorized and empowered to make the Motion pursuant to the Plan and the Confirmation Order. The predicates for the relief sought herein are Section 105(a) of the Bankruptcy Code, Rules 7016 and 7026 of the Federal Rules of Bankruptcy Procedure and Rule 9019-2 of the Local Bankruptcy Rules for the District of New Jersey ("Local Bankruptcy Rule 9019-2").

## BACKGROUND

2.  The Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on March 16, 2008 (the "Petition Date"). The cases were jointly administered pursuant to this Court's Order dated March 18, 2008.

3.  The Debtors' Third Amended Joint Plan of Reorganization (the plan, including amendments, exhibits, and modifications, being the "Plan") was confirmed by Order of this Court dated July 24, 2008 and became effective on August 8, 2008 (the "Effective Date"). On

135827.1                                            2

the Effective Date of the Plan, the Liquidation Trust came into existence, and pursuant to Sections 4.5, 5.2 and 5.3 of the Plan and Article IV of the Plan Administration Agreement (an exhibit to the Plan), the Trust, by its Trustee, Steven D. Sass, was empowered to, among other things, review and file objections to unsecured claims and bring avoidance actions.

4. After review of the Debtors' books and records, the Liquidation Trust, with the assistance of its financial advisor, identified entities that had received payments that the Trust believed might be avoidable under Sections 547, 548, 549, and 550 of the Bankruptcy Code.

5. The Liquidation Trust began sending "demand" letters respecting avoidance claims in January of 2009 and through that process was able to informally resolve numerous preference claims against potential defendants. Not all of the avoidance claims were able to be resolved in advance of litigation, however, and the Liquidation Trust filed seventy-one avoidance actions (together, the "Avoidance Actions"), one of which is a fraudulent transfer action against twelve parties.

6. In order to minimize the expenses to the Liquidation Trust and the defendants, and to avoid unnecessary use of the Court's time and resources, the Liquidation Trust made a motion dated April 5, 2010 for approval of certain procedures and deadlines in connection with the Avoidance Actions. [D.N. 953] That motion was granted by order dated April 27, 2010, and the resulting Procedures Order, among other things, established procedures for the approval of settlements, waived certain of the requirements of Rule 7026 of the Federal Rules of Bankruptcy Procedure, set a November 1, 2010 deadline for the completion of discovery and a December 15, 2010 deadline for the filing of dispositive motions, and referred cases that were unresolved as of January 31, 2011 to mediation.[1] [D.N. 974]

---

[1] Northeast Metal Traders, Inc. ("NEMT") informally objected to certain features of the Procedures Order, including the mandatory mediation provision, and was consensually excepted from

7.      As the November 1, 2010 deadline approached, the Liquidation Trust determined that additional time was needed to complete discovery and resolve as many of the Avoidance Actions as possible without the need for mediation or trial.  The Liquidation Trust therefore made a motion dated September 21, 2010 for approval of extension of the deadlines set forth in the Order Approving and Adopting Global Procedures with Respect to Avoidance Actions.  That motion was granted, and the resulting Order Modifying Global Procedures and Establishing Mediation Procedures With Respect to Remaining Avoidance Actions, dated October 18, 2010, referred to herein as the Modified Procedures Order, among other things: (a) set a deadline of January 10, 2011 for the completion of discovery; (b) set a deadline of February 9, 2011 for the filing of dispositive motions; (c) set a deadline for referral of matters (other than the preference action involving Northeast Metal Traders, Inc.) to mediation of March 25, 2011; and (d) established mediation deadlines and procedures (detailed in a copy of the order attached hereto as **Exhibit A**).

## THE STATUS OF THE AVOIDANCE ACTIONS

8.      In the two months since the Liquidation Trust moved to modify the Global Procedures Order**,** the Liquidation Trust has continued to resolve the remaining Avoidance Actions.   Specifically, an additional eleven preference actions have been resolved, by way of settlement or default judgment, leaving only six preference actions that remain open.  As of the date of this Motion, (i) fifty-five cases have been closed, largely as a result of settlements approved by the Court, (ii) four additional settlements have been approved by the Court, and the cases await closing, (iii) four settlements are included in notices of settlement presently before the Court, and (iv) four default judgments have been entered. The unresolved matters are

---

those provisions.  Consistent therewith, the proposed order attached to this Motion also excepts NEMT from the mandatory mediation procedures.

135827.1                                               4

currently limited to the fraudulent conveyance action and six preference actions. The fraudulent conveyance action was brought against twelve defendants, and as of the date of this Motion, a settlement has been approved with two of the defendants and a settlement in principal has been reached with one additional defendant. The remaining matters – both the unresolved fraudulent transfer claims and the six preference actions -- are hereafter referred to as the "Remaining Avoidance Actions" and a list of the Remaining Avoidance Actions is attached hereto as **Exhibit B.**

9. The Liquidation Trust continues to pursue settlement in the Remaining Avoidance Actions, but of necessity is also proceeding with discovery. The Liquidation Trust has exchanged discovery responses with many of the defendants in the Remaining Avoidance Actions, including the production and/or the making available for inspection and copying thousands of pages of documents, and is actively working in good faith with several of the defendants in these actions to resolve discovery issues.

10. There is still a fair amount of discovery to be conducted, in particular in the fraudulent conveyance action. The Liquidation Trust received approximately 900 pages of documents from the fraudulent conveyance defendants. Upon review of those documents, as well as the fraudulent conveyance defendants' responses to interrogatories and requests to admit, the Liquidation Trust has identified omissions in the document responses as well as several new categories of documents it needs from defendants as a result of alleged defenses articulated in the discovery responses. Moreover, depositions of the fraudulent conveyance defendants are scheduled for December and it is anticipated that during those depositions, additional relevant documents will be identified for production and it may be necessary to continue some of the depositions at a later date.

11. In addition to party discovery, the Liquidation Trust served a subpoena on J.P. Morgan Chase on July 19, 2010, with responses due on August 18, 2010. J.P. Morgan's initial response was not received by the Liquidation Trust until September 8, 2010, and was deficient in a number of respects; in particular, it omitted copies of any documents reflecting the transfers at issue in the Remaining Avoidance Actions. The Liquidation Trust has worked diligently with J.P. Morgan Chase to assist in the location and production of the documents requested in the subpoena, and on November 12, 2010, received a supplemental response to the subpoena which disclosed to the Liquidation Trust for the first time: (a) copies of checks representing the alleged fraudulent transfers to many of the defendants in the Remaining Avoidance Actions; and (b) wire transfer documents reflecting transfers made to Northeast Metal Traders, Inc. (one of the preference defendants). The Liquidation Trust intends to promptly supplement its own discovery responses and to use these newly obtained documents in an effort to further its settlement discussions in the Remaining Avoidance Actions.

12. Finally, the Liquidation Trust has informally requested certain documents and information from the reorganized Debtors, and is hopeful that it will receive the requested documents without the need for formal discovery. However, in the event that the requested documents are not produced or made available, the Liquidation Trust may have to proceed with formal document requests.[2]

**THE RELIEF REQUESTED**

13. By this Motion, the Liquidation Trust seeks extensions of certain of the deadlines established in the existing Modified Procedures Order. The Liquidation Trust submits that good cause exists for the granting of the Motion, as the relief requested will benefit all parties. The

---

[2] The Liquidation Trust also notes that the Modified Procedures Order set no deadlines for expert reports or depositions, and such reports have not yet been filed nor depositions scheduled.

extensions of the deadlines and establishment of mediation procedures will permit the Remaining Avoidance Actions to proceed in an orderly fashion, insure that the parties have all pertinent and available information, and in the event that mediation is necessary, allow for the selection of the mediators and scheduling of mediations.  The extension of time in which to complete discovery will also provide the parties with additional time in which to pursue settlement and may encourage additional settlements.

14.    **Discovery and Other Deadlines**.  For all of the Remaining Avoidance Actions, the Liquidation Trust requests that existing deadlines be extended, and proposes the following new deadlines:

   i.   **Completion of discovery**: February 25, 2011.  All motions to compel discovery are to be made so that the Court can rule and discovery can be obtained prior to that date.

   ii.  **Dispositive motions**: March 25, 2011.  Dispositive motions shall be filed by that date and made returnable no later than May 4, 2011.

   iii. **Mediation**.  Any matter that has not been otherwise resolved by or before May 13, 2011 (other than the NEMT matter) shall be referred to mediation as of that date.

15.    **Mediation Procedures/Timing**.  This Court has previously ordered mediation of all actions other than the NEMT action.  The Liquidation Trust proposes the following procedures for the mediations (the "Proposed Procedures"):

   i.   The "Initiation Date" of the mediations shall be May 13, 2011.  On or before the Initiation Date, the Liquidation Trust shall file with the Court a list of four (4) mediators who are on the register of eligible mediators maintained by the United States Bankruptcy Court for the District of New Jersey (the "Mediators"), and within fifteen (15) days after the Initiation Date, each defendant shall propose to the Liquidation Trust in writing which Mediator will preside over that Remaining Avoidance Action (subject to such Mediator's availability and clearance of any and all conflict of interest issues), and an alternate Mediator.

  ii. If a defendant does not notify the Liquidation Trust in writing of its choice within fifteen (15) days after the Initiation Date, the Liquidation Trust shall decide, in its sole discretion, which of the Mediators shall preside over the relevant Remaining Avoidance Action (again subject to such Mediator's availability and clearance of any and all conflict of interest issues) and who shall serve as the alternate, and shall notify the defendant of such choice in writing.

  iii. If the selected Mediator and the alternate Mediator are conflicted or otherwise unavailable, the selecting party shall choose one of the remaining Mediators.

  iv. On or before June 13, 2011, the Liquidation Trust shall file with the Court and serve upon the affected defendants a notice and proposed order identifying the cases that have been referred to mediation, and the selected Mediator and alternate Mediator for each case. Absent an objection to the proposed order within ten (10) days of service, the Court may enter such order (the "Referral Order").

  v. The mediations shall be held at (a) the offices of Cole Schotz Meisel Forman & Leonard, P.A., Court Plaza North, 25 Main Street, Hackensack, New Jersey 07601 or Halperin Battaglia Raicht, LLP, 555 Madison Avenue, New York, New York 10022 or (b) such other location reasonably convenient for the parties. The location, date and time of a particular mediation shall be set by the Mediator, after consultation with the parties. All mediations shall occur within forty-five (45) days from entry of the Referral Order.

  vi. Except as specifically modified herein, the mediations shall be governed by the provisions of Local Bankruptcy Rule 9019-2.

  vii. Remaining Avoidance Actions that are not resolved in advance of such deadline shall be set for trial approximately ninety (90) days after entry of the Referral Order, on a date that is appropriate in light of the mediation schedule and that is convenient to the Court's calendar.

16. The Proposed Procedures are designed to promote the cost-effective, timely resolution of the Remaining Avoidance Actions and to further the goals of judicial economy and efficiency. The Liquidation Trust notes that Bankruptcy Rules 7016(b) and 7026 afford courts significant flexibility in matters of case management, scheduling and discovery. Fed. R. Bankr. Pro. 7016, 7026.

17. Section 105(a) of the Bankruptcy Code also grants courts broad authority and discretion to take such actions and implement such procedures as are necessary to enforce the provisions of the Bankruptcy Code. That section provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

18. Here, the Proposed Procedures establish a structured, efficient process for the resolution of the Remaining Avoidance Actions, and are consistent with the provisions of Local Bankruptcy Rule 9019-2. (The Proposed Procedures modify certain of the deadlines set in the Modified Procedures Order, but do not otherwise change the terms of that Order.) The Liquidation Trust believes the Proposed Procedures are integral to its ability to resolve the remaining actions in a cost-effective, efficient manner that will further distributions to creditors. In light of the foregoing, the Liquidation Trust submits that the Proposed Procedures are warranted and approval thereof is well within the authority of this Court.

## NOTICE

19. The Liquidation Trust has served notice of this Motion on Debtors' counsel, the Office of the United States Trustee and counsel for the defendants in each of the Remaining Avoidance Actions.

## CONCLUSION

WHEREFORE, the Liquidation Trust respectfully requests this Court enter an order substantially in the form of the proposed order annexed hereto as **Exhibit C**: (i) granting this Motion; (ii) extending certain existing deadlines; and (iii) granting such other relief as may be just and proper.

        COLE SCHOTZ MEISEL
        FORMAN & LEONARD, P.A.

        By:   */s/ Felice R. Yudkin*
            Ilana Volkov
            Felice R. Yudkin
        Court Plaza North
        25 Main Street
        P.O. Box 800
        Hackensack, New Jersey 07602

        -and-

        HALPERIN BATTAGLIA RAICHT, LLP
        Donna H. Lieberman, Esq.
        Carrie E. Mitchell, Esq.
        555 Madison Avenue, 9th Floor
        New York, New York 10022
        Telephone: (212) 765-9100
        Facsimile: (212) 765-0964

        Co-Counsel for the Class 10 Liquidation Trust

Dated: November 29, 2010