## SETTLEMENT AGREEMENT

This Agreement dated December  22 , 2010, is made by and between SHAPES LIQUIDATION TRUST (the "Trust") and STEVEN D. SASS, in his capacity as trustee of the Trust (the "Trustee") and STEVEN S. GRABELL ("Grabell") and STEVEN M. FLEISHER (collectively, the "Defendants").

## PREAMBLE

WHEREAS, a Complaint has been filed in the matter of <u>Shapes Liquidation Trust by and through Steven D. Sass, Trustee v. Steven Grabell and Steven M. Fleisher</u> in the Superior Court of New Jersey, Law Division, Camden County, under Docket No. L-1374-10, which was removed to the U.S. District Court of New Jersey under Civil Action No. 10-cv-02051 (hereinafter referred to as the "D&O Action"); and

WHEREAS, Grabell has filed a proof of claim in the Chapter 11 case of Shapes/Arch Holdings LLC ("Shapes") pending in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court") in the amount of $2,021,274.00, the amount of which has been reduced by agreement between Grabell and the Trustee to $1,981,275.00 (the Grabell Claim"); and

WHEREAS, the Trustee commenced an adversary proceeding in the United States Bankruptcy Court for the District of New Jersey against, *inter alia*, Grabell seeking the avoidance and recovery of certain alleged transfers, which proceeding is pending as Adversary Proceeding #10-01398-GMB ("Adversary Proceeding"); and

WHEREAS, based on the allegations in the Adversary Proceeding, the Trustee has filed an objection to, inter alia, the Grabell Claim pursuant to Bankruptcy Rule 502(d) (the "502(d) Objection"); and

WHEREAS the Trustee has commenced making distributions to creditors of Shapes, having made only one distribution of 4% ("Initial Distribution"), but based on the pendency of the 502(d) Objection, has withheld distributions to Grabell; and

Without admitting or determining any liability whatsoever, and to avoid the uncertainties, expense, and delay inherent in litigation, the parties desire to enter into this Agreement in order to provide for the resolution and discharge of all claims which have been or might have been asserted in the D&O Action, Adversary Proceeding or 502(d) Objection (collectively, the "Litigation"), or otherwise.

## AGREEMENT

### *1.0      Definitions.      The following definitions apply to this Agreement:*

A.      "D&O Claims" refer to the claims asserted under Docket No:  L-1374-10 and Civil Action No. 10-cv-02051 on behalf of the Shapes Liquidation Trust.

### *2.0      Releases.*

A.      For and in consideration of the Settlement Payment, as defined below in Section 3.0, and the Adversary Proceeding Settlement Amount in Section 4.0, upon receipt of such payments, and the other agreements and promises contained herein, the Trustee and the Trust completely release, acquit, and forever discharge the Defendants, and their respective employees, agents, heirs, executors, attorneys, insurers, including without limitation Zurich American Insurance Company, administrators, successors, partners, and assigns (collectively the "Defendant Releasees"), of and from any and all past, present, and/or future claims, demands, obligations, actions, causes of actions, guarantees, claims for compensatory damages, punitive damages, malpractice, breach of the standard of care, breach of contract, breach of fiduciary duty, personal injuries, pain and suffering, permanency, loss of salary, income or earning capacity, and emotional distress, whether based in tort, contract, negligence, malpractice, breach

of fiduciary duty, and Statute, or any other theory, and whether known or unknown, which the Trust or Trustee may have had, may have, now have, or which may hereafter accrue or otherwise be acquired against Defendant Releasees, including without limitation any matters arising out of or relating to the Litigation; provided, however, that (i) the foregoing release shall not apply to any of the Defendants' obligations under this Settlement Agreement; (ii) the foregoing release as to Defendant Releasees other than the Defendants shall be limited to any claims that may be asserted against them based on a liability of either or both of the Defendants; and (iii) the foregoing release as it relates to the Adversary Proceeding is subject to and conditioned on the approval of the settlement of the Adversary Proceeding by the Bankruptcy Court.

B.      Upon receipt of the Settlement Payment in full by the Trustee, the Defendants hereby completely release, acquit, and forever discharge the Trust and Trustee, and their respective employees, agents, heirs, executors, attorneys, insurers, administrators, successors, partners, and assigns (collectively the "Trust Releasees"), of and from any and all past, present, and/or future claims, demands, obligations, actions, causes of actions, guarantees, claims for compensatory damages, punitive damages, malpractice, breach of the standard of care, breach of contract, breach of fiduciary duty, personal injuries, pain and suffering, permanency, loss of salary, income or earning capacity, and emotional distress, whether based in tort, contract, negligence,  malpractice, breach of fiduciary duty, and Statute, or any other theory, and whether known or unknown, which Defendants may have had, may have, now have, or which may hereafter accrue or otherwise be acquired against Trust Releasees arising out of or relating to the Litigation and the bankruptcy cases of Shapes LLC, Accu-Weld, LLC, Delair, LLC, Ultra, LLC, and Shapes/Arch Holdings, LLC; provided, however, that the foregoing release shall not apply to the Grabell Claim or to any of the Trustee's obligations under this Settlement Agreement.

**2.1**    The Trust, Trustee, and Defendants are bound by the releases provide for herein as well as anyone who succeeds to their rights and/or responsibilities, including but not limited to their heirs, assigns, beneficiaries or the Executor/Executrix or Administrators of their Estates. The releases are made for the benefit of the Defendant Releasees and Trust Releases, and for the benefit of all who succeed to their rights and responsibilities.

**2.2**    The parties have relied upon the advice of their attorneys in entering into this Agreement, and further acknowledge that they have been afforded a full and complete opportunity to review and evaluate the terms and conditions of the settlement itself.

### *3.0    D&O Action Settlement Payment.*

In consideration of and in exchange for the releases set forth herein, the Defendants agree to pay the sum of Two Million Four Hundred Thousand Dollars ($2,400.00.00) (the "Settlement Payment") payable to Steven D. Sass, Trustee of the Shapes Liquidation Trust, the adequacy of which is hereby acknowledged, by January 17, 2011.  If paid by check, payment shall be sent to counsel for the Trust, Kevin G. Hroblak, at Whiteford, Taylor & Preston, Seven Saint Paul Street, Baltimore, Maryland 21202 and deemed received when the check clears.

### *4.0    Adversary Proceeding*

Grabell agrees to pay, and the Trustee agrees to accept, in settlement and satisfaction of the claims that were or could have been asserted in the Adversary Proceeding, the sum of $12,190.80, which shall be payable as a credit against the Shapes Liquidation Trust distribution which has been withheld pending the resolution of the 502(d) Objection and Adversary Proceeding (the "Adversary Proceeding Settlement Amount").  Grabell waives the right to seek an increase in the amount of the Grabell Claim as a result of paying the Adversary Proceeding Settlement Amount.  This Agreement solely as it relates to the settlement of the Adversary

Proceeding and the Adversary Proceeding Settlement Amount is subject to approval by the Bankruptcy Court.

**_5.0     Grabell Claim_**

The Grabell Claim shall be deemed allowed as a general unsecured claim against the Shapes Liquidation Trust of $1,981,275.00.  The Trustee shall, after approval of the Adversary Proceeding settlement by the Bankruptcy Court, and prior to the next scheduled hearing on the 502(d) Objection, withdraw the 502(d) Objection with prejudice as to the Grabell Claim and hereby waives the right to assert any other existing or potential objections to the Grabell Claim or to otherwise seek reconsideration of the Grabell Claim.  The Trustee shall, within five (5) business days following the execution of this Agreement, serve a notice of the terms of the settlement of the Adversary Proceeding as to Grabell for the Adversary Proceeding Settlement Amount in accordance with the procedures authorized by the Bankruptcy Court and in the absence of a timely objection to the settlement, file a certificate of no objection thereto promptly after the objection deadline has passed.  In the unlikely event of an objection, the Trustee will promptly seek a hearing on such objection.  The Trustee shall, promptly after approval of this Agreement as it relates to the Adversary Proceeding by the Bankruptcy Court, and in any event within thirty (30) days thereafter, make a distribution to Grabell on account of the Grabell Claim in the amount of $67,060.20, representing Grabell's Initial Distribution of $79,251.00, minus the Adversary Proceeding Settlement Amount of $12,190.80.  In addition, the Trustee shall make all distributions subsequent to the Initial Distribution to Grabell on account of the Grabell Claim on the same basis as distributions are generally made to other creditors.

**_6.0     Governing Law._**

This Agreement shall be construed and interpreted in accordance with the laws of the State of New Jersey.

**7.0      _Stay and Dismissal of Litigation._**

The parties agree to jointly request upon execution of this Agreement that the United States District Court for the District of New Jersey enter an order staying the D&O Action pending payment of the settlement amount.  Within ten (10) days of the Trust's receipt of the payment, the parties will jointly submit a Stipulation of Dismissal, with prejudice, of the Litigation.

**8.0      _Cooperation._**

Defendants Grabell and Fleisher expressly acknowledge and understand that as part of the consideration in obtaining this Agreement, they shall agree to cooperate with the Trust or Trustee, and its designees in connection with any litigation matter being pursued by the Trust or the Trustee.  Such cooperation shall include, but not be limited to, meeting with the Trustee and its designees upon reasonable notice, and at the parties' reasonable mutual convenience, to address matters relevant to any such litigation, and if necessary, providing testimony in connection with such litigation.  Such cooperation shall be limited to 20 hours each, plus agreement to provide testimony in depositions and court hearings without the need for service of process by the Trust (which time for depositions and hearings shall not be counted against the 20 hour cooperation level), and shall not include any out of pocket expense.  This Agreement shall not preclude any ability of the Trust or Trustee to compel Defendants to appear for deposition or testimony pursuant to a subpoena.

**9.0      _Signatures._**

This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement.  This Agreement may be executed by facsimile copy or a .pdf copy and each signature thereto shall be and constitute an original signature, again as if all Parties had executed

a single original document.  Each of the parties warrants and represents to the others that their execution of this Settlement Agreement is duly authorized and effective without need for further consent or authorization from any court or other person or party.

The parties understand and agree to the terms of this Settlement Agreement.

[SIGNATURES FOLLOW]

_____
SHAPES LIQUIDATION TRUST
By:  Steven D. Sass, Trustee


_____
STEVEN S. GRABELL


_____
STEVEN M. FLEISHER

a single original document.  Each of the parties warrants and represents to the others that their

execution of this Settlement Agreement is duly authorized and effective without need for further

consent or authorization from any court or other person or party.

The parties understand and agree to the terms of this Settlement Agreement.

[SIGNATURES FOLLOW]


_____

SHAPES LIQUIDATION TRUST
By:  Steven D. Sass, Trustee


_____

STEVEN S. GRABELL


_____

STEVEN M. FLEISHER

a single original document. Each of the parties warrants and represents to the others that their

execution of this Settlement Agreement is duly authorized and effective without need for further

consent or authorization from any court or other person or party.

    The parties understand and agree to the terms of this Settlement Agreement.

[SIGNATURES FOLLOW]


SHAPES LIQUIDATION TRUST
By: Steven D. Sass, Trustee


STEVEN S. GRABELL

STEVEN M. FLEISHER