# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of:<br><br>SHAPES/ARCH HOLDINGS L.L.C., et al.,<br><br>Reorganized Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. GLORIA M. BURNS<br><br>CASE NO. 08-14631 (GMB)<br>(Jointly Administered)<br><br>Chapter 11 |
| THE CLASS 10 LIQUIDATION TRUST, by and through Steven D. Sass, as Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>NANCY CARPEY, ELLEN GROSSMAN, RICHARD GROSSMAN, CECELIA KESSLER, BETH ANN KESSLER, AMY LABOZ, LINDA FLEISHER, STEVEN GRABELL, HELENE KENDALL, CRAIG SELLER, LORI SELLER and PAUL SORENSEN, JR.,<br><br>Defendants. | ADV. NO. 10-01398 (GMB) |

## STIPULATION OF SETTLEMENT AND MUTUAL RELEASE WITH DEFENDANT HELENE KENDALL

This Settlement Agreement and Mutual Release ("Settlement") is entered into this ____ day of January, 2011, between the Class 10 Liquidation Trust, by and through Steven D. Sass, as Trustee (together, the "Trust"), and Helene Kendall (the "Settling Defendant", and together with the Trustee, the "Settling Parties") only. The remaining claims and causes of action against the non-settling defendants shall not be affected by this Settlement and shall continue. In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Settling Parties agree as follows:

{00136523.1 / 0631-003}

1

## Recitals

WHEREAS, on March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings L.L.C., Shapes LLC, Ultra LLC, Delair LLC, and Accu-Weld LLC (together, the "Debtors") filed for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), jointly administered under Case Number 08-14631; and

WHEREAS, on May 13, 2008, the Settling Defendant filed a general unsecured claim against the Debtors in the amount of $1,551,110.01 (the "Claim"); and

WHEREAS, on July 24, 2008, the Bankruptcy Court entered an order confirming the *Plan of Reorganization as Amended of Shapes/Arch Holdings LLC, et al.* (the "Plan"), wherein the Plan provides for the creation of a Liquidation Trust for the benefit of holders of Allowed Class 10 General Unsecured Claims; and

WHEREAS, the Plan became effective on August 8, 2008 (the "Effective Date"), and the Class 10 Liquidation Trust came into existence and the Trustee was appointed; and

WHEREAS, in accordance with the Plan and as of the Effective Date, various rights and interests of the Debtors and their bankruptcy estates were transferred to the Trust, including, without limitation, the right to object to general unsecured claims and to recover fraudulent transfers and/or settle causes of actions or demands related thereto; and

WHEREAS, on or about March 13, 2010, the Trust filed an Adversary Proceeding against the Settling Defendant, among others, in the Bankruptcy Court, case no. 10-01398 (the "Avoidance Action"), seeking to (i) avoid and recover $25,938.00 in payments made by the Debtors to the Settling Defendant as allegedly avoidable transfers (the "Transfers") pursuant to 11 U.S.C. §§ 548 and 544(b), or in the alternative, pursuant to 11 U.S.C. § 547(b); (ii) preserve

136523.1

2

for the benefit of the Trust, as the designee of the Debtors' estates, property or the value thereof pursuant to 11 U.S.C. § 551; (iii) recover avoidable transfers pursuant to 11 U.S.C. § 550; and (iv) disallow claims pursuant to 11 U.S.C. § 502(d); and

WHEREAS, the Settling Defendant, among others, filed an answer to the Avoidance Action on May 13, 2010; and

WHEREAS, the Parties have exchanged information and documents, and the Settling Defendant has asserted defenses to the Avoidance Action; and

WHEREAS, the Settling Parties desire to avoid the expense and uncertainty of litigation relative to the Avoidance Action; and

WHEREAS, the Settling Parties now desire to resolve any and all disputes arising out of or related to the Transfers, according to the terms set forth herein.

### Agreement

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Settling Parties hereby stipulate and agree as follows:

1. **Recitals Incorporated.** The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement.

2. **Payment and Delivery.** The Settling Defendant shall pay the sum of $11,672.10 (the "Settlement Payment") in settlement of the Avoidance Action. That payment shall be effected as follows:

   Upon approval of this Settlement by the Bankruptcy Court as set forth in paragraph 8 hereof, the Trust shall be authorized to deduct $11,672.10 from the amount of the initial distribution that would otherwise be payable to the Settling Defendant on account of the Claim. The net amount of the initial distribution payable to the Settling Defendant on account of her Claim shall be paid as soon as practicable thereafter, and in any event, within 10 business days thereof.

136523.1

3

3.  **Release of Claims by the Trust.** Upon the execution of this Settlement by the Settling Parties and the approval of this Settlement by the Bankruptcy Court, the Trust shall be deemed to have waived and released any and all claims, causes of action, objections, rights and remedies it has or had against the Settling Defendant with respect to (i) the Transfers enumerated in the Avoidance Action, (ii) any and all claims pursuant to Chapter 5 of the Bankruptcy Code, other than rights preserved or created under this Settlement, and (iii) the Claim. In the event the necessary agreement and approval is not obtained, however, this release is of no force and effect and the Trust reserves all of its rights against the Settling Defendant. Notwithstanding anything contained herein to the contrary, the Trust and Settling Defendant agree that no claims of the Trust against persons other than the Settling Defendant are released herein, and such other claims are expressly preserved.

4.  **Release of Claims by the Settling Defendant.** Upon the execution of this Settlement by the Settling Parties and the approval of this Settlement by the Bankruptcy Court, the Settling Defendant shall waive and release any and all claims, causes of action, rights and remedies she has or had against the Debtors or the Trust, and any claim arising from the payment of the Settlement Payment under § 502(h) of the Bankruptcy Code, *exclusive of the Claim*.

5.  **Binding Effect.** Upon the approval of this Settlement by the Bankruptcy Court, this Settlement is binding upon the Settling Parties and their successors and assigns.

6.  **Choice of Law and Jurisdiction.** This Settlement shall be construed, and the rights and liabilities of the Settling Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable Federal law. The Settling Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Agreement, and any claims or actions based upon this Settlement, by and under the exclusive jurisdiction of the Bankruptcy Court.

136523.1

4

7. **No Waiver.** No failure or delay by either of the Settling Parties in exercising any right, power, or privilege under this Settlement or applicable law shall operate as a waiver by that Settling Party of any such right, power or privilege.

8. **Bankruptcy Court Approval.** Notwithstanding anything contained in this agreement, this Settlement and the releases provided herein shall not be effective until the Bankruptcy Court has approved this Settlement by either (i) the entry of a Certification of No Objection with respect to the Settlement on the Bankruptcy Court's docket of the case, following the Trust's filing of an Information for Notice of Settlement, and the Trust's dismissal of the Adversary Proceeding with prejudice as to the Settling Defendant, or (ii) if there has been an objection to the Settlement, the Bankruptcy Court has entered an Order authorizing the Trust to consummate the Settlement described herein and dismissing the Adversary Proceeding with prejudice as to the Settling Defendant, which Order has become a final and non-appealable Order, or (iii) such other procedures as may be authorized pursuant to the Order Approving and Adopting Global Procedures with Respect to Avoidance Actions, dated April 27, 2010 and the Order Modifying Global Procedures and Establishing Mediation Procedures with Respect to Remaining Avoidance Actions dated October 18, 2010 (together, the "Procedures Order"). If this Settlement is not approved by the Bankruptcy Court, nothing contained herein is or shall be deemed an admission by either of the Settling Parties hereto, the rights of the Settling Parties shall be specifically reserved and the releases set forth herein shall be of no force or effect.

9. **Dismissal of Suit/Objections.** As soon as practicable after Bankruptcy Court approval of this Settlement, as set forth in paragraph 8 hereof, the Trust shall withdraw its objections to the Claim with prejudice and seek the dismissal of the Avoidance Action with

136523.1

5

respect to the Settling Defendant

10. **Severability.** The invalidity, illegality, or unenforceability of any provision of this Settlement shall not affect any other provision of this Settlement, which Settlement shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

11. **Entire Agreement.** This Settlement constitutes the entire agreement between the Settling Parties and this Settlement cannot be orally altered, amended, or modified. It is the intention of the Settling Parties that this paragraph be construed as a merger clause, and that this Settlement be construed as an integrated document.

12. **Representations of Authority.** The persons signing below each represents and warrants that he/she has the authority to enter into this Settlement on behalf of the Settling Party on whose behalf he/she so signs.

13. **Costs.** Each Settling Party to this Settlement shall bear its own attorneys' fees and costs.

14. **Counterparts.** This Settlement may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum. Execution by a Settling Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Settling Party so signing, and it shall not be necessary or required that the signatures of all Settling Parties appear on a single signature page hereto.

15. **Facsimile Signatures.** A facsimile or PDF signature on this Settlement shall be deemed to be an original signature for all purposes. In the event that suit or a proceeding is brought to enforce the terms of this Settlement the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Settlement bearing original signatures of the

136523.1

6

Settling Parties, other than facsimile or PDF signatures.

16. **Rule of Construction.** The Settling Parties agree that this Settlement was the product of negotiations between the Settling Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement.

17. **No Admission of Liability.** This Agreement is a compromise of disputed claims and is not an admission of liability by any of the Settling Parties hereto. Moreover, nothing contained herein is intended to, nor shall, be construed as an admission or waiver with respect to any of the non-settling parties to the Adversary Proceeding.

IN WITNESS WHEREOF, the Settling Parties have caused this Settlement to be executed by their duly authorized representatives as of the date set forth below.

Steven D. Sass, Trustee of the Class 10
Liquidation Trust

By: _____
Steven D. Sass LLC
P.O. Box 45
Clarksville, MD 21029
Tel: 410-458-6100
Fax: 410-630-7233

Date: 1/14/11

Helene Kendall,
By and through her undersigned counsel,

By: _____
Sharon F. McKee
James M. Matour, Esq.
Hangley Aronchick Segal & Pudlin
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 496-7016
Facsimile: (215) 568-0300

Date: 1/13/11

136523.1

7