# EXHIBIT B

B254 (5/92)

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In re: SHAPES/ARCH HOLDINGS, L
Debtor

**SUBPOENA FOR 2004 EXAMINATION**

Case No.[1]   08-14631(GMB)

To: STEVEN D. SASS

Chapter   11

☑ YOU ARE HEREBY COMMANDED to appear and testify at an examination under Rule 2004, Fed. R. Bankr. P., at the place, date and time specified below.

| Place of Testimony  457 Haddonfield Road, Suite 510  Cherry Hill, NJ 08002 | Date and Time   February 23, 2012  10:00 a.m. |
|---|---|

☑ YOU ARE HEREBY COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time specified below (list documents or objects):

Any and all documents relating in any way to (1) the Class 10 Liquidation Trust (the "Trust") established under the debtors' confirmed plan of reorganization, (2) all distributions made from the Trust to the holders of allowed general unsecured or other claims, (3) the respective claims of A. Jerome Grossman and Frank Kessler against the debtors (the "Grossman/Kessler Claims"), and (4) the basis upon which distributions on account of the Grossman/Kessler Claims have been withheld or delayed.

| Place  457 Haddonfield Road, Suite 510  Cherry Hill, NJ 08002 | Date and time   February 20, 2012 |
|---|---|

| Issuing Officer's Signature and Title | Date and Time |
|---|---|
| Issuing Officer's Name, Address and Phone Number   Jeffrey Kurtzman, Esquire, 1835 Market Street, Suite 1400, Philadelphia, PA 19103 (215) 569-4493 | |

---

[1] If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

B254 (5/92)

## PROOF OF SERVICE

| | Date | Place |
|---|---|---|
| SERVED | February 1, 2012 | 240 Emery Street, Bethlehem, PA 18 |
| Served On (Print Name) | | Manner of Service |
| Steven D. Sass | | First Class U.S. Mail |
| Served By (Print Name) | | Title |
| Jeffrey Kurtzman | | Attorney for A. Jerome Grossman and Frank Kessler |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on February 1, 2012

_____
Signature of Server

1835 Market Street, Suite 1400
Address of Server

Philadelphia PA 19103

Rule 45, Fed. R. Civ.P., Parts (c) & (d) made applicable in cases under the Bankruptcy Code by Rule 9016, Fed. R. Bankr. P.

(C) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying command.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specific conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.