Jeffrey Kurtzman, Esquire (JK-7689)
**KLEHR | HARRISON | HARVEY | BRANZBURG LLP**
A Pennsylvania Limited Liability Partnership
457 Haddonfield Road, Suite 510
Cherry Hill, NJ 08002-2220
Phone: (856) 486-7900
Fax: (856) 486-4875

Attorneys for A. Jerome Grossman and Frank Kessler

|  |  |
|---|---|
| In re | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| SHAPES/ARCH HOLDINGS, L.L.C., | Chapter 11 |
| Debtor. | Case No. 08-14631 (GMB) (Jointly Administered) |

## OBJECTION OF A. JEROME GROSSMAN AND FRANK KESSLER TO MOTION OF THE CLASS 10 LIQUIDATION TRUST FOR ENTRY OF AN ORDER QUASHING SUBPOENA

TO:  THE HONORABLE GLORIA M. BURNS,
    UNITED STATES BANKRUPTCY JUDGE:

The objection of A. Jerome Grossman ("Grossman") and Frank Kessler ("Kessler" and, together with Grossman, the "Claimants") to the motion (the "Motion") of the Class 10 Liquidation Trust (the "Trust") for an order pursuant to Federal Rule of Bankruptcy Procedure 9016 and F.R.Civ.P. 45 quashing the subpoena (the "Subpoena") issued by the Claimants to the Class 10 Liquidation Trustee (the "Trustee"), respectfully represents as follows:

### BACKGROUND

1.    As reflected in the Motion, the Claimants are the holder of substantial allowed general unsecured claims in this Chapter 11 case.

PHIL1 1944618-1

2. The Claimants are also related by birth or marriage to the defendants in an adversary proceeding pending before this Court captioned <u>The Class 10 Liquidation Trust v. Nancy Carpey, et al.</u>, Adv. Pro. No. 10-01398 (GMB) (the "Adversary Proceeding").

3. On February 1, 2012, the Claimants issued the Subpoena for the purpose of obtaining certain documents relating both to the Trust and to distributions made by the Trustee. The Claimants also seek to conduct an oral examination of the Trustee concerning certain narrow issues affecting the Claimants.

4. Specifically, despite the facts that (a) the Trustee never asserted an objection to Kessler's claim in the amount of $1,512,389.98 (the "Kessler Claim"), which claim had been scheduled in the debtor's schedules of assets and liabilities as an undisputed claim, (b) the Trustee's objection to Grossman's claim in the amount of $1,554,931.35 (the "Grossman Claim") had been resolved by a consent order in May, 2010, and (c) the Trustee had made a general distribution to the holders of allowed general unsecured claims on September 3, 2009, the Trustee failed to make any distribution on account of the Grossman Claim or the Kessler Claim until February, 2012.

5. The Motion alleges that the Claimants' initial inquiry concerning the status of their distribution occurred on January 24, 2012, Motion at ¶ 14. That is incorrect. In fact, Grossman and Kessler, through their counsel, have on various occasions inquired why the Trustee had failed to make a distribution on account of their respective claims. These inquiries were addressed to the Trustee's counsel in the context of depositions occurring in the adversary proceeding at various times during 2011. It was not until late January, 2012 that the Trustee's counsel addressed the Trustee's prior failure to make distributions to the Claimants in a manner consistent with distributions to other creditors.

2

6. Because no adequate explanation of the reason why the Trustee has treated the Claimants differently than the holders of other allowed unsecured claims has been offered, the Claimants believe, and wish to determine through the Rule 2004 process, whether and to what extent the Trustee willfully or in bad faith withheld distribution to the Claimants by virtue of their relationship to the defendants in the Adversary Proceeding. Alternatively, even if the Trustee's failure to make timely distributions to the Claimants was not intentional, the Claimants seek to determine whether the Trustee is liable to them based on a breach of contract, negligence or similar theory.

7. This matter is very simple and straightforward. It deals with a single issue: whether the Trustee has intentionally withheld distributions or otherwise acted improperly in relation to two holders of fixed, liquidated general unsecured claims in order to obtain a litigation advantage in relation to the defendants in the Adversary Proceeding or for a similar improper purpose.

8. In this regard, the Claimants have every right to seek discovery concerning the Trustee's basis for withholding or delaying distributions to which they were entitled and to determine whether claims against the Trustee exist. Indeed, this is the very purpose for which Federal Rule of Bankruptcy Procedure 2004 was promulgated.

9. As the Court is well aware, the appropriate scope of a Rule 2004 examination involves "any matter which may affect the administration of the debtor's estate." Here, the Trustee has been charged with a duty of administering the Trust, marshalling assets for the benefit of general unsecured creditors, and making distributions.

10. In the case of the Claimants, the Trustee has failed to carry out those duties and to offer an explanation for such failure.

11. While the Trustee asks the Court to believe that a Rule 2004 examination on the narrow issue of why the Claimants received their respective distributions more than two years after other, similarly situated creditors would be unduly burdensome to the Trustee, such a position is nonsensical. The Claimants wish to obtain those documents in the Trustee's possession which define the scope of his duties and responsibilities, to understand the details of the global distribution (but for the Claimants) which occurred in 2009, and to determine the Trustee's rationale for excluding the Claimants from the prior distribution even though their claims had been allowed years earlier.

12. There is no secret to the fact that that Claimants, for their part, believe that the Trustee has acted improperly. Rather than suing the Trustee or taking some other action without the benefit of pre-litigation discovery, however, Claimants merely wish to develop and understand the relevant facts concerning the reason that they appear to have been singled out in relation to all other creditors. The Claimants also freely concede that they believe that the Trustee acted intentionally in withholding distributions on their respective claims as a direct result of their relationship to the defendants in the Adversary Proceeding.

13. These facts will be fleshed out in the context of a Rule 2004 examination, which is precisely the reason that Rule 2004 exists in the first place.

14. Putting aside the rhetoric contained in the Motion, this Court should deny the relief requested therein and permit the Claimants to conduct a brief examination of the Trustee for the reasons described in the Subpoena and in this objection. The Court should also compel the Trustee to produce those limited documents which are necessary to permit the Claimants to analyze (a) the Trustee's duties and responsibilities under the confirmed plan of reorganization and the Trust documents, (b) the general distribution to creditors made by the Trustee in 2009,

4

PHIL1 1944618-1

and (c) the reasons for the Trustee's exclusion of the Claimants from the list of parties receiving funds.

15. Far from being "burdensome", the requested discovery can be accomplished quickly and efficiently, with the oral examination expected to last less than two hours in total. Moreover, this Court should simply not permit the Trustee to hide behind the Motion with respect to issues that go to the very heart of the performance of his duties on behalf of the Trust. As one appointed pursuant to the bankruptcy process, the Trustee is accountable to the Court, as well as the Claimants. The Motion effectively seeks to eliminate that accountability.

16. For the foregoing reasons, the relief requested in the Motion should be denied, and this Court should permit the Claimants to conduct reasonable discovery consistent with Federal Rule of Bankruptcy Procedure 2004.

WHEREFORE, A. Jerome Grossman and Frank Kessler respectfully request the entry of an order denying the relief requested in the Motion, together with such other and further relief as is just and proper.

Dated: February 21, 2012

KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By: /s/ Jeffrey Kurtzman
Jeffrey Kurtzman, Esquire (JK-7689)

Attorneys for A. Jerome Grossman and Frank Kessler

| | |
|---|---|
| In re | UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY |
| | Chapter 11 |
| SHAPES/ARCH HOLDINGS, L.L.C., | Case No. 08-14631 (GMB) |
| | (Jointly Administered) |
| Debtor. | |

### CERTIFICATE OF SERVICE

The undersigned hereby certify that on February 21, 2012, he cause a true and correct copy of Objection of A. Jerome Grossman and Frank Kessler to Motion of the Class 10 Liquidation Trust for Entry of Order Quashing Subpoena via U.S. first class mail as follows:

Ilana Volkov, Esquire
Felice R. Yudkin, Esquire
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Court Plaza North
25 Main Street
P.O. Box 800
Hackensack, NJ 07601

Donna H. Lieberman, Esquire
Carrie E. Mitchell, Esquire
Scott A. Ziluck, Esquire
Halperin Battaglia Raicht LLP
555 Madison Avenue, 9th Floor
New York, NY 10022

Donald McMaster, Esquire
Office of the United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102

/s/ JEFFREY KURTZMAN