# EXHIBIT A

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In the Matter of:<br><br>SHAPES/ARCH HOLDINGS L.L.C., *et al.,*<br><br>                             Reorganized Debtors. | UNITED STATES BANKRUPTCY COURT<br>FOR THE DISTRICT OF NEW JERSEY<br>HON. GLORIA M. BURNS<br><br>CASE NO. 08-14631 (GMB)<br>(Jointly Administered)<br><br>                    Chapter 11 |
| THE CLASS 10 LIQUIDATION TRUST, by<br>and through Steven D. Sass, as Trustee,<br><br>                       Plaintiff,<br><br>              vs.<br><br>NANCY CARPEY, ELLEN GROSSMAN,<br>RICHARD GROSSMAN, CECELIA<br>KESSLER, BETH ANN KESSLER, and AMY<br>LABOZ,<br><br>                    Defendants. | Adv. No. 10-01398 (GMB) |

## STIPULATION OF SETTLEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release ("Settlement") is entered into this 25th day of May, 2012, between the Class 10 Liquidation Trust, by and through Steven D. Sass, as Trustee (together, the "Trust"), and Nancy Carpey, Richard Grossman, Cecelia Kessler, Beth Ann Kessler and Amy Laboz (collectively, the "Remaining Defendants," and together with the Trustee, the "Parties"). In consideration of the respective promises, representations, warranties, and acknowledgments set forth below, the Parties agree as follows:

### Recitals

WHEREAS, on March 16, 2008 (the "Petition Date"), Shapes/Arch Holdings L.L.C., Shapes LLC, Ultra LLC, Delair LLC, and Accu-Weld LLC (together, the "Debtors") filed for relief under Chapter 11 of Title 11 of the United States Code, as amended (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of New Jersey (the "Bankruptcy Court"), jointly administered under Case Number 08-14631; and

WHEREAS, on July 24, 2008, the Bankruptcy Court entered an order confirming the *Plan of Reorganization as Amended of Shapes/Arch Holdings LLC, et al.* (the "Plan"), wherein the Plan provides for the creation of a Liquidation Trust for the benefit of holders of Allowed Class 10 General Unsecured Claims; and

WHEREAS, the Plan became effective on August 8, 2008 (the "Effective Date"), and the Class 10 Liquidation Trust came into existence and the Trustee was appointed; and

WHEREAS, in accordance with the Plan and as of the Effective Date, various rights and interests of the Debtors and their bankruptcy estates were transferred to the Trust, including, without limitation, the right to recover preferential transfers and/or settle causes of actions or demands related thereto; and

WHEREAS, on or about March 13, 2010 the Trust filed an Adversary Proceeding against Remaining Defendants in the Bankruptcy Court, case no. 10-01398 (the "Avoidance Action"), seeking to (i) avoid and recover $1,225,395.00 in payments made by the Debtors to Remaining Defendants as allegedly avoidable transfers (the "Transfers") pursuant to 11 U.S.C. § 547(b) or, in the alternative, pursuant to 11 U.S.C. §§ 548 and 544(b); (ii) preserve for the benefit of the Trust, as the designee of the Debtors' estates, property or the value thereof pursuant to 11 U.S.C. § 551; (iii) recover avoidable transfers pursuant to 11 U.S.C. § 550; and (iv) disallow claims pursuant to 11 U.S.C. § 502(d); and

WHEREAS, the Parties have engaged in extensive discovery, including depositions of the Remaining Defendants, a former officer of the Debtors and an expert witness;

WHEREAS, the Parties have exchanged expert reports, information and documents; and

WHEREAS, the Remaining Defendants have asserted defenses to the Avoidance Action and provided information regarding their assets to the Trust; and

WHEREAS, the Parties agreed to participate in mediation in an attempt to resolve the Avoidance Action prior to trial, the Parties have participated in two mediation sessions with Barry Frost, Esq., serving as mediator, and after participating in the mediation sessions the Parties agreed to the Settlement; and

WHEREAS, the Parties desire to avoid the expense and uncertainty of litigation relative to the Avoidance Action and any defenses Remaining Defendants may have to the claims therein; and

WHEREAS, the Parties now desire to resolve the Avoidance Action and any and all disputes arising out of or related to the Transfers, according to the terms set forth herein.

## Agreement

NOW THEREFORE, relying specifically on the foregoing recitals and in consideration of the mutual promises and covenants contained herein, the Parties hereby stipulate and agree as follows:

1.    <u>Recitals Incorporated.</u>  The recitals and prefatory phrases and paragraphs set forth above are hereby incorporated in full and made a part of this Settlement.

2.    <u>Payment and Delivery.</u>  Remaining Defendants shall pay the sum of $40,000.00 (the "<u>Settlement Payment</u>") in settlement of the Avoidance Action.  The Settlement Payment shall be effected as follows:

Upon approval of this Settlement by the Bankruptcy Court as set forth in paragraph 9 hereof, the Trust shall be authorized to deduct $20,000.00 from the respective amounts of the interim distributions that would otherwise be payable to each of Frank Kessler and A. Jerome Grossman (together, the "<u>Paying Parties</u>") on account of their respective claims. The net amount of the interim distributions payable to the Paying Parties on account of their respective claims shall be paid as soon as practicable thereafter and, in any event no later than 10 business days from the date on which the Settlement is approved.

3.    <u>Release of Claims by the Trust.</u>  Except to enforce the terms of this Settlement or for a breach of a representation of warranty contained herein, the Trust, and each of its respective present or former agents, employees, servants, representatives and attorneys, predecessors, successors, assigns, insurers (the "<u>Trust Releasors</u>") hereby irrevocably and unconditionally release, waive and forever discharge the Remaining Defendants and the Paying Parties (collectively the "<u>Defendant Releasees</u>") from any and all actions, causes of action, suits, accounts, covenants, contracts, agreements, claims, complaints, demands, damages, debts, rights, remedies and liabilities, of whatsoever, kind or character, in law or equity, suspected or unsuspected, past or present, known or hereinafter becoming known, liquidated or unliquidated, contingent or fixed that any of them ever had, may now have, or may later assert against the Defendant Releasees, whether or not arising out of or related to the Avoidance Action, and based on any theory of recovery, from the beginning of time to the execution of this Settlement.  The Trust, however, does not release any rights preserved or created under this Settlement.  This release is subject to and conditioned on the approval of this Settlement by the Bankruptcy Court as and to the extent set forth in paragraph 9 hereof.   In the event the necessary approvals by the Bankruptcy Court are not obtained, this release is of no force and effect and the Trust reserves all of its rights against Defendant Releasees.

4.    <u>Release of Claims by the Remaining Defendants and Paying Parties</u>.  Except to enforce the terms of this Settlement or for a breach of a representation of warranty contained herein, the Remaining Defendants and the Paying Parties, on behalf of themselves and each of their representatives,  attorneys, successors, heirs and assigns (the "<u>Defendant Releasors</u>") hereby irrevocably and unconditionally release, waive and forever discharge The Trust, and the each of its respective present and former agents, employees, servants, representatives and attorneys, predecessors, successors, assigns, insurers (collectively the "<u>Trust Releasees</u>") from any and all actions, causes of action, suits, accounts, covenants, contracts, agreements, claims, complaints, demands, damages, debts, rights, remedies and liabilities, of whatsoever, kind or character, in law or equity, suspected or unsuspected, past or present, known or hereinafter becoming known, liquidated or unliquidated, contingent or fixed that any of them ever had, may now have, or may later assert against

the Trust Releasees, whether or not arising out of or related to the Avoidance Action, and based on any theory of recovery, from the beginning of time to the execution of this Settlement.  The Defendant Releasors further hereby waive any and all claims they hold against the Trust with the exception of the Class 10 claims held by the Paying Parties, specifically, (i) Class 10 claim number 598 held by A. Jerome Grossman in the amount of $1,549,931.35 and (ii) Class 10 claim number 600 held by Frank Kessler in the amount of $1,551,110.01. Remaining Defendants and the Paying Parties also agree to waive any claim arising from the payment of this Settlement Payment under § 502(h) of the Bankruptcy Code.

5.    <u>Release Limitations</u>.  Notwithstanding the provisions of paragraphs 3 and 4 above, the Parties and the Paying Parties expressly exclude from the effect of the releases set forth herein, and do not release one another from, any of the obligations and rights set forth herein.

6.    <u>Binding Effect.</u>  This Settlement is binding upon the Parties hereto and their successors and assigns.

7.    <u>Choice of Law and Jurisdiction.</u>  This Settlement shall be construed, and the rights and liabilities of the Parties hereto shall be determined, in accordance with the laws of the State of New Jersey and applicable Federal law.  The Parties hereby consent to the resolution of any and all disputes arising under, in connection with or relating to this Settlement, and any claims or actions based upon this Settlement, by and under the exclusive jurisdiction of the Bankruptcy Court.

8.    <u>No Waiver.</u>  No failure or delay by either Party in exercising any right, power, or privilege under this Settlement or applicable law shall operate as a waiver by that Party of any such right, power or privilege.

9.    <u>Bankruptcy Court Approval.</u>  Notwithstanding anything contained in this agreement, this Settlement and the releases provided herein shall not be effective until the Bankruptcy Court has approved this Settlement by either (i) the entry of a Certification of No Objection with respect to the Settlement on the Bankruptcy Court's docket of the case, following the Trust's filing of an Information for Notice of Settlement, and the Trust's dismissing the Adversary Proceeding with prejudice, (ii) if there has been an objection to the Settlement, the Bankruptcy Court has entered an Order authorizing the Trust to consummate the Settlement described herein and dismissing the Adversary Proceeding with prejudice, which Order has become a final and non-appealable Order or (iii) such other procedures as may be authorized pursuant to the Order Approving and Adopting Global Procedures with Respect to Avoidance Actions, dated April 27, 2010 (the "<u>Procedures Order</u>").  If this Settlement is not approved by the Bankruptcy Court, it shall be null and void.  Nothing contained herein may be used for any purpose nor shall it be deemed an admission by either of the Parties hereto and the rights of the Parties shall be specifically reserved.  Moreover, if such further Order is required and the Settlement is not approved by the Bankruptcy Court, the Settlement Payment shall be promptly be distributed by the Trustee to the Paying Parties.

{00191392.1 / 0631-003 }

10. <u>Severability.</u>   The invalidity, illegality, or unenforceability of any provision of this Settlement shall not affect any other provision of this Settlement, which Settlement shall remain in full force and effect and shall be construed as if such invalid, illegal, or unenforceable provision had never been contained herein.

11. <u>Entire Agreement.</u>  This Settlement constitutes the entire agreement between the Parties and this Settlement cannot be orally altered, amended, or modified.  It is the intention of the Parties that this paragraph be construed as a merger clause, and that this Settlement be construed as an integrated document.

12. <u>Representations of Authority.</u>  The persons signing below each represents and warrants that he/she has the authority to enter into this Settlement on behalf of the Party on whose behalf he/she so signs.

13. <u>Costs.</u>  Each party to this Settlement shall bear its own attorneys' fees and costs.

14. <u>Counterparts.</u>  This Settlement may be executed in duplicate original counterparts, each of which shall constitute an original and all of which shall constitute a single memorandum.  Execution by a Party of a signature page hereto shall constitute due execution and shall create a valid, binding obligation of the Party so signing, and it shall not be necessary or required that the signatures of all Parties appear on a single signature page hereto.

15. <u>Facsimile Signatures.</u>  A facsimile or PDF signature on this Settlement shall be deemed to be an original signature for all purposes.  In the event that suit or a proceeding is brought to enforce the terms of this Settlement the plaintiff or movant shall not be required to produce or introduce into evidence a copy of this Settlement bearing original signatures of the Parties, other than facsimile or PDF signatures.

16. <u>Rule of Construction.</u>  The Parties agree that this Settlement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement.

17. <u>No Admission of Liability</u>.  This Settlement is a compromise of the disputed claims and is not an admission of liability by any of the Parties.

IN WITNESS WHEREOF, the Parties have caused this Settlement to be executed by their duly authorized representatives as of the date set forth below.

**Steven D. Sass, Trustee of Steven D Sass LLC, the Class 10 Liquidation Trust**

By: _____
Steven D. Sass, Sole Member
P.O. Box 45
Clarksville, MD  21029
Tel: 410-458-6100
Fax: 410-630-7233


Date: _____June 13, 2012_____


**A. Jerome Grossman**


By: _____
    A.  Jerome Grossman



Date:  _____


**Frank Kessler**


By: _____
    Frank Kessler


Date: _____


**Nancy Carpey**


By: _____
    Nancy Carpey


Date: _____


**Richard Grossman**


By: _____
    Richard Grossman


Date: _____


**Cecelia Kessler**


By: _____
    Cecelia Kessler


Date: _____

IN WITNESS WHEREOF, the Parties have caused this Settlement to be executed by their duly authorized representatives as of the date set forth below.

**Steven D. Sass, Trustee of the Class 10**
**Liquidation Trust**

By: _____
Steven D. Sass LLC
P.O. Box 45
Clarksville, MD  21029
Tel: 410-458-6100
Fax: 410-630-7233


Date: _____

**A. Jerome Grossman**

By: _____
A. Jerome Grossman



Date: 5/31/12 _____


**Frank Kessler**

By: _____
     Frank Kessler


Date: _____

**Nancy Carpey**

By: _____
     Nancy Carpey


Date: _____


**Richard Grossman**

By: _____
     Richard Grossman


Date: _____

**Cecelia Kessler**

By: _____
     Cecelia Kessler


Date: _____


{00191392.1 / 0631-003 }

6

IN WITNESS WHEREOF, the Parties have caused this Settlement to be executed by their duly authorized representatives as of the date set forth below.

**Steven D. Sass, Trustee of the Class 10 Liquidation Trust**

**A. Jerome Grossman**

By: _____
Steven D. Sass LLC
P.O. Box 45
Clarksville, MD 21029
Tel: 410-458-6100
Fax: 410-630-7233

By: _____
   A. Jerome Grossman

Date: _____

Date: _____

**Frank Kessler**

**Nancy Carpey**

By: _~Frank Kessler~_
   Frank Kessler

By: _~Nancy Carpey~_
   Nancy Carpey

Date: _5/26/2012_

Date: _5/26/2012_

**Richard Grossman**

**Cecelia Kessler**

By: _____
   Richard Grossman

By: _~Cecelia Kessler~_
   Cecelia Kessler

Date: _____

Date: _5/26/2012_

**Beth Ann Kessler**                     **Amy Laboz**

By: _Beth Ann Kessler_              By: _____
    , Beth Ann Kessler                              Amy Laboz

Date: _May 28, 2012_              Date: _____

**Beth Ann Kessler**                    **Amy Laboz**

By: _____      By: _____
       Beth Ann Kessler                         Amy Laboz

Date: _____      Date: ___6/1/2012___

IN WITNESS WHEREOF, the Parties have caused this Settlement to be executed by their duly authorized representatives as of the date set forth below.

**Steven D. Sass, Trustee of the Class 10 Liquidation Trust**

**A. Jerome Grossman**

By: _____
Steven D. Sass LLC
P.O. Box 45
Clarksville, MD  21029
Tel: 410-458-6100
Fax: 410-630-7233

By: _____
   A.  Jerome Grossman

Date: _____

Date: _____

**Frank Kessler**

**Nancy Carpey**

By: _____
   Frank Kessler

By: _____
   Nancy Carpey

Date: _____

Date: _____

**Richard Grossman**

**Cecelia Kessler**

By: _Richard M Grossman_
   Richard Grossman

By: _____
   Cecelia Kessler

Date: _6/12/12_

Date: _____

{00191392.1 / 0631-003 }

6